Janis C. Puracal, OSB #132288
E-mail: jcp@mlrlegalteam.com
Andrew C. Lauersdorf, OSB #980739
E-mail: acl@mlrlegalteam.com
Christine A. Webb, OSB #184744
E-mail: caw@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside Street, Ste. 300
Portland, OR 97214
Telephone: (503) 245-1518
Facsimile: (503) 245-1417

David B. Owens, WSBA #53856, *pro hac vice* (pending)
E-mail: david@loevy.com
LOEVY & LOEVY
100 S. King Street, Ste. 100
Seattle, WA 98104-2885
Telephone: (312) 590-5449

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor, <br><br> Plaintiffs, <br><br> v. <br><br> MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD | Civil No. 6:20-cv-1163 <br><br> MOTION OF S.M. TO PROCEED UNDER PSEUDONYM |

Page 1– MOTION OF S.M. TO PROCEED UNDER PSEUDONYM

WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, ESTATE OF DAVE HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, COOS COUNTY, and OREGON STATE POLICE,

Defendants.

## I.  RULE 7-1 CERTIFICATE OF COMPLIANCE

Counsel for Plaintiffs filed this motion concurrently with the filing of the complaint. Because the Defendants have yet to be served or appear, conferral under Local Rule 7-1 was not feasible. A copy of this motion and the supporting declaration, however, will be served upon each Defendant concurrently with the summons and complaint.

## II.  RELIEF REQUESTED

Plaintiff S.M. respectfully requests that the Court grant her request to proceed under a pseudonym to prevent the disclosure of her identity as a minor party, and to protect her from retaliatory threats of harm.

## III.  STATEMENT OF FACTS

Mr. McGuffin was wrongfully convicted of manslaughter by a non-unanimous jury, and he spent nine years in prison for a crime that he did not commit.[1]

Mr. McGuffin's biological daughter, S.M., was just three-years-old when her father was wrongly arrested and taken from her.[2]

Mr. McGuffin was exonerated in 2019 after a post-conviction court in Oregon found that the Oregon State Police lab violated his constitutional rights by failing to

---

[1] Complaint ¶¶ 1-3 [Dkt. No. 1].
[2] *Id.* ¶ 213.

Page 2– MOTION OF S.M. TO PROCEED UNDER PSEUDONYM

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

report exculpatory DNA evidence that was known to the lab since 2000.[3]

After serving over nine years of his ten-year sentence, Mr. McGuffin's conviction was vacated by the post-conviction court on November 29, 2019, and the State dismissed all charges against him on December 17, 2019.[4] The details of the investigation of Ms. Freeman's death, and of Mr. McGuffin's wrongful arrest and conviction, and his subsequent exoneration, are set forth in Plaintiffs' Complaint.

This lawsuit arises out of the wrongful acts of the police, lab analysts, and prosecutor who caused Mr. McGuffin's wrongful conviction.[5] Mr. McGuffin is the primary plaintiff in this action, and he is identified by his full name throughout the complaint. S.M., a minor child, alleges claims for loss of consortium for damages suffered as a result of her father's wrongful arrest, conviction, and incarceration.[6]

The investigation, arrest, and conviction of Mr. McGuffin received significant media attention at the local, state, and national level.[7] Over the course of the Defendants' open and very public targeting of Mr. McGuffin, S.M. was subjected to public humiliation, harassment, and death threats.[8] S.M. is now, and was at all relevant times, a minor child.[9] Due to S.M.'s status as a minor, the heightened public scrutiny caused by the media attention, and prior threats and harassment directed at her, S.M. respectfully requests that this court grant her request to proceed under a pseudonym.

## IV. ANALYSIS

---

[3] *Id.* ¶ 202.
[4] *Id.* at ¶25.
[5] *Id.* ¶ 4.
[6] *Id.* ¶¶ 6 and 211-219.
[7] *Id.* at ¶63, 98, 127-128, *et. al.*
[8] *Id.* at ¶211.
[9] *Id.* at ¶6.

Page 3– MOTION OF S.M. TO PROCEED UNDER PSEUDONYM

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Plaintiff S.M. is a minor, and has been the subject of threats and harassment related to her claims and the claims brought by Plaintiff Nicholas McGuffin in this action. As a result, S.M. should be permitted to proceed under a pseudonym.

There is a general presumption in federal civil litigation that all parties must be identified by their full names in pleadings and other court filings.[10] However, there are certain circumstances under which a party may be permitted to proceed anonymously. Under FRCP 5.2(a)(3), a minor litigant is permitted to proceed anonymously by including only his or her initials in pleadings and other filings. Additionally, in circumstances where FRCP 5.2(a) does not clearly provide an exception, litigants who wish to proceed under pseudonym, may be permitted to do so anonymously under special circumstances where "the party's need for anonymity outweighs the prejudice to the opposing party and the public's interest in knowing the party's identity."[11]

Here, S.M. is unquestionably a minor litigant, and the pleadings and other filings in this matter must refer only to her initials, pursuant to FRCP 5.2(a)(3). Additionally, S.M. has been the subject of retaliatory threats of harm directed towards her and her father, Mr. McGuffin.

Given S.M.'s status as a minor, the nature of the threats against her, and the lack of prejudice toward Defendants if S.M. proceeds anonymously, S.M.'s request to proceed under pseudonym should be granted pursuant to both FRCP 5.2(a) and the *Advanced Textile* balancing test.

**A.    As a minor litigant, Plaintiff S.M. is permitted to proceed anonymously pursuant to FRCP 5.2(a)(3).**

---

[10] Fed. R. Civ. P. 10(a); *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010).

[11] *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

Page 4– MOTION OF S.M. TO PROCEED UNDER PSEUDONYM

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

S.M. may proceed anonymously under FRCP 5.2(a)(3)'s anonymity exception. Pursuant to FRCP 5.2(a)(3), "court filings must refer to individuals known to be minors by the minor's initials, unless the court orders otherwise."[12]  Courts and parties to federal civil actions consistently refer to minors, including minor litigants, by their initials in an effort to safeguard the privacy of the minor as required by Rule 5.2(a)(3).[13]

FRCP 5.2(a)(3) expressly requires that a minor litigant be referred to only by his or her initials when he or she is a minor at the time the action is commenced.  In *N.S. v. Rockett*, the court denied the defendant's motion to compel the plaintiff to use her full name, reasoning that, because the plaintiff was "unquestionably a minor" when the lawsuit commenced, FRCP 5.2(a)(3) required her to proceed anonymously.[14]  The court further determined that FRCP 5.2(a)(3) would apply even if the plaintiff reached the age of majority after filing her complaint, and ultimately held that Rule 5.2(a) requires that a plaintiff be allowed to proceed under his or her initials if the plaintiff was a minor when the lawsuit was commenced.[15]

Here, S.M. is currently a minor, and unquestionably a minor at the time this action commenced.[16]  Therefore, absent a court order to the contrary, S.M. must be referred to in court filings only by her initials.  S.M.'s request to proceed under a pseudonym does not prejudice Defendants, and proceeding under a pseudonym satisfies the purpose of FRCP 5.2(a)(3).  S.M.'s request to proceed under a

---

[12] *N.S. v. Rockett*, Case No. 3:16-cv-2171-AC, 2017 U.S. Dist. LEXIS 54204 at *2 (D. Or. 2017).

[13] *Reg'l Care Servs. Corp. v. Companion Life Ins. Co.*, Case No. CV-10-2597-PHX-LOA, 2012 U.S. Dist. LEXIS 40441 at *7 n. 1 (D. Ariz. 2012); *Thompson v. Ramos (K.T.)*, Case No. CV-11-156-PHX-LOA, 2012 U.S. Dist. LEXIS 17193 at *32 n.2 (D. Ariz. 2012).

[14] *Rockett*, 2017 U.S. Dist. LEXIS 54204 at *3-4.

[15] *Id.* at 6.

[16] Complaint ¶ 6 [Dkt. No. 1].

Page 5– MOTION OF S.M. TO PROCEED UNDER PSEUDONYM

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

pseudonym should be granted accordingly.

## B. The *Advanced Textile* factors also weigh heavily in favor of granting S.M.'s request to proceed under a pseudonym.

The *Advanced Textile* balancing test also weighs heavily in favor of granting S.M.'s request to proceed anonymously.[17] To determine whether proceeding under a pseudonym is necessary to protect the party seeking anonymity, the court balances the need for anonymity against the presumption that parties' identities are generally public information and the risk of unfairness to the adverse party.[18] In *Advanced Textile*, the Ninth Circuit set forth a balancing test to determine whether "nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'"[19]

When applying this balancing test, courts have allowed parties to proceed under pseudonym in several situations, including when identification creates a risk of retaliatory physical or mental harm.[20] Where a pseudonym is used to protect the party from retaliation, the court must evaluate five factors: (1) the severity of the threatened harm to the anonymous party; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to such retaliation; (4) the potential prejudice to the defendants if the party remains anonymous; and (5) the public's interest in disclosing the names of the parties.[21]

Here, the harm threatened against S.M. is severe, the fear of retaliation is reasonable, and, as a minor, S.M. is particularly vulnerable to such retaliation.

---

[17] *See Advanced Textile Corp.*, 214 F.3d at 1068.

[18] *Id.*

[19] *Id.* at 1067-68, *citing United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981).

[20] *Advanced Textile Corp.*, 214 F.3d at 1068; *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).

[21] *Advanced Textile*, 214 F.3d at 1068.

Page 6– MOTION OF S.M. TO PROCEED UNDER PSEUDONYM

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Additionally, there is very little, if any, prejudice to Defendants in granting S.M.'s request, and the public's interest in safeguarding the privacy of minors clearly outweighs the public's interest in disclosing the identities of minor litigants. Here, all five *Advanced Textile* factors weigh heavily in favor of granting S.M.'s request to proceed under pseudonym in this action. S.M.'s need for anonymity significantly outweighs any prejudice to Defendants and any interest the public might have in disclosing her identity.

### 1. The harm threatened against S.M. is severe, S.M.'s fears related to proceeding with her full name are reasonable, and, as a minor, S.M. is particularly vulnerable to retaliatory harm.

The threatened harm against S.M. is severe. As a result of Defendants' public targeting of S.M.'s father, S.M. and her family have been subjected to death threats and public harassment. A death threat would undoubtedly be considered severe when directed at any person, but is particularly egregious when directed against a child

S.M.'s fears of the retaliatory harm are reasonable. A plaintiff seeking to proceed under a pseudonym is not required to prove that the person harassing her intends to carry out the threat.[22] Rather, the party seeking anonymity need only show that she was threatened, and that a reasonable person would believe that the threat might actually be carried out.[23] Mr. McGuffin and his family, including S.M., were subjected to death threats and harassment.[24] The mere fact that a person would threaten the life of a child, such as S.M., should give rise to a reasonable belief that the threat might actually be carried out. In fact, it would be

---

[22] *Id.* at 1071.

[23] *Id.*

[26] [24] Complaint ⁋ 211 [Dkt. No. 1].

Page 7– MOTION OF S.M. TO PROCEED UNDER PSEUDONYM

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

unreasonable *not* to apply precautions necessary to protect the minor's identity in these circumstances.

Finally, minors are considered particularly vulnerable to retaliatory threats and harm.[25] A party's status as a minor is afforded significant weight in determining whether the party should be permitted to proceed under a pseudonym, as evidenced by the special anonymity exception provided to minor litigants under FRCP 5.2(a)(3). The first three *Advanced Textile* factors weight heavily in favor of granting S.M.'s request to proceed under a pseudonym.

### 2. Any unfairness to Defendants in allowing S.M. to proceed under a pseudonym, and any interest the public has in disclosing Plaintiff S.M.'s identity, are minimal.

Any prejudice to Defendants is minimal in comparison to S.M.'s interest in proceeding anonymously. A defendant's knowledge of an anonymous plaintiff's identity only lessens the defendant's claim to be prejudiced by the plaintiff's use of a pseudonym.[26] S.M.'s identity is known to Defendants. The allegations set forth in the complaint clearly state that S.M. is the daughter of the primary plaintiff in this action, Nicholas McGuffin. S.M.'s claims arise out of the allegations asserted by Mr. McGuffin, and Defendants' ability to litigate the claims against them will not be affected by S.M. proceeding under pseudonym.

Likewise, the public's interest in disclosing S.M.'s identity is slight in comparison to the public's interest in safeguarding her privacy as a minor litigant. As outlined above, FRCP 5.2(a)(3) provides an exception for minors to the general requirement that all parties in an action be clearly identified. The requirement that minors be identified only by their initials indicates a significant public policy

---

[25] *Stegall*, 653 F.2d at 186.

[26] *Advanced Textile*, 214 F.3d at 273 n.11.

Page 8– MOTION OF S.M. TO PROCEED UNDER PSEUDONYM

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

interest in protecting the privacy of minors by allowing them to proceed with litigation anonymously. Where a party's anonymity "does not obstruct the public's view of the issues joined or the court's performance in resolving them," the public's interest in identifying the anonymous party is minimal.[27] Here, Mr. McGuffin is identified by name as the primary plaintiff in this action, and the merits of this litigation are centered on the conduct of the Defendants in investigating, arresting, charging, prosecuting, and imprisoning Mr. McGuffin. As a result, the nature of the claims alleged against Defendants is ascertainable, whether or not S.M. proceeds through litigation under a pseudonym.

## V. CONCLUSION

Plaintiff S.M. is a minor litigant, and nondisclosure of her identity is necessary to protect her from threatened harm. Therefore, S.M.'s request to proceed under a pseudonym should be granted pursuant to both FRCP 5.2(a)(3) and the *Advanced Textile* balancing test.

DATED: July 20, 2020

| MALONEY LAUERSDORF REINER PC | LOEVY & LOEVY |
|---|---|
| By /s/Janis C. Puracal<br>　Janis C. Puracal, OSB #132288<br>　E-Mail: jcp@mlrlegalteam.com<br>　Andrew C. Lauersdorf, OSB #980739<br>　E-Mail: acl@mlrlegalteam.com<br>　Christine A. Webb, OSB #184744<br>　E-Mail: caw@mlrlegalteam.com | By David B. Owens<br>　David B. Owens, WSBA #53856<br>　E-Mail: david@loevy.com<br>　*Pro hac vice pending* |

---

[27] *Stegall*, 653 F.2d at 185.

Page 9– MOTION OF S.M. TO PROCEED UNDER PSEUDONYM

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417