Janis C. Puracal, OSB #132288
E-mail: jcp@mlrlegalteam.com
Andrew C. Lauersdorf, OSB #980739
E-mail: acl@mlrlegalteam.com
Christine A. Webb, OSB #184744
E-mail: caw@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside Street, Ste. 300
Portland, OR 97214
Telephone: (503) 245-1518
Facsimile: (503) 245-1417

David B. Owens, WSBA #53856, *pro hac vice*
E-mail: david@loevy.com
LOEVY & LOEVY
100 S. King Street, Ste. 100
Seattle, WA 98104-2885
Telephone: (312) 590-5449

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,<br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMINISTRATOR OF THE ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY,<br>　　　　　　Defendants. | Civil No. 6:20-cv-01163-MK<br>(Lead Case)<br><br>PLAINTIFFS' OPPOSITION TO OREGON STATE POLICE MOTION FOR PARTIAL DISMISSAL<br><br>ORAL ARGUMENT REQUESTED |

Page 1– PLAINTIFFS' OPPOSITION TO OREGON STATE POLICE MOTION FOR PARTIAL DISMISSAL

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,<br>              Plaintiffs,<br>v.<br>OREGON STATE POLICE,<br>              Defendant. | Civil Case No. 3:21-cv-01719-MK<br>(Trailing Case) |

## I. RELIEF REQUESTED

Plaintiffs Nicholas McGuffin and S.M. request that the Court deny the motion for partial dismissal by Defendant Oregon State Police ("OSP").

OSP joins the motion to dismiss filed by the other State Defendants,[1] to which Plaintiffs have separately responded.

OSP raises one additional argument that is specific to OSP and does not apply to the other State Defendants.[2] OSP asserts that it is not a "person" subject to suit under 42 U.S.C. § 1983. The United States Supreme Court recognized in *Will v. Michigan Department of State Police* that a state is not a "person" under section 1983 "**unless the State has waived its immunity**."[3]

OSP, here, unequivocally waived its immunity when it removed to federal court.[4] OSP is, therefore, a "person" subject to suit under section 1983.

---

[1] Oregon State Police's Partial Motion to Dismiss First Amended Complaint at 2 [Dkt. No. 120]. For consistency, Plaintiffs refer to page numbers in the lower left corner of briefs, rather than the ECF generated page numbers at the top of the page.

[2] *Id.* at 5.

[3] 491 U.S. 58, 66 (1989) (citing *Welch v. Texas Dept. of Highways and Pub. Transp*, 483 U.S. 468, 472–73 (1987)) (emphasis added).

[4] Oregon State Police's Partial Motion to Dismiss First Amended Complaint at 5–6 [Dkt. No. 120].

Page 2–    PLAINTIFFS' OPPOSITION TO OREGON STATE POLICE MOTION FOR PARTIAL DISMISSAL

MALONEY | LAUERSDORF | REINER PC<br>1111 E. Burnside Street, Ste. 300<br>Portland, Oregon  97214<br>Telephone: 503.245.1518<br>Facsimile: 503.245.1417

## II. STATEMENT OF FACTS

Mr. McGuffin was wrongfully prosecuted for, and convicted of, a murder that he did not commit due to the misconduct of law enforcement agencies and actors that pursued him even though they knew that he was innocent. Plaintiffs recited the facts in their opposition to the first Rule 12 motion by the City/County Defendants.[5] To avoid duplication, Plaintiffs incorporate that briefing by reference here.

Plaintiffs filed this lawsuit for violations of their civil rights on July 20, 2020.[6] In response, the Defendants each filed motions to dismiss. Those motions were fully briefed and argued, and the Court issued written Findings and Recommendations, which were adopted.[7] The Court found that OSP was immune from suit in federal court.[8]

The Court also granted Plaintiffs leave to amend other claims, and, on October 27, 2021, Plaintiffs filed their First Amended Complaint.[9] Based upon the Court's finding that OSP is immune from suit in federal court, Plaintiffs filed an amended complaint that does not allege any claims against OSP,[10] and Plaintiffs filed a separate suit against OSP in state court.[11] The state court suit alleges claims against OSP under 42 U.S.C. § 1983 and state law.[12] In response, OSP filed a notice of removal, invoking the federal court's jurisdiction over the claims.[13]

///

///

---

[5] Plaintiffs' Opposition to City/County Defendants' Motion to Dismiss at 15 [Dkt. No. 51].

[6] Complaint [Dkt. No. 1].

[7] Findings and Recommendations [Dkt. No. 83]; Order Adopting Findings and Recommendations [Dkt. No. 99].

[8] Findings and Recommendations at 16 [Dkt. No. 83].

[9] First Amended Complaint [Dkt. No. 100].

[10] *Id.*

[11] Complaint [Dkt. No. 1, Exhibit A, in Trailing Case under Case No. 3:31-CV-1719].

[12] *Id.*

[13] Notice of Removal [Dkt. No. 1 in Trailing Case under Case No. 3:31-CV-1719].



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

The parties agreed to consolidate the claims against OSP and the claims against the other Defendants.[14]  OSP then filed its motion for partial dismissal.  Plaintiffs file this response.

### III.  AUTHORITY

**A.   The Court should deny the motion to dismiss the claims for conspiracy, spoliation and destruction of evidence, and malicious prosecution for the reasons already briefed.**

OSP relies on the argument in the motion for partial dismissal filed by the other State Defendants.[15]  OSP does not raise any arguments that are new or unique to OSP as related to Plaintiffs' claims for conspiracy, spoliation and destruction of evidence, or malicious prosecution.  Plaintiffs already recited the facts and briefed the proper application of law in opposition to the motion filed by the other State Defendants.[16]  To avoid duplication, Plaintiffs incorporate that briefing here by reference.

Plaintiffs focus their brief here on the one additional argument raised by OSP related to Plaintiffs' claims under 42 U.S.C. § 1983.

**B.   OSP is a "person" under 42 U.S.C. § 1942 because it unequivocally waived immunity.**

In its original motion to dismiss Plaintiffs' 42 U.S.C. § 1983 claims, OSP asserted that it is not a "person" for purposes of section 1983, relying on the Supreme Court's ruling in *Will v. Michigan Department of State Police*.[17]

Plaintiffs opposed OSP's motion because "[t]he holding of *Will* . . . applies only if the state has asserted Eleventh Amendment immunity, which OSP, here, has not."[18]  OSP responded

---

[14] State Defendants Unopposed Motion to Consolidate [Dkt. No. 113].

[15] Oregon State Police's Partial Motion to Dismiss First Amended Complaint at 5 [Dkt. No. 120].

[16] Plaintiffs' Opposition to State Defendants' Motion to Dismiss the First Amended Complaint [Dkt. No. 110].

[17] State Defendants' Motion to Dismiss at 10 [Dkt. No. 57] (citing *Will*, 491 U.S. at 70–71).

[18] Plaintiffs' Opposition to State Defendants' Motion to Dismiss at 17 [Dkt. No. 62].  Plaintiffs

Page 4– PLAINTIFFS' OPPOSITION TO OREGON STATE POLICE
MOTION FOR PARTIAL DISMISSAL

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

that it did not waive Eleventh Amendment immunity,[19] and the Court, in its Findings and Recommendations, specifically found that "OSP has not waived its Eleventh Amendment immunity[.]"[20] The Court concluded that OSP "is not a 'person' for the purposes of Plaintiffs' § 1983 claim and is therefore immune from suit."[21]

Based on the Court's reasoning that immunity creates a "jurisdictional bar,"[22] which would preclude *any* claim against OSP in federal court,[23] Plaintiffs filed a separate suit against OSP in state court.[24] In response, OSP removed to federal court, expressly invoking the federal court's jurisdiction and unequivocally waiving Eleventh Amendment immunity.[25] Even if OSP had not conceded a waiver of immunity, the removal from state court to federal court—an act affirmatively invoking this Court's jurisdiction—undoubtedly constitutes an Eleventh Amendment waiver.[26]

///

---

incorporate their brief by reference.

[19] State Defendants' Reply in Support of Motion to Dismiss at 7 [Dkt. No. 71].

[20] Findings and Recommendations at 16 [Dkt. No. 83].

[21] *Id.*

[22] *Id.*

[23] *Krainski v. State ex rel. Bd. of Regents*, 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state. The Eleventh Amendment jurisdictional bar applies regardless of the nature of relief sought[.]") (citations omitted). *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984) ("[N]either pendent jurisdiction not any other basis of jurisdiction may override the Eleventh Amendment. A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment. We concluded above that a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment. We now hold that this principle applies as well to state-law claims brought into federal court under pendent jurisdiction.").

[24] Complaint [Dkt. No. 1, Exhibit A, in Trailing Case under Case No. 3:31-CV-1719].

[25] Notice of Removal [Dkt. No. 1 in Trailing Case under Case No. 3:31-CV-1719]; Oregon State Police's Partial Motion to Dismiss First Amended Complaint at 6 [Dkt. No. 120] ("OSP's removal waived its immunity from federal court jurisdiction.").

[26] *Embury v. King*, 361 F.3d 562, 566 (9th Cir. 2004) ("Removal waives Eleventh Amendment immunity."); *Walden v. Nevada*, 945 F.3d 1088, 1093 (9th Cir. 2019) (finding removal to federal court waived immunity with respect to federal claims under the Fair Labor Standards Act).

Page 5– PLAINTIFFS' OPPOSITION TO OREGON STATE POLICE MOTION FOR PARTIAL DISMISSAL

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

OSP's waiver of immunity has two significant impacts: (1) OSP is subject to jurisdiction in federal court and (2) OSP is subject to claims for money damages under 42 U.S.C. § 1983 in the federal forum.

Judge Simon's recent ruling in *Hanson v. Oregon* provides a helpful framework for a three-step analysis.[27] Judge Simon recognized that "State governments and related public bodies have two general types of immunity from suit."[28] First, Judge Simon recognized, "there is immunity from suit in federal court, as provided in the Eleventh Amendment. Second, there is immunity from suit, even in state court, except when a state has waived it sovereign immunity or Congress has abrogated a state's sovereign immunity."[29] In addition, "a claim based on federal law may only be asserted against a specific defendant when federal law imposes obligations on that defendant."[30]

Following the framework for analysis set out in *Hanson*, this court should first determine that OSP has waived Eleventh Amendment immunity, which permits suit in federal court.[31] OSP agrees that "removal waived [OSP's] immunity from federal court jurisdiction[.]"[32] OSP is, therefore, subject to federal court jurisdiction.[33]

Second, the court should determine that the State has waived sovereign immunity, even in its own courts.[34] The ruling in *Hanson* recognized that, by statute, "Oregon expressly waived

---

[27] Case No. 3:21-cv-780-SI, 2021 U.S. Dist. LEXIS 163715, at *6 (D. Or. Aug 30, 2021).

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *See id.* at **6–11.

[32] Oregon State Police's Partial Motion to Dismiss First Amended Complaint at 6 [Dkt. No. 120].

[33] *See also Walden*, 945 F.3d at 1090 ("We now hold that a State that removes a case to federal court waives its immunity from suit on all federal-law claims in the case, including those federal-law claims that Congress failed to apply to the states through unequivocal and valid abrogation of their Eleventh Amendment immunity.").

[34] *See Hanson*, 2021 U.S. Dist. LEXIS 163715, at **11–12.

Page 6– PLAINTIFFS' OPPOSITION TO OREGON STATE POLICE
MOTION FOR PARTIAL DISMISSAL



1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

sovereign immunity for certain matters in its own courts."[35]  The Oregon Tort Claims Act ("OTCA") makes "[e]very public body subject to civil action for its torts and those of its officers, employees and agents acting within the scope of their employment or duties, whether arising out of governmental or proprietary function[.]"[36]  The OTCA defines "public body" to include all "state government bodies"[37] and "tort" to include "breach of a legal duty that is imposed by law . . . the breach of which results in injury to a specific person or persons for which the law provides a civil right of action for damages or for a protective remedy."[38]  The *Hanson* court specifically recognized that "nothing in the OTCA defines 'law' or 'legal duty' as being limited to state law."[39]  The State of Oregon has waived sovereign immunity to allow suits against it.

Third, the court should determine that 42 U.S.C. § 1983 applies to the states.[40]  OSP asserts that it is not a "person" under section 1983 so the statute cannot apply, relying on *Will*.[41]  In *Will*, the Supreme Court directly addressed the question of whether a state is a "person" within the meaning of 42 U.S.C. § 1983, and the Court expressly recognized that "[t]he Eleventh Amendment bars such suits **unless the State has waived its immunity**."[42]

The holding in *Will*—that a state is not a person under section 1983 unless it has waived immunity—is based on the recognition that states that assert sovereign immunity should be treated differently.[43]  Indeed, sovereign immunity is the reason that the Court distinguished states

---

[35] *Id.* at *11.

[36] *Id.* (quoting ORS 30.265(1)).

[37] *Id.* (quoting ORS 30.260(4)(a) and ORS 174.109).

[38] *Id.* at **11–12 (quoting ORS 30.260(8)).

[39] *Id.* at *12 (citing ORS 30.260).

[40] *See id.* at **12–16.

[41] Oregon State Police's Partial Motion to Dismiss First Amended Complaint at 5 [Dkt. No. 120].

[42] *Will*, 491 U.S. at 66 (citing *Welch*, 483 U.S. at 472–73) (emphasis added).  *But see Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (limiting its holding to state law claims and assuming in *dicta* that a state is not a person under section 1983).

[43] *See id.* at 64 ("the term 'person' does not include the sovereign") (quoting *Wilson v. Omaha Tribe*, 442

Page 7–    PLAINTIFFS' OPPOSITION TO OREGON STATE POLICE
             MOTION FOR PARTIAL DISMISSAL

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

from municipalities and found the Court's prior holding in *Monell v. New York City Department of Social Services*[44] (allowing suits under 42 U.S.C. § 1983 against municipalities) "fully consistent"[45] with the reasoning of *Will*: "States are protected by the Eleventh Amendment while municipalities are not."[46]

The *Will* Court limited its holding to preclude suits based on 42 U.S.C. § 1983 against "States or governmental entities that are considered 'arms of the states' for Eleventh Amendment purposes."[47]

Once a state has waived its Eleventh Amendment immunity, as OSP did here, there is no basis to treat it differently from a municipality or any other defendant subject to suit under section 1983.

OSP mistakenly asserts that *Will* treated Eleventh Amendment immunity and "personhood" as distinct issues.[48] *Will* did no such thing. The Court explicitly tied the two concepts together: "This does not mean, as petitioner suggests, that we think that the scope of the Eleventh Amendment and the scope of § 1983 are not separate issues. Certainly they are. But ***in deciphering congressional intent as to the scope of § 1983, the scope of the Eleventh Amendment is a consideration, and we decline to adopt a reading of § 1983 that disregards it***."[49]

///

---

U.S. 653, 667 (1979)). *See also id.* at 66–67 ("in deciphering congressional intent as to the scope of § 1983, the scope of the Eleventh Amendment is a consideration").

[44] 436 U.S. 658 (1978).

[45] *Will*, 491 U.S. at 67 n.7.

[46] *Id.* at 70 (citing *Monell*, 436 U.S. at 690 n.54).

[47] *Id.* Although the petitioner in *Will* filed in state court where Eleventh Amendment does not apply, the Court recognized that the state defendants in that case were immune for Eleventh Amendment purposes. *Id.* at 64 n.5 (recognizing that, "had the present § 1983 action been brought in federal court," the claim would have been barred by the Eleventh Amendment).

[48] Oregon State Police's Partial Motion to Dismiss First Amended Complaint at 6–7 [Dkt. No. 120].

[49] *Will*, 491 U.S. at 66–67 (emphasis added).

Page 8– PLAINTIFFS' OPPOSITION TO OREGON STATE POLICE MOTION FOR PARTIAL DISMISSAL

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

OSP asks this Court to do what the Supreme Court would not do—adopt an interpretation of section 1983 that disregards consideration of the Eleventh Amendment.[50] Each and every basis for the holding in *Will* came back to sovereign immunity under the Eleventh Amendment.[51] Other courts have recognized that the question is Eleventh Amendment immunity, and not "personhood," because, if an entity is not immune under the Eleventh Amendment, that entity *is* a "person" subject to suit under the statute.[52]

OSP, here, has unequivocally waived Eleventh Amendment immunity.[53] The Ninth Circuit has distinguished circumstances in which the sovereign has waived immunity.[54] There is no basis to hold that OSP is completely exempted from 42 U.S.C. § 1983 to redress constitutional violations where it has waived immunity, agreeing that it can be sued. Plaintiffs ask that the Court deny OSP's second motion to dismiss.

///
///
///
///
///
///
///
///
///

---

[50] Oregon State Police's Partial Motion to Dismiss First Amended Complaint at 6–7 [Dkt. No. 120].

[51] *See supra* n.42.

[52] *See also Harter v. Vernon*, 101 F.3d 334, 338 n.1 (4th Cir. 1996).

[53] Oregon State Police's Partial Motion to Dismiss First Amended Complaint at 6 [Dkt. No. 120]. *See also Walden*, 945 F.3d at 1090.

[54] *Breck v. Doyle*, 796 Fed. Appx. 333, 336 (9th Cir. 2019) ("The State of Nevada has not waived its Eleventh Amendment immunity, so it is immune from Breck's damages claims [under section 1983].").

Page 9– PLAINTIFFS' OPPOSITION TO OREGON STATE POLICE MOTION FOR PARTIAL DISMISSAL

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

## IV.  CONCLUSION

Based upon the foregoing, Plaintiffs ask that the Court deny OSP's motion for partial dismissal in its entirety.

DATED:  March 22, 2022

| MALONEY LAUERSDORF REINER PC | LOEVY & LOEVY |
|---|---|
| By /s/Janis C. Puracal<br>　　Janis C. Puracal, OSB #132288<br>　　E-Mail:  jcp@mlrlegalteam.com<br>　　Andrew C. Lauersdorf, OSB #980739<br>　　E-Mail:  acl@mlrlegalteam.com<br>　　Christine A. Webb, OSB #184744<br>　　E-Mail:  caw@mlrlegalteam.com | By /s/David B. Owens<br>　　David B. Owens, WSBA #53856<br>　　E-Mail:  david@loevy.com<br>　　*Pro hac vice* |

Page 10– PLAINTIFFS' OPPOSITION TO OREGON STATE POLICE MOTION FOR PARTIAL DISMISSAL

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

# CERTIFICATE OF SERVICE

    I hereby certify that on March 22, 2022, the foregoing PLAINTIFFS' OPPOSITION TO OREGON STATE POLICE MOTION FOR PARTIAL DISMISSAL was served on the following parties at the following address by sending to them a true copy thereof via the method indicated below:

| | |
|---|---|
| Robert E. Franz, Jr.<br>Sarah R. Henderson<br>Law Office of Robert E. Franz, Jr.<br>PO Box 62<br>Springfield, OR 97477<br>rfranz@franzlaw.comcastbiz.net<br>shenderson@franzlaw.comcastbiz.net<br>    *Attorneys for Defendants City of Coquille, City of Coos Bay, Coos County, Craig Zanni, Chris Webley, Eric Schwenninger, Sean Sanborn, Ray McNeely, Kris Karcher, Pat Downing, Mark Dannels, Kip Oswald, Michael Reaves, David Zavala, Anthony Wetmore, Shelly McInnes* | Jesse B. Davis<br>Todd Marshall<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>todd.marshall@doj.state.or.us<br>jesse.b.davis@doj.state.or.us<br>    *Attorneys for Defendants Oregon State Police, John Riddle, Susan Hormann, Mary Krings, Kathy Wilcox* |
| Graham B. Miller<br>Karin L. Schaffer<br>Wood Smith Henning & Berman LLP<br>12755 SW 69th Ave., Ste. 100<br>Portland, OR 97223<br>gmiller@wshblaw.com<br>kschaffer@wshblaw.com<br>    *Attorneys for Defendants Vidocq Society and Richard Walters* | |

☒ by electronic means through the Court's ECF System on the date set forth above.

☐ by mailing a full, true and correct copy thereof in a sealed, first-class postage paid envelope, addressed to the attorneys as shown above, and deposited with the United States Postal Office at Portland, Oregon on the date set forth above.

☐ by emailing to each of the foregoing a copy thereof to the email address above.

                                  MALONEY LAUERSDORF REINER PC

                                By  /s/Janis C. Puracal
                                    Janis C. Puracal, OSB #132288
                                    E-Mail: jcp@mlrlegalteam.com

                              Attorneys for Plaintiffs



1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417