ELLEN F. ROSENBLUM
Attorney General
JESSE B. DAVIS #052290
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: jesse.b.davis@doj.state.or.us

TODD MARSHALL  #112685
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: Todd.Marshall@doj.state.or.us

Attorneys for State Defendants
Hormann, Krings, Riddle, Wilcox and Oregon State Police

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,<br><br>Plaintiff,<br>v.<br><br>MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY,<br><br>Defendants. | Case No.  6:20-cv-1163-MK (Lead Case)<br>3:21-cv-1719-MK (Trailing Case)<br><br>REPLY IN SUPPORT OF OREGON STATE POLICE'S PARTIAL MOTION TO DISMISS |

Page 1 -    REPLY IN SUPPORT OF OREGON STATE POLICE'S PARTIAL MOTION TO
              DISMISS
              JBD/db5/398150996

| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian ad litem, on behalf of S.M., a minor, | Case No.  6:20-cv-1163-MK (Lead Case)<br>3:21-cv-1719-MK (Trailing Case) |
|---|---|
| Plaintiff,<br>v. | REPLY IN SUPPORT OF OREGON STATE POLICE'S PARTIAL MOTION TO DISMISS |
| OREGON STATE POLICE,<br><br>Defendant. | |

The Court should grant Defendant Oregon State Police's Partial Motion to Dismiss. Leading Case ECF 120, Trailing Case ECF 17.  Oregon State Police ("OSP") files this reply memorandum in support of that motion.  Because plaintiffs' opposition to that motion focuses on the issue of whether OSP is a "person" for purposes of 42 U.S.C. § 1983 and therefore subject to suit under that statute, this memorandum addresses only that issue.

**I.    The Court should dismiss plaintiffs' 42 U.S.C. § 1983 claim against OSP because OSP is not a "person" subject to suit under that statute.**

**A.    OSP's removal to this Court does not make OSP a "person."**

Plaintiffs contend that OSP's removal of this action to federal court subjects OSP to suit under 42 U.S.C. § 1983.  At the core of that contention is the erroneous position that Eleventh Amendment immunity and "personhood" under § 1983 are coextensive—that is, that any defendant not immune from suit under the Eleventh Amendment is a "person" subject to suit.

Whether a state is a "person" under § 1983 and whether a state has Eleventh Amendment immunity are distinct issues: "This does not mean . . . that we think that the scope of the Eleventh Amendment and the scope of § 1983 are not separate issues.  Certainly they are.  But in deciphering congressional intent as to the scope of § 1983, the scope of the Eleventh Amendment is a *consideration*, and we decline to adopt a reading of § 1983 that disregards it."  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989) (emphasis added).  The rhetorical force of this passage is dampened by the Court's use of a double negative, but its meaning remains

JBD/db5/398150996

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

clear:  the scope of the Eleventh Amendment is a "consideration" in construing the meaning of "person," but those are "separate issues."

Plaintiffs cite this same passage of *Will* but misconstrue its meaning.  Pls.' Opp. (Trailing Case ECF 19) at 8 ("OSP mistakenly asserts that *Will* treated Eleventh Amendment immunity and 'personhood' as distinct issues.  *Will* did no such thing.  The Court explicitly tied the two concepts together." (footnote omitted)).  Plaintiffs reach too far.  *Will* did not collapse Eleventh Amendment immunity and personhood into a single issue.  *Will* explained that although the two concepts are related—related insofar as Eleventh Amendment immunity was a "consideration" suggesting that states were not persons—the two concepts are not identical.

In support of that argument, plaintiffs also assert, "Each and every basis for the holding in *Will* came back to sovereign immunity under the Eleventh Amendment."  Pls.' Opp. (ECF 17) at 9.  Plaintiffs ignore the large portion of *Will* devoted to statutory construction and legislative history.  *Will* began by construing the text of § 1983:  "We observe initially that if a State is a 'person' within the meaning of § 1983, the section is to be read as saying that 'every person, including a State, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects . . . .' That would be a decidedly awkward way of expressing an intent to subject the States to liability."  *Will*, 491 U.S. at 64.  *Will* also noted that the use of the word "person" in statutes enacted prior to § 1983 had been understood not to include states.  *Id*. (citing *Wilson v. Omaha Tribe*, 442 U.S. 653, 667 (1979) (noting that in common usage, "person does not include the sovereign," and statutes employing the word "person" are ordinarily construed to exclude the sovereign)).  *Will* also employed the principle of statutory construction that if Congress intends to alter the usual constitutional balance between the States and the Federal Government, that intention must be made unmistakably clear in the language of the statute.  *Id*. at 65 (citing cases).  *Will* observed that that principle of statutory construction, though it applied in Eleventh Amendment cases, was not limited to such cases.  *Id*. (citing *Rice v. Santa Fe Elevator Corp*. 331 U.S. 218 (1947) (regarding preemption of state

Page 3 -    REPLY IN SUPPORT OF OREGON STATE POLICE'S PARTIAL MOTION TO
            DISMISS

powers) and *Pennhurst State Sch. and Hosp. v. Halderman*, 451 U.S. 1 (1981) (regarding impositions on the grant of federal moneys)). And plaintiffs' argument that *Will* was based entirely on the Eleventh Amendment also ignores *Will*'s lengthy discussion of the legislative history of § 1983. *Id*. at 65-70 (beginning with the statement, "Our conclusion that a State is not a 'person' within the meaning of § 1983 is reinforced by Congress' purpose in enacting the statute").

Contrary to plaintiffs' belief, *Will*'s conclusion that states are not persons rests upon more than the mere observation that states generally possess Eleventh Amendment immunity.

Plaintiff's reliance on *Hansen v. Oregon*, 2021 U.S. Dist. Lexis 163715, 2021 WL 3856458, Case No. 3:21-cv-780-SI (D. Or. Aug. 30, 2021) is also misplaced. Plaintiff cites that case for its three-step analytical framework. Pls.' Opp. at 6. But in applying Hansen's analytical framework, plaintiffs again employ the faulty reasoning that a defendant's "personhood" is measured by nothing more than that defendant's immunity under the Eleventh Amendment. OSP acknowledges that it has waived its immunity under the Eleventh Amendment. That does not mean that OSP has also conceded that it is a person under § 1983, and OSP does not so concede. And to be clear, *Hansen*, which involved claims under the Americans with Disabilities Act, did not conclude that a § 1983 claim could proceed against a State as a consequence of that State's removal of an action to federal court. *Hansen* does not assist plaintiffs.

B.    **The Court's previous Findings and Recommendation does not support plaintiffs' argument.**

Plaintiffs refer to the Court's original Findings and Recommendations (ECF 83) in support of their position. For instance, the Court stated that "OSP is not a 'person' for the purposes of Plaintiffs' § 1983 claim and is therefore immune from suit. There is a jurisdictional bar to Plaintiffs' federal claims against OSP and those claims should be dismissed." ECF 83. That passage may have suggested that the bar to OSP's liability under § 1983 arose from OSP's Eleventh Amendment immunity. Similarly, the reference to a "jurisdictional bar" to plaintiffs'

JBD/db5/398150996

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

federal claims against OSP may have suggested that the fatal flaw in those claims was OSP's intact Eleventh Amendment immunity. This may explain why plaintiffs dismissed OSP from both their federal *and* state law claims, even though the Court did not dismiss plaintiffs' state law claims against OSP and was never asked to do so.

In any event, OSP's subsequent waiver of Eleventh Amendment immunity means that the bar to plaintiffs' § 1983 claim is not "jurisdictional" in nature. The bar to their § 1983 claim is that OSP is not a "person" subject to suit, and OSP does not become a "person" simply by removing to federal court. The § 1983 claim against OSP should be dismissed.

## II.    Conclusion

For the reasons set forth above, and in OSP's Partial Motion to Dismiss, that Motion should be granted.

DATED April 4, 2022.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

*s/ Jesse B. Davis*
JESSE B. DAVIS #052290
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  jesse.b.davis@doj.state.or.us

TODD MARSHALL  #112685
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Todd.Marshall@doj.state.or.us

Attorneys for State Defendants Hormann, Krings, Riddle, Wilcox and Oregon State Police

Page 5 -    REPLY IN SUPPORT OF OREGON STATE POLICE'S PARTIAL MOTION TO DISMISS