Janis C. Puracal, OSB #132288
E-mail: jcp@mlrlegalteam.com
Andrew C. Lauersdorf, OSB #980739
E-mail: acl@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside Street, Ste. 300
Portland, OR  97214
Telephone: (503) 245-1518
Facsimile: (503) 245-1417

David B. Owens, WSBA #53856, *pro hac vice*
E-mail: david@loevy.com
LOEVY & LOEVY
100 S. King Street, Ste. 100
Seattle, WA  98104-2885
Telephone: (312) 590-5449

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,<br>　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMINISTRATOR OF THE ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY,<br>　　　　　　　　　Defendants. | Civil No. 6:20-cv-01163-MK<br>(Lead Case)<br><br><br>PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATIONS |

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

NICHOLAS JAMES MCGUFFIN, as an
individual and as guardian *ad litem*, on behalf
of S.M., a minor,

                Plaintiffs,

      v.

OREGON STATE POLICE,

                Defendant.

Civil Case No. 3:21-cv-01719-MK
(Trailing Case)

## I.  RELIEF REQUESTED

Plaintiffs Nicholas McGuffin and S.M. file these limited objections to the Findings and

Recommendations by Judge Kasubhai dated September 16, 2022 [Dkt. No. 128].  Plaintiffs

request that the Court:

- rule that Defendant Oregon State Police ("OSP") is a "person" subject to suit under
  42 U.S.C. § 1983 and

- rule that Defendant Vidocq Society can be held liable under 42 U.S.C. § 1983 on a
  theory of *respondeat superior*.

Plaintiffs ask that the Court review these issues *de novo*.[1]

Plaintiffs request that the Court otherwise accept the Findings and Recommendations to

which Plaintiffs do not object.

## II.  ANALYSIS

### A.  OSP is a "person" under 42 U.S.C. § 1942 because it unequivocally waived immunity.

Judge Kasubhai recommended that Plaintiffs' claim under 42 U.S.C. § 1983 against

Defendant OSP (First Claim for Relief, Count 8) be dismissed with prejudice because OSP is not

---

[1] Fed. R. Civ. P. 72(b)(3); *Eduardo Pino v. Atty. Gen. of Ariz.*, No. CV-17-08021, 2019 WL
6003488, at *1 (D. Ariz. Nov. 14, 2019).

Page 2– PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATIONS

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

a "person" under section 1983.[2]  OSP conceded that it "waived its immunity from the jurisdiction of federal court" by removing this case to federal court,[3] and Judge Kasubhai agreed.[4]  Judge Kasubhai reasoned, however, that OSP's waiver of Eleventh Amendment immunity does not impact the analysis of "personhood" under section 1983, relying on his recommended interpretation of the Supreme Court's ruling in *Will v. Michigan Department of State Police*.[5]

In *Will*, the Supreme Court directly addressed the question of whether a state is a "person" within the meaning of 42 U.S.C. § 1983, and the Court expressly recognized that "[t]he Eleventh Amendment bars such suits **unless the State has waived its immunity**."[6]

The holding in *Will*—that a state is not a person under section 1983 unless it has waived immunity—is based on the recognition that states that assert sovereign immunity should be treated differently than municipalities.[7]  Indeed, sovereign immunity—and not some other rationale—is the reason that the Court distinguished states from municipalities and found the Court's prior holding in *Monell v. New York City Department of Social Services*[8] (allowing suits under 42 U.S.C. § 1983 against municipalities) "fully consistent"[9] with the reasoning of *Will*: "States are protected by the Eleventh Amendment while municipalities are not."[10]

---

[2] Findings and Recommendations at 13 [Dkt. No. 128].

[3] Oregon State Police's Partial Motion to Dismiss First Amended Complaint at 6 [Dkt. No. 120].

[4] Findings and Recommendations at 11 [Dkt. No. 128].

[5] *Id.* at 12 (discussing *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989)).

[6] *Will*, 491 U.S. at 66 (citing *Welch v. Texas Dept. of Highways and Public Transportation*, 483 U.S. 468, 472–73 (1987)) (emphasis added).  *But see Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (limiting its holding to state law claims and assuming in *dicta* that a state is not a person under section 1983).

[7] *See Will*, 491 U.S. at 64 ("the term 'person' does not include the sovereign") (quoting *Wilson v. Omaha Tribe*, 442 U.S. 653, 667 (1979)).  *See also id.* at 66–67 ("in deciphering congressional intent as to the scope of § 1983, the scope of the Eleventh Amendment is a consideration").

[8] 436 U.S. 658 (1978).

[9] *Will*, 491 U.S. at 67 n.7.

[10] *Id.* at 70 (citing *Monell*, 436 U.S. at 690 n.54).

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

The *Will* court limited its holding to preclude suits based on 42 U.S.C. § 1983 against "States or governmental entities that are considered 'arms of the states' for Eleventh Amendment purposes."[11]

Once a state has waived its Eleventh Amendment immunity, as OSP did here, there is no basis to treat it differently from a municipality or any other defendant subject to suit under section 1983.

In its motion to dismiss, OSP mistakenly asserts that *Will* treated Eleventh Amendment immunity and "personhood" as distinct issues.[12] *Will* did no such thing.  The court explicitly tied the two concepts together:  "This does not mean, as petitioner suggests, that we think that the scope of the Eleventh Amendment and the scope of § 1983 are not separate issues.  Certainly they are.  ***But in deciphering congressional intent as to the scope of § 1983, the scope of the Eleventh Amendment is a consideration, and we decline to adopt a reading of § 1983 that disregards it***."[13]

OSP asks this Court to do what the Supreme Court would not do—adopt an interpretation of section 1983 that disregards consideration of the Eleventh Amendment.[14]  Each and every basis for the holding in *Will* came back to sovereign immunity under the Eleventh Amendment.[15]  Other courts have recognized that the question is Eleventh Amendment immunity, and not "personhood," because, if an entity is not immune under the Eleventh Amendment, that entity ***is***

[11] *Id.*  Although the petitioner in *Will* filed in state court where Eleventh Amendment does not apply, the Court recognized that the state defendants in that case were immune for Eleventh Amendment purposes.  *Id.* at 64 n.5 (recognizing that, "had the present § 1983 action been brought in federal court," the claim would have been barred by the Eleventh Amendment).

[12] Oregon State Police's Partial Motion to Dismiss First Amended Complaint at 6–7 [Dkt. No. 120].

[13] *Will*, 491 U.S. at 66–67 (emphasis added).

[14] Oregon State Police's Partial Motion to Dismiss First Amended Complaint at 6–7 [Dkt. No. 120].

[15] *See Will*, 491 U.S. at 66.

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

a "person" subject to suit under the statute.[16]

OSP's interpretation would make it impossible to ever file suit against the state or a state official under § 1983 despite waiver.  The Supreme Court has not endorsed such an interpretation, and its holding in *Ex Parte Young*,[17] which permits injunctive relief against states, contradicts OSP's argument here.

OSP, here, has unequivocally waived Eleventh Amendment immunity.[18]  The Ninth Circuit has distinguished circumstances in which the sovereign has waived immunity.[19]  There is no basis to hold that OSP is completely exempted from 42 U.S.C. § 1983 to redress constitutional violations where it has waived immunity, agreeing that it can be sued.  Plaintiffs ask that the Court reject the Findings and Recommendations related to OSP's "personhood" and instead deny OSP's second motion to dismiss.

**B.       Plaintiffs properly pled a claim for the Vidocq Society's liability under the theory of *respondeat superior*.**

Relying on the Ninth Circuit's holding in *Tsao v. Desert Palace, Inc.*, Judge Kasubhai recommended that Plaintiffs not be permitted to proceed against Defendant Vidocq Society under 42 U.S.C. § 1983 on a theory of *respondeat superior* (First Claim for Relief, Count 10).[20]

///

///

---

[16] *See also Harter v. Vernon*, 101 F.3d 334, 338 n.1 (4th Cir. 1996).

[17] 209 U.S. 123, 159–60 (1908).

[18] Oregon State Police's Partial Motion to Dismiss First Amended Complaint at 6 [Dkt. No. 120]. *See also Walden v. Nevada*, 945 F.3d 1088, 1090 (9th Cir. 2019).

[19] *Breck v. Doyle*, 796 Fed. Appx. 333, 336 (9th Cir. 2019) ("The State of Nevada has not waived its Eleventh Amendment immunity, so it is immune from Breck's damages claims [under section 1983].").

[20] Findings and Recommendations at 15 [Dkt. No. 128] (discussing *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012)).

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Although the Ninth Circuit in *Tsao* saw "no basis in the reasoning underlying *Monell* to distinguish between municipalities and private entities acting under color of state law,"[21] courts around the country, including in this district, have questioned that reasoning and suggested that private corporations can, and should, be treated differently and held liable under the theory of *respondeat superior*.[22]

Judge Ann Aiken in this court agreed that "*Tsao* should be revisited."[23] Judge Aiken recognized that "*Tsao* applied the municipal exemption from *Monell* to private corporations without considering the significant differences between municipalities and these private actors."[24] Judge Aiken wrote that "[t]he *Tsao* court based its decision on ambiguous statutory text and yet omitted any analysis of the legislative history or public policy concerns that underlie this issue."[25] Judge Aiken went on to carefully examine these concerns, which she concluded "ultimately weigh in favor of *respondeat superior* for private entities, regardless of whether they are state actors."[26]

For example, Judge Aiken recognized that the *Monell* court found the text of § 1983 ambiguous and specifically did not consider application to private entities that contract with municipalities.[27] Judge Aiken further recognized that the considerations that underlie *respondeat*

---

[21] *Tsao*, 698 F.3d at 1139.

[22] *See Shields v. Ill. Dept. of Corr.*, 746 F.3d 782, 793 (7th Cir. 2014); *Thomas v. Lincoln Cnty.*, No. 6:16-cv-00562-AA, 2017 U.S. Dist. LEXIS 118520, at *8 (D. Or. July 27, 2017); *Estate of Arturo Giron Alvarez v. Johns Hopkins Univ.*, 275 F. Supp. 3d 670, 688 (D. Md. 2017); *Sanders v. Glanz*, 138 F. Supp. 3d 1248, 1255 n.3 (N.D. Okla. 2015); *Tankesly v. Corr. Corp. of Am.*, No. 3:14-cv-0911, 2015 U.S. Dist. LEXIS 173500, at *28 (M.D. Tenn. Dec. 31, 2015); *Herrera v. Santa Fe Pub. Schs.*, 41 F. Supp. 3d 1027, 1179 (D. N.M. 2014); *Revilla v. Glanz*, 8 F. Supp. 3d 1336, 1340 (N.D. Okla. 2014).

[23] *Thomas*, 2017 U.S. Dist. LEXIS 118520, at *4.

[24] *Id.* at **4–5.

[25] *Id.* at *5.

[26] *Id.*

[27] *Id.* at **5–6.

Page 6– PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATIONS

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

*superior* apply to private entities in a way that they do not apply to municipalities.[28] *Respondeat superior* creates a public concern when the cost comes from the taxpayers through a municipality's budget, but that concern does not exist when the theory is applied to a private corporation that contracts with a municipality.[29] There, *respondeat superior* "would appear to work as it should, ensuring recovery for the plaintiff while dispersing the cost between a lone defendant and his or her employer[.]"[30]

Judge Aiken went on to discuss established case law that distinguishes between municipalities and private entities under § 1983 claims, including, for example, that "there is no immunity for employees of private entities that happen to perform state functions."[31] Judge Aiken reiterated that "[l]ooking beyond the ambiguous text and to the factors stated above, § 1983 should be construed to permit *respondeat superior* claims against private entities that contract with municipalities."[32] Judge Aiken, however, believed that she was "bound to follow *Tsao*" and therefore dismissed the claim.[33]

Judge Aiken is not alone in her criticism of the rule in *Tsao*. Courts across the country have questioned a rule that would preclude liability for private entities based on the theory of *respondeat superior*.[34] The Seventh Circuit, in particular, refused to hold that private entities could not be liable based on *respondeat superior* under section 1983.[35] In *Shields v. Illinois Department of Corrections*, the Seventh Circuit analyzed the purpose of *respondeat superior*

---

[28] *Id.* at **7–9.

[29] *Id.*

[30] *Id.* at *9.

[31] *Id.* (citing *Richardson v. McKnight*, 521 U.S. 399, 412 (1997)).

[32] *Id.* at *10.

[33] *Id.*

[34] *See supra* note 22.

[35] *Shields*, 746 F.3d at 793.

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

liability and the language and legislative history of section 1983.[36]  The *Shields* court concluded that "[t]he text of § 1983 does not foreclose *respondeat superior* liability for corporations."[37]

The *Shields* court recognized that "the Supreme Court has not directly said whether *Monell* applies to private corporations, and there are powerful reasons to say no."[38]  The court acknowledged that the circuit courts "have said yes," but the *Shields* court traced that analysis "back to the terse Fourth Circuit opinion in *Powell v. Shopco Laurel Company*," which failed to properly analyze the question.[39]

The *Shields* court ultimately did not overrule precedent because it was not asked to do so, but the court signaled its willingness to do so on a petition for rehearing *en banc*.[40]

Plaintiffs, here, specifically ask this Court to consider the arguments raised across the country, including in *Thomas* and *Shields*, that support *respondeat superior* liability for private entities like the Vidocq Society.  Plaintiffs ask this Court to distinguish *Tsao* on the grounds that it did not take into account the text and legislative history of section 1983 and did not properly consider the distinction between municipalities and private entities.[41]

Plaintiffs further ask this Court to recognize the problems generated by barring *respondeat superior* liability for corporations like the Vidocq Society under section 1983. Plaintiffs allege in the First Amended Complaint that the Vidocq Society knew about Defendant Richard Walter's misconduct that had been conclusively determined by a federal appellate court and still allowed the very same misconduct to happen again to Plaintiffs.[42]  *Respondeat superior*

---

[36] *Id.*

[37] *Id.*

[38] *Id.* at 794.

[39] *Id.*

[40] *Id.*

[41] *See id.  See also Thomas*, 2017 U.S. Dist. LEXIS 118520, at *5.

[42] First Amended Complaint ⁋ 146 [Dkt. No. 100].

Page 8– PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATIONS



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

liability encourages employers to deter misconduct, rather than fostering it.[43]

In addition, the Vidocq Society itself insists that it should not be subject to section 1983 liability.[44]  Plaintiffs expect that the Vidocq Society will argue to the jury that, as a "charitable organization" that is volunteer-based, it does not have resources to enact formal policies or procedures.[45]  *Respondeat superior* liability prevents employers from escaping liability by minimizing operations, while still offering services across the country[46] and claiming success on national television.[47]

Plaintiffs ask the Court to reject the Findings and Recommendations related to Vidocq Society's liability under a theory of *respondeat superior* and instead deny the Vidocq Society's motion to dismiss Plaintiffs' claim based on *respondeat superior*.

///

///

///

///

///

///

///

///

///

///

///

---

[43] *See Thomas*, 2017 U.S. Dist. LEXIS 118520, at *8.

[44] Vidocq Defendants' Motion to Dismiss First Amended Complaint at 18 [Dkt. No. 106].

[45] *See id.* at 11.

[46] *Id.*

[47] First Amended Complaint ¶¶ 110–11 [Dkt. No. 100].



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

## III.  CONCLUSION

Based upon the foregoing, Plaintiffs request that the Court review *de novo* the issues raised in this Objection, modify the Findings and Recommendations accordingly, and otherwise accept the Findings and Recommendations.

DATED:  September 30, 2022

| MALONEY LAUERSDORF REINER PC | LOEVY & LOEVY |
|---|---|
| By /s/Janis C. Puracal<br>    Janis C. Puracal, OSB #132288<br>    E-Mail:  jcp@mlrlegalteam.com<br>    Andrew C. Lauersdorf, OSB #980739<br>    E-Mail:  acl@mlrlegalteam.com | By /s/David B. Owens<br>    David B. Owens, WSBA #53856<br>    E-Mail:  david@loevy.com<br>    *Pro hac vice* |

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2022, the foregoing PLAINTIFFS' OBJECTIONS

TO FINDINGS AND RECOMMENDATIONS was served on the following parties at the

following address by sending to them a true copy thereof via the method indicated below:

| | |
|---|---|
| Robert E. Franz, Jr.<br>Sarah R. Henderson<br>Law Office of Robert E. Franz, Jr.<br>PO Box 62<br>Springfield, OR 97477<br>rfranz@franzlaw.comcastbiz.net<br>shenderson@franzlaw.comcastbiz.net<br>   *Attorneys for Defendants*<br>   *City of Coquille, City of Coos Bay, Coos*<br>   *County, Craig Zanni, Chris Webley, Eric*<br>   *Schwenninger, Sean Sanborn, Ray McNeely,*<br>   *Kris Karcher, Pat Downing, Mark Dannels,*<br>   *Kip Oswald, Michael Reaves, David Zavala,*<br>   *Anthony Wetmore, Shelly McInnes* | Jesse B. Davis<br>Todd Marshall<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>todd.marshall@doj.state.or.us<br>jesse.b.davis@doj.state.or.us<br>   *Attorneys for Defendants Oregon*<br>   *State Police, John Riddle, Susan*<br>   *Hormann, Mary Krings, Kathy*<br>   *Wilcox* |
| Graham B. Miller<br>Karin L. Schaffer<br>Amanda J. Rockett<br>Wood Smith Henning & Berman LLP<br>12755 SW 69th Ave., Ste. 100<br>Portland, OR 97223<br>gmiller@wshblaw.com<br>kschaffer@wshblaw.com<br>   *Attorneys for Defendants Vidocq Society and*<br>   *Richard Walter* | |

☒ by electronic means through the Court's ECF System on the date set forth above.

☐ by mailing a full, true and correct copy thereof in a sealed, first-class postage paid envelope, addressed to the attorneys as shown above, and deposited with the United States Postal Office at Portland, Oregon on the date set forth above.

☐ by emailing to each of the foregoing a copy thereof to the email address above.

MALONEY LAUERSDORF REINER PC


By /s/Janis C. Puracal
   Janis C. Puracal, OSB #132288
   E-Mail: jcp@mlrlegalteam.com

Attorneys for Plaintiffs

Page 1– CERTIFICATE OF SERVICE

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417