ELLEN F. ROSENBLUM
Attorney General
JESSE B. DAVIS #052290
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880 / Fax: (971) 673-5000
Email:  jesse.b.davis@doj.state.or.us

TODD MARSHALL  #112685
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700 / Fax: (503) 947-4791
Email:  Todd.Marshall@doj.state.or.us

Attorneys for State Defendants
Hormann, Krings, Riddle, Wilcox and Oregon State Police

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor, | Case No.  6:20-cv-1163-MK (Lead Case)<br>    3:21-cv-1719-MK (Trailing Case) |
| Plaintiff, | STATE DEFENDANTS' OBJECTIONS TO FINDINGS & RECOMMENDATION |
| v. | |
| OREGON STATE POLICED ZAVALA, ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY, | |
| Defendant. | |

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian ad litem, on behalf of S.M., a minor, | |
| Plaintiff, | |
| v. | |
| OREGON STATE POLICE, | |
| Defendant. | |

Page 1 -   STATE DEFENDANTS' OBJECTIONS TO FINDINGS & RECOMMENDATION
JBD/db5/547575571

## I.    Introduction

Defendants Hormann, Krings, Riddle, Wilcox, and the Oregon State Police ("State Defendants") submit these objections to the September 16, 2022, Findings and Recommendations issued by Magistrate Judge Kasubhai (ECF 128).  State Defendants hereby request that the Court:

A.    Hold that plaintiffs' claim for "Illegal Pretrial Detention Following the Issuance of Legal Process" (Leading Case: First Claim, Count 3) is time barred;

B.    Hold that plaintiffs' conspiracy claims (Leading Case: First Claim, Count 6, and Fourth Claim; Trailing Case: Fourth Claim) do not contain enough factual content to state claims for relief; and

C.    Hold that plaintiffs' destruction of exculpatory evidence claims (Leading Case: First Claim, Count 7, and Seventh Claim; Trailing Case: Seventh Claim) do not contain enough factual content to state claims for relief.

## II.    Legal Standards

State Defendants request that the Court apply a *de novo* review to the objections presented.  *Nat'l Interstate Ins. v. Beall Corp.*, 2015 WL 1137440, \*1 (D. Or. Mar. 11, 2015).

## III.    Objections

In support of the objections below, the State Defendants incorporate the arguments they made in support of their Partial Motion to Dismiss (ECF 104) and their Reply in support of that Motion (ECF 116).

### A.    The Court should hold that plaintiffs' claim for "Illegal Pretrial Detention Following the Issuance of Legal Process" is time barred.

In their original Complaint, plaintiffs asserted a claim entitled "Illegal Detention and Prosecution."  This Court dismissed that claim because it was time barred.  Plaintiffs then asserted, in their First Amended Complaint ("FAC"), their "Illegal Pretrial Detention and Prosecution" claim.  Judge Kasubhai has concluded that that claim is not time barred.

Page 2 -    STATE DEFENDANTS' OBJECTIONS TO FINDINGS & RECOMMENDATION
JBD/db5/547575571

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

The distinction Judge Kasubhai drew between the two claims is, "In their FAC, Plaintiffs' illegal pretrial detention claim does not concern McGuffin's arrest. Because this Court only found that the portion of Plaintiffs' claim that arose out of the arrest was time barred, Plaintiff's First Claim, Count 3 (illegal pretrial detention) is not time barred." ECF 128 at 21. That distinction is not sound because the two claims do not reflect that distinction. Both claims are based fundamentally on the following assertion, which appears verbatim in both complaints: "Defendants caused McGuffin to be deprived of his liberty, detained without probable cause, and improperly subjected to judicial proceedings for which there was no probable cause." Complaint ¶ 194; FAC ¶ 214. The current claim and its predecessor in the original Complaint have always been focused on McGuffin's pretrial detention. For the reasons explained in the State Defendants' briefing on the Motion, that claim was untimely when it was asserted in the original complaint, and it remains untimely now in its restyled form in the First Amended Complaint.

**B.      Plaintiffs' conspiracy claims do not contain enough factual content to support a plausible inference that any State Defendant participated in an unlawful conspiracy.**

The federal and state law conspiracy claims asserted in the initial Complaint were dismissed, but Judge Kasubhai declined to dismiss the conspiracy claims in the First Amended Complaint (First Claim, Count 6, and Fourth Claim and the removed case against OSP (Fourth Claim). Judge Kasubhai reasoned, "In the FAC, Plaintiffs allege the Original Investigation and the Cold Case Investigation were part of the same investigation with multiple overlapping members." ECF 128 at 24 (citing FAC ¶ 94). It is difficult to see how that rationale addresses the defects the Court originally identified. Describing a significant murder investigation spanning over ten years as continuous, semi-continuous, or discontinuous, does not make it more plausible that the investigation's participants reached an agreement to frame McGuffin and took

Page 3 -    STATE DEFENDANTS' OBJECTIONS TO FINDINGS & RECOMMENDATION
JBD/db5/547575571

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

some overt act in furtherance of that goal.  Nor is the overlap in investigative membership between time periods probative of any conspiracy.  The fact that State Defendant Hormann, for example, participated in the Original Investigation and the Cold Case Investigation suggests only that Hormann was involved at different times.  It does not relate to the involvement of any other person, much less suggest that Hormann reached an agreement with others to frame McGuffin and then took some overt action to frame him.  *United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (requiring each participant in an unlawful conspiracy to share the common objective of the conspiracy); *Sykes v. State of California*, 497 F.2d 197, 200 (9th Cir. 1974) (requiring allegations that defendants acted jointly in concern and that some overt act was done in furtherance of the conspiracy).  The same is true for the remaining State Defendants; plaintiff's factual allegations do not support a plausible inference that each of them shared the objective of framing McGuffin, made an agreement with others to frame McGuffin, and then took affirmative action to do so.  Many of plaintiffs' conspiracy-related allegations are simply arguments dressed up as facts, such as the assertion that the misconduct alleged was "unlikely to have been undertaken without an agreement."  FAC ¶ 182.  Such arguments do not nudge this claim over line between conceivable and plausible.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

For the reasons set forth in the State Defendants' briefing on their Partial Motion to Dismiss, plaintiffs' conspiracy claims fail to state a claim and should be dismissed.

**C.    The Court should dismiss plaintiffs' destruction of exculpatory evidence claims because plaintiffs fail to plead facts sufficient to sustain those claims.**

Judge Kasubhai declined to dismiss the destruction of exculpatory evidence claims on the grounds that paragraphs 240 and 305 of the First Amended Complaint contain allegations of destruction of evidence by each of the State Defendants.  ECF 128 at 24, 32.  But a careful look at those paragraphs reveals that plaintiffs' allegations of destroyed evidence are limited to

Page 4 -    STATE DEFENDANTS' OBJECTIONS TO FINDINGS & RECOMMENDATION
JBD/db5/547575571

generally described types of items that criminal investigations will ordinarily produce: "police reports, notes, communications, audio/visual recordings, evidence that McGuffin could not have committed the crime, crime scene evidence, and evidence bearing upon the credibility of the Freeman homicide investigation and its investigators." FAC ¶ 240. That allegation does not provide sufficient notice to State Defendants to allow them to defend this claim. The specific examples of items that were allegedly destroyed—the US Bank videotape and videotape of the original crime scene—were destroyed, according to plaintiffs' own allegations, by people other than the State Defendants. *Id*. ¶ 305(c).

In contrast, plaintiffs' allegations pertaining to the State Defendants are general, namely that they "destroyed evidence in their possession, including their communications about exculpatory evidence examinations, evidence of any file review in 2010, and evidence of their own misconduct." *Id*. ¶ 305(b). What "exculpatory evidence examinations" refers to is unclear; if it is simply a restatement of plaintiffs' contention that the OSP Lab Defendants failed to disclose exculpatory evidence, then that claim is simply restating their *Brady* claim (First Claim, Count 4). Plaintiffs' reference to destruction of "evidence of any file review in 2010" is an implicit admission that they simply have not found any evidence of such a review; it is not a plausible contention that such a review actually occurred and that evidence of that review was then destroyed. And plaintiffs' claim that the State Defendants destroyed "evidence of their own misconduct" is another similar example, this time asking the Court to derive a destruction of evidence claim from the absence of evidence of the misconduct plaintiffs assert in their other claims. The Court should not allow such bootstrapping. The Court should dismiss these claims (Leading Case: First Claim, Count 7, and Seventh Claim; Trailing Case: Seventh Claim).

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## IV.    Conclusion

For the reasons set forth above, State Defendants respectfully request *de novo* review of the objections herein, and that the Court modify the Findings and Recommendations accordingly.

DATED September 30, 2022.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

*s/ Jesse B. Davis*
JESSE B. DAVIS #052290
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  jesse.b.davis@doj.state.or.us

TODD MARSHALL  #112685
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Todd.Marshall@doj.state.or.us

Attorneys for State Defendants Hormann, Krings, Riddle, Wilcox and Oregon State Police

Page 6 -    STATE DEFENDANTS' OBJECTIONS TO FINDINGS & RECOMMENDATION
    JBD/db5/547575571

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000