Janis C. Puracal, OSB #132288
E-mail: jcp@mlrlegalteam.com
Andrew C. Lauersdorf, OSB #980739
E-mail: acl@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside Street, Ste. 300
Portland, OR  97214
Telephone: (503) 245-1518
Facsimile: (503) 245-1417

David B. Owens, WSBA #53856, *pro hac vice*
E-mail: david@loevy.com
LOEVY & LOEVY
100 S. King Street, Ste. 100
Seattle, WA  98104-2885
Telephone: (312) 590-5449

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,<br>            Plaintiffs,<br><br>        v.<br><br>MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMINISTRATOR OF THE ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY,<br>            Defendants. | Civil No. 6:20-cv-01163-MK<br>(Lead Case)<br><br><br>PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' OBJECTIONS TO FINDINGS AND RECOMMENDATIONS |

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,

                    Plaintiffs,

        v.

OREGON STATE POLICE,

                    Defendant.

Civil Case No. 3:21-cv-01719-MK (Trailing Case)

## I. RELIEF REQUESTED

Plaintiffs Nicholas McGuffin and S.M. request that the Court overrule the objections by Defendants Hormann, Krings, Riddle, Wilcox, and the Oregon State Police (the "State Defendants"). Plaintiffs request that the Court adopt the Findings and Recommendations to which Plaintiffs did not object.

## II. ANALYSIS

The State Defendants largely repeat the arguments raised in their second motion to dismiss. Plaintiffs responded to those arguments in full in their opposition brief,[1] and Plaintiffs incorporate that brief by reference herein.

### A.    Plaintiffs properly pled a timely claim for illegal pre-trial detention following the issuance of legal process.

In their objections to the Findings and Recommendations, the State Defendants argue that Plaintiffs' federal claim for illegal pretrial detention following the issuance of legal process (First Claim for Relief, Count 3) should be dismissed as untimely. The State Defendants assert that the claim arises out of Mr. McGuffin's arrest. The State Defendants are wrong.

///

///

---

[1] Plaintiffs' Opposition to State Defendants' Motion to Dismiss [Dkt. No. 110].

Page 2– PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' OBJECTIONS TO FINDINGS AND RECOMMENDATIONS

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

In the First Amended Complaint, Plaintiffs allege only a claim for illegal detention following legal process (*i.e.*, after indictment or arraignment).[2]  The claim is titled "Illegal Pretrial Detention Following the Issuance of Legal Process" and in paragraph 213, Plaintiffs allege that the Defendants "caused McGuffin to be subjected to illegal pretrial detention following the issuance of legal process[.]"[3]

Courts sometimes refer to this type of claim as "malicious prosecution."[4]  Regardless of the label used, the claim arises under the Fourth Amendment and challenges the ongoing legal proceedings after the issuance of legal process.[5]

Although a claim for illegal detention arising out of the arrest itself may have accrued long ago, that is not the claim Plaintiffs allege here.  A claim arising out of detention following legal process (when the arrest was over) does not accrue until favorable termination of the criminal proceedings, as the Supreme Court recently recognized in *Thompson v. Clark*.[6]  Federal courts distinguish between claims for false arrest, which accrue at the time the arrest ends,[7] and illegal detention arising out of pretrial detention following the issuance of legal process like an arraignment or indictment (when the "arrest" has ended and the seizure is based upon the legal process).[8]  Civil claims under 42 U.S.C. § 1983 "cannot be used to contest ongoing custody that

---

[2] First Amended Complaint ¶¶ 212–17 [Dkt. No. 100].

[3] *Id.*

[4] *Thompson v. Clark*, 142 S. Ct. 1332, 1337 (2022) ("In this case, Thompson sued several police officers under § 1983, alleging that he was 'maliciously prosecuted' without probable cause and that he was seized as a result.  He brought a Fourth Amendment claim under § 1983 for malicious prosecution, sometimes referred to as a claim for unreasonable seizure pursuant to legal process.").

[5] *Id.*

[6] *Id.* at 1338 (describing a third requirement of a Fourth Amendment malicious prosecution claim as "a favorable termination of the underlying criminal prosecution"); *compare Mills v. City of Covina*, 921 F.3d 1161, 1166–68 (9th Cir. 2019) *with Manuel v. Joliet*, 903 F.3d 667, 670 (7th Cir. 2018) (contrasting Fourth Amendment claims).

[7] *Wallace v. Kato*, 549 U.S. 384, 391 (2007); *Mills*, 921 F.3d at 1166–68.

[8] *See Thompson*, 142 S. Ct. at 1337.  *See also McDonough v. Smith*, 139 S. Ct. 2149, 2157

Page 3– PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' OBJECTIONS TO FINDINGS AND RECOMMENDATIONS

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

has been properly authorized," making those claims for illegal detention following some form of legal process barred by *Heck* until after the prosecution and detention ends.[9]  The claim is thus subject to the deferred-accrual rule of *Heck*.

The Findings and Recommendations properly recognize that there is no claim in the First Amended Complaint related to Mr. McGuffin's arrest simpliciter.[10]  The claims in this suit concern the wrongful detention of Mr. McGuffin in the absence of probable cause following the issuance of legal process; claims squarely controlled by *Thompson* and *McDonough* and thus subject to the deferred-accrual rule of *Heck*.[11]

Plaintiffs ask that the Court overrule the objection, adopt the Findings and Recommendations, and deny the motion to dismiss.

## B.    Plaintiffs properly pled a claim for conspiracy under federal and state law.

Judge Kasubhai correctly found that the First Amended Complaint adequately alleges a claim for conspiracy under federal and state law.[12]  To prove a section 1983 conspiracy, a plaintiff need only "show an agreement or 'meeting of the minds' to violate his constitutional rights."[13]  Such an agreement "may be inferred from conduct and need not be proved by evidence of an express agreement."[14]  A plaintiff need only point to some "facts probative of a conspiracy."[15]  Put differently, it is well established that an agreement "may be inferred on the

---

(2019); *Manuel*, 903 F.3d at 670.

[9] *See*, *supra*, n.8.

[10] Findings and Recommendations at 21 [Dkt. No. 128].

[11] *McDonough*, 139 S. Ct. at 2159.

[12] Findings and Recommendations at 24, 28 [Dkt. No. 128].

[13] *Ward v. EEOC*, 719 F.2d 311, 314 (9th Cir. 1983).

[14] *Id.  See also Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1301–02 (9th Cir. 1999).

[15] *Ward*, 719 F.2d at 314.

Page 4– PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' OBJECTIONS TO
       FINDINGS AND RECOMMENDATIONS

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

basis of circumstantial evidence such as the actions of the defendants," meaning, for example, a showing that the alleged conspirators have committed acts that "are unlikely to have been undertaken without an agreement" may allow a jury to infer the existence of a conspiracy.[16]  In addition, while each participant must "share the common objective" of the conspiracy, "each participant in the conspiracy need not know the exact details of the plan."[17]

The Findings and Recommendations are consistent with Ninth Circuit authority recognizing that the existence of a conspiracy is a factual issue for the jury so long as the claimant provides circumstantial evidence that the alleged conspirators had a meeting of the minds to achieve the conspiracy's objectives.[18]  As the Supreme Court has explained, "a circumstance pointing toward a meeting of the minds" is enough of a setting that would suggest the agreement necessary to make out a conspiracy.[19]

Plaintiffs' First Amended Complaint satisfies that standard with specific facts that allege and directly illustrate a meeting of the minds among the State Defendants themselves and with other law enforcement agencies to violate Plaintiffs' constitutional rights.  Mr. McGuffin's wrongful prosecution and conviction was no accident; it was the result of coordinated misconduct by the Defendants to close a case that had stained the reputations of the Defendants.[20]  Given the stage of the proceedings, and the nature of this claim, the allegations in the First Amended Complaint are sufficient.

///

---

[16] *Mendocino Envtl. Ctr.*, 192 F.3d at 1201–02 (*Kunik v. Racine County*, 946 F.2d 1574, 1580 (7th Cir. 1991)).

[17] *Franklin v. Fox*, 312 F.3d 423, 441 (9th. Cir. 2002); *see also United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir.1989) (en banc) ("To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.").

[18] *See Mendocino Envtl. Ctr.*, 192 F.3d at 1301–02.

[19] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[20] First Amended Complaint ¶¶ 180–84 [Dkt. No. 100].

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

The State Defendants suggest that the Findings and Recommendations were based solely on Plaintiffs' allegation that the Original Investigation and the Cold Case Investigation involved multiple overlapping members.[21]  Plaintiffs' allegations in the First Amended Complaint are far more extensive.

While the allegations in the original complaint alleged that the Original Investigation went "cold," and that the Original Investigation and the Cold Case Investigation were separate and distinct, the First Amended Complaint (drafted after some written discovery) alleges a straightforward course of conduct in an ongoing investigation into the murder of Ms. Freeman, in which Mr. McGuffin was the only target.  In the First Amended Complaint, Plaintiffs allege that the Original Investigation never stopped; the Original Investigation and the Cold Case Investigation were, instead, part of the same investigation with multiple overlapping members.[22]

The First Amended Complaint alleges that "[o]nce he became Chief of Police, Defendant Dannels suggested that the Freeman investigation was a 'cold' case *even though officers had never stopped pursuing McGuffin*[.]"[23]  Plaintiffs further allege that Dannels "assembled a team of police officers and other investigators, *including several members of the Original Investigating Officers*, charged with closing the Freeman murder investigation with a conviction."[24]

The First Amended Complaint alleges that "at least five of the individual Defendants overlapped between the original investigation and the cold case investigation," which allowed the wrongful acts that began in the Original Investigation to be carried through, and compounded, in the Cold Case Investigation.[25]

---

[21] State Defendants' Objections at 3.

[22] First Amended Complaint ⁋ 94 [Dkt. No. 100].

[23] *Id.* (emphasis added).

[24] *Id.* (emphasis added).

[25] *Id.* ⁋⁋ 182–84.

Page 6– PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' OBJECTIONS TO FINDINGS AND RECOMMENDATIONS

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

The First Amended Complaint further alleges that the wrongful acts were "unlikely to have been undertaken without an agreement" and explains why: because each of the overlapping individuals knew about exculpatory evidence developed in the Original Investigation, but, when their co-conspirators in the Cold Case Investigation withheld that evidence or fabricated evidence designed to falsely inculpate Mr. McGuffin, the other defendants with knowledge remained silent or reinforced the lies.[26]  Though a complaint need not outline specific legal theories, the allegations in the First Amended Complaint lay out Plaintiffs' specific theory that the Defendants were not simply focused on a plausible suspect as investigators might be in an honest, lawful investigation.  Instead, the First Amended Complaint alleges that multiple members of the investigating team—each from different agencies—ratified the same lies about the evidence, from which the jury can infer that the wrongful acts were by design, pursuant to an agreement among the multi-agency team.[27]

For example, the First Amended Complaint alleges that Hormann and Wilcox (from Oregon State Police) and Karcher (from Coos County) participated in the examination of Freeman's shoes in the Original Investigation,[28] which revealed that there was no blood on the right shoe found in town on the night that Freeman disappeared.[29]  And yet, when their co-conspirators on the Cold Case Investigation, Dannels and Walter, announced on national television just months before trial that there *was* blood on Freeman's right shoe, which they used to implicate Mr. McGuffin,[30] none of the examiners (Hormann, Wilcox, or Karcher) spoke up to expose those fabrications.[31]  Instead, they remained silent and allowed these fabrications, and

---

[26] *Id.*

[27] *Id.*

[28] *Id.* ¶ 182(c).

[29] *Id.* ¶¶ 72–73.

[30] *Id.* ¶¶ 112–15.

[31] *Id.* ¶ 182(c).

Page 7– PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' OBJECTIONS TO FINDINGS AND RECOMMENDATIONS

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

false evidence, to become the narrative for indictment and trial.[32]  From these facts, the jury can infer that Hormann, Wilcox, and Karcher were part of an agreement to frame Mr. McGuffin for the Freeman murder in violation of his constitutional rights, and, even further, that they had specific knowledge of the fabrications (like false blood evidence) that would be part of the evidence falsely implicating Mr. McGuffin and resulting in a wrongful conviction.[33]

Likewise, Plaintiffs allege that Wilcox (from the Oregon State Police) and Karcher (from Coos County) participated in the examination of Mr. McGuffin's car during the Original Investigation,[34] which revealed that there was no blood and no evidence that the car had been cleaned to destroy blood evidence.[35]  And yet, when Dannels announced on national television just months before trial that there *was* evidence that the car had been cleaned,[36] neither Wilcox nor Karcher spoke up to expose the fabrications.[37]  Again, they remained silent and allowed the fabrications, and false evidence, to become the narrative for indictment and trial.[38]  And again, from these facts, the jury can infer that Wilcox and Karcher agreed with other Defendants to wrongfully prosecute Mr. McGuffin for a crime that he did not commit, and that they agreed to do so by fabricating evidence or suppressing exculpatory evidence (including evidence of their own misconduct and that of others[39]) in order to obtain Mr. McGuffin's wrongful conviction.[40]

---

[32] *Id.* ¶¶ 155–56.

[33] *Id.* ¶¶ 182–84.

[34] *Id.* ¶ 182(d).

[35] *Id.* ¶ 138.

[36] *Id.*

[37] *Id.* ¶ 182(d).

[38] *Id.* ¶¶ 155–56.

[39] Defendants had an obligation under *Brady* and its progeny to disclose their own misconduct or knowledge of that misconduct.  *See, e.g.*, *Kyles v. Whitley*, 514 U.S. 419, 438 (1995); *Atkins v. Cnty. of Riverside*, 151 F. App'x 501, 505 (9th Cir. 2005); *Avery v. City of Milwaukee*, 847 F.3d 433, 439 (7th Cir. 2017).  They failed to do so.

[40] First Amended Complaint ¶¶ 182–84 [Dkt. No. 100].

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

The First Amended Complaint alleges a pattern of misconduct among the Defendants that is illustrative of an agreement to obtain the wrongful conviction of Mr. McGuffin and that was further unlikely to have been undertaken without an agreement.[41] Co-conspirators from the Original Investigation and the Cold Case Investigation worked together to fabricate evidence that could be used to connect Mr. McGuffin to Ms. Freeman's shoe, her last known location, and his car.[42] Members of those teams then coordinated to suppress the evidence that would expose these lies.[43] The First Amended Complaint is replete with allegations that support the same pattern of investigators working together to fabricate evidence that would tell the same story to implicate Mr. McGuffin and result in a conviction.

Plaintiffs allege an ongoing investigation with actors that carried through the entire investigation, from inception to conviction, each of whom participated in fabricating and suppressing evidence, creating the circumstances that point to a meeting of the minds between all phases of the investigation.[44] Plaintiffs ask that the Court overrule the objection, adopt the Findings and Recommendations, and deny the motion to dismiss.

## C.    Plaintiffs properly pled a claim for destruction of exculpatory evidence.

In two rounds of motions to dismiss, Judge Kasubhai twice found that Plaintiffs properly allege claims based on the destruction of exculpatory evidence.[45] Despite two rounds of briefing on these claims, the State Defendants assert that they lack sufficient notice to defend the claims against them.[46] The State Defendants' own briefing demonstrates that they have fair notice of

---

[41] *Id.*

[42] *Id.*

[43] *Id.*

[44] *Id.*

[45] *See* Findings and Recommendations at 24, 29 [Dkt. No. 128].

[46] State Defendants' Objections at 5 [Dkt. No. 131].

Page 9– PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' OBJECTIONS TO
FINDINGS AND RECOMMENDATIONS

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

what the claims are and the grounds upon which they are based.[47]

The State Defendants' objections are an attempt to create a heightened pleading standard by requiring highly detailed allegations, a standard that the Supreme Court has already rejected.[48]  Under Supreme Court authority, a plaintiff is not required to make "detailed factual allegations."[49]  Instead, the question on a motion to dismiss is whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[50]

The State Defendants concede that the First Amended Complaint alleges the destruction of evidence.[51]  Indeed, the State Defendants quote the allegations in their objections.[52]  The State Defendants, nonetheless, demand additional detail to further define the allegations.[53]  The State Defendants' objections are more appropriately characterized as a motion for a more definite statement under Rule 12(e).  Federal courts recognize that "[t]he proper tool for eliciting additional detail is discovery, not a Rule 12(e) motion."[54]

///

///

///

---

[47] *See RA Medical Systems, Inc. v. PhotoMedex, Inc.*, 373 Fed. Appx. 784, 787 (9th Cir. 2010) (citations omitted) ("PhotoMedex's satisfaction of notice pleading requirements is highlighted by the fact Ra Medical's court filings and appellate brief 'demonstrate that they had fair notice of what [PhotoMedex's] claims are and the grounds upon which they rest.'").

[48] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Leatherman v. Tarrant County*, 508 U.S. 223 (1993) (specifically rejecting a heightened pleading standard for § 1983 suits).

[49] *Ashcroft*, 556 U.S. at 678.

[50] *O'Brian v. Welty*, 818 F.3d 920, 933 (9th Cir. 2016) (citing *Ashcroft*, 556 U.S. at 678).

[51] State Defendants' Objections at 5 [Dkt. No. 131].

[52] *Id.*

[53] *Id.*

[54] *Prychyna v. Barrett Bus. Servs., Inc.*, No. CV-11-122-HZ, 2011 U.S. Dist. LEXIS 110367, at *31 (D. Or. Sept. 27, 2011) (citing *Beery v. Hitachi Home Elecs. (Am.), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993)).

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

The State Defendants' concerns about specificity in the First Amended Complaint "are normally handled by the array of discovery devices available to the defendant."[55]  Plaintiffs ask that the Court overrule the objection, adopt the Findings and Recommendations, and deny the motion to dismiss.

### III.  CONCLUSION

Based upon the foregoing, Plaintiffs ask the Court to overrule the State Defendants' objections to the Findings and Recommendations, and, instead, adopt the portions of the Findings and Recommendations to which Plaintiffs do not object.

DATED:  October 14, 2022

| MALONEY LAUERSDORF REINER PC | LOEVY & LOEVY |
|---|---|
| By /s/Janis C. Puracal<br>   Janis C. Puracal, OSB #132288<br>   E-Mail:  jcp@mlrlegalteam.com<br>   Andrew C. Lauersdorf, OSB #980739<br>   E-Mail:  acl@mlrlegalteam.com | By /s/David B. Owens<br>   David B. Owens, WSBA #53856<br>   E-Mail:  david@loevy.com<br>   *Pro hac vice* |

---

[55] *Skaff v. Meridien N. Am. Beverly Hills*, 506 F.3d 832, 842 (9th Cir. 2007).

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2022, the foregoing PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' OBJECTIONS TO FINDINGS AND RECOMMENDATIONS was served on the following parties at the following address by sending to them a true copy thereof by electronic means through the Court's ECF System.

| | |
|---|---|
| Robert E. Franz, Jr.<br>Sarah R. Henderson<br>Law Office of Robert E. Franz, Jr.<br>PO Box 62<br>Springfield, OR 97477<br>rfranz@franzlaw.comcastbiz.net<br>shenderson@franzlaw.comcastbiz.net<br> *Attorneys for Defendants*<br> *City of Coquille, City of Coos Bay, Coos*<br> *County, Craig Zanni, Chris Webley, Eric*<br> *Schwenninger, Sean Sanborn, Ray McNeely,*<br> *Kris Karcher, Pat Downing, Mark Dannels,*<br> *Kip Oswald, Michael Reaves, David Zavala,*<br> *Anthony Wetmore, Shelly McInnes* | Jesse B. Davis<br>Todd Marshall<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>todd.marshall@doj.state.or.us<br>jesse.b.davis@doj.state.or.us<br> *Attorneys for Defendants Oregon State*<br> *Police, John Riddle, Susan Hormann,*<br> *Mary Krings, Kathy Wilcox* |
| Graham B. Miller<br>Karin L. Schaffer<br>Amanda J. Rockett<br>Wood Smith Henning & Berman LLP<br>12755 SW 69th Ave., Ste. 100<br>Portland, OR 97223<br>gmiller@wshblaw.com<br>kschaffer@wshblaw.com<br> *Attorneys for Defendants Vidocq Society and*<br> *Richard Walter* | |

MALONEY LAUERSDORF REINER PC


By /s/Janis C. Puracal
   Janis C. Puracal, OSB #132288
   E-Mail: jcp@mlrlegalteam.com

Attorneys for Plaintiffs

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417