ELLEN F. ROSENBLUM
Attorney General
JESSE B. DAVIS #052290
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: jesse.b.davis@doj.state.or.us

TODD MARSHALL  #112685
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: Todd.Marshall@doj.state.or.us

Attorneys for State Defendants
Hormann, Krings, Riddle, Wilcox, and Oregon State Police

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,<br><br>Plaintiff,<br><br>v.<br><br>OREGON STATE POLICED ZAVALA, ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY,<br><br>Defendant. | Case No.  6:20-cv-1163-MK (Lead Case)<br>        3:21-cv-1719-MK (Trailing Case)<br><br><br>STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO FINDINGS & RECOMMENDATION |

Page 1 -   STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO FINDINGS & RECOMMENDATION

NICHOLAS JAMES MCGUFFIN, as an individual and as guardian ad litem, on behalf of S.M., a minor,

        Plaintiff,

      v.

OREGON STATE POLICE,

        Defendant.

## I.      Introduction

Defendants Hormann, Krings, Riddle, Wilcox, and the Oregon State Police ("State Defendants") hereby respond to plaintiffs' Objections to Findings and Recommendation (Leading Case ECF 130, cited herein as "Objections"). State Defendants request that the Court:

- adopt the portion of the Findings and Recommendation[1] concluding that the Oregon State Police is not a "person" within the meaning of 42 U.S.C. § 1983 and reject plaintiffs' Objections to the contrary;

- clarify that the 42 U.S.C. § 1983 claim at issue is the First Claim for Relief in the Trailing Case and dismiss that claim.

State Defendants incorporate by reference the arguments made in Defendant Oregon State Police's Partial Motion to Dismiss and the Reply in Support of Oregon State Police's Partial Motion to Dismiss (Trailing Case ECF 17 and 20, respectively), and add the following.

## II.      The Findings and Recommendation correctly concluded that the Oregon State Police was not a "person" susceptible to suit under 42 U.S.C. § 1983.

The Findings and Recommendation concluded that OSP was not a "person" against whom a claim under 42 U.S.C. § 1983 may be asserted. ECF 128 at 12-13. That conclusion was

---

[1] That Findings and Recommendation is identified as ECF 128 in the Leading Case and ECF 25 in the Trailing Case. For simplicity, specific citations to the Findings and Recommendation will be limited to ECF 128 in the Leading Case.

JBD/db5/552130281

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

based on *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) and *Lapides v. Board of Regents*, 535 U.S. 613 (2002). *Id*. at 13. That conclusion was correct.

In their Objections, plaintiffs mischaracterize *Will* and misconstrue the effect of OSP's removal to this Court. Most significantly, plaintiffs state that *Will*'s holding was "that a state is not a person under section 1983 unless it has waived immunity." Objections at 5. That is not what *Will* held. *Will*'s holding—which it specifically identified as its holding—was, "we reaffirm today what we had concluded prior to *Monell* [*v. New York City Dept. of Social Servs*, 436 U.S. 658 (1978)], and what some have considered implicit in *Quern* [*v. Jordan*, 440 U.S. 332 (1979)]: that a State is not a person within the meaning of § 1983." *Will*, 491 U.S. at 64. The Court did not include plaintiffs' "unless it has waived immunity" qualification. And because *Will* did not involve removal or any other form of Eleventh Amendment waiver, *Will*'s holding could not have included that qualification. *Will* was filed in Michigan state court, went up through Michigan's appellate courts, and came before the United States Supreme Court on certiorari. *Id*. at 61-62. That path through state court, the Court noted, "places the question whether a State is a person under § 1983 squarely before us since the Eleventh Amendment does not apply in state courts." *Id*. at 63-64. *Will*'s holding was not, and could not have been, related to waiver of Eleventh Amendment immunity.

Plaintiffs' argument on this point, *see* Objections at 3, appears to come from a portion of the following passage from *Will*:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits *unless the State has waived its immunity*, *Welch v. Texas Dept. of Highways and Public Transportation*, 483 U.S. 468, 472–473, 107 S.Ct. 2941, 2945–2946, 97 L.Ed.2d 389 (1987) (plurality opinion), or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

*Will*, 491 U.S. at 66 (emphasis added). This passage was part of a general description of situations in which litigants may avoid the Eleventh Amendment bar to suing a State in federal

JBD/db5/552130281

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

court, namely waiver or abrogation by Congress.  This passage did not say that a State is person under § 1983 if the State waives its Eleventh Amendment immunity.  Nor does the case cited in this passage, *Welch v. Texas Dept. of Highways and Public Transportation,* 483 U.S. 468 (1987), say or suggest that.  *Welch* did not entail § 1983 claims, personhood issues, or waiver issues. The question in *Welch* was "whether the Eleventh Amendment bars a state employee from suing the State in federal court under the Jones Act, 41 Stat. 1007, 46 U.S.C. § 688."  *Welch*, 483 U.S. at 470.  *Welch* presented no issue of waiver.  *Id.* at 474 (stating, "the question whether the State of Texas has waived its Eleventh Amendment immunity is not before us.").  *Welch* focused on whether Congress had validly abrogated the State's immunity.  *Id.* at 475.

Plaintiff continues erroneously to describe *Will* as treating the issue of personhood as coextensive with the reach of Eleventh Amendment immunity.  Objections at 4.  To the contrary, *Will* treated them as separate, though related, issues:

> This does not mean, as petitioner suggests, that we think that the scope of the Eleventh Amendment and the scope of § 1983 are not separate issues.  Certainly they are.  But in deciphering congressional intent as to the scope of § 1983, the scope of the Eleventh Amendment is a consideration, and we decline to adopt a reading of § 1983 that disregards it.

*Will*, 491 U.S. at 67-68 (footnote omitted).  Courts following *Will* have treated those as separate issues, as Judge Kasubhai correctly noted.  ECF at 12-13, and n.1.  One such example was *Lapides v. Board of Regents*, 535 U.S. 613 (2002).  In *Lapides*, the Court held that the state defendants, by removing to federal court, had waived their Eleventh Amendment immunity to suit in federal court on state law claims.  535 U.S. at 624.  But the Court's waiver analysis was limited to the state law claims because the plaintiff's "only federal claim against the State arises under 42 U.S.C. § 1983 * * * and we have held that a State is not a 'person' against whom a § 1983 claim for money damages might be asserted."  *Id.* at 616-17.

The Findings and Recommendation identified several district court cases treating these two issues separately.  ECF at 13 n.1.  Notable among those cases for plainly describing that distinction is *Mueller v. Dep't of Public Safety*, 2020 WL 1866428, at \*2 (D. Haw. Apr. 14,

Page 4 -    STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO FINDINGS & RECOMMENDATION

JBD/db5/552130281

2020), which stated: "[A] State Defendant waives sovereign immunity when it removes a case to federal court. This is a separate, different argument from whether the federal statute, 42 U.S.C. § 1983, actually applies to a named defendant." That approach—first deciding whether a statute creating a cause of action applies before deciding whether the Eleventh Amendment bars that cause of action—is a logical approach endorsed by the Supreme Court when it has confronted other causes of action. *See Vermont Agency of Natural Resources v. United States*, 529 U.S. 765, 799 (2000) (noting, in context of federal False Claims Act, that the Court has "routinely addressed before the question whether the Eleventh Amendment forbids a particular statutory cause of action to be asserted against States, the question whether the statute itself permits the cause of action it creates to be asserted against States (which it can do only by clearly expressing such an intent)," and citing several cases in which it took that approach).

The Findings and Recommendation properly followed that approach. Before deciding whether OSP's removal to federal court waived its Eleventh Amendment immunity to the § 1983 claim, Judge Kasubhai first considered whether § 1983 even creates a cause of action against OSP, and correctly concluded that it does not. The Court should do the same.

### III.    The Court should modify the Findings and Recommendation to make clear that the dismissed claim is the First Claim against OSP in the Trailing Case.

To avoid confusion going forward, the State Defendants call one item to the Court's attention. Based on the conclusion that OSP is not a person, the Findings and Recommendation concludes that "Count 8: Unconstitutional Policies, Practices, and Customs" should be dismissed with prejudice as against Defendant OSP. ECF 128 at 13, 31.

That is not the correct claim at issue. Count 8 of the First Claim for Relief under § 1983 in plaintiffs' *original* complaint did assert such a claim against OSP, but the Court has already dismissed that count. ECF 83 at 16 (first Findings and Recommendation); ECF 99 at 2 (Order adopting Findings and Recommendation). Presently before the Court are the First Amended Complaint in the Leading Case and the Complaint for Damages against OSP, which was

Page 5 -    STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO FINDINGS & RECOMMENDATION

removed to this Court and became the Trailing Case. The current § 1983 claim against OSP asserting unconstitutional policies, practices, and customs is actually the First Claim for Relief in the Trailing Case. That is the claim that should be dismissed as a result of the conclusion that OSP is not a "person" subject to suit under § 1983.

## IV.    Conclusion

The State Defendants therefore respectfully request that the Court adopt the Findings and Recommendation's conclusion that OSP is not a "person" subject to suit under § 1983 and dismiss with prejudice plaintiffs' First Claim for Relief in the Trailing Case.

DATED October 14, 2022.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


*s/ Jesse B. Davis*
JESSE B. DAVIS #052290
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: jesse.b.davis@doj.state.or.us

TODD MARSHALL  #112685
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: Todd.Marshall@doj.state.or.us

Attorneys for State Defendants Hormann, Krings, Riddle, Wilcox, and Oregon State Police

Page 6 -    STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO FINDINGS & RECOMMENDATION
JBD/db5/552130281

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000