Graham B. Miller, OSB No. 161424
gmiller@wshblaw.com
Karin L. Schaffer, OSB No. 123387
kschaffer@wshblaw.com
Amanda J. Rockett, OSB No. 052401
arockett@wshblaw.com
Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971-256-4010
Facsimile: 971-275-1928

*Attorneys for Vidocq Society and Richard Walter*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem,* on behalf of S.M., a minor,<br><br>       Plaintiffs,<br><br>   v.<br><br>MARK DANIELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, ESTATE OF DAVE HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, COOS COUNTY, and OREGON STATE POLICE.<br><br>       Defendants. | Case No.: 6:20-CV-01163-MK (Lead Case)<br><br><br>**DEFENDANTS VIDOCQ SOCIETY AND RICHARD WALTER'S MOTION TO QUASH PLAINTIFFS' SUBPOENA TO AMERICAN ACADEMY OF FORENSIC SCIENCES**<br><br><br><br>REQUEST FOR ORAL ARGUMENT |

DEFENDANTS VIDOCQ SOCIETY AND RICHARD
WALTER'S MOTION TO QUASH PLAINTIFFS' SUBPOENA
TO AMERICAN ACADEMY OF FORENSIC SCIENCES - 1

WOOD, SMITH, HENNING & BERMAN LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
971-256-4010

NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem,* on behalf of S.M., a minor,

        Plaintiffs,

    v.

OREGON STATE POLICE.

        Defendant.

Case No.: 3:21-cv-01719-MK (Trailing Case)

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, the undersigned hereby certifies that Defendants' counsel has conferred with Plaintiffs' counsel by email as described further in attached Certificate of Conference; thus, this motion is necessary.

## MOTION

COME NOW Defendants Vidocq Society and Richard Walter (the "Vidocq Defendants"), by and through their attorneys, Wood Smith Henning & Berman, and pursuant to the Federal Rules of Civil Procedure 45, 26, and points and authorities cited below, respectfully move to quash Plaintiffs' Subpoena to Produce Documents, Information, or Objects in a Civil action to American Academy of Forensic Sciences ("AAFS"), and for other and further relief as the Court deems just and proper. In support, Vidocq Defendants submit Vidocq Defendants' Memorandum of Law which is incorporated below in the "Argument" section, and the Declaration of Amanda J. Rockett.

## I. PROCEDURAL BACKGROUND

On July 20, 2020, Plaintiffs' counsel filed suit against 24 separate individuals and public bodies, including Vidocq Society. All Defendants in this suit *other than* Vidcoq Defendants are law enforcement-related entities or individuals that were involved in the investigation into Leah

DEFENDANTS VIDOCQ SOCIETY AND RICHARD
WALTER'S MOTION TO QUASH PLAINTIFFS' SUBPOENA
TO AMERICAN ACADEMY OF FORENSIC SCIENCES - 2

WOOD, SMITH, HENNING & BERMAN LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
971-256-4010

Freeman's murder and the prosecution of Plaintiff Nicholas McGuffin.

There have been two rounds of Motions to Dismiss, and the current operative complaint is Plaintiffs' First Amended Complaint (*See* First Amended Complaint, **ECF No. 100**.), however, the Court has <u>dismissed</u> all ten Section 1983 Claims (Counts 1-10) contained within their First Claim for Relief. *See* Magistrate's Findings & Recommendations, filed September 16, 2022, **ECF No. 128**, pg. 16.

On or about December 12, 2022, Plaintiffs served a subpoena duces tecum on AAFS, demanding that AAFS produce essentially any and all documentation in their possession, custody, or control bearing the Vidocq Defendants' names, as well as "any business owned or affiliated with" Vidocq Defendants; this request is limited only in that they need not include invoices or payments of membership fees. *See* AAFS Subpoena, **Ex. A**. As explained more fully below, Vidocq Defendants move to quash the subpoena duces tecum because the requests are overbroad and not reasonably calculated to lead to the discovery of relevant information in plaintiffs' litigation against Vidocq Defendants; and they unduly burden AAFS, a non-party.

## II. FACTUAL BACKGROUND

On June 28, 2000, 15 year old Leah Freeman was dating 18 year old Plaintiff Nicholas McGuffin, and that evening, disappeared from Coquille, Oregon after leaving her friend's home.[1] On August 3, 2000, her badly decomposed body was found down the embankment on the side of a rural road approximately 8 miles outside of Coquille, Oregon and near a river.[2] An initial investigation was conducted in 2000, including a grand jury to investigation, but no charges were brought at that time. 8 years later, in 2008, the case was re-opened.[3] During this time, investigators

---

[1] *See* Malheur County Circuit Court Judge Sullivan's Post-Conviction General Judgment, **Ex. B**, pg. 3, lines 10-18

[2] **Ex. B**, pg. 3, lines 23-24

[3] **Ex. B**, pg. 4, lines 1-9

DEFENDANTS VIDOCQ SOCIETY AND RICHARD
WALTER'S MOTION TO QUASH PLAINTIFFS' SUBPOENA
TO AMERICAN ACADEMY OF FORENSIC SCIENCES - 3

WOOD, SMITH, HENNING & BERMAN LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
971-256-4010

connected with the Vidocq Society – The Vidocq Society is a non-profit organization that essentially brainstorms with law enforcement entities and gives them suggestions on leads to follow or different ways to continue their investigations on particularly difficult cold cases. The District Attorney, Chief Dannels, and a couple other investigators traveled to Philadelphia, Pennsylvania to present their case during Vidocq Society's monthly lunch meeting. Defendant Walter was a member of the Defendant Vidocq Society at the time and attended the presentation of the Freeman Investigation.[4]  Based on the information relayed to him, Defendant Walter expressed his opinions to the District Attorney and Chief Dannels, both whom questioned Defendant Walter's credibility, deemed his "profile" as "simply not reliable" and determined "there was no way [he] could or should use Mr. Walter or his information."[5]

In August of 2010, the Grand Jury returned an Indictment against Plaintiff Nicholas McGuffin, charging him with the homicide of Leah Freeman – over 100 witnesses gave testimony to the grand jury, but that did *not* include any of the Vidocq Defendants.[6]

In July of 2011, Plaintiff McGuffin's trial was conducted and the jury convicted him of manslaughter and he received a 10 year prison sentence – again, **none** of the Vidocq Defendants were called to testify.[7]

**Vidocq Defendants were neither retained as experts during the Freeman investigation or McGuffin prosecution nor were they ever called to testify as witnesses (expert or otherwise); in fact, District Attorney Frasier asserted that he "did not use anything [they] learned from Mr. Walter or the Vidocq Society and certainly did not use it at trial. It had no effect on the**

---

[4] *See* Letter from District Attorney Frasier, **Ex. C,** pg. 4-5.

[5] **Ex. C,** pg. 5-6.

[6] *See* Indictment, **Ex. D**

[7] **Ex. B**, pg. 4, lines 9-15.

DEFENDANTS VIDOCQ SOCIETY AND RICHARD
WALTER'S MOTION TO QUASH PLAINTIFFS' SUBPOENA
TO AMERICAN ACADEMY OF FORENSIC SCIENCES - 4

WOOD, SMITH, HENNING & BERMAN LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
971-256-4010

**verdict in this case".**[8]

After Plaintiff McGuffin's direct appeals were unsuccessful, he sought post-conviction relief, and in November 2019, a Malheur County Circuit Court judge set aside McGuffin's conviction, but declined to find his actual innocence, opining that there was evidence from which a jury could find the defendant guilty.[9]  The Coos County District Attorney decided not to re-try the case since McGuffin had already served almost his entire sentence, there were multiple key witnesses that were now either deceased or unable to be located, and the victim's mother did not want the case re-tried.[10]  The underlying action followed.

Plaintiffs seek from AAFS documents relating to three (3) broad categories:

1. Any and all documents and electronically stored information in your case, custody, or control related to or reflecting Richard D. Walter and/or any business owned or affiliated with Richard D. Walter and/or Vidocq Society. This requests should include, but not be limited to, all materials related to membership, promotion requests or acceptance, presentations, publications, service to AAFS, service to forensic science research/education/training, and letters of recommendation. the responsive records need not include invoices or payments of membership fees.

2. Any and all complaints, accusations, information, motions, investigative actions, notification, notations, files, materials, reports, letters, emails, correspondence, notes, or other document related to Richard D. Walter and/or any business owned or affiliated with Richard D. Walter and/or Vidocq Society. This request should include, but not be limited to, any such document related to any ethics complaint or accusation, whether founded or unfounded, resolved or unresolved, and regardless of whether a sanction was imposed.

3. Any and all documents and electronically stored information in your care, custody, or control related to or reflecting any investigation or investigative action into Richard D. Walter and/or any business owned or affiliated with Richard D. Walter and/or Vidocq Society. [11]

///     ///

///     ///

---

[8] **Ex. C**, pg. 6

[9] **Ex. B**., pg. 4, line 6-21

[10] *See* Frasier's Motion to Dismiss, **Ex. E**

[11] **Ex. A**.

**DEFENDANTS VIDOCQ SOCIETY AND RICHARD**
**WALTER'S MOTION TO QUASH PLAINTIFFS' SUBPOENA**
**TO AMERICAN ACADEMY OF FORENSIC SCIENCES - 5**

**WOOD, SMITH, HENNING & BERMAN LLP**
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
971-256-4010

## III. ARGUMENT

### A. The Court Must Quash a Third-Party Subpoena that is Not Relevant to the Lawsuit or Unduly Burdens the Third-Party

The right of a party to obtain discovery is limited, and discovery sought from a non-party subpoena is analyzed "subject to Rule 26(b)(1)'s overriding relevance requirement. *Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010) Rule 26 also provides that a Court may issue orders to protect persons from improper discovery.

Federal Rule of Civil Procedure 45 provides that a Court "must quash or modify [a] subpoena that…subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A)(iv); see also Mattel Inc v. Walking Mountain Prods., 353 F.3d 792, 814 (9th Cir. 2003). Under Rule 45(c)(3)(A), the Court must weigh the value of the information requested with the burden imposed on the subpoenaed person:

> "An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party and, in particular, requires the court to consider: 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (CD. Cal. 2005) (*quoting Travelers Indent. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005))."

Here, the Court should quash the AFFS subpoena because Plaintiffs seek extensive, burdensome discovery of matters completely irrelevant to their claims against Vidocq Defendants.

/// ///

/// ///

/// ///

/// ///

DEFENDANTS VIDOCQ SOCIETY AND RICHARD
WALTER'S MOTION TO QUASH PLAINTIFFS' SUBPOENA
TO AMERICAN ACADEMY OF FORENSIC SCIENCES - 6

WOOD, SMITH, HENNING & BERMAN LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
971-256-4010

**B. The Discovery Sought from AAFS is Not Relevant to Plaintiffs' Claims against Vidocq Defendants and Would Impose an Undue Burden**

Plaintiffs are aware that Richard Walter has been a member of AAFS for over 40 years[12] and they are seeking any and all documents pertaining to him going back as far as his membership began. They are also seeking all documents pertaining to any entity he may have been involved with and without regard to any specific subject matter. Their requests for documentation reaching back over 40 years are both overbroad and not reasonably calculated to lead to the discovery of evidence relevant to this matter and therefore, their subpoena should be quashed pursuant to Rules 26(c) and 45(c)(3)(A)(iv).

Furthermore, forcing AAFS, a non-party, to produce documents spanning that timeframe and without any real limitation would also create an undue burden. *See Food Lion Inc. v. United Food and Commercial Workers Int'l Union*, 103 F.3 1007, 1014 (U.S. Spp. D.C. 1997)(reversing district court's denial of motion to quash third-party subpoenas that sought nonparties' documents); *Moon*, 232 F.R.D. at 637-38 (finding subpoena duces tecum overbroad where, among other things, it was not narrowly tailored to seek documents relevant solely to the contract at issue).

Complying with this subpoena could require many dozens of hours of work and preparation by non-party AAFS, imposing an undue burden which is a separate basis for which to quash the subpoena.

///    ///

///    ///

///    ///

///    ///

---

[12] *See* conferral correspondence, **Ex. F**

DEFENDANTS VIDOCQ SOCIETY AND RICHARD WALTER'S MOTION TO QUASH PLAINTIFFS' SUBPOENA TO AMERICAN ACADEMY OF FORENSIC SCIENCES - 7

WOOD, SMITH, HENNING & BERMAN LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
971-256-4010

## IV. CONCLUSION

Plaintiffs' subpoena duces tecum to AAFS seeks documents (including emails) spanning any and all subject matter and going back over 40 years that merely "reflect" or "relate to" Richard Walter and/or Vidocq Society which would undoubtedly result in information being produced that is completely irrelevant to this lawsuit. Therefore, Plaintiffs' subpoena is an abuse of the discovery process and should be quashed.

DATED this 22nd day of December, 2022.

By:      *s/ Amanda J. Rockett*

Graham B. Miller, OSB No. 161424
Karin L. Schaffer, OSB No. 123387
Amanda J. Rockett, OSB No. 052401
Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971-256-4010
Facsimile: 971-275-1928

*Attorneys for Defendants Vidocq Society and Richard Walter*

DEFENDANTS VIDOCQ SOCIETY AND RICHARD
WALTER'S MOTION TO QUASH PLAINTIFFS' SUBPOENA
TO AMERICAN ACADEMY OF FORENSIC SCIENCES - 8

WOOD, SMITH, HENNING & BERMAN LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
971-256-4010

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1 and Exhibit "F" attached to Defendants' Motion, I hereby certify that on December 6, 2022 through December 12, 2022, I, counsel for the moving party, conferred with opposing counsel in a good faith effort to resolve the issues raised by this motion. The parties were unable to resolve the issues raised in this motion because I attempted to confer with Plaintiffs' Counsel to tailor and limit their subpoena to a more specific time period and to information specifically relevant to the issues in this matter; however, Plaintiffs' Counsel continues to hold the position that her clients are entitled to any and all documents in possession of AAFS "reflecting or relating to" either of our clients without limitation as to subject matter (other than invoicing and membership payments) and going back over 40 years. For these reasons, Vidocq Defendants feel they had no choice but to file a Motion to Quash.

DATED this 22nd day of December, 2022.

By:      *s/ Amanda J. Rockett*

Graham B. Miller, OSB No. 161424
Karin L. Schaffer, OSB No. 123387
Amanda J. Rockett, OSB No. 052401
Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971-256-4010
Facsimile: 971-275-1928

*Attorneys for Defendants Vidocq Society and
Richard Walter*

**DEFENDANTS VIDOCQ SOCIETY AND RICHARD
WALTER'S MOTION TO QUASH PLAINTIFFS' SUBPOENA
TO AMERICAN ACADEMY OF FORENSIC SCIENCES - 9**

**WOOD, SMITH, HENNING & BERMAN LLP**
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
971-256-4010

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the undersigned is a citizen of the United States and a resident of the State of Oregon, living in said state, over the age of eighteen (18) years, not a party to, and competent to be a witness in this action; that on this date the undersigned caused to be served on counsel of record as shown below, in the manner indicated, a true and correct copy of the foregoing document.

Andrew C. Lauersdorf
Janis C. Puracal
Christine A. Webb
Maloney Lauersdorf & Reiner, PC
1111 E. Burnside Street, Suite 300
Portland, OR 97214
acl@mlrlegalteam.com
jcp@mlrlegalteam.com
caw@mlrlegalteam.com

(X) *Via CM/ECF Filing*

*Of Attorneys For Plaintiff*

David B. Owens
Loevy & Loevy
311 N Aberdeen Street
Ste 3rd Floor
Chicago, IL 60607
David@loevy.com

(X) *Via CM/ECF Filing*

*Of Attorneys For Plaintiff*

Robert E. Franz, Jr.
Sarah Henderson
Law Office of Robert E. Franz, Jr.
P.O. Box 62
Springfield, OR 97477
rfranz@franzlaw.comcastbiz.net
shenderson@franzlaw.comcastbiz.net

(X) *Via CM/ECF Filing*

*Of Attorneys for Defendants City of Coos Bay, City of Coquille, Coos County, Chris Webley, Craig Zanni, Eric Schwenninger, Kris Karcher, Mark Dannels, Pat Downing, Raymond McNeely, Sean Sanborn, Anthony Wetmore, David Zavala, Kip Oswald, Michael Reaves*

Jesse B. Davis
Todd Marshall
Department of Justice
100 SW Market Street
Portland, OR 97201
jesse.b.davis@doj.state.or.us
todd.marshall@doj.state.or.us

(X) *Via CM/ECF Filing*

*Of Attorneys for Oregon State Police, Susan Hormann, Mary Krings, John Riddle, and Kathy Wilcox*

DATED this 22nd day of December, 2022.

 *s/ Lindsey Stanton*
Lindsey Stanton, Legal Assistant
lstanton@wshblaw.com

27046237.1:05472-0677

**DEFENDANTS VIDOCQ SOCIETY AND RICHARD WALTER'S MOTION TO QUASH PLAINTIFFS' SUBPOENA TO AMERICAN ACADEMY OF FORENSIC SCIENCES - 10**

**WOOD, SMITH, HENNING & BERMAN LLP**
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
971-256-4010