Graham B. Miller, OSB No. 161424
gmiller@wshblaw.com
Karin L. Schaffer, OSB No. 123387
kschaffer@wshblaw.com
Amanda J. Rockett, OSB No. 052401
arockett@wshblaw.com
Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971-256-4010
Facsimile: 971-275-1928

*Attorneys for Vidocq Society and Richard Walter*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem,* on behalf of S.M., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>MARK DANIELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, ESTATE OF DAVE HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, COOS COUNTY, and OREGON STATE POLICE.<br><br>Defendants. | Case No.: 6:20-CV-01163-MK (Lead Case)<br><br><br>**DEFENDANTS VIDOCQ SOCIETY AND RICHARD WALTER'S REPLY IN SUPPORT OF MOTION TO QUASH PLAINTIFFS' SUBPOENA TO AMERICAN ACADEMY OF FORENSIC SCIENCES**<br><br><br><br>REQUEST FOR ORAL ARGUMENT |

**DEFENDANTS VIDOCQ SOCIETY AND RICHARD WALTER'S REPLY IN SUPPORT OF MOTION TO QUASH PLAINTIFFS' SUBPOENA TO AMERICAN ACADEMY OF FORENSIC SCIENCES - 1**

**WOOD, SMITH, HENNING & BERMAN LLP**
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
971-256-4010

NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem,* on behalf of S.M., a minor,

       Plaintiffs,

    v.

OREGON STATE POLICE.

       Defendant.

Case No.: 3:21-cv-01719-MK (Trailing Case)

## **REPLY**

Defendants Vidocq Society and Richard Walter ("Vidocq Defendants"), by and through their attorneys, respectfully submit this reply brief in support of Vidocq Defendants' motion to quash Plaintiffs' subpoena duces tecum directed to the American Academy of Forensic Sciences.

In response to the Vidocq Defendants' motion to quash, Plaintiffs have asserted that Vidocq Defendants lack standing to quash a subpoena directed to AAFS because they are a non-party, and that their subpoena to AAFS requests information that is relevant and proportional to the needs of the case under FRCP 26(b); however, Plaintiffs' arguments fail on multiple levels.

**A.    Vidocq Defendants take issue with Plaintiffs' "Statement of Facts" section, because Plaintiffs' Counsel "cites" to many sources that either do not state what she purports them to state and/or they lack any actual persuasive authority or relevance.**

It is distressing that Plaintiffs' Counsel has made a number of assertions as "fact" that purport to cite to sources of information to back up these assertions, only to learn when cross-referencing them, that they do not. This includes the following:

- **Assertion: "the Vidocq Defendants represent themselves to be experts with superior investigation skills who can solve cold cases when law enforcement cannot." ECF No. 137, pg. 3, citing to fn. 4**

Plaintiffs' counsel cited to her Exhibit 1, however, that is an archived internet article dated 2007, years prior to Vidocq Defendants' very minimal involvement in late 2009/2010 with no indication this was information law enforcement "relied upon" when they engaged with the Vidocq Defendants in late 2009. Also, nowhere on this relic page do Vidocq Defendants represent themselves "to be experts with superior investigation skills who can solve cold cases when law enforcement cannot", as Plaintiffs' Counsel has asserted as "fact".

Plaintiffs' Counsel also cited to her Exhibits 2 and 3, neither of which were authored by anyone affiliated with the Vidocq Defendants (In Exhibit 3, the only indication of who wrote it is someone that calls themselves "Doug" without any last name or other affiliation). Other persons' impressions of Vidocq Defendants are not a fair or accurate depiction of how Vidocq Defendants represent *themselves*, as Plaintiffs' Counsel has asserted as "fact".

- **Assertion:  "Mr. Walter—one of the founders of the Vidocq Society—claims to be "the expert to the expert" ECF No. 137, pg. citing to fn. 5**

This quote was taken out of context, and is completely irrelevant. Plaintiffs' counsel cited to her Exhibit 4, which, as clear on the face of the Exhibit itself, was from an interview conducted with Richard Walter in 2013, two years *after* Plaintiff McGuffin's conviction and years following Vidocq Defendants' limited involvement in the Freeman Investigation. This statement within the interview was specific to his knowledge and expertise in the narrow field of sadism, including necrophelia and cannibalism, none of which were present in this case and would be completely irrelevant due to subject matter as well as the fact that law enforcement could not have relied on any of that information when that interview had not happened or been published as of 2009-2010 when they interacted with Vidocq Defendants.

- **Assertion: "…after the lunch, Mr. Walter purports to offer his deep insights based on his alleged expertise. If they like what they hear, prosecutors or law enforcement officers (such as the other Defendants in this case) will agree to engage Mr. Walter in the investigation,**

**DEFENDANTS VIDOCQ SOCIETY AND RICHARD WALTER'S REPLY IN SUPPORT OF MOTION TO QUASH PLAINTIFFS' SUBPOENA TO AMERICAN ACADEMY OF FORENSIC SCIENCES - 3**

**WOOD, SMITH, HENNING & BERMAN LLP**
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
971-256-4010

**paying for things like travel expenses and consulting fees." ECF No. 137, pg. 3, citing to fns. 6&7**

What Plaintiffs' Counsel has cited to support her assertion either does not support this assertion at all or actually states *the complete opposite* of what she has claimed. What Walter actually stated during his deposition that is included in Plaintiffs' Counsel's own Exhibit, is that if the *Vidocq Society likes what they hear*, the *Vidocq Society will engage law enforcement* in further dialogue (not that if law enforcement likes what they hear, law enforcement engages Vidocq Society as asserted by Plaintiffs' Counsel).[1]

Also, there is nothing in the sources Plaintiffs' Counsel cited that indicate law enforcement ever pays for "consulting fees"; in fact, Walter testified to Plaintiffs' Counsel's deposition questioning multiple times that the Vidocq Society is a pro-bono organization and that it was *Vidocq Society that pays for law enforcement's travel expenses* to come to Pennsylvania for the lunch meetings to present to them, not the other way around, and Plaintiffs' Counsel's own cites as well as the excepts we cite to corroborate this.[2]

- **Assertion: "Mr. Walter then uses his purported skills to sleuth and 'identify' the perpetrator." ECF No. 137, pg. 3, citing to fn. 8**

Mr. Walter's function is not to identify the perpetrator, rather, he assesses the crime and crime scene in order to opine as to the general type of killer law enforcement should be on the lookout for. Whether Plaintiff fit that profile type was law enforcement's own opinion, as Walter explained in Plaintiffs' own citation to Mr. Walter's deposition.[3]

*///      ///*

---

[1] **Decl. J. Puracal, ECF 138**, Ex. 6 248:22-249:15

[2] **Decl. J. Puracal, ECF 138**, Ex. 3 & Ex. 6, 259:19-260:9 and **Decl. AJR**, Ex. G 195:25-196:2 and 262:18-262:21.

[3] **Decl. J. Puracal, ECF 138**, Ex. 6, 259:19-260:9. (Plaintiffs also cited to 267:16-22 but did not include those pages in their Exhibits. We have provided those pages in **AJR Decl**. Ex. G.)

DEFENDANTS VIDOCQ SOCIETY AND RICHARD
WALTER'S REPLY IN SUPPORT OF MOTION TO QUASH
PLAINTIFFS' SUBPOENA TO AMERICAN ACADEMY OF
FORENSIC SCIENCES - 4

WOOD, SMITH, HENNING & BERMAN LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
971-256-4010

- **Assertion:"Mr. Walter's online biography for the 'Sherry Black Foundation' –another company that Mr. Walter created to market his talents to law enforcement—characterizes him as "an international expert on crime assessment, profiling, and risk evaluation" ECF No. 137, pg. 3, citing to fn. 9**

First, <u>Mr. Walter did not create the Sherry Black Foundation</u> and Plaintiffs' Counsel is well aware of this fact.

Plaintiffs' Counsel included in their Exhibit to support this factual assertion, biographies of Mr. Walter and others from the Sherry Black Foundation website, yet nowhere on this document does it state or even imply that he created the Foundation. However, a mere click on the "History" tab present on the Foundation's website immediately shows the reader that "The Sherry Black Foundation was created in 2017 by Heidi and Greg Miller…after the violent murder of Heidi's mother, Sherry" and then talks about how they developed symposiums that the foundation hosts and that Mr. Walter and Patrick Zirpoli are involved in.[4]

Second, as stated above, Plaintiffs' Counsel is well aware that Mr. Walter did not create the Sherry Black Foundation, given they asked multiple questions about it during Mr. Walter's Deposition and he'd explained that Sherry Black's Daughter, Heidi Miller, had created the foundation, and that Ms. Miller had asked Mr. Walter to become affiliated after it had been created to give lectures to law enforcement; as the matter of fact, Plaintiffs themselves included that portion of Mr. Walter's deposition in their Exhibit.[5]

Finally, the Sherry Black Foundation was created in 2017, <u>7 years after</u> Vidocq Defendants' limited involvement in the Freeman investigation and 6 years after Plaintiff McGuffin's conviction,

---

[4] https://sherryblackfoundation.org/history/

[5] **ECF.138**, **Decl. J. Puracal**, Exhibit 6, 192:8-193:25. *See also*, **Decl. AJR,** Ex. G, 195:20-196:2

**DEFENDANTS VIDOCQ SOCIETY AND RICHARD WALTER'S REPLY IN SUPPORT OF MOTION TO QUASH PLAINTIFFS' SUBPOENA TO AMERICAN ACADEMY OF FORENSIC SCIENCES - 5**

**WOOD, SMITH, HENNING & BERMAN LLP**
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
971-256-4010

which could not logically have played any role whatsoever in the subject matter of this case that occurred from 2000-2011.[6]

- **Assertion: "Mr. Walter, and the Vidocq Society, specifically rely on Mr. Walter's affiliation with the AAFS, generally, to bolster their credibility and, in this case, to suggest that the "profile" that Mr. Walter created, pointing to Mr. McGuffin as the killer, is legitimate rather than a fabrication as Plaintiffs allege." & "Mr. Walter has specifically used his affiliation with AAFS to create a supposed connection between his own work and the FBI, Scotland Yard, and high-profile cases." ECF 137, pg. 3-4, citing to fn. 10**

First, Mr. Walter's references to the AAFS during his deposition that Plaintiffs' Counsel cites came directly as a result of questions from Plaintiffs' Counsel themselves.

Furthermore, you will find that none of Plaintiffs' Counsels' citations to the half-dozen websites or articles written by other people even make any reference to Vidocq Defendants' affiliation with AAFS, with the exception of the Sherry Black Foundation biography of Mr. Walter that was created sometime after 2017 and well after any involvement in the Freeman case.

Finally, Plaintiffs' Counsel has actually "cited" to and expects this court to rely on a *Wikipedia page* –a website that no court, including this one, should ever find as authoritative or persuasive, as "the contents of Wikipedia pages are inherently unreliable" *Hudson v. Babilonia*, 192 F. Supp. 3d 274, 295 (D.Conn. 2016). Interestingly enough, Plaintiffs' Wikipedia page Exhibit was last edited on May 22, 2022, over 12 years after Vidocq Defendants' limited involvement in the Freeman investigation.[7]

- **Assertion: "It is also these types of proclamations—which Plaintiffs allege are fanciful— that led the ABC News television program "20/20" and the pubic to believe Mr. Walter and the other Defendants when they claimed on national television to have identified Mr. McGuffin as the perpetrator." ECF 137, pg. 4, citing to fn. 16**

---

[6] **Decl. AJR**, Ex. G, 195:11-195:15

[7] **ECF Doc. 137**, pg. 4, fn. 10 and **ECF 138**, Ex. 8.

DEFENDANTS VIDOCQ SOCIETY AND RICHARD
WALTER'S REPLY IN SUPPORT OF MOTION TO QUASH
PLAINTIFFS' SUBPOENA TO AMERICAN ACADEMY OF
FORENSIC SCIENCES - 6

WOOD, SMITH, HENNING & BERMAN LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
971-256-4010

Plaintiffs' Counsel's own assertion here is a "fanciful proclamation"— to assert that anything Vidocq Defendants said, did, or were associated with led to 20/20 and the public to believe that they identified McGuffin as the perpetrator is a clearly inaccurate statement in light of the wording of the very article they cite to themselves.  In Plaintiffs' Counsel's own Exhibit 2, the writer *concludes their article* by *asking* "Can they solve the mystery of who killed Leah?" Clearly 20/20 was not convinced anyone identified the perpetrator as their conclusion was to ask the question of whether they would **be able to** figure out **who** killed her.

- **Assertion: "The Defendants announced on national television that Mr. Walter and the Vidocq Society are experts who could use the "science of profiling to identify Leah Freeman's killer." ECF 137, pg. 4, citing to fn. 17**

Instead of citing any factual authority that this occurred, Plaintiffs' Counsel again cited to Plaintiffs' mere allegations contained in their First Amended Complaint, unsupported by any reliable source.

**B.      Vidocq Defendants have standing to move to quash a subpoena directed to a non-party when the requests involve information related to them.**

We agree with Plaintiffs' Counsel that  *Harbord v. Home Depot USA, Inc.,* holds that while the *general rule* is that a party has no standing to quash a subpoena directed at a non-party under FRCP 45, a party can have standing to move to quash if the documents being requested contains information for which the moving party has a claim of privilege, propriety interest, or personal interest in.  However, our agreement ends there.

Plaintiffs' Counsel argued in a footnote that Mr. Walter "has already waived any personal interest in AAFS's alleged investigation into Mr. Walter's misconduct in Drake by specifically testifying to that alleged investigation and outcome" .  This argument fails on three levels –First, Mr. Walter did not voluntarily waive any personal, privacy, or other interest when he was compelled to

**DEFENDANTS VIDOCQ SOCIETY AND RICHARD WALTER'S REPLY IN SUPPORT OF MOTION TO QUASH PLAINTIFFS' SUBPOENA TO AMERICAN ACADEMY OF FORENSIC SCIENCES - 7**

**WOOD, SMITH, HENNING & BERMAN LLP**
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
971-256-4010

answer Plaintiffs' Counsel's questions during his deposition pertaining to the Drake case, especially responses to questions that Mr. Walter's counsel objected to but for which Mr. Walter was still compelled to answer pursuant to the relaxed rules of conducting depositions.[8]

Furthermore, Mr. Walter's deposition was his personal deposition and specifically not that of a corporate designee on behalf of the Vidocq Society so he could not have waived any of the Vidocq Society's personal interests which are separate and individual from Mr. Walter.

Moreover, Vidocq Defendants' counsel made clear to Plaintiffs' Counsel that they would not object to requests "for AAFS's investigatory information and documentation related to [the Drake] case, information pertaining to the Freeman investigation itself, and/or any and all mention of the law enforcement agencies (or individuals) named parties to the suit."[9]  We also welcomed her to provide us with any other particular subject matter she believes to be relevant to narrow the scope of her subpoena, but were met with the response that essentially took the position that were entitled to any information that contradicts any of Mr. Walter's deposition testimony (even that which Mr. Walter's Counsel objected to but Mr. Walter was still required to answer pursuant to the relaxed rules for conducting depositions).[10] However, Plaintiffs' Counsel's subpoena does not specifically request information related to the Drake matter and, while the Drake subject may be included in such requests, the requests themselves reach *far beyond* the bounds of the Drake matter which neither the Vidocq Society nor Mr. Walter have waived and for which this motion to quash is directed.

A party has standing to object to the production of subpoena requests to a third party if the subpoena to the third party "seeks communications specifically involving or including him". *Holick*

---

[8] *See* **Decl. J. Puracal**, **ECF. 138**, Ex. 6 69:1-69:10. *See also*, **Decl. AJR**, Ex. G, 57:15-58:5; 140:3-141:11; and 140:24-153:16.

[9] **ECF Doc. 136, Ex. F, pg. 2.**

[10] **Id**.

**DEFENDANTS VIDOCQ SOCIETY AND RICHARD WALTER'S REPLY IN SUPPORT OF MOTION TO QUASH PLAINTIFFS' SUBPOENA TO AMERICAN ACADEMY OF FORENSIC SCIENCES - 8**

**WOOD, SMITH, HENNING & BERMAN LLP**
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
971-256-4010

*v. Burkhart,* 2017 WL 3723277 (D. Kansas 2017). In that case, Defendant argued Plaintiff lacked

standing to quash the subpoena requests because the subpoenas were directed at a non-party,

however, the *Holick* court held that Plaintiff had standing to object to the requests for

communications in which he was specifically named. *Id*, at 5.

Plaintiffs seek from AAFS the following:

1. **Any and all documents and electronically stored information in your case, custody, or control related to or reflecting Richard D. Walter and/or any business owned or affiliated with Richard D. Walter and/or Vidocq Society**. This requests **should include, but not be limited to**, all materials related to membership, promotion requests or acceptance, presentations, publications, service to AAFS, service to forensic science research/education/training, and letters of recommendation. The responsive records need not include invoices or payments of membership fees.

2. **Any and all** complaints, accusations, information, motions, investigative actions, notification, **notations, files, materials, reports, letters, emails, correspondence, notes, or other document related to Richard D. Walter and/or any business owned or affiliated with Richard D. Walter and/or Vidocq Society**. This request **should include, but not be limited to**, any such document related to any ethics complaint or accusation, whether founded or unfounded, resolved or unresolved, and regardless of whether a sanction was imposed.

3. Any and all documents and electronically stored information in your care, custody, or control related to or reflecting **any investigation or investigative action into Richard D. Walter and/or any business owned or affiliated with Richard D. Walter and/or Vidocq Society**. [11]

The Vidocq Defendants certainly have an inherent personal interest in the documents sought

from AAFS as Plaintiffs specifically name them in all three broad requests, seeking "any and all"

documents that either "reflect or relate to" both Vidocq Defendants "and/or any business owned or

affiliated with Richard D. Walter and/or Vidocq Society". See also *Greig v. Botros*, 2010 WL

3270102 (a subpoena to the University of Maryland seeking certain business records from them

relating to whether there was an adequate foundation for Dr. Rogers' opinions was an objection

belonging to the University of Maryland and/or Dr. Rogers as the documents at issue related to the

professional activities of Dr. Rogers). A number of courts have held that parties or nonparties

---

[11] **ECF 136, Ex. A**. (emph. added)

**DEFENDANTS VIDOCQ SOCIETY AND RICHARD WALTER'S REPLY IN SUPPORT OF MOTION TO QUASH PLAINTIFFS' SUBPOENA TO AMERICAN ACADEMY OF FORENSIC SCIENCES - 9**

**WOOD, SMITH, HENNING & BERMAN LLP**
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
971-256-4010

claiming privilege or personal right in the information subpoenaed from a non-party have standing to move to quash pursuant to Rule 45(d)(3)(A). *See Broadcort Capital Corp. v. Flagler Secs., Inc.*, 149 F.R.D. 626, 628 (D. Col. 1993)(holding that a nonparty movant had standing to move to quash a subpoena issued to another nonparty for telephone records based on the claim that the records were privileged); *9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure* §2459 (3d ed. 2008) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the party claims some personal right or privilege with respect to the documents sought."). *Oyenik v. Corizon Health Incorporated*, 2014 WL 12787872 (D. Ariz. November 20, 2014 *citing R. Rasad Indus.*, 2014 WL 2804276 at \*3))("Because Defendant claims a personal right in the documents and no contrary evidence has been provided, 'the Court assumes without deciding that, for purposes of this Order, [Defendant] has standing, in general, to move to quash the subpoena[s].'")

The Vidocq Defendants certainly have a personal interest in the records Plaintiffs are seeking from AAFS that specifically relate to Vidocq Defendants, which include "any and all documents and electronically stored information" that are "related to or reflect Vidocq Defendants which **include but are not limited to** complaints, accusations, information, correspondence, reports, ethics complaints <u>whether founded or unfounded</u>, resolved <u>or unresolved</u> and <u>regardless of whether sanction was imposed,</u> "and/or any business owned <u>or affiliated with</u> [Vidocq Defendants]" (emph. added).[12] The request is so broad that it encompasses every single document regardless of relevance that even mention the Vidocq Defendants, which inevitably includes information for which Vidocq Defendants have a clear personal privacy interest in, especially as it relates to professional investigations (including any current pending and unresolved or resolved but unfounded *accusations*

---

[12] **ECF 136**, Ex. A.

**DEFENDANTS VIDOCQ SOCIETY AND RICHARD WALTER'S REPLY IN SUPPORT OF MOTION TO QUASH PLAINTIFFS' SUBPOENA TO AMERICAN ACADEMY OF FORENSIC SCIENCES - 10**

**WOOD, SMITH, HENNING & BERMAN LLP**
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
971-256-4010

regardless of subject matter), professional ethics complaints, personal information, financial information, etc. limited **only** to exclude "invoices or payments of membership fees."[13]

For all the reasons enumerated above, the Vidocq Defendants have parallel standing with AAFS to move to quash the subpoena.

**C.    The specific requests at issue request irrelevant information and are not proportional to the needs of their case.**

Regardless of the veracity of Plaintiffs' Counsel's "factual" assertions, their requests are facially overbroad and their broad requests inevitably encompass a large swath of irrelevant information.  Furthermore, even if the court were to find they could bear *some* relevance, the requests are nowhere near proportional to the needs of their case. At the very least, Plaintiffs' requests should be limited in scope and time.

As written, the requests would encompass "all documents" over a 40+ year association with AAFS that would undoubtedly include information that in no way relate to the claims, defenses, and/or factual allegations in this case.  Plaintiffs contend their requests are relevant to what the Vidocq Society knew about Mr. Walter's misconduct in the Drake case and that Mr. Walter's deposition made it "evident that the Vidocq Defenants will attempt to rely on Mr. Walter's affiliation with AAFS to suggest that his colleagues at AAFS have cleared him of any wrongdoing in the Drake case" and that since the early 1970s, he submitted research papers to AAFS to earn his way toward a membership status as a "fellow".[14]

Furthermore, during the same correspondence Plaintiffs' Counsel cites, which was my

---

[13] Id.

[14] Plaintiffs also complain that they have not yet received any such letter from AAFS or evidence of an investigation by AAFS that "exonerates" Mr. Walter of what the Drake court found to be perjury based on "significant falsehoods." However, as of the writing of this motion, that information, along with a number of other responsive documents have been produced Plaintiffs' Counsel.

**DEFENDANTS VIDOCQ SOCIETY AND RICHARD**
**WALTER'S REPLY IN SUPPORT OF MOTION TO QUASH**
**PLAINTIFFS' SUBPOENA TO AMERICAN ACADEMY OF**
**FORENSIC SCIENCES - 11**

**WOOD, SMITH, HENNING & BERMAN LLP**
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
971-256-4010

conferral with Ms. Puracal, I requested that the subpoena requests be limited to a reasonable timeframe and specifically stated that we had no objection to specific requests for documentation from AAFS that related to the Drake matter, the Freeman investigation, reference to any of the law enforcement or individuals named as defendants in the matter.[15]  Despite this, Plaintiffs' counsel continues to contend that "Mr. Walter and Vidocq were retained for their purported expertise" and that "[r]ecords related to an expert's purported credentials are relevant, regardless of time period."[16]  However, again, Plaintiffs' Counsel's assertions fail on multiple levels.  First, that was not true that Vidocq Defendants were "retained" as already discussed previously.  Plaintiffs' information they seek is to essentially relitigate his credentials as an expert in the Drake case, but which is a red herring since the DA that prosecuted Mr. McGuffin's underlying criminal matter was aware of it and his awareness of the Drake matter resulted in his decision not to use him as a witness (expert or otherwise) and not to use any information that came from him, facts that Plaintiffs' Counsel continues to selectively ignore.[17]

Plaintiffs assert they are "entitled to pursue discovery of evidence that bears directly on Mr. Walter's efforts to bolster his credibility in this civil case, as well as in the underlying criminal case in which he held himself out as an expert upon whom law enforcement and the media could rely to identify Mr. McGuffin as the perpetrator", however, this argument fails factually and legally. As explained above and clear from discovery to-date, Plaintiffs have failed to cite any source to show either law enforcement or the media found Mr. Walter to be "an expert upon whom [they] could rely **to identify Mr. McGuffin** as the perpetrator", rather, Mr. Walter held himself out as an expert in the field of crime assessment wherein any opinion he formulates pertains as to what he believes to be a

---

[15] **ECF 136**, Ex. F.

[16] **Id**.

[17] **Id**, at Ex. C & D.

certain typology of person who was likely to have committed the offense based on the evidence presented to him, and not to identify any specific individual as the killer.

From a legal standpoint, despite relevance for discovery generally being construed very broadly, "the concept of relevance is not unlimited." *Averett v. Honda of Am. Mfg., Inc.*, No. 2:07-cv-1167, 2009 WL 799638, at *2 (S.D. Ohio March 24, 2009).

While a plaintiff "should not be denied access to information necessary to establish her claim," a plaintiff may not be "permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir.); see also *Gallagher v. Anthony*, No. 16-cv-00284, 2016 WL 2997599 at 1 (N.D. Ohio May 24, 2016)(""[D]istrict courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce.")

To satisfy the discoverability standard, the information sought must have more than minimal relevance to the claims or defenses. *Vaigasi v. Mgmt. Corp.*, No. 11 Civ. 5088, 2016 WL 616386, at *7 (S.D.N.Y. Feb 16, 2016). *See also Jenkins v. Pech*, No. 8:14CV41, 20-15 WL 728305, at *4 (D. Neb. Feb. 19, 2015)(minimal relevance insufficient to support issuance of subpoena) and *VHT, Inc. v. Zillow Grp., Inc.*, No. C15-1096JLR, 2016 WL 7077235, at *1 (W.D. Wash. Sept. 8, 2016)(information that is "negligibly relevant [or] minimally important in resolving issues" does not satisfy the standard). Likewise, Plaintiffs' requests do not satisfy the standard, as they are largely so overbroad it is impossible to even predict how relevant or irrelevant some of them would be.

The subpoena requests in this case do not differ much from those in *Oyenik v. Corizon Health Incorporated* where a Plaintiff's subpoena to a non-party requested a "complete copy of any documents and/or electronically stored information pertaining to any contracts between [Defendant] Corizon and ADOC." *Oyenik*, 2014 WL 12787872 (D. Arizona 2014) at *2. In Oyenik, the non-

DEFENDANTS VIDOCQ SOCIETY AND RICHARD
WALTER'S REPLY IN SUPPORT OF MOTION TO QUASH
PLAINTIFFS' SUBPOENA TO AMERICAN ACADEMY OF
FORENSIC SCIENCES - 13

WOOD, SMITH, HENNING & BERMAN LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
971-256-4010

party had not objected to Plaintiff's subpoena, but Defendant did, as Plaintiff sought information specifically related to its contracts with the non-party and the court found they had standing to move to quash.  Furthermore, the court also held:

> "…[b]ecause Plaintiff requests *all* documents and electronically stored information related to *any* contract between Defendant and ADOC, the subpoena is overbroad on its face. Because Plaintiff has not limited his subpoena to certain categories of documents, the Court finds that Plaintiff is trying to engage in a "fishing expedition". Therefore, the Court will quash Plaintiff's subpoena to ADOC because it is overbroad and requests irrelevant information." Id. citing *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004)("District courts need not condone the use of discovery to engage in 'fishing expeditions'"); *Lewin v. Nackard Bottling Co.*, 2010 WL 4607402, at *1 (D. Ariz. Nov. 4, 2010)(finding that a subpoena requesting a party's entire personal file from five former employers was a "fishing expedition" and should have been limited to "certain categories of documents"); and *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637-38 (C.D. Cal. 2005)(quashing subpoena because it requested overbroad and irrelevant documents). Id.

Plaintiffs' requests are the definition of overbroad and nothing more than what multiple courts have characterized as a "fishing expedition". They request documents for a timeframe encompassing from 40+ years ago to present that merely mention any of the Vidocq Defendants, which would include documents for anyone that was ever even a member of the Vidocq Society regardless of timeframe or involvement in the subject matter of this litigation, and are not reasonably tailored to discover information relevant to what Plaintiffs' Counsel claims to be the purpose for such. These requests include information far beyond the end of Vidocq Society's involvement which could not possibly have played any part in the decision of law enforcement to reach out to Vidocq Society or allegedly "rely" on them for the purposes of the Freeman investigation and is wholly irrelevant unless it specifically pertains to comments they have made about the Freeman investigation, co-defendants, or Plaintiff McGuffin and should therefore be quashed.

**DEFENDANTS VIDOCQ SOCIETY AND RICHARD WALTER'S REPLY IN SUPPORT OF MOTION TO QUASH PLAINTIFFS' SUBPOENA TO AMERICAN ACADEMY OF FORENSIC SCIENCES - 14**

**WOOD, SMITH, HENNING & BERMAN LLP**
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
971-256-4010

## CONCLUSION

In summary, Vidocq Defendants have standing to move to quash the subpoena to AAFS because Plaintiffs seek documents from a non-party in which Vidocq Defendants have a clear personal, privacy, and/or privilege for. Furthermore, the requests contained in Plaintiffs' subpoena to AAFS are facially overbroad and not reasonably calculated to lead to admissible evidence and for these reasons, Vidocq Defendants respectfully requests this court grant their motion to quash Plaintiffs' subpoena duces tecum to AAFS.

DATED this 10th day of January, 2023.

By: _____*s/ Amanda J. Rockett*_____
Graham B. Miller, OSB No. 161424
Karin L. Schaffer, OSB No. 123387
Amanda J. Rockett, OSB No. 052401
Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971-256-4010
Facsimile: 971-275-1928

*Attorneys for Defendants Vidocq Society and Richard Walter*

DEFENDANTS VIDOCQ SOCIETY AND RICHARD
WALTER'S REPLY IN SUPPORT OF MOTION TO QUASH
PLAINTIFFS' SUBPOENA TO AMERICAN ACADEMY OF
FORENSIC SCIENCES - 15

WOOD, SMITH, HENNING & BERMAN LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
971-256-4010

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1 and Exhibit "F" attached to Defendants' Motion, I hereby certify that on December 6, 2022 through December 12, 2022, I, counsel for the moving party, conferred with opposing counsel in a good faith effort to resolve the issues raised by this motion. The parties were unable to resolve the issues raised in this motion because I attempted to confer with Plaintiffs' Counsel to tailor and limit their subpoena to a more specific time period and to information specifically relevant to the issues in this matter; however, Plaintiffs' Counsel continues to hold the position that her clients are entitled to any and all documents in possession of AAFS "reflecting or relating to" either of our clients without limitation as to subject matter (other than invoicing and membership payments) and going back over 40 years. For these reasons, Vidocq Defendants feel they had no choice but to file a Motion to Quash.

DATED this 10th day of January, 2023

By:      *s/ Amanda J. Rockett*
Graham B. Miller, OSB No. 161424
Karin L. Schaffer, OSB No. 123387
Amanda J. Rockett, OSB No. 052401
Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971-256-4010
Facsimile: 971-275-1928

*Attorneys for Defendants Vidocq Society and Richard Walter*

**DEFENDANTS VIDOCQ SOCIETY AND RICHARD WALTER'S REPLY IN SUPPORT OF MOTION TO QUASH PLAINTIFFS' SUBPOENA TO AMERICAN ACADEMY OF FORENSIC SCIENCES - 16**

**WOOD, SMITH, HENNING & BERMAN LLP**
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
971-256-4010

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the undersigned is a citizen of the United States and a resident of the State of Oregon, living in said state, over the age of eighteen (18) years, not a party to, and competent to be a witness in this action; that on this date the undersigned caused to be served on counsel of record as shown below, in the manner indicated, a true and correct copy of the foregoing document.

Andrew C. Lauersdorf
Janis C. Puracal
Christine A. Webb
Maloney Lauersdorf & Reiner, PC
1111 E. Burnside Street, Suite 300
Portland, OR 97214
acl@mlrlegalteam.com
jcp@mlrlegalteam.com
caw@mlrlegalteam.com

(X) *Via CM/ECF Filing*

*Of Attorneys For Plaintiff*

David B. Owens
Loevy & Loevy
311 N Aberdeen Street
Ste 3rd Floor
Chicago, IL 60607
David@loevy.com

(X) *Via CM/ECF Filing*

*Of Attorneys For Plaintiff*

Robert E. Franz, Jr.
Sarah Henderson
Law Office of Robert E. Franz, Jr.
P.O. Box 62
Springfield, OR 97477
rfranz@franzlaw.comcastbiz.net
shenderson@franzlaw.comcastbiz.net

(X) *Via CM/ECF Filing*

*Of Attorneys for Defendants City of Coos Bay, City of Coquille, Coos County, Chris Webley, Craig Zanni, Eric Schwenninger, Kris Karcher, Mark Dannels, Pat Downing, Raymond McNeely, Sean Sanborn, Anthony Wetmore, David Zavala, Kip Oswald, Michael Reaves*

Jesse B. Davis
Todd Marshall
Department of Justice
100 SW Market Street
Portland, OR 97201
jesse.b.davis@doj.state.or.us
todd.marshall@doj.state.or.us

(X) *Via CM/ECF Filing*

*Of Attorneys for Oregon State Police, Susan Hormann, Mary Krings, John Riddle, and Kathy Wilcox*

DATED this 10th day of January, 2023.

27134689.1:05472-0677

 *s/ Lindsey Stanton*
Lindsey Stanton, Legal Assistant
lstanton@wshblaw.com

**DEFENDANTS VIDOCQ SOCIETY AND RICHARD WALTER'S REPLY IN SUPPORT OF MOTION TO QUASH PLAINTIFFS' SUBPOENA TO AMERICAN ACADEMY OF FORENSIC SCIENCES - 17**

**WOOD, SMITH, HENNING & BERMAN LLP**
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
971-256-4010