**Robert E. Franz, Jr.**    OSB #730915
E-Mail:  rfranz@franzlaw.comcastbiz.net
**Sarah R. Henderson**    OSB #153474
E-Mail:  shenderson@franzlaw.comcastbiz.net
LAW OFFICE OF ROBERT E. FRANZ, JR.
P.O. Box 62
Springfield, OR  97477
Telephone:  (541) 741-8220
  Attorneys for Mark Dannels, Pat Downing, Kris Karcher, Shelly McInnes,
  Raymond McNeely, Kip Oswald, Michael Reeves, Sean Sanborn, Eric
  Schwenninger, Chris Webley, Anthony Wetmore, Craig Zanni, David Zavala,
  City of Coquille, City of Coos Bay, Coos County, Oregon,
  and Estate of David Hall

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

Nicholas James McGuffin,
as an individual and as guardian
*ad litem*, on behalf of S.M., a minor,

      Plaintiffs,

    v.

Mark Dannels, Pat Downing, Susan
Hormann, Mary Krings, Kris Karcher,
Shelly Mcinnes, Raymond Mcneely,
Kip Oswald, Michael Reaves, John
Riddle, Sean Sanborn, Eric
Schwenninger, Richard Walter,
Chris Webley, Anthony Wetmore,
Kathy Wilcox, Craig Zanni, David
Zavala, Joel D. Shapiro as
Administrator of the Estate of
David E Hall, Vidocq Society,
City of Coquille, City of Coos Bay,
and Coos County,

      Defendants.

Case No. 6:20-cv-01163-MK

**Answer to Plaintiff's Second
Amended Complaint**
by Defendants Dannels, Downing,
Karcher, McInnes, McNeely, Oswald,
Reeves, Sanborn, Schwenninger,
Webley, Wetmore, Zanni, Zavala,
City of Coquille, City of Coos Bay,
Coos County, and Estate of David
Hall

**Demand for Jury Trial**

COME NOW Defendants Mark Dannels, Pat Downing, Kris Karcher, Shelly McInnes, Raymond McNeely, Kip Oswald, Michael Reeves, Sean Sanborn, Eric Schwenninger, Chris Webley, Anthony Wetmore, Craig Zanni, David Zavala, Joel D. Shapiro as Administrator of the Estate of David E. Hall, City of Coquille, City of Coos Bay, and Coos County, Oregon, by and through their attorneys, the Law Office of Robert E. Franz, Jr., and for answer to Plaintiffs' Second Amended Complaint filed on January 27, 2023, hereby allege as follows:

1.

These Answering Defendants admit that Defendant City of Coquille and the City of Coos Bay are Municipal Corporations and public bodies organized and existing under the laws of the State of Oregon; that Coos County is a political subdivision of the State of Oregon and a public body organized and existing under the laws of the State of Oregon; that at periods of times over the past 23 years Defendants Dannels, Hall, McInnes, McNeely, Reaves, Sanborn, Webley, and Zavala have been employed by the City of Coquille; that at periods of times over the past 23 years, Defendants Downing, Karcher, Oswald, and Zanni have been employed by Defendant Coos County; and that at periods of times over the past 23 years, Defendants Schwenninger and Wetmore have been employed by the City of Coos Bay.

2.

These Answering Defendants also admit Paragraphs 5., 21., 28. of the Plaintiffs' Second Amended Complaint; and admit that Plaintiff Nicholas McGuffin was indicted by a Grand Jury for Murder; that Defendants Reaves and Dannels were at separate times the Chief of Police of the Coquille Police Department; that Defendant Zanni was at one time the Sheriff of Coos County; and that Plaintiff Nicholas McGuffin was convicted by a jury after a full and fair trial for manslaughter.

Page 2 of 23 – Answer to Plaintiffs' Second Amended Complaint

3.

FRCP 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs' Second Amended Complaint fails to do so, and sets forth 48 pages of evidence, opinions, legal conclusions, false facts, and pages of irrelevant and fictional facts. Defendants are entitled to a dismissal of Plaintiffs' Second Amended Complaint for their failure to comply with FRCP 8.

4.

While the information to properly admit or deny the factual allegations set forth in the Second Amended Complaint may be available to the Defendants after full discovery, including depositions, Defendants cannot truthfully respond to such allegations without full discovery. Therefore, at this time, Defendants deny each and every allegation of Plaintiffs' Second Amended Complaint except as admitted in Paragraphs 1. and 2. above; and except as admitted in any affirmative defense, for the reasons that Plaintiffs have failed to comply with FRCP 8 in the pleading of their Second Amended Complaint; or for the reasons that the allegations are an improper pleading of evidence; or that the allegations are not true; or that the allegations are improper opinions and conclusions of law; or for the reason that as of this date, Defendants do not have sufficient information to form a belief as to the truth or falsity of the allegations; and therefore, must deny them at this time.

• • • • • • • • • • •

FOR THEIR FIRST, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

5.

Plaintiffs' claims, or portions thereof, are barred by the doctrines of *res judicata*, claim preclusion, issue preclusion, and/or collateral estoppel in that the decisions rendered by the Malheur County Circuit Court on Plaintiff's Petition for

Post-Conviction Relief, as well as all pre-trial decisions made by the Coos County Circuit Court in Plaintiff Nicholas McGuffin's criminal case are binding upon the Plaintiffs as valid and lawful, and cannot now be challenged in this Court in this action; therefore, all claims or portions thereof relying upon those already determined facts and conclusion of law are barred.

• • • • • • • • • • •

FOR THEIR SECOND, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

6.

Plaintiffs' claims or portions thereof are barred by the statute of limitations, the doctrine of laches, and the statute of ultimate repose or other statutes, rules, or laws which limit or prescribe the time in which Plaintiffs had to file and serve a complaint, summons, or lawsuit; contest; or present the issues raised in their complaints on file herein.

• • • • • • • • • • •

FOR THEIR THIRD, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

7.

Plaintiffs' state claims are based upon Defendants' performance of or the failure to exercise or perform a discretionary function or duty; therefore, Defendants are immune from liability.

• • • • • • • • • • •

FOR THEIR FOURTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

8.

Defendants are absolutely immune from liability for any statements made as witnesses in all judicial proceedings based upon the doctrine of witness immunity.

• • • • • • • • • • • •

FOR THEIR FIFTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

9.

Plaintiffs' claims as alleged resulted from an act or omission of an officer, employee or agent of a public body, when such officer, employee or agent was immune from liability; therefore, the City of Coquille, the City of Coos Bay, and Coos County are immune from liability on such claims.

• • • • • • • • • • • •

FOR THEIR SIXTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

10.

On August 23, 2010, the Grand Jury for the County of Coos filed an Indictment against Plaintiff Nicholas McGuffin charging him with Murder based upon the testimony of 82 witnesses.  It was the Grand Jury, not the Defendants, that issued the indictment charging and accusing Plaintiff McGuffin of Murder. The indictment was fair on its face, and duly issued. Therefore, as a matter of law, there was probable cause for the arrest, detention, and prosecution of Plaintiff McGuffin on all of his claims.

• • • • • • • • • • • •

FOR THEIR SEVENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

11.

As to Plaintiffs' state claims, because the Plaintiffs, and each of them, failed to give a timely tort claim notice to Defendants as to each claim as required by the Oregon Tort Claims Act, Plaintiffs' state law claims are barred.

• • • • • • • • • • •

FOR THEIR EIGHTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

12.

To the extent Plaintiffs suffered any damages at all, Plaintiff Nicholas McGuffin failed to take reasonable steps to mitigate his damages, and/or he unreasonably enhanced his damages by his conduct and the statements he made to the press, the public, and to other people.

• • • • • • • • • • •

FOR THEIR NINTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

13.

At all material times, the conduct of these Answering Defendants did not violate clearly established statutory or constitutional rights which a reasonable person would have known; and their conduct was objectively reasonable as measured by reference to clearly established law; therefore, these Answering Defendants are entitled to immunity pursuant to the doctrine of qualified immunity.

• • • • • • • • • • •

FOR THEIR TENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

14.

Plaintiffs' claims should be reduced or barred because the cause of Plaintiff Nicholas McGuffin's arrest, prosecution, conviction, damages, and injuries referred to in his Second Amended Complaint on file herein were caused by his own fault and conduct in one or more of the following particulars:

(1) In failing to testify at his criminal trial leading one to believe he was guilty of the death of Leah Freeman, and meaning that he did not provide the jury with the information he now claims would have freed him from his conviction, arrest, prosecution, and damages;

(2) In failing to testify at the first grand jury leading one to believe he was guilty of the death of Leah Freeman, and meaning that he did not provide the first grand jury with the information he now claims would have freed him from his conviction, arrest, prosecution, and damages;

(3) In failing to testify at the second grand jury leading one to believe he was guilty of the death of Leah Freeman, and meaning that he did not provide the second grand jury with the information he now claims would have freed him from his conviction, arrest, prosecution, and damages;

(4) In failing to cooperate with law enforcement and give law enforcement information that he now claims proves him innocent and in failing to give information to the police to help the police find Leah Freeman or her killer when he claimed that he loved and cared for Leah Freeman and wanted to find her;

(5) In obtaining attorneys and using the attorneys to prevent law enforcement to question him and obtain information that he now claims proves him innocent;

(6) In failing to submit to second polygraph examination to prove his innocence, such failure adding to the evidence that he was guilty in the death of

Page 7 of 23 – Answer to Plaintiffs' Second Amended Complaint

Leah Freeman, knowing that law enforcement had told him that if he passed the polygraph examination, he would be cleared of any wrongdoing;

(7) In providing false, inaccurate, and misleading information to law enforcement;

(8) In pursuing, stalking, and having sex with young women and girls under the age of 18, in such a manner and method that it alarmed the parents of the young girls, which resulted in people and law enforcement in believing him a predator of women and a suspect in the death of Leah Freeman;

(9) In sexually harassing women at work, including girls under the age of 18, in such a manner and method, and contrary to the instructions of the parents, which resulted in people and law enforcement in believing him a predator and a suspect in the death of Leah Freeman even up to this very day;

(10) In mentally and physically abusing young women to such an extent that they physically struck back and hit him, resulting in him hitting them back and him using force upon the women in such a manner that such acts were and are consistent with him doing the same thing to Leah Freeman causing him to be a suspect in the death of Leah Freeman;

(11) In attempting to have sex with an 18-year-old woman within 3 to 4 hours after Leah Freeman disappeared showing that he really did not care about Leah Freeman or have any concerns about Leah and showing that he already knew Leah Freeman was dead when such evidence resulted in his conviction and resulted in people and law enforcement to consider him a predator of women and a suspect in the death of Leah Freeman;

(12) In having sex with a 16-year-old girl, two weeks after Leah's body was found showing that he really did not care about Leah Freeman or have any concerns about Leah when such evidence resulted in his conviction and resulted in

people and law enforcement to consider him a predator of women and a suspect in the death of Leah Freeman;

(13) In providing alcohol to women under the age of 21 in order to have sex with them and control them just as he did with Leah Freeman which is consistent with him being a suspect in the death of Leah Freeman;

(14) In threating witnesses that testified against him in grand jury to shut them up which led law enforcement and others to believe he was involved in the death of Leah Freeman;

(15) In doing acts contrary to what a person would do if they loved Leah Freeman, making him a suspect in the death of Leah Freeman;

(16) In exchanging nude photographs with a young woman to further his reputation as a predator against young women, such conduct making him a suspect in the death of Leah Freeman even up to this day;

(17) In continuing to act as a sexual predator at work forcing women employees to leave their jobs which has resulted in him continuing to be a suspect in the death of Leah Freeman;

(18) In failing to obtain and/or preserve all surveillance videos, the bank video, ATM records, and/or other favorable evidence in the possession of third parties that he now complains he should have been given, and/or had his attorneys and investigators obtain such videos and evidence when at the time he had hired the attorneys and investigators for the very purpose of obtaining such evidence and when he, his attorneys, and his investigators had the same access and opportunities and/or better access and opportunities to gather the same or more evidence as the police because Plaintiff Nicolas McGuffin was cooperating with his attorneys and investigators but not with police and all of the third parties would have given them the information requested;

(19) In failing to obtain, copy, and/or keep evidence that was exculpatory and materially favorable to Plaintiffs if in fact there was any such evidence;

(20) In telling witnesses to keep their mouth shut;

(21) In making threats to witnesses that would not keep their mouth shut;

(22) In instructing witnesses to lie about the times they were with Plaintiff McGuffin;

(23) In instructing witnesses what to say to the Police;

(24) In making statements to others such as "I strangled that bitch and I'll strangle you, too." "I strangled that bitch. It wouldn't be much harder to do you." "I've killed before and I'll kill again." "I ain't afraid to kill you." "He can picture her laying there and her head sitting on a rock and there was nothing he could do about. And there was nothing he could do."

(25) In making statements to others that he knew who killed Leah Freeman, and it wasn't him;

(26) In running people off the road and in becoming violent against people who dated his girlfriends, including Megan Edgerton, to such an extent that such conduct was consistent with him causing the death of Leah Freeman because he thought she was cheating on him;

(27) In adopting the statement by his brother to the effect: "Wayne looked at his brother and addressed him and the room that, "Oh, they won't find anything from that shoe. It was put there to make them think she was up there.";

(28) In failing to interview witnesses and obtain testimony from witnesses, and present that testimony, by himself or through his attorneys and investigators, to the grand juries or trial jury if in fact any favorable testimony ever existed, especially when he had better access to those witnesses than the police because some of the witnesses were his fellow drug users and dealers;

(29) In being arrested for crimes relating to his stalking of young girls at their homes and schools, such conduct consistent with a person that would cause harm to Leah Freeman and being consistent with being a suspect in the death of Leah Freeman;

(30) In agreeing not to change venue of the criminal trial in light of the fact that Plaintiff Nicholas McGuffin alleged that he could not get a fair trial in Coos County.

(31) In failing to get competent attorneys to defend him;

(32) In failing to bring a lawsuit against his criminal attorneys to collect money for their malpractice as outlined in the Post-Conviction General Judgment.

(33) In Stipulating to the DNA evidence coming into evidence at the criminal trial.

(34) In failing to raise all the issues that Plaintiffs are now raising in this lawsuit in the criminal trial of Plaintiff Nicholas McGuffin so that they could have been decided at that time, including the *Brady* issues, and the fabrication and destruction of evidence issues, if in fact there are truly any such issues;

(35) In failing to investigate or have his attorneys and investigators investigate for exculpatory information and evidence to use at trial.

(36) In failing to read or have his attorneys read all of the information relating to DNA given to him in the criminal trial proceedings and then hire the appropriate experts and have them testify at trial.

(37) In failing the first polygraph examination given to him because he failed to tell the truth.

(38) In failing to request and offer into evidence DNA evidence at or before the trial.

(39) In failing to effectively challenge the State's investigation regarding a witness, Mr. Backman, at or before the criminal trial.

(40) In failing to assert a *Brady* discovery violation at or before the criminal trial involving DNA evidence detected on Leah Freeman's shoes by the State of Oregon.

• • • • • • • • • • • •

FOR THEIR ELEVENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

15.

This Court lacks jurisdiction over the subject matter of Plaintiffs' Second Amended Complaint pursuant to the *Rooker-Feldman* jurisdictional doctrine in that the Plaintiffs in this Court cannot overrule the decisions of the Malheur County Circuit Court on Plaintiff's Petition for Post-Conviction Relief, and cannot overrule the pre-trial decisions made by the Coos County Circuit Court in Plaintiff Nicholas McGuffin's criminal case.

• • • • • • • • • • • •

FOR THEIR TWELFTH FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

16.

The City of Coquille, the City of Coos Bay, and Coos County are public bodies which as a matter of law cannot have unconstitutional policies because they are created by statute and cannot make policies or laws that are unconstitutional or illegal and are not capable of acting illegally and unconstitutionally. Therefore, any acts or decisions by any person that attempts to create an illegal policy or unconstitutional policy for the City of Coquille, the City of Coos Bay, and Coos County are void and not binding on these public bodies as they would have been

done contrary to their authority, meaning that these public bodies cannot be held liable to the Plaintiffs for any such policies.

• • • • • • • • • • • •

FOR THEIR THIRTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

17.

At all times mentioned herein, there was probable cause to arrest, detain, and prosecute the Plaintiff Nicholas McGuffin for all charges, violations, and crimes for which he was arrested and convicted, and/or there was probable cause to arrest the Plaintiff for all charges, violations, and crimes for which he could have been arrested and convicted and any stops of the Plaintiff McGuffin were based upon reasonable suspicion.

• • • • • • • • • • • •

FOR THEIR FOURTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

18.

The arrest of Plaintiff Nicholas McGuffin was made pursuant to a legally issued warrant by people other than the Defendants for the arrest of Nicholas McGuffin, dated August 23, 2010, said warrant being valid or fair on its face; therefore, the arrest and detention of the Nicholas McGuffin was privileged and lawful, and Defendants cannot be held liable for damages to the Plaintiffs in this matter.

• • • • • • • • • • • •

FOR THEIR FIFTHTEENTH, FURTHER AND SEPARATE ANSWER
BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING
DEFENDANTS allege:

19.

S. M. lacks any standing to assert any of the claims she has attempted to
allege in the Second Amended Complaint because she was not even alive at the
times set forth in the Second Amended Complaint; because none of the
Defendants even knew who she was; and because none of the Defendants ever had
any contact with her, and one cannot intend to cause harm to another if they do not
even know of the other's existence.

• • • • • • • • • • •

FOR THEIR SIXTEENTH, FURTHER AND SEPARATE ANSWER BY
WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS
allege:

20.

At all times material herein, the Plaintiffs had the duty to avoid or mitigate
the harm alleged in their Second Amended Complaint, and they had the duty to use
such means as were reasonable under the circumstances to avoid or minimize the
damages they now complain.  In this case, the Plaintiffs have failed to act with
reasonable care by testifying at the grand juries or by testifying at trial, or in going
to the District Attorney and talk to him or provide the District Attorney with
information to help the District Attorney find the killer of Leah Freeman;
therefore, their claims are barred.

• • • • • • • • • • •

FOR THEIR SEVENTEETH, FURTHER AND SEPARATE ANSWER BY
WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS
allege:

21.

The Oregon Tort Claims Act and the statutory laws of the State of Oregon provide Plaintiffs with proper due process of law for the claims and damages set forth in their Second Amended Complaint, and provide an adequate remedy for their claims; therefore, the Plaintiffs have not been denied due process of law and cannot maintain an action based upon 42 U.S.C. § 1983.

• • • • • • • • • • •

FOR THEIR EIGHTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

22.

The Due Process Clause is not implicated by any acts of law enforcement that created an unintended loss of or injury to life, liberty, or property; therefore, Plaintiffs have no Due Process Claims if in fact there was an unintended injury in this case caused by law enforcement.

• • • • • • • • • • •

FOR THEIR NINETEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

23.

In this action, at all times, Plaintiff Nicholas McGuffin was provided Due Process and a fair trial.  His damages resulted from his failure to take advantage of the Due Process offered, such as testifying at both grand juries and trial; asking for copies of evidence; taking another polygraph, and presenting witnesses and evidence at trial.  Not once did Plaintiff take the stand in any grand jury or trial proceeding and testify that the evidence and testimony presented to the grand juries and trial jury was false, misleading, or inaccurate.  Plaintiff's failure to use

Page 15 of 23 – Answer to Plaintiffs' Second Amended Complaint

the due process afforded to him does not amount to a denial of Due Process; therefore, all of his Due Process claims are barred.

• • • • • • • • • • •

FOR THEIR TWENTYTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

24.

Plaintiffs are not entitled to a "a trial by jury of twelve."

• • • • • • • • • • •

FOR THEIR TWENTY-FIRST, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

25.

Plaintiff Nicholas McGuffin's damages, including his suicide attempts and any mental anguish, humiliation, degradation, physical and emotional pain and suffering and loss of reputation have not resulted from any conduct of the Defendants; rather, such damages have resulted from his conduct as set forth Paragraph 14. above.  In addition, such damages have resulted from him being arrested, put in jail, prosecuted, and charged with crimes related to his stalking of a 17-year-old girl at her home and at her high school; from having his employer being sued for his continued abuse and harassment of women at his places of work, including exchanging nude photos with an underage woman employee at his current job; from his continued physical altercations with the mothers of his children, and the parents of those mothers; from his mental and physical altercations and sexual misconduct with women, some under the age of 18, over the past 23 years; from a restraining order entered against him to prevent him from stalking and having contract with a girl under the age of 18; from altercations with

the parents of the underage girls he stalks and the threats those parents have made against him; and from his interaction with the police, other than the Defendants; and from his altercations with other men who have dated his girlfriends.

• • • • • • • • • • •

FOR THEIR TWENTY-SECOND, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

26.

At all material times, Defendants had the right pursuant to the First Amendment of the United States Constitution to express their views and opinions and possibilities about the criminal investigation as part of their job and as a matter of public concern so that they could enforce the laws and catch the person that killed Leah Freeman; therefore, they cannot be held liable for any damages resulting from any claimed defamation in this case, especially, in light of the fact that Plaintiff Nicholas McGuffin made himself a public figure.

• • • • • • • • • • •

FOR THEIR TWENTY-THIRD, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

27.

Any statements made by Defendants were absolutely privileged since they were made within the scope and course of their employment, or made in grand jury, or made at trial; therefore, Defendants are not liable to Plaintiffs for damages relating to statements made by the Defendants.

• • • • • • • • • • •

FOR THEIR TWENTY-FOURTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

28.

All or a portion of the damages suffered by Plaintiffs resulted from their own publication of the statements set forth in their Second Amended Complaint on file herein from 2000 to today, and Plaintiffs continue to publish all of the contents of the Second Amended Complaint, and/or Plaintiffs' damages resulted from the publication of such statements made with their consent, implied or expressed; therefore, Plaintiffs cannot recover damages from Defendants to the extent that such damages resulted from any publication made by Plaintiffs or with their expressed or implied consent.

• • • • • • • • • • •

FOR THEIR TWENTY-FIFTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

29.

At all times mentioned herein, the individual Defendants were acting within the scope and course of their employment with the public bodies that employed them; and therefore, Plaintiffs' exclusive remedy on their state-law claims are limited to an action against the public body that employed them.

• • • • • • • • • • •

FOR THEIR TWENTY-SIXTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

30.

The Defendants that did not testify at the criminal trial of Plaintiff Nicholas McGuffin cannot be held liable to the Plaintiffs as there is no causation relating to them and the Plaintiff's conviction.

• • • • • • • • • • •

FOR THEIR TWENTY-SEVENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

31.

On Plaintiffs' state claims, Plaintiffs are only entitled to damages as set forth in the Oregon Tort Claims Act and they are limited in the amount and the kind of damages set forth in the Oregon Tort Claims Act.

• • • • • • • • • • •

FOR THEIR TWENTY-EIGHTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

32.

The Plaintiffs' claims are based upon witnesses that are no longer alive and witnesses whose memories are gone.  The lack of these witnesses deprives the Defendants of Due Process and a fair trial.  Therefore, this action must be dismissed.

• • • • • • • • • • •

FOR THEIR TWENTY-NINTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

33.

To the extent that any of the Defendants prosecuted Plaintiff Nicholas McGuffin, they are entitled to prosecutorial immunity.

• • • • • • • • • • •

FOR THEIR THIRTIETH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

34.

Any initiation or continuation of the proceedings referred to in Plaintiffs' Second Amended Complaint on file herein were done solely by the State of Oregon, and the District Attorney for Coos County, at their discretion and without any influence from the Defendants, who in good faith provided information to the State of Oregon and the District Attorney pursuant to the request and questions from the State of Oregon and the District Attorney; therefore, these answering Defendants cannot be held liable for any prosecution of the Plaintiff Nicholas McGuffin.

• • • • • • • • • • •

FOR THEIR THIRTY-FIRST, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

35.

The claims set forth in Plaintiffs' Second Amended Complaint fail to state sufficient facts upon which relief can be granted against each defendant and fails to state sufficient facts to constitute any claim against each defendant.  In addition, said amended complaint asserts damages not recoverable under the alleged legal theory, or not recognized to be recoverable under the law.

• • • • • • • • • • • •

FOR THEIR THIRTY-SECOND, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

36.

The only claims that can be made in this case by the Plaintiffs are those upon which the conviction was set aside as expressly set forth in the decision of the Post-Conviction Judgment; namely, (1) a claim based upon ineffective assistance of trial counsel, based on McGuffin's trial attorneys' failure to request and offer into evidence DNA evidence; (2) a claim based upon ineffective assistance of trial counsel failure to effectively challenge the State's investigation regarding a witness, Mr. Backman; and (3), a claim based upon a *Brady* discovery violation involving DNA evidence detected on Leah Freeman's shoes by the State of Oregon.  All other claims must be dismissed.

• • • • • • • • • • • •

FOR THEIR THIRTY-THIRD, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

37.

Plaintiff Nicholas McGuffin's contention that he was in fact found innocent of the crime for which he was convicted is false and is inadmissible, as his claim for a finding of actual innocence was denied and such denial is binding on him. As found by the Post-Conviction Court:

I. Claim: Actual Innocence (Paragraph 7) is denied based on petitioner's failure to establish the merits of the claim. The legal basis for denial of relief is failure to establish the factual and legal merits of the claim.

a. Without deciding whether "actual innocence is cognizable at Oregon law in a PCR proceeding, in this case, Petitioner has not shown, based on newly discovered and reliable evidence it is more likely than not that no reasonable juror could have found petitioner guilty beyond a reasonable doubt as articulate in Reeves v. Nooth, 294 Or. App. 711(2018). He can show that had certain evidence been presented at trial, the is a reasonable possibility that the outcome would have been difference, as is therefore entitled to relief on other grounds, as stated below. Stevens v State 322 Or. 101 (1995) as quoted in Ogle at 355.

b. The testimony of DA Frasier which summarized his theory of the case, summarizes the evidence from which a jury could find defendant committed the crime. This is a concise summary of evidence from which a jury could find the defendant guilty.
* * *
All questions presented were decided. This judgment shall constitute a final General Judgment for the purposes of appellate review and for purposes of res judicata.

• • • • • • • • • • •

FOR THEIR THIRTY-FOURTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS allege:

38.

Plaintiffs cannot bring any claims based upon negligence for economic loss because such damages did not result from any physical impact to them; and at no time were they in a special relationship with any of the Defendants.

• • • • • • • • • • •

**WHEREFORE**, having fully answered Plaintiffs' Second Amended Complaint filed on January 27, 2023, Defendants Mark Dannels, Pat Downing, Kris Karcher, Shelly McInnes, Raymond McNeely, Kip Oswald, Michael Reeves, Sean Sanborn, Eric Schwenninger, Chris Webley, Anthony Wetmore, Craig Zanni, David Zavala, City of Coquille, City of Coos Bay, Coos County, Oregon, and the

Estate of David Hall pray that Plaintiffs' Second Amended Complaint be dismissed with prejudice; and that they have judgment in their favor, and against Plaintiffs for their costs and disbursements incurred herein, together with reasonable attorney fees to be fixed by the Court pursuant to 42 U.S.C. § 1988.

DATED:  Monday, March 13, 2023.

Respectfully submitted,

By:    /s/ Robert E. Franz, Jr.
LAW OFFICE OF ROBERT E. FRANZ, JR.
Robert E. Franz, Jr.
OSB #730915
(541) 741-8220
Of Attorneys for Mark Dannels, Pat Downing, Kris Karcher, Shelly McInnes, Raymond McNeely, Kip Oswald, Michael Reeves, Sean Sanborn, Eric Schwenninger, Chris Webley, Anthony Wetmore, Craig Zanni, David Zavala, City of Coquille, City of Coos Bay, Coos County, Oregon, and the Estate of David Hall

**Jury Trial Demand**

These Answering Defendants hereby demand trial by jury.

/s/ Robert E. Franz, Jr.
Robert E. Franz, Jr.        OSB #730195
Of Attorneys for Mark Dannels, Pat Downing, Kris Karcher, Shelly McInnes, Raymond McNeely, Kip Oswald, Michael Reeves, Sean Sanborn, Eric Schwenninger, Chris Webley, Anthony Wetmore, Craig Zanni, David Zavala, City of Coquille, City of Coos Bay, Coos County, Oregon, and the Estate of David Hall