ELLEN F. ROSENBLUM
Attorney General
JESSE B. DAVIS #052290
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  jesse.b.davis@doj.state.or.us

TODD MARSHALL #112685
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Todd.Marshall@doj.state.or.us

Of Attorneys for Defendant Oregon State Police

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor, | Case No.  6:20-cv-1163-MK (Lead Case)<br>3:21-cv-1719-MK (Trailing Case) |
| Plaintiff, | |
| v. | |
| OREGON STATE POLICED ZAVALA, ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY, | |
| Defendant. | |

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian ad litem, on behalf of S.M., a minor, | DEFENDANT OREGON STATE POLICE'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT |
| Plaintiffs, | |
| v. | |
| OREGON STATE POLICE, | |
| Defendant. | |

Page 1 -   DEFENDANT OREGON STATE POLICE'S ANSWER AND AFFIRMATIVE
           DEFENSES TO FIRST AMENDED COMPLAINT

Defendant Oregon State Police, by and through its attorneys, hereby answers and raises affirmative defenses to Plaintiff's First Amended Complaint for Damages as follows:

## I. INTRODUCTION

1.      Deny.

2.      Deny.

3.      Defendant admits that McGuffin's conviction was vacated and the charges against him unilaterally dismissed, and denies the remaining allegations of paragraph 3.

4.      To the extent the allegations of paragraph 4 require a response, Defendant denies them.

## II. PARTIES

5.      Admit.

6.      Admit, on information and belief.

7.      Admit.

## III. JURISDICTION AND VENUE

8.      Admit.

9.      Admit.

## IV. FACTUAL ALLEGATIONS

**A.      Background**

10.      Admit.

11.      Admit, on information and belief.

12.      Deny.

13.      Admit.

14.      Defendant denies that McGuffin was fully exonerated but admit the remainder of paragraph 14.

15.      Admit.

16.      Deny.

Page 2 -      DEFENDANT OREGON STATE POLICE'S ANSWER AND AFFIRMATIVE
              DEFENSES TO FIRST AMENDED COMPLAINT

**B.      Freeman's Abduction and Murder**

17.      Admit.

18.      Defendant admits the first sentence of paragraph 18, and denies the second sentence of paragraph 18.

19.      Admit, on information and belief.

20.      Admit, on information and belief.

21.      Admit, on information and belief.

22.      Admit, on information and belief.

23.      Defendant admits on information and belief that witnesses reported having seen Freeman outside the high school and in a phone booth across the street from the high school near the corner of West Central Boulevard and north Elm Street on the night of June 28, 2000. Defendant denies the remaining allegations of paragraph 23 not expressly admitted herein.

24.      Defendant admits that a witness reported seeing Freeman in a phone booth across the street from the high school near the corner of West Central Boulevard and north Elm Street between 9:00 p.m. and 9:30 pm on June 28, 2000. Defendant denies the remaining allegations of paragraph 24 not expressly admitted herein

25.      Admit, on information and belief.

26.      Defendant lacks knowledge or information sufficient to admit or deny the allegations of paragraph 26, and on that basis denies them.

27.      Defendant lacks knowledge or information sufficient to admit or deny the allegations of paragraph 27, and on that basis denies them.

28.      Admit, on information and belief.

**C.      Evidence of McGuffin's Innocence and Search for Freeman**

29.      Admit, on information and belief.

30.      Defendant lacks knowledge or information sufficient to admit or deny the allegations of paragraph 30, and on that basis denies them.

Page 3 -     DEFENDANT OREGON STATE POLICE'S ANSWER AND AFFIRMATIVE
                  DEFENSES TO FIRST AMENDED COMPLAINT
          JBD/db5/715954388

                              Department of Justice
                              100 SW Market Street
                              Portland, OR 97201
                          (971) 673-1880 / Fax: (971) 673-5000

31.     Defendant lacks knowledge or information sufficient to admit or deny the allegations of paragraph 31, and on that basis denies them.

32.     Defendant admits the following of paragraph 32 upon information and belief: Witnesses saw or interacted with McGuffin during the evening of June 28, 2000, including friends and Freeman's mother and sister, and McGuffin was pulled over by police officers Lee and Zavala.  Defendant denies the remaining allegations of paragraph 32.

33.     Defendant admits that investigators obtained telephone records and card-lock gas station records, but denies the remaining allegations of paragraph 33.

34.     Defendant lacks knowledge or information sufficient to admit or deny the allegations of the first sentence of paragraph 34, and on that basis denies them. Defendant admits the second sentence of paragraph 34.

35.     Defendant lacks information and information sufficient to admit or deny the allegations of paragraph 35, and on that basis denies them.

36.     Defendant lacks information and information sufficient to admit or deny the allegations of paragraph 36, and on that basis denies them.

**D.      The Faulty and Reckless Initial Investigation into Freeman's Murder**

37.     Defendant lacks information and information sufficient to admit or deny the allegations of paragraph 37, and on that basis denies them.

38.     Defendant lacks information and information sufficient to admit or deny the allegations of paragraph 38, and on that basis denies them.

39.     Defendant lacks information and information sufficient to admit or deny the allegations of paragraph 39, and on that basis denies them.

40.     Deny.

41.     Deny.

42.     Deny.

43.     Deny.

Page 4 -    DEFENDANT OREGON STATE POLICE'S ANSWER AND AFFIRMATIVE
             DEFENSES TO FIRST AMENDED COMPLAINT
JBD/db5/715954388

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

44.    Deny.

45.    Defendant denies the implication of any misconduct by the use of the phrase, "For example".  Defendant admits that in July 2000, the OSP Lab examined Freeman's right Nike tennis shoe that was reportedly found on North Elm Street next to the cemetery on the night that Freeman was abducted.

46.    Admit.

47.    Defendant admits that OSP Lab employees tested the right Nike shoe for DNA in 2000 and found the DNA of Freeman on the shoe.  Defendant denies the remaining allegations of paragraph 47.

48.    Defendant realleges and incorporates its response to paragraph 47 above, and in light of that response, denies the allegations of paragraph 48.

49.    Deny.

50.    Deny.

51.    Deny.

52.    Deny.

53.    Admit.

54.    Admit.

55.    Admit.

56.    Deny.

57.    Deny.

58.    Deny.

59.    Deny.

**E.    The Faulty and Reckless Investigation into the Cold Case**

60.    Deny.

61.    Admit, on information and belief.

62.    Deny.

Page 5 -    DEFENDANT OREGON STATE POLICE'S ANSWER AND AFFIRMATIVE
        DEFENSES TO FIRST AMENDED COMPLAINT

63.    Admit.

64.    Deny.

65.    Deny.

66.    Defendants admits that the ABC program "20/20" contains what it contains and otherwise denies the remaining allegations of paragraph 66.

67.    Deny.

68.    Deny.

69.    Deny.

**F.    The Cold Case Investigators' Fabrication and Suppression of Evidence**

70.    Deny.

71.    Deny.

72.    Deny.

73.    Deny.

74.    Defendant admits that the ABC program "20/20" contains what it contains and otherwise denies the remaining allegations of paragraph 74.

75.    Deny.

76.    Defendant admits that the ABC program "20/20" contains what it contains and otherwise denies the remaining allegations of paragraph 76.

77.    Deny.

78.    Defendant admits that the ABC program "20/20" contains what it contains and otherwise denies the remaining allegations of paragraph 78.

79.    Deny.

80.    Deny.

81.    Defendant admits that the ABC program "20/20" contains what it contains and otherwise denies the remaining allegations of paragraph 81.

82.    Deny.

Page 6 -    DEFENDANT OREGON STATE POLICE'S ANSWER AND AFFIRMATIVE
          DEFENSES TO FIRST AMENDED COMPLAINT
JBD/db5/715954388

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

83.    Defendant admits that the ABC program "20/20" contains what it contains and otherwise denies the remaining allegations of paragraph 83.

84.    Deny.

**G.    The Arrest and Defamation of McGuffin for a Crime He Did Not Commit**

85.    Defendant admits that on August 23, 2010 McGuffin was arrested and charged with Freeman's murder, but denies the remainder of the allegations in paragraph 85.

86.    Defendant lacks information and information sufficient to admit or deny the allegations of paragraph 86, and on that basis denies them.

87.    Deny.

88.    Defendant lacks knowledge or information to admit or deny the allegation that "20/20" was invited to film the arrest, and on that basis denies it.  Defendant denies the remainder of the allegations in paragraph 88.

89.    Deny.

90.    Defendant lacks information and information sufficient to admit or deny the allegations of paragraph 90, and on that basis denies them.

91.    Admit, on information and belief.

92.    Defendant lacks information and information sufficient to admit or deny the allegations of paragraph 92, and on that basis denies them.

93.    Defendant lacks information and information sufficient to admit or deny the allegations in the first sentence of paragraph 93, and on that basis denies them.  Defendant denies the remainder of the allegations in paragraph 93.

**H.    McGuffin's Wrongful Conviction**

94.    Admit.

95.    Admit.

96.    Admit.

97.    Admit.

Page 7 -    DEFENDANT OREGON STATE POLICE'S ANSWER AND AFFIRMATIVE
              DEFENSES TO FIRST AMENDED COMPLAINT
JBD/db5/715954388

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

98.    Deny.

99.    Deny.

100.    Deny.

101.    Deny.

102.    Admit.

103.    Admit.

**I.    McGuffin's Exoneration**

104.    Admit.

105.    Defendant states that the judgment issued by the court in McGuffin's post-conviction cases is a written document that speaks for itself.

106.    Admit.

107.    Admit

108.    Defendant admits that the District Attorney unilaterally moved the court to dismiss all charges against McGuffin and submitted an order *ex parte* shortly after filing his motion.  Defendant admits that a journalist reported that the District Attorney had stated "There is unknown male DNA on those shoes.  Does it exonerate McGuffin?  Maybe, but I don't know." Defendant denies the allegations of paragraph 108 not expressly admitted herein.

109.    Deny.

110.    Admit.

111.    Defendant admits McGuffin served over nine years in jail and then prison. Denies the remaining allegations of paragraph 111.

**J.    Plaintiffs' Damages**

112.    Deny.

113.    Deny.

114.    Defendant admits McGuffin served over nine years in jail and then prison.

Defendant denies the remaining allegations of paragraph 114.

Page 8 -    DEFENDANT OREGON STATE POLICE'S ANSWER AND AFFIRMATIVE
            DEFENSES TO FIRST AMENDED COMPLAINT
      JBD/db5/715954388

115.  Deny.

116.  Defendant lacks information and information sufficient to admit or deny the allegations of paragraph 116, and on that basis denies them.

117.  Admit.

118.  Defendant admits that, as a result of his incarceration, McGuffin was forced to leave his position as an Executive Banquet Chef but denies the remaining allegations of paragraph 118.

119.  Deny.

120.  Deny.

121.  Deny.

## V.  CONSPIRACY AMONG AND BETWEEN THE DEFENDANTS

122.  Deny.

123.  Deny.

124.  Deny.

125.  Deny.

126.  Deny.

## VI.  POLICIES AND PRACTICES THAT WERE THE MOVING FORCE BEHIND THE CONSITUTIONAL VIOLATIONS

127.  Deny.

128.  Deny.

129.  Deny.

130.  Deny.

131.  Deny.

132.  Deny.

133.  Deny.

134.  Deny.

Page 9 -    DEFENDANT OREGON STATE POLICE'S ANSWER AND AFFIRMATIVE
DEFENSES TO FIRST AMENDED COMPLAINT

135.    Deny.

136.    Deny.

## VII.  FIRST CLAIM FOR RELIEF

### (State Law – False Imprisonment)

137.    In response to paragraph 137, Defendant incorporates by reference its response to paragraphs 1-136.

138.    Defendant admits that plaintiffs provided notices of tort claim dated May 8 and 27, 2020, and deny the remaining allegations of paragraph 138.

139.    Admit.

140.    Deny.

141.    Deny.

142.    Deny.

143.    Deny.

144.    Deny.

## VIII.  SECOND CLAIM FOR RELIEF

### (State Law – Malicious Prosecution)

145.    In response to paragraph 145, Defendant incorporates by reference its response to paragraphs 1-144.

146.    Deny.

147.    Deny.

148.    Deny.

149.    Deny.

150.    Deny.

151.    Deny.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

152.    Deny.

153.    Deny.

## IX.  THIRD CLAIM FOR RELIEF

### (State Law – Civil Conspiracy)

154.    In response to paragraph 154, Defendant incorporates by reference its response to paragraphs 1-153.

155.    Deny.

156.    Deny.

157.    Deny.

158.    Deny.

159.    Deny.

160.    Deny.

161.    Deny.

162.    Deny.

## X.  FOURTH CLAIM FOR RELIEF

### (State Law – Negligent Training and Supervision)

163.    In response to paragraph 163, Defendant incorporates by reference its response to paragraphs 1-162.

164.    Admit.

165.    Deny.

166.    Deny.

167.    Deny.

168.    Deny.

169.    Deny.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## XI. FIFTH CLAIM FOR RELIEF

### (State Law – Intentional Infliction of Emotion Distress)

170.    In response to paragraph 170, Defendant incorporates by reference its response to paragraphs 1-169.

171.    Deny.

172.    Deny.

173.    Deny.

174.    Deny.

## XII. SIXTH CLAIM FOR RELIEF

### (State Law – Negligent and/or Intentional Spoliation of Evidence)

175.    In response to paragraph 175, Defendant incorporates by reference its response to paragraphs 1-174.

176.    Admits that Defendant has a general duty to preserve evidence that applies by virtue of its law enforcement role, but denies that it breached that duty in any respect.

177.    Deny.

178.    Deny.

179.    Deny.

180.    Deny.

181.    Deny.

## XIII. SEVENTH CLAIM FOR RELIEF

### (State Law – Vicarious Liability)

182.    In response to paragraph 182, Defendant incorporates by reference its response to paragraphs 1-181.

183.    Defendant admits that, as provided in and limited by the Oregon Tort Claims Act, Defendant is liable for the tortious conduct of employees acting within the course and scope of their employment, and that Defendant is liable in tort for the conduct of its non-employee agents

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

only when the Defendant exercises a right of control as to the non-employee agent's injury-causing actions. Defendant denies the allegations of paragraph 183 not expressly admitted herein.

## XIV. EIGHTH CLAIM FOR RELIEF

### (Attorney Fees Pursuant to 42 U.S.C. § 1988(b))

184.    In response to paragraph 184, Defendant incorporates by reference its response to paragraphs 1-183.

185.    Deny.

186.    Except as expressly admitted herein, Defendant denies, generally and specifically, each and every other allegation of fact or law asserted by Plaintiffs not expressly admitted herein. Defendant also denies the allegations contained in the various headings of the Amended Complaint, which are retained herein solely for purposes of organization.

## AFFIRMATIVE DEFENSES

187.    For purposes of their defenses and affirmative defenses, Defendant realleges and incorporates the matters admitted, denied, and affirmatively alleged in paragraphs 1 through 185 herein, and further alleges as follows.

## FIRST AFFIRMATIVE DEFENSE

### Statute of limitations

188.    Plaintiffs have commenced this action beyond the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

### Statute of ultimate repose

189.    Plaintiffs have commenced this action beyond the applicable statute of ultimate repose.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## THIRD AFFIRMATIVE DEFENSE

### Qualified immunity

190.    To the extent that any action by the State Defendants violated a right of plaintiffs, no reasonable public official under the circumstances would have understood that their conduct represented a violation of plaintiffs' clearly established rights.  State Defendants are entitled to qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE

### Testimonial immunity

191.    Defendants Wilcox is entitled to immunity from liability for claims or damages arising out of relating to her role in testifying at McGuffin's criminal trial.

## FIFTH AFFIRMATIVE DEFENSE

### Oregon Tort Claims Act limitations (State law claims)

192.    Plaintiffs' claims for relief are all subject to, and must be brought under, the Oregon Tort Claims Act and the procedures, limitations, defenses, and immunities in ORS 30.260 *et seq*., including but not limited to the limitations on liability of the State for personal injury therein.  Defendant is entitled to defenses based including but not limited to the following:

    a.  Plaintiffs failed to provide timely notice of claim.

    b.  Defendant is entitled to discretionary immunity.

    c.  Defendant is entitled to apparent authority immunity.

    d.  Defendant's liability is limited according to the applicable tort limits set forth in the Oregon Tort Claims Act.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## SIXTH AFFIRMATIVE DEFENSE

### Absolute and qualified privilege (state law claims)

193.    Because Defendant's actions were taken in the course of, or were incidental to, judicial or quasi-judicial proceedings, those actions are privileged, and Defendant is immune from plaintiffs' state law claims. *Mantia v. Hanson*, 190 Or. App. 412 (2003).

## SEVENTH AFFIRMATIVE DEFENSE

### Fault of Plaintiff McGuffin and his authorized agents

194.    Some or all of the harm complained of was a result of the actions or inactions of plaintiff McGuffin individually and by and through and his attorneys and other authorized agents acting on his behalf within the scope of their agency.

## EIGHTH AFFIRMATIVE DEFENSE

### Fault of others

195.    Some or all of the harm complained of was the result of the actions or inactions of others.

## NINTH AFFIRMATIVE DEFENSE

### Apportionment (State law claims)

196.    Pursuant to ORS 31.600 to 31.610, if the Court enters Judgment for Plaintiffs, it must apportion Plaintiffs' total damages, if any, among the parties identified in ORS 31.600 to 31.610, in accordance with the percentages of fault as determined by the jury, with the liability of each such party being several only.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## TENTH AFFIRMATIVE DEFENSE

### Share of Other Tortfeasors (state law claims)

197.    Plaintiffs' claims must be reduced by the share of the obligations of the other tortfeasors pursuant to ORS 31.800 to 31.815.

## ELEVENTH AFFIRMATIVE DEFENSE

### Failure to state a claim (Fed. R. Civ. P. 12(b)(6))

198.    Some or all of plaintiffs' claims fail to allege facts sufficient to state a claim for relief.

## TWELTH AFFIRMATIVE DEFENSE

### Sole cause

199.    Plaintiff McGuffin's authorized agent and criminal defense attorney is the sole cause of Plaintiffs' harm.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Failure to mitigate

200.    Plaintiff McGuffin and his authorized agents acting on his behalf failed to mitigate Plaintiff McGuffin's harm.

**WHEREFORE,** Defendant prays as follows:

1.    That plaintiffs be denied recovery upon the claims set forth in the Amended Complaint and that the Complaint be dismissed with prejudice in its entirety;

2.    That Defendant recover its reasonable costs and attorneys' fees expended in defense of this matter; and

Page 16 -   DEFENDANT OREGON STATE POLICE'S ANSWER AND AFFIRMATIVE
            DEFENSES TO FIRST AMENDED COMPLAINT
JBD/db5/715954388

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

3.      That Defendant be granted such other and further relief as this Court deems just

and equitable.

DATED March 13, 2023.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


*s/ Jesse B. Davis*
JESSE B. DAVIS #052290
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  jesse.b.davis@doj.state.or.us

TODD MARSHALL #112685
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Todd.Marshall@doj.state.or.us
Of Attorneys for Defendant Oregon State Police

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## CERTIFICATE OF SERVICE

I certify that on March 13, 2023, I served the foregoing OREGON STATE POLICE'S

ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT upon the

parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| **Andrew C. Lauersdorf** | ___ HAND DELIVERY |
| **Janis C. Puracal** | ___ MAIL DELIVERY |
| Maloney Lauersdorf & Reiner, PC | ___ OVERNIGHT MAIL |
| 1111 E. Burnside Street, Suite 300 | ___ TELECOPY (FAX) |
| Portland, OR 97214 | ___ E-MAIL: |
| *Of Attorneys for Plaintiffs* | caw@mlrlegalteam.com; |
| | jcp@mlrlegalteam.com; |
| | acl@mlrlegalteam.com |
| | _X_ E-SERVE |

| | |
|---|---|
| **David B. Owens** | ___ HAND DELIVERY |
| Loevy & Loevy | ___ MAIL DELIVERY |
| 100 S. King Street, Suite 100 | ___ OVERNIGHT MAIL |
| Seattle, WA 98104-2885 | ___ TELECOPY (FAX) |
| *Of Attorneys for Plaintiffs* | ___ E-MAIL: |
| | david@loevy.com |
| | _X_ E-SERVE |

| | |
|---|---|
| **Robert E. Franz , Jr.** | ___ HAND DELIVERY |
| **Sara R. Henderson** | ___ MAIL DELIVERY |
| Law Office of Robert E. Franz, Jr. | ___ OVERNIGHT MAIL |
| P.O. Box 62 | ___ TELECOPY (FAX) |
| Springfield, OR 97477 | ____ E-MAIL: |
| *Of Attorneys for Defendants Dannels,* | rfranz@franzlaw.comcastbiz.net |
| *Downing, Karcher, McInnes, McNeely,* | shenderson@franzlaw.comcastbiz.net |
| *Oswald, Reaves, Sanborn, Schwenninger,* | _X_ E-SERVE |
| *Shapiro, Webley, Wetmore, Zanni, Zavala,* | |
| *City of Coquille, City of Coos Bay,* | |
| *and Coos County* | |

Page 18 -  CERTIFICATE OF SERVICE

**Anthony Scisciani III**
**Kelsey L. Shewbert**
HWS Law Group
101 SW Main Street, Suite 1605
Portland OR  97204
 *Of Attorneys for Defendant*
*Vidocq Society*

___ HAND DELIVERY
___ MAIL DELIVERY
___ OVERNIGHT MAIL
___ TELECOPY (FAX)
___ E-MAIL:
ascisciani@hwslawgroup.com
kshewbert@hwslawgroup.com
 X  E-SERVE

**Eric S. DeFreest**
Luvaas Cobb
777 High Street, Suite 300
Eugene OR  97401
 *Of Attorneys for Defendant*
 *Richard Walter*

___ HAND DELIVERY
___ MAIL DELIVERY
___ OVERNIGHT MAIL
___ TELECOPY (FAX)
___ E-MAIL
edefreest@luvaascobb.com
KWorkman@luvaascobb.com
 X  E-SERVE

*s/ Jesse B. Davis*
JESSE B. DAVIS  #052290
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:      jesse.b.davis@doj.state.or.us

TODD MARSHALL  #112685
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:      Todd.Marshall@doj.state.or.us

   Of Attorneys for State Defendants
   Hormann, Krings, Riddle, Wilcox
   and Oregon State Police

Page 19 -  CERTIFICATE OF SERVICE