ELLEN F. ROSENBLUM
Attorney General
JESSE B. DAVIS #052290
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  jesse.b.davis@doj.state.or.us

TODD MARSHALL #112685
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Todd.Marshall@doj.state.or.us

Attorneys for Defendants Hormann, Krings, Riddle and Wilcox

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,<br><br>Plaintiff,<br><br>v.<br><br>OREGON STATE POLICED ZAVALA, ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY,<br><br>Defendant.<br><br>NICHOLAS JAMES MCGUFFIN, as an individual and as guardian ad litem, on behalf of S.M., a minor,<br><br>Plaintiffs,<br>v.<br><br>OREGON STATE POLICE,<br><br>Defendant. | Case No.  6:20-cv-1163-MK (Lead Case)<br>          3:21-cv-1719-MK (Trailing Case)<br><br>STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT |

Page 1 -   STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
           AMENDED COMPLAINT

Defendants Susan Hormann, Mary Krings, John Riddle and Kathy Wilcox (collectively "State Defendants"), by and through their attorneys, hereby answer and raise affirmative defenses to Plaintiffs' Second Amended Complaint for Damages as follows:

## I.  INTRODUCTION

1.      Deny.

2.      Deny.

3.      State Defendants admit that McGuffin's conviction was vacated and the charges against him unilaterally dismissed, and deny the remaining allegations of paragraph 3.

4.      To the extent the allegations of paragraph 4 require a response, State Defendants deny them.

## II.  PARTIES

5.      Admit.

6.      Admit, on information and belief.

7.      Admit, on information and belief.

8.      Admit, on information and belief.

9.      State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 9, and on that basis deny them.

10.      State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraphs 10, and on that basis deny them.

11.      State Defendants admit, on information and belief, the first sentence of paragraph 11, but state Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 11, and on that basis deny them.

12.      Admit, on information and belief.

13.      State Defendants admit, on information and belief, the first sentence of paragraph 13, but State Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 13, and on that basis deny them.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

14.    State Defendants admit, on information and belief, the first sentence of paragraph 14, but State Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 14, and on that basis deny them.

15.    Admit, on information and belief.

16.    Admit, on information and belief.

17.    State Defendants admit, on information and belief, the first sentence of paragraph 17, but State Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 17, and on that basis deny them.

## III.  JURISDICTION AND VENUE

18.    Admit.

19.    Admit.

20.    Admit.

## IV.  FACTUAL ALLEGATIONS

**A.    Background**

21.    Admit.

22.    Admit, on information and belief.

23.    Deny.

24.    Admit.

25.    State Defendants deny that that McGuffin was fully exonerated but admit the remainder of paragraph 25.

26.    Admit.

27.    Deny.

**B.    Freeman's Abduction and Murder**

28.    Admit.

29.    State Defendants admit the first sentence and deny the second sentence of paragraph 29.

Page 3 -   STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
           AMENDED COMPLAINT

30.     Admit, on information and belief.

31.     Admit, on information and belief.

32.     Admit, on information and belief.

33.     Admit, on information and belief.

34.     State Defendants admit on information and belief that witnesses reported having seen Freeman outside the high school and in a phone booth across the street from the high school near the corner of West Central Boulevard and north Elm Street on the night of June 28, 2000. State Defendants deny the remaining allegations of paragraph 34 not expressly admitted herein.

35.     State Defendants admit that a witness reported seeing Freeman in a phone booth across the street from the high school near the corner of West Central Boulevard and north Elm Street between 9:00 p.m. and 9:30 pm on June 28, 2000.  State Defendants deny the remaining allegations of paragraph 35 not expressly admitted herein.

36.     Admit, on information and belief.

37.     State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 37, and on that basis deny them.

38.     State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 38, and on that basis deny them.

39.     Admit, on information and belief.

**C.     Evidence of McGuffin's Innocence and Search for Freeman**

40.     Admit, on information and belief.

41.     State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 41, and on that basis deny them.

42.     State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 42, and on that basis deny them.

43.     State Defendants admit the following of paragraph 43 upon information and belief:  Witnesses saw or interacted with McGuffin during the evening of June 28, 2000,

Page 4 -     STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT
JBD/db5/715954391
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

including friends and Freeman's mother and sister, and McGuffin was pulled over by police officers Lee and Zavala.  State Defendants deny the remaining allegations of paragraph 43.

44.     State Defendants admit that investigators obtained telephone records and card-lock gas station records, but deny the remaining allegations of paragraph 44.

45.     State Defendants lack knowledge or information sufficient to admit or deny the allegations of the first sentence of paragraph 45, and on that basis deny them.  State Defendants admit the second sentence of paragraph 45.

46.     State Defendants lack information and information sufficient to admit or deny the allegations of paragraph 46, and on that basis deny them.

47.     State Defendants lack information and information sufficient to admit or deny the allegations of paragraph 47, and on that basis deny them.

**D.     The Faulty and Reckless Initial Investigation into Freeman's Murder**

48.     State Defendants lack information and information sufficient to admit or deny the allegations of paragraph 48, and on that basis deny them.

49.     State Defendants lack information and information sufficient to admit or deny the allegations of paragraph 49, and on that basis deny them.

50.     State Defendants lack information and information sufficient to admit or deny the allegations of paragraph 50, and on that basis deny them.

51.     State Defendants lack information and information sufficient to admit or deny the allegations of paragraph 51, and on that basis deny them.

52.     Deny.

53.     Deny.

54.     Deny.

55.     Deny.

56.     Deny.

57.     Deny.

Page 5 -    STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
              AMENDED COMPLAINT
              JBD/db5/715954391
                                        Department of Justice
                                        100 SW Market Street
                                        Portland, OR 97201
                                  (971) 673-1880 / Fax: (971) 673-5000

58.    Deny.

59.    Deny.

60.    Deny.

61.    Deny.

62.    Deny.

63.    Deny.

64.    Deny.

65.    State Defendants lack information and information sufficient to admit or deny the allegations of paragraph 65, and on that basis deny them.

66.    Deny.

67.    Deny.

68.    Deny.

69.    Deny.

70.    Deny.

71.    Deny.

72.    State Defendants admit that in July 2000, the OSP Lab examined Freeman's right Nike tennis shoe that was reportedly found on North Elm Street next to the cemetery on the night that Freeman was abducted.

73.    Admit.

74.    State Defendants admit that the OSP Lab tested the right Nike shoe for DNA in 2000 and found the DNA of Freeman on the shoe.  State Defendants deny the remaining allegations of paragraph 74.

75.    State Defendants reallege and incorporate their response to paragraph 74 above, and in light of that response, deny the allegations of paragraph 75.

76.    Deny.

77.    Deny.

Page 6 -    STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
            AMENDED COMPLAINT

78.    Deny.

79.    Deny.

80.    Admit.

81.    Admit.

82.    Admit.

83.    Deny.

84.    Deny.

85.    Deny.

86.    Deny.

87.    Deny.

88.    Deny.

89.    Deny.

**E.    The Faulty and Reckless Investigation into the "Cold" Case**

90.    Deny.

91.    Admit, on information and belief.

92.    State Defendants admit that the City of Coquille coordinated with the District Attorney on the selection of a new chief and to obtain a commitment to reopen the case, but deny the remaining allegations of paragraph 92.

93.    State Defendants admit that Dannels agreed to reopen the case and hired as the new Chief of Police for the City of Coquille in 2008, but deny the remaining allegations of paragraph 93, including the characterization of the "commitment."

94.    State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 94, and on that basis deny them.

95.    State Defendants admit that Defendants Hormann and Riddle were involved in the Freeman murder investigation during the period of the "Cold Case Investigation" as described in the Second Amended Complaint, and deny that Defendant Wilcox was involved during that

Page 7 -    STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

period.  State Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 95, and on that basis deny them.

96.    Deny.

97.    Deny.

98.    State Defendants admit that the ABC program "20/20" contains what it contains and otherwise deny the remaining allegations of paragraph 98.

99.    State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 99, and on that basis deny them.

100.    Deny.

101.    Deny.

102.    Deny.

**F.    The Cold Case Investigators' Fabrication and Suppression of Evidence**

103.    Deny.

104.    Deny.

105.    Deny.

106.    Deny.

107.    State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 107, and on that basis deny them.

108.    Deny.

109.    Deny.

110.    State Defendants deny the allegations in the first sentence of paragraph 110.  With regard to the second sentence, State Defendants state that the referenced appellate opinion is a written document that speaks for itself.

111.    Deny.

112.    Deny.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

113.    State Defendants admit that the ABC program "20/20" contains what it contains and otherwise deny the remaining allegations of paragraph 113.

114.    Deny.

115.    State Defendants admit that the ABC program "20/20" contains what it contains and otherwise deny the remaining allegations of paragraph 115.

116.    Deny.

117.    State Defendants admit that the ABC program "20/20" contains what it contains and otherwise deny the remaining allegations of paragraph 117.

118.    Deny.

119.    Deny.

120.    State Defendants admit that the ABC program "20/20" contains what it contains and otherwise deny the remaining allegations of paragraph 120.

121.    Deny.

122.    Deny.

123.    Deny.

124.    State Defendants admit that Lindegren testified before the grand jury and at trial, and deny the remaining allegations of paragraph 124.

125.    Deny.

126.    State Defendants admit that the ABC program "20/20" contains what it contains and otherwise deny the remaining allegations of paragraph 126.

127.    Deny.

128.    Deny.

129.    Deny.

130.    Deny.

131.    Deny.

132.    Deny.

JBD/db5/715954391

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

133.    Deny.

134.    Deny.

135.    Deny.

136.    Deny.

137.    Deny.

138.    State Defendants admit that the ABC program "20/20" contains what it contains and otherwise deny the remaining allegations of paragraph 138.

139.    Deny.

**G.    The Arrest and Defamation of McGuffin for a Crime He Did Not Commit**

140.    State Defendants admit that on August 23, 2010, McGuffin was arrested and charged with Freeman's murder, but deny the remainder of the allegations in paragraph 140.

141.    State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 141, and on that basis deny them.

142.    Deny.

143.    State Defendants lack knowledge or information to admit or deny the allegation that "20/20" was invited to film the arrest, and on that basis deny it.  State Defendants deny the remainder of the allegations in paragraph 143.

144.    Deny.

145.    State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 145, and on that basis deny them.

146.    State Defendants admit that the ABC program "20/20" contains what it contains and otherwise deny the remaining allegations of paragraph 146.

147.    Deny.

148.    Admit, on information and belief.

149.    State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 149, and on that basis deny them.

Page 10 -  STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
           AMENDED COMPLAINT
           JBD/db5/715954391
                              Department of Justice
                              100 SW Market Street
                              Portland, OR 97201
                              (971) 673-1880 / Fax: (971) 673-5000

150.    State Defendants lack knowledge or information sufficient to admit or deny the

allegations in the first sentence of paragraph 150, and on that basis deny them.  State Defendants

deny the remainder of the allegations in paragraph 150.

**H.    McGuffin's Wrongful Conviction**

151.    Admit.

152.    Admit.

153.    Admit.

154.    Admit.

155.    Deny.

156.    Deny.

157.    Deny.

158.    Deny.

159.    Admit.

160.    Admit.

**I.    McGuffin's Exoneration**

161.    Admit.

162.    State Defendants state that judgment issued by the court in McGuffin's

post-conviction cases is a written document that speaks for itself.

163.    Admit.

164.    Admit.

165.    State Defendants admit that the District Attorney unilaterally moved the court to

dismiss charges against McGuffin and submitted an order *ex parte* shortly after filing his motion.

Defendants admit that a journalist reported that the District Attorney had stated, "There is

unknown male DNA on those shoes.  Does it exonerate McGuffin?  Maybe, but I don't know."

State Defendants deny the allegations of paragraph 165 not expressly admitted herein.

166.    Deny.

Page 11 -  STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
                  AMENDED COMPLAINT
        JBD/db5/715954391                    Department of Justice
                                             100 SW Market Street
                                             Portland, OR 97201
                                      (971) 673-1880 / Fax: (971) 673-5000

167.    Admit.

168.    State Defendants admit McGuffin served over nine years in jail and then prison but deny the remaining allegations of paragraph 168.

**J.    McGuffin's Damages**

169.    Deny.

170.    State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 170, and on that basis deny them.

171.    Deny.

172.    State Defendants admit McGuffin served over nine years in jail and then prison but deny the remaining allegations of paragraph 172.

173.    Deny.

174.    State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 174, and on that basis deny them.

175.    Admit.

176.    State Defendants admit that, as a result of his incarceration, McGuffin was forced to leave his position as an Executive Banquet Chef but deny the remaining allegations of paragraph 176.

177.    Deny.

178.    Deny.

179.    Deny.

### V.  CONSPIRACY AMONG AND BETWEEN THE DEFENDANTS

180.    Deny.

181.    Deny.

182.    Deny.

183.    Deny.

184.    Deny.

JBD/db5/715954391

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## VI.  POLICIES AND PRACTICES THAT WERE THE MOVING FORCE BEHIND THE CONSITUTIONAL VIOLATIONS

185.    Because State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 185, and because those allegations are directed to other defendants, State Defendants will not respond to paragraph 185.  To the extent a response is deemed required, State Defendants deny paragraph 185.

186.    Because State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 186, and because those allegations are directed to other defendants, State Defendants will not respond to paragraph 186.  To the extent a response is deemed required, State Defendants deny paragraph 186.

187.    Because State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 187, and because those allegations are directed to other defendants, State Defendants will not respond to paragraph 187.  To the extent a response is deemed required, State Defendants deny paragraph 187.

188.    Because State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 188, and because those allegations are directed to other defendants, State Defendants will not respond to paragraph 188.  To the extent a response is deemed required, State Defendants deny paragraph 188.

189.    Because State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 189, and because those allegations are directed to other defendants, State Defendants will not respond to paragraph 189.  To the extent a response is deemed required, State Defendants deny paragraph 189.

190.    Because State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 190, and because those allegations are directed to other defendants, State Defendants will not respond to paragraph 190.  To the extent a response is deemed required, State Defendants deny paragraph 190.

JBD/db5/715954391

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

191.    Because State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 191, and because those allegations are directed to other defendants, State Defendants will not respond to paragraph 191.  To the extent a response is deemed required, State Defendants deny paragraph 191.

192.    Because State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 192, and because those allegations are directed to other defendants, State Defendants will not respond to paragraph 192.  To the extent a response is deemed required, State Defendants deny paragraph 192.

193.    Because State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 193, and because those allegations are directed to other defendants, State Defendants will not respond to paragraph 193.  To the extent a response is deemed required, State Defendants deny paragraph 193.

194.    Because State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 194, and because those allegations are directed to other defendants, State Defendants will not respond to paragraph 194.  To the extent a response is deemed required, State Defendants deny paragraph 194.

195.    Because State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 195, and because those allegations are directed to other defendants, State Defendants will not respond to paragraph 195.  To the extent a response is deemed required, State Defendants deny paragraph 195.

196.    Because State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 196, and because those allegations are directed to other defendants, State Defendants will not respond to paragraph 196.  To the extent a response is deemed required, State Defendants deny paragraph 196.

197.    Because State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 197, and because those allegations are directed to other

JBD/db5/715954391

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

defendants, State Defendants will not respond to paragraph 197.  To the extent a response is deemed required, State Defendants deny paragraph 197.

198.    Because State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 198, and because those allegations are directed to other defendants, State Defendants will not respond to paragraph 198.  To the extent a response is deemed required, State Defendants deny paragraph 198.

199.    Because State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 199, and because those allegations are directed to other defendants, State Defendants will not respond to paragraph 199.  To the extent a response is deemed required, State Defendants deny paragraph 199.

200.    Because State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 200, and because those allegations are directed to other defendants, State Defendants will not respond to paragraph 200.  To the extent a response is deemed required, State Defendants deny paragraph 200.

201.    Because State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 201, and because those allegations are directed to other defendants, State Defendants will not respond to paragraph 201.  To the extent a response is deemed required, State Defendants deny paragraph 201.

202.    Because State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 202, and because those allegations are directed to other defendants, State Defendants will not respond to paragraph 202.  To the extent a response is deemed required, State Defendants deny paragraph 202.

203.    Because State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 203, and because those allegations are directed to other defendants, State Defendants will not respond to paragraph 203.  To the extent a response is deemed required, State Defendants deny paragraph 203.

JBD/db5/715954391

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

204.    Because State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 204, and because those allegations are directed to other defendants, State Defendants will not respond to paragraph 204.  To the extent a response is deemed required, State Defendants deny paragraph 204.

205.    Because State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 205, and because those allegations are directed to other defendants, State Defendants will not respond to paragraph 205.  To the extent a response is deemed required, State Defendants deny paragraph 205.

206.    Because State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 206, and because those allegations are directed to other defendants, State Defendants will not respond to paragraph 206.  To the extent a response is deemed required, State Defendants deny paragraph 206.

207.    Because State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 207, and because those allegations are directed to other defendants, State Defendants will not respond to paragraph 207.  To the extent a response is deemed required, State Defendants deny paragraph 207.

## VII.  FIRST CLAIM FOR RELIEF:  42 U.S.C. §1983

### (Count 1 – Violation of Fourteenth Amendment)

208.    In response to paragraph 208, State Defendants incorporate by reference their responses to paragraphs 1-207.

209.    Deny.

210.    Deny.

211.    Deny.

212.    Deny.

JBD/db5/715954391

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

213.    Deny.

214.    Deny.

215.    Deny.

216.    Deny.

217.    Deny.

**(Count 2 – Malicious Prosecution)**

218.    In response to paragraph 218, Defendants incorporate by reference their responses to paragraphs 1-217.

219.    Deny.

220.    Deny.

221.    Deny.

222.    Deny.

223.    Deny.

**(Count 3 – Illegal Pretrial Detention Following the Issuance of Legal Process)**

224.    In response to paragraph 224, State Defendants incorporate by reference their responses to paragraphs 1-223.

225.    Deny.

226.    Deny.

227.    Deny.

228.    Deny.

229.    Deny.

**(Count 4 – Failure to Disclose Exculpatory Information)**

230.    In response to paragraph 230, State Defendants incorporate by reference their responses to paragraphs 1-299.

231.    Deny.

232.    Deny.

Page 17 -  STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED COMPLAINT
JBD/db5/715954391
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

233.    Deny.

234.    Deny.

235.    Deny.

236.    Deny.

**(Count 5 – Failure to Intervene)**

237.    In response to paragraph 237, State Defendants incorporate by reference their responses to paragraphs 1-236.

238.    Deny.

239.    Deny.

240.    Deny.

241.    Deny.

242.    Deny.

**(Count 6 – Conspiracy)**

243.    In response to paragraph 243, State Defendants incorporate by reference their responses to paragraphs 1-242.

244.    Deny.

245.    Deny.

246.    Deny.

247.    Deny.

248.    Deny.

249.    Deny.

250.    Deny.

**(Count 7 – Destruction of Exculpatory Evidence)**

251.    In response to paragraph 251, State Defendants incorporate by reference their responses to paragraphs 1-250.

252.    Deny.

JBD/db5/715954391

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

253.    Deny.

254.    Deny.

255.    Deny.

**(Count 8 – Unconstitutional Policies, Practices, and Customs of the Municipal Defendants and the Vidocq Society)**

256.    In response to paragraph 256, State Defendants incorporate by reference their responses to paragraphs 1-255.

257.    As the allegations of this paragraph are directed at other defendants, State Defendants will not respond.

258.    As the allegations of this paragraph are directed at other defendants, State Defendants will not respond.

259.    As the allegations of this paragraph are directed at other defendants, State Defendants will not respond.

260.    As the allegations of this paragraph are directed at other defendants, State Defendants will not respond.

261.    As the allegations of this paragraph are directed at other defendants, State Defendants will not respond.

262.    As the allegations of this paragraph are directed at other defendants, State Defendants will not respond.

263.    As the allegations of this paragraph are directed at other defendants, State Defendants will not respond.

264.    As the allegations of this paragraph are directed at other defendants, State Defendants will not respond.

265.    As the allegations of this paragraph are directed at other defendants, State Defendants will not respond.

JBD/db5/715954391

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

266.    As the allegations of this paragraph are directed at other defendants, State Defendants will not respond.

267.    As the allegations of this paragraph are directed at other defendants, State Defendants will not respond.

268.    As the allegations of this paragraph are directed at other defendants, State Defendants will not respond.

269.    As the allegations of this paragraph are directed at other defendants, State Defendants will not respond.

270.    As the allegations of this paragraph are directed at other defendants, State Defendants will not respond.

### (Count 9 – Violation of S.M.'s Fourteenth Amendment Rights)

271.    In response to paragraph 271, State Defendants incorporate by reference their response to paragraphs 1-270.

272.    Deny.

273.    Deny.

274.    Deny.

275.    Deny.

### VIII.  SECOND CLAIM FOR RELIEF

### (State Law – False Imprisonment)

276.    In response to paragraph 276, State Defendants incorporate by reference their response to paragraphs 1-275.

277.    State Defendants admit that plaintiffs provided notices of tort claim dated May 8 and 27, 2020, and deny the remaining allegations of paragraph 277.

278.    Admit.

279.    Deny.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

280.    Deny.

281.    Because State Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 281, and because those allegations are directed to other defendants, State Defendants will not respond to paragraph 281.  To the extent a response is deemed required, State Defendants deny paragraph 281.

282.    Deny.

283.    Deny.

## IX.  THIRD CLAIM FOR RELIEF

### (State Law – Malicious Prosecution)

284.    In response to paragraph 284, State Defendants incorporate by reference their response to paragraphs 1-283.

285.    Deny.

286.    Deny.

287.    Deny.

288.    Deny.

289.    Deny.

290.    Deny.

291.    Deny.

292.    Deny.

## X.  FOURTH CLAIM FOR RELIEF

### (State Law – Civil Conspiracy)

293.    In response to paragraph 293, State Defendants incorporate by reference their response to paragraphs 1-292.

294.    Deny.

295.    Deny.

296.    Deny.

297.    Deny.

JBD/db5/715954391

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

298.    Deny.

299.    Deny.

300.    Deny.

301.    Deny.

## XI.  FIFTH CLAIM FOR RELIEF

### (State Law – Negligent Training and Supervision Against the Municipal Defendants and the Vidocq Society)

302.    In response to paragraph 302, State Defendants incorporate by reference their response to paragraph 1-301.

303.    As the allegations of this paragraph are directed at other defendants, State Defendants will not respond.

304.    As the allegations of this paragraph are directed at other defendants, State Defendants will not respond.

305.    As the allegations of this paragraph are directed at other defendants, State Defendants will not respond.

306.    As the allegations of this paragraph are directed at other defendants, State Defendants will not respond.

307.    As the allegations of this paragraph are directed at other defendants, State Defendants will not respond.

308.    As the allegations of this paragraph are directed at other defendants, State Defendants will not respond.

## XII.  SIXTH CLAIM FOR RELIEF

### (State Law – Intentional Infliction of Emotional Distress)

309.    In response to paragraph 309, State Defendants incorporate by reference their response to paragraphs 1-308.

310.    Deny.

Page 22 -  STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
          AMENDED COMPLAINT

311.    Deny.

312.    Deny.

313.    Deny.

## XIII.  SEVENTH CLAIM FOR RELIEF

### (State Law – Negligent and/or Intentional Spoliation of Evidence)

314.    In response to paragraph 314, State Defendants incorporate by reference their response to paragraphs 1-313.

315.    Admit that the State Defendants have a general duty to preserve evidence that applies by virtue of their law enforcement roles, but deny that they breached that duty in any respect.

316.    State Defendants deny the first sentence of paragraph 316.  State Defendants lack knowledge or information to admit or deny the allegations in subsection a. of paragraph 316, and on that basis deny them.  State Defendants deny the allegations in the remainder of paragraph 316.

317.    Deny.

318.    Deny.

319.    Deny.

## XIV.  EIGHTH CLAIM FOR RELIEF

### (Attorney Fees Pursuant to 42 U.S.C. § 1988(b))

320.    In response to paragraph 320, State Defendants reallege and incorporate by reference their response to paragraphs 1-319 as set forth herein.

321.    Deny.

322.    Except as expressly admitted herein, State Defendants deny, generally and specifically, each and every other allegation of fact or law asserted by Plaintiffs not expressly admitted herein.  State Defendants also deny the allegations contained in the various headings of the Second Amended Complaint, which are retained herein solely for purposes of organization.

Page 23 -  STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED COMPLAINT

## AFFIRMATIVE DEFENSES

323.    For purposes of their defenses and affirmative defenses, State Defendants reallege and incorporate the matters admitted, denied, and affirmatively alleged in paragraphs 1 through 322 herein, and further allege as follows.

### FIRST AFFIRMATIVE DEFENSE

### Statute of limitations

324.    Plaintiffs have commenced this action beyond the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

### Statute of ultimate repose (State law claims)

325.    Plaintiffs have commenced this action beyond the applicable statute of ultimate repose.

### THIRD AFFIRMATIVE DEFENSE

### Qualified immunity

326.    To the extent that any action by State Defendants violated a right of plaintiffs, no reasonable public official under the circumstances would have understood that their conduct represented a violation of plaintiffs' clearly established rights.  State Defendants are entitled to qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

### Testimonial immunity (Wilcox)

327.    Defendant Wilcox is entitled to absolute immunity from liability for claims or damages arising out of relating to her role in testifying at McGuffin's criminal trial.

### FIFTH AFFIRMATIVE DEFENSE

### Oregon Tort Claims Act limitations (State law claims)

328.    Plaintiffs' claims for relief are all subject to, and must be brought under, the Oregon Tort Claims Act and the procedures, limitations, defenses, and immunities in

JBD/db5/715954391

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

ORS 30.260 *et seq*., including, but not limited to, the limitations on liability of the State for personal injury therein. State Defendants are entitled to defenses including, but not limited to, the following:

    a. Plaintiffs failed to provide timely notice of claim.

    b. State Defendants are entitled to discretionary immunity.

    c. State Defendants are entitled to apparent authority immunity.

    d. State Defendants' liability is limited according to the applicable tort limits set forth in the Oregon Tort Claims Act.

## SIXTH AFFIRMATIVE DEFENSE

### Absolute and qualified privilege (state law claims)

329.    Because State Defendants' actions were taken in the course of, or were incidental to, judicial or quasi-judicial proceedings, those actions are privileged, and they are immune from plaintiffs' state law claims. *Mantia v. Hanson*, 190 Or. App. 412 (2003).

## SEVENTH AFFIRMATIVE DEFENSE

### Fault of Plaintiff McGuffin and his agents

330.    Some or all of the harm complained of was a result of the actions or inactions of plaintiff McGuffin individually and by and through and his attorneys and other authorized agents acting on his behalf within the scope of their agency.

## EIGHTH AFFIRMATIVE DEFENSE

### Fault of others

331.    Some or all of the harm complained of was the result of the actions or inactions of others.

## NINTH AFFIRMATIVE DEFENSE

### Apportionment (State law claims)

332.    Pursuant to ORS 31.600 to 31.610, if the Court enters Judgment for Plaintiffs, it must apportion Plaintiffs' total damages, if any, among the parties identified in ORS 31.600 to

JBD/db5/715954391

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

31.610, in accordance with the percentages of fault as determined by the jury, with the liability of each such party being several only.

## TENTH AFFIRMATIVE DEFENSE

### Share of Other Tortfeasors (state law claims)

333.    Plaintiffs' claims must be reduced by the share of the obligations of the other tortfeasors pursuant to ORS 31.800 to 31.815.

## ELEVENTH AFFIRMATIVE DEFENSE

### Failure to state a claim (Fed. R. Civ. P. 12(b)(6))

334.    Some or all of plaintiffs' claims fail to allege facts sufficient to state a claim for relief.

## TWELTH AFFIRMATIVE DEFENSE

### Sole cause

335.    Plaintiff McGuffin's authorized agent and criminal defense attorney is the sole cause of Plaintiffs' harm.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Failure to mitigate

336.    Plaintiff McGuffin and his authorized agents acting on his behalf failed to mitigate Plaintiff McGuffin's harm.

**WHEREFORE** State Defendants pray as follows:

1.    That plaintiffs be denied recovery upon the claims set forth in the Second Amended Complaint, and that the Second Amended Complaint be dismissed with prejudice in its entirety;

JBD/db5/715954391

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

2.    That State Defendants recover their reasonable costs and attorneys' fees expended

in defense of this matter; and

3.    That State Defendants be granted such other and further relief as this Court deems

just and equitable.

DATED March 13, 2023.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

*s/ Jesse B. Davis*
JESSE B. DAVIS #052290
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  jesse.b.davis@doj.state.or.us

TODD MARSHALL #112685
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Todd.Marshall@doj.state.or.us

Attorneys for State Defendants

Page 27 -  STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
          AMENDED COMPLAINT
          JBD/db5/715954391                          Department of Justice
                                                     100 SW Market Street
                                                     Portland, OR 97201
                                                (971) 673-1880 / Fax: (971) 673-5000

## CERTIFICATE OF SERVICE

I certify that on March 13, 2023, I served the foregoing  STATE DEFENDANTS'

ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT upon the

parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| **Andrew C. Lauersdorf**<br>**Janis C. Puracal**<br>Maloney Lauersdorf & Reiner, PC<br>1111 E. Burnside Street, Suite 300<br>Portland, OR 97214<br>    *Of Attorneys for Plaintiffs* | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>___ E-MAIL:<br>caw@mlrlegalteam.com;<br>jcp@mlrlegalteam.com;<br>acl@mlrlegalteam.com<br> X  E-SERVE |
| **David B. Owens**<br>Loevy & Loevy<br>100 S. King Street, Suite 100<br>Seattle, WA 98104-2885<br>  *Of Attorneys for Plaintiffs* | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>___ E-MAIL:<br>david@loevy.com<br> X  E-SERVE |
| **Robert E. Franz , Jr.**<br>**Sara R. Henderson**<br>Law Office of Robert E. Franz, Jr.<br>P.O. Box 62<br>Springfield, OR 97477<br> *Of Attorneys for Defendants Dannels,*<br>*Downing, Karcher, McInnes, McNeely,*<br>*Oswald, Reaves, Sanborn, Schwenninger,*<br>*Shapiro, Webley, Wetmore, Zanni, Zavala,*<br>*City of Coquille, City of Coos Bay,*<br>*and Coos County* | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>___ E-MAIL:<br>rfranz@franzlaw.comcastbiz.net<br>shenderson@franzlaw.comcastbiz.net<br> X  E-SERVE |

Page 28 -  CERTIFICATE OF SERVICE

**Anthony Scisciani III**
**Kelsey L. Shewbert**
HWS Law Group
101 SW Main Street, Suite 1605
Portland OR 97204
  *Of Attorneys for Defendant*
*Vidocq Society*

___ HAND DELIVERY
___ MAIL DELIVERY
___ OVERNIGHT MAIL
___ TELECOPY (FAX)
___ E-MAIL:
ascisciani@hwslawgroup.com
kshewbert@hwslawgroup.com
 X  E-SERVE

**Eric S. DeFreest**
Luvaas Cobb
777 High Street, Suite 300
Eugene OR 97401
  *Of Attorneys for Defendant*
  *Richard Walter*

___ HAND DELIVERY
___ MAIL DELIVERY
___ OVERNIGHT MAIL
___ TELECOPY (FAX)
___ E-MAIL
edefreest@luvaascobb.com
KWorkman@luvaascobb.com
 X  E-SERVE

*s/ Jesse B. Davis*
JESSE B. DAVIS #052290
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:      jesse.b.davis@doj.state.or.us

TODD MARSHALL #112685
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:      Todd.Marshall@doj.state.or.us

Of Attorneys for State Defendants

Page 29 -  CERTIFICATE OF SERVICE