Anthony R. Scisciani III, OSB No. 070013
Kelsey L. Shewbert, OSB No. 221063
Meredith A. Sawyer, *Pro Hac Vice*
HWS LAW GROUP
101 SW Main Street, Suite 1600
Portland, OR 97204
Phone: (503) 542-1200
Fax: (503) 542-5248
ascisciani@hwslawgroup.com
KShewbert@hwslawgroup.com
msawyer@hwslawgroup.com
*Attorneys for Defendant Vidocq*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem,* on behalf of S.M., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMINISTRATOR OF THE ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY,<br><br>Defendants. | NO. 6:20-CV-01163-MK<br><br>DEFENDANT VIDOCQ SOCIETY'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS, AND COUNTERCLAIM |

Defendant Vidocq Society ("Defendant VS") hereby answers Plaintiffs' Second Amended Complaint (hereinafter "Complaint") as follows. Unless specifically admitted or alleged, Defendant VS denies each and every allegation of the Complaint.

DEFENDANT VIDOCQ SOCIETY'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT
(CASE NO. 6:30-CV-01163-MK) – Page 1

## I.    INTRODUCTION

As a general response to Plaintiffs' Introduction to Second Amended Complaint, Defendant Vidocq Society, Inc. a Pennsylvania not-for-profit charitable and tax-exempt organization, avers as follows:

- Defendant VS has never conducted activity in the state of Oregon.

- Defendant VS was never  hired nor retained in any manner by the City of Coquille.

- Defendant VS has never acted as an agent for the City of Coquille.

- Defendant VS did not act under color of state law.

- Defendant VS was not involved in any manner in the investigation of Nicholas McGuffin with respect to the death of Leah Freeman, including but not limited to the collection, selection, retention, preservation, and/or  any other activity concerning any evidence of any type.

- Defendant Richard Walter was never  an employee or agent of Defendant VS.

- Defendant VS had no knowledge of Defendant Richard Walter's activity in Oregon at any time and did not authorize or supervise Defendant Richard Walter's activity in Oregon.

- Defendant VS did not deprive Plaintiffs of their rights, privileges, or immunities guaranteed under the U.S. Constitution or federal law.

1.      As to Paragraph 1, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the remaining

DEFENDANT VIDOCQ SOCIETY'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT
(CASE NO. 6:30-CV-01163-MK) – Page 2

allegations and, therefore, denies.

2.      As to Paragraph 2, none of the allegations are directed at Defendant VS and/or the allegations constitute legal conclusions, and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and, therefore, denies.

3.      As to Paragraph 3, none of the allegations are directed at Defendant VS, and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

4.      As to Paragraph 4, none of the allegations are directed at Defendant VS, and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

## II.    PARTIES

5.      As to Paragraph 5, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

6.      As to Paragraph 6, none of the allegations are directed at Defendant VS and also constitute legal conclusions, and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

7.      As to Paragraph 7, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS denies.

8.      As to Paragraph 8, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS denies.

9.      As to Paragraph 9, Defendant VS denies. As it pertains to Defendant VS,

DEFENDANT VIDOCQ SOCIETY'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT
(CASE NO. 6:30-CV-01163-MK) – Page 3

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

Defendant Richard Walter was never employed by Defendant VS nor had authority to act on its behalf.

10.    As to Paragraph 10, Defendant VS admits it is, or was at all times material and relevant to this action, a Pennsylvania, non-profit tax exempt charitable organization. As to the remaining allegations contained in Paragraph 10, Defendant VS denies.  By way of further response, Defendant VS never employed Defendant Richard Walker nor authorized him to act on its behalf.

11.    As to Paragraph 11, Defendant VS denies.  Defendant VS was never employed by the City of Coquille and was never an agent of the City of Coquille.   With respect to the remaining allegations set forth in paragraph 11, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

12.    As to Paragraph 12, none of the allegations are directed at Defendant VS and further the allegations contain legal conclusions to which no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

13.    As to Paragraph 13, none of the allegations are directed at Defendant VS and further the allegations contain legal conclusions to which no response is required.  To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

14.    As to Paragraph 14, none of the allegations are directed at Defendant VS and further the allegations contain legal conclusions to which no response is required.  To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

15.    As to Paragraph 15, none of the allegations are directed at Defendant VS and further the allegations contain legal conclusions to which no response is required.  To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

16.    As to Paragraph 16, none of the allegations are directed at Defendant VS and further the allegations contain legal conclusions to which no response is required.   To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

17.    As to Paragraph 17, none of the allegations are directed at Defendant VS and further the allegations contain of legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies the same.

### III.    JURISDICTION AND VENUE

18.    As to Paragraph 18, the allegations consist solely of legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

19.    As to Paragraph 19, the allegations consist solely of legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

20.    As to Paragraph 20, the allegations consist solely of legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies. the same.

### IV.    FACTUAL ALLEGATIONS

**A.    Background**

21.    As to Paragraph 21, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and therefore denies the same..

22.    As to Paragraph 22, none of the allegations are directed at Defendant VS and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and therefore denies the same.

23.    As to Paragraph 23, none of the allegations are directed at Defendant VS and further contain legal conclusions, and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and therefore denies the same.

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

24.     As to Paragraph 24, none of the allegations are directed at Defendant VS and further consist solely of legal conclusions to which no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and therefore denies the same.

25.     As to Paragraph 25, none of the allegations are directed at Defendant VS further consist solely of legal conclusions to which no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

26.     As to Paragraph 26, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and therefore denies.

27.     As to Paragraph 27, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS denies.

**B.     Freeman's Abduction and Murder**

28.     As to Paragraph 28, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

29.     As to Paragraph 29, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

30.     As to Paragraph 30, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant Vs lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

31.     As to Paragraph 31, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

32.     As to Paragraph 32, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

33.     As to Paragraph 33, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

34.     As to Paragraph 34, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

35.     As to Paragraph 35, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

36.     As to Paragraph 36, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant Vs lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

37.     As to Paragraph 37, none of the allegations are directed at Defendant VS  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and,

therefore denies.

38.    As to Paragraph 38, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

39.    As to Paragraph 39, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

**C.    Evidence of McGuffin's Innocence and Search for Freeman**

40.    As to Paragraph 40, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

41.    As to Paragraph 41, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

42.    As to Paragraph 42, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

43.    As to Paragraph 43, none of the allegations are directed at Defendant VS , and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations, and, therefore denies.

44.    As to Paragraph 44, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and,

therefore denies.

45.     As to Paragraph 45, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations, and, therefore denies.

46.     As to Paragraph 46, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies the same.

47.     As to Paragraph 47, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

**D.     The Faulty and Reckless Initial Investigation into Freeman's Murder**

48.     As to Paragraph 48, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

49.     As to Paragraph 49, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

50.     As to Paragraph 50, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

51.     As to Paragraph 51, none of the allegations are directed at Defendant VS,  and

DEFENDANT VIDOCQ SOCIETY'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT
(CASE NO. 6:30-CV-01163-MK) – Page 9

therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

52.     As to Paragraph 52, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

53.     As to Paragraph 53, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

54.     As to Paragraph 54, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

55.     As to Paragraph 55, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

56.     As to Paragraph 56, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

57.     As to Paragraph 57, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

58.    As to Paragraph 58, none of the allegations are directed at Defendant VS, and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

59.    As to Paragraph 59, none of the allegations are directed at Defendant VS, and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

60.    As to Paragraph 60, none of the allegations are directed at Defendant VS, and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

61.    As to Paragraph 61, none of the allegations are directed at Defendant VS, and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

62.    As to Paragraph 62, none of the allegations are directed at Defendant VS, and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies the same.

63.    As to Paragraph 63, none of the allegations are directed at Defendant VS, and therefore, no response is required. To the extent a response is required, Defendant Vs lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

64.    As to Paragraph 64, none of the allegations are directed at Defendant VS, and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and,

therefore denies.

65.    As to Paragraph 65, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

66.    As to Paragraph 66, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

67.    As to Paragraph 67, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

68.    As to Paragraph 68, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

69.    As to Paragraph 69, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

70.    As to Paragraph 70, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies..

71.    As to Paragraph 71, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks

DEFENDANT VIDOCQ SOCIETY'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT
(CASE NO. 6:30-CV-01163-MK) – Page 12

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

72.    As to Paragraph 72, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

73.    As to Paragraph 73, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

74.    As to Paragraph 74, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies the same.

75.    As to Paragraph 75, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

76.    As to Paragraph 76, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

77.    As to Paragraph 77, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

78.    As to Paragraph 78, none of the allegations are directed at Defendant VS,  and

DEFENDANT VIDOCQ SOCIETY'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT
(CASE NO. 6:30-CV-01163-MK) – Page 13

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

79.     As to Paragraph 79, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS acks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

80.     As to Paragraph 80, none of the allegations are directed at Defendant VS  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

81.     As to Paragraph 81, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

82.     As to Paragraph 82, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

83.     As to Paragraph 83, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

84.     As to Paragraph 84, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

DEFENDANT VIDOCQ SOCIETY'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT
(CASE NO. 6:30-CV-01163-MK) – Page 14

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

85.    As to Paragraph 85, to the extent the allegations are directed to Defendant VS, Defendant VS denies.  Defendant VS specifically denies that it suppressed evidence, or confirmed the presence of DNA.  By way of further response, Defendant VS was in no way involved in the selection, collection, retention, preservation, or any other activity concerning DNA or any other evidence.  As to the remaining allegations concerning other defendants, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

86.    As to Paragraph 86, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

87.    As to Paragraph 87, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

88.    As to Paragraph 88, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

89.    As to Paragraph 89, Defendant VS denies.  Defendant VS had no knowledge and was not aware of any information concerning McGuffin's legal representation.  By way of further response, Defendant VS never questioned McGuffin regarding any matter whatsoever. As to the remaining allegations concerning other defendants, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and therefore denies.

E.    **The Faulty and Reckless Investigation into the "Cold" Case**

90.    As to Paragraph 90, none of the allegations are directed at Defendant VS,  and

therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and therefore denies.

91.     As to Paragraph 91, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

92.     As to Paragraph 92, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

93.     As to Paragraph 93, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

94.     As to Paragraph 94, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

95.     As to Paragraph 95, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

96.     As to Paragraph 96, none of the allegations are directed at Defendant VS  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

97.     As to Paragraph 97, to the extent the allegations are directed to Defendant VS, Defendant VS denies.  As to the remaining allegations concerning other defendants, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

98.     As to Paragraph 98, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies..

99.     As to Paragraph 99, including all subparts (a)-(k),therein, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies..

100.     As to Paragraph 100, none of the allegations are directed at Defendant  VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

101.     As to Paragraph 101, none of the allegations are directed at Defendant,  and therefore, no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

102.     As to Paragraph 102, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

**F.     The Cold Case Investigators' Fabrication and Suppression of Evidence**

103.     As to Paragraph 103, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks

DEFENDANT VIDOCQ SOCIETY'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT
(CASE NO. 6:30-CV-01163-MK) – Page 17

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

sufficient knowledge and information to form a belief as to the truth of the allegations, and therefore denies.

104.     As to Paragraph 104, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

105.     As to Paragraph 105, none of the allegations are directed at Defendant VS  and therefore, no response is required. To the extent a response is required, Defendant VS lacks

106.     As to Paragraph 106, Defendant VS denies.

107.     As to Paragraph 107, Defendant VS denies.

108.     As to Paragraph 108, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

109.     As to Paragraph 109, Defendant VS denies.

110.     As to Paragraph 110, Defendant VS admits that Defendant Walter has been mentioned in a prior federal appellate court case.  As to the remaining allegations, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and therefore denies.

111.     As to Paragraph 111, Defendant VS denies.

112.     As to Paragraph 112, , none of the allegations are directed at Defendant VS, and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

113.     As to Paragraph 113, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and,

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

therefore denies.

114.    As to Paragraph 114, none of the allegations are directed at Defendant VS, and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

115.    As to Paragraph 115, none of the allegations are directed at Defendant VS, and therefore, no response is required. To the extent a response is required, Defendant VS admits that an ABC television program called "20/20" featured a story regarding the death of Leah Freeman.   With respect to any remaining allegations**,** Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

116.    As to Paragraph 116, none of the allegations are directed at Defendant VS, and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

117.    As to Paragraph 117, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

118.    As to Paragraph 118, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

119.    As to Paragraph 119, none of the allegations are directed at Defendant VS, and further, the allegations contain legal conclusions, to which  no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

120.    As to Paragraph 120, none of the allegations are directed at Defendant VS, and

DEFENDANT VIDOCQ SOCIETY'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT
(CASE NO. 6:30-CV-01163-MK) – Page 19

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

therefore, no response is required. To the extent a response is required, Defendant VS admits that an ABC television program called "20/20" featured a story regarding the death of Leah Freeman.   With respect to any remaining allegations, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and therefore denies.

121.   As to Paragraph 121, none of the allegations are directed at Defendant VS, and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

122.   As to Paragraph 122, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

123.   As to Paragraph 123, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies the same.

124.   As to Paragraph 124, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and therefore denies the same.

125.   As to Paragraph 125, to the extent the allegations are directed to Defendant VS, Defendant VS denies.  As to the remaining allegations concerning other defendants, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies the same.

126.   As to Paragraph 126, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and,

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

therefore denies.

127.    As to Paragraph 127, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

128.    As to Paragraph 128, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

129.    As to Paragraph 129, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

130.    As to Paragraph 130, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

131.    As to Paragraph 131, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

132.    As to Paragraph 132, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

133.    As to Paragraph 133, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks

sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

134.    As to Paragraph 134, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

135.    As to Paragraph 135, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

136.    As to Paragraph 136, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS  lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

137.    As to Paragraph 137, to the extent the allegations are directed to Defendant VS, Defendant VS denies.  As to the remaining allegations concerning other defendants, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

138.    As to Paragraph 138, to the extent the allegations are directed to Defendant VS, Defendant VS denies.  As to the remaining allegations concerning other defendants, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

139.    As to Paragraph 139, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant denies the same.

## G.    The Arrest and Defamation of McGuffin for a Crime He Did Not Commit

140.    As to Paragraph 140, to the extent the allegations are directed to Defendant VS,

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

Defendant VS denies.  As to the remaining allegations concerning other defendants, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

141.    As to Paragraph 141, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

142.    As to Paragraph 142, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS  lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

143.    As to Paragraph 143, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

144.    As to Paragraph 144, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

145.    As to Paragraph 145, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

146.    As to Paragraph 146, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

147.    As to Paragraph 147,  Defendant VS denies.  Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and, therefore denies.

148.    As to Paragraph 148, Defendant VS admits in part and denies in part.  Defendant VS admits that "20/20" featured a television story regarding the death of Leah Freeman that was broadcast to the public.  Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and, therefore, denies.

149.    As to Paragraph 149, Defendant VS admits in part and denies in part.  Defendant VS admits that the television program "20/20" featured a story regarding the death of Leah Freeman.  Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and, therefore, denies.

150.    As to Paragraph 150, Defendant VS admits in part and denies in part.  Defendant VS admits that the television program "20/20" featured a story regarding the death of Leah Freeman.  Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and, therefore, denies.

**H.    McGuffin's Wrongful Conviction**

151.    As to Paragraph 151, none of the allegations are directed at Defendant VS, and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

152.    As to Paragraph 152, none of the allegations are directed at Defendant VS, and therefore, no response is required. To the extent a response is required,  Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

153.    As to Paragraph 153, none of the allegations are directed at Defendant VS, and therefore, no response is required. To the extent a response is required,  Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and,

DEFENDANT VIDOCQ SOCIETY'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT
(CASE NO. 6:30-CV-01163-MK) – Page 24

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

therefore, denies.

154.    As to Paragraph 154, none of the allegations are directed at Defendant VS and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

155.    As to Paragraph 155, the allegations contain legal conclusions to which no response is required.  Further, to the extent the allegations are directed to Defendant VS, Defendant VS denies.  To the extent the allegations are directed to the remaining defendants, and a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

156.    As to Paragraph 156, the allegations contain legal conclusions to which no response is required.  Further, to the extent the allegations are directed to Defendant VS, Defendant VS denies.  To the extent the allegations are directed to the remaining defendants, and a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

157.    As to Paragraph 157, the allegations contain legal conclusions to which no response is required.  Further, to the extent the allegations are directed to Defendant VS, Defendant VS denies.  To the extent the allegations are directed to the remaining defendants, and a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

158.    As to Paragraph 158, the allegations contain legal conclusions to which no response is required.  Further, to the extent the allegations are directed to Defendant VS, Defendant VS denies.  To the extent the allegations are directed to the remaining defendants, and a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

159.    As to Paragraph 159, the allegations are not directed at Defendant VS and further contain legal conclusions to which no response is required. To the extent a response is required,

Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

160.    As to Paragraph 160, the allegations are not directed at Defendant VS and further contain legal conclusions to which no response is required. To the extent a response is required, Defendant VS  lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

I.    **McGuffin's "Exoneration"**

161.    As to Paragraph 161, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS  lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

162.    As to Paragraph 162, the allegations not directed at Defendant VS and no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

163.    As to Paragraph 163, the allegations not directed to Defendant VS and no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

164.    As to Paragraph 164, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

165.    As to Paragraph 165, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

166.    As to Paragraph 166,  none of the  allegations are directed to Defendant VS and therefore no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

167.    As to Paragraph 167, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

168.    As to Paragraph 168, none of the allegations are directed at Defendant VS and therefore no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

**J.    McGuffin's Damages**

169.    As to Paragraph 169, to the extent the allegations are directed to Defendant VS, Defendant VS denies.  To the extent the allegations are directed to the remaining defendants, and a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

170.    As to Paragraph 170, to the extent the allegations are directed to Defendant VS, Defendant VS denies.  To the extent the allegations are directed to the remaining defendants, and a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

171.    As to Paragraph 171, to the extent the allegations are directed to Defendant VS, Defendant VS denies.  To the extent the allegations are directed to the remaining defendants, and a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

172.    As to Paragraph 172, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

173.    As to Paragraph 173, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

174.    As to Paragraph 174, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

175.    As to Paragraph 175, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

176.    As to Paragraph 176, to the extent the allegations are directed to Defendant VS, Defendant VS denies.  To the extent the allegations are directed to the remaining defendants, and a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

177.    As to Paragraph 177,  to the extent the allegations are directed to Defendant VS, Defendant VS denies.  To the extent the allegations are directed to the remaining defendants, and a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

178.    As to Paragraph 178,  to the extent the allegations are directed to Defendant VS, Defendant VS denies.  To the extent the allegations are directed to the remaining defendants, and a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

179.    As to Paragraph 179,  to the extent the allegations are directed to Defendant VS, Defendant VS denies.  To the extent the allegations are directed to the remaining defendants, and a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

## V.    CONSPIRACY AMONG AND BETWEEN THE DEFENDANTS

180.    As to Paragraph 180, the allegations contained therein constitute legal conclusions to which no response is required.  To the extent a response is required and the allegations are directed to Defendant VS, Defendant VS denies.  To the extent the allegations are directed to the remaining defendants, and a response is required, Defendant VS lacks

DEFENDANT VIDOCQ SOCIETY'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT
(CASE NO. 6:30-CV-01163-MK) – Page 28

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

181.    As to Paragraph 181, the allegations contained therein constitute legal conclusions to which no response is required.  To the extent a response is required and the allegations are directed to Defendant VS, Defendant VS denies.  To the extent the allegations are directed to the remaining defendants, and a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

182.    As to Paragraph 182, and all subparts (a)-(f) contained therein, the allegations constitute legal conclusions to which no response is required. To the extent a response is required and the allegations are directed to Defendant VS, Defendant VS denies.  To the extent the allegations are directed to the remaining defendants, and a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

183.    As to Paragraph 183, the allegations are not directed at Defendant VS and further contain legal conclusions to which no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

184.    As to Paragraph 184, the allegations constitute legal conclusions to which no response is required. To the extent a response is required and the allegations are directed to Defendant VS, Defendant VS denies.  To the extent the allegations are directed to the remaining defendants, and a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

## VI.    POLICIES AND PRACTICES THAT WERE THE MOVING FORCE BEHIND THE CONSTITUTIONAL VIOLATIONS

185.    As to Paragraph 185, the allegations constitute legal conclusions to which no response is required. To the extent a response is required and the allegations are directed to

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

Defendant VS, Defendant VS denies.  To the extent the allegations are directed to the remaining defendants, and a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

A.      **The Municipal Defendants**

186.    As to Paragraph 186, the allegations are not directed at Defendant VS and no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

187.    As to Paragraph 187, the allegations are not directed at Defendant VS and no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

188.    As to Paragraph 188, the allegations  are not directed at Defendant VS and no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

189.    As to Paragraph 189, the allegations are not directed at Defendant VS and no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

190.    As to Paragraph 190, the allegations are not directed at Defendant VS and no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

191.    As to Paragraph 191, the allegations  are not directed at Defendant VS and no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore,

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

denies.

192.     As to Paragraph 192, the allegations are not directed at Defendant VS and no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

193.     As to Paragraph 193, the allegations are not directed at Defendant VS and no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

194.     As to Paragraph 194, the allegations are not directed at Defendant VS and no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

195.     As to Paragraph 195, the allegations are not directed at Defendant VS and no response is required. To the extent a response is required, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

**B.     Vidocq Society**

196.     As to Paragraph 196, Defendant VS denies.

197.     As to Paragraph 197, Defendant VS denies.

198.     As to Paragraph 198, Defendant VS denies.

199.     As to Paragraph 199, Defendant VS denies.

200.     As to Paragraph 200, Defendant VS denies.

201.     As to Paragraph 201, Defendant VS denies. By way of further response, Defendant VS denies it violated McGuffin's constitutional rights.

202.     As to Paragraph 202, none of the allegations are directed at Defendant VS,  and therefore, no response is required. To the extent a response is required, Defendant VS lacks

DEFENDANT VIDOCQ SOCIETY'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT
(CASE NO. 6:30-CV-01163-MK) – Page 31

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies the same.

203.    As to Paragraph 203, Defendant VS denies.

204.    As to Paragraph 204, Defendant VS denies.

205.    As to Paragraph 205, Defendant VS denies.

206.    As to Paragraph 206, Defendant VS denies. By way of further response, Defendant VS denies it violated McGuffin's constitutional rights.

207.    As to Paragraph 207, Defendant VS denies.

## VII.    FIRST CLAIM FOR RELIEF: 42 U.S.C. § 1983

### (Count 1 – Violation of Fourteenth Amendment)

208.    As to Paragraph 208, Defendant VS incorporates by reference herein its answers set forth above in paragraphs 1 through 207 in their entirety.

209.    As to Paragraph 209, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies. By way of further response Defendant VS specifically denies that it acted under color of law. Defendant VS denies that it acted in the furtherance of any alleged conspiracy. Defendant VS denies any employment relationship with Defendant Walter.  Defendant VS  further denies that it violated McGuffin's constitutional rights.

210.    As to Paragraph 210, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

211.    As to Paragraph 211, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

212.    As to Paragraph 212, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

213.    As to Paragraph 213, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

214.    As to Paragraph 214, the allegations constitute legal conclusions to which no

DEFENDANT VIDOCQ SOCIETY'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT
(CASE NO. 6:30-CV-01163-MK) – Page 32

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

response is required. To the extent a response is required, Defendant VS denies.

215.    As to Paragraph 215, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

216.    As to Paragraph 216, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

217.    As to Paragraph 217, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

### (Count 2 – Malicious Prosecution)

218.    As to Paragraph 218, Defendant VS incorporates by reference herein its answers set forth above in paragraphs 1 through 217 in their entirety.

219.    As to Paragraph 219, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies. Defendant VS denies that it violated McGuffin's constitutional rights.

220.    As to Paragraph 220, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies. Defendant VS denies that it violated McGuffin's constitutional rights.

221.    As to Paragraph 221, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

222.    As to Paragraph 222,  the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies. Defendant VS denies that it violated McGuffin's constitutional rights.

223.    As to Paragraph 223, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

### (Count 3 – Illegal Pretrial Detention Following Issuance of Legal Process)

224.    As to Paragraph 224, Defendant VS incorporates by reference herein its answers set forth above in paragraphs 1 through 223 in their entirety.

225.    As to Paragraph 225, the allegations constitute legal conclusions to which no

response is required. To the extent a response is required, Defendant VS denies.

226.    As to Paragraph 226, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

227.    As to Paragraph 227, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

228.    As to Paragraph 228, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

229.    As to Paragraph 229, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

**(Count 4 – Failure to Disclose Exculpatory Information)**

230.    As to Paragraph 230, Defendant VS incorporates by reference herein their answers set forth above in paragraphs 1 through 229 in their entirety.

231.    As to Paragraph 231, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

232.    As to Paragraph 232, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

233.    As to Paragraph 233, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

234.    As to Paragraph 234, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

235.    As to Paragraph 235, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

236.    As to Paragraph 236, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

**(Count 5 – Failure to Intervene)**

237.    As to Paragraph 237, Defendant VS incorporates by reference herein its answers set forth above in paragraphs 1 through 236 in their entirety.

DEFENDANT VIDOCQ SOCIETY'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT
(CASE NO. 6:30-CV-01163-MK) – Page 34

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

238.    As to Paragraph 238, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

239.    As to Paragraph 239, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

240.    As to Paragraph 240, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

241.    As to Paragraph 241, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

242.    As to Paragraph 242, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

**(Count 6 – Conspiracy)**

243.    As to Paragraph 243, Defendant VS incorporates by reference herein their answers set forth above in paragraphs 1 through 242 in their entirety.

244.    As to Paragraph 244, Defendant VS denies.

245.    As to Paragraph 245, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

246.    As to Paragraph 246, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

247.    As to Paragraph 247, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

248.    As to Paragraph 248, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

249.    As to Paragraph 249, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

250.    As to Paragraph 250, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

DEFENDANT VIDOCQ SOCIETY'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT
(CASE NO. 6:30-CV-01163-MK) – Page 35

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

**(Count 7 – Destruction of Exculpatory Evidence)**

251.    As to Paragraph 251, Defendant VS incorporates by reference herein its answers set forth above in paragraphs 1 through 250 in their entirety.

252.    As to Paragraph 252, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

253.    As to Paragraph 253, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

254.    As to Paragraph 254, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

255.    As to Paragraph 255, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

**(Count 8 – Unconstitutional Policies, Practices, and Customs of the Municipal Defendants and the Vidocq Society)**

256.    As to Paragraph 256, Defendant VS incorporates by reference herein its answers set forth above in paragraphs 1 through 255 in their entirety.

257.    As to Paragraph 257, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies. By way of further response, Defendant VS denies that it violated McGuffin's constitutional rights or caused McGuffin to suffer any harm or injury.

258.    As to Paragraph 258, the allegations constitute legal conclusions and/or are not directed at Defendant VS, to which no response is required. To the extent a response is required, Defendant VS denies.

259.    As to Paragraph 259, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

260.    As to Paragraph 260, the allegations constitute legal conclusions and/or are not directed at Defendant VS, to which no response is required. To the extent a response is required, Defendant VS denies.

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

261.    As to Paragraph 261, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

262.    As to Paragraph 262, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

263.    As to Paragraph 263, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

264.    As to Paragraph 264, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

265.    As to Paragraph 265, the allegations constitute legal conclusions and/or are not directed at Defendant, to which no response is required. To the extent a response is required, Defendant VS denies.

266.    As to Paragraph 266, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

267.    As to Paragraph 267, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

268.    As to Paragraph 268, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

269.    As to Paragraph 269, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

270.    As to Paragraph 270, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

### (Count 9 – Violation of S.M.'s Fourteenth Amendment Rights)

271.    As to Paragraph 271, Defendant VS incorporates by reference herein their answers set forth above in paragraphs 1 through 270 in their entirety.

272.    As to Paragraph 272, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

273.    As to Paragraph 273, the allegations constitute legal conclusions to which no

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

response is required. To the extent a response is required, Defendant VM denies.

274.    As to Paragraph 274, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VM denies.

275.    As to Paragraph 275, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VM denies.

## VIII.    SECOND CLAIM FOR RELIEF

### (State Law – False Imprisonment)

276.    As to Paragraph 276, Defendant VS incorporates by reference herein its answers set forth above in paragraphs 1 through 275 in their entirety.

277.    As to Paragraph 277, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

278.    As to Paragraph 278, Defendant VS lacks sufficient knowledge and information to form a belief as to the truth of the allegations and, therefore, denies.

279.    As to Paragraph 279, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

280.    As to Paragraph 280, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

281.    As to Paragraph 281, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

282.    As to Paragraph 282, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

283.    As to Paragraph 283, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

## IX.    THIRD CLAIM FOR RELIEF

### (State Law – Malicious Prosecution)

284.    As to Paragraph 284, Defendant VS incorporates by reference herein its answers set forth above in paragraphs 1 through 283 in their entirety.

DEFENDANT VIDOCQ SOCIETY'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT
(CASE NO. 6:30-CV-01163-MK) – Page 38

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

285.    As to Paragraph 285, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

286.    As to Paragraph 286, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

287.    As to Paragraph 287, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

288.    As to Paragraph 288, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

289.    As to Paragraph 289, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

290.    As to Paragraph 290, Defendant VS denies.

291.    As to Paragraph 291, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

292.    As to Paragraph 292, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

## X.    FOURTH CLAIM FOR RELIEF

### (State Law – Civil Conspiracy)

293.    As to Paragraph 293, Defendant VS incorporates by reference herein its answers set forth above in paragraphs 1 through 292 in their entirety.

294.    As to Paragraph 294, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

295.    As to Paragraph 295, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

296.    As to Paragraph 296, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

297.    As to Paragraph 297, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

298.    As to Paragraph 298, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

299.    As to Paragraph 299, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

300.    As to Paragraph 300, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

301.    As to Paragraph 301, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

## XI.    FIFTH CLAIM FOR RELIEF

### (State Law – Negligent Training and Supervision Against the Municipal Defendants and the Vidocq Society)

302.    As to Paragraph 302, Defendant VS incorporates by reference herein their answers set forth above in paragraphs 1 through 301 in their entirety.

303.    As to Paragraph 303, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

304.    As to Paragraph 304, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

305.    As to Paragraph 305, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

306.    As to Paragraph 306, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

307.    As to Paragraph 307, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

308.    As to Paragraph 308, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

## XII.    SIXTH CLAIM FOR RELIEF

### (State Law – Intentional Infliction of Emotional Distress)

309.    As to Paragraph 309, Defendant VS incorporates by reference herein its answers set forth above in paragraphs 1 through 308 in their entirety.

310.    As to Paragraph 310, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

311.    As to Paragraph 311, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

312.    As to Paragraph 312, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

313.    As to Paragraph 313, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

## XIII.    SEVENTH CLAIM FOR RELIEF

### (State Law – Negligent and/or Intentional Spoilation of Evidence)

314.    As to Paragraph 314, Defendant VS incorporates by reference herein their answers set forth above in paragraphs 1 through 313 in their entirety.

315.    As to Paragraph 315, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

316.    As to Paragraph 316, and all the subparts (a)-(c) contained therein, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

317.    As to Paragraph 317, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

318.    As to Paragraph 318, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

319.    As to Paragraph 319, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

DEFENDANT VIDOCQ SOCIETY'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT
(CASE NO. 6:30-CV-01163-MK) – Page 41

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

## XIV.  EIGHTH CLAIM FOR RELIEF

### (Attorney Fees Pursuant to 42 U.S.C. § 1988(b))

320.    As to Paragraph 320, Defendant VS incorporates by reference herein its answers set forth above in paragraphs 1 through 319 in their entirety.

321.    As to Paragraph 321, the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant VS denies.

## XV.    JURY DEMAND

Plaintiffs' Second Amended Complaint contains Plaintiffs' jury demand, to which no answer is required of Defendant. To the extent a response is required, Defendant VS denies the same.

## XVI.    PRAYER FOR RELIEF

Plaintiffs' Second Amended Complaint contains Plaintiffs' prayer for relief, to which no answer is required of Defendant. To the extent a response is required, Defendant VS denies the same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

322.    Plaintiffs' have failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Probable Cause Existed for arrest, detention, and prosecution of McGuffin)

323.    Probable cause existed for the arrest, detention, and prosecution of McGuffin.

### THIRD AFFIRMATIVE DEFENSE
### (Fault of Others)

324.    Plaintiffs' damages arising from these claims and causes of action, if any, were solely or substantially caused by the fault of parties over whom Defendant VS had no obligation, duty, or right to control.

DEFENDANT VIDOCQ SOCIETY'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT
(CASE NO. 6:30-CV-01163-MK) – Page 42

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

## FOURTH AFFIRMATIVE DEFENSE
### (Absence of Employment and/or Agency Relationship)

325.    Defendant VS is not and has never been the employer of Defendant Richard Walter nor was Defendant Richard Walter an agent of Defendant VS.  Defendant VS  had no right or authority of control over Defendant Richard Walter.   Accordingly, Defendant VS is not vicariously liable for the actions or conduct of Defendant Richard Walter.

## FOURTH AFFIRMATIVE DEFENSE
### (Intervening/Superseding Causes)

326.    Plaintiffs' alleged damages, if any exist, were the result of causes independent of the purported acts or omissions of Defendant VS,  and such causes were intervening and/or superseding causes, thereby cutting off liability on the part of Defendant VS.

## FIFTH AFFIRMATIVE DEFENSE
### (Contribution)

327.    To the extent that Plaintiffs' claims against Defendant VS are based on the negligence of others, then Defendant VC is entitled to contribution from these additional entities for their proportional share of liabilities, pursuant to ORS 31.800 *et seq*.

## SIXTH AFFIRMATIVE DEFENSE
### (Qualified Immunity)

328.    Plaintiffs' claims may be barred by the doctrine of qualified immunity.

## SEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

329.    Plaintiffs' claims against Defendant VS in whole or in part are barred by the applicable Statute of Limitations.

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

## EIGHTH AFFIRMATIVE DEFENSE
(Personal Jurisdiction)

330.    The court in which this action was filed does not have personal jurisdiction over Defendant VS and accordingly, Plaintiffs' claims against Defendant VS should be dismissed.

## FIRST CROSS-CLAIM AGAINST ALL DEFENDANTS
### (Indemnity/Contribution)

331.    If Plaintiffs suffered injuries or damages as alleged in their Complaint, said allegations being denied, said injuries or damages were caused solely by the negligence, carelessness and/or conduct of Co-Defendants as more particularly set forth in Plaintiffs' Complaint.

332.    The Co-Defendants are  primarily liable for any injury or injuries which may have been sustained by the Plaintiffs, said injuries and damages being denied by answering Defendant VS.

333.     As a result of the matters alleged in the Complaint, answering Defendant VS may be held liable to Plaintiffs, said liability being denied, for all or part of such injuries or damages which Plaintiffs may have sustained, in which event, the Co-Defendants as the parties primarily liable for such injuries and damages are liable to answering Defendant VS by way of contribution and/or indemnification for all such injuries or damages as it may suffered and said answering Defendant VS asserts its right to such indemnity and/or contribution.

334.    Answering Defendant VS demands that judgment be entered in its favor and against all of the parties hereto and/or in its favor and against Co-Defendants, by way of contribution and/or indemnification for the amounts recovered by the Plaintiffs, plus costs.

## **RESERVATION OF RIGHTS**

Defendant VS hereby reserves the right to amend or supplement the affirmative defenses asserted herein and to add cross-claims, counterclaims, and/or third-party claims.

## **PRAYER FOR RELIEF**

WHEREFORE,  having fully answered Plaintiffs' Second Amended Complaint, Defendant VS prays for judgment in its favor as follows:

1. That Plaintiffs' Second Amended Complaint be dismissed with prejudice;

2. That Defendant VS have and recover judgment in its favor;

3. That judgment in Defendant VS' favor include an award for its costs, disbursements and attorney fees pursuant to 42 U.S.C. § 1983 and ORS 20.105 incurred herein; and

4.  For other just and equitable relief deemed appropriate by the court.

DATED this 20th day of March, 2023.

HWS LAW GROUP

BY: */s/Anthony R. Scisciani III*
   */s/Kelsey L. Shewbert*
   */s/Meredith A. Sawyer*
Anthony R. Scisciani III, OSB No. 070013
ascisciani@hwslawgroup.com
Kelsey L. Shewbert, OSB No. 221063
kshewbert@hwslawgroup.com
Meredith A. Sawyer, *pro hace vice*
msawyer@hwslawgroup.com
Substituting Counsel for Defendant Vidocq Society

<u>CERTIFICATE OF SERVICE</u>

I certify under penalty of perjury under the laws of the State of Oregon, that the following is true and correct:

I am employed by the law firm of HWS Law Group.

At all times hereinafter mentioned, I was and am a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On the date set forth below I served the document(s) to which this is attached, in the manner noted on the following person(s):

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| **CO / Plaintiffs**<br>Janis C. Puracal<br>Andrew C. Lauersdorf<br>Maloney Lauersdorf Reiner PC<br>1111 E. Burnside Street, Suite 300<br>Portland, OR 97214 | ☐ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☐ **Via Overnight Mail**<br>☒ **Via Court E-Service, if applicable**<br>jcp@mlrlegalteam.com<br>acl@mlrleaglteam.com |
| **CO / Plaintiffs**<br>David B. Owens, *Pro Hac Vice*<br>Loevy & Loevy<br>100 S. King Street, Suite 100<br>Seattle, WA 98104-2885 | ☐ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☐ **Via Overnight Mail**<br>☒ **Via Court E-Service, if applicable**<br>david@loevy.com |
| **CO / Defendants City of Coquille, City of Coos Bay, Coos County, Craig Zanni, Chris Webley, Eric Schwenninger, Sean Sanborn, Ray McNeely, Kris Karcher, Pat Downing, Mark Dannels, Kip Oswald, Michael Reaves, David Zavala, Anthony Wetmore and Shelly McInnes**<br>Robert E. Franz, Jr.<br>Sarah R. Henderson<br>Law Office of Robert E. Franz, Jr.<br>PO Box 62<br>Springfield, OR 97477 | ☐ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☐ **Via Overnight Mail**<br>☒ **Via Court E-Service, if applicable**<br>rfranz@franzlaw.comcastbiz.net<br>shenderson@franzlaw.comcastbiz.net |
| **CO / Defendants John Riddle, Susan Hormann, Mary Krings and Kathy Wilcox**<br>Jesse B. Davis<br>Todd Marshall<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, OR 97201 | ☐ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☐ **Via Overnight Mail**<br>☒ **Via Court E-Service, if applicable**<br>Todd.marshall@doj.state.or.us<br>Jesse.b.davis@doj.state.or.us |

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

| **C/O Defendant:** Richard Walter | ☐ **Via U.S. Mail** |
|---|---|
| Eric S. DeFreest | ☒ **Via E-Mail** |
| Luvaas Cobb | ☐ **Via Overnight Mail** |
| 777 High Street, Suite 300 | ☒ **Via Court E-Service, if applicable** |
| Eugene, OR 97401 | edefreest@luvaascobb.com |

DATED this 20th day of March, 2023.

_____

Christie Kramer, Legal Assistant/Paralegal

DEFENDANT VIDOCQ SOCIETY'S ANSWER TO
PLAINTIFFS' SECOND AMENDED COMPLAINT
(CASE NO. 6:30-CV-01163-MK) – Page 47

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248