## Janis Puracal

| | |
|---|---|
| **From:** | Davis Jesse B <Jesse.B.Davis@doj.oregon.gov> |
| **Sent:** | Tuesday, October 29, 2024 11:57 AM |
| **To:** | Janis Puracal; Jackie Klein; Brandie Davies; ORDml Kasubhai CRD |
| **Cc:** | Andrew Lauersdorf; Sarah Henderson; Robert Franz jr.; Marshall Todd; Meredith Sawyer; Kelsey L. Shewbert; Rachel Jones; Eric DeFreest; David B. Owens; Cher Vasquez; Theresa Franz; Anthony R. Scisciani III; McCarthy Maureen A; Abby Jenkins; Noemi Sanchez; Laura Coffin; Hoffmeyer Kristen; Caroline Bryant; Burdick Jennifer |
| **Subject:** | RE: McGuffin v. Dannels, et al., Case No. 6:20-cv-01163-MK:  Expert Discovery Items |

This email originated from outside of MLR

Good morning,

The State Defendants provide their position regarding the issues raised in the email exchange below:

State Defendants concur in the parties' request for additional time in which to complete depositions of experts.  State Defendants did not anticipate that plaintiffs would designate so many experts (11), and the time necessary to consider their reports, respond with rebuttal experts as necessary, and prepare for and conduct their plaintiffs' depositions is significant.  The State Defendants just yesterday made their rebuttal expert disclosures, disclosing four additional experts, and State Defendants anticipate that plaintiffs will wish to depose those experts.  Given all counsel's busy schedules over the next month or so, additional time is needed to complete depositions of experts, which number 18 at this point.

At this time, the State Defendants are working toward filing their motion for summary judgment by the current deadline, December 17, 2024.  The State Defendants do anticipate requesting additional time to file dispositive motions, however.  That anticipated request will be based on the greater-than-anticipated time to complete expert discovery, as just described, as well as counsel's trial schedule, which includes a three-day trial scheduled to begin on the dispositive motions deadline itself, December 17.  State Defendants anticipate requesting a 21-day extension of the deadline, up to and including January 7, 2025.  Again, the State Defendants are working with all due speed to comply with the current deadline.

State Defendants join the other defendants' request for an independent medical examination of plaintiffs.

Respectfully,

**Jesse B. Davis**
Senior Assistant Attorney General
Oregon Department of Justice | Civil Litigation Section | Trial Division
100 SW Market Street
Portland, OR 97201
Tel: 503.856.2342
Fax: 971.673.5000

**From:** Janis Puracal <jcp@mlrlegalteam.com>
**Sent:** Monday, October 28, 2024 8:11 AM
**To:** Jackie Klein <Jackie_Klein@ord.uscourts.gov>; Brandie Davies <Brandie_Davies@ord.uscourts.gov>; ORDml Kasubhai CRD <Kasubhai_CRD@ord.uscourts.gov>
**Cc:** Andrew Lauersdorf <acl@mlrlegalteam.com>; Sarah Henderson <shenderson@franzlaw.comcastbiz.net>; Robert Franz jr. <rfranz@franzlaw.comcastbiz.net>; Davis Jesse B <Jesse.B.Davis@doj.oregon.gov>; Marshall Todd <Todd.Marshall@doj.oregon.gov>; Meredith Sawyer <msawyer@hwslawgroup.com>; Kelsey L. Shewbert <kshewbert@hwslawgroup.com>; Rachel Jones <rjones@hwslawgroup.com>; Eric DeFreest <edefreest@luvaascobb.com>; David B. Owens <david@loevy.com>; Cher Vasquez <cv@mlrlegalteam.com>; Theresa Franz <tfranz@franzlaw.comcastbiz.net>; Anthony R. Scisciani III <AScisciani@hwslawgroup.com>; McCarthy Maureen A <Maureen.A.Mccarthy@doj.oregon.gov>; xxAislinnPrice <Aislinn.Price@doj.state.or.us>; Simmons Amy <Amy.Simmons@doj.oregon.gov>; Abby Jenkins <ajenkins@hwslawgroup.com>; Noemi Sanchez <nsanchez@hwslawgroup.com>; Laura Coffin <LCoffin@luvaascobb.com>; Hoffmeyer Kristen <Kristen.Hoffmeyer@doj.oregon.gov>; Caroline Bryant <cbryant@hwslawgroup.com>
**Subject:** RE: McGuffin v. Dannels, et al., Case No. 6:20-cv-01163-MK: Expert Discovery Items

**\*CAUTION EXTERNAL EMAIL\* This email originated from outside of DOJ. Treat attachments and links with caution. \*CAUTION EXTERNAL EMAIL\***

Ms. Klein,

I am adding Ms. Davies to this email thread.

Plaintiffs provide their position in response to the Defendants' requests below.

1. ***Plaintiffs ask the Court to deny the Municipal Defendants' request to extend the deadline for disclosure of expert rebuttal reports.***

Rule 26(a)(2)(D)(ii) requires that expert rebuttal reports be disclosed within 30 days after the other party's expert witness disclosures.  This Court ordered the parties to disclose expert reports by October 7, 2024, and rebuttal reports by October 28, 2024.  [Dkt. No. 256 p.4]  This was the fifth setting of deadlines in this case.  [*See* Dkt. No. 164, Dkt. No. 222, Dkt. No. 233, Dkt. No. 237, Dkt. No. 256]

The Municipal Defendants assert the need for additional time to complete rebuttal reports.  The Defendants allege the reports of Plaintiffs' damages experts are incomplete because they reference information that was not exchanged in discovery and not attached to the reports.  The Municipal Defendants are referring to the working notes of four experts who interviewed Plaintiffs Nicholas McGuffin and S.M.  The parties have referred to the experts as "damages experts":  Dr. Suzanne Best (a psychologist who assessed Mr. McGuffin); Dr. Julie Poehlmann (a psychologist who assessed S.M.); Dr. Leslie Zannella (an academic expert on the socio-economic impact of wrongful conviction); and Dr. Melissa Noel (an academic expert on the socio-economic impact to children of individuals who are incarcerated).

The Municipal Defendants assert that an expert's working notes must be disclosed as part of the report.  Federal courts around the country hold otherwise.  Courts recognize that Rule 26(a)(2)(B)(ii) requires an expert disclosure be accompanied by a written report, and that the report must contain the facts or data considered by the witness in forming them.  The Rule "does not explicitly direct parties to produce the facts or data considered by the expert."  *America's Collectibles Network, Inc. v. Sterling Commerce (Am), Inc.*, No. 3:09-cv-143-TRM-HBG, 2017 U.S. Dist. LEXIS 96799, at \*7 (E.D. Tenn. Apr. 18, 2017).  Rather, courts hold that the Rule "does not require that the expert report contain, or be accompanied by, all working notes or recordings."  *Id.* at \*8 (quoting *Gillespie v. Sears, Roebuck & Co.*, 386 F.3d 21, 34-35 (1st Cir. 2004)).  *See also McDonald v. Sun Oil Co.*, 423 F. Supp. 2d 1114, 1122 (D. Or. 2006), *affirmed in part and reversed in part on other grounds by* 548 F.3d 774 (9th Cir. 2008) (Rule 26(a)(2)(B) "does not require the production of an expert's working notes.").  *See also Whitesell Corp. v. Electrolux Home Prods.*, No. CV 103-050, 2021 U.S. Dist. LEXIS 39023, at \*12 (S.D. Ga. Mar. 2, 2021) ("The Court agrees that Rule 26 does not 'require a party to disclose

all of its expert's notes, calculations, and preliminary analysis."); *Kleiman v. Wright*, No. 18-cv-80176-BLOOM/Rienhart, 2020 U.S. Dist. LEXIS 213482, at *20-21 (S.D. Fla. Nov. 16, 2020) ("'Rule 26 reports are not intended to be a substitute for an expert's trial testimony and can never realistically explore all nuances of the expert's opinions.'  Nor does Rule 26 'require a party to disclose all of its expert's notes, calculations, and preliminary analysis.'  Indeed, 'Rule 26 merely requires the expert report to contain a statement of the data or other information considered by the witness in forming the opinions.  The plain language of the Rule does not require the expert to attach the data or other information to the opinion.") (citations omitted); *W.L. Gore & Assoc. v. C.R. Bard, Inc.*, No. 11-515-LPS-CJB, 2015 U.S. Dist. LEXIS 191654, at *15 (D. Del. Sept. 25, 2015) ("Rule 26(a)(2) does not require that an expert's report contain or be accompanied in the first instance by all of the working notes that underlie its conclusions[.]").

The Municipal Defendants assert that they cannot effectively prepare rebuttal reports without the working notes of Plaintiffs' experts.  Again, federal courts hold otherwise.  Courts recognize that there is no suggestion in the Rule "that an expert report is incomplete unless it contains sufficient information and detail for an opposing expert to replicate and verify in all respects both the method and results described in the report."  *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1121-1122 (D. Colo. 2006).  The purpose of the expert disclosure requirement "is to eliminate surprise and provide the opposing party with enough information regarding the expert's opinions and methodology to prepare efficiently for deposition, any pretrial motions and trial."  *Id.* at 1122.

Moreover, Plaintiffs' damages experts specifically include in their reports a discussion of the facts gleaned from their interviews of Plaintiffs.  Dr. Best and Dr. Poehlmann further include in their reports a full discussion of the psychological tests administered and the results obtained.  And Plaintiffs have agreed to produce the experts' working notes from their interviews pursuant to subpoena, as contemplated by the Rules.  *See Borgman v. Yamaha Motor Corp.*, No. 3:19-cv-0285-HRH, 2022 U.S. Dist. LEXIS 246032, at *11 (D. Alaska June 6, 2022) (quoting *United States v. Bazaarvoice, Inc.*, No. C 13-00133 WHO (LB), 2013 U.S. Dist. LEXIS 101454, at *6 (N.D. Cal. July 18, 2013)) (Rule 26(a)(2)(B) "does not preclude parties from obtaining further information through ordinary discovery tools.").  Federal courts in this district specifically recognize that a subpoena *duces tecum* is an appropriate discovery mechanism to obtain additional documents from a party's expert witness.  *Bazaarvoice*, 2013 U.S. Dist. LEXIS 101454, at *9.  The Municipal Defendants have refused to subpoena the working notes, and, instead, insisted on using the discovery dispute as a means to delay rebuttal reports.  Plaintiffs ask the Court to deny the Defendants' request to extend the deadline for rebuttal reports.

Plaintiffs also note that the Municipal Defendants have indicated a desire to obtain copies of the psychological tests themselves (separate from the experts' working notes).  Those test materials are protected by the companies that create the tests, and the American Psychological Association ethics code requires psychologists "made reasonable efforts to maintain the integrity and security of test materials and other assessment techniques consistent with law and contractual obligations, and in a manner that permits adherence to this Ethics Code."  APA Ethics Code Section 9.11.  Dr. Best has explained to Plaintiffs' counsel that, because of her contract with the testing companies, she must maintain the proprietary nature of the test materials, but she can share the test materials with other psychologists who are qualified to administer the tests.  She cannot, however, share the test materials with counsel.  The concern is that a lawyer may gain access to the test and use that in future cases to prepare a client for evaluation, rendering the tests useless.  To protect the integrity of the test materials while also complying with discovery obligations, Plaintiffs propose to disclose the test materials to a qualified expert for the defense, pursuant to subpoena.  Plaintiffs will disclose the experts' working notes directly to counsel, pursuant to subpoena.

   2. **Plaintiffs ask the Court to deny Vidocq's request to extend the deadline for rebuttal experts in order to conduct an independent medical examination ("IME") of Plaintiffs.**

Plaintiffs ask the Court to deny Vidocq's request to extend deadlines in order to conduct an IME.  First, the request is untimely.  A request for an IME "like all discovery, should be completed before any applicable discovery cutoff."  *Albornoz v. Wal-Mart Associates, Inc.*, No. 1:22-cv-10229-JLT-CDB, 2023 U.S. Dist. LEXIS 196192, at *7 (E.D. Cal. Nov. 1, 2023) (citations omitted).  Courts use their discretion to deny IME requests that are made after the close of fact discovery and after the deadline to disclose rebuttal experts.  *Id.* (denying IME request as untimely); *see also Carlson v. City of Redondo Beach*, No. CV 20-00259-ODW-(AFMx), 2021 U.S. Dist. LEXIS 209606, at *4 (C.D. Cal. Oct. 29, 2021)

(denying IME request as untimely and recognizing that "[e]ven if good cause [for an IME] is shown, a court has discretion whether to order an IME.").  These courts refuse to extend these deadlines when the requesting party exhibits a lack of diligence in pursuing the IME.  *See Albornoz*, 2023 U.S. Dist. LEXIS 196192, at *4.

Any request for an IME in this case should have been made prior to the close of fact discovery on September 30, 2024, because Plaintiffs' emotional distress damages were always at issue.  Plaintiffs alleged emotional distress damages in their original complaint filed on July 20, 2020 [Dkt. No. 1], and then again in the First Amended Complaint filed on October 27, 2021 [Dkt. No. 100], and the Second Amended Complaint filed on January 27, 2023 [Dkt. No. 143].  In each version of the complaint, Plaintiffs included ten paragraphs describing their emotional distress damages, including "psychological pain and suffering."  [Dkt. No. 1 ¶¶ 160-170]  In addition, Plaintiff Nicholas McGuffin was deposed over the course of two days on January 12 and 13, 2023, and Plaintiff S.M. was deposed on July 17, 2023.  Still, Vidocq never once sought an IME.  In fact, just two months ago, the Court held a hearing on August 27, 2024, to discuss "deadlines for the remaining limited discovery" in this case [Dkt. No. 247], and Vidocq never mentioned any intent to request an IME.  *See* Parties' Joint Submission [Dkt. No. 252].  The Court set the deadlines for fact discovery, expert disclosures, and rebuttal disclosures based on the parties' representations about the remaining discovery to be completed.  [Dkt. No. 256]  Vidocq's new proposal to conduct an IME *after* the close of fact discovery and *after* the deadline for disclosure of expert witnesses does not demonstrate sufficient diligence or good cause to extend the deadlines.

Second, the Defendants do not have a right to conduct an IME "by an expert of [their] choosing," as the Defendants request in their email below.  The Court (and not the parties) must order an IME pursuant to Rule 35, and that Rule requires the Court to find that the proposed examiner is "suitably licensed or certified[.]"  Fed. R. Civ. P. 35(a)(1).  Moreover, the Rule requires the requesting party file a motion showing good cause and specifying "the time, place, manner, conditions, and scope of examination, as well as the person or persons who will perform it."  Fed. R. Civ. P. 35(a)(2)(A) and (B).  Vidocq has not filed a motion, shown good cause, or specified any of the details that would allow the Court to consider the request.  Vidocq is requesting an open-ended extension of all deadlines so that it can find an expert, file the motion, await Plaintiffs' response and the Court's order, conduct the examination, and obtain the report – a process that could take months.  Plaintiffs ask the Court to exercise its discretion to deny Vidocq's untimely request that appears to be made solely for the purpose of delay.

3.   ***Plaintiffs ask the Court to deny Defendant Vidocq Society's request to extend the deadline to file motions for summary judgment.***

Defendant Vidocq Society requests the Court extend the deadline for summary judgment.  Vidocq does not explain how depositions of damages experts would impact Vidocq's ability to prepare its motion for summary judgment.  During the last hearing before the Court on August 27, 2024, Vidocq (and the other Defendants) sought to extend the deadlines for discovery and summary judgment far into 2025, and the Court refused.  [Dkt. No. 256]  Vidocq's current request should be viewed as a motion for reconsideration and denied accordingly.

Moreover, during the August 27 hearing, the Defendants informed the Court that they each expect to file multiple motions for summary judgment (either one per Defendant or one per issue).  Based on the Defendants' representations and the Court's scheduling order, Plaintiffs' counsel have blocked off four weeks to respond to the 20+ motions for summary judgment that are coming.  Doing so, however, meant putting off deadlines and trial dates in other cases.  Extending the deadline for summary judgment in this case will impact trial settings in multiple other cases, and Plaintiffs ask the Court to deny the Defendants' request for an indefinite extension.

4.   ***Plaintiffs ask the Court to extend the deadline to conduct depositions of experts, not all "damages discovery."***

In the email below, the Municipal Defendants represent that the parties agreed to request an extension of "damages discovery."  That is not accurate.  Plaintiffs agreed to join a request to extend the deadline for depositions of experts, not to extend all "damages discovery."

4

The Court ordered the parties complete expert discovery by November 15. [Dkt. No. 256 p.4] Given the number of experts at issue, Plaintiffs proposed that the parties request an extension of the deadline to depose all experts by November 30. Plaintiffs proposed specific dates in November on which the experts and the majority of counsel are available to conduct the depositions. *See* Email from Puracal to Counsel, dated October 22, 2024. (The proposed dates aligned with availability for Plaintiffs, the Municipal Defendants, and the State Defendants. Defendants Vidocq and Walter offered only limited availability during the month of November.) The Defendants proposed to extend the deadline to depose the damages experts into December to accommodate scheduling conflicts for the Defendants' counsel, and Plaintiffs agreed. Plaintiffs ask the Court to narrowly extend the deadline to depose the damages experts by December 13. Plaintiffs ask the Court to deny the Defendants' further request to extend all "damages discovery."

Janis



**Janis C. Puracal**
1111 E. Burnside Street, Suite 300
Portland, Oregon 97214
t. 503.664.3641  fx. 503.245.1417

---

**From:** Sarah Henderson <shenderson@franzlaw.comcastbiz.net>
**Sent:** Friday, October 25, 2024 5:51 PM
**To:** Jackie Klein <Jackie_Klein@ord.uscourts.gov>
**Cc:** Andrew Lauersdorf <acl@mlrlegalteam.com>; Robert Franz jr. <rfranz@franzlaw.comcastbiz.net>; Davis Jesse B <jesse.b.davis@doj.state.or.us>; Janis Puracal <jcp@mlrlegalteam.com>; Marshall Todd <todd.marshall@doj.state.or.us>; Meredith Sawyer <msawyer@hwslawgroup.com>; Kelsey L. Shewbert <kshewbert@hwslawgroup.com>; Rachel Jones <rjones@hwslawgroup.com>; Eric DeFreest <edefreest@luvaascobb.com>; David B. Owens <david@loevy.com>; Cher Vasquez <cv@mlrlegalteam.com>; Theresa Franz <tfranz@franzlaw.comcastbiz.net>; Anthony R. Scisciani III <AScisciani@hwslawgroup.com>; McCarthy Maureen A <maureen.a.mccarthy@doj.state.or.us>; Aislinn.Price@doj.state.or.us; Simmons Amy <amy.simmons@doj.state.or.us>; Abby Jenkins <ajenkins@hwslawgroup.com>; Noemi Sanchez <nsanchez@hwslawgroup.com>; Laura Coffin <LCoffin@luvaascobb.com>; Hoffmeyer Kristen <Kristen.Hoffmeyer@doj.oregon.gov>; Caroline Bryant <cbryant@hwslawgroup.com>
**Subject:** McGuffin v. Dannels, et al., Case No. 6:20-cv-01163-MK: Expert Discovery Items

This email originated from outside of MLR

Ms. Klein,

We have a couple of items related to expert discovery that we need the Court's assistance resolving, so we'd like to request a phone conference with Judge Kasubhai at his earliest convenience.

(1) The parties have conferred on prioritizing non-damages witnesses first, and if necessary conducting depositions of damages witnesses into December. To date, Plaintiffs have disclosed a total thirteen experts, eleven of which were retained and provided reports. In addition, the defendants have already disclosed a total of five experts. We expect there will be more once rebuttal disclosures are made. Based on our communication to date, we are looking at deposing most of these individuals. We have made progress scheduling these depositions, but it seems very unlikely that we can complete all of them in the month of November. The Municipal Defendants, Plaintiffs, and Vidocq Society have agreed to this, and we have not heard any objection from the remaining parties. So, we make an

unopposed request for an extension of time to complete damages discovery only past the current deadline for expert discovery. Municipal Defendants do not believe this affects the dispositive motion deadline. Vidocq Society has indicated they may request that deadline be continued. Plaintiffs have indicated they object to any extension of the dispositive motion deadline.

(2) We have been conferring on the need for an extension of time to complete rebuttal expert disclosures for a few reasons: First, the sheer volume of expert material disclosed. Second, and most importantly, Plaintiffs' damages experts have referenced information in their reports that is neither part of the exchanged discovery in this case, nor is it included in the disclosures. Plaintiffs' counsel has indicated that they will not produce this material without a subpoena. Our position is that these materials are included in what must be disclosed under Rule 26(a)(2)(B)(ii) and/or (iii). In order to rebut these witnesses' opinions, we need to see what materials they relied on. Finally, counsel for Vidocq Society has raised in conferral the need for additional time to obtain a psychological evaluation of both plaintiffs by an expert of our choosing, as rebuttal to plaintiffs' expert disclosures. Again, because these are damages experts, an extension of time to complete disclosures need not affect dispositive motions or other deadlines. We'd request assistance on whether we are required to subpoena the materials experts relied on by damages experts, and an extension of time to complete rebuttal disclosures to a reasonable amount of time after we receive those materials.

I believe I've included the issues we have identified in our conferral. If I missed anything, I leave it other counsel to chime in.

Thank you,

_____
**Sarah R. Henderson, OSB#153474**
shenderson@franzlaw.comcastbiz.net
FRANZ & HENDERSON
Attorneys at Law
P.O. Box 62
Springfield, OR 97477
(541) 741-8220
NOTICE OF CONFIDENTIALITY AND ASSERTION OF PRIVILEGES: This e-mail communication contains confidential and/or privileged information, and is published for the use of the intended recipient. If you are not the intended recipient, or if you believe for any reason that you have received this e-mail in error or by mistake, please notify us immediately by reply e-mail, or telephone at (503) 245-1518, and then delete the e-mail. Any copying, dissemination, distribution, or other use of this e-mail communication and/or any attachments by anyone other than the intended recipient is strictly prohibited.
***** CONFIDENTIALITY NOTICE ***** This e-mail may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. If you are not the addressee or it appears from the context or otherwise that you have received this e-mail in error, please advise me immediately by reply e-mail, keep the contents confidential, and immediately delete the message and any attachments from your system. ***********************************