# IN THE CIRCUIT COURT OF THE STATE OF OREGON

# FOR THE COUNTY OF CLACKAMAS

| | |
|---|---|
| GABRIELLA CATO, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>FISHER GOLF GROUP LLC, a<br>domestic limited liability company,<br>dba LEGENDS BAR & GRILL,<br>JACOB SHAFER, an individual,<br>BRYCE FISHER, an individual,<br>HOWARD FISHER, an individual,<br>MARCIA FISHER, an individual,<br>JESSICA MUNOZ, an individual,<br><br>                    Defendants. | Case No.: 22CV07337<br><br>**SUPPLEMENTAL FIRST AMENDED COMPLAINT**<br><br>Retaliation<br>Hostile Work Environment<br>Intentional Infliction of Emotional Distress<br>Intentional Interference with Economic Relations<br>Breach of Contract<br>Defamation Per Se<br><br>**CLAIMS NOT SUBJECT TO MANDATORY ARBITRATION**<br><br>**JURY TRIAL DEMANDED**<br><br>CLAIM FOR $206,047.50 (ORS 21.160(1)(b) |

## NATURE OF THE ACTION

1.

This is an action for whistleblower and civil engagement retaliation, hostile work environment, intentional infliction of emotional distress, intentional interference with economic relations, breach of contract and defamation per se.

2.

The employment practices described herein are alleged to have been committed in Clackamas County, Oregon.

PAGE 1 - COMPLAINT

CRISPIN HANNON MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
(503) 293-5770

McGuffin v Dannels et al. - 6:20-cv-01163-MK
Motion to Quash Subpoena, or in Alternative, Motion to Grant Protective Order
Cambreleng Declaration - Exhibit 2 - Page 1 of 21

**PARTIES**

3.

Plaintiff is an individual residing in Clackamas County, Oregon. At all relevant times she was employed by Defendant Fisher Golf Group LLC dba Legends Bar & Grill.

4.

Defendant Fisher Golf Club LLC ("Fisher Golf Club") is a limited liability company operating in Clackamas County, Oregon with its principal place of business at 28301 S Highway 213, Molalla, OR, 97038, county of Clackamas, State of Oregon. At all relevant times, Fisher employed over 50 persons in the State of Oregon. At all relevant times Fisher wholly owned and operated Arrowhead Golf Club and Legends Bar & Grill ("Legends").

5.

Defendant Jacob Shafer is an individual residing in Clackamas County, Oregon. At all relevant times he was the General Manager of Legends.

6.

Defendant Bryce Fisher is an individual residing in Clackamas County, Oregon. At all relevant times he was the CEO of Fisher Corporation and General Manager and Owner of Arrowhead Golf Club.

7.

Defendant Howard Fisher is an individual residing in Clackamas County, Oregon. At all relevant times he is an Owner of Arrowhead Golf Club and President of Fisher Corporation.

8.

Defendant Marcia Fisher is an individual residing in Clackamas County, Oregon. At all relevant times she is an Owner of Arrowhead Golf Club.

PAGE 2 - COMPLAINT

CRISPIN HANNON MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
(503) 293-5770

McGuffin v Dannels et al. - 6:20-cv-01163-MK
Motion to Quash Subpoena, or in Alternative, Motion to Grant Protective Order
Cambreleng Declaration - Exhibit 2 - Page 2 of 21

**FACTS**

9.

Plaintiff was hired in August of 2019 as Events Supervisor and Lead Server.

10.

Plaintiff was a well-respected employee, and at 58 years old and a supervisor, was looked up to by the other servers, most of whom are 16 to 20-year-old young women.

11.

The young women would tell Plaintiff about things that were bothering them or ask her to assist them if they needed help.

12.

Plaintiff was one of the first people asked back after the pandemic shuttered the doors in 2020 and continued to be relied upon for all major events through the date of her termination.

13.

Plaintiff has never had any discipline prior to her termination and has done her job competently and diligently.

14.

Defendant Schafer was hired as the new general manager in May 2021.

PAGE 3 - COMPLAINT

CRISPIN HANNON MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
(503) 293-5770

McGuffin v Dannels et al. - 6:20-cv-01163-MK
Motion to Quash Subpoena, or in Alternative, Motion to Grant Protective Order
Cambreleng Declaration - Exhibit 2 - Page 3 of 21

15.

Once he was onboard, he hired several of his male friends, including then 39-year-old Nicholas McGuffin as kitchen manager.

16.

Mr. McGuffin had recently been released from nine years in prison after a conviction by a jury for the murder of his ex-girlfriend was overturned.

17.

Shortly after his hire, Mr. McGuffin began sending inappropriate snapchats and other social media posts to the younger female staff.

18.

He sent these girls explicit photos, a video of himself in the shower, and followed a 19-year-old woman to her car and kissed her.

19.

The 19-year-old woman shared what was happening with Plaintiff.

20.

Plaintiff also observed inappropriate behavior by Mr. McGuffin towards a girl who was only 16 years old (Minor 1)

CRISPIN HANNON MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
(503) 293-5770

McGuffin v Dannels et al. - 6:20-cv-01163-MK
Motion to Quash Subpoena, or in Alternative, Motion to Grant Protective Order
Cambreleng Declaration - Exhibit 2 - Page 4 of 21

21.

Upon hearing this report from the 19-year-old girl and witnessing the behavior against Minor 1, Plaintiff immediately reported her concerns to her supervisor, Defendant Shafer, on November 30, 2021.

22.

The following day Plaintiff was made aware that Defendant Shafer had told Mr. McGuffin about the allegations and Mr. McGuffin was making threats against Plaintiff.

23.

When Plaintiff questioned Defendant Shafer as to his disclosure of her reporting, he accused her of being manipulative and bad at her job.

24.

This was just days after Defendant Shafer praised her for doing well in her position, and thanked her for helping teach him parts of his new job.

25.

On December 1, 2021, Plaintiff wrote a letter to human resources, Defendants Bryce and Marcia Fisher, as well as others in upper management, to report the sexual harassment by Mr. McGuffin of the young women and Minor 1, and Defendant Shafer's subsequent behavior.

PAGE 5 - COMPLAINT

CRISPIN HANNON MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
(503) 293-5770

McGuffin v Dannels et al. - 6:20-cv-01163-MK
Motion to Quash Subpoena, or in Alternative, Motion to Grant Protective Order
Cambreleng Declaration - Exhibit 2 - Page 5 of 21

26.

In this letter, Plaintiff asked for a meeting with herself, Defendant Shafer, and others, to discuss how to deal with the harassment and the hostile work environment she was now experiencing due to her report.

27.

The next morning, December 2, Defendant Marcia Fisher was having a function at 9am and specifically requested Plaintiff to work the function. This was not the first time Defendant Marcia Fisher had requested Plaintiff work her event, she had repeatedly had her work events in her home and at Legends because of Plaintiff's customer service skills.

28.

Plaintiff arrived at 8:15am and on the way in, asked Defendant Marcia Fisher if she had seen the email sent the day before. She said she had not. She then asked Plaintiff what the email was about, and Plaintiff reported to her the same concerns in the email. Defendant Marcia Fisher's response was "oh no".

29.

Plaintiff then went into the banquet hall and as she was taking off her coat to help set up, Defendant Shafer told her it was "handled", and she should go home.

PAGE 6 - COMPLAINT

CRISPIN HANNON MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
(503) 293-5770

McGuffin v Dannels et al. - 6:20-cv-01163-MK
Motion to Quash Subpoena, or in Alternative, Motion to Grant Protective Order
Cambreleng Declaration - Exhibit 2 - Page 6 of 21

30.

On the way out of the banquet hall, Plaintiff saw Defendant Howard Fisher and reported to him that Defendant Shafer was sending her home and she was worried because of her reports and possible retaliation. Defendant Howard Fisher did not respond.

31.

After being told to leave, Plaintiff sent a follow-up email:

"So far today has resulted in further frustration and disappointment. This morning I arrived to Arrowhead significantly early in hopes that I would have the previously requested meeting, but unfortunately that did not occur. I had some interaction with some of you today, but none of these interactions resulted in a resolution and should not be considered an actual meeting that pertains to the situation. However, I am committed to doing a great job and did not want to let Marcia down on her big day. I checked in with Jake (very stressful) to work even though my request was not met, and Jake sent me home. This was a further confirmation of the issues that I have already presented, and an increase in the feelings of being devalued and unheard. I would still uphold my request to have a meeting and seek resolution."

32.

Defendant Bryce Fisher responded with assurances that human resources would be investigating that day and the next.

33.

On December 3, Plaintiff was informed that she had been deleted from the scheduling program, effectively terminating her employment.

34.

On December 4, she reached out to Defendant Bryce Fisher asking whether she was terminated and why she had been deleted from the scheduling program.

PAGE 7 - COMPLAINT

CRISPIN HANNON MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
(503) 293-5770

McGuffin v Dannels et al. - 6:20-cv-01163-MK
Motion to Quash Subpoena, or in Alternative, Motion to Grant Protective Order
Cambreleng Declaration - Exhibit 2 - Page 7 of 21

35.

Mr. Fisher responded without confirming her termination, stating only it was a "very unfortunate situation".

36.

Plaintiff again asked if she was terminated with no response.

37.

On December 8, Plaintiff was sent a letter from Cheyenne Williamson, who is both executive assistant and human resources, finding that:

"Human Resources has deemed this incident innocent of any crime in any and all matters. Human Resources has deemed management of Legend's Bar and Grill responsible to work together to reach an outcome with Miss Cato and [individual] that suits the staff involved, and those staff members not involved."

38.

In response, Plaintiff again asked if she was terminated, at which time Ms. Williamson informed her that her employment status was determined by Defendant Shafer.

39.

As of the date of this complaint, several young women who were targeted by Mr. McGuffin have not returned to work due to the sexual harassment, and other females have left over safety and sexual harassment concerns.

PAGE 8 - COMPLAINT

CRISPIN HANNON MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
(503) 293-5770

McGuffin v Dannels et al. - 6:20-cv-01163-MK
Motion to Quash Subpoena, or in Alternative, Motion to Grant Protective Order
Cambreleng Declaration - Exhibit 2 - Page 8 of 21

40.

In addition, Plaintiff purchased table linens for an event which was only reimbursed in part, and Fisher Golf Club has failed to reimburse her for the remainder even after demand was made in writing.

41.

A letter outlining the allegations was sent by counsel January 26, 2022, via email, certified mail, and first-class mail.

42.

Arrowhead Golf Club and Legends are still in operation.

43.

Plaintiffs hereby reserve the right to amend this complaint pursuant to ORS 31.725.

**Supplemental Allegations**

44.

This complaint was filed March 1, 2022.

45.

Since the filing of this complaint, Plaintiff's former manager Jessica Munoz, has been spreading the false and malicious rumor that Plaintiff was fired from Fisher Golf Club for theft.

46.

Plaintiff has been contacted by two former colleagues about this rumor, one who works with Ms. Munoz at her new position in Canby, OR and one who still works for the Fishers.

PAGE 9 - COMPLAINT

CRISPIN HANNON MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
(503) 293-5770

McGuffin v Dannels et al. - 6:20-cv-01163-MK
Motion to Quash Subpoena, or in Alternative, Motion to Grant Protective Order
Cambreleng Declaration - Exhibit 2 - Page 9 of 21

47.

Both were told this lie by Defendant Munoz in her professional capacity and in professional settings.

48.

Defendant Munoz still has a close relationship with the Fisher family.

49.

Upon information and belief, Defendant Munoz told people this lie at the direction of the Fishers to discredit and humiliate Plaintiff and prevent her from obtaining future employment.

50.

Defendant Munoz would have no reason to spread such a lie on her own as Plaintiff and Defendant Munoz have had a cordial and friendly relationship since Defendant Munoz left her supervisory position.

51.

Upon information and belief, Minor 1 is currently engaged in a sexual relationship with Mr. McGuffin which started when Minor 1 was under 18 years of age. Minor 1 may still be under 18 years of age.

52.

Upon information and belief, Defendant Shafer is aware of this illegal sexual relationship as it takes place during working hours and has been observed by other employees at Fisher Golf Club.

PAGE 10 - COMPLAINT

CRISPIN HANNON MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
(503) 293-5770

McGuffin v Dannels et al. - 6:20-cv-01163-MK
Motion to Quash Subpoena, or in Alternative, Motion to Grant Protective Order
Cambreleng Declaration - Exhibit 2 - Page 10 of 21

## DAMAGES

### 53.

Plaintiff is entitled to economic damages incurred as a result of Defendants' actions as alleged herein in an amount to be determined at trial. To date, such economic damages are estimated and alleged, solely for purposes of ORCP 18B, in the amount of $6,047.50.

### 54.

Plaintiff is also entitled to recover noneconomic damages, including physical, emotional, and mental harm, for which she should be compensated in an amount found to be appropriate by a jury based on the evidence presented at trial. Solely for purposes of ORCP 18B, the Plaintiff estimates and alleges such damages in the amount of $200,000.

### 55.

Plaintiff also seeks reasonable attorneys' fees and costs in an amount to be proven at trial.

## FIRST CLAIM FOR RELIEF
### (Retaliation)
### (Against all Defendants)
### Count One: ORS 659A.030(1)(f)

### 56.

Plaintiff incorporates and realleges paragraphs 1 through 56 by reference as though set forth fully herein.

PAGE 11 - COMPLAINT

CRISPIN HANNON MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
(503) 293-5770

McGuffin v Dannels et al. - 6:20-cv-01163-MK
Motion to Quash Subpoena, or in Alternative, Motion to Grant Protective Order
Cambreleng Declaration - Exhibit 2 - Page 11 of 21

57.

It is an unlawful employment practice for any person to discharge, expel or otherwise discriminate against any other person because that person has opposed any unlawful practice under ORS Chapter 659A or has attempted to do so.

58.

Defendants discriminated against plaintiff in the terms and conditions of her employment as alleged herein in retaliation for plaintiff's opposition to, and complaints and reports of, sexual harassment which constitute violations of law, regulation, and rule.

**Count Two: ORS 659A.199**

59.

Plaintiff incorporates paragraphs 1 through 56, as though fully set forth herein.

60.

It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation.

61.

Plaintiff in good faith made reports and complaints relating to violations as alleged herein which constituted protected conduct under ORS 659A.199.

62.

Defendants discriminated against Plaintiff in the terms and conditions of her employment because of such protected conduct in violation of ORS 659A.199.

CRISPIN HANNON MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
(503) 293-5770

McGuffin v Dannels et al. - 6:20-cv-01163-MK
Motion to Quash Subpoena, or in Alternative, Motion to Grant Protective Order
Cambreleng Declaration - Exhibit 2 - Page 12 of 21

**Count Three: ORS 659A.230**

63.

Plaintiff incorporates by reference the allegations of paragraphs 1 through 56, as though fully set forth herein.

64.

It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to the terms, conditions or privileges of employment because the employee in good faith brings a civil proceeding against an employer.

65.

Plaintiff filed her complaint on March 1, 2022.

66.

Defendants retaliated against plaintiff for filing her complaint as alleged herein in violation of ORS 659A.230 and ORS 659A.030(1)(f).

**SECOND CLAIM FOR RELIEF**
**(Hostile Work Environment - ORS 659A.030)**
**(Against All Defendants)**

67.

Plaintiff incorporates and realleges paragraphs 1 through 56 by reference as though set forth fully herein.

PAGE 13 - COMPLAINT

CRISPIN HANNON MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
(503) 293-5770

McGuffin v Dannels et al. - 6:20-cv-01163-MK
Motion to Quash Subpoena, or in Alternative, Motion to Grant Protective Order
Cambreleng Declaration - Exhibit 2 - Page 13 of 21

68.

Defendant Shafer subjected Plaintiff to a hostile work environment through his disclosure of her private reporting to a man convicted of murder who then began making threats against Plaintiff.

69.

Defendant Fisher Golf Club allowed the threats to occur and did not take any action to protect Plaintiff or stop the threats. The threats against Plaintiff were pervasive, severe, offensive, and outrageous.

70.

Defendants' actions had the purpose and effect of creating an intimidating, hostile, and offensive working environment, and had the effect and purpose of unreasonably interfering with Plaintiffs' work, safety, and wellbeing.

71.

The individual Fisher defendants failed to properly investigate, failed to take appropriate action to address Plaintiff's requests for assistance, and instead aided, abetted, and incited the hostile work environment.

### THIRD CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)
### (Against Defendants Shafer and Munoz)

72.

Plaintiff incorporates and realleges paragraphs 1 through 56 by reference as though set forth fully herein.

PAGE 14 - COMPLAINT

CRISPIN HANNON MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
(503) 293-5770

McGuffin v Dannels et al. - 6:20-cv-01163-MK
Motion to Quash Subpoena, or in Alternative, Motion to Grant Protective Order
Cambreleng Declaration - Exhibit 2 - Page 14 of 21

73.

Defendant Shafer's actions in disclosing Plaintiff's complaints and subjecting her to threats from Mr. McGuffin were committed deliberately and intentionally in order to cause Plaintiff severe emotional distress or were undertaken with reckless disregard that Plaintiff would suffer emotional distress.

74.

Defendant Munoz's actions in spreading knowingly false and defamatory statements impugning Plaintiff's reputation were committed deliberately and intentionally in order to cause Plaintiff severe emotional distress or were undertaken with reckless disregard that Plaintiff would suffer emotional distress.

75.

Defendants knew, or should have known, that Plaintiff would suffer severe emotional distress, mental anguish, and fear, and that such distress was substantially certain to result from their conduct.

76.

Defendants intended such a result, and their conduct did, in fact, cause Plaintiff severe emotional distress. Such severe emotional distress is permanent and progressive and as such Plaintiff has suffered and continues to suffer damages as alleged herein.

//

//

//

PAGE 15 - COMPLAINT

CRISPIN HANNON MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
(503) 293-5770

McGuffin v Dannels et al. - 6:20-cv-01163-MK
Motion to Quash Subpoena, or in Alternative, Motion to Grant Protective Order
Cambreleng Declaration - Exhibit 2 - Page 15 of 21

## FOURTH CLAIM FOR RELIEF

### (Intentional Interference with Economic Relations)

### (Against All Defendants)

77.

Plaintiff incorporates and realleges paragraphs 1 through 56 by reference as though set forth fully herein.

78.

Defendant Munoz intended to, and did, interfere in Plaintiff's present and prospective business and/or professional relationships as alleged herein.

79.

Defendant Munoz engaged in this interference at the direction of the other defendants and did so for an improper purpose as alleged herein.

80.

Defendants intended to and did interfere in Plaintiff's business and professional relationships causing damage to Plaintiff's relationships as alleged herein.

## FIFTH CLAIM FOR RELIEF

### (Breach of Contract)

### (Against Defendant Fisher Golf Club)

81.

Plaintiff incorporates and realleges paragraphs 1 through 56 by reference as though set forth fully herein.

82.

Plaintiff made a purchase for her employer with the promise of reimbursement of expenses.

PAGE 16 - COMPLAINT

Crispin Hannon Marton Cambreleng
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
(503) 293-5770

McGuffin v Dannels et al. - 6:20-cv-01163-MK
Motion to Quash Subpoena, or in Alternative, Motion to Grant Protective Order
Cambreleng Declaration - Exhibit 2 - Page 16 of 21

83.

Defendant breached the contract by failing to reimburse the full expenses for items they approved and used.

84.

As a direct, proximate, and foreseeable result of Defendant's breach of this agreement, Plaintiff has suffered economic damages in an amount to be proven at trial, which amount is currently alleged to be $45.70, exclusive of prejudgment interest, costs and attorney's fees.

85.

The dates on which Defendant became responsible for the amount described in paragraph 60 are easily ascertainable. As such, Plaintiff is entitled to prejudgment interest on that amount at the statutory rate of 9% per annum.

## SIXTH CLAIM FOR RELIEF

### (Defamation Per Se)

### (Against the Individual Fisher Defendants and Defendant Munoz)

86.

Plaintiff incorporates and realleges paragraphs 1 through 56 by reference as though set forth fully herein.

87.

The individual Defendants, by and through Defendant Munoz, caused false and defamatory statements to be published in the community, which statements imputed to plaintiff a lack of integrity in the discharge of her profession and represented that plaintiff engaged in illegal activities.

PAGE 17 - COMPLAINT

CRISPIN HANNON MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
(503) 293-5770

McGuffin v Dannels et al. - 6:20-cv-01163-MK
Motion to Quash Subpoena, or in Alternative, Motion to Grant Protective Order
Cambreleng Declaration - Exhibit 2 - Page 17 of 21

88.

Defendants knew the statements were false, and without regard to their falsity, published the statements to many people in the community, including professional relationships of Plaintiff.

89.

These false statements caused plaintiff to be subjected to hatred, contempt, and ridicule, and tended to diminish the esteem, respect, goodwill, or confidence with which plaintiff was held by the community.

90.

Defendants' statements constituted slander per se, for which plaintiff is entitled to an award of damages.

91.

Plaintiff has suffered and continues to suffer severe emotional distress as a result of defendants' conduct and is entitled to recover such non-economic relief as is appropriate by law, to be determined at trial.

92.

Plaintiff is entitled to such compensatory monetary relief as is appropriate by law, to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1.    Economic damages against the defendants as alleged herein,

2.    Non-economic damages against the defendants as alleged herein,

CRISPIN HANNON MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
(503) 293-5770

McGuffin v Dannels et al. - 6:20-cv-01163-MK
Motion to Quash Subpoena, or in Alternative, Motion to Grant Protective Order
Cambreleng Declaration - Exhibit 2 - Page 18 of 21

3.      Attorney fees and costs as allowed by law, as well as prejudgment and post-

judgment interest, and

4.      Any other relief the Court deems just and equitable.


Dated this 9th day of May, 2022.

                              _/s Rebecca Cambreleng_____
                              Rebecca Cambreleng, OSB No. 133209
                              Rebecca@employmentlaw-nw.com
                              Ashley Marton, OSB No. 171584
                              Ashely@employmentlaw-nw.com
                              CRISPIN HANNON MARTON CAMBRELENG
                              1834 SW 58th Avenue, Suite 200
                              Portland, OR 97221
                              (503) 293-5770

PAGE 19 - COMPLAINT

CRISPIN HANNON MARTON CAMBRELENG
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
(503) 293-5770

McGuffin v Dannels et al. - 6:20-cv-01163-MK
Motion to Quash Subpoena, or in Alternative, Motion to Grant Protective Order
Cambreleng Declaration - Exhibit 2 - Page 19 of 21

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**

**FOR THE COUNTY OF CLACKAMAS**

| | |
|---|---|
| **GABRIELLA CATO,** an individual, | Case No.: 22CV07337 |
| Plaintiff, | |
| v. | |
| **FISHER GOLF GROUP LLC**, a domestic limited liability company, dba **LEGENDS BAR & GRILL**, **JACOB SHAFER**, an individual, **BRYCE FISHER**, an individual, **HOWARD FISHER**, an individual, **MARCIA FISHER**, an individual and **JESSICA MUNOZ,** an individual, | **CERTIFICATE OF SERVICE** |
| Defendants. | |

I certify that on May 9, 2022, I served the foregoing SUPPLEMENTAL AMENDED

COMPLAINT upon counsel for the following defendants who accepted service of their

Summons and Complaint on April 7, 2022, a copy of which was filed with the Court the same

day: **FISHER GOLF GROUP LLC**, a domestic limited liability company, dba **LEGENDS**

**BAR & GRILL**, **JACOB SHAFER**, an individual and **BRYCE FISHER**, an individual, all of

whom have accepted service, via electronic mail to: Jessica Lancaster, OSB No. 134151,

jessica.lancaster@chockbarhoum.com, Chock Barhoum LLP, who is not yet a registered user of

the eFile and Serve system.

PAGE 1 – CERTIFICATE OF SERVICE

Crispin Hannon Marton Cambreleng LLC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
(503) 293-5770

McGuffin v Dannels et al. - 6:20-cv-01163-MK
Motion to Quash Subpoena, or in Alternative, Motion to Grant Protective Order
Cambreleng Declaration - Exhibit 2 - Page 20 of 21

The additional defendants HOWARD FISHER, MARCIA FISHER and JESSICA

MUNOZ, will be served within the time allowed by ORS 12.020(2)).

DATED: May 9, 2022.


Crispin Hannon Marton Cambreleng LLC


Jackie Burnett, Sr. Paralegal

CRISPIN HANNON MARTON CAMBRELENG LLC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
(503) 293-5770

McGuffin v Dannels et al. - 6:20-cv-01163-MK
Motion to Quash Subpoena, or in Alternative, Motion to Grant Protective Order
Cambreleng Declaration - Exhibit 2 - Page 21 of 21