Janis C. Puracal, OSB #132288
E-mail: jcp@mlrlegalteam.com
Andrew C. Lauersdorf, OSB #980739
E-mail: acl@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside Street, Ste. 300
Portland, OR 97214
Telephone: (503) 245-1518
Facsimile: (503) 245-1417

David B. Owens, WSBA #53856, *pro hac vice*
E-mail: david@loevy.com
LOEVY & LOEVY c/o
Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
PO Box 85110
Seattle, WA 98145-1110
Telephone: (312) 590-5449

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,<br>            Plaintiffs,<br><br>        v.<br><br>MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMINISTRATOR OF THE ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY,<br>            Defendants. | Civil No. 6:20-cv-01163-MK<br>(Lead Case)<br><br><br>PLAINTIFFS' OPPOSITION TO MOTION TO QUASH SUBPOENA OR GRANT PROTECTIVE ORDER |

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

VIDOCQ SOCIETY,

          Cross-Claimant,

    v.

MARK DANNELS, PAT DOWNING,
SUSAN HORMANN, MARY KRINGS,
KRIS KARCHER, SHELLY MCINNES,
RAYMOND MCNEELY, KIP OSWALD,
MICHAEL REAVES, JOHN RIDDLE, SEAN
SANBORN, ERIC SCHWENNINGER,
RICHARD WALTER, CHRIS WEBLEY,
ANTHONY WETMORE, KATHY WILCOX,
CRAIG ZANNI, DAVID ZAVALA, JOEL D.
SHAPIRO AS ADMINISTRATOR OF THE
ESTATE OF DAVID E. HALL, VIDOCQ
SOCIETY, CITY OF COQUILLE, CITY OF
COOS BAY, and COOS COUNTY

          Cross-Defendants.

NICHOLAS JAMES MCGUFFIN, as an
individual and as guardian *ad litem*, on behalf
of S.M., a minor,

          Plaintiffs,

    v.

OREGON STATE POLICE,

          Defendant.

Civil Case No. 3:21-cv-01719-MK
(Trailing Case)

Plaintiffs respectfully submit this memorandum in opposition to the Motion to Quash

Subpoena, or in the Alternative, Motion to Grant Protective Order, filed by Gabriella Cato

(Cato's Motion) [Dkt. 175]. In support of this memorandum, Plaintiffs rely upon the pleadings

and record herein, the points and authorities set forth below, and the separately filed Declaration

of Andrew C. Lauersdorf in Support of Plaintiffs' Opposition to Motion to Quash Subpoena

(Lauersdorf Decl.), including attached Exhibits.

## I.    **RELIEF REQUESTED**

Plaintiffs request that the Court deny Cato's Motion. Plaintiffs have already agreed not

to question Ms. Cato about, or seek discovery of, her confidential settlement agreement in

Page 2–   PLAINTIFFS' OPPOSITION TO MOTION TO QUASH SUBPOENA OR
          GRANT PROTECTIVE ORDER



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

*Gabriella Cato v. Fisher Golf Group LLC, et al.*, Circuit Court of Oregon for Clackamas County, Case No. 22CV07337 (Cato lawsuit), and there is no basis for the Court to quash the deposition subpoena served upon Ms. Cato.  Defendants have placed Ms. Cato and the allegations in the Cato lawsuit directly at issue in the above-captioned action, and conducted an uninterrupted deposition of Ms. Cato.  Plaintiffs are entitled under the Federal Rules of Civil Procedure to conduct their own deposition of Ms. Cato, and the Cato Motion should be denied accordingly.

## II.    PROCEDURAL POSTURE AND STATEMENT OF FACTS

Defendants in this action have proffered Ms. Cato as a witness regarding Plaintiff Nicholas McGuffin's reputation and Defendants' alleged probable cause for Mr. McGuffin's 2010-2011 arrest and prosecution.[1]  Defendants' proffer of Ms. Cato, and several other witnesses, is based in large part upon inflammatory allegations about Mr. McGuffin in the Cato lawsuit, which Mr. McGuffin adamantly denies.[2]  Defendants issued a deposition subpoena to Ms. Cato for the purpose of questioning her regarding her allegations, her own experiences with Mr. McGuffin, and rumors and other information allegedly reported to Ms. Cato by third parties.[3]  Defendants completed their deposition of Ms. Cato on July 6, 2023.[4]

Ms. Cato appeared without representation for her deposition by Defendants, and answered all of Defendants' deposition questions without interruption or objection.[5]  When Plaintiffs attempted to question Ms. Cato, however, Defendants prompted Ms. Cato to object and, after conversations with Defendants off the record, Ms. Cato refused to proceed without her

---

[1] Dkt. 169, p. 2 (Joint Status Report Regarding Deposition Schedule for Non-Expert Witnesses).

[2] Dkt. 176 at ¶ 4 (Declaration of Rebecca Cambreleng in Support of Motion to Quash Subpoena, or in the Alternative, Motion to Grant Protective Order); Dkt. 176-2 at pp. 4-5, 8, 10, and 14-15 (Supplemental First Amended Complaint in Cato lawsuit).

[3] Dkt. 176 at ¶ 6; Dkt. 176-3 (Transcript of Deposition of Gabriella Cato taken on July 6, 2023).

[4] Dkt. 176-3, pp. 24-25.

[5] *Id.* at pp. 7-25.

Page 3–    PLAINTIFFS' OPPOSITION TO MOTION TO QUASH SUBPOENA OR
           GRANT PROTECTIVE ORDER



MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

own attorney present.[6]  Plaintiffs then served Ms. Cato, on the record, with the deposition subpoena that is the subject of Cato's Motion.[7]

During a recent hearing on discovery issues, including limits on objections and third-party witness coaching in future depositions, this Court advised the parties that, if the issue were presented, the Court would not be inclined to compel discovery of the settlement agreement in the Cato lawsuit.  Based upon this input from the Court, Plaintiffs informed counsel for Ms. Cato of Plaintiffs' agreement not to inquire about or seek discovery of the settlement agreement in the Cato lawsuit.[8]  Nonetheless, Ms. Cato will not sit for deposition or otherwise honor Plaintiffs' subpoena absent a ruling from this Court.[9]

Ms. Cato seeks an order quashing Plaintiffs' subpoena.  As an alternative to the Court quashing Plaintiffs' subpoena, Ms. Cato also moves for a protective order limiting Plaintiffs' questioning to "personal interactions or knowledge of Mr. McGuffin or any knowledge about Mr. McGuffin's underlying lawsuit against Defendants."  This is so, even though Defendants have already been given the opportunity to depose Ms. Cato regarding the allegations in the Cato lawsuit, as well as question Ms. Cato about rumors and gossip from unidentified persons, without any objection or other restriction.  The Federal Rules of Civil Procedure, and fundamental considerations of fairness, entitle Plaintiffs to the same latitude in exploring the evidentiary bases, if any, for the allegations in the Cato lawsuit, Ms. Cato's credibility, and Ms. Cato's testimony during her deposition by Defendants.

///

///

---

[6] *Id.* at pp. 32-34.

[7] *Id.* at pp. 34-35; Dkt. 176 at ¶ 3; Dkt. 176-1 (Subpoena served upon Ms. Cato on July 6, 2023).

[8] Lauersdorf Decl. at ¶ 2, Exhibit 1, p. 2 (email exchange in conferral).  Cato's Motion preceded Plaintiffs' agreement not to seek discovery of the settlement agreement.

[9] *Id.* at Exhibit 1, p. 1.

Page 4–    PLAINTIFFS' OPPOSITION TO MOTION TO QUASH SUBPOENA OR
              GRANT PROTECTIVE ORDER

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

### III.    POINTS AND AUTHORITIES

Ms. Cato has not made, and cannot make, the showing required for quashing Plaintiffs' subpoena or the limitations she seeks.  This Court has already acknowledged, based upon Defendants' representations, that Ms. Cato may possess information relevant to Defendants' affirmative defenses in this action.  The Court has also acknowledged that Plaintiffs have the right, and must be given the opportunity, to develop the record for purposes of moving *in limine* to exclude Ms. Cato and other witnesses from testifying at trial.

Whether or not Plaintiffs' counsel believes that Ms. Cato actually possesses any information or evidence relevant to Defendants' affirmative defenses is beside the point.  To the extent that Ms. Cato may possess relevant information, Plaintiffs are entitled to discovery of that information.  Ms. Cato's own opinions on the relevance of her information, and her broad allegations of burdensomeness and invasion of privacy, are not sufficient to support quashing Plaintiffs' subpoena or limiting discovery.  Cato's Motion should be denied accordingly.

### A.    Fed. R. Civ. P. 45(d)(3) – No Basis to Quash or Modify Subpoena

The right to obtain material pursuant to a Rule 45 subpoena to a third party is as broad as any other right provided by discovery rules.[10]  Fed. R. Civ. P. 45(d)(3)(A) requires a federal district court to quash or modify a subpoena only under certain circumstances, and those circumstances do not exist in this case.  Ms. Cato does not argue that she has not been given a reasonable time to comply with Plaintiffs' subpoena, or that the subpoena requires compliance beyond the geographical limits specified in Fed. R. Civ. P. 45(c).  Nor does Plaintiffs' subpoena require the disclosure of privileged or other protected matter.[11]  Plaintiffs' subpoena does not

---

[10] *Walsh v. Walmart Inc.*, 2023 U.S. Dist. LEXIS 80187, *9 (W.D. Wash. 2023).

[11] Ms. Cato argues that Plaintiffs' subpoena requires the disclosure of a confidential settlement agreement executed by the parties in the Cato lawsuit, but that settlement agreement is neither "privileged" nor "protected" within the meaning of Fed. R. Civ. P. 26 and 45.  *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2015 U.S. Dist. LEXIS 177832, *173 (N.D. Cal. 2015) (courts in the Ninth Circuit have not recognized a federal settlement privilege, and have compelled production of confidential settlement agreements for a variety of purposes, including testing of witness

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

subject Ms. Cato to undue burden either, because she has already proven capable of traveling for and participating in a deposition,[12] and the information Plaintiffs seek is exclusively within Ms. Cato's personal possession and control.

Fed. R. Civ. P. 45(d)(3)(B) also authorizes, but does not require, a federal district court to quash or modify a subpoena in the limited circumstances in which the subpoena requires disclosure of a "trade secret or other confidential research, development, or commercial information," or "an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Plaintiffs' subpoena does not seek disclosure of any trade secret, confidential research, commercial information, or expert opinion.  There is no basis for this Court to quash or modify Plaintiffs' subpoena pursuant to Fed. R. Civ. P. 45(d).

**B.      Fed. R. Civ. P. 26(c) – Ms. Cato Has Not Demonstrated Good Cause to Quash Plaintiffs' Subpoena or Issue the Requested Protective Order.**

Ms. Cato has not met, and cannot meet, the "heavy burden" of demonstrating that the discovery sought by Plaintiffs should be denied or limited.  Fed. R. Civ. P. 26(b) authorizes discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.  "Relevancy" is broadly defined to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.[13]  Information within this scope of discovery need not be admissible in evidence to be discoverable.[14]

///

---

credibility and bias).  In any event, Plaintiffs have already agreed not to seek discovery of the settlement agreement or question Ms. Cato about it. Lauersdorf Decl. at ¶ 2, Exhibit 1, p. 2.

[12] Dkt. 176-3.

[13] *Cedano v. Thrifty Payless, Inc.*, 2011 U.S. Dist. LEXIS 155956, *10 (D. Or. 2011), *citing Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380 (1978).

[14] Fed. R. Civ. P. 26(b)(1).

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

The burden of establishing that discovery is overly broad, unduly burdensome, or not relevant is on the person opposing the discovery.[15]  A person seeking to prevent a deposition carries a heavy burden to show why discovery should be denied.[16]  Absent extraordinary circumstances, it is very unusual for a court to prohibit the taking of a deposition.[17]

Under the liberal discovery principles of the Federal Rules, a person seeking a protective order also carries a heavy burden.[18]  In order to establish the good cause required for issuance of a protective order pursuant to Fed. R. Civ. P. 26(c), the person seeking protection bears the burden of showing that specific prejudice or harm will result if no protective order is granted.[19]  Good cause for a protective order must be established by "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements," and the person seeking protection must assert how, specifically, she will be harmed by the discovery sought.[20]

In the Cato lawsuit, Ms. Cato alleged uncharged criminal conduct and "bad acts" involving Mr. McGuffin, and Defendants have repeatedly demonstrated that they intend to attempt to rely upon Ms. Cato's allegations at trial.  Defendants have also represented to this Court, and this Court has acknowledged, that Ms. Cato's allegations may be relevant to Defendants' affirmative defenses in this action.  To the extent, if any, that there is any evidence supporting Ms. Cato's allegations, Plaintiffs are entitled to discovery of that evidence.  In

---

[15] *Cedano*, 2011 U.S. Dist. LEXIS 155956 at *11.

[16] *Id.*

[17] *Id.*

[18] *Walsh*, 2023 U.S. Dist. LEXIS 80187 at *10, *citing Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

[19] *Cedano*, 2011 U.S. Dist. LEXIS 155956 at *11, *citing Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

[20] *Awosika v. Target Corp.*, 2011 U.S. Dist. LEXIS 158907, *3 (W.D. Wash. 2011), *citing Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16, 101 S. Ct. 2193 (1981); *see also, Walsh*, 2023 U.S. Dist. LEXIS 80187 at *10, *citing Beckman Indus., Inc.*, 966 F.2d at 476 ("broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test").

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

addition, Plaintiffs are entitled to discovery of information regarding Ms. Cato's credibility, including evidence that may be used to impeach Ms. Cato on cross-examination if she is called to testify at trial.[21]

In support of Cato's Motion, Ms. Cato offers little more that her own opinions on the relevance of the discovery sought,[22] the fact that she was already deposed by Defendants,[23] and her own conclusions regarding Plaintiffs' counsel's motives for pursuing Ms. Cato's deposition.[24] Ms. Cato points out that Fed. R. Civ. P. 26(c)(1)(D) authorizes the Court to issue a protective order to protect a person from annoyance, embarrassment, oppression, or undue burden or expense, but offers no specific and particular demonstration of annoyance, embarrassment, oppression, undue burden, or other prejudice or harm that will result if no

---

[21] *Walsh*, 2023 U.S. Dist. LEXIS 80187 (denying motion for protective order based upon general allegations of harm where discovery sought was relevant to credibility); *Estrada v. Avalon Health Care Hearthstone, LLC*, 2022 U.S. Dist. LEXIS 150008, *5 (D. Or. 2022) (subpoena legitimately used for discovery of information regarding credibility); *Mort v. Brennan*, 2020 U.S. Dist. LEXIS 175924, *12 (E.D. Cal. 2020) (the admissibility, or lack thereof, of evidence regarding character or credibility is not a basis to resist discovery of such evidence under Fed. R. Civ. P. 26(b)(1)); *Walls v. City of New York*, 502 F. Supp. 3d 686, 692 (E.D.N.Y. 2020) (police personnel records presumptively relevant and discoverable for potential use under Fed. R. Evid. 607 and 608(b)); *Altman v. New Pub. Sch. Dist.*, 2017 U.S. Dist. LEXIS 2515, * (S.D.N.Y. 2017) (evidence of a witness's character for truthfulness may be admissible under Fed. R. Evid. 607 and 608, and evidence of a "potential propensity for falsehoods is certainly relevant to [* * *] credibility"), *citing Vichare v. AMBAC Inc.*, 106 F.3d 457, 468 (2nd Cir. 1996) (collecting cases supporting the use of prior false statements on cross-examination of witnesses to show lack of credibility); *Martinez v. City of Chicago*, 2016 U.S. Dist. LEXIS 84231, *26 (N.D. Ill. 2016) (statements in prior judicial proceedings relevant and admissible for purposes of Fed. R. Evid. 608(b)); *Hubbard v. Hougland*, 2014 U.S. Dist. LEXIS 36194, *13 (E.D. Cal. 2014) (party not barred by rules of evidence from developing potential impeachment evidence in discovery, including specific instances of past conduct that are relevant to truthfulness); *Moore v. Richmond Police Dep't*, 497 Fed. Appx. 702 (9th Cir. 2012) (holding that evidence of prior false statements to police is relevant and admissible for purposes of Fed. R. Evid. 608(b)).

[22] Dkt. 175, p. 4 (Cato's Motion).

[23] *Id.* at pp. 4-5.

[24] *Id.* at pp. 2-3 and 5-6. To the extent that any response is required to Ms. Cato's allegations regarding "Mr. Lauersdorf," Plaintiffs deny Ms. Cato's allegations and dispute the accuracy of the representations set forth at ¶ 9 of Dkt. 176. Lauersdorf Decl. at ¶ 3.

Page 8–    PLAINTIFFS' OPPOSITION TO MOTION TO QUASH SUBPOENA OR
          GRANT PROTECTIVE ORDER

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

protective order is issued.  Ms. Cato has not carried her heavy burden or demonstrated good cause for an order prohibiting or limiting the discovery sought by Plaintiffs.

### C.      Ms. Cato's Reliance on the Litigation Privilege is Misplaced.

Ms. Cato's suggestion that the litigation privilege prohibits Plaintiffs from seeking discovery from Ms. Cato is incorrect.  The "litigation privilege" insulates parties and their attorneys from liability for defamation and similar torts based on statements made in the course of or incident to judicial proceedings.[25]  The litigation privilege does not, however, prohibit a party from seeking or obtaining discovery of facts or circumstances alleged in litigation.[26] Applying the litigation privilege to prohibit parties from seeking discovery of facts alleged in a pleading, or from questioning the credibility of allegations in a pleading, would undermine Fed. R. Civ. P. 26 and make the defense of any lawsuit impracticable.

Plaintiffs are not suing Ms. Cato for defamation or any other tort, and have no interest in doing so.  Plaintiffs are simply seeking discovery of the evidentiary basis, if any, for the "facts" alleged in the Cato lawsuit, which Defendants are attempting to use against Plaintiffs in this action.  The litigation privilege cannot be used to hide such evidence.[27]  Ms. Cato has offered no authority suggesting otherwise, and Plaintiffs have not found even a whiff of such authority.  To the extent that Cato's Motion relies on the litigation privilege as a basis for denying Plaintiffs the discovery Plaintiffs are seeking, the motion should be denied.

### IV.      CONCLUSION

There is no basis for the Court to quash or modify Plaintiffs' subpoena pursuant to Fed. R. Civ. P. 45(d), and Ms. Cato has not carried her heavy burden or made the showing required

---

[25] *Mantia v. Hanson*, 190 Or. App. 412, 79 P.3d 404, 408 (2003).

[26] Even if it did, Ms. Cato would have waived that privilege when she did not assert it while being deposed by Defendants in this action.

[27] *See, e.g., Taylor v. Good (In re Taylor)*, 2016 Bankr. LEXIS 4243, *12 (B.A.P. 9th Cir. 2016) (debtor's argument that "litigation privilege" prohibited court from considering statements made by debtor in discovery rejected as frivolous).

Page 9–  PLAINTIFFS' OPPOSITION TO MOTION TO QUASH SUBPOENA OR
        GRANT PROTECTIVE ORDER

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

for the Court to issue an order pursuant to Fed. R. Civ. P. 26(c).  In addition, the litigation

privilege does not apply to prohibit or limit discovery.  Cato's Motion should be denied.

DATED:  July 25, 2023

| MALONEY LAUERSDORF REINER PC | LOEVY & LOEVY |
|---|---|
| By /s/ Andrew C. Lauersdorf<br>  Janis C. Puracal, OSB #132288<br>  E-Mail:  jcp@mlrlegalteam.com<br>  Andrew C. Lauersdorf, OSB #980739<br>  E-Mail:  acl@mlrlegalteam.com | By /s/ David B. Owens<br>  David B. Owens, WSBA #53856<br>  E-Mail:  david@loevy.com<br>  *Pro hac vice* |

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

# CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2023, the foregoing PLAINTIFFS' OPPOSITION TO MOTION TO QUASH SUBPOENA OR GRANT PROTECTIVE ORDER was served on the following parties at the following address by sending to them a true copy thereof via the method indicated below:

| | |
|---|---|
| Robert E. Franz, Jr.<br>Sarah R. Henderson<br>Law Office of Robert E. Franz, Jr.<br>PO Box 62<br>Springfield, OR 97477<br>rfranz@franzlaw.comcastbiz.net<br>shenderson@franzlaw.comcastbiz.net<br>    *Attorneys for Defendants*<br>    *City of Coquille, City of Coos Bay, Coos*<br>    *County, Craig Zanni, Chris Webley, Eric*<br>    *Schwenninger, Sean Sanborn, Ray McNeely,*<br>    *Kris Karcher, Pat Downing, Mark Dannels,*<br>    *Kip Oswald, Michael Reaves, David Zavala,*<br>    *Anthony Wetmore, Shelly McInnes* | Jesse B. Davis<br>Todd Marshall<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>todd.marshall@doj.state.or.us<br>jesse.b.davis@doj.state.or.us<br>    *Attorneys for Defendants Oregon State*<br>    *Police, John Riddle, Susan Hormann,*<br>    *Mary Krings, Kathy Wilcox* |
| Anthony R. Scisciani III<br>Kelsey L. Shewbert<br>Meredith A. Sawyer<br>Rachel Jones<br>HWS Law Group<br>101 SW Main Street, Suite 1605<br>Portland, OR 97204<br>ascisciani@hwslawgroup.com<br>kshewbert@hwslawgroup.com<br>msawyer@hwslawgroup.com<br>rjones@hwslawgroup.com<br>  *Attorneys for Defendant Vidocq Society* | Eric S. DeFreest<br>Laura E. Coffin<br>Luvaas Cobb<br>777 High Street, Ste. 300<br>Eugene, OR 97401<br>edefreest@luvaascobb.com<br>lcoffin@luvaascobb.com<br>    *Attorneys for Defendant Richard Walter* |

☒ by electronic means through the Court's ECF System on the date set forth above.

☐ by mailing a full, true and correct copy thereof in a sealed, first-class postage paid envelope, addressed to the attorneys as shown above, and deposited with the United States Postal Office at Portland, Oregon on the date set forth above.

☐ by emailing to each of the foregoing a copy thereof to the email address above.

MALONEY LAUERSDORF REINER PC


By  /s/Andrew C. Lauersdorf
    Andrew C. Lauersdorf, OSB #980739
    E-Mail:  acl@mlrlegalteam.com
Attorneys for Plaintiffs

Page 1– CERTIFICATE OF SERVICE



MALONEY | LAUERSDORF | REINER PC<br>ATTORNEYS AT LAW<br>1111 E. Burnside Street, Ste. 300<br>Portland, Oregon  97214<br>Telephone: 503.245.1518<br>Facsimile: 503.245.1417