UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,<br><br>  Plaintiff,<br><br>v.<br><br>MARK DANNELS; PAT DOWNING; SUSAN HORMANN; MARY KRINGS; KRIS KARCHER; SHELLY MCINNES; RAYMOND MCNEELY; KIP OSWALD; MICHAEL REAVES; JOHN RIDDLE; SEAN SANBORN, ERIC SCHWENNINGER; RICHARD WALTER; CHRIS WEBLEY; ANTHONY WETMORE; KATHY WILCOX; CRAIG ZANNI; DAVID ZAVALA; JOEL D. SHAPIRO, as Administrator of the Estate of David E. Hall; VIDOCQ SOCIETY; CITY OF COQUILLE; CITY OF COOS BAY; and COOS COUNTY,<br><br>  Defendants. | Case No. 6:20-CV-01163-MK (Lead Case)<br>3:21-cv-01719-MK (Trailing Case)<br><br>**ORDER ON MOTION TO QUASH SUBPOENA, OR IN THE ALTERNATIVE, MOTION TO GRANT PROTECTIVE ORDER** |

Page 1 — ORDER

**KASUBHAI,** United States Magistrate Judge:

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

Plaintiffs' action arises out of the allegedly wrongful arrest and prosecution of Plaintiff Nicholas McGuffin (Plaintiff). Pl.'s Sec. Am. Compl., ECF No. 143. In support of the affirmative defense of probable cause, Defendants proffered Gabriella Cato as a third-party witness regarding Plaintiff's reputation. Joint Status Report Regarding Deposition Schedule for Non-Expert Witnesses 2, ECF No. 169. In an unrelated civil action, in which Plaintiff was not a party, Ms. Cato alleged that she was wrongfully terminated after reporting Plaintiff's allegedly inappropriate workplace behavior towards other female employees, which Plaintiff here denies. *Gabriella Cate v. Fisher Golf Group LLC, et al.*, Circuit Court of Oregon for Clackamas County, Case No. 22CV0337 (Retaliation Lawsuit); Pl.'s Resp. in Opp. to Mot. to Quash (Pl.'s Opp.), 3, ECF No. 178. Subject to a confidentiality agreement, Ms. Cato and her former employer settled the Retaliation Lawsuit. Mot. to Quash 2, ECF No. 175. In the present action, Defendants deposed Ms. Cato regarding her allegations and knowledge of Plaintiff's behavior during her employment. Transcript of Deposition of Gabriella Cato taken on July 6, 2023 22–24, ECF No. 176-3. However, when Plaintiffs began questioning Ms. Cato about her allegations and the terms of her settlement agreement, Ms. Cato refused to proceed without the presence of her own attorney. *Id.* at 32–34. Plaintiffs then served Ms. Cato with the deposition subpoena which is the subject of this Order. Subpoena of Ms. Cato, ECF No. 176-1.

Ms. Cato moves the Court to quash the subpoena, or in the alternative, she seeks a protective order limiting the line of Plaintiffs' questioning to personal interactions or knowledge of Plaintiff or any knowledge about Plaintiff's underlying lawsuit against Defendants. Mot. to Quash 6. Plaintiffs oppose the motion and assert that, following a recent hearing on discovery

Page 2 — ORDER

issues which followed Ms. Cato's Motion, Plaintiffs agreed not to question Ms. Cato about, or seek discovery of, the settlement agreement in the Retaliation Lawsuit. Lauersdorf Decl. 2, ECF No. 179.

For the foregoing reasons, the motion to quash the subpoena or in the alternative, to grant a protective order is DENIED in part and GRANTED in part.

## LEGAL STANDARD

"A party's right to obtain material pursuant to a Rule 45 subpoena to a third party is as broad as otherwise permitted under the discovery rules." *Abu v. Piramco SEA-TAC, Inc.*, No. C08-1167-RSL, 2009 U.S. Dist. LEXIS 12626, 2009 WL 279036, at *1 (W.D. Wash. Feb. 5, 2009). Accordingly, a Rule 45 subpoena is subject to the same scope of discovery as defined in Federal Rule of Civil Procedure 26. *R. Prasad Indus. v. Flat Irons Env't Sols. Corp.*, No. CV-12-08261-PCT-JAT, 2014 WL 2804276, at *2 (D. Ariz. June 20, 2014), *citing* Fed. R. Civ. P. 45(d)(a) advisory committee's note to the 1970 Amendment.

Fed. R. Civ. P. 26(b)(1) entitles each party to discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The Court has broad discretion to determine relevancy for the purposes of Rule 26(b)(1). *Goolsby v. Raney*, 483 F. App'x 326, 329 (9th Cir. 2012). "Information within th[e] scope of discovery need not be admissible at in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Discovery of a matter may be relevant for its potential use at trial "to impeach a witness on cross-examination." *Awosika v. Target Corp.*, No. C11-0185-RSM, 2011 U.S. Dist. LEXIS 158907, 2011 WL 13048452, at *3 (W.D. Wash. May 26, 2011). However, even if a discoverable matter is relevant, on timely motion, the issuing court must quash or modify a subpoena that "requires

disclosure of privileged or other protected matter . . . [or] subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv).[1]

## DISCUSSION

**The Motion to Quash**

Plaintiffs' subpoena does not require the "disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(d)(3)(A)(iii). Under Oregon law, the "litigation privilege" protects parties and their attorneys from "the threat of retaliatory litigation stemming from parties' efforts to vindicate their rights." *Chase v. Gordon, Aylworth & Tami, P.C.*, No. 3:18-CV-00568-AC, 2020 WL 1644310, at *7 (D. Or. Feb. 14, 2020), *report and recommendation adopted*, No. 3-18-CV-0568-AC, 2020 WL 3977608 (D. Or. July 14, 2020). The litigation privilege protects a party from liability for defamation and other related suits; it is not a limitation on the discovery of information relating to allegations in a complaint. *Mantia v. Hanson*, 79 P.3d 404, 408 (2003); *see e.g., Taylor v. Good (In re Taylor)*, 2016 Bankr. LEXIS 4243, *12 (B.A.P. 9th Cir. 2016) (rejecting argument that "litigation privilege" prohibited court's consideration of statements made in discovery). Here, Ms. Cato is not a party in the action. The subpoena is directed at gathering information to oppose Defendants' potential affirmative defense, not imposing liability on Ms. Cato for allegations in the Retaliation Lawsuit. Further, Plaintiffs have agreed not to seek discovery of Ms. Cato's confidential settlement agreement or question her about it. Accordingly, the subpoena does not require disclosure of privileged information or other protected matters.

Nor does Plaintiffs' subpoena subject Ms. Cato to an "undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "[A] subpoena seeking completely irrelevant information might be quashed as unduly burdensome." *Bokenfohr v. Gladen*, No. 3:17-CV-01870-BR, 2018 WL 3364659, at *3

---

[1] Additional reasons for quashing a subpoena under Rule 45 are not applicable here.

(D. Or. July 10, 2018) (quotation omitted). However, "[r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Cedano v. Thrifty Payless, Inc.*, 2011 U.S. Dist. LEXIS 155956, *23 (D. Or. 2011). Because Ms. Cato's allegations in the Retaliation Lawsuit may be relevant to Defendants' affirmative defenses in this action, Plaintiffs are entitled to the discovery of information related to those allegations. Additionally, because Defendants may call Ms. Cato to testify at trial, Plaintiffs are entitled to the discovery of information that could be used for impeachment purposes. *See Walsh v. Walmart Inc.*, 2023 U.S. Dist. LEXIS 80187, *12–13 (W.D. Wash. 2023) (denying motion to quash based on subpoena's relevance to defendant's affirmative defense and impeachment purposes). Plaintiffs' subpoena does not seek irrelevant information and is therefore not unduly burdensome. Accordingly, the motion to quash the subpoena is denied.

**The Motion for a Protective**

The Plaintiffs offer they "will not ask questions about or seek discovery of [Ms. Cato's] settlement agreement." Lauersdorf Decl. 2. However, Plaintiffs do not agree to forego questions about the allegations in the Retaliation Lawsuit and do not agree to forego questions that may discredit those allegations or challenge Ms. Cato's credibility. *Id.* The Court accepts Plaintiffs' limitation of the scope of questioning and grants the motion for a protective order consistent with these limitations. Plaintiffs are to draft a proposed protective order and submit it to the Court for consideration.

**ORDER**

      Ms. Cato's motion to quash the subpoena or in the alternative, to grant a protective order (ECF No. 175) is DENIED in part and GRANTED in part.

IT IS SO ORDERED.
DATED this 8th day of September 2023.

                                                s/ Mustafa T. Kasubhai
                                                MUSTAFA T. KASUBHAI (He / Him)
                                                United States Magistrate Judge