Anthony R. Scisciani III, OSB No. 070013
Kelsey L. Shewbert, OSB No. 221063
Meredith A. Sawyer, *Pro Hac Vice*
Rachel C. Jones, OSB No. 231399
HWS LAW GROUP
101 SW Main Street, Suite 1605
Portland, OR 97204
Phone: (503) 542-1200
Fax: (503) 542-5248
ascisciani@hwslawgroup.com
kshewbert@hwslawgroup.com
msawyer@hwslawgroup.com
rjones@hwslawgroup.com
*Attorneys for Defendant Vidocq Society*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem,* on behalf of S.M., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMINISTRATOR OF THE ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY,<br><br>Defendants. | NO. 6:20-CV-01163-MK<br><br>VIDOCQ SOCIETY'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL |

VIDOCQ SOCIETY'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL
(CASE NO. 6:20-CV-01163-MK) – Page 1

HWS LAW GROUP
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

## I.   INTRODUCTION/ REPLY STATEMENT OF FACTS

Now comes Defendant Vidocq Society with this consolidated brief, in Opposition to Plaintiffs' Motion to Compel and as a Reply in support of its Motion to for Protective Order. By its Motion for Protective Order, Vidocq Society demonstrated its role in the Leah Freeman investigation was very limited and that nothing from its consultation was used in Mr. McGuffin's prosecution.  Plaintiffs' Motion to Compel did not present anything to contest this characterization of Vidocq Society's role.

## II.   EVIDENCE RELIED UPON

This brief is based upon the legal authority cited herein and all pleadings and documents filed with the Court, including Vidocq's Motion for Protective Order and Plaintiffs' Motion to Compel.

## III.   AUTHORITY AND ARGUMENT

**A.   The Documents Are Neither Relevant nor Proportional to the Needs of the Case.**

Pursuant to FRCP 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . ." However, the court must limit the frequency or extent of discovery if it determines that it is outside the scope of FRCP 26(b)(1).[1] Thus, if proposed discovery is not relevant to a party's claim, it is outside the scope of discovery and the court must apply limitations.  Plaintiffs claim the documents are relevant to the *Monell* claim against Vidocq due to their alleged actions under color of law. However, the proposed discovery is 1) not relevant to any viable claim; and 2) protected from discovery by the First Amendment.

//

//

---

[1] FRCP 26(b)(2)(C)(iii).

VIDOCQ SOCIETY'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL
(CASE NO. 6:20-CV-01163-MK) – Page 2

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

1.   **Vidocq Society's Case Synopsis List**

Plaintiffs argue that Vidocq's Case Synopsis List is relevant to their *Monell* claims. This discovery request is extremely broad, as it details confidential facts in cases spanning over 33 years that have no relation to the Leah Freeman investigation. Plaintiffs cite *Henry v. County of Shasta* to support their argument and specifically, Plaintiffs argue that *Henry* illustrates that courts "routinely permit discovery of pre- and post- incident events."[2] This argument ignores that *Henry* has no application whatsoever to the claims against Vidocq Society in this case.

*Henry* has a very specific fact-pattern that is not analogous to this case. In *Henry*, municipal defendants (staff of a county jail and police officers), through their power and control as state actors, violated the Defendant's constitutional rights and mistreated him to extreme lengths. At issue in that case were two declarations produced by individuals named Burns and May, both of whom were arrested and put in Shasta County Jail, just like Mr. Henry. All three men claim they were treated very similarly: they asked for an attorney but were denied; they were then put in a "rubber room" without a toilet or heat and held without due process.[3] May's arrest occurred two months after Henry's arrest, and Burns' arrest occurred two or three months after Henry filed the lawsuit.[4] The Court held that the "close proximity in time of the two events" helped support Henry's claim that his treatment and "widespread pattern of abuse" was in accordance with the county policy.[5]

Plaintiffs cannot credibly argue that the municipal defendants in *Henry* are in an analogous position to Vidocq Society. First, the municipal defendants in *Henry* were just that – municipal defendants, with authority to detain. Vidocq is a pro bono organization made up

---

[2] <u>Plaintiffs' Motion to Compel</u>, Dkt. No. 190 at 6.
[3] *Id.*
[4] *Id.*
[5] *Id.* at 519, 521.

VIDOCQ SOCIETY'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL
(CASE NO. 6:20-CV-01163-MK) – Page 3

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

of volunteers, many of whom are retired and elderly. Vidocq Society has no governmental or other power to control or even influence such things as the handling of evidence, the investigation of a crime, or the prosecution of a criminal defendant before a jury.

Further, the court in *Henry* relied on the information from Burns and May because it demonstrated a "policy" within Shasta County Jail that impacted constitutional rights. There is no evidence that any pattern or policy that possibly could be demonstrated through the case synopsis list requested by plaintiffs here.

Secondly, under *Monell*, a defendant can only be liable if its policies are the "moving force [behind] the constitutional violation."[6] Plaintiffs have failed to present anything to suggest that Vidocq Society was a force behind anything characterized as a constitutional violation, let alone a "moving" force. District Attorney Paul Frasier confirmed in deposition that Vidocq Society had no direct or proximate cause in the indictment, arrest, or prosecution of Mr. McGuffin.

After Mr. Frasier presented the Leah Freeman case to Vidocq Society, he determined that Vidocq Society did not give Oregon law enforcement any useful advice.[7] Frasier testified in his recent deposition that all Vidocq Society members could provide were words of encouragement and the suggestion law enforcement was "going down the right track."[8] In fact, Mr. Frasier stated that he did not learn anything at the luncheon that affected or influenced, or otherwise had any bearing upon, the investigation or eventual prosecution of the case against Mr. McGuffin, aside from words of encouragement.[9] In Mr. Frasier's letter to the DOJ in response to Mr. McGuffin's Petition for Post Conviction Relief, he explicitly states, "Long story short: I did not use anything we learned from Mr. Walter or the Vidocq Society and

---

[6] City of Canton, Ohio v. Harris, 489 U.S. 378, 389, 109 S. Ct. 1197, 1205, 103 L. Ed. 2d 412 (1989).

[7] Paul Frasier's Deposition, Dkt. No. 193 at 185:15; 88:23-24.

[8] *Id.* at 226:14-23.

[9] *Id.* at 231:14-20; 235:15-25.

VIDOCQ SOCIETY'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL
(CASE NO. 6:20-CV-01163-MK) – Page 4

HWS LAW GROUP
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

certainly did not use it at trial. It had no effect on the verdict in this case. . ."[10] Of course, no members of Vidocq Society testified at Mr. McGuffin's trial.[11]

The decision to hold a grand jury and prosecute a suspect is in the sole discretion of the DA. Based on Mr. Frasier's testimony, it is clear that his decision was not influenced at all by Vidocq Society. Plaintiffs' proposed discovery should therefore be limited.

### 2. Confidentiality Agreement

Written confidentiality agreements between Vidocq and law enforcement agencies do not exist and therefore are not in Vidocq's possession or control. However, this does not change the fact that the conversations had between Vidocq and law enforcement agencies regarding confidential investigations are private and protected by the First Amendment, as put forth in Vidocq Society's original Motion for Protective Order and as further detailed below.

### B. Documents Are Protected by First Amendment Privilege.

#### 1. Vidocq is Engaged in Expressive Conduct for a Protected Purpose.

Even if the Case Synopsis List is relevant to Plaintiffs' *Monell* claims, it is protected from discovery under the First Amendment because Vidocq Society is engaged in expressive conduct for a protected purpose.

To meet the threshold for expressive conduct, it must only be shown that there was an 1) intent to convey a particularized message, and 2) there was a great likelihood that the message would be understood by those who viewed it.[12] Vidocq Society is engaged in expressive conduct. Vidocq Society's goal is to provide "pro bono expert assistance to the law enforcement community in solving their cold case homicides."[13] The very role Vidocq Society

---

[10] *See* Frasier's Letter, Dkt. No. 193.
[11] Paul Frasier's Deposition, 240:20-22.
[12] Roulette v. City of Seattle, 97 F.3d 300, 303 (9th Cir. 1996), as amended on denial of reh'g and reh'g en banc (Sept. 17, 1996)
[13] *See* Vidocq's website, Vidocq.org, Dkt. No. 194.

VIDOCQ SOCIETY'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL
(CASE NO. 6:20-CV-01163-MK) – Page 5

HWS LAW GROUP
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

plays requires the members to convey a particularized message, and that message is directly received by law enforcement agencies that may or may not use the information in their investigation.

First Amendment speech protections reach further than written or spoken words and include any conduct "sufficiently expressive of an idea", including speech and assembly.[14] This right extends to any activities that "affect a group's ability to express its message by making group membership less attractive."[15] Vidocq Society only can exist if its members can freely associate and express ideas about cold case investigations, and through their speech and association they undoubtably engage in expressive conduct.

**2.    The Proposed Discovery Falls Within First Amendment Protection.**

As demonstrated, Vidocq Society is involved in expressive, and therefore protected, conduct. Additionally, the Case Synopsis List is a protected document that was created as a direct result of Vidocq Society's First Amendment-protected right of assembly.

The 9th Circuit has developed a two-part test for determining whether the First Amendment privilege withstands a request for production.[16] First, the "the party asserting the privilege must demonstrate a prima facie showing of arguable first amendment infringement" by showing that enforcement of the requests will result in "(1) harassment, membership withdrawal, or discouragement of new members, or (2) other consequences which objectively suggest an impact on, or 'chilling' of, the members' associational rights."[17] If that can be shown, then the party seeking discovery has the burden of demonstrating an "interest in obtaining the disclosures it seeks ... which is sufficient to justify the deterrent effect ... on the

---

[14] Green v. Miss United States of Am., LLC, 533 F. Supp. 3d 978 (D. Or. 2021), aff'd on other grounds, 52 F.4th 773 (9th Cir. 2022).
[15] Rumsfeld v. F. for Acad. & Institutional Rts., Inc., 547 U.S. 47, 49, 126 S. Ct. 1297, 1301–02, 164 L. Ed. 2d 156 (2006)
[16] Perry v. Schwarzenegger, 591 F.3d 1147, 1152 (9th Cir. 2010).
[17] Id.

VIDOCQ SOCIETY'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL
(CASE NO. 6:20-CV-01163-MK) – Page 6

**HWS LAW GROUP**
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

free exercise ... of [the] constitutionally protected right of association."[18] The court then balances "the burdens imposed on individuals and associations against the significance of the ... interest in disclosure,"[19]

The disclosure of the Case Synopsis List would result in the discouragement of new members, and other consequences that would have a chilling effect on the members' associational rights. The forced production of confidential information regarding cold cases (some of which are still unsolved), by way of non-viable claims, will absolutely burden the right of association. First, law enforcement agencies will hesitate to garner outside help from any third-party consultant if confidential information that may compromise their investigation will be disclosed. And secondly, if law enforcement agencies decide that it is too risky to trust Vidocq Society with information, Vidocq Society will no longer exist and the right of association will be completely destroyed.

Further, Plaintiffs must show that they have an interest in obtaining the Case Synopsis List sufficient to justify the deterrent effect. The Case Synopsis List is a document which lists every cold case that has been presented to Vidocq Society at one of their luncheons. It includes the facts of each case (many of which are confidential and withheld from the public for necessary reasons), and then a quick sentence or two about the Vidocq Society's members' first impressions. Nothing in the document will help Plaintiffs establish any sort of policy related to their *Monell* claims. In other words, the forced production of this document will have no probative value to this case and will only inadvertently harm the integrity of many investigations, and damage Vidocq Society's First Amendment right of association.

Thus, the synopsis of other, unrelated Vidocq Society cases is not relevant to any viable claim against Vidocq Society and therefore attenuated from the issue, while the intrusion

---

[18] NAACP, 357 U.S. at 463, 78 S. Ct. 1163.
[19] AFL–CIO v. FEC, 333 F.3d at 176.

VIDOCQ SOCIETY'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL
(CASE NO. 6:20-CV-01163-MK) – Page 7

HWS LAW GROUP
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

on Vidocq Society's First Amendment privilege is substantial.  Thus, the burden on Vidocq Society outweighs the significance of the interest in disclosure.

## IV.   CONCLUSION

For the reasons set forth above, Vidocq Society respectfully requests this Court to issue a protective order precluding the discovery request for Vidocq's Case Synopsis List.

DATED this 25th day of September 2023.

                                HWS LAW GROUP

                                BY /s/ Anthony R. Scisciani
                                BY /s/ Kelsey L. Shewbert
                                Anthony R. Scisciani III, OSB No. 070013
                                ascisciani@hwslawgroup.com
                                Kelsey L. Shewbert, OSB No. 221063
                                kshewbert@hwslawgroup.com
                                Attorneys for Defendant Vidocq Society

VIDOCQ SOCIETY'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL
(CASE NO. 6:20-CV-01163-MK) – Page 8

HWS LAW GROUP
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248

CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Oregon, that the following is true and correct:

I am employed by the law firm of HWS Law Group.

At all times hereinafter mentioned, I was and am a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On the date set forth below I served the document(s) to which this is attached, in the manner noted on the following person(s):

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| **CO / Plaintiffs**<br>Janis C. Puracal<br>Andrew C. Lauersdorf<br>Maloney Lauersdorf Reiner PC<br>1111 E. Burnside Street, Suite 300<br>Portland, OR 97214 | ☐ Via U.S. Mail<br>☐ Via E-Mail<br>☐ Via Overnight Mail<br>☐ Via Court E-Service, if applicable<br>jcp@mlrlegalteam.com<br>acl@mlrleaglteam.com |
| **CO / Plaintiffs**<br>David B. Owens, *Pro Hac Vice*<br>Loevy & Loevy<br>100 S. King Street, Suite 100<br>Seattle, WA 98104-2885 | ☐ Via U.S. Mail<br>☐ Via E-Mail<br>☐ Via Overnight Mail<br>☐ Via Court E-Service, if applicable<br>david@loevy.com |
| **CO / Defendants City of Coquille, City of Coos Bay, Coos County, Craig Zanni, Chris Webley, Eric Schwenninger, Sean Sanborn, Ray McNeely, Kris Karcher, Pat Downing, Mark Dannels, Kip Oswald, Michael Reaves, David Zavala, Anthony Wetmore and Shelly McInnes**<br>Robert E. Franz, Jr.<br>Sarah R. Henderson<br>Law Office of Robert E. Franz, Jr.<br>PO Box 62<br>Springfield, OR 97477 | ☐ Via U.S. Mail<br>☐ Via E-Mail<br>☐ Via Overnight Mail<br>☐ Via Court E-Service, if applicable<br>rfranz@franzlaw.comcastbiz.net<br>shenderson@franzlaw.comcastbiz.net |
| **CO / Defendants John Riddle, Susan Hormann, Mary Krings and Kathy Wilcox**<br>Jesse B. Davis<br>Todd Marshall<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, OR 97201 | ☐ Via U.S. Mail<br>☐ Via E-Mail<br>☐ Via Overnight Mail<br>☐ Via Court E-Service, if applicable<br>Todd.marshall@doj.state.or.us<br>Jesse.b.davis@doj.state.or.us |

DATED this   25th   day of   September  , 2023.

/s/ Paxton R. Moon
Paxton R. Moon, Legal Assistant

VIDOCQ SOCIETY'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL
(CASE NO. 6:20-CV-01163-MK) – Page 9

HWS LAW GROUP
101 SW MAIN STREET, SUITE 1605
PORTLAND, OR 97204
P: (503) 542-1200 F: (503) 542-5248