Janis C. Puracal, OSB #132288
E-mail: jcp@mlrlegalteam.com
Andrew C. Lauersdorf, OSB #980739
E-mail: acl@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside Street, Ste. 300
Portland, OR 97214
Telephone: (503) 245-1518
Facsimile: (503) 245-1417

David B. Owens, WSBA #53856, *pro hac vice*
E-mail: david@loevy.com
LOEVY & LOEVY c/o
Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
PO Box 85110
Seattle, WA 98145-1110
Telephone: (312) 590-5449

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,<br>　　　　　Plaintiffs,<br><br>　　v.<br><br>MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMINISTRATOR OF THE ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY,<br>　　　　　Defendants. | Civil No. 6:20-cv-01163-MK<br>(Lead Case)<br><br><br>PLAINTIFFS' MOTION TO MODIFY CITY/COUNTY DEFENDANTS' SUBPOENA TO SHAUN MCCREA |

PLAINTIFFS' MOTION TO MODIFY SUBPOENA



VIDOCQ SOCIETY,
                Cross-Claimant,

    v.

MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMINISTRATOR OF THE ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY
                Cross-Defendants.

NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,
                Plaintiffs,

    v.

OREGON STATE POLICE,
                Defendant.

Civil Case No. 3:21-cv-01719-MK
(Trailing Case)

///
///
///
///
///
///
///
///
///

PLAINTIFFS' MOTION TO MODIFY SUBPOENA

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

## I.  RULE 7-1 CERTIFICATE OF COMPLIANCE

Pursuant to LR 7-1, counsel for Plaintiffs Nicholas McGuffin and S.M. requested the City/County Defendants modify their subpoena to non-party witness Shaun McCrea, an attorney who represented Mr. McGuffin in the criminal case in which he was wrongly convicted. Plaintiffs requested the City/County Defendants omit from their subpoena documents that are protected by attorney-client privilege and the work product doctrine.  The parties conferred by remote video conference on September 18, 2023, and could not resolve the dispute as to the scope of the subpoena.  Plaintiffs request the Court's assistance to define the scope of protection over Ms. McCrea's file.

## II.  MOTION—RELIEF REQUESTED

Plaintiffs request the Court modify the City/County Defendants' subpoena *duces tecum* to non-party witness Shaun McCrea, an attorney who represented Mr. McGuffin in the criminal case in which he was wrongly convicted.  Plaintiffs request the Court prevent the disclosure of documents and information that is protected by attorney-client privilege and the work product doctrine.

## III.  RELEVANT FACTS

This case arises out of the wrongful conviction of Plaintiff Nicholas McGuffin.  Mr. McGuffin was wrongly convicted in July 2011 in an action titled *State of Oregon v. Nicholas James McGuffin*, Coos County Circuit Court Case No. 10CR0782 (the "Criminal Case").  His conviction was vacated by a post-conviction court by judgment dated November 29, 2019, and he was exonerated and released from incarceration on December 17, 2019.  Plaintiffs filed this civil suit based on the Defendants' fabrication of evidence and suppression of favorable evidence in violation of Due Process.

///

Page 1– PLAINTIFFS' MOTION TO MODIFY SUBPOENA



1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Mr. McGuffin was represented in the Criminal Case by attorney Shaun McCrea. Plaintiffs requested and received from Ms. McCrea a complete copy of her file from the Criminal Case (the "McCrea File"), which consists of over 35,000 pages. Plaintiffs digitally scanned the documents and reviewed them for privilege. Plaintiffs produced to all Defendants the non-privileged documents from the McCrea File with Plaintiffs' Rule 26(a)(1) Initial Disclosures on September 30, 2020. Plaintiffs also produced to the Defendants a copy of Plaintiffs' privilege log identifying the specific documents withheld from the McCrea File as privileged and work product protected.[1]

Nearly three years later, on September 8, 2023, the City/County Defendants served Plaintiffs with a notice of intent to issue a subpoena *duces tecum* to Ms. McCrea for "ANY AND ALL RECORDS relating to Nicholas James McGuffin."[2] On September 12, 2023, the City/County Defendants served their subpoena on Ms. McCrea. The subpoena seeks all documents in Ms. McCrea's file, including the documents Plaintiffs already designated as privileged and work-product protected.[3]

On September 13, 2023, Plaintiffs objected to the scope of the subpoena that appears to be an attempt to circumvent Plaintiffs' designation of attorney-client privilege and work product protection.[4] On September 26, 2023, Plaintiffs also received from the State Defendants a notice of deposition of Ms. McCrea, scheduled for October 19–20, 2023.[5]

---

[1] *See* Plaintiffs' Objections to City/County Defendants' Notice of Intent to Serve Subpoena on Shaun McCrea, including Plaintiffs' Privilege Log, dated September 30, 2020 (Exhibit 1 to the Declaration of Janis C. Puracal in Support of Plaintiffs' Motion to Modify Subpoena ("Puracal Decl.")).
[2] City/County Defendants' Subpoena to Shaun McCrea (Exhibit 2 to Puracal Decl.) (emphasis in original).
[3] *Id.*
[4] Plaintiffs' Objections to City/County Defendants' Notice of Intent to Serve Subpoena on Shaun McCrea (Exhibit 1 to Puracal Decl.).
[5] State Defendants' Notice of Deposition of Shaun McCrea (Exhibit 3 to Puracal Decl.).

Page 2– PLAINTIFFS' MOTION TO MODIFY SUBPOENA

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Plaintiffs ask the Court to prevent the Defendants from improperly invading attorney-client privilege and work product protection.

## IV.  POINTS AND AUTHORITIES

Pursuant to Rule 45(d)(3), a party may move the Court for an order to modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]"  Plaintiffs request the Court modify the City/County Defendants' subpoena to Ms. McCrea that requires the disclosure of information that is irrelevant and protected by attorney-client privilege and the work product doctrine.

**A.    Plaintiffs have already produced all relevant, non-privileged documents from the McCrea File.**

Federal courts agree that information from criminal counsel has limited relevance in a subsequent civil suit based on 42 U.S.C § 1983.[6]  The information may be relevant to a plaintiff's allegations of *Brady* violations—when police failed to turn over exculpatory or impeachment evidence in the criminal case[7]—because to succeed on a *Brady* claim the plaintiff must prove that the police withheld favorable evidence (*i.e.*, evidence that is either exculpatory or impeaching) ***and*** that neither the plaintiff nor his criminal counsel were aware of that evidence prior to conviction.[8]  Thus, information bearing on what the plaintiff and his criminal counsel knew about the allegedly suppressed evidence is relevant in a subsequent § 1983 civil suit alleging *Brady* violations.[9]  But that is where the relevance of criminal counsel's information ends.[10]

---

[6] *See, e.g.*, *Truman v. City of Orem*, 362 F. Supp. 3d 1121, 1128–29 (D. Utah 2019).  *See also Tennison v. City & Cnty. of San Francisco*, 226 F.R.D. 615, 623 (N.D. Cal. 2005).
[7] *Truman*, 362 F. Supp. 3d at 1128–29.
[8] *Id.* at 1128.
[9] *Id.*
[10] *Id.*

Page 3– PLAINTIFFS' MOTION TO MODIFY SUBPOENA



1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Criminal counsel's knowledge is not relevant, for example, to a claim based on the fabrication of evidence—where police fabricate evidence that is then used against the accused to deprive him of a fair trial.[11]  Criminal counsel's knowledge of the fabrication does not "neutralize" that evidence or "eliminate the harm."[12]  Thus, criminal counsel's knowledge is not relevant to that claim.[13]  In subsequent § 1983 litigation, federal courts allow discovery into criminal counsel's knowledge of allegedly suppressed evidence, but they do not allow discovery into information that is irrelevant or protected by attorney-client privilege or the work product doctrine.[14]

To support the claims that the Defendants in this case suppressed favorable evidence in violation of *Brady*, Plaintiffs produced the McCrea File, a review of which establishes that the *Brady* evidence was not known to Ms. McCrea during the Criminal Case.  Plaintiffs, however, withheld documents protected by attorney-client privilege and the work product doctrine as instructed in the several cases that outline the scope of discoverable materials in a case such as this one.[15]  Plaintiffs also produced a privilege log describing in detail all documents withheld pursuant to attorney-client privilege and work product protection.[16]

///

///

///

---

[11] *Id.* at 1128–29.  *See also Sommer v. United States*, No. 09cv2093-WQH, 2011 U.S. Dist. LEXIS 113755, at *19–20 (S.D. Cal. Oct. 3, 2011).
[12] *Truman*, 362 F. Supp. 3d at 1128–29.
[13] *Id.*  Criminal counsel's knowledge of "inculpatory statements or evidence" is, further, irrelevant.  *Tennison*, 226 F.R.D. at 623.
[14] *Truman*, 362 F. Supp. 3d at 1128–29.
[15] *See id.*; *Tennison*, 226 F.R.D. at 623; *Sommer*, 2011 U.S. Dist. LEXIS 113755, at *19–20.
[16] *See* Plaintiffs' Objections to City/County Defendants' Notice of Intent to Serve Subpoena on Shaun McCrea, including Plaintiffs' Privilege Log, dated September 30, 2020 (Exhibit 1 to Puracal Decl.).

Page 4– PLAINTIFFS' MOTION TO MODIFY SUBPOENA

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

B.   **The Court should protect attorney-client privilege and work product in the McCrea File.**

Federal courts analyze attorney-client privilege and work product protection separately.[17] Plaintiffs address each in turn below.

1.   **There is no waiver of attorney-client privilege.**

The Ninth Circuit has used the *Hearn* test to determine whether a party asserting the attorney-client privilege has waived the privilege by placing it squarely "at issue" in the case.[18] The "at issue" waiver test requires a showing that:

> (1) assertion of the privilege was the result of some affirmative act, such as filing suit, by the asserting party;
>
> (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and
>
> (3) application of the privilege would have denied the opposing party access to information vital to its defense.[19]

The federal district court in *Truman v. City of Orem* applied the "at issue" waiver test in a section 1983 civil suit alleging that police department defendants violated the plaintiff's constitutional rights by withholding favorable evidence in violation of *Brady* during a criminal investigation in which the plaintiff was accused of murder.[20] The court concluded that, although the first two prongs were satisfied, the final prong was not.[21] First, the court found that the plaintiff's "assertion of the attorney-client privilege and work product protection results directly from [the *Brady*] claims, which he chose to bring as part of his lawsuit."[22] Second, the court

---

[17] *See Truman*, 362 F. Supp. 3d at 1127–28.
[18] *See Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995) (relying on *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975)).
[19] *Truman*, 362 F. Supp. 3d at 1131 (citation omitted).
[20] *Id.*
[21] *Id.* at 1132.
[22] *Id.* at 1133.

Page 5– PLAINTIFFS' MOTION TO MODIFY SUBPOENA

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

found that the plaintiff put his criminal counsel's knowledge at issue by alleging those *Brady* claims.[23]

Notably, however, the "*Brady* claims put only one category of protected attorney-client information at issue because the information in dispute constitutes facts, not legal advice or strategy."[24] The court explained that "[w]hat [the client's] attorney advised regarding the allegedly withheld evidence or whether [the client] sought advice regarding the allegedly withheld evidence has no bearing on the *Brady* claim. Whether the attorney said we will argue X or we will not argue X matters not to a *Brady* claim."[25] Rather, the court continued, "all that matters is that the attorney knew about X. Thus [the client] has not waived his attorney-client privilege as to legal advice or legal strategy on any of these topics."[26]

Finally, the court explained that the privileged information sought by the police department defendants was not "vital to their defense."[27] The only information vital to the defense is whether the allegedly suppressed evidence was known to the attorney or to the plaintiff prior to conviction.[28] The attorney's knowledge of that evidence constitutes knowledge of underlying facts, which are not protected by privilege.[29] Whether the attorney and client had communications about those underlying facts is not relevant to the *Brady* question and, therefore, not "vital to the defense."[30]

The same analysis applies here. The only information relevant to Plaintiffs' *Brady* claims is whether the suppressed evidence was known to Mr. McGuffin or his criminal counsel. The

---

[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] *Id.*
[27] *Id.* at 1135.
[28] *See id.*
[29] *Id.*
[30] *See id.*

Page 6– PLAINTIFFS' MOTION TO MODIFY SUBPOENA



1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

content of their communications about that evidence is not "vital to the defense" and, therefore, there is no waiver of privilege. The Court should modify the City/County Defendants' subpoena to protect attorney-client privilege.

### 2. There is no substantial need for work product.

The work product doctrine "shields 1) information, 2) prepared by the attorney or his agents, 3) in anticipation of litigation and trial."[31] That protection "sweeps more broadly than the attorney-client privilege" and is protected under Rule 26(b)(3)(A)(ii).[32] Under the Rule, a party may obtain discovery of work product only "upon a showing that [the requesting party] 'has a substantial need for the materials to prepare its case and cannot, without undue hardship, obtain the substantial equivalent by other means.'"[33]

The *Truman* court declined to compel production of criminal counsel's work product in that case.[34] The court distinguished between "fact work product" and "opinion work product," and refused to order production of either.[35]

First, with respect to fact work product, the court found that criminal counsel's knowledge of the facts pertinent to the *Brady* claims could be used to defeat those claims.[36] The court, however, found that the information was available elsewhere.[37] Specifically, the defendants could ask the witnesses who allegedly made exculpatory or impeaching statements to police whether they also conveyed those statements to criminal counsel.[38] There was, therefore,

---

[31] *Id.* at 1136 (citation omitted).
[32] *Id.*
[33] *Id.*
[34] *Id.* at 1137.
[35] *Id.*
[36] *Id.*
[37] *Id.*
[38] *Id.*



1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

no basis upon which to compel production of fact work product under Rule 26.[39]

Second, the court acknowledged that "opinion work product—which reflects the mental impressions, conclusions, and legal theories of an attorney—generally receives greater protection than fact work product."[40]  The court concluded that there was no substantial need for opinion work product:  "Simply put, what [criminal counsel] objectively knew about the facts and evidence relating to [the plaintiff's] *Brady* claims has relevance to the [police department defendant's] defense of those *Brady* claims, ***not his subjective opinions, mental impressions, and legal strategy***."[41]  The court refused to compel production of opinion work product.[42]

The federal district court in *Tennison v. City & County of San Francisco*, another section 1983 suit arising out of *Brady* violations in a criminal case, reached the same conclusion.[43]  The court, there, found "[t]here is no need to explore [criminal counsel's] mental impressions and opinions."[44]  Instead, "all that is relevant is what [criminal counsel] knew or was told, not his subjective opinions."[45]

Again, the same analysis applies here.  The only information relevant to Plaintiffs' *Brady* claims is whether the suppressed evidence was known to Mr. McGuffin or his criminal counsel.  Fact work product is available elsewhere:  The City/County Defendants can question witnesses—including their own co-defendants who withheld favorable evidence—about whether they conveyed that evidence to Ms. McCrea.  Moreover, Plaintiffs have already produced all non-protected documents in the McCrea File to satisfy Plaintiffs' burden to prove that neither

---

[39] *Id.*
[40] *Id.* (citations omitted).
[41] *Id.* at 1138 (emphasis added).
[42] *Id.*
[43] *Tennison*, 226 F.R.D. at 623.
[44] *Id.*
[45] *Id.*

Page 8– PLAINTIFFS' MOTION TO MODIFY SUBPOENA



1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Mr. McGuffin nor his criminal counsel were aware of the suppressed evidence.

In addition, opinion work product is not relevant: Ms. McCrea's subjective opinions, mental impressions, and legal strategy are not relevant to establish a defense to Plaintiffs' *Brady* claims or any other claims.

The Court should modify the City/County Defendants' subpoena to protect work product.

## V.  CONCLUSION

To support the claims that the Defendants, here, suppressed material information in violation of *Brady*, Plaintiffs produced the McCrea File, a review of which establishes that the *Brady* information was not known to Ms. McCrea during the Criminal Case. Plaintiffs, however, withheld documents protected by attorney-client privilege and the work product doctrine pursuant to controlling authority that outlines the scope of relevant discovery in a case such as this one.

The City/County Defendants seek to invade that protection in violation of that authority. Plaintiffs ask the Court to modify the City/County Defendants' subpoena to Ms. McCrea to prevent the disclosure of documents and information protected by attorney-client privilege and work product protection.

DATED:  September 29, 2023

| MALONEY LAUERSDORF REINER PC | LOEVY & LOEVY |
|---|---|
| By /s/Janis C. Puracal<br>    Janis C. Puracal, OSB #132288<br>    E-Mail:  jcp@mlrlegalteam.com<br>    Andrew C. Lauersdorf, OSB #980739<br>    E-Mail:  acl@mlrlegalteam.com | By /s/David B. Owens<br>    David B. Owens, WSBA #53856<br>    E-Mail:  david@loevy.com<br>    *Pro hac vice* |

Page 9– PLAINTIFFS' MOTION TO MODIFY SUBPOENA

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2023, the foregoing PLAINTIFFS' MOTION TO MODIFY SUBPOENA was served on the following parties at the following address by sending to them a true copy thereof via the method indicated below:

| | |
|---|---|
| Robert E. Franz, Jr.<br>Sarah R. Henderson<br>Law Office of Robert E. Franz, Jr.<br>PO Box 62<br>Springfield, OR 97477<br>rfranz@franzlaw.comcastbiz.net<br>shenderson@franzlaw.comcastbiz.net<br>   *Attorneys for Defendants*<br>   *City of Coquille, City of Coos Bay, Coos*<br>   *County, Craig Zanni, Chris Webley, Eric*<br>   *Schwenninger, Sean Sanborn, Ray McNeely,*<br>   *Kris Karcher, Pat Downing, Mark Dannels,*<br>   *Kip Oswald, Michael Reaves, David Zavala,*<br>   *Anthony Wetmore, Shelly McInnes* | Jesse B. Davis<br>Todd Marshall<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>todd.marshall@doj.state.or.us<br>jesse.b.davis@doj.state.or.us<br>   *Attorneys for Defendants Oregon State*<br>   *Police, John Riddle, Susan Hormann,*<br>   *Mary Krings, Kathy Wilcox* |
| Anthony R. Scisciani III<br>Kelsey L. Shewbert<br>Meredith A. Sawyer<br>Rachel Jones<br>HWS Law Group<br>101 SW Main Street, Suite 1605<br>Portland, OR 97204<br>ascisciani@hwslawgroup.com<br>kshewbert@hwslawgroup.com<br>msawyer@hwslawgroup.com<br>rjones@hwslawgroup.com<br>   *Attorneys for Defendant Vidocq Society* | Eric S. DeFreest<br>Laura E. Coffin<br>Luvaas Cobb<br>777 High Street, Ste. 300<br>Eugene, OR 97401<br>edefreest@luvaascobb.com<br>lcoffin@luvaascobb.com<br>   *Attorneys for Defendant Richard Walter* |

☒ by electronic means through the Court's ECF System on the date set forth above.

☐ by mailing a full, true and correct copy thereof in a sealed, first-class postage paid envelope, addressed to the attorneys as shown above, and deposited with the United States Postal Office at Portland, Oregon on the date set forth above.

☐ by emailing to each of the foregoing a copy thereof to the email address above.

MALONEY LAUERSDORF REINER PC

By /s/Janis C. Puracal
   Janis C. Puracal, OSB #132288
   E-Mail: jcp@mlrlegalteam.com
Attorneys for Plaintiffs

Page 1– CERTIFICATE OF SERVICE

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417