**Robert E. Franz, Jr.**    OSB #730915
E-Mail:  rfranz@franzlaw.comcastbiz.net
**Sarah R. Henderson**    OSB #153474
E-Mail:  shenderson@franzlaw.comcastbiz.net
LAW OFFICE OF ROBERT E. FRANZ, JR.
P.O. Box 62
Springfield, OR  97477
Telephone:  (541) 741-8220
Attorneys for Mark Dannels, Pat Downing, Kris Karcher, Shelly McInnes,
Raymond McNeely, Kip Oswald, Michael Reeves, Sean Sanborn, Eric
Schwenninger, Chris Webley, Anthony Wetmore, Craig Zanni, David Zavala,
City of Coquille, City of Coos Bay, Coos County, Oregon,
and Estate of David Hall

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| Nicholas James McGuffin, as an individual and as guardian *ad litem*, on behalf of S.M., a minor, | Case No. 6:20-cv-01163-MK |
| Plaintiffs, | |
| v. | |
| Mark Dannels, Pat Downing, Susan Hormann, Mary Krings, Kris Karcher, Shelly Mcinnes, Raymond Mcneely, Kip Oswald, Michael Reaves, John Riddle, Sean Sanborn, Eric Schwenninger, Richard Walter, Chris Webley, Anthony Wetmore, Kathy Wilcox, Craig Zanni, David Zavala, Joel D. Shapiro as Administrator of the Estate of David E Hall, Vidocq Society, City of Coquille, City of Coos Bay, and Coos County, | **Notice of Intent to Serve Subpoenas to Produce Documents** by Municipal Defendants |
| Defendants. | |

Page 1 of 2 – Notice of Intent to Serve Subpoenas to Produce Documents

TO:   PLAINTIFFS AND CO-DEFENDANTS AND THEIR
      COUNSEL OF RECORD

      PLEASE TAKE NOTICE that Defendants Mark Dannels, Pat Downing,
Kris Karcher, Shelly McInnes, Raymond McNeely, Kip Oswald, Michael Reeves,
Sean Sanborn, Eric Schwenninger, Chris Webley, Anthony Wetmore, Craig
Zanni, David Zavala, City of Coquille, City of Coos Bay, Coos County, Oregon,
and the Estate of David Hall, by and through their attorneys, the Law Office of
Robert E. Franz, Jr., and pursuant to FRCP 45(a)(4), hereby give notice that a
subpoena duces tecum to produce documents will be served upon the following
for the production of the documents set forth in the attached subpoenas.

      Bryan Fisher - OSWEGO LAKE COUNTRY CLUB
      Shaun S. McCrea – Oregon Criminal Defense Lawyers Assoc.

      DATED:  Friday, September 8, 2023.


            By:    /s/ Sarah R. Henderson_____
                   LAW OFFICE OF ROBERT E. FRANZ, JR.
                   Sarah R. Henderson
                   OSB #153474
                   (541) 741-8220
                   Of Attorneys for Mark Dannels, Pat Downing,
                   Kris Karcher, Shelly McInnes, Raymond
                   McNeely, Kip Oswald, Michael Reeves, Sean
                   Sanborn, Eric Schwenninger, Chris Webley,
                   Anthony Wetmore, Craig Zanni, David Zavala,
                   City of Coquille, City of Coos Bay, Coos County,
                   Oregon, and the Estate of David Hall


Page 2 of 2 – Notice of Intent to Serve Subpoenas to Produce Documents

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing NOTICE OF INTENT TO SERVE

SUBPOENAS TO PRODUCE DOCUMENTS BY MUNICIPAL DEFENDANTS on Friday,

September 8, 2023, to Plaintiffs and Co-Defendants via Email ONLY:

Mr. Andrew C. Lauersdorf
acl@mlrlegalteam.com
Maloney Lauersdorf & Reiner, PC
1111 E. Burnside Street, Ste. 300
Portland, OR  97214

Ms. Janis C. Puracal
jcp@mlrlegalteam.com
Maloney Lauersdorf & Reiner, PC
1111 E. Burnside Street, Ste. 300
Portland, OR  97214

Mr. David B. Owens, *Pro Hac Vice*
Loevy & Loevy
Civil Rights and Justice Clinic, Univ. Washington Law School
William H. Gates Hall, Suite 265
P.O. Box 85110
Seattle, WA  98145-1110
  Attorneys for Plaintiffs

Mr. Jesse B. Davis
Jesse.B.Davis@doj.state.or.us
Mr. Todd E. Marshall
todd.marshall@doj.state.or.us
Oregon Department of Justice
100 SW Mark Street
Portland, OR  97201
  Attorney for Defendant Oregon State Police

Mr. Anthony R. Scisciani III
ascisciani@hwslawgroup.com
Ms. Meredith A. Sawyer
msawyer@hwslawgroup.com
Ms. Rachel Jones
rjones@hwslawgroup.com
HWS LAW GROUP
101 SW Main Street, Suite 1600

Portland, OR  97204
  Attorneys for Defendants Vidocq Society


Ms. Kelsey L. Shewbert
kshewbert@hwslawgroup.com
HWS LAW GROUP
1500 Fourth Avenue, Suite 200
Seattle, WA  98101
  Of Attorneys for Defendant Vidocq Society

Mr. Eric S. DeFreest
edefreest@luvaascobb.com
Ms. Laura E. Coffin
lcoffin@luvaascobb.com
Luvaas Cobb
777 High Street, Ste. 300
Eugene, OR  97401
  Attorneys for Defendant Richard Walter


                    /s/ Sarah R. Henderson
                    LAW OFFICE OF ROBERT E. FRANZ, JR.
                    Sarah R. Henderson        OSB #153474
                    P.O. Box 62
                    Springfield, Oregon 97477
                    E-Mail:  shenderson@franzlaw.comcastbiz.net
                    Telephone:  (541) 741-8220
                      Attorneys for Mark Dannels, Pat Downing,
                      Kris Karcher, Shelly McInnes,
                      Raymond McNeely, Kip Oswald, Michael Reeves,
                      Sean Sanborn, Eric Schwenninger, Chris Webley,
                      Anthony Wetmore, Craig Zanni, David Zavala,
                      Estate of David E. Hall, City of Coquille,
                      City of Coos Bay, and Coos County, Oregon

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### District of Oregon

| | | |
|---|---|---|
| NICHOLAS JAMES McGUFFIN, ET AL. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    6:20-CV-01162-MK |
| MARK DANNELS, ET AL. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

SHAUN S. McCREA

To:    Oregon Criminal Defense Lawyers Association
101 E. 14TH AVENUE, EUGENE, OR  97401
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  ANY AND ALL RECORDS relating to Nicholas James McGuffin.

| Place: Oregon Criminal Defense Lawyers Association 101 E. 14TH AVENUE, EUGENE, OR  97401 | Date and Time: September 22, 2023, at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/07/2023

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Municipal Defendants _____ , who issues or requests this subpoena, are:

Robert E. Franz, Jr., PO Box 62, Springfield, OR  97477.  Email: rfranz@franzlaw.comcastbiz.net.  Tel: 541-741-8220

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 6:20-CV-01162-MK

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 40.00 _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____        _____

                                                     *Server's signature*

                                          _____

                                                     *Printed name and title*

                                          _____

                                                     *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).