**Robert E. Franz, Jr.**   OSB #730915
E-Mail:  rfranz@franzlaw.comcastbiz.net
LAW OFFICE OF ROBERT E. FRANZ, JR.
P.O. Box 62
Springfield, OR 97477
Telephone: (541) 741-8220
  Attorneys for Mark Dannels, Pat Downing, Kris Karcher, Shelly McInnes,
  Raymond McNeely, Kip Oswald, Michael Reeves, Sean Sanborn,
  Eric Schwenninger, Chris Webley, Anthony Wetmore, Craig Zanni,
  David Zavala, City of Coquille, City of Coos Bay, Coos County, Oregon,
  and the Estate of David E. Hall

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| Nicholas James McGuffin,<br>as an individual and as guardian<br>*ad litem*, on behalf of S.M., a minor,<br><br>             Plaintiffs,<br>       v.<br>Mark Dannels, Pat Downing, Susan Hormann, Mary Krings, Kris Karcher, Shelly McInnes, Raymond McNeely, Kip Oswald, Michael Reaves, John Riddle, Sean Sanborn, Eric Schwenninger, Richard Walter, Chris Webley, Anthony Wetmore, Kathy Wilcox, Craig Zanni, David Zavala, Joel D. Shapiro as Administrator of the Estate of David E. Hall, Vidocq Society, City of Coquille, City of Coos Bay, and Coos County,<br><br>             Defendants. | Case No. 6:20-cv-01163-MK<br><br>**Response to Plaintiffs' Motion to Modify Subpoena to Shaun McCrea** by Municipal Defendants |

Page 1 of 8 – Response to Plaintiffs' Motion to Modify Subpoena

| | |
|---|---|
| Nicholas James McGuffin, as an Individual and as guardian ad litem, on behalf of S.M., a minor, | Case No. 3:21-cv-01719-MK (Trailing Case) |
|       Plaintiffs, | |
|  v. | |
| Oregon State Police, | |
|       Defendant. | |

COME NOW Defendants Mark Dannels, Pat Downing, Kris Karcher, Shelly McInnes, Raymond McNeely, Kip Oswald, Michael Reeves, Sean Sanborn, Eric Schwenninger, Chris Webley, Anthony Wetmore, Craig Zanni, David Zavala, Joel D. Shapiro as Administrator of the Estate of David E. Hall, City of Coquille, City of Coos Bay, and Coos County, Oregon (Municipal Defendants), by and through their attorneys, the Law Office of Robert E. Franz, Jr., and for response to the Plaintiffs' Motion to Modify the Subpoena to Shaun McCrea hereby respond as follows.

**I. Introduction.**

It needs to first be noted that in the initial disclosures of the Plaintiffs, Shaun McCrea is listed as a witness and person that has discoverable information and a person that the Plaintiffs "may use to support its claims or defenses" as follows:

> Shaun McCrea
> Oregon Criminal Defense Lawyers Association
> 101 E 14th Ave
> Eugene OR 97401
> 541 686-8716
> smccrea@ocdla.org
>
> Ms. McCrea likely has discoverable information regarding to circumstances and scope of Defendants' investigation, evidence collection, discovery production, Brady compliance, and violations of McGuffin's constitutional rights.

Page 2 of 8 – Response to Plaintiffs' Motion to Modify Subpoena

The topics listed for Ms. McCrea are very broad and all-encompassing and contain no limitations or assertions of any privileges limiting her testimony or discoverable information.

In addition, Ms. McCrea has given a deposition in the post-conviction proceeding; thus, as to each topic discussed in that deposition, the Plaintiffs have waived the attorney/client privilege and any work product privilege.

Finally, in the post-conviction proceedings, Plaintiff Nicholas McGuffin took the position that Robert and Shaun McCrea committed malpractice and that is why he was convicted. That contention opened the door to all communications between Mr. McGuffin and his attorneys.

**II. The Plaintiffs are not being Asked to Produce Any Documents.**

The first objection by Plaintiff Nicholas McGuffin is the argument that the Plaintiffs' attorneys have produced to the Defendants all the documents they have received from Shaun McCrea except for the work product of Shaun McCrea and correspondence between Robert and Shaun McCrea and Nicholas McGuffin. Such an argument is irrelevant.

The Defendants are not seeking any documents in the possession of the Plaintiffs. The Plaintiffs don't have to produce anything and there is no burden placed upon the Plaintiffs to produce anything. The subpoena has been issued to Shaun McCrea, the person that has the sole control over the files of Shaun and Robert McCrea. Shaun McCrea has not filed any motions or objections against the Subpoena; and she has no objections to producing the documents requested by the Subpoena.

Defendants do not have to take the word of the Plaintiffs' attorneys that the entire file of Shaun and Robert McCrea have been produced to the Defendants through the Plaintiffs. There is no declaration from Shaun or Robert McCrea that their entire files have been produced to the Plaintiffs. Further, Shaun McCrea

Page 3 of 8 – Response to Plaintiffs' Motion to Modify Subpoena

would not know what portions of the files they produced to the Plaintiffs have in fact been given to Defendants. We know that not all the files of Robert and Shaun McCrea have been produced to Defendants, because the Plaintiffs' attorneys admit they have not given the entire files of Shaun and Robert McCrea to the Defendants.

Further, no one, except for the Plaintiffs' attorneys, know what documents have in fact been withheld. The McCreas don't know. The Court does not know. The Defendants do not know. The privilege log does not suffice to show exactly what documents have been withheld or what information the withheld documents provide. The only way anyone can verify the fact that only allowable privileged documents have been properly withheld is for the Court or a Special Master to review the actual documents themselves and advise the parties as to what has been withheld. In other words, even if the Court allows the withholding of documents from the files of Robert and Shaun McCrea, the Defendants are entitled to a "second set of eyes" on all withheld documents to confirm that only proper documents have been withheld.

### III. All Documents, Privileged or Otherwise, Relating to the issues in this case are Discoverable.

The Plaintiffs are contending in this case, among other things, that Mr. McGuffin was and is innocent of the crimes for which he was convicted; that "There was no physical evidence or evidence of motive connecting McGuffin to Freeman's abduction or murder;" that evidence available at the time, including witness statements and physical evidence made it obvious that McGuffin was innocent; and that Defendants deliberately fabricated evidence against Mr. McGuffin; that Defendants convinced Mr. McGuffin to participate in a polygraph test which he passed but then was told by the police that he failed; and that the conduct of the Defendants was negligence.

It is the Defendants' position that if in fact there was a wrongful conviction of Mr. McGuffin, the cause of that conviction was because of the malpractice of his criminal defense attorneys, not with the failure of the Defendants to produce documents or evidence to Robert or Shaun McCrea during discovery in the criminal matter.  In addition, even though the Plaintiffs' attorneys contend the Defendants were negligent in the investigation of the criminal case, the truth of the matter is that if there was any negligence in this case, it was the negligence of Mr. McGuffin and the McCreas in their investigation of the case and the presentation of their case to the jury, together with their decision not to call certain witnesses. To prove this malpractice and negligence, Defendants are entitled to know all information supplied to Shaun and Robert McCrea by anyone, including what information was supplied to them by Mr. McGuffin.  This information includes all communications between the McCreas and McGuffin about evidence, witnesses, and what Mr. McGuffin told them about what McGuffin did on the days in question.  It also includes:  (1) What information Mr. McGuffin gave to Robert and Shaun McCrea about what investigation was needed, what witnesses needed to be contacted or interviewed, and what evidence needed to be found or asked for from the Defendants, including the District Attorney; (2) what witnesses or events gave Mr. McGuffin an alibi; (3) what witnesses knew who killed Leah Freeman or had information about her or Mr. McGuffin; (4) why Mr. McGuffin did not testify and who made the decision that he was not to testify; (5) whether or not certain witnesses should testify, like McGuffin's mother and father; (6) what information was provided by Mr. McGuffin about his killing Ms. Freeman; (7) what Mr. McGuffin said about the fact that McGuffin failed the polygraph examination; (8) why didn't Mr. McGuffin take a second polygraph test as offered by the District Attorney; (9) any accusations by anyone including McGuffin that his criminal defense attorneys were not doing their job or not working hard enough; (10)

statements and information exchanged about the timeline McGuffin gave to the police and the timelines he gave to his attorneys; and (11), all information that was withheld from the police, the grand jury, the jury, and/or the District Attorney and why.

> Since suppression by the Government is a necessary element of a *Brady* claim, *Moore v. Illinois,* 408 U.S. 786, 794–95, 92 S.Ct. 2562, 2567–68, 33 L.Ed.2d 706 (1972), if the means of obtaining the exculpatory evidence has been provided to the defense, the *Brady* claim fails. *See United States v. Shelton,* 588 F.2d 1242, 1250 (9th Cir.1978); *United States v. Brown,* 562 F.2d 1144, 1151 (9th Cir.1977). *See also United States v. Von Brandy,* 726 F.2d 548, 551 (9th Cir.1984) (summaries of data satisfied *Brady* obligation); *United States v. Griffin,* 659 F.2d 932, 939 (9th Cir.1981). The Eleventh Circuit has expressed this rule succinctly, in rejecting a *Brady* argument based on failure to disclose the statement of a witness, since the prosecution disclosed the *identity* of the witness; "Where defendants ... had within their knowledge the information by which they could have ascertained the supposed *Brady* material, there is no suppression by the government." *United States v. Griggs,* 713 F.2d 672, 674 (11th Cir.1983). *See United States v. Brown,* 582 F.2d 197, 200 (2d Cir.), *cert. denied,* 439 U.S. 915, 99 S.Ct. 289, 58 L.Ed.2d 262 (1978). As Justice White has said, "any allegation of suppression boils down to an assessment of what the State knows at trial in comparison to the knowledge held by the defense." *Giles v. Maryland,* 386 U.S. 66, 96, 87 S.Ct. 793, 808, 17 L.Ed.2d 737 (1967) (White, J., concurring). *See United States v. Cravero,* 545 F.2d 406, 420 (5th Cir.1976); *United States v. Grandmont,* 680 F.2d 867, 873 (1st Cir.1982).

> *United States v. Dupuy*, 760 F.2d 1492, 1502 (9th Cir. 1985).

Remember, to prevail on a *Brady* claim, Mr. McGuffin must prove that he and his attorneys lacked knowledge or information of the evidence that they claim was fabricated or withheld from them. That is, there is no *Brady* claim if McGuffin and/or the McCreas knew of the undisclosed witnesses or evidence; nor is there a claim if they could have gotten the information for another source.

> No *Brady* violation occurred here because *Brady* does not require the government to turn over exculpatory evidence "if the defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory evidence." *United States v. Gaggi,* 811 F.2d 47, 59 (2 Cir.), *cert. denied,* 107 S.Ct. 3214 (1987). The rationale for our rule is that *Brady* is designed to "assure that the defendant will not be denied access to exculpatory evidence *only known to the Government.*" *United States v. LeRoy,* 687 F.2d 610, 619 (2 Cir.1982) (emphasis added), *cert. denied,* 459 U.S. 1174 (1983). Accordingly, the government had a duty to disclose only "information which had been known to the prosecution but unknown to the defense." *United States v. Agurs,* 427 U.S. 97, 103 (1976). The government has no duty actually to turn over grand jury testimony where the defendant knows of the witness' identity; that the witness "might have testified before the grand jury"; and that "[the witness'] statements might have supported [the defendant's] defense." *LeRoy, supra,* 687 F.2d at 619.
>
> *United States v. Grossman*, 843 F.2d 78, 85 (2d Cir. 1988).

In this case, Plaintiff McGuffin waived the attorney-client privilege and any work product as to the subject matter of which involved the allegedly withheld information and evidence. McGuffin waived all privileges relating to any documents relating to his proof of the claims made by the Plaintiffs in this case, and the proof Defendants need to establish their contentions against the Plaintiffs in this case.

Finally, Plaintiff McGuffin has waived all privileges related to all of the disclosures made by him or the McCreas in the post-conviction proceeding, which include McGuffin's contention that his attorneys committed malpractice. This includes all disclosures made and raised in the General Judgment of the post-

/ /

/

Page 7 of 8 – Response to Plaintiffs' Motion to Modify Subpoena

conviction proceedings in case 15CV1030, a copy of which is attached hereto as Exhibit 101.

DATED: October 16, 2023.

        Respectfully submitted,

By: /s/ Robert E. Franz, Jr.
LAW OFFICE OF ROBERT E. FRANZ, JR.
**Robert E. Franz, Jr.**
OSB #730915
(541) 741-8220
**Of Attorneys for Defendants Mark Dannels, Pat Downing, Kris Karcher, Shelly McInnes, Raymond McNeely, Kip Oswald, Michael Reeves, Sean Sanborn, Eric Schwenninger, Chris Webley, Anthony Wetmore, Craig Zanni, David Zavala, and City of Coquille, City of Coos Bay, Coos County, Oregon, and the Estate of David E. Hall**