15CV1030

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MALHEUR

| | |
|---|---|
| NICHOLAS MCGUFFIN | ) |
| | ) |
| Petitioner, | ) Case No. 15CV1030 |
| | ) |
| vs. | ) STIPULATED PROTECTIVE ORDER |
| | ) |
| BRAD CAIN, Superintendent, SRCI | ) POST-CONVICTION CASE |
| | ) |
| Defendant | ) |

The Court finds that, based upon the Oregon Supreme Court's decision in *Longo v. Premo,* 355 Or 525 (2014) and *Brumwell v. Premo*, 355 Or 543 (2014), and the stipulation of the parties, that Petitioner is entitled to an Order, protecting from re-disclosure those materials that are privileged under OEC 503 and the work product doctrine. Therefore, pursuant to ORCP 36(C), the Court ORDERS:

1. All documents, testimony, and other materials produced by the parties in this case and labeled "Subject to Protective Order" shall be used only in this proceeding.

2. Use of any information or documents labeled "Subject to Protective Order" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by defendant for any other purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the defendant through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the defendant to prove that such information or document was lawfully obtained through means and sources outside of this litigation. In that event, the defendant shall disclose to  petitioner all agreements referenced in paragraph 8.

STIPULATED PROTECTIVE ORDER- Page **1** of **7**

TARCHIA LAW, P.C.
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

3.    Petitioner may designate as "Subject to Protective Order" documents, testimony, written responses, or other materials produced in this case if they contain information that petitioner has a good faith basis for asserting is confidential under the applicable legal standards. Petitioner shall designate each page of the document with a stamp identifying it as "Subject to Protective Order." If the page contains some information that is privileged and some that is not, petitioner shall not only stamp the page "Subject to Protective Order," he shall also highlight the particular portions of the document that are privileged. If a page is stamped "Subject to Protective Order" and none of its portions are highlighted, it will be assumed that petitioner intends the entire page to be subject to this order. In addition to stamping and highlighting portions of documents as set forth above, petitioner shall prepare an index that lists each document that contains information that is subject to this order. In the index, petitioner shall describe the document and identify by "Bates Stamp" page number the particular pages of the document that contain information subject to this order. Petitioner shall also identify in the index the particular privilege that he asserts with respect to each document or portion of a document.

4.    If portions of documents or other materials deemed "Subject to Protective Order" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

If petitioner is filing a document that he himself designated as "Subject to Protective Order," petitioner shall reference this Protective Order in submitting the documents he proposes to

STIPULATED PROTECTIVE ORDER- Page **2** of **7**

TARCHIA LAW, P.C.
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL.: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

maintain under seal. If defendant is filing a document that petitioner has designated as "Subject to Protective Order," then the defendant shall file the document under seal. If defendant makes a request in writing to have the document unsealed and petitioner does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

     5.     Unless the parties stipulate otherwise, petitioner shall make a contemporaneous objection when he believes deposition testimony may be subject to this order. If such an objection is made, the parties shall treat those statements as subject to the protective order. Defendant may seek the court's determination of whether specific statements are subject to this order at any time.

     6.     Information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the parties, the Court, or by personnel authorized to do so by the Court.

     7.     Use of any information, documents, or portions of documents marked "Subject to Protective Order," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

        a.     Counsel of record for defendant, and the administrative staff of the Department of Justice, including the victim advocates for the Department of Justice.

        b.     Defendant, but only to the extent necessary to defend the case.

STIPULATED PROTECTIVE ORDER- Page **3** of 7

**TARCHIA LAW, P.C.**
**161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051**
**TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM**

c. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by defendant for purposes of this litigation, but only to the extent necessary to defend the case.

d. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

e. The authors and the original recipients of the documents.

f. Any court reporter or videographer reporting a deposition.

g. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

h. Defense trial counsel and their agents from the original trial court proceedings giving rise to the criminal convictions and sentence challenged in this post-conviction proceeding.

8. Prior to being shown any documents produced by another party marked "Subject to Protective Order," any person listed under paragraph 7(b) - 7(h) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

9. Whenever information designated as "Subject to Protective Order" pursuant to this Protective Order is to be discussed by a party or disclosed in a non judicially supervised setting, the designating party may exclude from the room any person, other than persons designated in paragraph 8, as appropriate, for that portion of the deposition, hearing, or pretrial proceeding. Whenever such information is to be discussed or disclosed in a judicially-supervised setting, the designating party may request that the court exclude from the room any person, other than persons designated in paragraph 8, as appropriate, for that portion of the hearing, pretrial proceeding, or trial.

10. The obvious and apparent inadvertent failure to designate a document, testimony, or other material as "Subject to Protective Order" prior to disclosure shall not operate as a waiver of petitioner's right to later designate the document, testimony, or other material as "Subject to

STIPULATED PROTECTIVE ORDER- Page **4** of **7**

**TARCHIA LAW, P.C.**
**161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051**
**TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM**

Exhibit 4, Page 4 of 7

Protective Order." Defendant or his counsel shall not disclose such documents or materials if he knows or reasonably should know that a claim of confidentiality would be made by petitioner. Promptly after receiving notice from petitioner of a claim of confidentiality, defendant shall inform petitioner of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

11. Upon the request of petitioner, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, including any federal habeas corpus proceedings filed under 28 U.S.C. 2254, or the execution of any agreement between the parties to resolve amicably and settle this case, defendant shall return to petitioner, or destroy, all information and documents subject to this Protective Order. However, defendant need not return to petitioner, or destroy, the copies of protected material that were offered and/or received in court as exhibits. Returned materials shall be delivered in sealed envelopes marked "Subject to Protective Order" to petitioner's counsel. Petitioner shall pay the reasonable costs of responding to this request.

12. This Protective Order shall not constitute a waiver of any party's or nonparty's right to oppose any discovery request or object to the admissibility of any document, testimony, or other information.

13. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

14. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

STIPULATED PROTECTIVE ORDER- Page **5** of **7**

TARCHIA LAW, P.C.
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL.: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

SO STIPULATED this 13th day of December, 2016.

| Attorneys for Petitioner: | Attorneys for Defendant |
|---|---|
| TARCHIA LAW, PC | OREGON DEPARTMENT OF JUSTICE |
| /s/Emily Elison | /s/Paul E. Reim |
| Emily Elison (OSB #103800) | Paul E. Reim (OSB #983300) |
| Email: emily@tarchialaw.com | Email: paul.reim@doj.state.or.us |
| OREGON INNOCENCE PROJECT | |
| /s/Steven T. Wax | |
| Steven T. Wax (OSB #850120) | |
| Email: wax@oregoninnocence.org | |
| /s/Janis C. Puracal | |
| Janis C. Puracal (OSB #132288) | |
| Email: puracal@oregoninnocence.org | |

SO ORDERED this _____ day of _____, 2016.

_____
Erin K. Landis, Circuit Court Judge
Signed: 12/15/2016 04:30 PM

Malheur County Circuit Court Judge

STIPULATED PROTECTIVE ORDER- Page **6** of **7**

TARCHIA LAW, P.C.
161 St. Helens Street • Suite 105 • St. Helens, Oregon 97051
Tel: (503)223-0011 • Fax (503) 994-8730 • emily@tarchialaw.com

**EXHIBIT A**

I, _____, have been advised by counsel of record in *Nicholas McGuffin v. Brad Cain*, Malheur County Circuit Court Case No. 15CV1030, of the protective order governing the delivery, publications, and disclosure of confidential documents and information produced in this litigation.  I have read a copy of the protective order and agree to abide by its terms.


Signed: _____


Printed Name: _____


Date: _____

STIPULATED PROTECTIVE ORDER- Page **7** of **7**

TARCHIA LAW, P.C.
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM