Janis C. Puracal, OSB #132288
E-mail: jcp@mlrlegalteam.com
Andrew C. Lauersdorf, OSB #980739
E-mail: acl@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside Street, Ste. 300
Portland, OR  97214
Telephone: (503) 245-1518
Facsimile: (503) 245-1417

David B. Owens, WSBA #53856, *pro hac vice*
E-mail: david@loevy.com
LOEVY & LOEVY c/o
Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
PO Box 85110
Seattle, WA  98145-1110
Telephone: (312) 590-5449

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMINISTRATOR OF THE ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY,<br>Defendants. | Civil No. 6:20-cv-01163-MK<br>(Lead Case)<br><br><br>JOINT PROPOSAL PURSUANT TO DOCKET NUMBER 215 |

Page 1– JOINT PROPOSAL PURSUANT TO DOCKET NUMBER 215

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

VIDOCQ SOCIETY,

           Cross-Claimant,

    v.

MARK DANNELS, PAT DOWNING,
SUSAN HORMANN, MARY KRINGS,
KRIS KARCHER, SHELLY MCINNES,
RAYMOND MCNEELY, KIP OSWALD,
MICHAEL REAVES, JOHN RIDDLE, SEAN
SANBORN, ERIC SCHWENNINGER,
RICHARD WALTER, CHRIS WEBLEY,
ANTHONY WETMORE, KATHY WILCOX,
CRAIG ZANNI, DAVID ZAVALA, JOEL D.
SHAPIRO AS ADMINISTRATOR OF THE
ESTATE OF DAVID E. HALL, VIDOCQ
SOCIETY, CITY OF COQUILLE, CITY OF
COOS BAY, and COOS COUNTY

           Cross-Defendants.

NICHOLAS JAMES MCGUFFIN, as an
individual and as guardian *ad litem*, on behalf
of S.M., a minor,

           Plaintiffs,

    v.

OREGON STATE POLICE,

           Defendant.

Civil Case No. 3:21-cv-01719-MK
(Trailing Case)

On September 29, 2023, Plaintiffs moved the court for an order to modify the

City/County Defendants' subpoena to Shaun McCrea—the attorney who represented Plaintiff

Nicholas McGuffin in the underlying criminal case—to protect documents withheld as protected

by attorney-client privilege and the work product doctrine.[1]  On October 16, 2023, the

City/County Defendants filed a response and requested *in camera* review.[2]

///

---

[1] Dkt. No. 207.
[2] Dkt. No. 211.

Page 2– JOINT PROPOSAL PURSUANT TO DOCKET NUMBER 215



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

During the hearing on October 18, 2023, the parties further discussed the scope of the Defendants' requested deposition of Ms. McCrea in light of privilege and work product. The Court took the matters under advisement.[3] The Court further ordered the parties to (1) confer regarding the scope of questioning of Ms. McCrea's awareness of facts and (2) submit a joint proposal within 14 days, by 11/1/2023, regarding the questions and criteria that they would like the Court to consider in its *in camera* review of the withheld documents.[4]

Below are the parties' positions on the scope of questions and the *in camera* review:

**A.     Plaintiffs' Position**

**1.     Scope of Questions for Deposition**

Plaintiffs ask for an order limiting the questions for deposition as outlined in Plaintiffs' motion to modify the subpoena to Ms. McCrea.[5] That is, questions should be limited to Ms. McCrea's awareness of the facts that Plaintiffs allege were withheld in violation of due process and the *Brady* doctrine. The Court should preclude questions that call for information that is protected by attorney-client privilege and/or the work product doctrine.[6]

**2.     Criteria for *In Camera* Review**

Plaintiffs object to *in camera* review. The Defendants have not identified any category of documents listed on Plaintiffs' privilege log that they believe were wrongly withheld. The purpose of a privilege log is to facilitate resolution of disputes of this nature, but the Defendants have ignored the privilege log and proceeded, instead, to seek all privileged and protected material. In the event the Court determines that review of privileged and protected materials is

---

[3] Dkt. No. 215.
[4] *Id.*
[5] Dkt. No. 207.
[6] *See id. See also Amado v. Gonzalez*, 758 F.3d 1119, 1136 (9th Cir. 2014) (rejecting a "due diligence" requirement for criminal defense counsel).

Page 3– JOINT PROPOSAL PURSUANT TO DOCKET NUMBER 215

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

appropriate, Plaintiffs propose that review be limited to confirming that the documents withheld (as listed on Plaintiffs' privilege log, attached as Exhibit 1) are protected by attorney-client privilege and/or the work product doctrine, as outlined in Plaintiffs' motion to modify the subpoena to Ms. McCrea.[7]

Attorney-client privilege should be defined as any communications made between Nicholas McGuffin and Shaun McCrea or Robert McCrea (or their staff or investigators) for the purpose of securing legal advice or services. Work product should be defined as any information prepared by Shaun McCrea or Robert McCrea (or their staff, investigators, or consulting experts) in anticipation of litigation or trial, including: (1) fact work product (materials that reflect the gathering of basic facts or conducting interviews with witnesses) and (2) opinion work product (materials that reflect the mental impressions, conclusions, and legal theories of Shaun McCrea or Robert McCrea (or their staff, investigators, or consulting experts)).

## B.    Municipal Defendants' Position

### 1.    Scope of Questions for Deposition

Defendants' stated position is that the scope of the deposition of McCrea should be on: "all topics and discussions that took place in the deposition of Frasier; all topics listed in your initial disclosures related to McCrea; all the allegation in the complaints of the Plaintiffs; all of the allegations in our answer and affirmative defenses; the knowledge of McCrea about all witnesses that are listed in the Plaintiffs' initial disclosures; the knowledge of McCrea about all

---

[7] Plaintiffs submitted their original privilege log with the motion to modify the subpoena to Ms. McCrea. During the hearing on that motion, Plaintiffs explained that the original privilege log reflected documents identified and withheld during Plaintiffs' review of the scanned, digital copy of Ms. McCrea's file, including documents that reveal Ms. McCrea's file organization. The Defendants subsequently requested access to the paper copy version of Ms. McCrea's file. At Defendants' request, Plaintiffs reviewed the paper file for privilege and agreed to disclose the file folders that reveal Ms. McCrea's file organization. Exhibit 1 is a revised copy of the privilege log, which reflects the additional narrow set of documents withheld from production.

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

witnesses that testified at both grand juries and at the trial and at any special hearings; the decision not to change venue of the criminal trial; the tapes that were returned to US Bank; the information provided at the PCR that related to the allegations and claims in the Plaintiffs' complaints, including the evidence on the ineffective assistance of McCrea as set forth in the PCR; all discussions about DNA evidence and Experts obtained and talked to by McCrea or her investigators; all discussions about the experts obtained by McCrea; all discussions about information obtained from the DA, including documents provided to the DA and documents obtained from the DA; all discussions about information obtained from any investigation done by McCrea; all discussions about information obtained from any McGuffin, his parents, his friends, and any investigators; the documents the Court provides to us after the in camera review, if any; the decision not to call McGuffin as a witness; the decision not to have McGuffin take another polygraph; information about the witnesses who have already had their depositions taken; statements made by McCrea at the trial and at all other hearings, including documents, motions, and pleadings submitted to the Court by the DA or McCrea; information about witnesses that were going to be called as witnesses at trial; information about witnesses that were not going to be called at trial; the names of witnesses given to McCrea by McGuffin and what they were going to say or what McGuffin was saying they would say; the names of witnesses given to McGuffin by McCrea and what they were going to say or what McCrea was saying they would say; all correspondence between McGuffin and McCrea where people other than McCrae and/or McGuffin were copied on the correspondence, thus waiving the privilege; all discussions McCrea had with any of the Defendants; all items and evidence of McCrea's ineffective assistance of trial counsel; and all knowledge McCrea had of the bench notes concerning DNA."

## 2.     Criteria for *In Camera* Review

It is the position of the Municipal Defendants that this Court has already made the

MALONEY | LAUERSDORF | REINER ᴾᶜ
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

decision that the Plaintiffs must file the withheld documents with the Court for an *in camera* review.  A motion to compel such production to the Court will follow because of the position the Plaintiffs are now taking as set forth in this report.  Defendants' stated position is that the criteria for *in camera* review should be: for "the judge to look for all documents and information concerning or relating to any of the Defendants; John Lindegren, Maegan Edgerton, Megan Pinkley (Davidson), Brent Morrow, Tim Woolsey, Tony Messerle, Danny Lee, Haley Greenway, Zack Elderkin, Kristen Steinhoff, Cheri Mitchell, Peggy Mitchell, Cory Courtright, Jesse Smisek, Ashley Hutchinson, Mark Ranger, Nick Backman, David Breakfield, Robert Frasier, Raymond Lewis, any timelines of the events, including the timeline given to the Police by McGuffin and Bartley; Richard Bryant, Mark Kirn, Mike McAdams, Arron West, Denise Freeman, Brent Bartley, Nicole Price, Leah Freeman, Lyndee Kindred, Alicia Hyatt, the grandparents of Bartley, Aaron West, David Emler, Josh Emler, David Jenkins, Christy Cagley, Melissa Smith, Polly Parks, Thomas Bounds, Bill Sero, Cynthia Jones, Scott Hamilton, and all correspondence between McGuffin and McCrea where people other than McCrae and McGuffin were copied on the correspondence, thus waiving the privilege.  Also, anything dealing with the Thunderbird and Mustang and any other car used that night by McGuffin or Steinhoff. Defendants also want the judge to look for information concerning or relating to the decision not to call McGuffin as a witness; the decision not to have McGuffin take another polygraph; information about witnesses that were going to be called as witnesses at trial; information about witnesses that were not going to be called at trial; the names of witnesses given to McCrea by McGuffin and what they were going to say or what McGuffin was saying they would say; the names of witnesses given to McGuffin by McCrea and what they were going to say or what McCrea was saying they would say; all discussions McCrea and McGuffin had about any of the Defendants named in this case; all discussions about evidence that McGuffin wanted to use a the

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

trial; all discussions about evidence that McGuffin did not want to use a the trial; all discussions about evidence that McCrea wanted to use a the trial; and all discussions about evidence that McCrea did not want to use a the trial."

## C.    State Defendants' Position

### 1.    Scope of Questions for Deposition

During the post-conviction relief proceedings, Mr. McGuffin filed several amended petitions for post-conviction relief.  His Third Amended Petitions contained approximately 15 pages of allegations that his criminal trial counsel was constitutionally ineffective in various respects.  His Fourth and Fifth Amended Petitions contained approximately 13 and 9 pages, respectively, of ineffective assistance allegations.  Those allegations were extremely broad, comprising up to 13 different categories, most with several particulars of error by trial counsel:

- failing to effectively challenge the prosecution's conclusions regarding cause and manner of death (setting forth 14 particulars in the Third Amended Petition),

- failing to challenge the prosecution's timeline (14 particulars),

- failing to request DNA and other forensic evidence, and failing to retain experts on various subjects (11 particulars),

- failing to challenge the prosecution's "bad-guy" evidence (eight particulars),

- failing to challenge evidence of alleged admissions of guilt (14 particulars),

- failing to challenge evidence that McGuffin cleaned out his car to destroy incriminating evidence (one particular),

- failing to challenge the State's investigation (seven particulars),

- failing to investigate and present evidence of third party guilt (nine particulars),

- failing to investigate leads and call witnesses who allegedly had evidence of McGuffin's innocence and the guilt of others (two particulars, 17 witnesses

Page 7– JOINT PROPOSAL PURSUANT TO DOCKET NUMBER 215

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

identified),

- allowing the prosecution to argue a theory not based on facts in evidence (six particulars),

- failing to challenge the constitutionality of a nonunanimous verdict of conviction (one particular),

- improperly withdrawing a motion to change venue despite a poll showing prejudice (three particulars), and

- failing to effectively force the prosecution to carry its proper legal burden (four particulars). [8]

After asserting those broad allegations, McGuffin now asks the Court to confine questioning of trial counsel to trial counsel's knowledge of facts relating to Plaintiffs' alleged *Brady* violations.  The State Defendants should be able to ask trial counsel questions about any of McGuffin's particular allegations of ineffective assistance of trial counsel asserted in any of his PCR petitions.

All of Plaintiffs' claims for relief require them to show that the various forms of misconduct they allege harmed them.  The Defendants have asserted, among other things, that Plaintiffs' own actions, and the actions of others, were, in whole or in part, the cause of their injuries.  The nature of the causation analysis varies between Plaintiffs' various claims, with their negligence claims permitting a full comparative fault analysis under state law and liability that flows proportionally therefore, but with liability under 42 U.S.C. § 1983 claims not permitting traditional comparative fault and proportional liability.  Nonetheless, the acts and omissions of

---

[8] A copy of the Third Amended Petition, from which this recitation is drawn, is attached hereto as Exhibit 2 (see pages 3-18 for the allegations of ineffective assistances of trial counsel).  Some of McGuffin's other petitions contain more, other fewer, ineffective assistance allegations.

MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Mr. McGuffin, through his counsel, remain highly relevant to the jury's determination under all of plaintiffs' claims. Plaintiffs should not be able to assert his counsel's inadequacies in the PCR proceeding, and then shield those same inadequacies from scrutiny in this proceeding.

Therefore, State Defendants propose that they be permitted to ask Ms. McCrea questions regarding any of the subjects raised in any of McGuffin's PCR petitions or arguments, any subject raised in plaintiffs' complaints in this action, as well as any subject identified by the Municipal Defendants, without regard to attorney-client privilege or work product protection. This includes, but is not limited to, questions regarding any matter on which McCrea consulted with Ken Menneely and any other consulting or testifying expert at McGuffin's criminal trial.

## 2.     Criteria for *In Camera* Review

The Court should order production of any and all documents found in trial counsel's files regarding any of the subjects identified by the State Defendants in the foregoing section, "Scope of Questions for Deposition.," by reference to McGuffin's petitions for PCR petitions and by reference to the Municipal Defendants' identified subjects. The State Defendants can discern little from Plaintiffs' Privilege Log from which to assert that the withheld documents fit into any of the identified subjects or categories. Thus, they cannot be penalized for failing to identify specific documents that they contend were improperly withheld. At a minimum, however, the State Defendants point out to the Court that Plaintiffs' Privilege Log contain documents regarding various experts and consultants, which should be disclosed.[9]

///

///

---

[9] *See*, *e.g.*, Plaintiffs' Privilege Log (filed as Exhibit 1 to Docket No. 208) at 5, 9, 35, 37 (relating to experts).

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

DATED:  November 1, 2023

| MALONEY LAUERSDORF REINER PC | LOEVY & LOEVY |
|---|---|
| By /s/Janis C. Puracal<br>　Janis C. Puracal, OSB #132288<br>　E-Mail:  jcp@mlrlegalteam.com<br>　Andrew C. Lauersdorf, OSB #980739<br>　E-Mail:  acl@mlrlegalteam.com<br><br><br>Attorneys for Plaintiffs | By /s/David B. Owens<br>　David B. Owens, *pro hac vice*<br>　E-Mail:  david@loevy.com<br><br><br><br>Attorneys for Plaintiffs |
| LAW OFFICE OF ROBERT FRANZ JR. | OREGON DEPARTMENT OF JUSTICE |
| By /s/Robert E. Franz<br>　Robert E. Franz Jr., OSB #730915<br>　E-Mail:  rfranz@franzlaw.comcastbiz.net<br>　Sarah R. Henderson, OSB #153474<br>　E-Mail:<br>　shenderson@franzlaw.comcastbiz.net<br><br>Attorneys for Defendants Mark Dannels, Pat Downing, Estate of Dave Hall, Kris Karcher, Raymond McNeely, Kip Oswald, Michael Reaves, Sean Sanborn, Eric Schwenninger, Chris Webley, Anthony Wetmore, Craig Zanni, David Zavala, City of Coquille, City of Coos Bay, and Coos County | By /s/Jesse B. Davis<br>　Jesse B. Davis, OSB #052290<br>　E-Mail:  jesse.b.davis@state.or.us<br>　Todd Marshall, OSB #112685<br>　E-Mail:  todd.marshall@doj.state.or.us<br><br>Attorneys for Defendants Susan Hormann, Mary Krings, John Riddle, Kathy Wilcox, and Oregon State Police |
| HWS LAW GROUP | LUVAAS COBB |
| By /s/Meredith A. Sawyer<br>　Anthony R. Scisciani III, OSB #070013<br>　E-Mail:  ascisciani@hwslawgroup.com<br>　Kelsey L. Shewbert, OSB #221063<br>　E-Mail:  kshewbert@hwslawgroup.com<br>　Meredith A. Sawyer, *pro hac vice*<br>　E-Mail:  msawyer@hwslawgroup.com<br><br>Attorneys for Defendant Vidocq Society | By /s/Eric S. DeFreest<br>　Eric S. DeFreest, OSB #920475<br>　E-Mail: edefreest@luvaascobb.com<br><br><br><br>Attorneys for Defendant Richard Walter |

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

# CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2023, the foregoing JOINT PROPOSAL

PURSUANT TO DOCKET NUMBER 215 was served on the following parties at the following

address by sending to them a true copy thereof via the method indicated below:

| | |
|---|---|
| Robert E. Franz, Jr.<br>Sarah R. Henderson<br>Law Office of Robert E. Franz, Jr.<br>PO Box 62<br>Springfield, OR 97477<br>rfranz@franzlaw.comcastbiz.net<br>shenderson@franzlaw.comcastbiz.net<br>　　*Attorneys for Defendants*<br>　　*City of Coquille, City of Coos Bay, Coos*<br>　　*County, Craig Zanni, Chris Webley, Eric*<br>　　*Schwenninger, Sean Sanborn, Ray McNeely,*<br>　　*Kris Karcher, Pat Downing, Mark Dannels,*<br>　　*Kip Oswald, Michael Reaves, David Zavala,*<br>　　*Anthony Wetmore, Shelly McInnes* | Jesse B. Davis<br>Todd Marshall<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>todd.marshall@doj.state.or.us<br>jesse.b.davis@doj.state.or.us<br>　　*Attorneys for Defendants Oregon State*<br>　　*Police, John Riddle, Susan Hormann,*<br>　　*Mary Krings, Kathy Wilcox* |
| Anthony R. Scisciani III<br>Kelsey L. Shewbert<br>Meredith A. Sawyer<br>Rachel Jones<br>HWS Law Group<br>101 SW Main Street, Suite 1605<br>Portland, OR 97204<br>ascisciani@hwslawgroup.com<br>kshewbert@hwslawgroup.com<br>msawyer@hwslawgroup.com<br>rjones@hwslawgroup.com<br>*Attorneys for Defendant Vidocq Society* | Eric S. DeFreest<br>Luvaas Cobb<br>777 High Street, Ste. 300<br>Eugene, OR 97401<br>edefreest@luvaascobb.com<br>*Attorneys for Defendant Richard Walter* |

☒ by electronic means through the Court's ECF System on the date set forth above.

☐ by mailing a full, true and correct copy thereof in a sealed, first-class postage paid envelope, addressed to the attorneys as shown above, and deposited with the United States Postal Office at Portland, Oregon on the date set forth above.

☐ by emailing to each of the foregoing a copy thereof to the email address above.

　　　　　　　　　MALONEY LAUERSDORF REINER PC


　　　　　　　　　By  /s/Janis C. Puracal
　　　　　　　　　　　Janis C. Puracal, OSB #132288
　　　　　　　　　　　E-Mail:  jcp@mlrlegalteam.com
　　　　　　　　　Attorneys for Plaintiffs

Page 1– CERTIFICATE OF SERVICE

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417