UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

NICHOLAS JAMES MCGUFFIN, as an
individual and as guardian *ad litem*, on behalf
of S.M., a minor,

Case No. 6:20-CV-01163-MK

Plaintiff,

v.

**ORDER ON PLAINTIFFS'
MOTION TO MODIFY
SUBPOENA**

MARK DANNELS *et al.*,

Defendants.

_____

**KASUBHAI,** United States Magistrate Judge:

## BACKGROUND

Plaintiffs' action arises out of the wrongful conviction of Plaintiff Nicholas McGuffin.

Pl.'s Sec. Am. Compl., ECF No. 143 ("SAC"). Plaintiff McGuffin was convicted in a 2011

action titled *State of Oregon v. Nicholas James McGuffin*, Coos County Circuit Court Case No.

10CR0782 (the "Criminal Case"). His conviction was vacated by judgment in November 2019,

Page 1 — ORDER

and he was released from incarceration several weeks later. *See* Defs.' Resp. to Mot. to Modify Subpoena of McCrea Ex. 101, ECF No. 211-1 ("Defs.' Resp."). In this action, Plaintiffs' suit includes claims under § 1983 claims for the alleged fabrication of evidence and suppression of favorable evidence, and state law claims for negligent training and supervision and negligent spoliation of evidence. SAC 32-41, 45-46.

Attorney Shaun McCrea represented Plaintiff in the underlying Criminal Case which led to Plaintiff's wrongful conviction. Pls.' Mot. for Protective Order 2, ECF No. 207 ("Pls.' Mot."). In the present action, Plaintiffs requested and received from Ms. McCrea a complete copy of her file from the Criminal Case (the "McCrea File"). *Id.* After digitally scanning the documents, reviewing them for privilege, and producing a privilege log, Plaintiffs sent a digital copy of the McCrea file and privilege log to Defendants. *Id.* Plaintiffs withheld approximately 600 documents from the 35,000 pages of the McCrea file, asserting attorney-client privilege and work-product protection. Puracal Decl. Ex. 1, ECF No. 208 ("Privilege Log"). On September 8, 2023, the City/County Defendants[1] served Plaintiffs with a notice of intent to issue a subpoena *duces tecum* to Ms. McCrea, who is not a party in this matter, for "ANY AND ALL RECORDS relating to Nicholas James McGuffin." Pls.' Mot. 2. Defendants also sent Plaintiffs a notice of a subpoena to depose Ms. McCrea. *Id.*

In the present Motion (ECF No. 207), Plaintiffs move for a protective order modifying the scope of the subpoenas to prevent the disclosure of documents and information that they argue is protected by attorney-client privilege and the work product doctrine. *Id.* Defendants respond that Plaintiff McGuffin waived all privileges that relate to issues arising in this case. On

---

[1] Specifically, Defendants Mark Dannels, Pat Downing, Kris Karcher, Shelly McInnes, Raymond McNeely, Kip Oswald, Michael Reeves, Sean Sanborn, Eric Schwenninger, Chris Webley, Anthony Wetmore, Craig Zanni, David Zavala, City of Coquille, City of Coos Bay, Coos County, Oregon, and the Estate of David Hall. Herein after, "Defendants" for purposes of this Order.

Page 2 — ORDER

October 18, 2023, the Court held a hearing on the Motion to Modify the Subpoena. *See* ECF No. 215.

For the foregoing reasons, the motion to modify the subpoena is GRANTED, in part.

## LEGAL STANDARD

Fed. R. Civ. P. 26(b)(1) entitles each party to discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The Court has broad discretion to determine relevancy for the purposes of Rule 26(b)(1). *Goolsby v. Raney*, 483 F. App'x 326, 329 (9th Cir. 2012). However, even if a discoverable matter is relevant, on timely motion, the issuing court must modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Fed. R. Civ. P. 45(d)(3)(A)(iii). Federal courts analyze the attorney-client privilege and work product protection separately. *Tennison v. City & Cty. of San Francisco*, 226 F.R.D. 615, 622 (N.D. Cal. 2005) (citing *United States v. Nobles*, 422 U.S. 225, 238 (1975) ("The work-product doctrine is distinct from and broader than the attorney-client privilege.").

## DISCUSSION

### I.    Attorney-Client Privilege

"The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). The federal law of privilege applies in claims arising under a federal question. Fed. R. Evid. 501. The client may expressly or impliedly waive their attorney-client privilege. *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116–17 (9th Cir. 2020). The party asserting privilege

has the burden of establishing the applicable privilege. *U.S. v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011).

Courts in the 9th Circuit use the three prong *Hearn* test to determine whether a party waived the attorney-client privilege by placing the information at issue in the case. *United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999) (citing *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975)). Under the *Hearn* test, a plaintiff waives the privilege when (1) he takes an affirmative act, such as filing a suit; (2) his affirmative act puts the privileged information at issue; and (3) allowing the privilege would deny the defendant access to information vital to its defense. *Id.*

A.  Plaintiffs' Claims Under *Brady*

In a *Brady* claim, the plaintiff must prove that the defendant withheld exculpatory evidence that he or his criminal defense attorney were unaware of at the time of the conviction. *Mellen v. Winn*, 900 F.3d 1085, 1096 (9th Cir. 2018); *see Brady v. Maryland*, 373 U.S. 83 (1963). The plaintiff or his criminal defense counsel's awareness of exculpatory evidence, including an awareness of witnesses who may have had exculpatory evidence, may be used by the defendant in the civil suit to defeat the *Brady* claim. *United States v. Dupuy*, 760 F.2d 1492, 1502 (9th Cir. 1985).

Here, Plaintiff McGuffin waived the attorney-client privilege as it relates to his or Ms. McCrea's awareness of facts that would defeat the *Brady* claim. The first and second prongs of the *Hearn* test are satisfied because Plaintiffs took the affirmative action of bringing a *Brady* claim. The third prong is satisfied because Plaintiff McGuffin or Ms. McCrea's awareness of exculpatory evidence at the time of the criminal conviction is vital to Defendants' affirmative defense of the *Brady* claim. Accordingly, Plaintiff McGuffin waived his privilege regarding

Page 4 — ORDER

those facts. However, Plaintiff McGuffin did not waive his attorney-client privilege as is relates to his communications with Ms. McCrea and her opinions about that evidence.

B. Plaintiffs' State Law Negligence Claims

Plaintiffs allege negligent training and supervision of the Municipal Defendants (Fifth Claim for Relief) and negligent spoliation of evidence by all Defendants (Seventh Claim for Relief). Pls.' SAC ¶¶ 302-08, 314-19. Comparative fault is an affirmative defense to a state law claim for negligence. Or. Rev. Stat. § 31.600(1). Therefore, under *Hearn*, a claim for negligence may waive the attorney-client privilege as it relates to the plaintiff's or his attorney's comparative fault.

According to Defendants, Plaintiff McGuffin waived the attorney-client privilege and opened the door to the discovery of Plaintiff McGuffin and Ms. McCrea's comparative fault in negligently defending the Criminal Case. Defs.' Mot 5. To prove the affirmative defense of comparative fault, Defendants seek discovery of:

> (1) What information Mr. McGuffin gave to Robert and Shaun McCrea about what investigation was needed, what witnesses needed to be contacted or interviewed, and what evidence needed to be found or asked for from the Defendants, including the District Attorney; (2) what witnesses or events gave Mr. McGuffin an alibi; (3) what witnesses knew who killed Leah Freeman or had information about her or Mr. McGuffin; (4) why Mr. McGuffin did not testify and who made the decision that he was not to testify; (5) whether or not certain witnesses should testify, like McGuffin's mother and father; (6) what information was provided by Mr. McGuffin about his killing Ms. Freeman; (7) what Mr. McGuffin said about the fact that McGuffin failed the polygraph examination; (8) why didn't Mr. McGuffin take a second polygraph test as offered by the District Attorney; (9) any accusations by anyone including McGuffin that his criminal defense attorneys were not doing their job or not working hard enough; (10) statements and information exchanged about the timeline McGuffin gave to the police and the timelines he gave to his attorneys; and (11), all information that was withheld from the

Page 5 — ORDER

police, the grand jury, the jury, and/or the District Attorney and why.

Resp. to Pls.' Mot. to Modify Subpoena at 5-6. Defendants' proposed discovery far exceeds the scope of the allegations made in Plaintiffs' negligence claims.

Defendants overreach in their pursuit of discovery relating to their affirmative defense. The scope of discovery to which Defendants are entitled is defined by the terms of Plaintiffs' negligence claim, and not in the first instance, Defendants' affirmative defense. Defendants affirmative defense of negligent defense of the Criminal Case is not reasonably directed to Plaintiffs' negligence claims. Except for Plaintiff McGuffin or Ms. McCrea's *awareness* of exculpatory evidence that was allegedly withheld by Defendants, the Defendants' requested discovery is not relevant nor vital to their defense and fails prongs two and three of the *Hearn* test.

## C.  Privilege Waiver of Plaintiff McGuffin's Post Conviction Relief Proceeding

Defendants also argue that "Plaintiff McGuffin has waived all privileges related to all of the disclosures made by him or the McCreas in the post-conviction proceeding, which include McGuffin's contention that his attorneys committed malpractice. This includes all disclosures made and raised in the General Judgment of the post-conviction proceedings. . ." Defs.' Resp. 7. In response, Plaintiffs submit a copy of a Stipulated Protective Order signed by the court in Plaintiff McGuffin's post-conviction case, preventing the re-disclosure of material protected by attorney-client privilege and the work product doctrine. Puracal Supp. Decl. Ex. 4, ECF No. 212. At the discovery hearing held on October 18, 2023, Defendants did not provide a legal argument in support of their objection to the validity of the Stipulated Protective Order. The Court finds no reason to invalidate the Stipulated Protective Order in the post-conviction proceeding.

## II.    Work-Product Doctrine

Documents or the compilation of materials prepared by agents of the attorney in preparation for litigation may be covered by the work-product doctrine. *U.S. v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011). The primary purpose of the work-product doctrine is to "prevent exploitation of a party's efforts in preparing for litigation." *Admiral Ins. Co.*, 881 F.2d at 1494. Like the attorney-client privilege, the protection of work product is also waivable. *Richey*, 632 F.3d at 567. Special protection is afforded to materials that reveal an attorney's mental impressions and opinions ("opinion" or "core" work product). *Admiral Ins. Co.*, 881 F.2d at 1494; Fed. R. Civ. P. 26(b)(3)(B). Other materials, however, may be ordered produced upon a showing of substantial need for the information and that the information cannot be otherwise obtained without undue hardship. *Admiral Ins. Co.,* 881 F.2d at 1494; Fed R. Civ. P. 26(b)(3)(A)(ii). To obtain the opinion work product of an opposing party, a party must show that the mental impressions of counsel *are at issue* and the need for the material is compelling. *Holmgren v. State Farm Mutual Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992).

Plaintiffs argue that they have already produced all relevant, non-privileged documents from the McCrea file. Pls.' Mot. 3. Plaintiffs' privilege log shows that they have withheld approximately 600 documents from the McCrea File. Puracal Decl. Ex. 1, ECF No. 208. Defendants do not dispute whether the withheld documents are in fact within the scope of work-product protection. Rather, they argue that they are entitled to have a neutral party examine the withheld documents to determine if they are properly within the scope of protection from production and request the Court's in-camera review of the documents or, in the alternative, the appointment of a Special Master. Defs.' Resp. 4.

The Court will review the withheld documents and determine which, if any, are not protected by the work-product doctrine, consistent with the reasoning in this opinion.

## ORDER

For the reasons state above, Plaintiffs' Motion for Protective Order to Modify Subpoena (ECF No. 207) is GRANTED, in part. Defendants may ask Ms. McCrea about her awareness of facts pertinent to defeating Plaintiffs' *Brady* claims, including her awareness of witnesses at the time of conviction with exculpatory evidence. Defendants may not ask Ms. McCrea about her communications with Plaintiff McGuffin about those underlying facts. The Court ORDERS Plaintiffs to submit the withheld documents from the McCrea File to the Court for in-camera review within 30 days of this Order.

IT IS SO ORDERED.

DATED this 2nd day of November 2023.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge

Page 8 — ORDER