Janis C. Puracal, OSB #132288
E-mail: jcp@mlrlegalteam.com
Andrew C. Lauersdorf, OSB #980739
E-mail: acl@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside Street, Ste. 300
Portland, OR  97214
Telephone: (503) 245-1518
Facsimile: (503) 245-1417

David B. Owens, WSBA #53856, *pro hac vice*
E-mail: david@loevy.com
LOEVY & LOEVY c/o
Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
PO Box 85110
Seattle, WA  98145-1110
Telephone: (312) 590-5449

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

|  |  |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,<br><br>                Plaintiffs,<br><br>     v.<br><br>MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMINISTRATOR OF THE ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY,<br>                Defendants. | Civil No. 6:20-cv-01163-MK<br>(Lead Case)<br><br><br><br>PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF INTERROGATORIES |

Page 1– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF INTERROGATORIES



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Exhibit 156 Page 1 of 38 to
State Defendants' Motion for Summary Judgment

VIDOCQ SOCIETY,

Cross-Claimant,

v.

MARK DANNELS, PAT DOWNING,
SUSAN HORMANN, MARY KRINGS,
KRIS KARCHER, SHELLY MCINNES,
RAYMOND MCNEELY, KIP OSWALD,
MICHAEL REAVES, JOHN RIDDLE, SEAN
SANBORN, ERIC SCHWENNINGER,
RICHARD WALTER, CHRIS WEBLEY,
ANTHONY WETMORE, KATHY WILCOX,
CRAIG ZANNI, DAVID ZAVALA, JOEL D.
SHAPIRO AS ADMINISTRATOR OF THE
ESTATE OF DAVID E. HALL, VIDOCQ
SOCIETY, CITY OF COQUILLE, CITY OF
COOS BAY, and COOS COUNTY

Cross-Defendants.

NICHOLAS JAMES MCGUFFIN, as an
individual and as guardian *ad litem*, on behalf
of S.M., a minor,

Plaintiffs,

v.

OREGON STATE POLICE,

Defendant.

Civil Case No. 3:21-cv-01719-MK
(Trailing Case)

TO:   Defendant John Riddle and his counsel of record

## GENERAL RESPONSE

1.      Any statement that responsive documents or information will be provided is not a representation that any such documents or information exist.

2.      No documents or requested information that embody material that is private, business, confidential, proprietary, trade secret, or otherwise protected from disclosure will be produced without the prior entry of any appropriate protective order against unauthorized use or disclosure of such documents or information.

3.      All objections or other questions are reserved as to the competency, relevance,

Page 2– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF
          INTERROGATORIES



1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

materiality, privileged nature, or admissibility in evidence of any documents or information produced in this or any other action.

4.    The right to object to such other supplemental interrogatories as may be later propounded involving or relating to the same subject matter of these requests is reserved.

5.    This Response to Defendant John Riddle's First Set of Interrogatories is made to the best of Plaintiffs' knowledge, information, and belief.  This Response is at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of recollection, is subject to such further recollection and such additional knowledge and facts as may result from further discovery or investigation.  The right is reserved to make use of, or to introduce at any hearing and at trial, documents and information responsive to these requests for production located, discovered, or obtained subsequent to the date of this Response.

## GENERAL OBJECTIONS

1.    Plaintiffs object to the definitions and instructions set forth in Defendant John Riddle's First Set of Interrogatories to the extent they impose obligations beyond those set forth in the Federal Rules of Civil Procedure, including, but not limited to, any implication that the requests for production are "continuing" to any extent beyond the scope of FRCP 26.

2.    Plaintiffs object to the definitions in Defendant John Riddle's First Set of Interrogatories to the extent the definitions are inconsistent with FRCP 26 and 33, and to the extent that the definitions so expand the information requested that the requests are unduly burdensome. *See Diversified Products Corporation v. Sports Center Co.*, 42 F.R.D. 3, 4 (D.C. Md. 1967).

3.    Plaintiffs object to any interrogatory to the extent it seeks or requires the production of any documents or information outside of Plaintiffs' possession, custody, or control.

4.    Plaintiffs object to any interrogatory to the extent that it seeks documents or information protected by the attorney-client privilege, work product doctrine, or FRCP 26.  Any inadvertent disclosure of such privileged documents or information is not to be deemed a waiver

Page 3– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF
         INTERROGATORIES

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Exhibit 156 Page 3 of 38 to
State Defendants' Motion for Summary Judgment

of any privilege with respect to such documents or information.

These General Objections are incorporated into each and every answer, response, and/or objection set forth below.

## OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:** Identify with particularity, by bates stamp number or by describing the substance of the information or evidence, each document, piece of information, or evidence that Plaintiffs contend Defendant Riddle fabricated during the Investigation or Criminal Case.

**OBJECTIONS:** Plaintiffs object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "in detail every act" that supports Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection. Indeed:

> Contention interrogatories which ask the respondent to systematically recite
>
> "all facts" in support of that party's contention are generally disfavored.
>
> "Contention interrogatories which 'systematically track all of the allegations in
>
> an opposing party's pleadings, and that ask for 'each and every fact' and
>
> application of law to fact that supports the party's allegations are an abuse of
>
> the discovery process because they are overly broad and unduly burdensome.'

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *1 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a

Page 4– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF
    INTERROGATORIES

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594. These propositions are well established. *See*, *e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:** Subject to and without waiving any objection, Plaintiffs cannot possibly state (or know) every single time Defendant Riddle fabricated, lied, or withheld something. In addition, because this case involves thousands of pages of documents and deposition testimony, Plaintiffs cannot possibly state every single document and page of testimony that shows that Defendant Riddle fabricated, lied, or withheld something. Nonetheless, Plaintiffs contend that Defendant Riddle's reports and interrogations, on the whole, suggest Nicholas McGuffin was guilty of murder when, in fact, Defendant Riddle knew, and should have known, that McGuffin was innocent. (*See*, *e.g.*, 003846–3858; 2010-03-04 Interrogation of Kristen Steinhoff; 2010-05-24 OSP Lab Report; 2010-06-26 Interrogation of Kristen Steinhoff; 2010-10-15 ABC News "20/20"; OSP002395; OSP002567; OSP002645; Civil Suit Deposition of John Riddle; Civil Suit Deposition of Oregon State Police)

For example, Riddle fabricated evidence of Freeman's blood and DNA in the Kia,

Page 5– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF INTERROGATORIES

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

coercing Kristen Steinhoff to falsely state that McGuffin changed his clothes on the night that Freeman disappeared.  (*See*, *e.g.*, 2010-03-04 Interrogation of Kristen Steinhoff; 2010-05-24 OSP Lab Report; 2010-10-15 ABC News "20/20")

As another example, Riddle fabricated evidence of incriminating statements by McGuffin to Kristen Steinhoff.  (*See*, *e.g.*, 2010-03-04 Interrogation of Kristen Steinhoff (coercing statement that McGuffin changed clothes); 2010-06-26 Interrogation of Kristen Steinhoff (coercing statement that McGuffin told Steinhoff to keep her mouth shut))

As another example, Riddle fabricated evidence that McGuffin made incriminating statements during a pretext phone call with Scott Hamilton.  (*See*, *e.g.*, Criminal Case Bates No. 003846–3858; Civil Suit Deposition of John Riddle)

As another example, Riddle fabricated evidence that Brent Bartley failed a polygraph. (*See*, *e.g.*, OSP002395; CPD000324; Civil Suit Deposition of John Riddle)  As another example, Riddle fabricated evidence that Bartley knew who killed Freeman.  (*See*, *e.g.*, OSP002567; Civil Suit Deposition of John Riddle)

As another example, Riddle fabricated an informant statement that McGuffin admitted he could see Freeman laying there and her head sitting on a rock.  (*See*, *e.g.*, 2000-09-21 Handwritten Notes of Interview with David Jenkins; 2010-01-24 OSP Report; Grand Jury Testimony of Richard Bryant; Civil Suit Deposition of John Riddle)

As another example, Riddle fabricated evidence that McGuffin was violent, resulting in Riddle pointing his gun at McGuffin during the arrest.  (*See*, *e.g.*, OSP002645)

As another example, Riddle fabricated a false narrative of McGuffin's guilt and then unlawfully suppressed, withheld, or destroyed evidence of his knowledge of the falsity.  (*See*, *e.g.*, 2010-10-15 ABC News "20/20"; Civil Suit Deposition of John Riddle)

Plaintiffs reserve the right to supplement this response.

**INTERROGATORY NO. 2:**  Identify with particularity, by bates stamp number or by

Page 6– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF
  INTERROGATORIES

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

describing the substance of the information or evidence, each document, piece of information, or evidence that Plaintiffs contend was obtained as a result of Defendant Riddle allegedly "solicit[ing] false evidence" during the Investigation or Criminal Case, as alleged in the Second Am. Compl. ¶ 211.

OBJECTIONS:  Plaintiffs object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "in detail every act" that supports Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection.  Indeed:

> Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored. "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *1 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594.  These propositions are well established.  *See*, *e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts,

Page 7– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF
INTERROGATORIES

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case.  Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:**  *See* Answer to Interrogatory No. 1.

**INTERROGATORY NO. 3:**  Describe with particularity the actions or omissions by which Defendant Riddle allegedly "solicited false evidence" during the Investigation or Criminal Case, as alleged in the Second Am. Compl. ¶ 211.

**OBJECTIONS:**  Plaintiffs object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "in detail every act" that supports Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection.  Indeed:

> Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored. "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2

Page 8– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF INTERROGATORIES

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

(E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *1 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594. These propositions are well established. *See*, *e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:** *See* Answer to Interrogatory No. 1.

**INTERROGATORY NO. 4:** Identify with particularity, by bates stamp number or by describing the substance of the information or evidence, each document, piece of information, or evidence that Plaintiffs contend constitutes exculpatory evidence that Plaintiffs contend

Page 9– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF INTERROGATORIES

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Defendant Riddle unlawfully suppressed, destroyed, or otherwise failed to provide to the District Attorney or to the attorneys or investigators representing Nicholas McGuffin in the Investigation or Criminal Case.

**OBJECTIONS:**  Plaintiffs object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "in detail every act" that supports Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection.  Indeed:

> Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored. "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *1 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594.  These propositions are well established.  *See*, *e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the

Page 10– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF INTERROGATORIES

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:** Subject to and without waiving any objection, Plaintiffs cannot possibly state (or know) every single time Defendant Riddle fabricated, lied, or withheld something. In addition, because this case involves thousands of pages of documents and deposition testimony, Plaintiffs cannot possibly state every single document and page of testimony that shows that Defendant Riddle fabricated, lied, or withheld something. Nonetheless, Plaintiffs contend that Defendant Riddle's reports and interrogations, on the whole, suggest Nicholas McGuffin was guilty of murder when, in fact, Defendant Riddle knew, and should have known, that McGuffin was innocent. (*See*, *e.g.*, Criminal Case Bates No. 003846–3858; 2010-03-04 Interrogation of Kristen Steinhoff; 2010-05-24 OSP Lab Report; 2010-06-26 Interrogation of Kristen Steinhoff; 2010-10-15 ABC News "20/20"; OSP002395; OSP002567; OSP002645; Civil Suit Deposition of John Riddle; Civil Suit Deposition of Oregon State Police)

For example, Riddle unlawfully suppressed, withheld, or destroyed evidence of the misconduct described in response to Interrogatory No. 1. As another example, Riddle unlawfully suppressed, withheld, or destroyed evidence of interrogations of Kristen Steinhoff prior to the recorded portions. (*See*, *e.g.*, 2010-03-04 Interrogation of Kristen Steinhoff; 2010-06-26 Interrogation of Kristen Steinhoff)

As another example, Riddle unlawfully suppressed or withheld his knowledge of gas and

Page 11– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF INTERROGATORIES

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

phone records that corroborate McGuffin's alibi on the night that Freeman disappeared.  (*See*, *e.g.*, OSP002416; CPD002161; Civil Suit Deposition of John Riddle)

As another example, Riddle unlawfully suppressed, withheld, or destroyed records from the phone booth where Freeman was seen making a call on the night that she disappeared.  (*See*, *e.g.*, OSP002416; CPD002172)

As another example, Riddle unlawfully suppressed, withheld, or destroyed his field notebooks documenting his investigation into McGuffin.  (*See*, *e.g.*, Civil Suit Deposition of John Riddle)

As another example, Riddle withheld evidence about his conversations with the other Defendants, as well as police and prosecutors, about his investigation and his attempts to avoid developing evidence that would exonerate McGuffin.  (*See*, *e.g.*, Criminal Case Bates No. 003846–3858; 2010-03-04 Interrogation of Kristen Steinhoff; Civil Suit Deposition of John Riddle)

Plaintiffs reserve the right to supplement this response.

**INTERROGATORY NO. 5:**  Identify with particularity, by bates stamp number or by describing the substance of the information or evidence, each document, piece of information, or evidence that Plaintiffs contend constitutes impeachment evidence that Plaintiffs contend Defendant Riddle unlawfully suppressed, destroyed, tampered with, or otherwise failed to provide to the District Attorney or to the attorneys or investigators representing Nicholas McGuffin in the Investigation or Criminal Case.

**OBJECTIONS:**  Plaintiffs object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "in detail every act" that supports Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection.  Indeed:

Contention interrogatories which ask the respondent to systematically recite

Page 12– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF INTERROGATORIES

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

"all facts" in support of that party's contention are generally disfavored.

"Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *1 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594. These propositions are well established. *See*, *e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product."

*Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash.

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Jan. 18, 2012).

**ANSWER:**   *See* Answer to Interrogatory No. 4.

**INTERROGATORY NO. 6:**  Identify with particularity, by bates stamp number or by describing the substance of the information or evidence, each action or communication that plaintiffs contend support their assertion that Defendant Riddle reached an agreement with any other Defendant "to frame McGuffin for Freeman's abduction and murder," as alleged in the Second Am. Compl. ¶ 244.

**OBJECTIONS:**   Plaintiffs object to this interrogatory on the grounds that it misstates the allegations in the Second Amended Complaint.  Plaintiffs further object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "in detail every act" that supports Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection.  Indeed:

> Contention interrogatories which ask the respondent to systematically recite
>
> "all facts" in support of that party's contention are generally disfavored.
>
> "Contention interrogatories which 'systematically track all of the allegations in
>
> an opposing party's pleadings, and that ask for 'each and every fact' and
>
> application of law to fact that supports the party's allegations are an abuse of
>
> the discovery process because they are overly broad and unduly burdensome.'

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at \*2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at \*8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at \*1 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at \*1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

Page 14– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF
                INTERROGATORIES



MALONEY | LAUERSDORF | REINER pc
                        ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594. These propositions are well established. *See*, *e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:** Subject to and without waiving any objection, Plaintiffs cannot possibly state (or know) every single time Defendant Riddle conspired with the other Defendants. In addition, because this case involves thousands of pages of documents and deposition testimony, Plaintiffs cannot possibly state every single document and page of testimony that shows that Defendant Riddle conspired with the other Defendants. Nonetheless, *see*, *e.g.*, Answer to Interrogatory Nos. 1 and 4. *See also*, *e.g.*, OSP000749; OSP00770; OSP002329; OSP002376; OSP002378; OSP002382; OSP002393; OSP002394; OSP002395; OSP002414; OSP002416; OSP002524; OSP002525–27; OSP002567; OSP002616; OSP002632; OSP002645; OSP002649; OSP002654; OSP002698; Coquille 007393; CPD000016–42; CPD000148–155; CPD000302–339; CPD002092–2113; CPD002124–75; CPD002177–78; CPD020445–20580; CPD020646–47.

Page 15– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF INTERROGATORIES



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

**INTERROGATORY NO. 7:**  Describe with particularity the "overt acts" and the "joint activity" in which Defendant Riddle was "an otherwise willful participant," as alleged in support of Plaintiffs' conspiracy claims in the Second Am. Compl. ¶ 247.

**OBJECTIONS:**  Plaintiffs object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "in detail every act" that supports Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection.  Indeed:

> Contention interrogatories which ask the respondent to systematically recite
>
> "all facts" in support of that party's contention are generally disfavored.
>
> "Contention interrogatories which 'systematically track all of the allegations in
>
> an opposing party's pleadings, and that ask for 'each and every fact' and
>
> application of law to fact that supports the party's allegations are an abuse of
>
> the discovery process because they are overly broad and unduly burdensome.'

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *1 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594.  These propositions are well established.  *See*, *e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts,

Page 16– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF INTERROGATORIES

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:** Subject to and without waiving any objection, *see* Answer to Interrogatory No. 6.

**INTERROGATORY NO. 8:** Describe with particularity the actions or omissions by which Defendant Riddle allegedly "conceal[ed] [his] misconduct" and describe with particularity the misconduct that was concealed, as alleged in the Second Am. Compl. ¶ 296.

**OBJECTIONS:** Plaintiffs object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "in detail every act" that supports Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection. Indeed:

Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored.

"Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'

Page 17– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF INTERROGATORIES

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *1 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594. These propositions are well established. *See*, *e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:** Subject to and without waiving any objection, *see* Answer to Interrogatory No. 6.

**INTERROGATORY NO. 9:** Describe with particularity the actions or omissions by which

Page 18– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF
INTERROGATORIES

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Defendant Riddle "targeted" or "harassed" McGuffin as alleged in the Second Am. Compl. ¶¶ 86, 90, 98, 171.

**OBJECTIONS:**  Plaintiffs object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "in detail every act" that supports Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection.  Indeed:

> Contention interrogatories which ask the respondent to systematically recite
>
> "all facts" in support of that party's contention are generally disfavored.
>
> "Contention interrogatories which 'systematically track all of the allegations in
>
> an opposing party's pleadings, and that ask for 'each and every fact' and
>
> application of law to fact that supports the party's allegations are an abuse of
>
> the discovery process because they are overly broad and unduly burdensome.'

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *1 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594.  These propositions are well established.  *See*, *e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and

Page 19– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF
       INTERROGATORIES

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:** Subject to and without waiving any objection, *see* Answer to Interrogatory Nos. 1, 4, and 6.

**INTERROGATORY NO. 10:** Describe with particularity the instances in which Kristen Steinhoff was "repeatedly subject[ed] … to intense interrogation by Defendants Dannels and Riddle, as alleged in the Second Am. Compl. ¶ 135.

**OBJECTIONS:** Plaintiffs object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "in detail every act" that supports Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection. Indeed:

> Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored. "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*,

Page 20– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF INTERROGATORIES

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *1 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594. These propositions are well established. *See*, *e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:** Subject to and without waiving any objection, *see* Answer to Interrogatory Nos. 1, 4, and 6. *See also, e.g.*, CPD001012–1014; Criminal Case Bates No. 000397–400, 001032–33, 001289–1305, 002126–28, 002138–59, 004071–77, 005336–41, 008196–8207, 008211–13; Coquille 001086–1088; Coquille 001409–10; Coquille 009418–9454; OSP003216–3245; 2000-09-12 Interrogation of Kristen Steinhoff; 2010-03-04 Interrogation of Kristen Steinhoff; 2010-06-26 Interrogation of Kristen Steinhoff; 2000 Grand Jury Testimony of Kristen

Page 21– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF
INTERROGATORIES

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Steinhoff; 2010 Grand Jury Testimony of Kristen Steinhoff.

**INTERROGATORY NO. 11:**  Describe with particularity the instances in which Defendant Riddle "scar[ed Kristen Steinhoff's] children," as alleged in the Second Am. Compl. ¶ 135.

**OBJECTIONS:**  Plaintiffs object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "in detail every act" that supports Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection.  Indeed:

> Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored. "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *1 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594.  These propositions are well established.  *See*, *e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts,

Page 22– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF INTERROGATORIES

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case.  Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:**  Subject to and without waiving any objection, *see* Answer to Interrogatory No. 10.

**INTERROGATORY NO. 12:**  Describe with particularity the instances in which Defendant Riddle told Steinhoff that "she had failed a polygraph examination and they knew she was withholding information about Freeman's abduction and murder," as alleged in the Second Am. Compl. ¶ 135.

**OBJECTIONS:**  Plaintiffs object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "in detail every act" that supports Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection.  Indeed:

Contention interrogatories which ask the respondent to systematically recite

"all facts" in support of that party's contention are generally disfavored.

"Contention interrogatories which 'systematically track all of the allegations in

an opposing party's pleadings, and that ask for 'each and every fact' and

application of law to fact that supports the party's allegations are an abuse of

Page 23– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF INTERROGATORIES

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

the discovery process because they are overly broad and unduly burdensome.'
*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2
(E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*,
No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013);
*Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist.
LEXIS 112183, at *1 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-
06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero
v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a
narrative account of its case, including every evidentiary fact, details of testimony of supporting
witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594.  These
propositions are well established.  *See*, *e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL,
2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts,
including this one, have held that contention interrogatories which 'systematically track all of the
allegations in an opposing party's pleadings, and that ask for 'each and every fact' and
application of law to fact that supports the party's allegations are an abuse of the discovery
process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D.
at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's
strategy, what he deems important, and his analysis of the case.  Such requests exceed the
permissible use of contention interrogatories and border too closely to protected work-product."
*Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash.
Jan. 18, 2012).

**ANSWER:**  Subject to and without waiving any objection, *see* Answer to Interrogatory
No. 10.

///

Page 24– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF
INTERROGATORIES

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

///

**INTERROGATORY NO. 13:**  Describe with particularity the instances in which Defendant Riddle told Steinhoff that "other witnesses had reported that Steinhoff took part in Freeman's abduction and murder," as alleged in the Second Am. Compl. ¶ 135.

**OBJECTIONS:**  Plaintiffs object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "in detail every act" that supports Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection.  Indeed:

> Contention interrogatories which ask the respondent to systematically recite
>
> "all facts" in support of that party's contention are generally disfavored.
>
> "Contention interrogatories which 'systematically track all of the allegations in
>
> an opposing party's pleadings, and that ask for 'each and every fact' and
>
> application of law to fact that supports the party's allegations are an abuse of
>
> the discovery process because they are overly broad and unduly burdensome.'

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *1 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594.  These propositions are well established.  *See*, *e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts,

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:** Subject to and without waiving any objection, *see* Answer to Interrogatory No. 10.

**INTERROGATORY NO. 14:** Describe with particularity the instances in which Defendant Riddle suggested to Steinhoff that she "would be arrested if she did not implicate McGuffin in Freeman's abduction and murder," as alleged in the Second Am. Compl. ¶ 135.

**OBJECTIONS:** Plaintiffs object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "in detail every act" that supports Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection. Indeed:

> Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored. "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'

Page 26– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF INTERROGATORIES

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *1 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594. These propositions are well established. *See*, *e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:** Subject to and without waiving any objection, *see* Answer to Interrogatory No. 10.

**INTERROGATORY NO. 15:** Describe with particularity the instances in which Defendant

Page 27– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF
INTERROGATORIES

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Riddle to or suggested to Steinhoff that "she should think about what would happen to her four children if she was arrested," as alleged in the Second Am. Compl. ¶ 135.

**OBJECTIONS:**  Plaintiffs object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "in detail every act" that supports Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection.  Indeed:

> Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored.
>
> "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *1 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594.  These propositions are well established.  *See*, *e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and

Page 28– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF INTERROGATORIES

MALONEY | LAUERSDORF | REINER ᴾᶜ
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:** Subject to and without waiving any objection, *see* Answer to Interrogatory No. 10.

**INTERROGATORY NO. 16:** Describe with particularity the instances in which Defendant Riddle threatened Steinhoff "to the point of her breaking down in tears," as alleged in the Second Am. Compl. ¶ 135.

**OBJECTIONS:** Plaintiffs object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "in detail every act" that supports Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection. Indeed:

> Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored. "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*,

Page 29– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF INTERROGATORIES

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *1 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594.  These propositions are well established.  *See*, *e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case.  Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:**  Subject to and without waiving any objection, *see* Answer to Interrogatory No. 10.

**INTERROGATORY NO. 17:**  Describe with particularity the instances in which Defendant Riddle did "not allow[] Steinhoff to leave or end the interrogation despite her requests and repeated pleas that she did not have any information to provide," as alleged in the Second Am.

Page 30– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF
INTERROGATORIES

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Compl. ¶ 135.

**OBJECTIONS:** Plaintiffs object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "in detail every act" that supports Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection. Indeed:

> Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored. "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *1 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594. These propositions are well established. *See*, *e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery

Page 31– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF
     INTERROGATORIES

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:** Subject to and without waiving any objection, *see* Answer to Interrogatory No. 10.

**INTERROGATORY NO. 18:** Identify with particularity, by bates stamp number or by describing the substance of the information or evidence, the alleged misrepresentations that Plaintiffs contend Riddle made to Steinhoff that she adopted as her own and repeated back to Dannels and Riddle, as alleged in the Second Am. Compl. ¶ 137.

**OBJECTIONS:** Plaintiffs object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "in detail every act" that supports Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection. Indeed:

> Contention interrogatories which ask the respondent to systematically recite
>
> "all facts" in support of that party's contention are generally disfavored.
>
> "Contention interrogatories which 'systematically track all of the allegations in
>
> an opposing party's pleadings, and that ask for 'each and every fact' and
>
> application of law to fact that supports the party's allegations are an abuse of
>
> the discovery process because they are overly broad and unduly burdensome.'

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2

(E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*,

Page 32– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF
  INTERROGATORIES

MALONEY | LAUERSDORF | REINER ᴘᴄ
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *1 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594. These propositions are well established. *See*, *e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:** Subject to and without waiving any objection, *see* Answer to Interrogatory Nos. 1 and 10.

**INTERROGATORY NO. 19:** Identify with particularity, by bates stamp number or by describing the substance of the information or evidence, all information, statements, testimony, or other evidence obtained from Steinhoff that Plaintiffs contend was false.

Page 33– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF INTERROGATORIES

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

**OBJECTIONS:**  Plaintiffs object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "in detail every act" that supports Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection.  Indeed:

> Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored. "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *1 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594.  These propositions are well established.  *See*, *e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D.

Page 34– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF INTERROGATORIES

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:** *See* Answer to Interrogatory No. 1.


**INTERROGATORY NO. 20:** Identify with particularity, by bates stamp number or by describing the substance of the information or evidence, all instances of misconduct by Defendant Riddle of which Plaintiffs complain in this case not otherwise described in response to these Interrogatories.

**OBJECTIONS:** Plaintiffs object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "in detail every act" that supports Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection. Indeed:

> Contention interrogatories which ask the respondent to systematically recite
> "all facts" in support of that party's contention are generally disfavored.
> "Contention interrogatories which 'systematically track all of the allegations in
> an opposing party's pleadings, and that ask for 'each and every fact' and
> application of law to fact that supports the party's allegations are an abuse of
> the discovery process because they are overly broad and unduly burdensome.'

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist.

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

LEXIS 112183, at *1 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594. These propositions are well established. *See*, *e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:** *See* Answer to Interrogatory Nos. 1, 4, 6, and 10.

**INTERROGATORY NO. 21:** Identify each expert witness who has expressed any opinion relating to any alleged misconduct of Defendant Riddle for which Plaintiffs complain in this litigation, and for each such expert: a) identify each opinion expressed; b) provide a statement of the basis of support for each opinion expressed; c) identify the information considered by the expert witness in forming each opinion expressed; d) identify the qualifications of the witness as

Page 36– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF INTERROGATORIES

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

an expert witness; e) identify the publications if any authored by the witness; f) identity the specific text portions from each authoritative writing which were relied upon by the witness in formation of the opinions expressed; and g) provide a list of all cases in which the witness has testified as an expert at trial or by deposition.

**OBJECTIONS:** Plaintiffs object to this interrogatory as premature and in violation of the Court's order on expert disclosures. Plaintiffs further object to this interrogatory to the extent that it imposes obligations beyond the scope of Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 33(a)(1).

**ANSWER:** *See* Objections.

DATED: December 4, 2023

MALONEY LAUERSDORF REINER PC

By /s/Janis C. Puracal
    Janis C. Puracal, OSB #132288
    E-Mail: jcp@mlrlegalteam.com
    Andrew C. Lauersdorf, OSB #980739
    E-Mail: acl@mlrlegalteam.com

Page 37– PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF
        INTERROGATORIES

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2023, the foregoing PLAINTIFFS' RESPONSE TO DEFENDANT JOHN RIDDLE'S FIRST SET OF INTERROGATORIES was served on the following parties at the following address by sending to them a true copy thereof via the method indicated below:

| | |
|---|---|
| Robert E. Franz, Jr.<br>Sarah R. Henderson<br>Law Office of Robert E. Franz, Jr.<br>PO Box 62<br>Springfield, OR 97477<br>rfranz@franzlaw.comcastbiz.net<br>shenderson@franzlaw.comcastbiz.net<br>   *Attorneys for Defendants*<br>   *City of Coquille, City of Coos Bay, Coos*<br>   *County, Craig Zanni, Chris Webley, Eric*<br>   *Schwenninger, Sean Sanborn, Ray McNeely,*<br>   *Kris Karcher, Pat Downing, Mark Dannels,*<br>   *Kip Oswald, Michael Reaves, David Zavala,*<br>   *Anthony Wetmore, Shelly McInnes* | Jesse B. Davis<br>Todd Marshall<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>todd.marshall@doj.state.or.us<br>jesse.b.davis@doj.state.or.us<br>   *Attorneys for Defendants Oregon State*<br>   *Police, John Riddle, Susan Hormann,*<br>   *Mary Krings, Kathy Wilcox* |
| Anthony R. Scisciani III<br>Kelsey L. Shewbert<br>Meredith A. Sawyer<br>Rachel Jones<br>HWS Law Group<br>101 SW Main Street, Suite 1605<br>Portland, OR 97204<br>ascisciani@hwslawgroup.com<br>kshewbert@hwslawgroup.com<br>msawyer@hwslawgroup.com<br>rjones@hwslawgroup.com<br>   *Attorneys for Defendant Vidocq Society* | Eric S. DeFreest<br>Luvaas Cobb<br>777 High Street, Ste. 300<br>Eugene, OR 97401<br>edefreest@luvaascobb.com<br><br>Laura E. Coffin<br>Coffin Law<br>541 Willamette Street, Ste. 211<br>Eugene, OR 97401<br>lauracoffin@coffin.law<br>   *Attorneys for Defendant Richard*<br>   *Walter* |

☒ by emailing to each of the foregoing a copy thereof to the email address above.

MALONEY LAUERSDORF REINER PC

By  /s/Janis C. Puracal
    Janis C. Puracal, OSB #132288
    E-Mail: jcp@mlrlegalteam.com

Attorneys for Plaintiffs

Page 1– CERTIFICATE OF SERVICE



MALONEY | LAUERSDORF | REINER PC<br>ATTORNEYS AT LAW<br>1111 E. Burnside Street, Ste. 300<br>Portland, Oregon 97214<br>Telephone: 503.245.1518<br>Facsimile: 503.245.1417