IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


NICHOLAS JAMES MCGUFFIN, as an        ) Civil No.
individual and as guardian ad         ) 6:20-cv-01163-
litem, on behalf                      ) MK
Of S.M., a minor,                     )
                                      )
            Plaintiffs,               )
                                      )
        vs.                           )
                                      )
MARK DANNELS, PAT DOWNING, SUSAN      )
HORMANN, MARY KRINGS, KRIS            )
KARCHER, SHELLY MCINNES, RAYMOND      )
MCNEELY, KIP OSWALD, MICHAEL          )
REAVES, JOHN RIDDLE, SEAN             )
SANBORN, ERIC SCHWENNINGER,           )
RICHARD WALTER, CHRIS WEBLEY,         )
ANTHONY WETMORE, KATHY WILCOX,        )
CRAIG ZANNI, DAVID ZAVALA, ESTATE     )
OF DAVE HALL, VIDOCQ SOCIETY,         )
CITY OF COQUILLE, CITY OF COOS        )
BAY, and COOS COUNTY,                 )
                                      )
            Defendants.               )
_____ )


DEPOSITION OF KATHY WILCOX

Taken in behalf of Plaintiffs

May 03, 2022

*   *   *

Exhibit 162 Page 1 of 5 to
State Defendants' Motion for Summary Judgment

A.   I don't know.

Q.   What was that about?

MR. DAVIS:  Objection; calls for speculation.

Q.   You can answer, Ms. Wilcox.

A.   Oh.  "Would Leah accept ride from stranger."  I think at that point her body not been found, and we were still just trying to figure out what happened to her.  So, for some reason, I wrote down that as a theory.  I don't know.  I can't remember.

Q.   At some point your opinion changed to the seats having been wiped clean, is that right?

A.   No.

Q.   Do you remember testifying at trial that the seats had been wiped clean?

A.   Yes.

Q.   Why did you testify that the seats had been wiped clean?

A.   I was talking about the tape lifts at the time, and I probably should've used a different word, but that was just the word I used right then.

The seats were a hard vinyl, so people scooting in and out of them would've, like, removed any residue that might've been there, and they were clean, as far as nothing sticking to the vinyl.

Exhibit 162 Page 2 of 5 to
State Defendants' Motion for Summary Judgment

It was not a good choice of words, but that was -- you know, when you're in trial, that's the word that was in my head.  I was trying to express that the tape lifts would not have been productive, in my opinion.

Q.  And you used the word "wiped."  Why did you use the word "wiped"?

A.  People scooting in and out of the seat would've brushed any loose material off.

Q.  Did you talk to anyone before trial about that idea?

A.  I can't recall.

Q.  I'll show you what we had marked as Exhibit 4, which was your notebook.  I'll blow it up for you.  Looking at page 3 of that PDF there, I see down here about two-thirds of the way down where my cursor is, it says, "Car not recently washed.  Interior lightly dusty.  Seats, arrow, clean vinyl.  Did not tape lifted."

This part here that says, "Interior lightly dusty," that notes does not appear in your report.  Why didn't you write down in your report that the interior was lightly dusty?

A.  I covered that when I said that the car had not appeared recently cleaned.  In other words, cars get

Stumptown Steno
503.888.1416

Exhibit 162 Page 3 of 5 to
State Defendants' Motion for Summary Judgment

Page 188

C E R T I F I C A T E

STATE OF OREGON          )

                                       ) ss.

COUNTY OF MULTNOMAH     )


       I, Amanda K. Fisher, a Certified Shorthand

Reporter, do hereby certify that, pursuant to

stipulation of counsel for the respective parties

hereinbefore set forth, KATHY WILCOX remotely appeared

before me at the time and place set forth in the

caption hereof; that at said time and place I reported

in Stenotype all testimony adduced and other oral

proceedings had in the foregoing matter; that

thereafter my notes were reduced to typewriting under

my direction; and that the foregoing transcript, pages

1 to 187, both inclusive, constitutes a full, true and

accurate record of all such testimony adduced and oral

proceedings had, and of the whole thereof.

       Witness my hand and stamp at Portland, Oregon,

May 16, 2022.


_____
AMANDA K. FISHER,
CSR No. 3229


Stumptown Steno
503.888.1416


Exhibit 162 Page 4 of 5 to
State Defendants' Motion for Summary Judgment

CASE NAME:  McGuffin et al v. Dannels et al
DEPONENT: Kathy Wilcox

| Page: | Line: | Reason: | Correction: |
|-------|-------|---------|-------------|
| 145 | 4 | Transcription error | Replace "car" with "card" |

I hereby certify that I have read the deposition taken on May 03, 2022, and that this deposition, together with any corrections or additions, is a true and accurate record of my testimony.

Kathy Wilcox
_____
Kathy Wilcox

Subscribed and sworn to before me under the penalties of perjury, this __14__ day of _June_, 20_22_

Brandi Cassaro
_____

Notary Public for the State of _Oregon_.
My commission expires: _June 8th 2024_.

OFFICIAL STAMP
BRANDI MARIE CASSARO
NOTARY PUBLIC - OREGON
COMMISSION NO. 1000735
MY COMMISSION EXPIRES JUNE 08, 2024

Exhibit 162 Page 5 of 5 to
State Defendants' Motion for Summary Judgment