**Robert E. Franz, Jr.**     OSB #730915
E-Mail:  rfranz@franzlaw.comcastbiz.net
**Sarah R. Henderson**     OSB #153474
E-Mail:  shenderson@franzlaw.comcastbiz.net
LAW OFFICE OF ROBERT E. FRANZ, JR.
P.O. Box 62
Springfield, OR 97477
Telephone:  (541) 741-8220
  Attorneys for Mark Dannels, Pat Downing, Kris Karcher, Shelly McInnes,
  Raymond McNeely, Kip Oswald, Michael Reeves, Sean Sanborn,
  Eric Schwenninger, Chris Webley, Anthony Wetmore, Craig Zanni,
  David Zavala, City of Coquille, City of Coos Bay, Coos County, Oregon,
  and the Estate of David E. Hall

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| Nicholas James McGuffin, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,<br><br>            Plaintiffs,<br>   v.<br><br>Mark Dannels, Pat Downing, Susan Hormann, Mary Krings, Kris Karcher, Shelly McInnes, Raymond McNeely, Kip Oswald, Michael Reaves, John Riddle, Sean Sanborn, Eric Schwenninger, Richard Walter, Chris Webley, Anthony Wetmore, Kathy Wilcox, Craig Zanni, David Zavala, Joel D. Shapiro as Administrator of the Estate of David E. Hall, Vidocq Society, City of Coquille, City of Coos Bay, and Coos County,<br><br>            Defendants. | Case No. 6:20-cv-01163-MK<br><br>**Motion to Compel Plaintiffs to Answer Interrogatories**<br>by Defendant City of Coquille<br><br>Oral Argument Requested |

Nicholas James McGuffin, as an Individual and as guardian ad litem, on behalf of S.M., a minor,

      Plaintiffs,

v.

Oregon State Police,

      Defendant.

Case No. 3:21-cv-01719-MK
(Trailing Case)

## LR 7-1 CERTIFICATION

Pursuant to Local Rule 7-1, the undersigned certifies that I have conferred with Plaintiffs' attorneys by phone and email, regarding the interrogatories that are the subject of this motion. Plaintiffs have explicitly refused to provide complete answers to these interrogatories; therefore, the Court's assistance is necessary.

## MOTION

Pursuant to FRCP 37(a)(3)(B), Defendant City of Coquille hereby moves this Court for an order compelling the Plaintiffs, to answer completely the City of Coquille's Interrogatories Nos. 16 and 20[1].

## I. Introduction.

This case arises out of the setting aside of the criminal conviction of Nicholas James McGuffin, who, on July 19, 2011, was convicted by a Coos County Circuit Court Jury for Manslaughter in the First Degree for the death of his girlfriend, Leah Freeman. Freeman disappeared in Coquille, Oregon, on June 28, 2000, and her badly decomposed body was found on August 3, 2000, in a rural area adjacent to the North Fork of the Coquille River, approximately 9 miles from where she was last seen alive in Coquille. At the time of her death, Leah Freeman was 15 years old, and Nick McGuffin was 18 years old.

---

[1] Interrogatory No. 20, which alone comprised Defendant City of Coquille's Second Set of Interrogatories to Plaintiffs, was mistakenly numbered Interrogatory No.1, but was No. 20 propounded by the City of Coquille upon Plaintiffs.

Page 2 of 9 – Motion to Compel Plaintiffs to Answer Interrogatories

In 2011, Nick McGuffin was found guilty by a Coos County jury of Manslaughter involving the death of Leah Freeman. In August of 2019, a bench trial was held on a Petition for Post-Conviction Relief filed by Plaintiff Nick McGuffin in the Circuit Court for Malheur County, before Circuit Court Judge Patricia Sullivan. On November 26, 2019, Judge Sullivan issued her decision, setting aside McGuffin's 2011 conviction.

Plaintiffs now allege that "McGuffin had absolutely nothing to do with the abduction or murder of Leah Freeman," and as to damages they have alleged:

> 175. During his incarceration, McGuffin was further deprived of the ability to interact freely with his loved ones; to be present for holidays, births, deaths, and other life events; to pursue his passions and interests; to engage in meaningful labor and pursue his chosen career in the culinary field; and to live freely as an autonomous being.
>
> 176. As a result of his wrongful incarceration, McGuffin was forced to leave his lucrative position as an Executive Banquet Chef at one of the most highly regarded restaurants in Coos County and abandon the training and skills he had developed through culinary school and his time as a chef.
>
> 177. In addition to causing the severe trauma of McGuffin's wrongful imprisonment and loss of liberty, Defendants' misconduct caused and continues to cause McGuffin extreme physical and psychological pain and suffering, humiliation, constant fear, anxiety, deep depression, despair, rage, and other physical and psychological effects.
>
> 178. The Defendants' misconduct further caused and continues to cause McGuffin's loss of reputation in his community and loss of employment options in his chosen vocation.

At this stage in the litigation, the parties are continuing to seek discovery in this matter, including damages discovery. This Motion concerns interrogatory responses that Defendants are entitled to that the Plaintiffs have objected to and refused to answer.

**II. Interrogatory Responses Sought.**

Plaintiffs have objected to and refused to answer, in whole or in part, Defendant's interrogatories Nos. 16 and 20. Defendants are entitled to responses to these interrogatories for the reasons that follow:

> **INTERROGATORY NO. 16:** Provide the physical address of each place Plaintiff Nicholas McGuffin has resided in 2021, 2022, and 2023, and provide the name and current address of each person he resided with at each location.
>
> **OBJECTIONS:** Plaintiffs object to this interrogatory on the grounds that it seeks information that is not relevant or proportional to the needs of this case pursuant to Rule 26(b)(1). Plaintiffs further object to this interrogatory on the grounds that it seeks information that is private and privileged under the First Amendment. Plaintiffs further object to this interrogatory on the grounds that it constitutes an effort to annoy, embarrass, oppress, and cause undue burden or expense in violation of Rule 26(c)(1).
>
> **ANSWER:** See Objections.

Defendants are entitled to know the name and current address of all individuals with whom Nick McGuffin resides and has resided from the time he was released from prison up to and including the time of trial because they have admissible information that goes to damages.

These witnesses will also be able to testify as to Plaintiff McGuffin's interaction with his loved ones; whether McGuffin was present for the holidays and other life events of his children, including S.M.; and whether McGuffin has been able to pursue his passions and interests and engage in meaningful labor and pursue his chosen career as a cook in a restaurant, or whether his pursuit of those passions has been limited by his own misconduct with his employers and fellow employees. These roommates have and will have the advantage of observing the conduct of Mr. McGuffin, including emotional problems he has had that are not

related to this lawsuit; thus, showing he has not suffered any damages because of the acts alleged in his lawsuit, but because of his own misconduct or improper relationships with other people.

These former and current roommates also know and will have observed McGuffin's conduct that has led to his current and past reputation; and they will have observed any pain and suffering he has experienced because of his conviction, due to loss of jobs, or problems in personal relationships. One can assume that McGuffin already intends to use these witnesses at trial, so whether he lived with them, and the nature of their relationship, also goes to bias for or against McGuffin that each witness possesses.

These witnesses can also testify as to McGuffin's habits, including those affecting life expectancy, memory, and his ability to hold a job, including alcohol and drug use or abuse. These witnesses can also testify as to McGuffin's income and spending habits, including whether he spent any money on them, his loved ones, his girlfriends, or his children. If these witnesses testify McGuffin spent money on them and his girlfriends, that would cause stress and problems for McGuffin, because he also had and has child support obligations. That is, money spent on these people means less money was going to his children and less money was available for McGuffin's own basic needs.

These witnesses can also testify about McGuffin's relationship with his children over time, when he saw them, what they did when they were together, and what financial or other support he has provided to them. This is important because of S.M.'s (his daughter) deposition testimony that she stopped seeing her father (Nick McGuffin) because her father had cheated on Alexandra (the mother of Nick's second child) when Nick saw her mother (Maegan) at the same time Nick was seeing Alexandra. Nick was not happy with the fact that S.M. is the person that told Alexandra that Nick was cheating on Alexandra. S.M. also confirmed she

had all of this information in text messages, which have not been provided to any of the Defendants.

In addition, these former and current roommates can testify as to the damages Plaintiffs are contending they have incurred as set forth in paragraphs 177, 178, 179, 216, 222, 228, 235, 241 of the Plaintiffs' Second Amended Complaint in which Plaintiffs allege Mr. McGuffin has suffered severe trauma, extreme physical and psychological pain and suffering, humiliation, constant fear, anxiety, deep depression, despair, rage, and other psychological effects in addition to loss of reputation in his community and loss of employment options in his chosen vocation.

After conferral, and after Defendants indicated their intent to move to compel Plaintiffs to answer this interrogatory, the following supplement was made to the response on March 29, 2024:

> **SUPPLEMENTAL ANSWER:** Pursuant to Fed. R. Civ. P. 33(d), the answer to this interrogatory may be determined by examining the transcripts of the depositions of Nicholas McGuffin, p. 10, Megan Davidson, pp. 9-10, 18-19, and 29-30, Aleksandra Djeric, pp. 10-11, and Georgia Bartholomew, pp. 39-43, and the burden of deriving or ascertaining the answer to this interrogatory is substantially the same for either party. In further answer, Plaintiff Nicholas McGuffin resided at 687 S. Center Street, in Oregon City, Oregon, with Aleksandra Djeric and their child, A.N. Ms. Djeric's current address is unknown. In addition, Plaintiff Nicholas McGuffin resided at 106 Toliver Road, in Molalla, Oregon, with Ray Ebey and Megan Davidson. Mr. Ebey is now deceased; Ms. Davidson's current address is unknown. In addition, Plaintiff Nicholas McGuffin currently resides with Georgia Bartholomew, but will not disclose the address at which he currently resides out of concern for his personal safety and the personal safety of Ms. Bartholomew and A.N.

Mr. McGuffin claims that he does not know Aleksandra Djeric's current address. However, as recently as December of 2023, Ms. Djeric testified that Mr. McGuffin

was still on the lease, still had belongings present, and "still lived" at her residence at 687 South Center Street in Oregon City. She also shares a young Child, A.N., with McGuffin and testified that they have "pick-up and drop-off arrangements" for purposes of sharing custody. As the Court is aware, Ms. Djeric has already defied one federal subpoena from Defendants to appear for a deposition. The burden to Defendants of deriving Ms. Djeric's current address for purposes of subpoenaing her for trial in this matter is not, as Plaintiffs assert, substantially the same for each party, and these moving Defendants request the Court order Plaintiffs to supplement the answer to this interrogatory currently and up to the time of trial.

In addition, Plaintiffs refuse to disclose Mr. McGuffin's current address that he shares with Georgia Bartholomew. In her deposition, Ms. Bartholomew refused to disclose either their living arrangements or her current address. Again, for the purposes of subpoenaing Ms. Bartholomew for trial, Defendants need this information.

Regarding the current address of Georgia Bartholomew, Defendants asked for this information directly as well:

> **INTERROGATORY NO. [20]:** List the current address(es) of Georgia Bartholomew.
>
> **OBJECTION:** Plaintiffs object to this Interrogatory, because the information sought is not relevant to any party's claim or defense, and discovery of this information is not proportional to the needs of the case or necessary to resolving the issues in this litigation. In addition, the information is being sought for purposes of annoyance, embarrassment, and oppression, and the burden or expense of the proposed discovery, even though the information sought is theoretically protected by the Court's Stipulated Protective Order, outweighs its likely benefit.

>**ANSWER:** Without waiving any objection, Plaintiffs agree to make arrangements for Ms. Bartholomew to be present at a mutually agreed upon date, time, and place where Defendants' process server may serve her with a deposition subpoena.

This Interrogatory response has not been supplemented, and during conferral Plaintiffs indicated they would not answer. The Defendants are entitled to Ms. Bartholomew's current address and contact information. She is Mr. McGuffin's current girlfriend, and Plaintiffs have, after initially objecting, admitted that she lives with Mr. McGuffin. Ms. Bartholomew is a witness who has now testified in a deposition, and she has relevant, admissible information. The Defendants need to subpoena her for trial, and because she is a non-party, Defendants cannot rely on Plaintiffs' willingness to arrange a meeting with her, or her willingness to continue to cooperate with the Plaintiffs' lawyers. Ms. Bartholomew refused to answer questions about her current address and living situation in her deposition. The Defendants are entitled to this information as to her whereabouts.

### III. Conclusion.

For the reasons stated herein, the requested information is relevant and discoverable under FRCP 26(b)(1), and having conferred with Plaintiffs' counsel in good faith to no avail, Defendant City of Coquille seeks assistance from this Court pursuant to FRCP 37(a)(3)(b), and hereby requests that this Court issue an order compelling the Plaintiffs to answer the City of Coquille's Interrogatories Nos. 16 and 20.

DATED:  Wednesday, June 12, 2024.

Respectfully submitted,

By:  /s/ Robert E. Franz, Jr.
LAW OFFICE OF ROBERT E. FRANZ, JR.
**Robert E. Franz, Jr.**
OSB #730915

Page 8 of 9 – Motion to Compel Plaintiffs to Answer Interrogatories

(541) 741-8220
**Attorneys for Municipal Defendants**