Janis C. Puracal, OSB #132288
E-mail: jcp@mlrlegalteam.com
Andrew C. Lauersdorf, OSB #980739
E-mail: acl@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside Street, Ste. 300
Portland, OR  97214
Telephone: (503) 245-1518
Facsimile: (503) 245-1417

David B. Owens, WSBA #53856, *pro hac vice*
E-mail: david@loevy.com
LOEVY & LOEVY c/o
Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
PO Box 85110
Seattle, WA  98145-1110
Telephone: (312) 590-5449

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,<br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMINISTRATOR OF THE ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY,<br>　　　　　　Defendants. | Civil No. 6:20-cv-01163-MK<br>(Lead Case)<br><br><br>JOINT SUBMISSION PURSUANT TO DOCKET NO. 247 |

MALONEY | LAUERSDORF | REINER rc
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

VIDOCQ SOCIETY,

                Cross-Claimant,

    v.

MARK DANNELS, PAT DOWNING,
SUSAN HORMANN, MARY KRINGS,
KRIS KARCHER, SHELLY MCINNES,
RAYMOND MCNEELY, KIP OSWALD,
MICHAEL REAVES, JOHN RIDDLE, SEAN
SANBORN, ERIC SCHWENNINGER,
RICHARD WALTER, CHRIS WEBLEY,
ANTHONY WETMORE, KATHY WILCOX,
CRAIG ZANNI, DAVID ZAVALA, JOEL D.
SHAPIRO AS ADMINISTRATOR OF THE
ESTATE OF DAVID E. HALL, VIDOCQ
SOCIETY, CITY OF COQUILLE, CITY OF
COOS BAY, and COOS COUNTY

                Cross-Defendants.

NICHOLAS JAMES MCGUFFIN, as an
individual and as guardian *ad litem*, on behalf
of S.M., a minor,

                Plaintiffs,

    v.

OREGON STATE POLICE,

                Defendant.

Civil Case No. 3:21-cv-01719-MK
(Trailing Case)

On June 28, 2024, the Court scheduled a hearing to discuss all remaining issues that require the Court's guidance.[1] The Court ordered the parties to submit a joint status report outlining those issues no later than 14 days before the scheduled hearing.[2] The Court further ordered the parties to be prepared to resolve the issues at the scheduled hearing.[3] The parties submit this joint status report pursuant to the Court's order.

Below are the parties' positions on the issues requiring the Court's guidance.

///

---

[1] Dkt. No. 247.
[2] *Id.*
[3] *Id.*

Page 2 – JOINT SUBMISSION PURSUANT TO DOCKET NO. 247



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

## I.  PLAINTIFFS' ISSUES FOR CONSIDERATION

**A.    Production of Vidocq's Documents Reviewed in Preparation for Rule 30(b)(6) Deposition**

**1.    Plaintiffs' Position**

Plaintiffs ask the Court for an order compelling Defendant Vidocq Society to produce the documents its Rule 30(b)(6) designee (Barbara Cohan-Saavedra) reviewed in preparation for the company's deposition.  Specifically, Plaintiffs seek copies of an email that Vidocq's Rule 30(b)(6) designee sent to the Vidocq members soliciting information requested in Plaintiffs' Rule 30(b)(6) deposition notice and copies of the members' responses.

Federal Rule of Evidence 612(b), requires production of a writing used to refresh a witness's memory in order "to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony."

During the Rule 30(b)(6) deposition, Ms. Cohan testified that she sent an email to Vidocq members and reviewed their responses in preparation for the company's deposition:

> Q:    Okay.  Did you read any documents to prepare for your deposition?
> A:    Yes.
> Q:    What did you review?
> A:    I reviewed the deposition notice in detail.  I went through my personal retained copies of minutes of the Board of Directors. I went through the Vidocq's Constitution and Bylaws, in its present form, as well as in its prior iterations.
> Q:    Okay.
> A:    I went through all of the digital files that I have regarding my work with the Vidocq Society.  And in addition to that, I sent a blast e-mail to anyone who was a Vidocq Society member between 2009 and 2015, posing to them some of the questions that are in your deposition notice.  And I reviewed their responses.[4]

Plaintiffs made an informal request for copies of the emails and followed up with a formal request.[5]  During the continuation of Vidocq's Rule 30(b)(6) deposition, Plaintiffs again

---

[4] Vidocq Rule 30(b)(6) Deposition at 17:10–18:8 (Exhibit 1 to Puracal Decl.).

[5] Emails from Lauersdorf to Vidocq's Counsel, dated March 11 and June 24, 2024 (Exhibit 2 to Puracal Decl.); Vidocq's Objections and Responses to Plaintiffs' Second Set of Requests for

MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

requested copies of the emails.[6]  Ms. Cohan-Saavedra testified that she retained copies of her email and the members' responses,[7] but Vidocq objected to production on the basis of attorney-client privilege and work product protection.[8]  Vidocq refused to produce the documents.[9]

Plaintiffs disagree that the emails are privileged or protected by work product.  The emails were exchanged between Ms. Cohan-Saavedra (the corporation's then-Public Information Officer) and certain Vidocq members.  Ms. Cohan-Saavedra is a practicing lawyer (a former Assistant United States Attorney and currently General Counsel to a printing company), but she does not represent Vidocq.[10]  She is, instead, a member of Vidocq's Board.[11]  There is no basis to claim protection.

Moreover, federal courts have already recognized the requirement to produce documents reviewed in preparation for a Rule 30(b)(6) deposition, including documents that may be protected by privilege or work product.[12]  In *Adidas America*, *Inc. v. TRB Acquisitions LLC*, Judge Simon ordered Adidas to produce documents reviewed in preparation for its Rule 30(b)(6) deposition, including documents protected by attorney-client privilege and work product protection.[13]  There, the court recognized that "[p]arties have a 'heightened need to discover' documents used to prepare witnesses designated under FRCP 30(b)(6)."[14]  The court focused on the unique character of Rule 30(b)(6) designees who testify on behalf of the corporation, rather than as individuals based on personal knowledge.[15]  The court explained: "There is a greater

---

Production, Request No. 55 (Exhibit 3 to Puracal Decl.).
[6] Vidocq Rule 30(b)(6) Deposition at 18:19–20:11 (Exhibit 1 to Puracal Decl.).
[7] *Id.*
[8] *Id.  See also* Vidocq's Objections and Responses to Plaintiffs' Second Set of Requests for Production, Request No. 55 (Exhibit 3 to Puracal Decl.).
[9] *Id.*
[10] Vidocq Rule 30(b)(6) Deposition at 7:2–20 (Exhibit 1 to Puracal Decl.).
[11] *Id.*
[12] *Adidas Am.*, *Inc. v. TRB Acquisitions LLC*, 324 F.R.D. 389, 396 (D. Or. 2017).
[13] *Id.*
[14] *Id.* at 397 (quoting *Coryn Group II*, *LLC v. O.C. Seacrets*, *Inc.*, 265 F.R.D. 235, 242 (D. Md. 2010)).
[15] *Id.* at 394.



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

need to know what materials were reviewed by expert and designee witnesses in preparation for

deposition since the substance of their testimony may be based on sources beyond personal

knowledge."[16]

The court went on to explain that, in the context of a corporate deposition, "[a] finding of

privilege would place the cross-examiner at an unfair disadvantage."[17]  That is, "[a] corporate

designee could testify only as to information and communications that are advantageous.  Other

information that would contradict the testimony or undermine the corporation's position and was

contained in the documents could be ignored, and the opposing party would have no way of

knowing how to test or challenge the corporate designee's testimony."[18]

Based on that reasoning, Judge Simon adopted a three-part test from the Third Circuit

that is followed by many district courts around the country.[19]  The test requires that (1) "the

witness must use the writing to refresh his memory," (2) "the witness must use the writing for the

purpose of testifying," and (3) "the court must determine that production is necessary in the

interests of justice."[20]  All three elements are met here.

The first element requires that the witness use the writing to refresh her memory.  This

element, however, "should be read broadly."[21]  That is, "because the corporation has an

obligation to educate a witness regarding the noticed topics, it is the corporation that has the

'prior knowledge of the facts contained in the documents' and thus it is the corporation's

knowledge that is being 'refreshed' under FRE 612."[22]  Thus, the first element "is presumed to

be met when the corporation or its attorneys choose to refresh the corporation's knowledge with

---

[16] *Id.* at 397 (quoting *Nutramax Lab*, *Inc. v. Twin Lab*, *Inc.*, 183 F.R.D. 458, 469 (D. Md. 1998)).
[17] *Id.* at 398 (quoting John W. Gergacz, *Attorney-Corporate Client Privilege*, § 5:29 (3d Ed. 2017)).
[18] *Id.* (citing *Barrer v. Women's Nat'l Bank*, 96 F.R.D. 202, 205 (D.D.C. 1982)).
[19] *Id.* at 399.
[20] *Id.* at 396–97 (quoting *Sporck v. Peil*, 759 F.2d 312, 317 (3rd Cir. 1985)).
[21] *Id.* at 399.
[22] *Id.* (quoting *Coryn Group*, 265 F.R.D. at 242).



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

the selected documents."[23]  Vidocq, here, chose to refresh the corporation's knowledge with the information from its members, as provided in the email exchanges.  Ms. Cohan-Saavedra testified that Vidocq does not have a central repository of information.[24]  The corporation's documents and information are spread out amongst its members, and the corporation compiled that information from the membership, including Board members, for purposes of the deposition.[25]  Ms. Cohan-Saavedra testified that she reviewed that information to prepare herself to testify in response to the topics outlined in Plaintiffs' Rule 30(b)(6) deposition notice.[26]

The second element requires that the documents be used for the purpose of testifying. There is "a rebuttable presumption that the witness relied on the documents selected by the corporation (or its counsel) and then presented to the corporate representative to educate that witness on the noticed topics."[27]  Judge Simon in *Adidas* explained that there is a "reasonable inference" that the documents are "intended to (and thus [are] likely to) have an influence on the witness's testimony on that topic."[28]  The corporate designee is an "empty vessel," and documents reviewed in preparation for deposition necessarily inform the corporation's testimony.[29]  Ms. Cohan-Saavedra, here, testified that, when Vidocq designated her as its Rule 30(b)(6) representative, she knew she was "going to have to prepare, because a lot of the things you look [*sic*] for in the deposition notice are things I was not involved with personally."[30]  She, therefore, requested information from others at the Vidocq Society by email and phone.[31]  She specifically talked to Board members and former members, and went back to them multiple

---

[23] *Id.*
[24] Vidocq Rule 30(b)(6) Deposition at 34:23–37:24 (Exhibit 1 to Puracal Decl.).
[25] *Id.  See also id.* at 17:21–25.
[26] *Id.*
[27] *Adidas Am.*, 324 F.R.D. at 400.
[28] *Id.*
[29] *Id.*
[30] Vidocq Rule 30(b)(6) Deposition at 18:13–18 (Exhibit 1 to Puracal Decl.).
[31] *Id.* at 17:21–25 and 20:17–24:12.



MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

times as she reviewed documents that were collected for purposes of the deposition.[32]

The third element requires the court to determine whether production is necessary in the interests of justice. In *Adidas*, Judge Simon balanced "the policies underlying the attorney-client privilege and the work product protection against the need for disclosure for effective cross-examination and impeachment[.]"[33] Here, as in *Adidas*, the documents are narrow in scope (*i.e.*, Ms. Cohan-Saavedra's email blast and the responses from members) and involve only a subset of documents selected by the corporation to educate its Rule 30(b)(6) designee who otherwise did not have personal knowledge of the topics. Ms. Cohan-Saavedra testified that she did not have personal knowledge of "a lot" of the topics requested in Plaintiffs' Rule 30(b)(6) notice and was relying on information from the email and phone exchanges with others at Vidocq.[34] In addition, the emails were created and reviewed for the specific purpose of deposition preparation, and the topics involved events that occurred years before the deposition took place. Ms. Cohan-Saavedra testified that her blast email to the members specifically posed the questions from Plaintiffs' deposition notice.[35] This Court already found that the topics in Plaintiffs' Rule 30(b)(6) notice were "stated with extensive particularity" and were relevant to Plaintiffs' claims.[36]

Plaintiffs are entitled to review the email exchanges to effectively test or challenge the corporate designees' testimony.[37] The Court should order Vidocq to produce the emails.

## 2.    Defendant Vidocq Society's Position

See Vidocq's Response set forth in B. 2 below.

---

[32] *Id.*
[33] *Adidas Am.*, 324 F.R.D. at 401.
[34] Vidocq Rule 30(b)(6) Deposition at 17:21–25 and 20:17–24:12 (Exhibit 1 to Puracal Decl.).
[35] *Id.* at 17:10–18:8.
[36] Order on Plaintiffs' Motion to Compel and Defendant Vidocq Society's Motion for Protective Order at 8–10 [Dkt. No. 226].
[37] *See Adidas Am.*, 324 F.R.D. at 398.



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

**B.    Production of Privilege Log for Vidocq's Redacted Board Minutes**

**1.    Plaintiffs' Position**

Plaintiffs request the Court order Defendant Vidocq Society to produce minutes from its Board meetings for *in camera* review to determine whether the redacted information is relevant to Plaintiffs' claims and not subject to privilege or work product protection.

Fed. Rule Civ. P. 26(b)(5) requires a party to produce a privilege log if the party is withholding discoverable information on the basis of privilege or work product protection.

Plaintiffs requested Vidocq produce copies of Board minutes from 2000 through 2011, and 2017 through 2021.[38]  In response, Vidocq produced 203 pages of Board minutes.[39]  The document, however, contains multiple redactions.  Vidocq asserts the redacted information represents "confidential, financial information and attorney-client privilege and work product."[40]  Vidocq did not provide any other information about the redactions as required by Fed. R. Civ. P. 26(b)(5)(A)(ii) to "enable other parties to assess the claim."

The redacted material appears during the relevant time period of Vidocq's involvement in the McGuffin criminal investigation.  For example, on pages 3–4 of the document, Vidocq redacted an entire paragraph of information from minutes of a Board meeting that happened on November 18, 2010—just one month after representatives of Vidocq appeared on ABC News "20/20" announcing evidence that Plaintiffs allege was fabricated.[41]  Likewise, at page 24 of the document, Vidocq redacted an entire paragraph of information from minutes of a Board meeting that happened on January 22, 2010—the same month that representatives of Vidocq met with the

---

[38] Vidocq's Objections and Responses to Plaintiffs' Second Set of Requests for Production, Request No. 46 (Exhibit 3 to Puracal Decl.).

[39] Defendant Vidocq Society marked the entire document confidential and subject to the protective order.  Plaintiffs will provide the Court with a copy of the entire document at the hearing on this Joint Submission.

[40] Vidocq's Objections and Responses to Plaintiffs' Second Set of Requests for Production, Response to Request No. 46 (Exhibit 3 to Puracal Decl.).

[41] *See* Second Amended Complaint ¶¶ 111–21, 140–50 [Dkt. No. 143].

Page 8– JOINT SUBMISSION PURSUANT TO DOCKET NO. 247



MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

City/County Defendants about the McGuffin criminal investigation.[42]  There are multiple other examples of redacted information from Board minutes in 2010 at pages 29, 31, 33–34, 38, and 39–40, and from Board minutes in 2011 at pages 42, 44, 46, 48, 49, and 53.

Plaintiffs request the Court review the Board minutes *in camera* to determine whether the redacted information is relevant to Plaintiffs' claims.  Specifically, Plaintiffs ask the Court to review the information for:

1.  any references to Plaintiffs Nicholas McGuffin or S.M.,

2.  any references to Leah Freeman or the investigation into her disappearance and death,

3.  any references to any of the Defendants,

4.  any references to Defendant Richard Walter, including his work on other cases or his role at the Vidocq Society,

5.  any references to Defendant Vidocq Society's interactions with law enforcement that would support Plaintiffs' claim that Vidocq and its members should be deemed "state actors" for purposes of 42 U.S.C. § 1983.

## 2.    Defendant Vidocq Society's Position

Vidocq Society generally objects to Plaintiffs submission of a Motion to Compel as part of their proposed Joint Status Report without meeting and conferring prior to the submission of this motion as required by LR 7-1 and without complying with the Federal Rules of Civil Procedure with respect to notice and service.  Plaintiffs' submission was emailed to counsel for Vidocq on Friday, August 9, 2024, essentially giving Vidocq two business days to submit a substantive response. This is improper.

Moreover, Vidocq had no knowledge that Plaintiffs had any ongoing discovery disputes with Vidocq regarding either of these issues until Plaintiffs sent their proposed Joint Status Report on August 9, 2024.  Vidocq had worked with Plaintiffs' counsel in good faith in advance

---

[42] Deposition of Mark Dannels at 86:16–87:22 (Exhibit 4 to Puracal Decl.).

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

of the depositions of Vidocq's 30(b)(6) designee and of one of its members, William Fleisher (conducted on June 27, 2024), in an effort to respond fully to Plaintiffs' new discovery requests – and prior to the deadline - so that Plaintiffs had all requested information prior to those depositions.  This included Vidocq's service of its responses to Plaintiffs' Second Set of Requests for Production and producing documents requested as part of a Subpoena Duces Tecum to Fleisher.  At no point prior to Friday, August 9, 2024 did Plaintiffs ever advise Vidocq its responses were insufficient.   Moreover, Plaintiffs did not reserve their right to continue the deposition of Vidocq's 30(b)(6) designee based on any allegedly outstanding discovery.

Vidocq is evaluating the discovery now sought by Plaintiffs in their Motion to Compel and specifically with respect to: (1) Emails from and to Vidocq's Rule 30(b)(6) designee in preparation for her corporate deposition, and (2) The request for an in-camera review of Vidocq's redacted Board Meeting Minutes from 2000-2011 and 2017-2021 (VIDOCQ BATES NO. 1759-1961).   Vidocq provides the following information based its current understanding of these two issues

With respect to Issue No. 1:  Vidocq has gone to considerable lengths to produce all responsive documents to Plaintiffs' several discovery requests and to ensure that its Rule 30(b)(6) designee was prepared for depositon.  This can be contrasted with Plaintiffs' failure to respond in good faith to Vidocq's discovery requests as detailed below.

Vidocq has already provided all documents responsive to Issue No. 1 and this is a moot issue.  Vidocq's general counsel, in conjunction with its Rule 30(b)(6) designee, sent emails to Vidocq's past and present members (approximately 80 emails), with a list of 11 identical questions seeking any documents/information those members might have relevant to the topics set forth in Plaintiffs' 30(b)(6) Notice.  Only one member had responsive information, which is a document that has already been produced.  VIDOCQ BATES NO. 1753-1758.

The actual emails between Vidocq's members and its general counsel are clearly privileged and constitute work product.  Emails between a general counsel who is conferring

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

with his/her client and seeking to *locate* documents or other information in the context of litigation, in order to respond to discovery and comply with obligations under Rule 30(b)(6) are distinguishable from documents *shown* to a Rule 30(b)(6) deponent to refresh their memory or prepare them for deposition.  The latter was the issue in the cited opinion, *Adidas Am., Inc. v. TRB Acquisitions* LLC, 324 F.R.D. 389, 396 (D. Or. 2017) but is not applicable here.

<u>With respect to Issue No. 2,</u> the board meeting minutes were redacted with respect to communications by Vidocq's general counsel with the board regarding legal matters affecting Vidocq and with respect to  matters concerning Vidocq's financial affairs.  There is not much more that can be added to explain the basis for the redactions.  This information is not discoverable, notwithstanding Plaintiffs' suspicions.  To the extent the Court wants to engage in an in-camera review of these board meeting minutes, Vidocq does not object.

Vidocq will be prepared to address these issues at the status conference, in the event they are not resolved before hand.

## II.  DEFENDANT VIDOCQ SOCIETY'S ISSUES FOR CONSIDERATION

**A.    Defendant Vidocq Society's Position**

Vidocq requests the Court consider Plaintiffs' insufficient and nonresponsive answers to Vidocq's First and Second Sets of Interrogatories and Requests for Production of Documents, served on May 29, 2024.  These discovery requests seek information regarding: (1) The basis and evidentiary support for several allegations set forth in Plaintiffs' Second Amended Complaint, and (2) The basis and evidentiary support for Plaintiffs' allegations that Vidocq - as one of several defendants – withheld 28 categories of *Brady m*aterial, as alleged in Plaintiffs' Working List of Brady Material Withheld, submitted on January 23, 2024.

On August 12, 2024, Vidocq's counsel sent Plaintiffs' Counsel a detailed letter identifying each of the interrogatories and requests for production which require supplementation.  That correspondence details the discovery dispute between the parties and is

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

attached as **Exhibit A**.  To the extent the parties are unable to resolve this dispute prior to the status conference on August 27, 2024, Vidocq will be prepared to discuss these issues at that time.

**B.      Plaintiffs' Position**

Defendant Vidocq Society served Plaintiffs with two sets of interrogatories, totaling 64 interrogatories, including all discrete subparts.[43]  Each numbered interrogatory includes between 4-6 subparts.

Vidocq asserts in its letter dated August 12, 2024 (Vidocq's Exhibit A) that Plaintiffs responses are insufficient.  Vidocq's letter suggests that Plaintiffs did not provide substantive responses at all.  That is incorrect.  Plaintiffs did not, as Vidocq suggests in its letter, merely provide "generic reference" to depositions and documents.  Plaintiffs provided narrative answers to the interrogatories **and** identified the relevant depositions and documents on which the answer relies.  A federal district court in Washington recognized the distinction and found that providing an answer **and** citing to documents and depositions satisfies the requirements of Rule 33.[44]  In addition, Plaintiffs also specifically identified the "category and location" of responsive records, as required by the Ninth Circuit, including by identifying specific Bates ranges of documents and specific deposition transcripts that are responsive.[45]

Where multiple interrogatories requested similar categories of information, Plaintiffs provided one longer narrative response, complete with citations to documents and specific depositions, and then referred Vidocq back to that interrogatory for the duplicative requests.  For

---

[43] Plaintiffs' Response to Defendant Vidocq Society's First Set of Interrogatories and Requests for Production of Documents (Exhibit 5 to Puracal Decl.); Plaintiffs' Response to Defendant Vidocq Society's Second Set of Interrogatories and Requests for Production of Documents (Exhibit 6 to Puracal Decl.).

[44] *See Aspen Grove Owners Ass'n v. Park Promenade Apts.*, *LLC*, No. C09-1110-JCC, 2010 U.S. Dist. LEXIS 100735, at *18 (W.D. Wash. Sept. 17, 2010).

[45] *See Rainbow Pioneer #4418-04A v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 902, 906 (9th Cir. 1983).

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

example, Interrogatory Nos. 5, 6, 8, 9, 10, 11, 12, and 13 in the first set, request information

about evidence Plaintiffs allege was fabricated.  Plaintiffs responded by directing Vidocq to

Plaintiffs' response to Interrogatory No. 1 propounded by Defendant Kathy Wilcox.  There,

Plaintiffs provided a detailed list of the facts Plaintiffs allege were fabricated by Defendant

Richard Walter—Vidocq's agent.[46]

Plaintiffs provided factual responses where the requests were not objectionable.  For

example, Plaintiffs provided facts related to Vidocq's work in joint action with state actors[47];

Plaintiffs provided facts related to evidence that was withheld in violation of *Brady*[48]; and

Plaintiffs provided facts to support their *Monell* theories against Vidocq.[49]  Plaintiffs did not, for

example, provide a narrative response applying the facts to the law of agency (Interrogatory Nos.

1 and 2), which parties are not permitted to seek under Local Rule 33-1(d).  Plaintiffs' responses

comply with the Rule.

Plaintiffs request guidance from the Court about the specificity of the responses in light

of Plaintiffs' objections.  In addition to providing substantive responses, Plaintiffs objected to the

interrogatories on three primary grounds.

First, in response to Interrogatory Nos. 1–23 of the first set and Interrogatory Nos. 2–9 of

the second set, Plaintiffs objected on the grounds that the interrogatories are contention

interrogatories, which are impermissible under Local Rule 33-1(d).  Vidocq, in its letter, asserts

that contention interrogatories are not objectionable pursuant to Fed. R. Civ. P. 33 or Local Rule

33-1(d).  The cases on which Vidocq relies are from outside the District of Oregon and

specifically do not address Local Rule 33-1(d).

---

[46] Plaintiffs' Response to Defendant Kathy Wilcox First Set of Interrogatories, Response to
Interrogatory No. 1 (Exhibit 7 to Puracal Decl.).
[47] Plaintiffs' Response to Defendant Vidocq Society's First Set of Interrogatories and Requests
for Production of Documents, Response to Interrogatory No. 1 (Exhibit 5 to Puracal Decl.).
[48] *Id.*, Response to Request No. 16 referring to Plaintiffs' Response to Defendant Kathy Wilcox
First Set of Interrogatories, Response to Interrogatory No. 7 (Exhibit 7 to Puracal Decl.).
[49] Plaintiffs' Response to Defendant Vidocq Society's First Set of Interrogatories and Requests
for Production of Documents, Response to Interrogatory No. 23 (Exhibit 5 to Puracal Decl.).

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Local Rule 33-1(d) prohibits overly broad general interrogatories: "Broad general interrogatories, such as those that ask an opposing party to 'state all facts on which a claim or defense is based' or to 'apply law to facts,' are not permitted." Federal courts applying the rule find that interrogatories are improper when they seek the factual basis for a party's claims or ask a party to identify all facts and documents upon which a claim is based.[50]  For example, in *Flinn Block, LLC v. DESA, LLC*, Judge Coffin denied the defendant's motion to compel answers to interrogatories where those requests asked the plaintiffs to identify the factual basis for each of several allegations.[51]  The plaintiffs in that case sued a manufacturer for an allegedly defective doorbell that caused a fire.[52]  The defendant asked the plaintiffs to "to identify the facts upon which a theory of negligent design or manufacture rests," how plaintiffs "believe the fire began," and "the facts upon which plaintiffs rely for their claim that the product was defective and/or unreasonably dangerous when manufactured and sold."[53]  The court found that all three interrogatories violated Local Rule 33-1(d) because each request asked for the factual basis of the plaintiffs' claims.[54]

Likewise, in *Nicole Svboda's Fiduciary Services, LLC v. United States*, a case based on a federal officer's allegedly unreasonable use of force against a protestor, Judge Mosman denied the plaintiff's motion to compel answers to interrogatories where those requests asked "for the factual basis of the Government's defense, which also happens to be the issue on which this entire case turns."[55]

---

[50] *See Nicole Svboda's Fiduciary Services, LLC v. United States*, No. 21-cv-01664-MO, 2023 U.S. Dist. LEXIS 213078, at *3 (D. Or. Nov. 30, 2023); *Flinn Block, LLC v. DESA, LLC*, No. 08-6254-TC, 2010 U.S. Dist. LEXIS 15838, **5–6 (D. Or. June 25, 2010).  *See also Federal Trade Commission v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 U.S. Dist. LEXIS 97032, at *7 (D. Or. May 31 2024); *Swan v. Miss Beau Monde*, No. 3:21-cv-111-SI, 2021 U.S. Dist. LEXIS 243621, at *4 (D. Or. Oct. 14, 2021).
[51] *Flinn Block*, 2010 U.S. Dist. LEXIS 15838, at *7.
[52] *Id.*
[53] *Id.*
[54] *Id.*
[55] *Nicole Svboda*, 2023 U.S. Dist. LEXIS 213078, at *4.



MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Vidocq's Interrogatory Nos. 1–23 of the first set and Interrogatory Nos. 2–9 of the second set do exactly what the rule prohibits. Each interrogatory follows the same pattern: the request tracks an allegation from Plaintiffs' complaint and asks Plaintiffs to identify the factual basis on which the allegation is based. Such a request is especially burdensome in this case where the parties have taken 40 depositions, and Vidocq has asked Plaintiffs to provide a summary of each witness's relevant testimony.[56] In addition, Interrogatory Nos. 1, 2, 17, 18, 20, 23 of the first set also require the application of law to fact in violation of Local Rule 33-1(d).[57]

Second, in response to each of these same interrogatories, Plaintiffs objected on the grounds of attorney-client privilege and work product protection. The interrogatories specifically ask Plaintiffs to preview their strategy for trial by identifying the witnesses, evidence, and anticipated testimony that will support each allegation. Federal courts find that the "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product."[58] It is well-established that "[c]ontention interrogatories should not require a party to provide the equivalent

---

[56] *Cf. Flinn Block*, 2010 U.S. Dist. LEXIS 15838, at **5–6 ("DESA was present at the same depositions and is aware of this information. According to Flinn Block, the documents produced at the depositions identify everyone with knowledge surrounding the origin, cause and spread of the fire. Plaintiffs have provided DESA with the information requested. The burden of ascertaining the information from the documents provided is the same for both parties, and plaintiffs have specified which records to be reviewed. They have met their burden under Rule 33.").

[57] *See Kroger*, 2024 U.S. Dist. LEXIS 97032, at *7 (finding interrogatories forbidden by Local Rule 33-1(d) where they required "disclosure of the bases and methodologies of market analysis" in a case seeking to enjoin a proposed merger between two companies).

[58] *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012). *See also Kroger*, 2024 U.S. Dist. LEXIS 97032, at **8–9 ("Finally, the interrogatories impermissibly request attorney work product. FRCP 26(b)(3)(B) prohibits disclosure of 'the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.' Market share calculations and methodologies constitute legal conclusions and are likely to provide insight into the mental impressions of attorneys.") (citations omitted).

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents."[59]

Third, in response to Interrogatory Nos. 2–9 of the second set, Plaintiffs objected on the ground the interrogatories exceed the maximum number of permissible requests under Rule 33(a)(1).  The Rule limits a party to "no more than 25 written interrogatories, including all discrete subparts."[60]  In total, Vidocq propounded 64 interrogatories.[61]  Each interrogatory includes 4–6 enumerated subparts.  Plaintiffs, nonetheless, counted each interrogatory as only two discrete subparts.[62]  Still, the number of interrogatories far exceed the Rule.  Plaintiffs ask the Court to deny Vidocq's attempt to expand Rule 33 beyond the scope of proportional discovery.

## III.  MUNICIPAL DEFENDANTS' ISSUES FOR CONSIDERATION

### A.    Court Order Compelling Compliance with Subpoena for Email Records

#### 1.    Municipal Defendants' Position

The Municipal Defendants have previously issued a subpoena *duces tecum* on Mr. McGuffin's former criminal defense attorney, Ms. Shaun McCrea. That subpoena required Ms. McCrea to produce the entire contents of her file regarding her representation of Nicholas

---

[59] *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).  Vidocq asserts that, pursuant to Fed. R. Civ. P. 26(b)(5)(A), Plaintiffs should be required to provide a privilege log of information withheld in response to the interrogatories.  The Rule applies to "documents, communications, or tangible things not produced or disclosed."  Fed. R. Civ. P. 26(b)(5)(A)(ii).  The Rule does not require a party to list information withheld on a privilege.  To do so would require the party to disclose the very information that is protected.

[60] Fed. R. Civ. P. 33(a)(1).

[61] Plaintiffs' Response to Defendant Vidocq Society's First Set of Interrogatories and Requests for Production of Documents (Exhibit 5 to Puracal Decl.); Plaintiffs' Response to Defendant Vidocq Society's Second Set of Interrogatories and Requests for Production of Documents (Exhibit 6 to Puracal Decl.).

[62] *See Ott v. Mortgage Investors Corp. of Ohio, Inc.*, No. 3:14-cv-00645-ST, 2015 U.S. Dist. LEXIS 19050, at *3–4 (D. Or. Feb. 17, 2015) ("[A]n interrogatory that asks for information and also asks for the identification of documents relating to that information should be counted as two separate interrogatories.") (citations omitted).

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

McGuffin. Ms. McCrea confirmed in her deposition that at least some of these documents, to include emails, existed on computers she had not searched and had not turned over to Plaintiffs' counsel in this matter. Given the nature of the claims in this matter, it is of the utmost importance that the defendants have access to determine what information and documents exist in the custody and control of Ms. McCrea. Without that information, the defendants will be deprived of their ability to defend against, most notably, Plaintiffs' *Brady* claims. Despite an offer to reasonably compensate Ms. McCrea for the time it would take her to access and search the computers for relevant information, Ms. McCrea has now stated on the record that she will not access or search for relevant documents responsive to the subpoena unless compelled to do so by a court order. So, at this stage, the Municipal Defendants seek direction from the Court on how to proceed; that is, whether the Court would prefer a formal Motion for an Order Compelling Compliance with the Subpoena, or if another approach may be preferable.

### 2.    Plaintiffs' Position

Plaintiffs ask the Court to deny the Municipal Defendants' request for an order seeking additional materials from Ms. McCrea.  Ms. McCrea did not testify that she had information related to her representation of Mr. McGuffin that she did not turn over.  She testified that she does not believe she has any such information:

> Q:  So, Ms. McCrea, I think I know the answer to this question, but I have got to do it for the record: Do you know one way or the other whether there is additional discovery information from Mr. McGuffin's criminal case on your computers, that I understand you have declined to search, that do not exist in the paper files that we have been provided to inspect and copy?
> A:  Do I know?  I don't believe there are, Ms. Henderson.
> Q:  And my question is can you tell me for certain today that there is nothing additional?
> A:  No, I can't tell you for certain.  Like, I mean, I can't, you know – yeah.
> Q:  Understood.
> A:  Yeah.[63]

---

[63] Deposition of Shaun McCrea (June 25, 2024) at 119:5–21 (Exhibit 8 to Puracal Decl.).

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Ms. McCrea explained that, at the time of Mr. McGuffin's criminal trial in 2011, she was using an older computer that she no longer uses.[64]  She testified that she had an older laptop that is now in storage, and she does not know if it is functional.[65]  She testified that "it's going to take significant time and energy to determine if it still works."[66]  She also testified that she did not use a computer at trial, and she does not know if she used it to prepare for trial.[67]  She testified that "maybe" she used it to send emails.[68]

Ms. McCrea, a non-party witness, has already produced her file four times.  She first produced her entire file—16 bankers boxes of materials—to Mr. McGuffin's third-party vendor to be electronically scanned during the post-conviction proceedings.  Mr. McGuffin produced the digitally scanned version of the file in 2020 with his Rule 26(a) Initial Disclosures.  Ms. McCrea produced her file for a second time in November 2023 when the Municipal Defendants requested an opportunity to inspect the paper version of the same file.  Ms. McCrea allowed the Municipal Defendants to use her office to inspect the boxes over the course of several days.  Ms. McCrea produced her file for a third time in December 2023 when the Municipal Defendants insisted that Ms. McCrea bring all 16 boxes to her deposition at the Department of Justice office in Eugene.  And finally, Ms. McCrea produced her file a fourth time in March 2024 when the Municipal Defendants wanted their own third-party vendor to create a second digitally scanned version of the same file Mr. McGuffin produced in 2020.

In addition, Plaintiffs have twice reviewed the more than 35,000 pages of materials for privilege.  First, Plaintiffs reviewed the digitally scanned version of the file for privilege in 2020.  Second, Plaintiffs reviewed the paper copy of the file for privilege in 2023 when the Municipal Defendants requested access.

---

[64] Deposition of Shaun McCrea (December 5, 2023) at 245:17–253:3 (Exhibit 8 to Puracal Decl.).
[65] *Id.* at 248:5–14.
[66] *Id.*
[67] *Id.* at 251:20–252:15.
[68] *Id.* at 252:9–10.

MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Now the Municipal Defendants want Ms. McCrea to produce the same file materials from her computer.  This Court has already recognized the limited relevance of Ms. McCrea's file.[69] The Municipal Defendants do not explain what materials may exist on Ms. McCrea's computer that could fall within the Court's orders limiting discovery to information related to her "awareness" of *Brady* material.  Any emails between Ms. McCrea and the District Attorney would have been produced with the District Attorney's file, which Plaintiffs understand was co-mingled with the Municipal Defendants' file after Mr. McGuffin sought post-conviction relief.  Any emails between Ms. McCrea and her staff or investigators would fall within privilege and work product—materials this Court ordered should not be produced.  Ms. McCrea's paper copy of the file includes those emails that were printed to the file.  They were also listed on the privilege log that this Court reviewed as part of the *in camera* review of Ms. McCrea's file.  Although Ms. McCrea cannot be certain that she printed every email to the file, she testified that she does not believe that there are additional documents on her old computer.[70]

The Court has addressed the scope of discoverable information from Ms. McCrea in three written orders and one oral ruling.[71]  Still, the Municipal Defendants insist on their search for privileged and protected information.  Indeed, after this Court limited the questions to be asked of Ms. McCrea at her second deposition,[72] the Municipal Defendants continued to ask Ms. McCrea questions about whether she testified to the privileged and protected information during Mr. McGuffin's post-conviction case.[73]  Plaintiffs ask the Court to protect Ms. McCrea, a non-party witness, from undue burden and further harassment.

---

[69] Order on Plaintiffs' Motion to Modify Subpoena [Dkt. No. 218]; Order re *In Camera* Review of McCrea Case File [Dkt. No. 111]; Order re Scope of McCrea Deposition [Dkt. No. 235].

[70] Deposition of Shaun McCrea (June 25, 2024) at 119:5–21 (Exhibit 8 to Puracal Decl.).

[71] Order on Plaintiffs' Motion to Modify Subpoena [Dkt. No. 218]; Order re *In Camera* Review of McCrea Case File [Dkt. No. 111]; Declaration of Janis C. Puracal, dated January 3, 2024, Exhibit 1 with Excerpt of Oral Ruling During Deposition of Shaun McCrea; Order re Scope of McCrea Deposition [Dkt. No. 235].

[72] Order re Scope of McCrea Deposition [Dkt. No. 235].

[73] Deposition of Shaun McCrea (June 25, 2024) at 90:14–91:24 (Exhibit 8 to Puracal Decl.).

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

**B.    Permission to Seek Discovery Sanctions for Destruction of ESI.**

**1.        Municipal Defendants' Position**

The Municipal Defendants have grounds to move the Court for discovery sanctions against Plaintiff McGuffin based on destruction of text and/or social media messages containing data relevant to claims and defenses in this case. At this stage, rather than filing a motion to compel, the Municipal Defendants are raising the issue of destruction of discoverable information to the Court informally and requesting permission to file a Motion for Sanctions pursuant to FRCP 37, up to and including a request for a default judgment.

**2.        Plaintiffs' Position**

Plaintiffs disagree with the suggestion that the Municipal Defendants have grounds to move for discovery sanctions, and further disagree that text or social media messaging deleted by Plaintiff McGuffin contained data relevant to any of the claims or defenses at issue in this case. In addition, the Municipal Defendants have not suffered any prejudice as a result of the deletion of any text messages or social media content.  There is no basis to sanction Plaintiff McGuffin.

Plaintiffs believe that the text or social media messages at issue are text messages between Plaintiff McGuffin and Lisa Bartholomew, Samantha Merriman, or John Merriman. Lisa Bartholomew is the mother of Mr. McGuffin's current partner, Georgia Bartholomew. Samantha Merriman is a woman whom Mr. McGuffin met through an on-line dating platform, and dated briefly, before being contacted by her spouse and informed that she was married.  John Merriman is Samantha Merriman's spouse.

Mr. McGuffin communicated with Lisa Bartholomew for a period of approximately six months, from December 2021 through May 2022, and deleted and blocked Lisa Bartholomew from his iPhone and social media accounts after she accosted him at his place of work in May 2022.  Plaintiffs had no notice of, nor any reason to anticipate, the Municipal Defendants'

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

interest in Mr. McGuffin's post-exoneration sex life until the Defendants' deposition of Mr. McGuffin on January 12, 2023.  Plaintiffs had no notice of, nor any reason to anticipate, the Municipal Defendants' novel defense theories regarding Plaintiff McGuffin's post-exoneration sex life, or novel theories regarding the disgruntled parents of his current or former girlfriends, until the Municipal Defendants filed their Answer to Plaintiffs' Second Amended Complaint on March 13, 2023.  Mr. McGuffin's deletion and blocking of communications with Lisa Bartholomew was in no way motivated by, nor any attempt at, avoiding discovery in this action.

In addition, to the extent, if any, that Mr. McGuffin's communications with Lisa Bartholomew are relevant to any of the Municipal Defendants' defenses, the Defendants have not suffered any prejudice, because those communications were produced by Lisa Bartholomew to all parties during her deposition.

Mr. McGuffin communicated with Samantha Merriman and John Merriman for a period of approximately three months, from August to November 2021, and deleted and blocked both of them from his iPhone and social media accounts no later than December 31, 2021.  Mr. McGuffin did not communicate in writing with either of the Merrimans about anything relevant to the claims or defenses at issue in this action.  In addition, Plaintiffs had no notice of, nor any reason to anticipate, the Municipal Defendants' novel defense theories regarding Plaintiff McGuffin's post-exoneration sex life until the Municipal Defendants filed their Answer to Plaintiffs' Second Amended Complaint on March 13, 2023.  Mr. McGuffin's deletion and blocking of communications with Samantha and John Merriman occurred long before Plaintiffs were on notice of the Municipal Defendants' novel theories, and was in no way motivated by, nor any attempt at, avoiding discovery in this action.

There is no basis to sanction Plaintiff McGuffin, and certainly no basis for a sanction as drastic as default judgment.[74]

---

[74] *See Deerpoint Grp., Inc. v. Agrigenix, LLC*, No. 1:18-cv-00536-AWI-BAM, 2022 U.S. Dist. LEXIS 197646, *71 (E.D. Cal. 2022).



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

## IV.  STATE DEFENDANTS' ISSUES FOR CONSIDERATION

**A.      State Defendants' Position**

The State Defendants ask that the Court consider Plaintiffs' deficient responses to the State Defendants' interrogatories and direct them to respond fully.  These interrogatories seek essential information regarding Plaintiffs' claims, such as, for example, what information the State Defendants allegedly withheld in violation of *Brady*, and what allegedly false evidence the State Defendants fabricated or solicited.  Many of the specific interrogatories were intended to distinguish between the various groups and subgroups of undifferentiated "Defendants" Plaintiffs alleged wronged them.  Plaintiffs' responses are frequently evasive and unclear.  Often, Plaintiffs cite to long lists of documents located in discovery, including some documents hundreds of pages in length.  Plaintiffs cite entire deposition transcripts without any particular page references.

In particular, the State Defendants will ask the Court to direct Plaintiffs to provide complete responses to the following interrogatories of the State Defendants:

- Kathy Wilcox Interrogatory Nos. 2-4, 6, 11, 12, 14, 15, and 17-19;
- Susan Hormann Interrogatory Nos. 1-3, 6-10, and 12-14;
- Mary Krings Interrogatory Nos. 2, 3, and 6-12; and
- John Riddle Interrogatory Nos. 2, 3, 4, 6-9,  and 11-19.

On August 13, 2024, the State Defendants' counsel sent Plaintiffs' counsel an email identifying the interrogatories that State Defendants contend were not addressed properly and giving several examples of the deficiencies.  That correspondence is attached hereto as **Exhibit B**.  State Defendants' counsel will confer with Plaintiffs' counsel in an effort to resolve this dispute before the August 27, 2024, hearing, and will be prepared to discuss any unresolved issues with the Court at that time.

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

B.     **Plaintiffs' Position**

The State Defendants raised new issues for conferral at 4:22 p.m. on August 13, 2024—the day this Joint Status Report was due pursuant to Dkt. No. 247—leaving Plaintiffs without the ability to provide a substantive response.  Plaintiffs ask the Court to permit Plaintiffs to respond at the hearing on August 27, 2024.

DATED:  August 13, 2024

| | |
|---|---|
| MALONEY LAUERSDORF REINER PC<br><br>By /s/Janis C. Puracal<br>    Janis C. Puracal, OSB #132288<br>    E-Mail:  jcp@mlrlegalteam.com<br>    Andrew C. Lauersdorf, OSB #980739<br>    E-Mail:  acl@mlrlegalteam.com<br><br>Attorneys for Plaintiffs | LOEVY & LOEVY<br><br>By /s/David B. Owens<br>    David B. Owens, *pro hac vice*<br>    E-Mail:  david@loevy.com<br><br><br>Attorneys for Plaintiffs |
| LAW OFFICE OF ROBERT FRANZ JR.<br><br>By /s/Sarah R. Henderson<br>    Robert E. Franz Jr., OSB #730915<br>    E-Mail:  rfranz@franzlaw.comcastbiz.net<br>    Sarah R. Henderson, OSB #153474<br>    E-Mail:<br>    shenderson@franzlaw.comcastbiz.net<br><br>Attorneys for Municipal Defendants | OREGON DEPARTMENT OF JUSTICE<br><br>By /s/Jesse B. Davis<br>    Jesse B. Davis, OSB #052290<br>    E-Mail:  jesse.b.davis@state.or.us<br>    Todd Marshall, OSB #112685<br>    E-Mail:  todd.marshall@doj.state.or.us<br><br>Attorneys for State Defendants |
| HWS LAW GROUP<br><br>By /s/Meredith A. Sawyer<br>    Anthony R. Scisciani III, OSB #070013<br>    E-Mail:  ascisciani@hwslawgroup.com<br>    Kelsey L. Shewbert, OSB #221063<br>    E-Mail:  kshewbert@hwslawgroup.com<br>    Meredith A. Sawyer, *pro hac vice*<br>    E-Mail:  msawyer@hwslawgroup.com<br><br>Attorneys for Defendant Vidocq Society | LUVAAS COBB<br><br>By /s/Eric S. DeFreest<br>    Eric S. DeFreest, OSB #920475<br>    E-Mail:  edefreest@luvaascobb.com<br><br>Attorneys for Defendant Richard Walter |

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2024, the foregoing JOINT SUBMISSION

PURSUANT TO DOCKET NO. 247 was served on the following parties at the following

address by sending to them a true copy thereof via the method indicated below:

| | |
|---|---|
| Robert E. Franz, Jr.<br>Sarah R. Henderson<br>Law Office of Robert E. Franz, Jr.<br>PO Box 62<br>Springfield, OR 97477<br>rfranz@franzlaw.comcastbiz.net<br>shenderson@franzlaw.comcastbiz.net<br> *Attorneys for Defendants*<br> *City of Coquille, City of Coos Bay, Coos*<br> *County, Craig Zanni, Chris Webley, Eric*<br> *Schwenninger, Sean Sanborn, Ray McNeely,*<br> *Kris Karcher, Pat Downing, Mark Dannels,*<br> *Kip Oswald, Michael Reaves, David Zavala,*<br> *Anthony Wetmore, Shelly McInnes* | Jesse B. Davis<br>Todd Marshall<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>todd.marshall@doj.state.or.us<br>jesse.b.davis@doj.state.or.us<br> *Attorneys for Defendants Oregon State*<br> *Police, John Riddle, Susan Hormann,*<br> *Mary Krings, Kathy Wilcox* |
| Anthony R. Scisciani III<br>Kelsey L. Shewbert<br>Meredith A. Sawyer<br>Rachel Jones<br>HWS Law Group<br>101 SW Main Street, Suite 1605<br>Portland, OR 97204<br>ascisciani@hwslawgroup.com<br>kshewbert@hwslawgroup.com<br>msawyer@hwslawgroup.com<br>rjones@hwslawgroup.com<br> *Attorneys for Defendant Vidocq Society* | Eric S. DeFreest<br>Luvaas Cobb<br>777 High Street, Ste. 300<br>Eugene, OR 97401<br>edefreest@luvaascobb.com<br><br>Laura E. Coffin<br>Coffin Law<br>541 Willamette Street, Ste. 211<br>Eugene, OR 97401<br>lauracoffin@coffin.law<br> *Attorneys for Defendant Richard*<br> *Walter* |

☒ by emailing to each of the foregoing a copy thereof to the email address above.

MALONEY LAUERSDORF REINER PC

By  /s/Janis C. Puracal
  Janis C. Puracal, OSB #132288
  E-Mail:  jcp@mlrlegalteam.com

Attorneys for Plaintiffs



1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417