

**Meredith A. Sawyer**
206-262-1200
msawyer@hwslawgroup.com

ADMITTED IN
WASHINGTON & CALIFORNIA

August 12, 2024

**VIA E-MAIL**
Janis Puracal
Andrew Lauersdorf
1111 E Burnside Street, Suite 300
Portland, OR 97214
jcp@mlrlegalteam.com
acl@mlrlegalteam.com


Re:     <u>McGuffin v. Dannels et. al.</u>
        Court:          United States District Court for the District of Oregon,
                        Eugene Division
        Cause No.:      6:20-cv-01163MK (Lead Case)
                        3:21-cv-01719-MK (Trailing Case)
        Client:         Vidocq Society
        Our File No.:   0017-0846

Dear Ms. Puracal and Mr. Lauersdorf:

We are in receipt of Plaintiffs' Responses to Defendant Vidocq Society's First and Second Sets of Interrogatories and Requests for Production of Documents. Plaintiffs' answers and responses are incomplete and deficient with respect to both sets of discovery requests as outlined below.

## I.  PLAINTIFFS' RESPONSES TO VIDOCQ'S FIRST SET OF DISCOVERY REQUESTS

**A.    Plaintiffs' blanket objections based on Oregon Local Rule (LR) 33-1(d), the attorney-client privilege and work product doctrine, and abuse of the discovery process are meritless and improper.**

The crux of Plaintiffs' federal section 1983 and state tort claims against Vidocq Society, a private nonprofit and all volunteer organization, is that Vidocq Society (and one of its members, Richard Walter), was an agent of the City of Coquille and its police department (CPD) and was acting under color of law with respect to the investigation into Leah Freeman's homicide. Plaintiffs contend that Vidocq engaged in a conspiracy with the City of Coquille/CPD to fabricate inculpatory evidence and suppress exculpatory evidence for the purpose of framing McGuffin for the murder of Leah Freeman. Vidocq has the right to discover the factual and evidentiary basis for these claims.

Vidocq's 24 written discovery requests pertain to the basis for Plaintiffs' allegations related to purported agency relationships, employment relationships, fabrication and suppression of evidence, creation of a false psychological profile implicating McGuffin, and agreements

Janis Puracal
Andrew Lauersdorf
August 12, 2024
Page 2

between Vidocq and the City to frame McGuffin for Freeman's homicide. Plaintiffs have not given clear answers to any of these discovery requests. A basic principle with respect to a party's obligation in responding to discovery is that an answer to an interrogatory must be complete, specific, and responsive to the question. FRCP 33; *V5 Technologies v. Switch, Ltd.*, 334 F.R.D. 297, 305 (D. Nev. 2019) ("An interrogatory response must be complete in itself, explicit, and responsive").

Here, Plaintiffs appear to be engaging in gamesmanship and obfuscation. They have objected to *every single discovery* request (except one) propounded by Vidocq on the same grounds, namely that the requests are improper contention interrogatories in violation of LR 33-1(d), violate attorney-client and work product protections, and are an abuse of the discovery process. These blanket objections, which are asserted 23 separate times in response to 24 discovery requests, are set forth below:

> "Plaintiffs object to this interrogatory on the grounds that it violates Local Rule 33-1(d). *See Nicole Svboda's Fiduciary Services, LLC v. United States*, No. 21-cv-01664-MO, 2023 U.S. Dist. LEXIS 213078, at *3 (D. Or. Nov. 30, 2023); *Federal Trade Commission v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 U.S. Dist. LEXIS 97032, at *7 (D. Or. May 31, 2024); *Swan v. Miss Beau Monde*, No. 3:21-cv-111-SI, 2021 U.S. Dist. LEXIS 243621, at *4 (D. Or. Oct. 14, 2021). Plaintiffs also object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "all facts" that support Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection. Indeed:
>
> Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored. "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'"
>
> *Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *3 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

Janis Puracal
Andrew Lauersdorf
August 12, 2024
Page 3

> "Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594. These propositions are well established. *See*, *e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).
>
> The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

These blanket objections are improper and meritless for several reasons. First, the asserted objections are mere boilerplate and lack any specificity, in violation of FRCP 33 and 34 and LR 33-2. The lack of specificity operates as a waiver of these objections. *See*, FRCP 33(b)(4) & 34(b)(2)(B)-(C) & LR 33-2 & 26-5. *Blemaster v. Sabo*, 804 Fed. Appx. 781, 782 (9th Cir. 2020) (upholding sanctions for use of "nonsensical boilerplate objections" in violation of FRCP 26(g)).

Second, contention interrogatories are not prohibited under FRCP 33 or LR 33-1(d). [1] What is prohibited are "broad general interrogatories, such as those that ask an opposing party to "state all facts on which a claim or defense is based" or to "apply law to facts." LR 33-1(d) The Practice Tip included in the Oregon District Court local rules notes that word "contention" has been eliminated from LR 33-1(d) to clarify that it is not prohibited *per se* to inquire what another party is contending, citing *EEOC v. U.S. Bakery*, No. CV 03-64-HA, 2003 U.S. Dist. LEXIS 25529, 2003 WL 23538023, at *6-7 (D. Or. Nov. 20, 1993).

Here, Vidocq's discovery requests are neither "contention interrogatories" asking Plaintiffs to "state all facts on which a claim is based" nor are they broad general interrogatories asking Plaintiffs to "apply law to facts". As explained below, all of Vidocq's interrogatories and corresponding requests for production (RFPs) are narrowly tailored to specific allegations asserted by Plaintiffs and seek the following limited information:

---

[1] In fact FRCP 33(a)(2) provides: "An interrogatory may relate to any matter that may be inquired into under Rule 26(b). *An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.*" (Emphasis added).

Janis Puracal
Andrew Lauersdorf
August 12, 2024
Page 4

- the identification of witnesses who will testify in support of a specific allegation;
- a summary of that witness's testimony; and
- identification of documents that support the allegation.

This information is necessary to clarify and narrow the issues raised in the pleadings and to ensure that Vidocq has sufficient information in order to prepare its defense.

In addition, Plaintiffs' blanket objection also includes the assertion of the attorney-client privilege and work product doctrine, but no privilege log has been provided. Plaintiffs' failure to provide a privilege log operations as a waiver of these objections. *See*, FRCP 33, FRCP 26(b)(5)(A) & LR 26-5(a)&(b). Accordingly, Vidocq requests that Plaintiffs withdraw their objections based on the attorney client and work product privilege.

B.  **Plaintiffs' responses to Vidocq's First Set Of Interrogatories & RFPS are insufficient as set forth below.**

- **Discovery pertaining to Plaintiffs' allegations regarding purported agency/employment relationships, access to City of Coquille files, and agreements to frame McGuffin for Freeman's homicide: <u>Interrogatory & RFP Nos. 1-4</u>**

<u>Interrogatory No. 1:</u> This interrogatory and corresponding RFP concern Plaintiffs' allegations that <u>Vidocq was an agent of the City of Coquille</u> and acting under color of law and within the scope of its agency. (SAC ¶ 10 and 107).

Plaintiffs assert the blanket objection identified above, which is meritless. This interrogatory is not a broad, general interrogatory asking Plaintiffs to "apply the law to facts" but instead is narrowly tailored to the <u>agency allegation</u> identified in the SAC. It asks Plaintiffs to: (a) identify witness testimony in support of this allegation, (b) summarize each witness's testimony, and (c) identify what documents support this allegation.

Plaintiffs' answer refers to witnesses Mark Dannels, Paul Frasier, the City of Coquille, Walter, Vidocq Society, Bill Fleisher, and Raymond McNeeley - but fails to summarize the responsive testimony each witness will provide. Instead, Plaintiffs generally refer to the deposition testimony of each of these witnesses and 9 different transcripts – but without designating the specific portion of any deposition that is responsive. Plaintiffs assert that the burden of ascertaining the answer to the interrogatory is the same for either party, citing FRCP 33(d).

Plaintiffs' answer is insufficient. FRCP 33 requires a party to answer separately each question asked. The answer "should be complete in itself." To the extent Plaintiffs are relying upon these deposition transcripts to answer Vidocq's interrogatory, they should reference the specific page numbers of the relevant deposition testimony. *Union Pac. R. Co., a Delaware Corp. v. Larkin,* 229 F.R.D. 240, 244 (D.N.M. 2005) ("Union Pacific may not provide generic reference to such depositions and statements").

Janis Puracal
Andrew Lauersdorf
August 12, 2024
Page 5

Furthermore, Plaintiffs' reliance on FRCP 33(d) is misplaced. FRCP 33(d) applies only to the *business* records of the responding party. Specifically it provides that a responding party may answer an interrogatory by specifying its own *business* records from which the answers may be obtained. However, Rule 33(d) does not allow the responding party to answer by directing the interrogating party to pleadings, affidavits, deposition transcripts, interrogatory answers, or other litigation documents. *United States ex rel. Landis v. Tailwind Sports Corp.*, 317 F.R.D. 592, 595, 94 Fed. R. Serv. 3d 1318 (D.D.C. 2016). Nor can the responding party refer to the business records of the interrogating party or to the business records of a third party. *Id. at 595*; *National Fire Ins. Co. of Hartford v. Jose Trucking Corp.*, 264 F.R.D. 233, 239 (W.D. N.C. 2010). [2]

Here, Plaintiffs have failed to either summarize the witness testimony they claim supports their agency allegation and or to have specified in any manner, what portions of any of the referenced depositions are responsive. Plaintiffs have also failed to identify responsive documents. Please supplement accordingly. If no such evidence exists, please confirm the same and withdraw this allegation.

**Interrogatory No. 2:** This interrogatory and corresponding RFP concern Plaintiffs' allegations that Vidocq employed Walter.

Plaintiffs' objection that this interrogatory mischaracterizes the allegations in the Second Amended Complaint ("SAC") is without merit based on a review of paragraphs 9 and 10 of the SAC, which provides as follows:

> 9. Defendant Richard Walter is, or was at all times material and relevant to this action, an individual employed by the Vidocq Society and an agent of Defendant City of Coquille acting under color of law and within the scope of his agency for Defendant City of Coquille.
>
> 10. The Vidocq Society is a Pennsylvania corporation and is, or was at all times material and relevant to this action, the employer of Defendant Walter. At all times material and relevant to this action, Defendant Vidocq Society acted as an agent of Defendant City of Coquille and was acting under color of law and within the scope of its agency for Defendant City of Coquille.

Plaintiffs assert the blanket objection identified above, which is meritless. This interrogatory is not a broad, general interrogatory asking Plaintiffs to "apply the law to facts" but instead is

---

[2] Furthermore, even if FRCP 33(d) did apply, it requires that if a party answers by referring to its business records, the party must answer by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." FRCP 33(d)(1). The 1980 Amendment advisory committee's note on this issue is significant:

> "The Committee is advised that parties upon whom interrogatories are served have occasionally responded by directing the interrogating party to a mass of business records or by offering to make all of their records available, justifying the response by the option provided by this subdivision. Such practices are an abuse of the option."

Janis Puracal
Andrew Lauersdorf
August 12, 2024
Page 6

narrowly tailored to the <u>employment</u> allegation identified in the SAC. It asks Plaintiffs to: (a) identify witness testimony in support of this allegation, (b) summarize each witness's testimony, and (c) identify what documents support this allegation.

Plaintiffs' answer further references their response to Interrogatory No. 1 which is insufficient for two reasons: (1) The response to Interrogatory No. 1 is itself deficient for the reasons set for above (improper to answer by referring generally deposition testimony and other discovery responses without specific designations), and (2) Interrogatory No. 2 does not concern the same allegations as Interrogatory No. 1 (agency allegations) and therefore Plaintiffs' answer to Interrogatory No.1 is not responsive.

Here, Plaintiffs have failed to either summarize the witness testimony they claim supports their employment allegations or to specify in any manner what portions of any of the referenced depositions are responsive. Plaintiffs have also failed to identify responsive documents. Please supplement accordingly. If no such evidence exists, please confirm the same and withdraw this allegation.

**Interrogatory No. 3**:  This interrogatory and corresponding RFP concern Plaintiffs' allegations that the <u>City of Coquille hired Vidocq</u> as part of the City's efforts to fabricate evidence implicating McGuffin.  (SAC ¶ 106).

Plaintiffs assert the blanket objection identified above, which is meritless. This interrogatory is not a broad, general interrogatory asking Plaintiffs to "apply the law to facts" but instead is narrowly tailored to the <u>hiring</u> allegation identified in the SAC.  It asks Plaintiffs to: (a) identify witness testimony in support of this allegation, (b) summarize each witness's testimony, and (c) identify what documents support this allegation.

Plaintiffs' answer further references their response to Interrogatory No. 1 which is insufficient for two reasons: (1) The response to Interrogatory No. 1 is itself non-responsive and deficient for the reasons set for above (improper to answer by referring generally deposition testimony and other discovery responses without specific designations), and (2) Interrogatory No. 3 does not concern the same allegations as Interrogatory No. 1 (agency allegations) and therefore Plaintiff's answer to Interrogatory No.1 is not responsive.

Plaintiffs' reference to their response to Defendant Kathy Wilcox's First Set of Interrogatories, Interrogatory No. 1 is also not responsive.  Wilcox's Interrogatory No. 1 seeks information on a different subject -  namely identification of the specific  evidence that defendants allegedly fabricated evidence during the investigation and/or Criminal Case involving McGuffin.

Here, Plaintiffs have failed to either summarize the witness testimony they claim supports their allegations regarding hiring or to specify in any manner what portions of any of the referenced depositions are responsive. Plaintiffs have also failed to identify responsive documents. Please supplement accordingly. If no such evidence exists, please confirm the same and withdraw this allegation.

Janis Puracal
Andrew Lauersdorf
August 12, 2024
Page 7

**Interrogatory No. 4**: This interrogatory concerns Plaintiffs' allegation that the "Cold Case Investigators provided Defendant Walter with access to the Freeman case file, including the previously fabricated reports". (SAC ¶ 108).

Plaintiffs assert the blanket objection identified above, which is meritless. This interrogatory is not a broad, general interrogatory asking Plaintiffs to "apply the law to facts" but instead is narrowly tailored to the allegations regarding Walter's access to the CPD file identified in the SAC. It asks Plaintiffs to: (a) identify witness testimony in support of this allegation, (b) summarize each witness's testimony, and (c) identify what documents support this allegation.

Plaintiffs' answer further references their response to Interrogatory No. 1 which is insufficient for two reasons: (1) The response to Interrogatory No. 1 is deficient itself for the reasons set forth above (improper to answer by referring generally deposition testimony and other discovery responses without specific designations), and (2) Interrogatory No. 4 does not concern the same allegations as Interrogatory No. 1(agency allegations) and therefore Plaintiffs' answer to Interrogatory No.1 is not responsive.

Plaintiffs' reference to their response to Defendant Kathy Wilcox's First Set of Interrogatories, Interrogatory No. 1 is also not responsive. Wilcox's Interrogatory No. 1 seeks information on a different subject - namely identification of the specific evidence that defendants allegedly fabricated evidence during the investigation and/or Criminal Case involving McGuffin.

Here, Plaintiffs have failed to either summarize the witness testimony they claim supports their allegations regarding Walter's access to the CPD file or to specify in any manner what portions of any of the referenced depositions are responsive. Plaintiffs have also failed to identify responsive documents. Please supplement accordingly. If no such evidence exists, please confirm the same and withdraw this allegation.

- **Discovery pertaining to Plaintiffs' allegations that Vidocq and Walter agreed to create a false psychological profile for the City of Coquille/CPD implicating McGuffin for the murder of Leah Freeman: Interrogatory & RFP Nos.. 5 & 8:**

**Interrogatory No. 5**: This interrogatory and corresponding RFP concerns Plaintiffs' allegation that the "Cold Case Investigators agreed to have Defendant Walter generate a false profile that would purportedly implicate McGuffin in the abduction and murder of Freeman". (SAC ¶108).

Plaintiffs assert the blanket objection identified above, which is meritless. This interrogatory is not a broad, general interrogatory asking Plaintiffs to "apply the law to facts" but instead is narrowly tailored to the allegations that Walter and the CCI agreed he would generate a false profile as set forth in the SAC. It asks Plaintiffs to: (a) identify witness testimony in support of this allegation, (b) summarize each witness's testimony, and (c) identify what documents support this allegation.

Janis Puracal
Andrew Lauersdorf
August 12, 2024
Page 8

Plaintiffs' answer further references their response to Interrogatory No. 1 which is insufficient for two reasons: (1) The response to Interrogatory No. 1 is deficient itself for the reasons set forth above (improper to answer by referring generally deposition testimony and other discovery responses without specific designations), and (2) Interrogatory No. 5 does not concern the same allegations as Interrogatory No. 1 (agency allegations) and therefore Plaintiffs' answer to Interrogatory No.1 is not responsive.

Plaintiffs' reference to their response to Defendant Kathy Wilcox's First Set of Interrogatories, Interrogatory No. 1 is also not responsive. Wilcox's Interrogatory No. 1 seeks information on a different subject - namely identification of the specific evidence that defendants allegedly fabricated evidence during the investigation and/or Criminal Case involving McGuffin.

Here, Plaintiffs have failed to either summarize the witness testimony they claim supports their allegations regarding the false psychological profile or to specify in any manner what portions of any of the referenced depositions are responsive. Plaintiffs have also failed to identify responsive documents. Please supplement accordingly. If no such evidence exists, please confirm the same and withdraw this allegation.

**Interrogatory No. 8:** This interrogatory and corresponding RFP concerns Plaintiffs allegations that Vidocq Society offered to create false profile regarding McGuffin. (SAC ¶111)

Plaintiffs assert the blanket objection identified above, which is meritless. This interrogatory is not a broad, general interrogatory asking Plaintiffs to "apply the law to facts" but instead is narrowly tailored to the allegations that Vidocq offered to create a false psychological profile of McGuffin. It asks Plaintiffs to: (a) identify witness testimony in support of this allegation, (b) summarize each witness's testimony, and (c) identify what documents support this allegation.

Plaintiffs' answer references their response to Interrogatory No. 1 which is insufficient for two reasons: (1) The response to Interrogatory No. 1 is itself deficient for the reasons set forth above (improper to answer by referring generally deposition testimony and other discovery responses without specific designations), and (2) Interrogatory No. 5 does not concern the same allegations as Interrogatory No. 1 (agency allegations) and therefore Plaintiffs' answer to Interrogatory No.1 is not responsive.

Plaintiffs' reference to their response to Defendant Kathy Wilcox's First Set of Interrogatories, Interrogatory No. 1 is also not responsive. Wilcox's Interrogatory No. 1 seeks information on a different subject - namely identification of the specific evidence that defendants allegedly fabricated evidence during the investigation and/or Criminal Case involving McGuffin.

Here, Plaintiffs have failed to either summarize the witness testimony they claim supports allegations regarding Vidocq's preparation offer to create a false psychological profile or to specify in any manner what portions of any of the referenced depositions are responsive. Plaintiffs have also failed to identify responsive documents. Please supplement accordingly. If no such evidence exists, please confirm the same and withdraw this allegation.

Janis Puracal
Andrew Lauersdorf
August 12, 2024
Page 9

- **Discovery pertaining to Plaintiffs' allegations that Vidocq and Walter fabricated evidence that implicated McGuffin for the murder of Leah Freeman: Interrogatories & RFP Nos. 9, 12, 13 & 15:**

  **Interrogatory No. 9** concerns Plaintiffs' allegations that Walter "deliberately fabricated evidence" by falsely reporting that blood was found on Freeman's right shoe when it was not. (SAC ¶ 112);

  **Interrogatory No. 12** concerns Plaintiffs' allegations that Walter "deliberately fabricated evidence" falsely reporting that the blood on Leah Freeman's right shoe indicated she was smashed in the face and forcibly taken to the location where the right tennis shoe was found". (SAC ¶ 115);

  **Interrogatory No. 13** concerns Plaintiffs' allegations that Walter "deliberately fabricated evidence" by theorizing that Freeman may have been pregnant at the time of her murder. (SAC ¶116);

  **Interrogatory No. 15** concerns Plaintiffs' allegations that Vidocq Society "fabricated additional evidence". (SAC ¶184).

Plaintiffs assert the blanket objection identified above, which is meritless. These interrogatories are not broad, general interrogatories asking Plaintiffs to "apply the law to facts" but instead are narrowly tailored to the allegations that Vidocq and Walter fabricated evidence that implicated McGuffin for Freeman's homicide. Plaintiffs are required to identify the specific evidence they are claiming was actually fabricated and identify the corresponding trial exhibit number from the criminal case. Plaintiffs have failed to do so. Instead they claim that they cannot possibly identify every document that shows Walter fabricated evidence as there are thousands of pages of documents in this case. But Plaintiffs have failed to identify *any such* fabricated evidence at all, including any such fabricated documents that were actually introduced as an exhibit at McGuffin's criminal trial.

Moreover, these interrogatories require Plaintiffs to (a) identify witness testimony in support of their allegations regarding fabrication, (b) summarize each witness's testimony, and (c) identify what documents support this allegation. Again, Plaintiffs have failed to do so.

Plaintiffs' answer relying on their response to Interrogatory No. 1 is insufficient for two reasons: (1) The response to Interrogatory No. 1 is itself deficient for the reasons set forth above (improper to answer by referring generally deposition testimony and other discovery responses without specific designations), and (2) Interrogatory Nos. 9, 12, 13 and 15 do not concern the same allegations as Interrogatory No. 1 (agency allegations) and therefore Plaintiffs' answer to Interrogatory No.1 is not responsive.

Here, Plaintiffs have failed to either summarize the witness testimony they claim supports their allegations that Vidocq and/or Walter fabricated evidence or to specify in any manner what portions of any of the referenced depositions are responsive. Plaintiffs have also failed to identify any responsive documents. Please supplement accordingly. If no such evidence exists, please confirm the same and withdraw this allegation.

- **Discovery pertaining to Plaintiffs' allegations that Vidocq withheld exculpatory and/or impeachment evidence that exonerated McGuffin for Leah Freeman's homicide: <u>Interrogatory & RFP Nos. 16 & 19</u>**

<u>**Interrogatory No. 16**</u> concerns Plaintiffs' allegations that Vidocq Society "suppressed additional exculpatory evidence". (SAC ¶ 184);

<u>**Interrogatory No. 19**</u> concerns Plaintiffs' allegations that Vidocq Society "withheld material exculpatory and/or impeachment evidence". (SAC ¶ 198)

Plaintiffs assert the blanket objection identified above, which is meritless. These interrogatories are not broad, general interrogatories asking Plaintiffs to "apply the law to facts" but instead are narrowly tailored to the allegations that <u>Vidocq suppressed exculpatory evidence</u>. Plaintiffs were asked to identify the specific evidence they contend was actually suppressed. Plaintiffs have failed to do so. Instead, Plaintiffs claim that *Walter* withheld exculpatory evidence – but again, they do not specify what that evidence was.

Plaintiffs' answer references their "Working List of *Brady* Materials Withheld by the Defendants", dated January 23, 2024, but do not state with specificity which of those materials they are claiming that Vidocq or Walter withheld. The List of *Brady* Materials identifies 28 separate documents/categories of information that were purportedly withheld. (See response to Interrogatory No. 16). Plaintiff general reference to documents in this litigation, including their "List of *Brady* Materials", without the appropriate specificity does not comply with FRCP 33.

Moreover, Vidocq's interrogatories require Plaintiffs to (a) identify witness testimony in support of their allegations regarding suppression of evidence, (b) summarize each witness's testimony, and (c) identify what documents support this allegation. Plaintiffs have failed to address any of these requests at all. In addition, Plaintiffs have also failed to identify with specificity, any responsive documents. Please supplement accordingly. If no such evidence exists, please confirm the same and withdraw this allegation.

- **Discovery pertaining to Plaintiffs' allegations that Vidocq and Walter entered into agreements with the City of Coquille to effect the arrest, indictment, and conviction of McGuffin for Freeman's murder: <u>Interrogatory & RFP Nos. 14 & 21</u>:**

<u>**Interrogatory No. 14:**</u> This interrogatory and corresponding RFP concerns Plaintiffs' allegations that Walter entered into an agreement with CPD and Cold Case Investigators "in an effort to effect the arrest, indictment and conviction of McGuffin for a crime he did not commit." (SAC ¶121).

<u>**Interrogatory No. 21:**</u> This interrogatory and corresponding RFP concerns Plaintiffs' allegations that Vidocq Society reached an agreement with other named defendants in this action "to frame McGuffin for Freeman's abduction and murder". (SAC ¶244).

Plaintiffs assert the blanket objection identified above, which is meritless. These interrogatories are not broad, general interrogatories asking Plaintiffs to "apply the law to facts" but instead are

Janis Puracal
Andrew Lauersdorf
August 12, 2024
Page 11

narrowly tailored to the allegations that <u>Vidocq and Walter entered into agreements with the City of Coquille and other defendants to frame McGuffin for Freeman's homicide</u>. Plaintiffs were asked to identify the specifics of those alleged agreements, including the time and manner in which the agreement was entered into and the individual participants to the agreement. Plaintiffs have failed to do so.

Moreover, these interrogatories require Plaintiffs to (a) identify witness testimony in support of their allegations regarding the purported agreement to frame McGuffin, (b) summarize each witness's testimony, and (c) identify what documents support this allegation. Again, Plaintiffs have failed to do so.

Plaintiffs' answer relying on their response to Interrogatory No. 1 is insufficient for two reasons: (1) The response to Interrogatory No. 1 is itself deficient for the reasons set forth above (improper to answer by referring generally to deposition testimony and other discovery responses without specific designations), and (2) Interrogatory Nos. 14 and 21 do not concern the same allegations as Interrogatory No. 1 (agency allegations) and therefore Plaintiffs' answer to Interrogatory No.1 is not responsive.

Likewise, Plaintiffs' answer referencing their answers to Defendant Kathy Wilcox's First Set of Interrogatories, Interrogatory No. 1 is non- responsive. Wilcox's Interrogatory No. 1 seeks information on a different subject - namely identification of the specific evidence that defendants allegedly fabricated evidence during the investigation and/or Criminal Case involving McGuffin.

Here, Plaintiffs have failed to either summarize the witness testimony they claim supports their allegations that Vidocq and/or Walter entered into agreements with the City of Coquille to frame McGuffin or to specify in any manner what portions of any of the referenced depositions are responsive. Plaintiffs have also failed to identify any responsive documents. Please supplement accordingly. If no such evidence exists, please confirm the same and withdraw this allegation.

- **Discovery pertaining to remaining miscellaneous allegations: <u>Interrogatory & RFPs Nos. 17, 20, 22, & 23</u>**

**Interrogatory No. 17:** This interrogatory and corresponding RFP concerns Plaintiffs' allegations that Vidocq's conduct was a proximate cause of McGuffin's conviction in the criminal case. (SAC ¶196).

**Interrogatory No. 20:** This interrogatory and corresponding RFP concerns Plaintiffs' allegations that Vidocq Society approved and ratified Walter's conduct that violated Plaintiffs' constitutional rights. (SAC ¶ 201).

**Interrogatory No. 22 & 23**: These interrogatories and corresponding RFPs concern Plaintiffs' allegations that Vidocq failed to promulgate policies and procedures governing the collection, documentation, preservation, and disclosure of evidence in criminal proceedings and that this caused McGuffin's injuries. (SAC ¶ ¶ 259; 270)

Janis Puracal
Andrew Lauersdorf
August 12, 2024
Page 12

Plaintiffs assert the same blanket objection identified above to all of these discovery requests, which is meritless. These interrogatories are not broad, general interrogatories asking Plaintiffs to "apply the law to facts" but instead are narrowly tailored to the allegations identified above. Plaintiffs were asked to identify to (a) identify witness testimony in support of these allegations (b) summarize each witness's testimony, and (c) identify what documents support this allegation. Again, Plaintiffs have failed to do so.

Plaintiffs' answer to Interrogatory No. 17, which refers to their response to Interrogatory No. 1 is insufficient for two reasons: (1) The response to Interrogatory No. 1 is itself deficient for the reasons set forth above (improper to answer by referring generally to deposition testimony and other discovery responses without specific designations), and (2) Interrogatory Nos. 17 does not concern the same allegations as Interrogatory No. 1 (agency allegations) and therefore Plaintiffs' answer to Interrogatory No.1 is not responsive.

Likewise, Plaintiffs' answers to Interrogatory Nos. 20 and 22 refer to Plaintiffs' response to Interrogatory No. 23. Plaintiffs' response to Interrogatory No. 23 is deficient for the same reason as their response to Interrogatory No. 1: While Plaintiffs have generally identified eight witnesses whose testimony supports these allegations, they have failed to summarize the specific testimony they rely upon. In addition, Plaintiffs refer generally to nine deposition transcripts and *the entire criminal trial transcript*, but fail to provide any specificity with respect to what portions of these depositions or the trial transcript are responsive. Accordingly, this does not constitute a complete answer and is contrary to FRCP 33 as explained above.

In addition, Plaintiffs' response to Interrogatory No. 23 does not answer the fundamental question set forth in interrogatories 20, 22 and 23, which is: On what basis are Plaintiffs claiming that Vidocq had any duty to McGuffin to promulgate rules, policies, and/or procedures to protect his constitutional rights? Plaintiffs are required to answer this question.

Here, Plaintiffs have failed to either summarize the witness testimony they claim supports their allegations that Vidocq's failure to adopt policies and procedures regarding the collection and protection of evidence proximately caused McGuffin's injuries in this matter or to specify in any manner what portions of any of the referenced depositions are responsive. Plaintiffs have also failed to identify any responsive documents. Please supplement accordingly. If no such evidence exists, please confirm the same and withdraw this allegation.

- **Discovery pertaining to identification of persons responding to discovery: Interrogatory No. 24**

    **Interrogatory No. 24:** This interrogatory asks Plaintiffs to identify all persons involved in preparing responses to Vidocq's discovery requests. Plaintiffs object on the grounds that this interrogatory is beyond scope FRCP 26(a)(2) and 33(a)(1) and based upon the attorney-client privilege and work product doctrine. These objections are meritless given that the party to whom interrogatories are they are directed is required to answer them and to sign them. FRCP 33(b)(1) and (5).  Plaintiffs citation t. <u>tt v. Mortgage Inv'rs Corp. of Ohio, Inc.,</u>

*3:14-CV-00645-ST, 2015 WL 691643, at *1 (D. Or. Feb. 17, 2015)* is not on point. That case concerns how to count interrogatories and subparts within the limits of FRCP 33(a)(1). It does not address whether a party is required to identify the persons who assisted in preparing discovery responses.

## II. PLAINTIFFS' RESPONSES TO VIDOCQ'S SECOND SET OF DISCOVERY REQUESTS

- **Discovery Related to Plaintiffs' Working List of *Brady* Material Withheld: Interrogatory & RFP Nos. 2 - 9**

**Interrogatory Nos. 2 - 9:** Vidocq's Second Set of Interrogatories and Requests for Production concern allegations set forth in "Plaintiffs' Working List of *Brady* Material Withheld", provided to the court (but not filed) on January 23, 2024. Plaintiffs' Working List asserts that <u>all</u> defendants unlawfully suppressed or withheld the following:

(1) information concerning DNA from an unidentified male on the right and left shoes of Leah Freeman, including information set forth in four subsections (a)-(d); and

(2) information that would have impeached prosecution witnesses regarding the quality of the investigation, including information set forth in 24 subsections (a) –(x).

Plaintiffs' Working List fails to differentiate between the defendants and does not specify with any particularity <u>*which*</u> of these 28 categories of information Plaintiffs contend that Vidocq purportedly withheld in violation of *Brady*.[3] Vidocq's Second Set of Interrogatories are directed at obtaining this information. Plaintiffs are asked to specify which of these 28 categories of information they contend Vidocq improperly withheld. (*See* Interrogatories Nos. 2 and 3 and corresponding RFPs). Plaintiffs are also asked to identify witnesses and documents that support these allegations.[4]

Plaintiffs have failed to provide any substantive response whatsoever. Plaintiffs' boilerplate objections premised on LR 33-1(d) are without merit. Contrary to Plaintiffs' objections, these interrogatories are not broad, general interrogatories asking Plaintiffs to "apply the law to facts" but instead are specifically targeted. They ask Plaintiffs to clarify what specific *Brady* claims they are asserting against which of the individual defendants and the evidentiary support for such claims. Plaintiffs' Working List essentially appears to set forth new claims against Vidocq Society (and all defendants) which are not included in the Second Amended Complaint. Vidocq is seeking information regarding which - if any - of the *Brady* claims concern Vidocq and the

---

[3] Likewise, Plaintiffs' Working List does not differentiate between any of the <u>other</u> defendants and nd does not specify which of the 28 categories of documents any other defendant purportedly withheld in violation of *Brady*.

[4] Interrogatory and RFP Nos. 4 -9 seek the same information with respect to defendants Walter (Nos. 4 & 5), the Municipal / County defendants (Nos. 6-7) and the State defendants (Nos. 8-9). Plaintiffs have refused to respond to these requests as well.

Janis Puracal
Andrew Lauersdorf
August 12, 2024
Page 14

identification of witnesses and documents which support any such claims. This is an entirely appropriate subject for discovery under FRCP 26 (b)(1).

- **Discovery pertaining to identification of responders: <u>Interrogatory No. 1</u>**

**Interrogatory No. 1**: This interrogatory asks Plaintiffs to identify all persons involved in preparing Plaintiffs' responses to Vidocq's second set of discovery requests. Plaintiffs object on the grounds that this interrogatory is beyond the scope FRCP 26(a)(2) and 33(a)(1) and to the extent it seeks information protected by the attorney-client privilege and work product doctrine. These objections are meritless given that the party to whom interrogatories are they are directed is required to answer them and to sign them. FRCP 33(b)(1) and (5). Plaintiffs citation t. *tt v. Mortgage Inv'rs Corp. of Ohio, Inc., 3:14-CV-00645-ST, 2015 WL 691643, at *1 (D. Or. Feb. 17, 2015)* is not on point. That case concerns how to count interrogatories and subparts within the limits of FRCP 33(a)(1). It does not address whether a party is required to identify the persons who assisted in preparing discovery responses.

Plaintiffs' responses to Vidocq's Second Set of Interrogatories and Requests for Production constitute a complete failure to engage in discovery and are improper. Please supplement all responses to Vidocq's second set of discovery requests, or, in the alternative, please confirm Plaintiffs are withdrawing any claims that Vidocq withheld information in violation of *Brady*.

We request that Plaintiffs supplement their responses to both sets of Vidocq's discovery requests no later than Monday, August 19, 2024. In the event there remain any outstanding disagreements regarding the sufficiency of Plaintiffs' discovery responses, we propose a telephone conference on Tuesday, August 20, 2024 at 2:00 pm to discuss these matters. If this time does not work, please propose an alternative time for Tuesday or Wednesday. Thank you.

Sincerely,

HWS LAW GROUP

Meredith A. Sawyer

cc:  Anthony R. Scisciani III, Esq. (via e-mail)
     Miranda D. Russell, Esq. (via e-mail)
     Rachel Jones, Esq. (via e-mail)
     Client