# Davis Jesse B

| | |
|---|---|
| **From:** | Davis Jesse B |
| **Sent:** | Tuesday, August 13, 2024 4:22 PM |
| **To:** | Janis Puracal; Andrew Lauersdorf |
| **Cc:** | McCarthy Maureen A; Marshall Todd; Sarah Henderson; Meredith Sawyer; Robert Franz jr.; Rachel Jones; lauracoffin@coffin.law; Theresa Franz; Mia Stigler; Burdick Jennifer; Cher Vasquez; Blenda Fetahu; David Owens; Heather Schmitz; edefreest@luvaascobb.com; KWorkman@luvaascobb.com; Anthony R. Scisciani III; Bethan Gee; Kelsey L. Shewbert; Christie Kramer; Miranda Russell; Caroline Bryant |
| **Subject:** | McGuffin v. Dannels, et al: Discovery issues and DRAFT Joint Status Report Pursuant |

Janis—
This email sets forth some specifics regarding the State Defendants' remaining discovery issues for purposes of the joint status report due to the Court today.

The State Defendants assert that Plaintiffs' responses to the State Defendants' interrogatories (hereinafter "RFI"), including the recent supplemental response to Defendant Kathy Wilcox's interrogatories, are deficient. These objections roughly parallel those voiced by Defendant Vidocq Society in their letter dated August 12, 2024, but are specific to Plaintiffs' responses to the State Defendants' interrogatories.

First, plaintiffs included the same boilerplate objection, each one over a page in length, in response to all but one of each State Defendant's four RFI, thus comprising the majority of each document's text. Those objections are not specific to the particular request, as required by the rules.

Second, the State Defendants' interrogatories are not objectionable simply because they ask Plaintiffs what they are contending. The State Defendants' RFIs do not ask Plaintiffs to state all the facts on which their myriad claims are abased. Instead, the RFIs seek to determine the essential factual grounds for Plaintiffs' claims. State Defendants are entitled to know those facts in order to defend itself. Plaintiffs chose to assert over a dozen claims and counts for relief against found individual State Defendants, and several other claims against the Oregon State Police. That choice expands the reasonable and proportional scope of interrogatories by which the State Defendants can understand what Plaintiffs are claiming.

Plaintiffs have asserted, for example, *Brady* claims against various groups and subgroups of Defendants. The RFIs ask what evidence each State Defendant withheld. Plaintiffs assert that various groups and subgroups of Defendants fabricated evidence. The RFIs ask what evidence each State Defendant fabricated. Plaintiffs assert that various groups and subgroups of Defendants solicited false evidence. The RFIs ask what and how each State Defendant did so. Plaintiffs assert that various Defendants harassed and targeted Mr. McGuffin. The RFIs ask when and how that happened. The RFIs do not demand that Plaintiffs to identify "each and every fact" in support of their claims. Instead, the RFIs ask Plaintiffs to identify, after years of this litigation, what the State Defendants allegedly did wrong.

1

Joint Submission
State Defs.' Exhibit B
Page 1 of 2

Plaintiffs have improperly refused to answer in many respects, often using vague or evasive language.  For example, Wilcox's Interrogatory No. 2 asks Plaintiffs to identify what evidence Wilcox allegedly fabricated.  Plaintiffs' response, in part, states, "Wilcox fabricated evidence of blood on Freeman's right shoe…"  The response continues by identifying a number of documents and deposition transcripts and media programs, without any clarifying information about what Wilcox allegedly fabricated.  This generic response continues to parrot the allegations of Plaintiffs' pleadings without identifying what Wilcox allegedly fabricated.  Is it that Wilcox said there was blood on the shoe but there was not?  Wilcox is entitled to know that.

As another example, Wilcox's interrogatory No. 4 asks Plaintiffs to identify what evidence Wilcox allegedly falsely solicited.  Plaintiffs have alleged both that Wilcox fabricated evidence and falsely solicited evidence.  Yet, Plaintiffs' response to this interrogatory is merely to incorporate their request to interrogatory No. 2, despite the fact that Wilcox did not interview percipient witnesses and thus would not "solicit" any evidence.  Plaintiffs decline to provide any support for this important factual assertion, and Wilcox remains in the dark about what it means.

Further, Plaintiffs' allege that all of the undifferentiated Defendants conspired to frame Mr. McGuffin.  Many of the interrogatories of the State Defendants ask what communications constituted the alleged agreement between the conspirators and what actions they took to carry out that agreement.  Plaintiffs answer none of these interrogatories properly and specifically, instead merely pointing to large groups of notes and various emails regarding matters routine to law enforcement investigations.  The Defendants are entitled to know these things.

As a final, non-exclusive, example, Plaintiffs have pleaded that Defendant John Riddle made misrepresentations to Kristen Steinhoff that she adopted as her own.  Riddle's interrogatories ask Plaintiffs to identify those misrepresentations.  Plaintiffs decline to do so, again incorporating responses to other interrogatories.  Riddle is entitled to know the misconduct of which he is being accused.

In short, the following responses to the State Defendants' interrogatories are defective, and the State Defendants intend to seek relief from the Court:
       Kathy Wilcox Interrogatory Nos. 2-4, 6, 11, 12, 14, 15, and 17-19;
       Susan Hormann Interrogatory Nos. 1-3, 6-10, and 12-14;
       Mary Krings Interrogatory Nos. 2, 3, and 6-12; and
       John Riddle Interrogatory Nos. 2, 3, 4, 6-9, and 11-19.

I will raise these issues more generally in the joint report requested by the Court, and we can confer about them in more detail before the August 27, 2024, hearing.

**Jesse B. Davis**
Senior Assistant Attorney General
Oregon Department of Justice | Civil Litigation Section | Trial Division
100 SW Market Street
Portland, OR 97201
Tel: 503.856.2342
Fax: 971.673.5000

2

**Joint Submission**
**State Defs.' Exhibit B**
**Page 2 of 2**