Janis C. Puracal, OSB #132288
E-mail: jcp@mlrlegalteam.com
Andrew C. Lauersdorf, OSB #980739
E-mail: acl@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside Street, Ste. 300
Portland, OR  97214
Telephone: (503) 245-1518
Facsimile: (503) 245-1417

David B. Owens, WSBA #53856, *pro hac vice*
E-mail: david@loevy.com
LOEVY & LOEVY c/o
Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
PO Box 85110
Seattle, WA  98145-1110
Telephone: (312) 590-5449

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,<br>Plaintiffs,<br><br>v.<br><br>MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMINISTRATOR OF THE ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY,<br>Defendants. | Civil No. 6:20-cv-01163-MK<br>(Lead Case)<br><br><br><br>PLAINTIFF' RESPONSE TO DEFENDANT VIDOCQ SOCIETY'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS |



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

VIDOCQ SOCIETY,

                Cross-Claimant,

     v.

MARK DANNELS, PAT DOWNING,
SUSAN HORMANN, MARY KRINGS,
KRIS KARCHER, SHELLY MCINNES,
RAYMOND MCNEELY, KIP OSWALD,
MICHAEL REAVES, JOHN RIDDLE, SEAN
SANBORN, ERIC SCHWENNINGER,
RICHARD WALTER, CHRIS WEBLEY,
ANTHONY WETMORE, KATHY WILCOX,
CRAIG ZANNI, DAVID ZAVALA, JOEL D.
SHAPIRO AS ADMINISTRATOR OF THE
ESTATE OF DAVID E. HALL, VIDOCQ
SOCIETY, CITY OF COQUILLE, CITY OF
COOS BAY, and COOS COUNTY

                Cross-Defendants.

NICHOLAS JAMES MCGUFFIN, as an
individual and as guardian *ad litem*, on behalf
of S.M., a minor,

                Plaintiffs,

     v.

OREGON STATE POLICE,

                Defendant.

Civil Case No. 3:21-cv-01719-MK
(Trailing Case)

TO:    Defendant Vidocq Society and its counsel of record

## **GENERAL RESPONSE**

      1.      Any statement that responsive documents or information will be provided is not a

representation that any such documents or information exist.

      2.      No documents or requested information that embody material that is private,

business, confidential, proprietary, trade secret, or otherwise protected from disclosure will be

produced without the prior entry of any appropriate protective order against unauthorized use or

disclosure of such documents or information.

///

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

3.      All objections or other questions are reserved as to the competency, relevance, materiality, privileged nature, or admissibility in evidence of any documents or information produced in this or any other action.

4.      The right to object to such other supplemental interrogatories as may be later propounded involving or relating to the same subject matter of these requests is reserved.

5.      This Response to Defendant Vidocq Society's First Set of Interrogatories and Requests for Production is made to the best of Plaintiffs' knowledge, information, and belief. This Response is at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of recollection, is subject to such further recollection and such additional knowledge and facts as may result from further discovery or investigation.  The right is reserved to make use of, or to introduce at any hearing and at trial, documents and information responsive to these requests for production located, discovered, or obtained subsequent to the date of this Response.

## <u>GENERAL OBJECTIONS</u>

1.      Plaintiffs object to the definitions and instructions set forth in Defendant Vidocq Society's First Set of Interrogatories and Requests for Production to the extent they impose obligations beyond those set forth in the Federal Rules of Civil Procedure, including, but not limited to, any implication that the requests for production are "continuing" to any extent beyond the scope of FRCP 26.

2.      Plaintiffs object to the definitions in Defendant Vidocq Society's First Set of Interrogatories and Requests for Production to the extent the definitions are inconsistent with FRCP 26 and 33, and to the extent that the definitions so expand the information requested that the requests are unduly burdensome.  *See Diversified Products Corporation v. Sports Center Co.*, 42 F.R.D. 3, 4 (D.C. Md. 1967).

///

///

Page 3– PLAINTIFFS' RESPONSE TO VIDOCQ SOCIETY'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Puracal Declaration, Exhibit 5, Page 3 of 63

3.      Plaintiffs object to any interrogatory to the extent it seeks or requires the production of any documents or information outside of Plaintiffs' possession, custody, or control.

4.      Plaintiffs object to any interrogatory to the extent that it seeks documents or information protected by the attorney-client privilege, work product doctrine, or FRCP 26.  Any inadvertent disclosure of such privileged documents or information is not to be deemed a waiver of any privilege with respect to such documents or information.

These General Objections are incorporated into each and every answer, response, and/or objection set forth below.

## RESPONSE

**INTERROGATORY NO. 1:** With respect to your allegations that Vidocq Society acted as an agent of Defendant City of Coquille and was acting under color of law and within the scope of its agency during the Investigation and/or Criminal Case, as set forth in the SAC at paragraphs 10 and 107 (and any other paragraph), please identify:

(a) Each witness whose testimony you contend provides evidentiary support for these allegations, including but not limited to identification of the witnesses that you anticipate may testify at trial;

(b) A summary of the evidentiary support obtained from each such witness;

(c) A summary of the anticipated testimony of each such witness;

(d) Each document, piece of information, or evidence that supports these allegations, (identified by Bates number if available).

**OBJECTIONS:**  Plaintiffs object to this interrogatory on the grounds that it violates Local Rule 33-1(d).  *See Nicole Svboda's Fiduciary Services, LLC v. United States*, No. 21-cv-01664-MO, 2023 U.S. Dist. LEXIS 213078, at *3 (D. Or. Nov. 30, 2023); *Federal Trade Commission v.*

Page 4– PLAINTIFFS' RESPONSE TO VIDOCQ SOCIETY'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION

MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Puracal Declaration, Exhibit 5, Page 4 of 63

*Kroger Co.*, No. 3:24-cv-00347-AN, 2024 U.S. Dist. LEXIS 97032, at *7 (D. Or. May 31 2024);

*Swan v. Miss Beau Monde*, No. 3:21-cv-111-SI, 2021 U.S. Dist. LEXIS 243621, at *4 (D. Or.

Oct. 14, 2021). Plaintiffs also object to this interrogatory to the extent it constitutes an abuse of

the discovery process, to the extent it requires Plaintiffs to identify "all facts" that support

Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-

client privilege and work product protection. Indeed:

> Contention interrogatories which ask the respondent to systematically recite
> "all facts" in support of that party's contention are generally disfavored.
> "Contention interrogatories which 'systematically track all of the allegations in
> an opposing party's pleadings, and that ask for 'each and every fact' and
> application of law to fact that supports the party's allegations are an abuse of
> the discovery process because they are overly broad and unduly burdensome.'"

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2

(E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*,

No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013);

*Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist.

LEXIS 112183, at *3 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-

06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero*

*v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a

narrative account of its case, including every evidentiary fact, details of testimony of supporting

witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594. These

propositions are well established. *See, e.g., Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL,

2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts,

including this one, have held that contention interrogatories which 'systematically track all of the

allegations in an opposing party's pleadings, and that ask for 'each and every fact' and

MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

application of law to fact that supports the party's allegations are an abuse of the discovery

process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D.

at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's

strategy, what he deems important, and his analysis of the case. Such requests exceed the

permissible use of contention interrogatories and border too closely to protected work-product."

*Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash.

Jan. 18, 2012).

**ANSWER:** Subject to and without waiving any objection, because this case involves thousands

of pages of documents and deposition testimony, Plaintiffs cannot possibly state every single

document and page of testimony that shows that Defendant Vidocq Society was acting as an

agent of Defendant City of Coquille and under color of law and within the scope of its agency.

Nonetheless, pursuant to Fed. R. Civ. P. 33(d), the answer to this interrogatory may be

determined by examining deposition transcripts, and the burden of deriving or ascertaining the

answer to this interrogatory is substantially the same for either party. *See*, *e.g.*, Civil Suit

Deposition of Mark Dannels; Civil Suit Deposition of Paul Frasier; Post-Conviction Deposition

of Paul Frasier; Civil Suit Deposition of City of Coquille; Civil Suit Deposition of Richard

Walter; Civil Suit Deposition of Vidocq Society; Civil Suit Deposition of Raymond McNeely;

and Civil Suit Deposition of William Fleisher. The answer to this interrogatory may also be

determined by examining documents produced in discovery, and the burden of deriving or

ascertaining the answer to this interrogatory is substantially the same for either party. *See*, *e.g.*,

2010-10-15 ABC News "20/20"; 2020-02-28 ABC News "20/20"; VIDOCQ_000006–7;

VIDOCQ_000009–10; VIDOCQ_000011–13; VIDOCQ_000014–21; VIDOCQ_000022–23;

VIDOCQ_000028–29; VIDOCQ_000081–82; VIDOCQ_001753–1758; VIDOCQ_000083–150;

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

VIDOCQ_001759–1961; VIDOCQ_001974–81; FLEISHER_000001–8; FLEISHER_000009–

13; FLEISHER_000014–21; FLEISHER_000058-65; FLEISHER_000101–04;

FLEISHER_000105–117; FLEISHER_000159–75; FLEISHER_000185–203;

FLEISHER_000141–58; CPD_004584–4589; CPD004599–4600; CPD004601–02; CPD004603;

CPD004604; CPD004605–07; CPD020539; CCDA_033432; AG_000307–09; *History of the*

*Vidocq Society: The Founding of the Vidocq Society*, available on the Vidocq website at

https://www.vidocq.org/history/; Declaration of Barbara Cohan ⁋ 8 ("The information on Vidocq

Society's website, https://www.vidocq.org/, is up-to-date and accurate."); *The Vidocq Society:*

*Solving Murders Over Lunch*, National Public Radio (August 12, 2010), available on the Vidocq

website at https://www.vidocq.org/news-publications/; Michael Capuzzo, *The Murder Room:*

*The Heirs of Sherlock Holmes Gather to Solve the World's Most Perplexing Cold Cases*,

available on the Vidocq website at https://www.vidocq.org/news-publications/.

In addition, Plaintiffs respond that Defendants Vidocq Society and Richard Walter

partnered with Defendant City of Coquille to fabricate evidence that would implicate Mr.

McGuffin.  Defendant City of Coquille and its officers and agents provided Defendant Richard

Walter with access to the case file and appeared on national television with Mr. Walter as part of

their joint efforts in the case.  (*See*, *e.g.*, Civil Suit Deposition of City of Coquille; 2010-10-15

ABC News "20/20"; VIDOCQ_000009–10; VIDOCQ_001753–1758; CPD_004584–4589;

CCDA_033432; AG_000307–09).  Defendants Vidocq Society and Richard Walter were willful

participants in a joint action with the police.  (*See*, *e.g.*, Civil Suit Deposition of Vidocq Society;

Civil Suit Deposition of William Fleisher; Civil Suit Deposition of Paul Frasier; CPD_004584–

4589; CPD004599–4600; CPD004601–02; CPD004603; CPD004604; CCDA_033432;

AG_000307–09).  There was also a sufficient nexus between Defendants City of Coquille and

Defendants Vidocq Society and Richard Walter.  (*See*, *e.g.*, Civil Suit Deposition of Mark

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Dannels; Civil Suit Deposition of Paul Frasier; Post-Conviction Deposition of Paul Frasier; Civil Suit Deposition of City of Coquille; Civil Suit Deposition of Richard Walter; Civil Suit Deposition of Vidocq Society; Civil Suit Deposition of Raymond McNeely; Civil Suit Deposition of William Fleisher; 2010-10-15 ABC News "20/20"; 2020-02-28 ABC News "20/20"; VIDOCQ_000006–7; VIDOCQ_000009–10; VIDOCQ_000011–13; VIDOCQ_000014–21; VIDOCQ_000022–23; VIDOCQ_001753–1758; VIDOCQ_000083–150; CPD_004584–4589; CPD004599–4600; CPD004601–02; CPD004603; CPD004604; CPD020539; CCDA_033432; AG_000307–09)  The Vidocq Society has admitted that it provides assistance at the request of law enforcement agencies across the United States as they work to solve their cold case homicides.  (*See*, *e.g.*, Civil Suit Deposition of Vidocq Society; Civil Suit Deposition of William Fleisher; VIDOCQ_000006–7; VIDOCQ_000011–13; VIDOCQ_000014–21).

**REQUEST FOR PRODUCTION NO. 1:**  Please produce a copy of all documents identified in your response to the previous interrogatory, to the extent not already produced in discovery.

**RESPONSE:**  *See* Objections to Interrogatory No. 1.  Subject to and without waiving any objection, Plaintiffs respond that all non-privileged, responsive documents referred to in response to Interrogatory No. 1 have been produced to all parties or are available from public sources.

**INTERROGATORY NO. 2:**  With respect to your allegations that Vidocq Society was the employer of Defendant Richard Walter at all relevant times, as set forth in the SAC at paragraph 10 (and any other paragraph), please identify:

(a) Each witness whose testimony you contend provides evidentiary support for these allegations, including but not limited to identification of the witnesses that you anticipate may testify at trial;

MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

(b) A summary of the evidentiary support obtained from each such witness;

(c) A summary of the anticipated testimony of each such witness;

(d) Each document, piece of information, or evidence that supports these allegations, (identified by Bates number if available).

**OBJECTIONS:**  Plaintiffs object to this interrogatory to the extent it mischaracterizes the allegations in Plaintiffs' Second Amended Complaint.  Plaintiffs also object to this interrogatory on the grounds that it violates Local Rule 33-1(d).  *See Nicole Svboda's Fiduciary Services, LLC v. United States*, No. 21-cv-01664-MO, 2023 U.S. Dist. LEXIS 213078, at *3 (D. Or. Nov. 30, 2023); *Federal Trade Commission v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 U.S. Dist. LEXIS 97032, at *7 (D. Or. May 31, 2024); *Swan v. Miss Beau Monde*, No. 3:21-cv-111-SI, 2021 U.S. Dist. LEXIS 243621, at *4 (D. Or. Oct. 14, 2021).  Plaintiffs further object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "all facts" that support Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection. Indeed:

> Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored. "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'"

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *3 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594. These propositions are well established. *See*, *e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:** Subject to and without waiving any objection, *see* Plaintiffs' Response to Vidocq Society's First Set of Interrogatories, Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 2:** Please produce a copy of all documents identified in your response to the previous interrogatory, to the extent not already produced in discovery.

**RESPONSE:** *See* Objections to Interrogatory No. 2. Subject to and without waiving any objection, Plaintiffs respond that all non-privileged, responsive documents referred to in

///

MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

response to Interrogatory No. 2 have been produced to all parties or are available from public sources.

**INTERROGATORY NO. 3:**  With respect to your allegations that the City of Coquille hired Vidocq Society as part of its efforts to fabricate evidence implicating McGuffin, as set forth in the SAC at paragraph106, please identify:

(a) Each witness whose testimony you contend provides evidentiary support for these allegations, including but not limited to identification of the witnesses that you anticipate may testify at trial;

(b) A summary of the evidentiary support obtained from each such witness;

(c) A summary of the anticipated testimony of each such witness;

(d) Each document, piece of information, or evidence that supports these allegations, (identified by Bates number if available).

**OBJECTIONS:**  Plaintiffs object to this interrogatory on the grounds that it violates Local Rule 33-1(d).  *See Nicole Svboda's Fiduciary Services, LLC v. United States*, No. 21-cv-01664-MO, 2023 U.S. Dist. LEXIS 213078, at *3 (D. Or. Nov. 30, 2023); *Federal Trade Commission v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 U.S. Dist. LEXIS 97032, at *7 (D. Or. May 31, 2024); *Swan v. Miss Beau Monde*, No. 3:21-cv-111-SI, 2021 U.S. Dist. LEXIS 243621, at *4 (D. Or. Oct. 14, 2021).  Plaintiffs also object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "all facts" that support Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection.  Indeed:

> Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored. "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and



MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

**Puracal Declaration, Exhibit 5, Page 11 of 63**

application of law to fact that supports the party's allegations are an abuse of
the discovery process because they are overly broad and unduly burdensome.'"

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2

(E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*,

No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013);

*Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist.

LEXIS 112183, at *3 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-

06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero*

*v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a

narrative account of its case, including every evidentiary fact, details of testimony of supporting

witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594. These

propositions are well established. *See, e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL,

2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts,

including this one, have held that contention interrogatories which 'systematically track all of the

allegations in an opposing party's pleadings, and that ask for 'each and every fact' and

application of law to fact that supports the party's allegations are an abuse of the discovery

process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D.

at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's

strategy, what he deems important, and his analysis of the case. Such requests exceed the

permissible use of contention interrogatories and border too closely to protected work-product."

*Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash.

Jan. 18, 2012).

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Puracal Declaration, Exhibit 5, Page 12 of 63

**ANSWER:**  Subject to and without waiving any objection, *see* Plaintiffs' Response to Vidocq Society's First Set of Interrogatories, Interrogatory No. 1.  *See also* Plaintiffs' Response to Defendant Kathy Wilcox's First Set of Interrogatories, Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 3:**  Please produce a copy of all documents identified in your response to the previous interrogatory, to the extent not already produced in discovery.

**RESPONSE:**  *See* Objections to Interrogatory No. 3.  Subject to and without waiving any objection, Plaintiffs respond that all non-privileged, responsive documents referred to in response to Interrogatory No. 3 have been produced to all parties or are available from public sources.

**INTERROGATORY NO. 4:**  With respect to your allegations that the "Cold Case Investigators provided Defendant Walter with access to the Freeman case file, including the previously fabricated reports" as set forth in the SAC at paragraph 108, please identify:

(a) Each witness whose testimony you contend provides evidentiary support for these allegations, including but not limited to identification of the witnesses that you anticipate may testify at trial;

(b) A summary of the evidentiary support obtained from each such witness;

(c) A summary of the anticipated testimony of each such witness;

(d) Each document, piece of information, or evidence that supports these allegations, (identified by Bates number if available).

**OBJECTIONS:**  Plaintiffs object to this interrogatory on the grounds that it violates Local Rule 33-1(d).  *See Nicole Svboda's Fiduciary Services, LLC v. United States*, No. 21-cv-01664-MO, 2023 U.S. Dist. LEXIS 213078, at *3 (D. Or. Nov. 30, 2023); *Federal Trade Commission v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 U.S. Dist. LEXIS 97032, at *7 (D. Or. May 31, 2024); *Swan v. Miss Beau Monde*, No. 3:21-cv-111-SI, 2021 U.S. Dist. LEXIS 243621, at *4 (D. Or.

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Oct. 14, 2021).  Plaintiffs also object to this interrogatory to the extent it constitutes an abuse of

the discovery process, to the extent it requires Plaintiffs to identify "all facts" that support

Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-

client privilege and work product protection.  Indeed:

> Contention interrogatories which ask the respondent to systematically recite
> "all facts" in support of that party's contention are generally disfavored.
> "Contention interrogatories which 'systematically track all of the allegations in
> an opposing party's pleadings, and that ask for 'each and every fact' and
> application of law to fact that supports the party's allegations are an abuse of
> the discovery process because they are overly broad and unduly burdensome.'"

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2

(E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*,

No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013);

*Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist.

LEXIS 112183, at *3 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-

06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero*

*v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a

narrative account of its case, including every evidentiary fact, details of testimony of supporting

witnesses, and the contents of supporting documents."  *Lucero*, 240 F.R.D. at 594.  These

propositions are well established.  *See*, *e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL,

2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts,

including this one, have held that contention interrogatories which 'systematically track all of the

allegations in an opposing party's pleadings, and that ask for 'each and every fact' and

application of law to fact that supports the party's allegations are an abuse of the discovery

///

MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case.  Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:**  Subject to and without waiving any objection, *see* Plaintiffs' Response to Vidocq Society's First Set of Interrogatories, Interrogatory No. 1.  *See also* Plaintiffs' Response to Defendant Kathy Wilcox's First Set of Interrogatories, Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 4:**    Please produce a copy of all documents identified in your response to the previous interrogatory, to the extent not already produced in discovery.

**RESPONSE:**  *See* Objections to Interrogatory No. 4.  Subject to and without waiving any objection, Plaintiffs respond that all non-privileged, responsive documents referred to in response to Interrogatory No. 4 have been produced to all parties.

**INTERROGATORY NO. 5:**  With respect to your allegations that the "Cold Case Investigators agreed to have Defendant Walter generate a false 'profile' that would purportedly implicate McGuffin in the abduction and murder of Freeman" as set forth in the SAC at paragraph 108, please identify:

(a) Each witness whose testimony you contend provides evidentiary support for these allegations, including but not limited to identification of the witnesses that you anticipate may testify at trial;

(b) A summary of the evidentiary support obtained from each such witness;

(c) A summary of the anticipated testimony of each such witness;

Page 15– PLAINTIFFS' RESPONSE TO VIDOCQ SOCIETY'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

(d) Each document, piece of information, or evidence that supports these allegations, (identified by Bates number if available).

**OBJECTIONS:**  Plaintiffs object to this interrogatory on the grounds that it violates Local Rule 33-1(d).  *See Nicole Svboda's Fiduciary Services, LLC v. United States*, No. 21-cv-01664-MO, 2023 U.S. Dist. LEXIS 213078, at *3 (D. Or. Nov. 30, 2023); *Federal Trade Commission v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 U.S. Dist. LEXIS 97032, at *7 (D. Or. May 31, 2024); *Swan v. Miss Beau Monde*, No. 3:21-cv-111-SI, 2021 U.S. Dist. LEXIS 243621, at *4 (D. Or. Oct. 14, 2021).  Plaintiffs also object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "all facts" that support Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection.  Indeed:

> Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored. "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'"

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *3 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents."  *Lucero*, 240 F.R.D. at 594.  These

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

propositions are well established.  *See, e.g., Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case.  Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:**  Subject to and without waiving any objection, *see* Plaintiffs' Response to Vidocq Society's First Set of Interrogatories, Interrogatory No. 1.  *See also* Plaintiffs' Response to Defendant Kathy Wilcox's First Set of Interrogatories, Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 5:**  Please produce a copy of all documents identified in your response to the previous interrogatory, to the extent not already produced in discovery.

**RESPONSE:**  *See* Objections to Interrogatory No. 5.  Subject to and without waiving any objection, Plaintiffs respond that all non-privileged, responsive documents referred to in response to Interrogatory No. 5 have been produced to all parties.

**INTERROGATORY NO. 6:**  With respect to your allegations that Vidocq Society "would be willing to claim they developed a 'profile' that would falsely purport to link McGuffin to the crime, even though he was innocent", as set forth in the SAC at paragraph 109, please identify:

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

(a) Each witness whose testimony you contend provides evidentiary support for these allegations, including but not limited to identification of the witnesses that you anticipate may testify at trial;

(b) A summary of the evidentiary support obtained from each such witness;

(c) A summary of the anticipated testimony of each such witness;

(d) Each document, piece of information, or evidence that supports these allegations, (identified by Bates number if available).

**OBJECTIONS:** Plaintiffs object to this interrogatory on the grounds that it violates Local Rule 33-1(d). *See Nicole Svboda's Fiduciary Services, LLC v. United States*, No. 21-cv-01664-MO, 2023 U.S. Dist. LEXIS 213078, at *3 (D. Or. Nov. 30, 2023); *Federal Trade Commission v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 U.S. Dist. LEXIS 97032, at *7 (D. Or. May 31, 2024); *Swan v. Miss Beau Monde*, No. 3:21-cv-111-SI, 2021 U.S. Dist. LEXIS 243621, at *4 (D. Or. Oct. 14, 2021). Plaintiffs also object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "all facts" that support Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection. Indeed:

> Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored. "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'"

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist.

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

LEXIS 112183, at *3 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594.  These propositions are well established.  *See*, *e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case.  Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:**  Subject to and without waiving any objection, *see* Plaintiffs' Response to Vidocq Society's First Set of Interrogatories, Interrogatory No. 1.  *See also* Plaintiffs' Response to Defendant Kathy Wilcox's First Set of Interrogatories, Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 6:**  Please produce a copy of all documents identified in your response to the previous interrogatory, to the extent not already produced in discovery.



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Puracal Declaration, Exhibit 5, Page 19 of 63

**RESPONSE:** *See* Objections to Interrogatory No. 6.  Subject to and without waiving any objection, Plaintiffs respond that all non-privileged, responsive documents referred to in response to Interrogatory No. 6 have been produced to all parties or are available from public sources.

**INTERROGATORY NO. 7:**  With respect to your allegations that Vidocq Society knew Defendant Walter had developed a false profile in another case, as set forth in the SAC at paragraph 110, please identify:

(a) Each witness whose testimony you contend provides evidentiary support for these allegations, including but not limited to identification of the witnesses that you anticipate may testify at trial;

(b) A summary of the evidentiary support obtained from each such witness;

(c) A summary of the anticipated testimony of each such witness;

(d) Each document, piece of information, or evidence that supports these allegations, (identified by Bates number if available).

**OBJECTIONS:**  Plaintiffs object to this interrogatory on the grounds that it violates Local Rule 33-1(d).  *See Nicole Svboda's Fiduciary Services, LLC v. United States*, No. 21-cv-01664-MO, 2023 U.S. Dist. LEXIS 213078, at *3 (D. Or. Nov. 30, 2023); *Federal Trade Commission v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 U.S. Dist. LEXIS 97032, at *7 (D. Or. May 31, 2024); *Swan v. Miss Beau Monde*, No. 3:21-cv-111-SI, 2021 U.S. Dist. LEXIS 243621, at *4 (D. Or. Oct. 14, 2021).  Plaintiffs also object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "all facts" that support Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection.  Indeed:

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

> Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored. "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'"

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2

(E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*,

No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013);

*Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist.

LEXIS 112183, at *3 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-

06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero*

*v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

      "Contention interrogatories should not require a party to provide the equivalent of a

narrative account of its case, including every evidentiary fact, details of testimony of supporting

witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594. These

propositions are well established. *See, e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL,

2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts,

including this one, have held that contention interrogatories which 'systematically track all of the

allegations in an opposing party's pleadings, and that ask for 'each and every fact' and

application of law to fact that supports the party's allegations are an abuse of the discovery

process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D.

at 594).

      The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's

strategy, what he deems important, and his analysis of the case. Such requests exceed the

permissible use of contention interrogatories and border too closely to protected work-product."

///

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

*Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:**  Subject to and without waiving any objection, pursuant to Fed. R. Civ. P. 33(d), the answer to this interrogatory may be determined by examining deposition transcripts, and the burden of deriving or ascertaining the answer to this interrogatory is substantially the same for either party.  *See*, *e.g.*, Civil Suit Deposition of Mark Dannels; Civil Suit Deposition of Paul Frasier; Civil Suit Deposition of Richard Walter; Civil Suit Deposition of Vidocq Society; and Civil Suit Deposition of William Fleisher.  The answer to this interrogatory may also be determined by examining documents produced in discovery, and the burden of deriving or ascertaining the answer to this interrogatory is substantially the same for either party.  *See*, *e.g.*, VIDOCQ_000025–78; VIDOCQ_000083–150; FLEISHER_000001–8; FLEISHER_000009–13; FLEISHER_000014–21; FLEISHER_000058–65; AG_000307–09; *Drake v. Portuondo*, 553 F.3d 230, 238, 244 (2nd Cir. 2009); *Drake v. Portuondo*, 321 F.3d 338, 342 (2nd Cir. 2003); *State v. Roquemore*, 620 N.E.2d 110, 114 (Ct. App. Ohio 1993); *State v. Haynes*, 1988 Ohio App. LEXIS 3811, at *13 (1988).

**REQUEST FOR PRODUCTION NO. 7:**  Please produce a copy of all documents identified in your response to the previous interrogatory, to the extent not already produced in discovery.

**RESPONSE:**  *See* Objections to Interrogatory No. 7.  Subject to and without waiving any objection, Plaintiffs respond that all non-privileged, responsive documents referred to in response to Interrogatory No. 7 have been produced to all parties or are available from public sources.

**INTERROGATORY NO. 8:**  With respect to your allegations that Vidocq Society offered to prepare a false profile regarding McGuffin, as set forth in the SAC at paragraph 111, please identify:

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

(a) Each witness whose testimony you contend provides evidentiary support for these allegations, including but not limited to identification of the witnesses that you anticipate may testify at trial;

(b) A summary of the evidentiary support obtained from each such witness;

(c) A summary of the anticipated testimony of each such witness;

(d) Each document, piece of information, or evidence that supports these allegations, (identified by Bates number if available).

**OBJECTIONS:**  Plaintiffs object to this interrogatory to the extent it mischaracterizes the allegations in Plaintiffs' Second Amended Complaint.  Plaintiffs also object to this interrogatory on the grounds that it violates Local Rule 33-1(d).  *See Nicole Svboda's Fiduciary Services, LLC v. United States*, No. 21-cv-01664-MO, 2023 U.S. Dist. LEXIS 213078, at *3 (D. Or. Nov. 30, 2023); *Federal Trade Commission v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 U.S. Dist. LEXIS 97032, at *7 (D. Or. May 31, 2024); *Swan v. Miss Beau Monde*, No. 3:21-cv-111-SI, 2021 U.S. Dist. LEXIS 243621, at *4 (D. Or. Oct. 14, 2021).  Plaintiffs further object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "all facts" that support Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection. Indeed:

> Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored. "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'"

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct.

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009

U.S. Dist. LEXIS 112183, at *3 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*,

No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28,

2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

      "Contention interrogatories should not require a party to provide the equivalent of a

narrative account of its case, including every evidentiary fact, details of testimony of supporting

witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594.  These

propositions are well established.  *See, e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL,

2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts,

including this one, have held that contention interrogatories which 'systematically track all of the

allegations in an opposing party's pleadings, and that ask for 'each and every fact' and

application of law to fact that supports the party's allegations are an abuse of the discovery

process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D.

at 594).

      The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's

strategy, what he deems important, and his analysis of the case.  Such requests exceed the

permissible use of contention interrogatories and border too closely to protected work-product."

*Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash.

Jan. 18, 2012).

**ANSWER:**  Subject to and without waiving any objection, *see* Plaintiffs' Response to Vidocq

Society's First Set of Interrogatories, Interrogatory No. 1.  *See also* Plaintiffs' Response to

Defendant Kathy Wilcox's First Set of Interrogatories, Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 8:**    Please produce a copy of all documents identified

in your response to the previous interrogatory, to the extent not already produced in discovery.

Page 24– PLAINTIFFS' RESPONSE TO VIDOCQ SOCIETY'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

**RESPONSE:**  *See* Objections to Interrogatory No. 8.  Subject to and without waiving any objection, Plaintiffs respond that all non-privileged, responsive documents referred to in response to Interrogatory No. 8 have been produced to all parties or are available from public sources.

**INTERROGATORY NO. 9:** With respect to your allegation that Defendant Walter "deliberately fabricated evidence for the purpose of crafting a theory of how Freeman was murdered by falsely reporting that blood had been found on Feeman's right Nike tennis shoe when it had not" as set forth in the SAC at paragraph 112, please identify the following:

(a) The evidence that you contend was fabricated, including (if applicable) the corresponding trial exhibit number from the Criminal Case;

(b) The basis for your allegation that such evidence was "deliberately" fabricated;

(c) Each witness whose testimony you contend provides evidentiary support for these allegations, including but not limited to identification of the witnesses that you anticipate may testify at trial;

(d) A summary of the evidentiary support obtained from each such witness;

(e) A summary of the anticipated testimony of each such witness;

(f) Each document, piece of information, or evidence that supports these allegations, (identified by Bates number if available).

**OBJECTIONS:**  Plaintiffs object to this interrogatory on the grounds that it violates Local Rule 33-1(d).  *See Nicole Svboda's Fiduciary Services, LLC v. United States*, No. 21-cv-01664-MO, 2023 U.S. Dist. LEXIS 213078, at *3 (D. Or. Nov. 30, 2023); *Federal Trade Commission v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 U.S. Dist. LEXIS 97032, at *7 (D. Or. May 31, 2024); *Swan v. Miss Beau Monde*, No. 3:21-cv-111-SI, 2021 U.S. Dist. LEXIS 243621, at *4 (D. Or. Oct. 14, 2021).  Plaintiffs also object to this interrogatory to the extent it constitutes an abuse of

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

the discovery process, to the extent it requires Plaintiffs to identify "all facts" that support

Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-

client privilege and work product protection.  Indeed:

> Contention interrogatories which ask the respondent to systematically recite
> "all facts" in support of that party's contention are generally disfavored.
> "Contention interrogatories which 'systematically track all of the allegations in
> an opposing party's pleadings, and that ask for 'each and every fact' and
> application of law to fact that supports the party's allegations are an abuse of
> the discovery process because they are overly broad and unduly burdensome.'"

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2

(E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*,

No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013);

*Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist.

LEXIS 112183, at *3 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-

06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero*

*v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a

narrative account of its case, including every evidentiary fact, details of testimony of supporting

witnesses, and the contents of supporting documents."  *Lucero*, 240 F.R.D. at 594.  These

propositions are well established.  *See, e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL,

2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts,

including this one, have held that contention interrogatories which 'systematically track all of the

allegations in an opposing party's pleadings, and that ask for 'each and every fact' and

application of law to fact that supports the party's allegations are an abuse of the discovery

process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D.

at 594).



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:**  Subject to and without waiving any objection, because this case involves thousands of pages of documents and deposition testimony, Plaintiffs cannot possibly state every single document and page of testimony that shows that Defendant Richard Walter fabricated evidence. Nonetheless, pursuant to Fed. R. Civ. P. 33(d), the answer to this interrogatory may be determined by examining transcripts, and the burden of deriving or ascertaining the answer to this interrogatory is substantially the same for either party. *See*, *e.g.*, Civil Suit Deposition of Mark Dannels; Civil Suit Deposition of Paul Frasier; Post-Conviction Deposition of Paul Frasier; Civil Suit Deposition of Richard Walter; Civil Suit Deposition of Vidocq Society; Civil Suit Deposition of Raymond McNeely; and Criminal Trial Transcript. The answer to this interrogatory may also be determined by examining documents produced in discovery, and the burden of deriving or ascertaining the answer to this interrogatory is substantially the same for either party. *See*, *e.g.*, 2010-10-15 ABC News "20/20"; 2020-02-28 ABC News "20/20"; VIDOCQ_000009–10; VIDOCQ_001753–1758; CPD_004584–4589; AG_000307–09; CCDA_033432. *See* Plaintiffs' Response to Defendant Kathy Wilcox's First Set of Interrogatories, Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 9:**    Please produce a copy of all documents identified in your response to the previous interrogatory, to the extent not already produced in discovery.

**RESPONSE:**  *See* Objections to Interrogatory No. 9. Subject to and without waiving any objection, Plaintiffs respond that all non-privileged, responsive documents referred to in

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

response to Interrogatory No. 9 have been produced to all parties.

**INTERROGATORY NO. 10:**  With respect to your allegation that Defendant Walter "knew that Freeman's right Nike tennis shoe had been carefully examined and no blood whatsoever was found on the shoe" as set forth in the SAC at paragraph 114, please identify:

(a) Each witness whose testimony you contend provides evidentiary support for these allegations, including but not limited to identification of the witnesses that you anticipate may testify at trial;

(b) A summary of the evidentiary support obtained from each such witness;

(c) A summary of the anticipated testimony of each such witness;

(d) Each document, piece of information, or evidence that supports these allegations, (identified by Bates number if available).

**OBJECTIONS:**  Plaintiffs object to this interrogatory on the grounds that it violates Local Rule 33-1(d).  *See Nicole Svoboda's Fiduciary Services, LLC v. United States*, No. 21-cv-01664-MO, 2023 U.S. Dist. LEXIS 213078, at *3 (D. Or. Nov. 30, 2023); *Federal Trade Commission v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 U.S. Dist. LEXIS 97032, at *7 (D. Or. May 31, 2024); *Swan v. Miss Beau Monde*, No. 3:21-cv-111-SI, 2021 U.S. Dist. LEXIS 243621, at *4 (D. Or. Oct. 14, 2021).  Plaintiffs also object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "all facts" that support Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection.  Indeed:

> Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored. "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'"

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at \*2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at \*8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at \*3 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at \*1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594. These propositions are well established. *See*, *e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at \*2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at \*7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:**  Subject to and without waiving any objection, *see* Plaintiffs' Response to Vidocq Society's First Set of Interrogatories, Interrogatory No. 9.  *See also* Plaintiffs' Response to

Page 29– PLAINTIFFS' RESPONSE TO VIDOCQ SOCIETY'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Puracal Declaration, Exhibit 5, Page 29 of 63

Defendant Kathy Wilcox's First Set of Interrogatories, Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 10:**    Please produce a copy of all documents identified in your response to the previous interrogatory, to the extent not already produced in discovery.

**RESPONSE:**    *See* Objections to Interrogatory No. 10.   Subject to and without waiving any objection, Plaintiffs respond that all non-privileged, responsive documents referred to in response to Interrogatory No. 10 have been produced to all parties.

**INTERROGATORY NO. 11:** With respect to your allegation that Defendant Walter "reported that blood was found on Freeman's right Nike tennis shoe" as set forth in the SAC at paragraph 114, please identify the following:

 (a) The manner, date, and recipient(s) to whom Defendant Walter allegedly reported this information;

 (b) Each witness whose testimony you contend provides evidentiary support for these allegations, including but not limited to identification of the witnesses that you anticipate may testify at trial;

 (c) A summary of the evidentiary support obtained from each such witness;

 (d) A summary of the anticipated testimony of each such witness;

 (e) Each document, piece of information, or evidence that supports these allegations, (identified by Bates number if available).

**OBJECTIONS:**  Plaintiffs object to this interrogatory on the grounds that it violates Local Rule 33-1(d).  *See Nicole Svboda's Fiduciary Services, LLC v. United States*, No. 21-cv-01664-MO, 2023 U.S. Dist. LEXIS 213078, at *3 (D. Or. Nov. 30, 2023); *Federal Trade Commission v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 U.S. Dist. LEXIS 97032, at *7 (D. Or. May 31, 2024); *Swan v. Miss Beau Monde*, No. 3:21-cv-111-SI, 2021 U.S. Dist. LEXIS 243621, at *4 (D. Or. Oct. 14, 2021).  Plaintiffs also object to this interrogatory to the extent it constitutes an abuse of

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

the discovery process, to the extent it requires Plaintiffs to identify "all facts" that support

Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-

client privilege and work product protection.  Indeed:

> Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored. "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'"

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2

(E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*,

No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013);

*Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist.

LEXIS 112183, at *3 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-

06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero

v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a

narrative account of its case, including every evidentiary fact, details of testimony of supporting

witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594.  These

propositions are well established.  *See, e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL,

2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts,

including this one, have held that contention interrogatories which 'systematically track all of the

allegations in an opposing party's pleadings, and that ask for 'each and every fact' and

application of law to fact that supports the party's allegations are an abuse of the discovery

process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D.

at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's

strategy, what he deems important, and his analysis of the case.  Such requests exceed the

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

permissible use of contention interrogatories and border too closely to protected work-product."
*Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:**  Subject to and without waiving any objection, *see* Plaintiffs' Response to Vidocq Society's First Set of Interrogatories, Interrogatory No. 9.  *See also* Plaintiffs' Response to Defendant Kathy Wilcox's First Set of Interrogatories, Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 11:**  Please produce a copy of all documents identified in your response to the previous interrogatory, to the extent not already produced in discovery.

**RESPONSE:**  *See* Objections to Interrogatory No. 11.  Subject to and without waiving any objection, Plaintiffs respond that all non-privileged, responsive documents referred to in response to Interrogatory No. 11 have been produced to all parties.

**INTERROGATORY NO. 12:** With respect to your allegations that Defendant Walter "fabricated additional evidence" by falsely reporting that blood on the right tennis shoe indicated that Freeman was "smashed in the face and forcibly taken to the location where the right tennis shoe was found" as set forth in paragraph 115 of the SAC, please identify the following:

    (a)  The additional evidence you contend was fabricated, including (if applicable) the corresponding trial exhibit number in the Criminal Case;

    (b)  The manner, date, and recipient(s) to whom Defendant Walter allegedly reported this information;

    (c)  Each witness whose testimony you contend provides evidentiary support for these allegations, including but not limited to identification of the witnesses that you anticipate may testify at trial;

    (d)  A summary of the evidentiary support obtained from each such witness;

    (e)  A summary of the anticipated testimony of each such witness;

    (f)  Each document, piece of information, or evidence that supports these allegations, (identified by Bates number if available).

INTERROGATORIES AND REQUESTS FOR PRODUCTION

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

**OBJECTIONS:**  Plaintiffs object to this interrogatory on the grounds that it violates Local Rule

33-1(d).  *See Nicole Svboda's Fiduciary Services, LLC v. United States*, No. 21-cv-01664-MO,

2023 U.S. Dist. LEXIS 213078, at *3 (D. Or. Nov. 30, 2023); *Federal Trade Commission v.*

*Kroger Co.*, No. 3:24-cv-00347-AN, 2024 U.S. Dist. LEXIS 97032, at *7 (D. Or. May 31, 2024);

*Swan v. Miss Beau Monde*, No. 3:21-cv-111-SI, 2021 U.S. Dist. LEXIS 243621, at *4 (D. Or.

Oct. 14, 2021).  Plaintiffs also object to this interrogatory to the extent it constitutes an abuse of

the discovery process, to the extent it requires Plaintiffs to identify "all facts" that support

Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-

client privilege and work product protection.  Indeed:

> Contention interrogatories which ask the respondent to systematically recite
> "all facts" in support of that party's contention are generally disfavored.
> "Contention interrogatories which 'systematically track all of the allegations in
> an opposing party's pleadings, and that ask for 'each and every fact' and
> application of law to fact that supports the party's allegations are an abuse of
> the discovery process because they are overly broad and unduly burdensome.'"

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828,

at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of*

*Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct.

17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009

U.S. Dist. LEXIS 112183, at *3 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*,

No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28,

2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

   "Contention interrogatories should not require a party to provide the equivalent of a

narrative account of its case, including every evidentiary fact, details of testimony of supporting

witnesses, and the contents of supporting documents."  *Lucero*, 240 F.R.D. at 594.  These

propositions are well established.  *See, e.g., Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL,

2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts,

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:** Subject to and without waiving any objection, *see* Plaintiffs' Response to Vidocq Society's First Set of Interrogatories, Interrogatory No. 9. *See also* Plaintiffs' Response to Defendant Kathy Wilcox's First Set of Interrogatories, Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 12:** Please produce a copy of all documents identified in your response to the previous interrogatory, to the extent not already produced in discovery.

**RESPONSE:** *See* Objections to Interrogatory No. 12. Subject to and without waiving any objection, Plaintiffs respond that all non-privileged, responsive documents referred to in response to Interrogatory No. 12 have been produced to all parties.

**INTERROGATORY NO. 13:** With respect to your allegations that Defendant Walter "deliberately fabricated evidence" in relation to his theory that Ms. Freeman "may have been pregnant at the time of her murder" as set forth in paragraph 116 of the SAC, please identify:

    (a) The evidence that you contend was fabricated, including (if applicable) the corresponding trial exhibit number from the Criminal Case;



MALONEY | LAUERSDORF | REINER ᴘᴄ
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Puracal Declaration, Exhibit 5, Page 34 of 63

(b) The basis for your allegations that such evidence was "deliberately" fabricated;

(c) Each witness whose testimony you contend provides evidentiary support for these

allegations, including but not limited to identification of the witnesses that you anticipate

may testify at trial;

(d) A summary of the evidentiary support obtained from each such witness;

(e) A summary of the anticipated testimony of each such witness;

(f) Each document, piece of information, or evidence that supports these allegations,

(identified by Bates number if available).

**OBJECTIONS:** Plaintiffs object to this interrogatory to the extent that it imposes obligations

beyond the scope of Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 33(a)(1).  *See*, *e.g.*, *Ott v.*

*Mortgage Investors Corp. of Ohio*, *Inc.*, No. 3:14-cv-00645-ST, 2015 U.S. Dist. LEXIS 19050,

at *5 (D. Or. Feb. 17, 2015).  Plaintiffs also object to this interrogatory on the grounds that it

violates Local Rule 33-1(d).  *See Nicole Svboda's Fiduciary Services, LLC v. United States*, No.

21-cv-01664-MO, 2023 U.S. Dist. LEXIS 213078, at *3 (D. Or. Nov. 30, 2023); *Federal Trade*

*Commission v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 U.S. Dist. LEXIS 97032, at *7 (D. Or.

May 31, 2024); *Swan v. Miss Beau Monde*, No. 3:21-cv-111-SI, 2021 U.S. Dist. LEXIS 243621,

at *4 (D. Or. Oct. 14, 2021).  Plaintiffs further object to this interrogatory to the extent it

constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "all

facts" that support Plaintiffs' contentions, and to the extent it constitutes an improper attempt to

invade attorney-client privilege and work product protection.  Indeed:

> Contention interrogatories which ask the respondent to systematically recite
> "all facts" in support of that party's contention are generally disfavored.
> "Contention interrogatories which 'systematically track all of the allegations in
> an opposing party's pleadings, and that ask for 'each and every fact' and
> application of law to fact that supports the party's allegations are an abuse of
> the discovery process because they are overly broad and unduly burdensome.'"

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2

(E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*,



MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

**Puracal Declaration, Exhibit 5, Page 35 of 63**

No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *3 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594. These propositions are well established. *See, e.g., Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:** Subject to and without waiving any objection, *see* Plaintiffs' Response to Vidocq Society's First Set of Interrogatories, Interrogatory No. 9. *See also* Plaintiffs' Response to Defendant Kathy Wilcox's First Set of Interrogatories, Interrogatory No. 1.

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

**REQUEST FOR PRODUCTION NO. 13:**    Please produce a copy of all documents identified in your response to the previous interrogatory, to the extent not already produced in discovery.

**RESPONSE:**  *See* Objections to Interrogatory No. 13.  Subject to and without waiving any objection, Plaintiffs respond that all non-privileged, responsive documents referred to in response to Interrogatory No. 13 have been produced to all parties.

**INTERROGATORY NO. 14:**  With respect to your allegations that Defendant Walter had an agreement with the City of Coquille and Cold Case Investigators "in an effort to effect the arrest, indictment, and conviction of McGuffin for a crime he did not commit" as set forth in the SAC at paragraph 121, please identify:

(a) The date, place, time, and manner in which the alleged agreement was entered, whether the agreement was in writing or oral, and the individual participants to the alleged agreement;

(b) Each witness whose testimony you contend provides evidentiary support for these allegations, including but not limited to identification of the witnesses that you anticipate may testify at trial;

(c) A summary of the evidentiary support obtained from each such witness;

(d) A summary of the anticipated testimony of each such witness;

(e) Each document, piece of information, or evidence that supports these allegations, (identified by Bates number if available).

**OBJECTIONS:**  Plaintiffs object to this interrogatory to the extent that it imposes obligations beyond the scope of Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 33(a)(1).  *See, e.g., Ott v. Mortgage Investors Corp. of Ohio, Inc.*, No. 3:14-cv-00645-ST, 2015 U.S. Dist. LEXIS 19050, at *5 (D. Or. Feb. 17, 2015).  Plaintiffs also object to this interrogatory on the grounds that it violates Local Rule 33-1(d).  *See Nicole Svboda's Fiduciary Services, LLC v. United States*, No. 21-cv-01664-MO, 2023 U.S. Dist. LEXIS 213078, at *3 (D. Or. Nov. 30, 2023); *Federal Trade*

Page 37– PLAINTIFFS' RESPONSE TO VIDOCQ SOCIETY'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

*Commission v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 U.S. Dist. LEXIS 97032, at *7 (D. Or.

May 31, 2024); *Swan v. Miss Beau Monde*, No. 3:21-cv-111-SI, 2021 U.S. Dist. LEXIS 243621,

at *4 (D. Or. Oct. 14, 2021). Plaintiffs further object to this interrogatory to the extent it

constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "all

facts" that support Plaintiffs' contentions, and to the extent it constitutes an improper attempt to

invade attorney-client privilege and work product protection. Indeed:

> Contention interrogatories which ask the respondent to systematically recite
> "all facts" in support of that party's contention are generally disfavored.
> "Contention interrogatories which 'systematically track all of the allegations in
> an opposing party's pleadings, and that ask for 'each and every fact' and
> application of law to fact that supports the party's allegations are an abuse of
> the discovery process because they are overly broad and unduly burdensome.'"

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2

(E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*,

No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013);

*Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist.

LEXIS 112183, at *3 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-

06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero*

*v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

      "Contention interrogatories should not require a party to provide the equivalent of a

narrative account of its case, including every evidentiary fact, details of testimony of supporting

witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594. These

propositions are well established. *See, e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL,

2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts,

including this one, have held that contention interrogatories which 'systematically track all of the

allegations in an opposing party's pleadings, and that ask for 'each and every fact' and

application of law to fact that supports the party's allegations are an abuse of the discovery

MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:** Subject to and without waiving any objection, *see* Plaintiffs' Response to Vidocq Society's First Set of Interrogatories, Interrogatory Nos. 1 and 9. *See also* Plaintiffs' Response to Defendant Kathy Wilcox's First Set of Interrogatories, Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 14:** Please produce a copy of all documents identified in your response to the previous interrogatory, to the extent not already produced in discovery.

**RESPONSE:** *See* Objections to Interrogatory No. 14. Subject to and without waiving any objection, Plaintiffs respond that all non-privileged, responsive documents referred to in response to Interrogatory No. 14 have been produced to all parties.

**INTERROGATORY NO. 15:** With respect to your allegations that Defendant Vidocq Society as one of the "other Defendants" "fabricated additional evidence" set forth in the SAC at paragraph 184 of the SAC, please identify:

(a) The additional evidence that you contend was fabricated, including (if applicable) the corresponding trial exhibit number from the Criminal Case;

(b) The basis for your allegations that such evidence was fabricated;

(c) Each witness whose testimony you contend provides evidentiary support for these allegations, including but not limited to identification of the witnesses that you anticipate may testify at trial;

MALONEY | LAUERSDORF | REINER pc
A T T O R N E Y S   A T   L A W
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

(d) A summary of the evidentiary support obtained from each such witness;

(e) A summary of the anticipated testimony of each such witness;

(f) Each document, piece of information, or evidence that supports these allegations,

(identified by Bates number if available).

**OBJECTIONS:**  Plaintiffs object to this interrogatory to the extent that it imposes obligations

beyond the scope of Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 33(a)(1).  *See*, *e.g.*, *Ott v.*

*Mortgage Investors Corp. of Ohio, Inc.*, No. 3:14-cv-00645-ST, 2015 U.S. Dist. LEXIS 19050,

at *5 (D. Or. Feb. 17, 2015).  Plaintiffs also object to this interrogatory on the grounds that it

violates Local Rule 33-1(d).  *See Nicole Svboda's Fiduciary Services, LLC v. United States*, No.

21-cv-01664-MO, 2023 U.S. Dist. LEXIS 213078, at *3 (D. Or. Nov. 30, 2023); *Federal Trade*

*Commission v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 U.S. Dist. LEXIS 97032, at *7 (D. Or.

May 31, 2024); *Swan v. Miss Beau Monde*, No. 3:21-cv-111-SI, 2021 U.S. Dist. LEXIS 243621,

at *4 (D. Or. Oct. 14, 2021).  Plaintiffs further object to this interrogatory to the extent it

constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "all

facts" that support Plaintiffs' contentions, and to the extent it constitutes an improper attempt to

invade attorney-client privilege and work product protection.  Indeed:

> Contention interrogatories which ask the respondent to systematically recite
> "all facts" in support of that party's contention are generally disfavored.
> "Contention interrogatories which 'systematically track all of the allegations in
> an opposing party's pleadings, and that ask for 'each and every fact' and
> application of law to fact that supports the party's allegations are an abuse of
> the discovery process because they are overly broad and unduly burdensome.'"

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2

(E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*,

No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013);

*Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist.

LEXIS 112183, at *3 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594. These propositions are well established. *See, e.g., Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:**  Subject to and without waiving any objection, Plaintiffs respond that Defendant Richard Walter, as a policymaker and member of Defendant Vidocq Society, fabricated evidence. *See* Plaintiffs' Response to Defendant Kathy Wilcox's First Set of Interrogatories, Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 15:**  Please produce a copy of all documents identified in your response to the previous interrogatory, to the extent not already produced in discovery.

**RESPONSE:**  *See* Objections to Interrogatory No. 15. Subject to and without waiving any objection, Plaintiffs respond that all non-privileged, responsive documents referred to in response to Interrogatory No. 15 have been produced to all parties.

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

**INTERROGATORY NO. 16:**   With respect to your allegations that Defendant Vidocq Society as one of the "other Defendants" "suppressed additional exculpatory evidence" as set forth in paragraph 184 of the SAC, please identify:

(a) The additional exculpatory evidence that you contend was suppressed;

(b) The basis for your allegations that such evidence was suppressed;

(c) The location and possessor of the allegedly suppressed evidence;

(d) Each witness whose testimony you contend provides evidentiary support for these allegations, including but not limited to identification of the witnesses that you anticipate may testify at trial;

(e) A summary of the evidentiary support obtained from each such witness;

(f) A summary of the anticipated testimony of each such witness;

(g) Each document, piece of information, or evidence that supports these allegations, (identified by Bates number if available).

**OBJECTIONS:**   Plaintiffs object to this interrogatory to the extent that it imposes obligations beyond the scope of Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 33(a)(1).  *See, e.g.*, *Ott v. Mortgage Investors Corp. of Ohio, Inc.*, No. 3:14-cv-00645-ST, 2015 U.S. Dist. LEXIS 19050, at *5 (D. Or. Feb. 17, 2015).  Plaintiffs also object to this interrogatory on the grounds that it violates Local Rule 33-1(d).  *See Nicole Svboda's Fiduciary Services, LLC v. United States*, No. 21-cv-01664-MO, 2023 U.S. Dist. LEXIS 213078, at *3 (D. Or. Nov. 30, 2023); *Federal Trade Commission v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 U.S. Dist. LEXIS 97032, at *7 (D. Or. May 31, 2024); *Swan v. Miss Beau Monde*, No. 3:21-cv-111-SI, 2021 U.S. Dist. LEXIS 243621, at *4 (D. Or. Oct. 14, 2021).  Plaintiffs further object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "all facts" that support Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection.  Indeed:

Page 42– PLAINTIFFS' RESPONSE TO VIDOCQ SOCIETY'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION

MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

**Puracal Declaration, Exhibit 5, Page 42 of 63**

> Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored. "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'"

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *3 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594. These propositions are well established. *See*, *e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Puracal Declaration, Exhibit 5, Page 43 of 63

**ANSWER:**  Subject to and without waiving any objection, Plaintiffs respond that Defendant Richard Walter, as a policymaker and member of Defendant Vidocq Society, withheld exculpatory evidence.  *See* Plaintiffs' Response to Defendant Kathy Wilcox's First Set of Interrogatories, Interrogatory No. 7.  *See also* Plaintiffs' Working List of *Brady* Materials Withheld by the Defendants in the Criminal Case, dated January 23, 2024.

**REQUEST FOR PRODUCTION NO. 16:**    Please produce a copy of all documents identified in your response to the previous interrogatory, to the extent not already produced in discovery.

**RESPONSE:**  *See* Objections to Interrogatory No. 16.  Subject to and without waiving any objection, Plaintiffs respond that all non-privileged, responsive documents referred to in response to Interrogatory No. 16 have been produced to all parties.

**INTERROGATORY NO. 17:**  With respect to your allegations that Defendant Vidocq Society's conduct was the proximate cause of McGuffin's conviction in the Criminal Case, as set forth in the SAC at paragraph 196, please identify:

(a) Each witness whose testimony you contend provides evidentiary support for these allegations, including but not limited to identification of the witnesses that you anticipate may testify at trial;

(b) A summary of the evidentiary support obtained from each such witness;

(c) A summary of the anticipated testimony of each such witness;

(d) Each document, piece of information, or evidence that supports these allegations, (identified by Bates number if available).

**OBJECTIONS:**  Plaintiffs object to this interrogatory to the extent it mischaracterizes Plaintiffs' allegations in the Second Amended Complaint.  Plaintiffs also object to this interrogatory to the extent that it imposes obligations beyond the scope of Fed. R. Civ. P. 26 and Fed. R. Civ. P. 33(a)(1).  *See*, *e.g.*, *Ott v. Mortgage Investors Corp. of Ohio, Inc.*, No. 3:14-cv-00645-ST, 2015 U.S. Dist. LEXIS 19050, at *5 (D. Or. Feb. 17, 2015).  Plaintiffs further object to this interrogatory on the grounds that it violates Local Rule 33-1(d).  *See Nicole Svboda's Fiduciary*

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

*Services, LLC v. United States*, No. 21-cv-01664-MO, 2023 U.S. Dist. LEXIS 213078, at *3 (D. Or. Nov. 30, 2023); *Federal Trade Commission v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 U.S. Dist. LEXIS 97032, at *7 (D. Or. May 31, 2024); *Swan v. Miss Beau Monde*, No. 3:21-cv-111-SI, 2021 U.S. Dist. LEXIS 243621, at *4 (D. Or. Oct. 14, 2021).  Plaintiffs further object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "all facts" that support Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection. Indeed:

> Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored. "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'"

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *3 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594.  These propositions are well established.  *See, e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

application of law to fact that supports the party's allegations are an abuse of the discovery

process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D.

at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's

strategy, what he deems important, and his analysis of the case. Such requests exceed the

permissible use of contention interrogatories and border too closely to protected work-product."

*Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash.

Jan. 18, 2012).

**ANSWER:** Subject to and without waiving any objection, *see* Plaintiffs' Response to Vidocq

Society's First Set of Interrogatories, Interrogatory Nos. 1 and 23. *See also* Plaintiffs' Response

to Defendant Kathy Wilcox's First Set of Interrogatories, Interrogatory Nos. 1 and 7.

**REQUEST FOR PRODUCTION NO. 17:** Please produce a copy of all documents identified

in your response to the previous interrogatory, to the extent not already produced in discovery.

**RESPONSE:** *See* Objections to Interrogatory No. 17. Subject to and without waiving any

objection, Plaintiffs respond that all non-privileged, responsive documents referred to in

response to Interrogatory No. 17 have been produced to all parties.

**INTERROGATORY NO. 18:** With respect to your allegations that Defendant Vidocq Society

"failed to train and supervise Walter in a manner that amounts to deliberate indifference" as set

forth in the SAC at paragraph 196, please identify:

    (a) The basis for your contention that Vidocq Society was obligated or otherwise had a duty to

        train and/or supervise Defendant Walter;

    (b) The topics of any and all training and/or supervision that you contend Vidocq Society was

        obligated to provide to Walter;

    (c) Each person or group of persons to whom you contend Vidocq Society owed this

        obligation;

    (d) Each witness who will testify in support of these allegations and a summary of their

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

anticipated testimony;

(e) Each document, piece of information, or evidence (identified by Bates number if available) that supports these allegations.

**OBJECTIONS:** Plaintiffs object to this interrogatory to the extent that it imposes obligations beyond the scope of Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 33(a)(1).  *See*, *e.g.*, *Ott v. Mortgage Investors Corp. of Ohio, Inc.*, No. 3:14-cv-00645-ST, 2015 U.S. Dist. LEXIS 19050, at *5 (D. Or. Feb. 17, 2015).  Plaintiffs also object to this interrogatory on the grounds that it violates Local Rule 33-1(d).  *See Nicole Svboda's Fiduciary Services, LLC v. United States*, No. 21-cv-01664-MO, 2023 U.S. Dist. LEXIS 213078, at *3 (D. Or. Nov. 30, 2023); *Federal Trade Commission v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 U.S. Dist. LEXIS 97032, at *7 (D. Or. May 31, 2024); *Swan v. Miss Beau Monde*, No. 3:21-cv-111-SI, 2021 U.S. Dist. LEXIS 243621, at *4 (D. Or. Oct. 14, 2021).  Plaintiffs further object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "all facts" that support Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection.  Indeed:

> Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored. "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'"

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *3 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594. These propositions are well established. *See, e.g., Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:** Subject to and without waiving any objection, *see* Plaintiffs' Response to Vidocq Society's First Set of Interrogatories, Interrogatory Nos. 1 and 23. *See also* Plaintiffs' Response to Defendant Kathy Wilcox's First Set of Interrogatories, Interrogatory Nos. 1 and 7.

**REQUEST FOR PRODUCTION NO. 18:** Please produce a copy of all documents identified in your response to the previous interrogatory, to the extent not already produced in discovery.

**RESPONSE:** *See* Objections to Interrogatory No. 18. Subject to and without waiving any objection, Plaintiffs respond that all non-privileged, responsive documents referred to in response to Interrogatory No. 18 have been produced to all parties.

**INTERROGATORY NO. 19:** With respect to your allegations that Defendant Vidocq Society "withheld material exculpatory and/or impeachment evidence" as set forth in paragraph 198 of the SAC, to the extent not already answered in response to the preceding requests, please identify:

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

(a) The material exculpatory and/or impeachment evidence you contend was withheld;

(b) The basis for your allegations that such evidence was withheld;

(c) Each witness whose testimony you contend provides evidentiary support for these allegations, including but not limited to identification of the witnesses that you anticipate may testify at trial;

(d) A summary of the evidentiary support obtained from each such witness;

(e) A summary of the anticipated testimony of each such witness;

(f) Each document, piece of information, or evidence that supports these allegations, (identified by Bates number if available).

**OBJECTIONS:**  Plaintiffs object to this interrogatory to the extent that it imposes obligations beyond the scope of Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 33(a)(1).  *See, e.g., Ott v. Mortgage Investors Corp. of Ohio, Inc.*, No. 3:14-cv-00645-ST, 2015 U.S. Dist. LEXIS 19050, at *5 (D. Or. Feb. 17, 2015).  Plaintiffs also object to this interrogatory on the grounds that it violates Local Rule 33-1(d).  *See Nicole Svboda's Fiduciary Services, LLC v. United States*, No. 21-cv-01664-MO, 2023 U.S. Dist. LEXIS 213078, at *3 (D. Or. Nov. 30, 2023); *Federal Trade Commission v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 U.S. Dist. LEXIS 97032, at *7 (D. Or. May 31, 2024); *Swan v. Miss Beau Monde*, No. 3:21-cv-111-SI, 2021 U.S. Dist. LEXIS 243621, at *4 (D. Or. Oct. 14, 2021).  Plaintiffs further object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "all facts" that support Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection.  Indeed:

> Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored. "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'"

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *3 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594. These propositions are well established. *See*, *e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:**  Subject to and without waiving any objection, *see* Plaintiffs' Response to Vidocq Society's First Set of Interrogatories, Interrogatory No. 16. *See also* Plaintiffs' Response to Defendant Kathy Wilcox's First Set of Interrogatories, Interrogatory No. 7.

MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Puracal Declaration, Exhibit 5, Page 50 of 63

**REQUEST FOR PRODUCTION NO. 19:**   Please produce a copy of all documents identified in your response to the previous interrogatory, to the extent not already produced in discovery.

**RESPONSE:**   *See* Objections to Interrogatory No. 19.   Subject to and without waiving any objection, Plaintiffs respond that all non-privileged, responsive documents referred to in response to Interrogatory No. 19 have been produced to all parties.

**INTERROGATORY NO. 20:** With respect to your allegations that Defendant Vidocq Society "approved of and ratified" the "violations of McGuffin's constitutional rights by Walter" as set forth in paragraph 201 of the SAC, please identify:

(a) Each witness whose testimony you contend provides evidentiary support for these allegations, including but not limited to identification of the witnesses that you anticipate may testify at trial;

(b) A summary of the evidentiary support obtained from each such witness;

(c) A summary of the anticipated testimony of each such witness;

(d) Each document, piece of information, or evidence that supports these allegations, (identified by Bates number if available).

**OBJECTIONS:**   Plaintiffs object to this interrogatory to the extent that it imposes obligations beyond the scope of Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 33(a)(1).   *See, e.g., Ott v. Mortgage Investors Corp. of Ohio, Inc.*, No. 3:14-cv-00645-ST, 2015 U.S. Dist. LEXIS 19050, at *5 (D. Or. Feb. 17, 2015).   Plaintiffs also object to this interrogatory on the grounds that it violates Local Rule 33-1(d).   *See Nicole Svboda's Fiduciary Services, LLC v. United States*, No. 21-cv-01664-MO, 2023 U.S. Dist. LEXIS 213078, at *3 (D. Or. Nov. 30, 2023); *Federal Trade Commission v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 U.S. Dist. LEXIS 97032, at *7 (D. Or. May 31, 2024); *Swan v. Miss Beau Monde*, No. 3:21-cv-111-SI, 2021 U.S. Dist. LEXIS 243621, at *4 (D. Or. Oct. 14, 2021).   Plaintiffs further object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "all facts" that support Plaintiffs' contentions, and to the extent it constitutes an improper attempt to

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

invade attorney-client privilege and work product protection.  Indeed:

> Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored. "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'"

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2

(E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*,

No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013);

*Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist.

LEXIS 112183, at *3 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-

06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero*

*v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

 "Contention interrogatories should not require a party to provide the equivalent of a

narrative account of its case, including every evidentiary fact, details of testimony of supporting

witnesses, and the contents of supporting documents."  *Lucero*, 240 F.R.D. at 594.  These

propositions are well established.  *See, e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL,

2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts,

including this one, have held that contention interrogatories which 'systematically track all of the

allegations in an opposing party's pleadings, and that ask for 'each and every fact' and

application of law to fact that supports the party's allegations are an abuse of the discovery

process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D.

at 594).

 The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's

strategy, what he deems important, and his analysis of the case.  Such requests exceed the

permissible use of contention interrogatories and border too closely to protected work-product."

MALONEY | LAUERSDORF | REINER ᴾᶜ
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

*Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:**  Subject to and without waiving any objection, *see* Plaintiffs' Response to Vidocq Society's First Set of Interrogatories, Interrogatory No. 23.

**REQUEST FOR PRODUCTION NO. 20:**  Please produce a copy of all documents identified in your response to the previous interrogatory, to the extent not already produced in discovery.

**RESPONSE:**  *See* Objections to Interrogatory No. 20.  Subject to and without waiving any objection, Plaintiffs respond that all non-privileged, responsive documents referred to in response to Interrogatory No. 20 have been produced to all parties.

**INTERROGATORY NO. 21:** With respect to your allegations that Defendant Vidocq Society reached an agreement with any other named defendant in this action "to frame McGuffin for Freeman's abduction and murder" as set forth in paragraph 244 of the SAC, please identify:

(a) The date, place, time, and manner in which the alleged agreement was entered, whether the agreement was in writing or oral, and the individual participants to the alleged agreement;

(b) Each witness whose testimony you contend provides evidentiary support for these allegations, including but not limited to identification of the witnesses that you anticipate may testify at trial;

(c) A summary of the evidentiary support obtained from each such witness;

(d) A summary of the anticipated testimony of each such witness;

(e) Each document, piece of information, or evidence that supports these allegations, (identified by Bates number if available).

**OBJECTIONS:**  Plaintiffs object to this interrogatory to the extent that it imposes obligations beyond the scope of Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 33(a)(1).  *See*, *e.g.*, *Ott v. Mortgage Investors Corp. of Ohio, Inc.*, No. 3:14-cv-00645-ST, 2015 U.S. Dist. LEXIS 19050, at *5 (D. Or. Feb. 17, 2015).  Plaintiffs also object to this interrogatory on the grounds that it violates Local Rule 33-1(d).  *See Nicole Svboda's Fiduciary Services, LLC v. United States*, No.

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

21-cv-01664-MO, 2023 U.S. Dist. LEXIS 213078, at *3 (D. Or. Nov. 30, 2023); *Federal Trade Commission v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 U.S. Dist. LEXIS 97032, at *7 (D. Or. May 31, 2024); *Swan v. Miss Beau Monde*, No. 3:21-cv-111-SI, 2021 U.S. Dist. LEXIS 243621, at *4 (D. Or. Oct. 14, 2021). Plaintiffs further object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "all facts" that support Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection. Indeed:

> Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored. "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'"

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *3 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594. These propositions are well established. *See, e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery

MALONEY | LAUERSDORF | REINER rc
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case.  Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:**  Subject to and without waiving any objection, *see* Plaintiffs' Response to Vidocq Society's First Set of Interrogatories, Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 21:**  Please produce a copy of all documents identified in your response to the previous interrogatory, to the extent not already produced in discovery.

**RESPONSE:**  *See* Objections to Interrogatory No. 21.  Subject to and without waiving any objection, Plaintiffs respond that all non-privileged, responsive documents referred to in response to Interrogatory No. 21 have been produced to all parties.

**INTERROGATORY NO. 22:**  With respect to your allegation that Vidocq Society "failed to promulgate proper or adequate rules, regulations, policies, and procedures governing the collection, documentation, preservation, testing and disclosure of evidence…in criminal proceedings" as set forth in paragraph 259 of the SAC, please identify:

    (a) The basis for your contention that Vidocq Society was obligated or otherwise had a duty to promulgate such rules, regulations, policies, and/or procedures;

    (b) Each person or group of persons to whom you contend Vidocq Society owed the obligation to promulgate such rules, regulations, policies, and/or procedures;

    (c) Each witness who will testify in support of these allegations and provide a summary of their anticipated testimony;

    (a) Each document, piece of information, or evidence that supports these allegations, (identified by Bates number if available).

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

**OBJECTIONS:**  Plaintiffs object to this interrogatory to the extent that it imposes obligations beyond the scope of Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 33(a)(1).  *See, e.g., Ott v. Mortgage Investors Corp. of Ohio, Inc.*, No. 3:14-cv-00645-ST, 2015 U.S. Dist. LEXIS 19050, at *5 (D. Or. Feb. 17, 2015).  Plaintiffs also object to this interrogatory on the grounds that it violates Local Rule 33-1(d).  *See Nicole Svboda's Fiduciary Services, LLC v. United States*, No. 21-cv-01664-MO, 2023 U.S. Dist. LEXIS 213078, at *3 (D. Or. Nov. 30, 2023); *Federal Trade Commission v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 U.S. Dist. LEXIS 97032, at *7 (D. Or. May 31, 2024); *Swan v. Miss Beau Monde*, No. 3:21-cv-111-SI, 2021 U.S. Dist. LEXIS 243621, at *4 (D. Or. Oct. 14, 2021).  Plaintiffs further object to this interrogatory as premature and in violation of the Court's order on expert disclosures.  Plaintiffs further object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "all facts" that support Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection.  Indeed:

> Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored. "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'"

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at *3 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at *1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594. These propositions are well established. *See, e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at *7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:** Subject to and without waiving any objection, *see* Plaintiffs' Response to Vidocq Society's First Set of Interrogatories, Interrogatory No. 23.

**REQUEST FOR PRODUCTION NO. 22:**   Please produce a copy of all documents identified in your response to the previous interrogatory, to the extent not already produced in discovery.

**RESPONSE:**   *See* Objections to Interrogatory No. 22.  Subject to and without waiving any objection, Plaintiffs respond that all non-privileged, responsive documents referred to in response to Interrogatory No. 22 have been produced to all parties.

**INTERROGATORY NO. 23:** With respect to your allegations that McGuffin's injuries were "directly and proximately caused" by officers, agents, and employees of Vidocq Society who "acted pursuant to one or more of the policies, practices, and customs set forth above in engaging in the misconduct described in this count", as set forth in the SAC at paragraph 270 please identify:

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

(a) Each witness whose testimony you contend provides evidentiary support for these allegations, including but not limited to identification of the witnesses that you anticipate may testify at trial;

(b) A summary of the evidentiary support obtained from each such witness;

(c) A summary of the anticipated testimony of each such witness;

(d) Each document, piece of information, or evidence that supports these allegations, (identified by Bates number if available).

**OBJECTIONS:** Plaintiffs object to this interrogatory to the extent that it imposes obligations beyond the scope of Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 33(a)(1).  *See, e.g.*, *Ott v. Mortgage Investors Corp. of Ohio, Inc.*, No. 3:14-cv-00645-ST, 2015 U.S. Dist. LEXIS 19050, at *5 (D. Or. Feb. 17, 2015).  Plaintiffs also object to this interrogatory on the grounds that it violates Local Rule 33-1(d).  *See Nicole Svboda's Fiduciary Services, LLC v. United States*, No. 21-cv-01664-MO, 2023 U.S. Dist. LEXIS 213078, at *3 (D. Or. Nov. 30, 2023); *Federal Trade Commission v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 U.S. Dist. LEXIS 97032, at *7 (D. Or. May 31, 2024); *Swan v. Miss Beau Monde*, No. 3:21-cv-111-SI, 2021 U.S. Dist. LEXIS 243621, at *4 (D. Or. Oct. 14, 2021).  Plaintiffs further object to this interrogatory to the extent it constitutes an abuse of the discovery process, to the extent it requires Plaintiffs to identify "all facts" that support Plaintiffs' contentions, and to the extent it constitutes an improper attempt to invade attorney-client privilege and work product protection.  Indeed:

> Contention interrogatories which ask the respondent to systematically recite "all facts" in support of that party's contention are generally disfavored. "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'"

*Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2014 U.S. Dist. LEXIS 113828, at *2 (E.D. Cal. Aug. 15, 2014) (citing *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, No. 1:11-CV-00828-AWI-SAB, 2013 U.S. Dist. LEXIS 150359, at *8 (E.D. Cal. Oct. 17, 2013);

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside St., Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

*Miles v. Shanghai Zhenhua Port of Machinery Co., LTS*, No. C08-5743 FDB, 2009 U.S. Dist. LEXIS 112183, at \*3 (W.D. Wash. Nov. 17, 2009); *Tubbs v. Sacramento Cnty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 U.S. Dist. LEXIS 128900, at \*1 (E.D. Cal. Mar. 28, 2008); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007)).

"Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594. These propositions are well established. *See, e.g.*, *Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 U.S. Dist. LEXIS 189131, at \*2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'") (quoting *Lucero*, 240 F.R.D. at 594).

The "clear thrust" of such contention interrogatories "is an attempt to discover counsel's strategy, what he deems important, and his analysis of the case. Such requests exceed the permissible use of contention interrogatories and border too closely to protected work-product." *Wilcox v. Changala*, No. CV-10-3048-RHW, 2012 U.S. Dist. LEXIS 5471, at \*7 (W.D. Wash. Jan. 18, 2012).

**ANSWER:** Subject to and without waiving any objection, because this case involves thousands of pages of documents and deposition testimony, Plaintiffs cannot possibly state every single document and page of testimony that shows that officers and agents of Defendant Vidocq Society caused injury by acting pursuant to the policies, practices, and customs of the Vidocq Society. Nonetheless, pursuant to Fed. R. Civ. P. 33(d), the answer to this interrogatory may be determined by examining deposition transcripts, and the burden of deriving or ascertaining the answer to this interrogatory is substantially the same for either party. *See, e.g.*, Civil Suit

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Deposition of Mark Dannels; Civil Suit Deposition of Paul Frasier; Post-Conviction Deposition

of Paul Frasier; Civil Suit Deposition of City of Coquille; Civil Suit Deposition of Richard

Walter; Civil Suit Deposition of Vidocq Society; Civil Suit Deposition of Raymond McNeely;

Civil Suit Deposition of William Fleisher; and Criminal Trial Transcript.  The answer to this

interrogatory may also be determined by examining documents produced in discovery, and the

burden of deriving or ascertaining the answer to this interrogatory is substantially the same for

either party.  *See*, *e.g.*, 2010-10-15 ABC News "20/20"; 2020-02-28 ABC News "20/20";

VIDOCQ_000006–7; VIDOCQ_000009–10; VIDOCQ_000011–13; VIDOCQ_000014–21;

VIDOCQ_000028–29; VIDOCQ_001753–1758; VIDOCQ_000083–150; VIDOCQ_001759–

1961; VIDOCQ_001974–81; FLEISHER_000001–8; FLEISHER_000009–13;

FLEISHER_000014–21; FLEISHER_000058-65; FLEISHER_000101–04;

FLEISHER_000105–117; FLEISHER_000159–75; FLEISHER_000185–203;

FLEISHER_000141–58; CPD_004584–4589; CPD004599–4600; CPD004601–02; CPD004603;

CPD004604; CPD004605–07; CPD020539; CCDA_033432; AG_000307–09; *History of the*

*Vidocq Society: The Founding of the Vidocq Society*, available on the Vidocq website at

https://www.vidocq.org/history/; Declaration of Barbara Cohan ⁋ 8 ("The information on Vidocq

Society's website, https://www.vidocq.org/, is up-to-date and accurate."); *The Vidocq Society:*

*Solving Murders Over Lunch*, National Public Radio (August 12, 2010), available on the Vidocq

website at https://www.vidocq.org/news-publications/; Michael Capuzzo, *The Murder Room:*

*The Heirs of Sherlock Holmes Gather to Solve the World's Most Perplexing Cold Cases*,

available on the Vidocq website at https://www.vidocq.org/news-publications/.

 In addition, Plaintiffs respond that Defendant Vidocq Society has a written policy

requiring confidentiality of information, in direct violation of *Brady v. Maryland*.  *See*, *e.g.*,

VIDOCQ_000011–13; Civil Suit Deposition of Vidocq Society.

MALONEY | LAUERSDORF | REINER rc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

In addition, Plaintiffs respond that Defendant Vidocq Society failed to train on the requirements of, and compliance with, *Brady v. Maryland*. *See*, *e.g.*, Civil Suit Deposition of Vidocq Society; Civil Suit Deposition of William Fleisher.

In addition, Plaintiffs respond that Defendant Vidocq Society failed to implement procedural safeguards to prevent constitutional injuries, including by failing to train and supervise Defendant Richard Walter to prevent fabrications, despite being on notice that its omission would likely result in a constitutional violation. *See*, *e.g.*, VIDOCQ_000009–10; VIDOCQ_000011–13; VIDOCQ_000028–29; VIDOCQ_000083–150; FLEISHER_000001–8; FLEISHER_000009–13; FLEISHER_000014–21; FLEISHER_000058–65; Civil Suit Deposition of Vidocq Society; Civil Suit Deposition of William Fleisher; *Drake v. Portuondo*, 553 F.3d 230, 238, 244 (2nd Cir. 2009) *Drake v. Portuondo*, 321 F.3d 338, 342 (2nd Cir. 2003); *State v. Roquemore*, 620 N.E.2d 110, 114 (Ct. App. Ohio 1993); *State v. Haynes*, 1988 Ohio App. LEXIS 3811, at *13 (1988).

In addition, Plaintiffs respond that Defendant Richard Walter's decisions constitute official policy of Defendant Vidocq Society. *See*, *e.g.*, VIDOCQ_000009–10; VIDOCQ_001974–81; FLEISHER_000001–8; FLEISHER_000009–13; FLEISHER_000014–21; FLEISHER_000058–65; Civil Suit Deposition of Vidocq Society; Civil Suit Deposition of William Fleisher; Civil Suit Deposition of Richard Walter.

In addition, Plaintiffs respond that Defendant Vidocq Society ratified the conduct of Defendant Richard Walter by showing affirmative agreement with his actions. *See*, *e.g.*, VIDOCQ_000009–10; Civil Suit Deposition of Vidocq Society; Civil Suit Deposition of William Fleisher; Civil Suit Deposition of Richard Walter.

**REQUEST FOR PRODUCTION NO. 23:** Please produce a copy of all documents identified in your response to the previous interrogatory, to the extent not already produced in discovery.

**RESPONSE:** *See* Objections to Interrogatory No. 23. Subject to and without waiving any objection, Plaintiffs respond that all non-privileged, responsive documents referred to in

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

response to Interrogatory No. 23 have been produced to all parties.

**INTERROGATORY NO. 24:**   Identify all persons who were involved in responding to these interrogatories and request for production of documents.

**OBJECTIONS:**   Plaintiffs object to this interrogatory to the extent that it imposes obligations beyond the scope of Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 33(a)(1).  *See*, *e.g.*, *Ott v. Mortgage Investors Corp. of Ohio, Inc.*, No. 3:14-cv-00645-ST, 2015 U.S. Dist. LEXIS 19050, at *5 (D. Or. Feb. 17, 2015).  Plaintiffs also object to this interrogatory to the extent it seeks information that is protected by attorney-client privilege and/or work product protection.  Plaintiffs further object to this interrogatory on the grounds it seeks information that is not relevant and not proportional to the needs of the case.

DATED:  June 28, 2024

| MALONEY LAUERSDORF REINER PC | LOEVY & LOEVY |
|---|---|
| By /s/ Janis C. Puracal<br>    Janis C. Puracal, OSB #132288<br>    E-Mail:  jcp@mlrlegalteam.com<br>    Andrew C. Lauersdorf, OSB #980739<br>    E-Mail:  acl@mlrlegalteam.com | By /s/ David B. Owens<br>    David B. Owens, WSBA #53856<br>    E-Mail:  david@loevy.com<br>    *Pro hac vice* |

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

**CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2024, the foregoing PLAINTIFFS' RESPONSE TO

VIDOCQ SOCIETY'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR

PRODUCTION was served on the following parties at the following address by sending to them

a true copy thereof via the method indicated below:

| | |
|---|---|
| Robert E. Franz, Jr.<br>Sarah R. Henderson<br>Law Office of Robert E. Franz, Jr.<br>PO Box 62<br>Springfield, OR 97477<br>rfranz@franzlaw.comcastbiz.net<br>shenderson@franzlaw.comcastbiz.net<br>   *Attorneys for Defendants*<br>   *City of Coquille, City of Coos Bay, Coos*<br>   *County, Craig Zanni, Chris Webley, Eric*<br>   *Schwenninger, Sean Sanborn, Ray McNeely,*<br>   *Kris Karcher, Pat Downing, Mark Dannels,*<br>   *Kip Oswald, Michael Reaves, David Zavala,*<br>   *Anthony Wetmore, Shelly McInnes* | Jesse B. Davis<br>Todd Marshall<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>todd.marshall@doj.state.or.us<br>jesse.b.davis@doj.state.or.us<br>   *Attorneys for Defendants Oregon State*<br>   *Police, John Riddle, Susan Hormann,*<br>   *Mary Krings, Kathy Wilcox* |
| Anthony R. Scisciani III<br>Kelsey L. Shewbert<br>Meredith A. Sawyer<br>Rachel Jones<br>HWS Law Group<br>101 SW Main Street, Suite 1605<br>Portland, OR 97204<br>ascisciani@hwslawgroup.com<br>kshewbert@hwslawgroup.com<br>msawyer@hwslawgroup.com<br>rjones@hwslawgroup.com<br>   *Attorneys for Defendant Vidocq Society* | Eric S. DeFreest<br>Luvaas Cobb<br>777 High Street, Ste. 300<br>Eugene, OR 97401<br>edefreest@luvaascobb.com<br><br>Laura E. Coffin<br>Coffin Law<br>541 Willamette Street, Ste. 211<br>Eugene, OR 97401<br>lauracoffin@coffin.law<br>   *Attorneys for Defendant Richard*<br>   *Walter* |

☒ by emailing to each of the foregoing a copy thereof to the email address above.

MALONEY LAUERSDORF REINER PC


By   /s/Janis C. Puracal
      Janis C. Puracal, OSB #132288
      E-Mail:  jcp@mlrlegalteam.com

Attorneys for Plaintiffs



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417