UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

NICHOLAS JAMES McGUFFIN, *et al.*,                    Case No. 6:20-cv-01163-MK

     Plaintiffs,

  v.

MARK DANNELS, *et al.*,

     Defendants.

---

NICHOLAS JAMES McGUFFIN, *et al.*,                    Case No. 3:21-cv-01719 -MK

     Plaintiffs,

  v.                                                                                                      **ORDER**

OREGON STATE POLICE, *et al.*,

     Defendants.

---

**KASUBHAI,** United States Magistrate Judge:

On August 27, 2024, the Court held a Status Conference to discuss all remaining discovery issues requiring the Court's involvement. For the reasons explained by the Court on the record and based on the parties' briefing, the Court Orders the following:

I.      **Joint Status Report. ECF No. 252**

A.      **Production of Vidocq Society's Documents Reviewed in Preparation for Rule 30(b)(6) Deposition.**

Plaintiffs' request to compel Defendant Vidocq Society to produce copies of the emails and responses sent in preparation of Defendant Vidocq Society's Rule 30(b)(6) designee's deposition is GRANTED.

B.      **In Camera Review of Vidocq's Redacted Board Minutes**

Plaintiffs' request for *in camera* view of Defendant Vidocq Society's minutes from its Board meetings to determine whether the redacted information is relevant to Plaintiffs' claims and not subject to privilege or work product protection is DENIED. The Court accepts Defendant Vidocq Society's representation that this information is protected by attorney-client privilege.

C.      **Sufficiency of Plaintiffs' Answers to Defendant Vidocq Society's First and Second Sets of Interrogatories and RFPs**

Defendant Vidocq Society's request to compel Plaintiff to amend their Answers to Defendant Vidocq Society's First and Second Sets of Interrogatories and RFPs is DENIED. Plaintiffs adequately responded and need only respond to the first twenty-five (25) requests under Fed. R. Civ. P. 33(a)(1), as Defendant Vidocq Society failed to request the Court's permission to serve additional interrogatories on Plaintiffs. All parties have a continuing obligation to supplement their answers as necessary.

D.      **Sufficiency of Plaintiffs' Responses to the State Defendants' Interrogatories.**

State Defendants' request to compel Plaintiffs to amend their Answers to State Defendants' interrogatories is DENIED.

Page 2 — ORDER

**E.      Court Order Compelling Compliance with Subpoena for Ms. McCrea's Records.**

Municipal Defendants' request for an Order Compelling Shaun McCrea (Plaintiff McGuffin's former criminal defense attorney) to comply with Municipal Defendants' subpoena by searching her computers that were in her possession at the relevant period and to produce all responsive material is GRANTED. The Court Orders Ms. McCrea to inspect her computers for any information related to her representation of Plaintiff McGuffin in the underlying criminal case and to provide that information to Plaintiffs' counsel for review before disclosure to Municipal Defendants. If Ms. McCrea is unable to access the information on the computers, then the Court Orders Ms. McCrea to produce the hard drives to Plaintiffs who will retain a computer expert to copy the information stored on the hard drives and then produce it to Plaintiffs for review, at Municipal Defendants' expense. The Court Orders Defendants to reasonably compensate Ms. McCrea for her time to comply with this Order. Plaintiffs are Ordered to produce any discoverable material obtained by the search by 9/30/2024.

**F.      Municipal Defendants' Request to File a Motion for Discovery Sanctions.**

Municipal Defendants' request to file a Motion for Sanctions under Fed. R. Civ. P. 37 based on Plaintiff McGuffin's alleged destruction of text messages and other ESI is GRANTED. The Court Orders Municipal Defendants to file the Motion by 9/26/2024.

**II.      Pending Motions**

**A.      Municipal Defendants' First Motion to Compel. ECF No. 238**

Defendant City of Coquille's First Motion to Compel (ECF No. 238) seeking an Order to compel Plaintiffs to amend their answers to the City of Coquille's Interrogatories Nos. 16 and 20 is DENIED.  Plaintiffs' Cross Motion for a Protective Order (ECF No. 243) to preclude further

Page 3 — ORDER

discovery requests into the address of Georgia Bartholomew under Fed. R. Civ. P. 26(c)(1) is

DENIED as MOOT. The Court Orders conferral with Plaintiffs if Municipal Defendants intend

on approaching Plaintiff McGuffin's neighbors for questioning.

**B.      Municipal Defendants' Second Motion to Compel. ECF No. 239**

Defendant City of Coquille's Second Motion Compel (ECF No. 239) seeking an Order to

compel Plaintiff McGuffin to produce his employment records in accordance with Defendant

City of Coquille's RFP No. 11 is GRANTED in part and DENIED in part. The Court Orders

Plaintiffs to produce Plaintiff McGuffin's employment records and personnel file with redactions

of any information identifying his current place of employment by 9/30/2024. The Court Orders

conferral with Plaintiffs if Municipal Defendants intend on approaching Plaintiff McGuffin's

current supervisors or co-workers for questioning.

**C.      Municipal Defendants' Third Motion to Compel. ECF No. 240**

Defendant City of Coquille's Third Motion to Compel (ECF No. 240) seeking an Order

compelling Plaintiff McGuffin to answer deposition questions regarding his sexual activity is

DENIED. Plaintiffs' request for a Protective Order (ECF No. 250) prohibiting Defendants from

seeking discovery of Plaintiff McGuffin's so-called "post-exoneration sex life" is DENIED as

MOOT.

**III.     Scheduling Orders**

**A.      Fact Discovery** to be completed by 9/30/2024.

**B.      Expert Disclosures** are due by 10/7/2024; **Rebuttal Reports** are due by

10/28/2024; all **Expert Discovery** must be completed by 11/15/2024.

**C.      Dispositive Motions** are due by 12/17/2024. Plaintiffs' will have four (4) weeks to

Respond to any motions for summary judgment. Defendants will have three (3) weeks to

Reply. State Defendants' request to exceed the LR 7-2(b) page limit is GRANTED. State Defendants' may file a Motion for Summary Judgment totaling fifty (50) pages including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

**D.**     **Joint Alternative Dispute Resolution Report and Pretrial Order** are due 30 days after dispositive motions are ruled on.

**E.**     **Date for Trial —** Trial is set to begin on 9/15/2025.

**F.**     **Pretrial Conference** — the pretrial conference is set for 6/23/2025–6/25/2025.

IT IS SO ORDERED.

DATED this 28th day of August 2024.

<div style="margin-left:50%">

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge

</div>