Janis C. Puracal, OSB #132288
E-mail: jcp@mlrlegalteam.com
Andrew C. Lauersdorf, OSB #980739
E-mail: acl@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside Street, Ste. 300
Portland, OR  97214
Telephone: (503) 245-1518
Facsimile: (503) 245-1417

David B. Owens, WSBA #53856, *pro hac vice*
E-mail: david@loevy.com
LOEVY & LOEVY c/o
Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
PO Box 85110
Seattle, WA  98145-1110
Telephone: (312) 590-5449

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,<br>　　　　　Plaintiffs,<br><br>　　v.<br><br>MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMINISTRATOR OF THE ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY,<br>　　　　　Defendants. | Civil No. 6:20-cv-01163-MK<br>(Lead Case)<br><br><br>PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' MOTION FOR EXTENSION OF TIME |

Page 1– PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' MOTION
　　　　FOR EXTENSION OF TIME

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

VIDOCQ SOCIETY,

        Cross-Claimant,

v.

MARK DANNELS, PAT DOWNING,
SUSAN HORMANN, MARY KRINGS,
KRIS KARCHER, SHELLY MCINNES,
RAYMOND MCNEELY, KIP OSWALD,
MICHAEL REAVES, JOHN RIDDLE, SEAN
SANBORN, ERIC SCHWENNINGER,
RICHARD WALTER, CHRIS WEBLEY,
ANTHONY WETMORE, KATHY WILCOX,
CRAIG ZANNI, DAVID ZAVALA, JOEL D.
SHAPIRO AS ADMINISTRATOR OF THE
ESTATE OF DAVID E. HALL, VIDOCQ
SOCIETY, CITY OF COQUILLE, CITY OF
COOS BAY, and COOS COUNTY

        Cross-Defendants.

NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,

        Plaintiffs,

v.

OREGON STATE POLICE,

        Defendant.

Civil Case No. 3:21-cv-01719-MK
(Trailing Case)

## I. RELIEF REQUESTED / INTRODUCTION

Plaintiffs request the Court deny the State Defendants' motion to extend the deadline to file motions for summary judgment. The State Defendants have not established good cause for a seventh extension of deadlines in this case. Moreover, the State Defendants' proposed schedule will interfere with trials scheduled in other cases, as discussed below.

If the Court overrules Plaintiffs' objections and agrees to grant the extension, Plaintiffs request that the Court, at a minimum, extend the deadline for only the State Defendants and require the remaining Defendants to complete motions for summary judgment as currently scheduled.

Page 2– PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' MOTION FOR EXTENSION OF TIME

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

## II.  AUTHORITY

A.    **There is no good cause to extend the deadline.**

Pursuant to Rule 16(b)(4), "[a] request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause.  The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence."[1]

This case was filed on July 20, 2020, and has been pending for nearly five years.[2]  The State Defendants' current request for an extension is the ***seventh*** request for an extension of deadlines, not the second request as the State Defendants represent in the declaration of counsel.[3]  The Court agreed to extend the deadlines in this case four times over the past year, three of which were at the request of the Defendants and opposed by Plaintiffs.[4]

Fact discovery in this case closed more than three months ago, on September 30, 2024.[5]  One month later, on October 29, 2024, in support of the State Defendants' last request for an extension of the summary judgment deadline, the State Defendants represented that they were "working with all due speed to comply with the current deadline" to file the motion by December 17, 2024.[6]  At that time, the State Defendants requested a 21-day extension because of the time necessary to complete expert discovery in this case and the time counsel needed to prepare for a

---

[1] *Brown v. Lane Cnty.*, No, 6:21-cv-01866-AA, 2024 U.S. Dist. LEXIS 99810, at *1 (D. Or. June 5, 2024) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).
[2] Dkt. No. 1.
[3] *See* Minutes of Rule 16 Conference dated May 10, 2023 [Dkt No. 164]; Order Granting Joint Motion for Extension of Discovery & PTO Deadlines dated November 21, 2023 [Dkt. No. 222]; Minutes of Discovery Hearing dated January 16, 2024 [Dkt. No. 233]; Order on Municipal Defendants' Motion to Extend Discovery & Pretrial Order Deadlines dated April 4, 2024 [Dkt. No. 237]; Order dated August 28, 2024 [Dkt. No. 256]; Order dated November 27, 2024 [Dkt. No. 271].
[4] *See*, *supra*, n. 3.
[5] Order dated August 28, 2024 [Dkt. No. 256].
[6] Email from Jesse Davis to Court, dated October 29, 2024 (Exhibit 1 to the Declaration of Janis C. Puracal in Support of Plaintiffs' Response to State Defendants' Motion for Extension ("Puracal Decl.")).

Page 3– PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' MOTION FOR EXTENSION OF TIME

MALONEY | LAUERSDORF | REINER pc
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

three-day trial scheduled in December in another case.[7]  Now, two months later, the State Defendants represent that they need another 21-day extension for the very same reasons—the time it took to complete expert discovery and the time counsel spent preparing for the three-day trial in the other case that ultimately resolved.[8]  There is no good cause for the additional extension of time.

Notably, the reality that this case is "factually intensive"—as the State Defendants recognize in their motion for an extension[9]—does not establish good cause for further extensions.  Factual matters are not appropriate for summary judgment.[10]

**B.    Plaintiffs disagree with the factual representations in the State Defendants' motion for an extension of time.**

The State Defendants represent to the Court that an extension is necessary, in part, because of the time spent responding to Plaintiffs' requests for discovery of the State Defendants' experts.[11]  Plaintiffs disagree with the State Defendants' representations.

First, the State Defendants represent that, since the November 20 status conference, the State Defendants "spent time responding to Plaintiffs' subpoenas duces tecum to the State Defendants' experts."[12]  The State Defendants omit the fact that, since the November 20 status conference, they have produced only *one* set of documents from *one* of their experts.[13]  Plaintiffs received that document production on November 20—just hours after the status conference.[14]  By that time, the State Defendants had already completed documented productions in response to

---

[7] *Id.*
[8] Declaration of Jesse B. Davis ¶¶ 4–6 [Dkt. No. 273].
[9] State Defendants' Motion at 3 [Dkt. No. 272]; Declaration of Jesse B. Davis ¶ 7 [Dkt. No. 273].
[10] Fed. R. Civ. P. 56(a).
[11] Declaration of Jesse B. Davis ¶ 4 [Dkt. No. 273].
[12] *Id.*
[13] *See* Email from Maureen McCarthy to Counsel, dated November 20, 2024 (Exhibit 2 to Puracal Decl.).
[14] *Id.*


MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Plaintiffs' subpoenas *duces tecum* to their experts on November 15 and 19, 2024.[15]

Second, the State Defendants represent that, at the November 20 status conference, Plaintiffs informed the Defendants for the first time that Plaintiffs no longer intended to depose the Defendants' experts, but, according to the State Defendants, counsel "had already spent time preparing for those depositions."[16] The State Defendants omit the fact that, at the time of the November 20 status conference, Plaintiffs had scheduled only *one* deposition for *one* of the State Defendants' experts.[17] Plaintiffs had requested, but not scheduled, depositions for any of the State Defendants' remaining three experts, all of whom were available only after December 2, 2024.[18] The State Defendants do not provide any information from which the Court can conclude that counsel spent any significant amount of time preparing experts for depositions that had yet to be scheduled.

It is not reasonable to suggest that the State Defendants have been unable to complete motions for summary judgment because of Plaintiffs' expert discovery demands. Moreover, those expert discovery demands were not unanticipated. The State Defendants knew about Plaintiffs' discovery requests at the time of the November 20 hearing, had already completed the majority of the responses, and relied on the remainder of the work to be done in support of *that* request for a 21-day extension to file their motion for summary judgment.

---

[15] *Id.* Plaintiffs and the State Defendants are continuing to confer about documents responsive to two categories of requests to one expert (Marla Kaplan), which the State Defendants have refused to produce.

[16] Declaration of Jesse B. Davis ¶ 4 [Dkt. No. 273].

[17] *See* Email from Jesse B. Davis to Counsel, dated November 12, 2024 (Exhibit 3 to Puracal Decl.) (confirming that the State Defendants' expert Sudaisar was scheduled for November 26 and, for the first time, offering available dates for the State Defendants' remaining three experts (Fisher, Kaplan, and Eggert)). Plaintiffs did not respond given that, at that time, the deadline to complete expert discovery was scheduled for November 15. Plaintiffs never scheduled the depositions of those three experts and, instead, notified the State Defendants on November 20 that Plaintiffs did not intend to take depositions of any of the State Defendants' experts.

[18] *Id.*

Page 5– PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' MOTION
    FOR EXTENSION OF TIME

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

C.  **An extension will interfere with trial preparation in other cases.**

In April 2024, the Court granted the Municipal Defendants' motion to extend deadlines and ordered that "[n]o further discovery extensions shall be granted without a showing of good cause, workload issues do not constitute good cause."[19]  Since then, Plaintiffs' counsel have been relying on the case scheduling orders and, because of the age of this case, operating under the expectation that the Court's deadlines represent firm dates.

On August 28, 2024, the Court held a hearing during which the Court and the parties discussed the deadlines in this case, and the Defendants represented that they each intended to file extensive motions for summary judgment by the then-deadline of December 17, 2024.  Based on that representation, Plaintiffs' counsel set aside four weeks over the holidays to focus on responses to the motions.  Doing so meant moving deadlines and putting off depositions in other cases.  Plaintiffs opposed the State Defendants' last motion for an extension of the summary judgment deadline on this basis.[20]

After the Court granted that extension and set the new deadline of January 7, 2025, to file motions for summary judgment, Plaintiffs' counsel again shifted deadlines and depositions in other cases, and worked over the holidays on those other cases, in order to block off time in January and early February to focus on responses to summary judgment.

Plaintiffs' counsel are unable to shift priorities in other cases again.  Each of Plaintiffs' three attorneys on this case have significant trial conflicts in other cases beginning in February 2025:

| February 3, 2025 (eight-day trial) | *Harris v. Los Angeles, et al.*, 2:21-cv-07999 (C.D. Cal.): 42 U.S.C. 1983 wrongful conviction case; Attorney David B. Owens co-counsel representing plaintiff |
|---|---|

---

[19] Order on Municipal Defendants' Motion to Extend Discovery & Pretrial Order Deadlines dated April 4, 2024 [Dkt. No. 237].
[20] Email from Janis C. Puracal to Court, dated October 28, 2024 (Exhibit 1 to Puracal Decl.).

Page 6– PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' MOTION FOR EXTENSION OF TIME

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

| March 3, 2025 (one-week trial)[21] | *Santiago Ventura Morales v. State of Oregon*, Marion County Circuit Court Case No. 23CV26827: wrongful conviction statutory compensation case; Attorneys Andrew C. Lauersdorf and Janis C. Puracal representing plaintiff |
|---|---|
| March 11, 2025 (seven-day trial) | *Tobias v. Los Angeles, et al.*, 2:17-cv-01076-DSF-AS (C.D. Cal.): 42 U.S.C. 1983 wrongful conviction case; Attorney David B. Owens co-counsel representing plaintiff |
| April 1, 2025 (three-week trial) | *State of Oregon v. Robert Atrops*, Washington County Circuit Court Case No. 23CR09787: murder case; Attorney Janis C. Puracal co-counsel representing defendant |
| April 28, 2025 (four-week trial) | *State of Oregon v. Timothy Gonzalez*, Washington County Circuit Court Case No. C150818CR): shaken baby/abusive head trauma case; Attorney Janis C. Puracal co-counsel representing defendant |
| May 27, 2025 (four-day trial) | *State of Oregon v. Bradley Holbrook*, Marion County Circuit Court Case No. 23CV26639: wrongful conviction statutory compensation case; Attorney Andrew C. Lauersdorf representing plaintiff |

If the Court overrules Plaintiffs' objections to the State Defendants' request for an extension of the summary judgment deadline, Plaintiffs' counsel request, at a minimum, that the Court extend the deadline for only the State Defendants and require the remaining Defendants to complete motions for summary judgment as currently scheduled. The compromise will allow Plaintiffs' counsel to begin work on responses to the other Defendants' extensive motions and mitigate the interruption to counsel's trial preparation in these other cases with lengthy trials.

///

---

[21] Plaintiffs' counsel moved the Marion County Circuit Court for an extension of this trial date due to the need for additional discovery. That motion is pending and has yet to be granted. In the meantime, counsel is preparing for that trial to proceed as scheduled.

Page 7– PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' MOTION FOR EXTENSION OF TIME

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

## III. CONCLUSION

Based upon the foregoing, Plaintiffs respectfully request that the Court deny the Defendants' request for an extension of the deadline for summary judgment.

DATED: January 1, 2025

| MALONEY LAUERSDORF REINER PC | LOEVY & LOEVY |
|---|---|
| By /s/Janis C. Puracal<br>　　Janis C. Puracal, OSB #132288<br>　　E-Mail: jcp@mlrlegalteam.com<br>　　Andrew C. Lauersdorf, OSB #980739<br>　　E-Mail: acl@mlrlegalteam.com | By /s/David B. Owens<br>　　David B. Owens, WSBA #53856<br>　　E-Mail: david@loevy.com<br>　　*Pro hac vice* |

Page 8– PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' MOTION FOR EXTENSION OF TIME

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

## CERTIFICATE OF SERVICE

I hereby certify that on January 1, 2025, the foregoing PLAINTIFFS' RESPONSE TO STATE DEFENDANTS' MOTION FOR EXTENSION OF TIME was served on the following parties at the following address by sending to them a true copy thereof via the method indicated below:

| | |
|---|---|
| Robert E. Franz, Jr.<br>Sarah R. Henderson<br>Law Office of Robert E. Franz, Jr.<br>PO Box 62<br>Springfield, OR 97477<br>rfranz@franzlaw.comcastbiz.net<br>shenderson@franzlaw.comcastbiz.net<br> *Attorneys for Defendants*<br> *City of Coquille, City of Coos Bay, Coos*<br> *County, Craig Zanni, Chris Webley, Eric*<br> *Schwenninger, Sean Sanborn, Ray McNeely,*<br> *Kris Karcher, Pat Downing, Mark Dannels,*<br> *Kip Oswald, Michael Reaves, David Zavala,*<br> *Anthony Wetmore, Shelly McInnes* | Jesse B. Davis<br>Todd Marshall<br>Kristen Hoffmeyer<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>todd.marshall@doj.state.or.us<br>jesse.b.davis@doj.state.or.us<br>kristen.hoffmeyer@doj.state.or.us<br> *Attorneys for Defendants Oregon State*<br> *Police, John Riddle, Susan Hormann,*<br> *Mary Krings, Kathy Wilcox* |
| Anthony R. Scisciani III<br>Kelsey L. Shewbert<br>Meredith A. Sawyer<br>Lisa Lear<br>HWS Law Group<br>101 SW Main Street, Suite 1605<br>Portland, OR 97204<br>ascisciani@hwslawgroup.com<br>kshewbert@hwslawgroup.com<br>msawyer@hwslawgroup.com<br>llear@hwslawgroup.com<br> *Attorneys for Defendant Vidocq Society* | Eric S. DeFreest<br>Luvaas Cobb<br>777 High Street, Ste. 300<br>Eugene, OR 97401<br>edefreest@luvaascobb.com<br><br>Laura E. Coffin<br>Coffin Law<br>541 Willamette Street, Ste. 211<br>Eugene, OR 97401<br>lauracoffin@coffin.law<br> *Attorneys for Defendant Richard*<br> *Walter* |

☒ by electronic means through the Court's ECF System on the date set forth above.

MALONEY LAUERSDORF REINER PC

By /s/Janis C. Puracal
 Janis C. Puracal, OSB #132288
 E-Mail: jcp@mlrlegalteam.com

Attorneys for Plaintiffs

Page 1– CERTIFICATE OF SERVICE

1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417