DAN RAYFIELD
Attorney General
JESSE B. DAVIS #052290
Senior Assistant Attorney General
TODD MARSHALL #112685
Senior Assistant Attorney General
KRISTEN E. HOFFMEYER #085338
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: jesse.b.davis@doj.oregon.gov
        Todd.Marshall@doj.oregon.gov
        kristen.hoffmeyer@doj.oregon.gov

Of Attorneys for State Defendants Hormann,
Krings, Riddle, Wilcox and Oregon State Police

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY,<br><br>Defendants. | Case No.  6:20-cv-1163-MK (Lead Case)<br>            3:21-cv-1719-MK (Trailing Case)<br><br>DECLARATION OF SUSAN HORMANN IN SUPPORT OF STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

Page 1 -    DECLARATION OF SUSAN HORMANN IN SUPPORT OF STATE DEFENDANTS'
            MOTION FOR SUMMARY JUDGMENT
            JBD/db5/978872924

VIDOCQ SOCIETY,

        Cross-Claimant.

RICHARD WALTER,

        Cross-Claimant.

NICHOLAS JAMES MCGUFFIN, as an individual and as guardian ad litem, on behalf of S.M., a minor,

        Plaintiff,

    v.

OREGON STATE POLICE,

        Defendant.

I, Susan Hormann, declare:

1.      I was a criminalist and forensic scientist for the Oregon State Police beginning in November 1988. In 1991 or 1992, I began working in the DNA unit at OSP.

2.      I became the DNA unit supervisor for the Forensic Services Division of the Oregon State Police in approximately 2008. I became the interim Operations Manager for the Forensic Services Division in 2010 and the Operations Manager in 2011. I was a qualified DNA analyst from approximately 1992 through approximately 2011.

3.      I performed technical review of the DNA analysis performed by Mary Krings in the Leah Freeman investigation during the period 2000-2002. I also performed DNA testing and analysis in 2010 on additional items in the Freeman investigation.

4.      In the criminal case against Mr. McGuffin, I was not asked by either the prosecution or defense to testify about my technical review of Mary Krings work or my own

Page 2 -   DECLARATION OF SUSAN HORMANN IN SUPPORT OF STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
JBD/db5/978872924

testing and analysis in the Freeman investigation, although I may have received a subpoena to testify.  Had I been asked to testify, I would have testified.

5.    I do not recall having any significant knowledge about the Freeman investigation on subjects other than the DNA analysis that was performed.  At no time have I ever had knowledge that McGuffin was or is innocent of the crimes of which he was charged.

6.    At no time during the Freeman investigation, or after, did I fabricate any evidence.

7.    At no time during the Freeman investigation, or after, did I withhold or destroy any evidence favorable to McGuffin.

8.    At no time during the Freeman investigation, or after, did I avoid or attempt to avoid developing evidence favorable to McGuffin.

9.    At no time during the Freeman investigation, or after, did I withhold evidence about conversations I had with other defendants, investigators, or prosecutors about the investigation.

10.    At no time during the Freeman investigation, or after, did I become aware of evidence that was false or fabricated or that such evidence was used or would be used against McGuffin.

11.    At no time during the Freeman investigation, or after, did I become aware of evidence favorable to McGuffin that had been withheld from him by anyone else.

12.    At no time during the Freeman investigation, or after, did I fail to intervene in the deprivation of McGuffin's rights by others.

Page 3 -    DECLARATION OF SUSAN HORMANN IN SUPPORT OF STATE DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
JBD/db5/978872924

13.    At no time during the Freeman investigation, or after, did I make an agreement with anyone to withhold exculpatory evidence, to fabricate incriminating evidence, to avoid developing evidence favorable to McGuffin, or otherwise to do anything unlawful or improper with respect to the investigation.

**I declare under penalty of perjury that the foregoing is true and correct.**

EXECUTED on January 7, 2025.



SUSAN HORMANN

Page 4 -    DECLARATION OF SUSAN HORMANN IN SUPPORT OF STATE DEFENDANTS'
         MOTION FOR SUMMARY JUDGMENT
         JBD/db5/978872924