15CV1030

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MALHEUR

NICHOLAS MCGUFFIN                        )
                                         )
            Petitioner,                  )    Case No. 15CV1030
                                         )
       vs.                               )    THIRD AMENDED PETITION FOR POST-
                                         )    CONVICTION RELIEF
BRAD CAIN, Superintendent, SRCI          )
                                         )
            Defendant                    )    POST-CONVICTION CASE
                                         )

Petitioner Nicholas McGuffin, by and through appointed counsel Emily Elison and *pro bono* counsel Steven T. Wax and Janis C. Puracal from the Oregon Innocence Project, petitions this Court as follows:

**1.**

A non-unanimous jury convicted Mr. McGuffin of Manslaughter I as a lesser-included offense of Murder in *State of Oregon v. Nicholas McGuffin*, Coos County Circuit Court case number 10CR0782.[1]  The Honorable Judge Richard Barron presided at trial.

**2.**

On August 1, 2011, Judge Barron sentenced Mr. McGuffin to 120 months in the custody of the Department of Corrections and three years of post-prison supervision.[2]

**3.**

Mr. McGuffin appealed his conviction.  The Court of Appeals affirmed without opinion on December 18, 2013.[3]  The Oregon Supreme Court denied the petition for review on March

---

[1] Judgment (Exhibit 1).

[2] Judgment (Exhibit 1).

[3] *State v. McGuffin,* 260 Or App 190 (2013).

THIRD AMENDED PCR PETITION- Page **1** of **29**

TARCHIA LAW, P.C.
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

EXHIBIT 8
Page 1 of 30

14, 2014.[4]  Mr. McGuffin has undertaken no prior proceedings under the Post-conviction Relief Act.  He timely filed his *pro se* petition for post-conviction relief on January 20, 2015.

**4.**

The attorneys of record at the trial were Robert McCrea, OSB 560624, and Shaun McCrea, OSB 832826.  The attorney of record on appeal was Mary Reese, OSB 862651.

**5.**

At the time that he filed his petition for post-conviction relief, Mr. McGuffin was in the custody of the Oregon Department of Corrections and housed at Snake River Correctional Institution in Malheur County, Oregon.  Mr. McGuffin remains in the custody of the Oregon Department of Corrections and is housed at South Fork Forest Camp.

**6.**

**Introduction**

Leah Freeman, a fifteen year old girl, disappeared from Coquille, Oregon, on the evening of Wednesday, June 28, 2000.  Her body was found at the bottom of a roadside embankment in a remote wooded area outside of Coquille five weeks later on Thursday, August 3, 2000.  Petitioner Nicholas McGuffin was Ms. Freeman's teenage boyfriend at the time of her disappearance.  Eleven years after Ms. Freeman disappeared, Mr. McGuffin was convicted of killing her.

Mr. McGuffin is innocent.  The State never determined the cause or mechanism of death, but, nonetheless, opined that it must be homicide.  Without any objective evidence, the State's experts were allowed to speculate at trial that Ms. Freeman could have been strangled, shot, stabbed, had her throat cut, or suffered blunt trauma.  The defense never objected to the speculation, and the State capitalized on the equivocation by creating a story that Mr. McGuffin had strangled Ms. Freeman in anger.  There was no physical evidence to support the State's story.

---

[4] *State v. McGuffin*, 354 Or 840 (2014).

THIRD AMENDED PCR PETITION- Page **2** of **29**

TARCHIA LAW, P.C.
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

EXHIBIT 8
Page 2 of 30

Instead, the State relied heavily on rumor and conjecture to characterize the relationship between Mr. McGuffin and Ms. Freeman as troubled. The State further painted Mr. McGuffin generally as a bad guy and relied on false evidence to offer alleged admissions of guilt, some of which were supposedly made to perfect strangers during the course of ten years after Ms. Freeman died.

The State's own timeline at trial contradicts its own theory of the crime. The defense, however, was not prepared to effectively argue the timeline to the jury or offer additional evidence to confirm Mr. McGuffin's whereabouts on the evening that Ms. Freeman disappeared. Both the State and the defense failed to investigate objective evidence that could have exonerated Mr. McGuffin and possibly lead to the arrest of the true perpetrator.

Pursuant to ORS 138.580, Mr. McGuffin offers and incorporates the attached first memorandum in support of this petition, which provides helpful context for the claims listed below.

**7.**

**Claims for Relief:  Actual Innocence**

Mr. McGuffin's conviction was wrongfully obtained and is void and his imprisonment is unlawful because Mr. McGuffin is actually innocent of the crime, as discussed in the attached supporting memorandum.

Mr. McGuffin's conviction is in violation of Article I, sections 10 and 16 of the Oregon Constitution, and the Eighth and Fourteenth Amendments of the United States Constitution.

**8.**

**Claims for Relief:  Trial Counsel**

Mr. McGuffin's conviction was wrongfully obtained and is void and his imprisonment is unlawful because Mr. McGuffin's rights to effective assistance of counsel under Article 1, sections 10 and 11, of the Oregon Constitution and the Sixth Amendment and the due process guarantee of the Fourteenth Amendment of the United States Constitution were violated. Mr. McGuffin alleges that trial counsels' acts and omissions, including but not limited to those listed

THIRD AMENDED PCR PETITION- Page **3** of **29**

**TARCHIA LAW, P.C.**
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

EXHIBIT 8
Page 3 of 30

below, taken individually or cumulatively, fell below an objective standard of performance and resulted in prejudice to Mr. McGuffin.

**A.    Trial counsel failed to effectively challenge the State's conclusions on cause and manner of death.**

Trial counsels' errors include, but are not limited to:

1. Failing to move in limine to exclude the State's expert opinion on the cause, manner, and time of death, as the opinions were speculative and improper under Oregon's *Brown/O'Key* test.[5]

2. Failing to move in limine to exclude the State's expert opinion that blood found on the sole of Ms. Freeman's shoe was "high velocity" blood spatter suggesting violence, as the opinion was speculative and improper under Oregon's *Brown/O'Key* test, and failing to investigate, object, or cross-examine on the same opinion.[6]

3. Failing to move in limine to exclude the State's expert opinion that the body of Ms. Freeman was "dumped" or "disposed" of, as the opinion was speculative and improper under Oregon's *Brown/O'Key* test, and failing to object or cross-examine on the same testimony at trial.[7]

4. Failing to move to dismiss the charges against Mr. McGuffin when the State lacked any conclusive evidence that Ms. Freeman was the victim of homicide and not accident.

5. Failing to cross-examine the State's experts on the medical examiner's definition of "homicide," which does not require any proof of intent and is substantively different from the legal definition.[8]

---

[5] Trial Transcript D7 86:3-7 (Exhibit 2).

[6] Trial Transcript D6 232:25-233:18 (Exhibit 2).

[7] Trial Transcript D7 18:8-15, 19:3-13, 85:22-24 (Exhibit 2).

[8] National Association of Medical Examiners, *A Guide for Manner of Death Classification* (1st ed. 2002) at pp. 5-8 (Exhibit 3).

THIRD AMENDED PCR PETITION- Page **4** of **29**

TARCHIA LAW, P.C.
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

EXHIBIT 8
Page 4 of 30

6. Failing to cross-examine the State's experts on their degree of certainty as to manner of death that was found contrary to the standards set by the National Association of Medical Examiners.[9]

7. Failing to challenge the qualifications of the State's experts on cause and manner of death.

8. Failing to object to the State's argument in closing that Ms. Freeman had been strangled when that argument was speculative and based on a mischaracterization of the evidence.[10]

9. Failing to offer as evidence the photographs that police had taken of Mr. McGuffin shortly after Ms. Freeman's disappearance that show Mr. McGuffin did not have any defensive wounds on his body, and failing to argue the same in closing.[11]

10. Failure to cross-examine the State's experts on the finding of concentrated blood staining and dark brown stains around holes on Ms. Freeman's shirt.[12]

11. Failing to question witnesses and include argument about failure of the State's experts to take fingernail scrapings from the body of Ms. Freeman.

12. Failing to question witnesses and include argument about the condition of Ms. Freeman's nails when the body was found.

13. Failing to retain and call a qualified and unbiased expert to opine on the cause, manner, or time of Ms. Freeman's death.

14. Failing to retain a qualified and unbiased expert to opine on the State's investigation or lack of investigation, including the issue of blood spatter analysis.

---

[9] National Association of Medical Examiners, *A Guide for Manner of Death Classification* (1st ed. 2002) at pp. 4-5 (Exhibit 3).

[10] Trial Transcript D9 67:25-68:1; D7 81:24-82:2, 92:25-95:2, 85:2-4, and 85:2-4 (Exhibit 2).

[11] Photograph of Nicholas McGuffin (Exhibit 35).

[12] Trial Transcript D6 116:4-6 (Exhibit 2); Forensic Science Services Report (Discovery 001501) (Exhibit 4).

THIRD AMENDED PCR PETITION- Page **5** of **29**

TARCHIA LAW, P.C.
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

EXHIBIT 8
Page 5 of 30

**B.      Trial counsel failed to effectively challenge the State's timeline to prove that Mr. McGuffin could not have killed Ms. Freeman.**

Trial counsels' errors include, but are not limited to:

1.   Failing to offer records, which the defense had in its possession, to prove Mr. McGuffin's stops at gas stations when he was allegedly killing Ms. Freeman.[13]

2.   Failing to offer records, which the defense had in its possession, to prove Mr. McGuffin's stops at pay phones to call home when he was allegedly killing Ms. Freeman.[14]

3.   Failing to move in limine to exclude the testimony of Jennifer Storts when that testimony was unreliable and irrelevant to prove the guilt of Mr. McGuffin, or failing to cross-examine Storts about her identification of Brent Bartley.[15]

4.   Failing to move in limine to exclude the testimony of John Lindegren when that testimony was unreliable and irrelevant to prove the guilt of Mr. McGuffin.[16]

5.   Failing to offer as evidence an e-mail from Chief Dannels to District Attorney Frasier in which Dannels states, "In the original report/information, [Lindegren] thought the Mitchell house was Leah's house and after showing us exactly where he was talking about, he was confused between Leah and Mitchell."[17]

6.   Failing to request additional discovery of missing reports.

7.   Failing to call Randi Price or Megan Pinkley who saw Ms. Freeman talking to a person in a brown truck on the night that she disappeared.[18]

---

[13] Card lock records (Exhibit 6).

[14] 800 number records (Exhibit 7).

[15] Trial Transcript D4 249:24-251:24; D5 168:15-173:21(Exhibit 2).

[16] Trial Transcript D4 133:23-136:14 (Exhibit 2); Email from Police Chief Dannels to District Attorney Frasier, dated May 12, 2010 (Discovery 001037) (Exhibit 5).

[17] Email from Police Chief Dannels to District Attorney Frasier, dated May 12, 2010 (Discovery 001037) (Exhibit 5).

[18] Oregon State Police Report of Interview with Randi Price at page 8 (Exhibit 38).

THIRD AMENDED PCR PETITION- Page **6** of **29**

TARCHIA LAW, P.C.
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

EXHIBIT 8
Page 6 of 30

8. Failing to cross-examine Denise Freeman about the times that she saw Mr. McGuffin on the night that Ms. Freeman disappeared.

9. Failing to call Nicole Price who was with Mr. McGuffin and Mr. Bartley the evening Ms. Freeman disappeared and could have testified to their whereabouts.[19]

10. Failing to investigate and confirm the time that Tony Messerle left work and would have found Ms. Freeman's shoe in the road.[20]

11. Failing to cross-examine Scott Hamilton or Melissa Smith about the time that Mr. McGuffin left Kristen Steinhoff's house on June 28, 2000, the car that Mr. McGuffin was driving when he left, and the fact that Mr. Hamilton was pulled over by police at 12:00 a.m. near Ms. Steinhoff's house.[21]

12. Failing to offer Mary Fuller as a witness who would have confirmed Alicia Hyatt's original statements to police that she saw a small car on the evening that Ms. Freeman disappeared, and not a Mustang as she testified eleven years later at trial.[22]

13. Failing to request records to establish phone calls made to and from Mr. McGuffin's house on June 28 and 29.

14. Failing to create a timeline map for the jury to illustrate Mr. McGuffin's movements on the night of June 28.

**C.** **Trial counsel failed to request DNA and other testing of key forensic evidence that could have exonerated Mr. McGuffin and possibly lead to the finding of the true perpetrator.**

Trial counsels' errors include, but are not limited to:

1. Failing to request complete bench notes from all lab personnel and individuals who examined the evidence.

---

[19] North Bend Police Department Report of Interview with Nicole Price at page 4 (Exhibit 39).

[20] Coquille Police Department Report, dated July 7, 2000 (Discovery 005437) (Exhibit 9); Trial Transcript D5 127:22-128:11 (Exhibit 2).

[21] Coquille Police Department Report of Scott Hamilton at page 4 (Exhibit 40).

[22] Fuller 2010 Grand Jury 31:9-13 (Exhibit 11); Trial Transcript D4 232:16-20, 237:5-238:10 (Exhibit 2).

THIRD AMENDED PCR PETITION- Page **7** of **29**

TARCHIA LAW, P.C.
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

EXHIBIT 8
Page 7 of 30

2. Failing to retain, consult, and offer an expert on crime scene investigation or DNA, and stipulating to the admission of lab reports and opinions without conducting a proper investigation.

3. Failing to object to the testimony of Deputy Medical Examiner Karcher summarizing lab reports of others in violation of Mr. McGuffin's confrontation rights under the Oregon Constitution and the United States Constitution.[23]

4. Failing to call John Davison from Forensic Science Service who found the State's theory and evidence in support of the timeline unreliable.[24]

5. Failing to request that hairs found on Ms. Freeman's body be submitted for mitochondrial DNA testing.[25]

6. Failing to request that hairs and insect casings found on Ms. Freeman's clothing be submitted for toxicology testing.[26]

7. Failing to request that a blouse found near the site where the body of Ms. Freeman was found be tested for DNA.[27]

8. Failing to request that a metacarpal and wrist bone found in 2003 near the site where the body of Ms. Freeman was found be tested for DNA.[28]

9. Failing to request or pursue proper testing of a paint chip found on the victim's clothing.

10. Failing to offer into evidence the notes and supporting documentation from the State crime lab that revealed the presence of an unknown male on the victim's shoes.

11. Failing to consult a qualified expert on DNA to review testing completed by the state lab and request other evidence be submitted for DNA testing or re-testing.

---

[23] Trial Transcript D6 229:1-14 (Exhibit 2).

[24] Forensic Science Service Report (Discovery 001515) (Exhibit 4).

[25] Oregon State Police Lab Report (Exhibit 33).

[26] Trial Transcript D6 114:4-8, 121:20-23, 159:9-13 (Exhibit 2).

[27] Coos County Medical Examiner's Report (Exhibit 34).

[28] Coos County Medical Examiner's Report (Exhibit 34).

THIRD AMENDED PCR PETITION- Page **8** of **29**

TARCHIA LAW, P.C.
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

EXHIBIT 8
Page 8 of 30

A number of items that should have been submitted for DNA testing or re-testing are discussed in Mr. McGuffin's memorandum in support of this petition. Because of the intimate relationship between Mr. McGuffin and Ms. Freeman, trace evidence on Ms. Freeman's body or clothing would not be inculpatory. Trace evidence belonging to someone else may, however, be exculpatory. Mr. McGuffin expects that discovery will reveal additional items that should have been tested that may lead to exculpatory evidence and the arrest of the true perpetrator.

**D.     Trial counsel failed to effectively challenge evidence that the State relied on to impugn Mr. McGuffin's character and portray him as a "bad guy."**

Trial counsels' errors include, but are not limited to:

1.  Failing to object to the admission of, or move to exclude in limine or at trial, Ms. Freeman's diary entries that were irrelevant, unduly prejudicial, and inadmissible hearsay.[29]

2.  Failing to object to the admission of, or move to exclude in limine or at trial, Ms. Freeman's letters that were written, but never sent, to Mr. McGuffin that were irrelevant, unduly prejudicial, and inadmissible hearsay.[30]

3.  Failing to object to the admission of, or move to exclude in limine or at trial, testimony that Mr. McGuffin had sex with other women after Ms. Freeman disappeared as the testimony was irrelevant and unduly prejudicial.[31]

4.  Failing to object to the admission of, or move to exclude at trial, the testimony of Richard Bryant and Darius Mede that was offered to establish that Mr. McGuffin had been in jail in 2002 on an unrelated offense.[32]

5.  Failing to cross-examine Brent Bartley on the fact that Mr. McGuffin was talking to Mr. Bartley when Mr. McGuffin said that Ms. Freeman was on the phone with "that bitch,

---

[29] Trial Transcript D9 68:14-82:14 (Exhibit 2).

[30] Trial Transcript D9 68:14-82:14 (Exhibit 2).

[31] Trial Transcript D4 40:16-41:7; D5 24:24-26:16 (Exhibit 2).

[32] Trial Transcript D6 65:5-24, 71:1-72:2 (Exhibit 2).

THIRD AMENDED PCR PETITION- Page **9** of **29**

TARCHIA LAW, P.C.
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

EXHIBIT 8
Page 9 of 30

Sherry Mitchell," when the State suggested through Melissa Smith that Mr. McGuffin was calling Ms. Freeman a "bitch."[33]

6. Failing to cross-examine Cory Courtright about statements that she made to the media about the light on in the victim's bedroom and about statements that she made to McGuffin in a graduation card.

7. Failing to renew Mr. McGuffin's motion in limine to exclude the testimony of, or to cross-examine for bias, Donna Dennis who testified that she saw an altercation between Mr. McGuffin and Ms. Freeman months before Ms. Freeman's disappearance, but Ms. Dennis was unable to identify Ms. Freeman in a photograph during an OEC 104 hearing.[34]

8. Failing to object to the admission of testimony regarding Mr. McGuffin's alleged drug use.[35]

**E.   Trial counsel failed to effectively challenge the State's evidence of alleged admissions of guilt by Mr. McGuffin or actions indicative of a guilty mind.**

Trial counsels' errors include, but are not limited to:

1. Failing to offer as witnesses Maegan Edgerton and Kathy McGuffin to prove that Melissa Beebe, not Mr. McGuffin, said "It's amazing what you can get away with in Coos County, now isn't it?" outside the courthouse in 2003.[36]

2. Failing to investigate and take any action under RPC 3.7(a) in light of trial counsel's role as a possible witness to statements alleged by Ms. Beebe.

3. Failing to offer Ms. Edgerton to testify that David Breakfield admitted to her that he lied and Mr. McGuffin never told him, "I strangled that bitch and I'll strangle you, too."[37]

---

[33] Certification of Petitioner ¶ 6 (Exhibit 8).

[34] Trial Transcript D3 152:16-153:23; D6 25:19-27:13 (Exhibit 2).

[35] Trial Transcript D4 58:5-60:16, 86:19; D5 11:15-22, 24:14-23 (Exhibit 2).

[36] Trial Transcript D6 245:23-246:3 (Exhibit 2); Certification of Petitioner ¶ 8 (Exhibit 8).

[37] Trial Transcript D6 180:11-181:24; 182:5-13 (Exhibit 2); Certification of Petitioner ¶ 9 (Exhibit 8).

THIRD AMENDED PCR PETITION- Page **10** of **29**

TARCHIA LAW, P.C.
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

EXHIBIT 8
Page 10 of 30

4.  Failing to object to the State's improper attempt to refresh Mr. Breakfield's recollection and leading questions to elicit further statements indicating an admission of guilt.[38]

5.  Failing to cross-examine Mr. Breakfield about inconsistencies in his testimony that suggest that Mr. McGuffin's alleged admission of guilt never happened.[39]

6.  Failing to move to strike Mr. Breakfield's testimony after he testified that the statement could have been "about anybody."[40]

7.  Failing to move in limine to exclude Mr. Breakfield's testimony about an alleged admission of guilt when Mr. Breakfield testified at grand jury that "he didn't even know who this guy was or who he was referring to in any way, shape, or form. I did not even know this person."[41]

8.  Failing to offer as a witness Wayne McGuffin who would have testified that he never said, "Oh, they won't find anything from that shoe. It was put there to make them think she was up there," and that Mr. McGuffin never "nodd[ed] his head or something to show he agreed with him[.]"[42]

9.  Failing to object to the State's mischaracterization at trial and in closing of Kristen Steinhoff's grand jury testimony that Mr. McGuffin allegedly threatened Ms. Steinhoff and said she would end up like Leah.[43]

---

[38] Trial Transcript D6 180:20-181:24 (Exhibit 2).

[39] Breakfield 2010 Grand Jury 98:20-99:3 (Exhibit 12); Trial Transcript D6 182:12-13 (Exhibit 2).

[40] Trial Transcript D6 186:14-187:10 (Exhibit 2).

[41] Breakfield 2010 Grand Jury 101:4-9 (Exhibit 12).

[42] Trial Transcript D5 276:14-19, 279:10-13, 56:15-22 (Exhibit 2); Wayne McGuffin 2010 Grand Jury 8:1-18 (Exhibit 13).

[43] Trial Transcript D5 29:10-15; D9 91:17-20 (Exhibit 2); Steinhoff 2010 Grand Jury 137:17-22 (Exhibit 14).

THIRD AMENDED PCR PETITION- Page **11** of **29**

**TARCHIA LAW, P.C.**
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

EXHIBIT 8
Page 11 of 30

10. Failing to cross-examine Ms. Steinhoff or call Ricky Crook to establish that the alleged threat to keep her mouth shut was actually made by Mr. Crook, not Mr. McGuffin, and made in relation to drug dealing by Ms. Steinhoff.[44]

11. Failing to move in limine or cross-examine Tina Mims about her identification of Mr. McGuffin and his father, Bruce McGuffin, as the men who threatened Ms. Steinhoff in her bathroom after Ms. Freeman disappeared.[45]

12. Failing to object to leading questions by the State to suggest that Mr. McGuffin had an anxiety attack on July 2 or 3, 2000, because he was guilty.[46]

13. Failing to object to the State's leading question that misstated facts by suggesting that Mr. McGuffin took Scott Hamilton to the site where Ms. Freeman was found "about a week after Ms. Freeman disappeared," when police reports showed that Mr. McGuffin had gone to the site "one week after Ms. Freeman was found."[47]

14. Failing to discredit the testimony of Tina Mims by arguing in closing that Kristin Steinhoff testified that Mr. McGuffin never threatened her in the bathroom.[48]

**F.     Trial counsel failed to effectively challenge the State's suggestion that Mr. McGuffin cleaned out his Mustang to destroy incriminating evidence.**

Trial counsels' errors include, but are not limited to:

1. Failing to cross-examine the State's criminalist, Ms. Wilcox, about her inventory and photographs of Mr. McGuffin's Mustang in response to the State's suggestion that Mr. McGuffin had cleared any trace of Ms. Freeman from the car.[49]

---

[44] Certification of Petitioner ¶ 10 (Exhibit 8).

[45] Mims 2010 Grand Jury 33:19-24, 35:20-22, 38:9-39:2 (Exhibit 16); Trial Transcript D5 50:6-9 (Exhibit 2).

[46] Trial Transcript D3 66:25-68:16 (Exhibit 2).

[47] Trial Transcript D5 59:16-18 (Exhibit 2); Coquille Police Report of Interview with Scott Hamilton, dated January 25, 2010 (Exhibit 15).

[48] Trial Transcript D5 42:1-8; D9 91:14-20 (Exhibit 2).

[49] Trial Transcript D7 180:2-181:5 (Exhibit 2); Wilcox Transcript of Mustang Examination (Exhibit 17).

THIRD AMENDED PCR PETITION- Page **12** of **29**

TARCHIA LAW, P.C.
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

EXHIBIT 8
Page 12 of 30

**G.      Trial counsel failed to effectively challenge the State's investigation.**

Trial counsels' errors include, but are not limited to:

1.   Failing to cross-examine the State's experts on the fact that they spent only 1.2 hours examining the scene before removing Ms. Freeman's body and spent only 1.3 hours examining the scene after the body was removed, indicating a cursory examination.[50]

2.   Failing to cross-examine the State's experts on the fact that, when, in 2003, they re-examined the site where Ms. Freeman's body was found, they found a metacarpal bone, a wrist bone, and other evidence that may have belonged to Ms. Freeman, suggesting that the initial investigation was cursory and ineffective, and that there may have been additional evidence that was lost, decayed, or destroyed.[51]

3.   Failing to cross-examine the State's experts on the fact that they altered the scene and may have destroyed evidence by using a brush cutter to clear the scene before continuing the search for evidence.[52]

4.   Failing to cross-examine the State's experts on the District Attorney's directive not to examine certain evidence.[53]

5.   Failing to request additional materials in discovery, including the items listed below in Subsection 11, titled "Violations of Discovery and *Brady v. Maryland.*"

6.   Failing to cross-examine the State's experts on soil samples and other items taken from the property of Tom Stemmerman, where police cadaver dogs "indicated on cadaver soil," which investigators believed was indicative of a body having been there and begun to decompose.[54]

---

[50] Oregon State Police Report, dated August 8, 2000 (Exhibit 18).

[51] Coos County Medical Examiner's Report (Discovery 001992) (Exhibit 34).

[52] Oregon State Police Report, dated August 8, 2000, at page 5 (Exhibit 18); Trial Transcript D7 20:21-24 (Exhibit 2).

[53] Oregon State Police Report, dated September 15, 2000 (Discovery 008333) (Exhibit 19).

[54] City of Coquille Police Report (Discovery 003949) (Exhibit 20); Coos County Sheriff's Office Report (Discovery 000153) (Exhibit 21).

THIRD AMENDED PCR PETITION- Page **13** of **29**

TARCHIA LAW, P.C.
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

EXHIBIT 8
Page 13 of 30

7.  Failing to consult, retain, or call an expert on memory science.

**H.    Trial counsel failed to investigate and effectively present evidence of third party guilt.**

Trial counsel failed to effectively investigate and present evidence of third party guilt, including, but not limited to, the following direct evidence of third party guilt:

1.  A Coquille Police Report describing an examination of the property belonging to Tom Stemmerman where police cadaver dogs "indicated on cadaver soil," which investigators believed was indicative of a body having been there and begun to decompose.[55]

2.  Alisa Michaud's confession to others that she had been in the car with Bill Sero and Mr. Stemmerman when they hit Ms. Freeman and later told her mother and her counselor that Ms. Freeman's body "would be found near a stream with a bag over her head."[56]

3.  Evidence of motive on the part of Scott Hamilton and a sighting of a car matching the description of Mr. Hamilton's car on Fairview Road the night that Ms. Freeman disappeared.[57]

4.  Statements made by Ben Stoddard before he allegedly committed suicide.[58]

5.  Statements made by multiple witnesses who saw a suspicious male driving through town and following women prior to and on the day that Ms. Freeman disappeared.

6.  Automotive paint found on Ms. Freeman's shirt that did not match Mr. McGuffin's car.

7.  Evidence of similar abductions and murders near Coquille.

Mr. McGuffin expects that discovery will reveal additional evidence of third party guilt.

Trial counsels' errors also include:

---

[55] City of Coquille Police Report (Discovery 003949) (Exhibit 20); Coos County Sheriff's Office Report (Discovery 000153) (Exhibit 21).

[56] Coos County Sheriff's Office Report of Interview with Alisa Michaud (Discovery 001321) (Exhibit 22).

[57] Witness Statement of Mona Hathaway (Discovery 001113) (Exhibit 23).

[58] Coos County Medical Examiner's Checklist (Discovery 004141) (Exhibit 24); Typed Notes of Witness Information Regarding Ben Stoddard (Discovery 000072-73) (Exhibit 25).

THIRD AMENDED PCR PETITION- Page **14** of **29**

**TARCHIA LAW, P.C.**
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

EXHIBIT 8
Page 14 of 30

8. Failing to properly investigate the third party guilt of Austin Fisher before offering the theory at trial, which was refuted by the State.[59]

9. Failing to object to the State's offer of improper OEC 608 evidence and vouching, which the State used to refute the suggestion of third party guilt of Raymond Lewis.[60]

I. **Trial counsel failed to investigate other leads or call other witnesses who have information to suggest that Mr. McGuffin is innocent and that someone else was responsible for the death of Ms. Freeman.**

Trial counsels' errors include, but are not limited to:

1. Failing to hire competent, effective, and experienced investigators.

2. Failing to investigate or call possible witnesses, including but not limited to:

   a. Kathy McGuffin.[61]

   b. Wayne McGuffin.[62]

   c. Maegan Edgerton.[63]

   d. Sarah Noah.[64]

   e. Daniel Lapine.[65]

   f. Alisa Michaud.[66]

   g. June Taberning.[67]

   h. Helene Durr.[68]

---

[59] Trial Testimony, D4 7:20-8:2, 129:14-19 (Exhibit 2).

[60] Trial Testimony, D3 109:18-110:6 (Exhibit 2).

[61] Certification of Petitioner ¶ 8 (Exhibit 8).

[62] Wayne McGuffin 2010 Grand Jury (Exhibit 13).

[63] Certification of Petitioner ¶ 8-9 (Exhibit 8).

[64] Coquille Police Department Report on Interview with Sarah Noah at page 4 (Exhibit 41).

[65] City of Coquille Police Department Report of Interview with Daniel Lapine at page 3 (Exhibit 50).

[66] Letter from Alisa Michaud (Discovery 001137) (Exhibit 49).

[67] Coquille Police Department Report on Interview with June Taberning (Exhibit 42).

[68] Coos County Sheriff's Office Report on Interview with Helene Durr at page 14 (Exhibit 43).

THIRD AMENDED PCR PETITION- Page **15** of **29**

TARCHIA LAW, P.C.
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

EXHIBIT 8
Page 15 of 30

     i.  Herdnan Cortez.[69]

     j.  Mona Hathaway.[70]

     k.  Erica Davidson.[71]

     l.  Selena Parten.[72]

     m.  Lynn Kennedy.[73]

     n.  Brandon Decker.[74]

     o.  Katrina Standley.[75]

     p.  Joshua Bundy.[76]

     q.  Travis Puckett.[77]

**J.**    **Trial counsel allowed the State to argue a story to the jury that was not based on facts in evidence and was made in violation of Mr. McGuffin's state and federal constitutional rights.**

Trial counsels' errors include, but are not limited to:

1. Failing to object and move to strike the State's comments on Mr. McGuffin's right to remain silent and his credibility, and the use of inflammatory terms, when the State argued in closing:

    a.  "There's something going on.  There's something going on.  Why doesn't the Defendant admit that they're having a dispute that night.  Why doesn't he tell the police about it?  Why does he lie, or admit about it — or, omit it."[78]

---

[69] Coquille Police Department Report on Interview with June Taberning (Exhibit 42).

[70] Mona Hathaway Witness Statement (Exhibit 23).

[71] City of Coquille Police Department Report of Interview with Erica Davidson (Exhibit 51).

[72] Coos County Sheriff's Office Report on Interview with Lynn Kennedy (Exhibit 44).

[73] Coos County Sheriff's Office Report on Interview with Lynn Kennedy (Exhibit 44).

[74] Coquille Police Department Report on Interview with Brandon Decker (Exhibit 45).

[75] Coquille Police Department Report on Interview with Katrina Standley at page 3 (Exhibit 46).

[76] Coos Bay Police Department Report of Interview with Joshua Bundy at page 5 (Exhibit 47).

[77] City of Coquille Police Department Report of Interview with Travis Puckett at page 6 (Exhibit 48).

[78] Trial Transcript D9 85:15-19 (Exhibit 2).

THIRD AMENDED PCR PETITION- Page **16** of **29**

**TARCHIA LAW, P.C.**
**161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051**
**TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM**

EXHIBIT 8
Page 16 of 30

   b.  "Why can't he tell us about that, ladies and gentlemen?" when referencing an argument between Mr. McGuffin and Ms. Freeman.[79]

2. Failing to object to and move to strike the State's vouching and inflammatory opinions in closing argument asking the jury multiple times to "hold the Defendant accountable for what he did to Leah Freeman," that "it's time to show the Defendant that he can't get away with this anymore," and that convicting Mr. McGuffin was "bold," "right," and "just" and it was "[n]ever too late to do the right thing."[80]

3. Failing to object to and move to strike the State's vouching and inflammatory comments to the jury via personal opinion that "We also know he—he did it."[81]

4. Failing to object to and move to strike the State's repeated points in closing argument that improperly shifted the burden to the defense to prove the defense theory.[82]

5. Failing to object to and move to strike the State's argument speculating about Ms. Freeman's last minutes before Mr. McGuffin allegedly killed her, when there were no facts in evidence supporting this argument.[83]

6. Failing to object and move to strike the State's argument based on facts not in evidence and mischaracterizing the testimony when the State argued in closing related to Kristen Steinhoff:

   a.  "The Defendant threatens her.  He says, 'Keep your mouth shut, or you'll end up like Leah Freeman.'"[84]

   b.  "Kristen Steinhoff tells you he switched clothes."[85]

---

[79] Trial Transcript D9 90:7-8 (Exhibit 2).

[80] Trial Transcript D9 63:21-22, 65:6-7, 92:5-6, 92:12-13, 157:1-6 (Exhibit 2).

[81] Trial Transcript D9 140:14 (Exhibit 2).

[82] Trial Transcript D9 137:2-140:23, 143:3-16, 152:3-25 (Exhibit 2).

[83] Trial Transcript D9 155:18-156:13 (Exhibit 2).

[84] Trial Transcript D9 91:18-20 (Exhibit 2).

[85] Trial Transcript D9 90:15-16, 156:8-9 (Exhibit 2).

THIRD AMENDED PCR PETITION- Page **17** of **29**

TARCHIA LAW, P.C.
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

EXHIBIT 8
Page 17 of 30

**K.    Trial counsel failed to challenge the constitutionality of a nonunanimous verdict to convict.**

Trial counsel failed to challenge the constitutionality of a nonunanimous verdict to convict, which violates the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution.

**L.    Trial counsel improperly withdrew a motion to change venue despite a poll showing prejudice.**

Trial counsels' errors include, but are not limited to:

1.  Failing to commission a proper venue poll.

2.  Failing to ensure that the potential jury pool was not tainted through the venue poll.

3.  Withdrawing the motion for change of venue despite the results of the poll showing a tainted venue.

**M.    Trial counsel failed to effectively force the State to carry its burden of proving guilt beyond a reasonable doubt.**

Trial counsels' errors include, but are not limited to:

1.  Failing to inform Petitioner and take any action in light of medical conditions that prevented trial counsel from carrying out their duty to provide competent representation.

2.  Failing to request a jury instruction on "corroboration."

3.  Failing to object to the State's attempts to rely on testimony it knew to be contrary to an objective referent.

4.  Failing to object to an instruction on or move for judgment of acquittal of lesser included offenses.[86]

---

[86] Trial Transcript 1778-80 (Exhibit 2).

THIRD AMENDED PCR PETITION- Page **18** of **29**

**TARCHIA LAW, P.C.**
**161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051**
**TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM**

EXHIBIT 8
Page 18 of 30

**9.**

**Claims for Relief:  Appellate Counsel**

Mr. McGuffin's conviction was wrongfully obtained and is void and his imprisonment is unlawful because Mr. McGuffin's rights under Article 1, sections 10 and 11, of the Oregon Constitution and the Sixth Amendment and the due process guarantee of the Fourteenth Amendment of the United States Constitution were violated in the following incidences, taken individually or cumulatively.  Mr. McGuffin alleges that appellate counsel's acts and omissions listed below fell below an objective standard of performance and resulted in prejudice to Mr. McGuffin.

A.      **Appellate counsel failed to effectively challenge evidence that the State relied on to portray Mr. McGuffin as a "bad guy."**

Appellate counsel's errors include, but are not limited to:

1.  Failing to raise as error the trial court's ruling to allow evidence that Mr. McGuffin was a "druggy" and used drugs after Ms. Freeman disappeared.[87]

2.  Failing to raise as error the trial court's ruling to allow the testimony of Donna Dennis who testified that she saw an altercation between Mr. McGuffin and Ms. Freeman months before Ms. Freeman's disappearance, but Ms. Dennis was unable to identify Ms. Freeman in a photograph during an OEC 104 hearing.[88]

3.  Failing to raise as error the trial court's ruling to allow the testimony of Megan Davidson and Kristen Steinhoff regarding sexual relations with Mr. McGuffin after Ms. Freeman disappeared.[89]

4.  Failing to raise as error the trial court's ruling to admit the diary, letters, and notes written by Ms. Freeman.

---

[87] Defendant's Motion in Limine (Exhibit 26).

[88] Trial Transcript D3 152:16-153:23; D6 25:19-27:13 (Exhibit 2).

[89] Defendant's Motion in Limine (Exhibit 26).

THIRD AMENDED PCR PETITION- Page **19** of **29**

TARCHIA LAW, P.C.
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

EXHIBIT 8
Page 19 of 30

**B.  Appellate counsel failed to effectively challenge evidence of alleged admissions of guilt by Mr. McGuffin.**

Appellate counsel's errors include, but are not limited to:

1. Failing to raise as error the trial court's ruling to allow Melissa Beebe to testify to the statement, "It's amazing what you can get away with in Coos County, now isn't it?" as an alleged admission of guilt.[90]

2. Failing to raise as error the trial court's ruling to allow Tina Mims to testify to alleged threats against Kristen Steinhoff, as an alleged admission of guilt.[91]

**C.  Appellate counsel failed to challenge the sufficiency of the evidence to convict Mr. McGuffin.**

Appellate counsel's errors include, but are not limited to, failing to raise as error the insufficiency of the evidence with which to convict Mr. McGuffin of manslaughter.

**10.**

**Claims for Relief:  Violations of Discovery and *Brady v. Maryland***

Mr. McGuffin's conviction was wrongfully obtained and is void and his imprisonment is unlawful because Mr. McGuffin's rights to discovery under Oregon State law and his rights under the Oregon Constitution and the United States Constitution were violated in the following incidences, taken individually or cumulatively.  Mr. McGuffin alleges that the violations listed below resulted in prejudice to Mr. McGuffin.

The State failed to disclose information, including, but not limited to:

1. Reports of all interviews with witnesses, including, but not limited to, all interviews with John Lindegren, David Breakfield, and Kristen Steinhoff.

2. Complete bench notes from lab personnel.

3. Complete records of lab work, including the communications logs from the OSP Crime Lab and the file of Microtrace.

---

[90] Defendant's Motion in Limine (Exhibit 26); Trial Transcript D6 245:23-246:3 (Exhibit 2).

[91] Defendant's Motion in Limine (Exhibit 26).

THIRD AMENDED PCR PETITION- Page **20** of **29**

TARCHIA LAW, P.C.
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

EXHIBIT 8
Page 20 of 30

4. Complete notes for all police officers who stopped Mr. McGuffin on the night that Ms. Freeman disappeared and were involved in the investigation into her disappearance and alleged murder.

5. Letters written by Alisa Michaud and disclosed during grand jury.

6. The results of polygraphs taken of officers, including Deputy Kip Oswald.

7. Recordings of all interviews and interrogations.

8. Records reflecting chain of custody for all evidence.

9. Records reflecting all examinations of evidence.

10. Video of the crime scene.

11. Notes from briefings of Major Crime Team.

12. The original Death Certificate and affidavit amending it.

13. Recordings of conversations between Officer Zavala and Kristen Steinhoff.

14. Records, including documents, correspondence, video, and audio, related to meetings with and involvement by the "Vidocq Society."

15. Records, including documents, correspondence, video, and audio, related to meetings with and involvement by the ABC television show, "20/20."

**11.**

**Due Process Violations/Prosecutorial Misconduct**

Mr. McGuffin's conviction was wrongfully obtained and is void and his imprisonment is unlawful because Mr. McGuffin's rights under the Oregon Constitution and his right to due process guarantees of the Fourteenth Amendment of the United States Constitution were violated as demonstrated in the following incidences, taken individually or cumulatively. Mr. McGuffin alleges that the violations listed below resulted in prejudice to Mr. McGuffin.

A. **The State offered, or failed to correct, false or faulty evidence on the cause and manner of death.**

The State's errors include, but are not limited to:

THIRD AMENDED PCR PETITION- Page **21** of **29**

TARCHIA LAW, P.C.
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

EXHIBIT 8
Page 21 of 30

1. Misleading the jury on the medical finding of "homicide" when that medical examiner definition does not require any finding of intent and is substantively different from the legal definition.[92]

2. Offering or failing to correct speculative testimony on the cause, manner, and time of death.[93]

3. Failing to consider death by accidental means.

4. Offering false or faulty evidence that Ms. Freeman's body had been rolled down the embankment.[94]

5. Mischaracterizing the testimony to speculate in closing that Ms. Freeman had been strangled to death.[95]

**B.    The State offered, or failed to correct, false or faulty evidence to establish Mr. McGuffin's whereabouts on the night Ms. Freeman disappeared.**

The State's errors include, but are not limited to:

1. Offering or failing to correct the testimony of Jennifer Storts that was given contrary to an objective referent.[96]

2. Offering or failing to correct the testimony of John Lindegren when the State knew that Mr. Lindegren had confused Ms. Freeman and Ms. Mitchell.[97]

3. Influencing the neutral or exculpatory testimony of John Lindegren to falsely create inculpatory evidence.[98]

---

[92] National Association of Medical Examiners, *A Guide for Manner of Death Classification* (1st ed. 2002) at pp.5-8 (Exhibit 3).

[93] Trial Transcript D7 86:3-7 (Exhibit 2).

[94] Trial Transcript D6 222:20-25; D7 19:1-3 (Exhibit 2).

[95] Trial Transcript D9 67:25-68:1; D7 81:24-82:2, 92:25-95:2, 85:2-4, and 85:2-4 (Exhibit 2).

[96] Trial Transcript D4 249:24-251:24; D5 168:15-173:21(Exhibit 2).

[97] Trial Transcript D4 133:23-136:14 (Exhibit 2); Email from Police Chief Dannels to District Attorney Frasier, dated May 12, 2010 (Discovery 001037) (Exhibit 5).

[98] Email from Police Chief Dannels to District Attorney Frasier, dated May 12, 2010 (Discovery 001037) (Exhibit 5).

THIRD AMENDED PCR PETITION- Page **22** of **29**

TARCHIA LAW, P.C.
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

EXHIBIT 8
Page 22 of 30

4.  Misstating the testimony that Mr. McGuffin never called Ms. Freeman's house after 10:00 p.m. to see if she made it home, despite the testimony by Sherry Mitchell and Cory Courtright that Mr. McGuffin called at or about 10:05 p.m.[99]

5.  Suggesting that Ms. Freeman was last seen alive at 9:30 p.m., despite the grand jury testimony of Georgia Grisham who reported seeing Ms. Freeman alive after 10:00 p.m., but before 10:30 p.m.[100]

6.  Offering or failing to correct the testimony of alleged eyewitnesses that was given contrary to an objective referent and used to suggest sightings of Mr. McGuffin that were false.[101]

**C.  The State failed to submit evidence for DNA testing that could have established Mr. McGuffin's innocence and possibly lead to the arrest of the true perpetrator.**

The State's errors include, but are not limited to:

1.  Failing to request that hairs found on Ms. Freeman's body be submitted for mitochondrial DNA testing.

2.  Failing to request other evidence be submitted for DNA testing or re-testing.

3.  Offering false testimony about the results of DNA testing on the victim's shoes.

**D.  The State offered, or failed to correct, false or faulty evidence of Mr. McGuffin's alleged admissions of guilt or actions indicative of a guilty mind.**

The State's errors include, but are not limited to:

1.  Failing to thoroughly investigate Melissa Beebe's allegation that she saw Mr. McGuffin coming out of the courthouse in 2003 on an unrelated matter and he said to her, "It's amazing what you can get away with in Coos County, now isn't it?"[102]

---

[99] Trial Transcript D3 55:24-56:12; D4 75:23-76:10 (Exhibit 2).

[100] Grisham 2010 Grand Jury 14:9-25, 20:3-15 (Exhibit 27).

[101] Trial Transcript D4 231:3-23, 232:17-233:1 (Exhibit 2).

[102] Trial Transcript D6 245:23-246:3 (Exhibit 2).

THIRD AMENDED PCR PETITION- Page **23** of **29**

**TARCHIA LAW, P.C.**
**161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051**
**TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM**

EXHIBIT 8
Page 23 of 30

2. Failing to thoroughly investigate Mr. Breakfield's statement that Mr. McGuffin, in a jealous rage, threatened Mr. Breakfield and told him, "I strangled that bitch and I'll strangle you, too."[103]

3. Failing to correct and arguing that Mr. McGuffin's Mustang had been wiped clean, despite the State's expert's record to the contrary.[104]

4. Suggesting that Mr. McGuffin had cleared any trace of Ms. Freeman from his Mustang, despite the State's expert's record to the contrary.[105]

5. Misstating grand jury testimony that Mr. McGuffin had allegedly threatened Kristen Steinhoff and told her she would "end up like Leah."[106]

6. Misstating facts by suggesting that Mr. McGuffin went to the site where Ms. Freeman was found "about a week after Ms. Freeman disappeared," when police reports showed that Mr. McGuffin had gone to the site "one week after Ms. Freeman was found."[107]

7. Influencing the testimony of Tina Mims through a tainted identification procedure.[108]

**E.    The State argued a story to the jury that was not based on facts in evidence and made in violation of Mr. McGuffin's constitutional rights under the Oregon Constitution and the United States Constitution.**

The State's errors include, but are not limited to:

1. Speculating in closing argument about Ms. Freeman's last minutes before Mr. McGuffin allegedly killed her, when there were no facts in evidence supporting this argument.[109]

---

[103] Trial Transcript D6 80:17-18, 81:12-13, 180:11-181:24, 182:5-13 (Exhibit 2).

[104] Trial Transcript D9 143:19-150:3 (Exhibit 2).

[105] Trial Transcript D7 180:2-181:5 (Exhibit 2); Wilcox Transcript from Car Processing (Exhibit 17).

[106] Trial Transcript D5 29:7-15 (Exhibit 2); Steinhoff 2010 Grand Jury 137:17-22 (Exhibit 14).

[107] Trial Transcript D5 59:16-18 (Exhibit 2); Coquille Police Report of Interview with Scott Hamilton, dated January 25, 2010 (Exhibit 15).

[108] Mims 2010 Grand Jury 38:9-39:2 (Exhibit 16).

[109] Trial Transcript D9 155:18-156:13 (Exhibit 2).

THIRD AMENDED PCR PETITION- Page **24** of **29**

**TARCHIA LAW, P.C.**
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

EXHIBIT 8
Page 24 of 30

2. Commenting on Mr. McGuffin's right to remain silent and his credibility, and the use of inflammatory terms, when the State argued in closing:

    a. "There's something going on.  There's something going on.  Why doesn't the Defendant admit that they're having a dispute that night.  Why doesn't he tell the police about it?  Why does he lie, or admit about it — or, omit it."[110]

    b. "Why can't he tell us about that, ladies and gentlemen?" when referencing an argument between Mr. McGuffin and Ms. Freeman[111]

3. Vouching by asking the jury multiple times to "hold the Defendant accountable for what he did to Leah Freeman," that "it's time to show the Defendant that he can't get away with this anymore," and that convicting Mr. McGuffin was "bold," "right," and "just" and it was "[n]ever too late to do the right thing."[112]

4. Vouching to the jury via personal opinion that "We also know he—he did it."[113]

5. Attempting to improperly shift the burden to the defense to prove the defense theory.[114]

6. Arguing facts not in evidence and mischaracterizing testimony in closing by arguing:

    a. "The Defendant threatens her [Kristen Steinhoff].  He says, 'Keep your mouth shut, or you'll end up like Leah Freeman.'"[115]

    b. "Kristen Steinhoff tells you he switched clothes."[116]

---

[110] Trial Transcript D9 85:15-19 (Exhibit 2).

[111] Trial Transcript D9 90:7-8 (Exhibit 2).

[112] Trial Transcript D9 63:21-22, 65:6-7, 92:5-6, 92:12-13, 157:1-6 (Exhibit 2).

[113] Trial Transcript D9 140:14 (Exhibit 2).

[114] Trial Transcript D9 137:2-140:23, 143:3-16, 152:3-25 (Exhibit 2).

[115] Trial Transcript D9 91:19-21 (Exhibit 2).

[116] Trial Transcript D9 90:15-16, 156:8-9 (Exhibit 2).

THIRD AMENDED PCR PETITION- Page **25** of **29**

TARCHIA LAW, P.C.
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

EXHIBIT 8
Page 25 of 30

**12.**

**Due Process Violations/Law Enforcement**

Mr. McGuffin's conviction was wrongfully obtained and is void and his imprisonment is unlawful because Mr. McGuffin's rights under the Oregon Constitution and his right to due process guarantees of the Fourteenth Amendment of the United States Constitution were violated as demonstrated in the following incidences, taken individually or cumulatively.  Mr. McGuffin alleges that the violations listed below resulted in prejudice to Mr. McGuffin.

**A.     The State relied on police officers, who have documented instances of dishonesty, to lead or be responsible for the investigation in this case.**

The State's errors including, but are not limited to, the hiring and retention, and failure to train and supervise, police officers who have been found to have engaged in misconduct or dishonesty on the job.[117]

**B.     The State compromised the integrity of the physical evidence in this case through improper means and methods of collection, documentation, testing, and preservation.**

The State's errors include, but are not limited to:

1. Compromising the integrity of physical evidence in this case when that evidence was stored in the Coquille Police Department Evidence Vault where evidence from other cases was found during a 2008 audit to have gone missing due to theft by officers who were involved in this case.[118]

2. Compromising the integrity of the physical evidence in this case by collecting, retaining, preserving, storing, and cataloging it contrary to protocol and best practices.[119]

---

[117] Officer Misconduct Records (Exhibit 37).

[118] Oregon State Police Memorandum, dated December 4, 2008 (Exhibit 36).

[119] Trial Transcript D5 218:15-24, 224:8-13; D7 20:21-24 (Exhibit 2).

THIRD AMENDED PCR PETITION- Page **26** of **29**

TARCHIA LAW, P.C.
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

EXHIBIT 8
Page 26 of 30

**C.    The State failed to submit evidence during the investigation for DNA testing that could have established Mr. McGuffin's innocence and possibly lead to the arrest of the true perpetrator.**

The State's errors include, but are not limited to:

1.    Failing to request that hairs found on Ms. Freeman's body be submitted for mitochondrial DNA testing.

2.    Failing to request other evidence be submitted for DNA testing or re-testing.

3.    Failing to request testing of other evidence recovered during the investigation, including soil samples from the property of Tom Stemmerman where police cadaver dogs "indicated on cadaver soil."[120]

**D.    The State influenced the neutral or exculpatory statements by witnesses to create false and inculpatory evidence.**

A number of witnesses have reported that they were pressured or threatened by law enforcement to change their stories in this case.[121]  Several other witnesses have reported that they believed that police officers changed the witness's story in the written report.[122]  Further, witnesses were pressured during the 2000 and 2010 grand jury and were berated by the District Attorney and even prevented from conferring with counsel who was waiting outside.[123]

Mr. McGuffin believes that discovery will reveal evidence of improper influence by the State in this case.

**E.    The State destroyed potentially exculpatory evidence in this case.**

The State's witnesses have testified to conduct that could have altered or destroyed evidence, including, but not limited to:

---

[120] City of Coquille Police Report (Discovery 003949) (Exhibit 20); Coos County Sheriff's Office Report (Discovery 000153) (Exhibit 21).

[121] Certification of Petitioner ¶ 11 (Exhibit 8).

[122] Certification of Petitioner ¶ 12 (Exhibit 8).

[123] Video Excerpt of Brent Bartley 2000 Grand Jury (Exhibit 28); Steinhoff 2010 Grand Jury 129:4-13 (Exhibit 14).

THIRD AMENDED PCR PETITION- Page **27** of **29**

TARCHIA LAW, P.C.
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

EXHIBIT 8
Page 27 of 30

1. Lead Officer David Hall's testimony that he collected Ms. Freeman's clothing and hung them in a rented storage locker with fans on them to make them dry faster, but failed to process the clothing before hooking up the fans.[124]

2. Officer Pex's testimony that Deputy Summers used a brush cutter to clear all brush and weeds around the site where the body was found before the area was thoroughly searched.[125]

3. Medical Examiner Olson's failure to take any fingernail scrapings at autopsy.[126]

4. A videotape collected from the US Bank in Coquille.

F. **The State used improper means in the investigation and publicization of this case.** The State's errors include, but are not limited to, the following:

1. Involving the "Vidocq Society" in the investigation.

2. Involving the ABC television show, "20/20," in the investigation.

3. Failing to disclose the nature and extent of involvement of the "Vidocq Society" and the ABC television show, "20/20," to the defense.

4. Allowing the ABC television show, "20/20," to have what the show called "unprecedented access" to investigative materials.

5. Allowing or authorizing the release of footage related to the police investigation from the ABC television show, "20/20," prior to trial.

## 13.

### Due Process Violation/Insufficiency of the Evidence

Mr. McGuffin's conviction was wrongfully obtained and is void and his imprisonment is unlawful because Mr. McGuffin's rights under the Oregon Constitution and his right to due process guarantees of the Fourteenth Amendment of the United States Constitution was violated when he was convicted on insufficient evidence. The Due Process Clause of the Fourteenth

[124] Trial Transcript D5 218:15-24, 224:8-13 (Exhibit 2).

[125] Oregon State Police Report at page 5 (Exhibit 18); Trial Transcript D7 20:21-24 (Exhibit 2).

[126] Trial Transcript D7 81:1-23 (Exhibit 2).

THIRD AMENDED PCR PETITION- Page **28** of **29**

TARCHIA LAW, P.C.
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

EXHIBIT 8
Page 28 of 30

Amendment protects a criminal defendant against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime charged. The evidence presented at trial cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt.

**14.**

Mr. McGuffin requests that this Court take judicial notice of the court file in Coos County Circuit Court case number 10CR0782 and acknowledge it as Mr. McGuffin's Exhibit 52. Mr. McGuffin reserves the right to submit additional documentary and other evidence in support of his Claims for Relief herein.

Wherefore, Mr. McGuffin prays for a judgment from this Court vacating the judgment entered in the underlying case and granting such other relief as this Court deems just and equitable.

Dated this 24 day of May, 2018

Attorneys for Petitioner:

TARCHIA LAW, PC

/s/ *Emily Elison*
Emily Elison (OSB #103800)
Email: emily@tarchialaw.com

OREGON INNOCENCE PROJECT

/s/ Steven T. Wax
Steven T. Wax (OSB #850120)
Email: swax@oregoninnocence.info

/s/ Janis C. Puracal
Janis C. Puracal (OSB #132288)
Email: jpuracal@oregoninnocence.info

THIRD AMENDED PCR PETITION- Page **29** of **29**

TARCHIA LAW, P.C.
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

EXHIBIT 8
Page 29 of 30

**Certificate of Service**

By signature below, I certify that I served a true copy of this Third Amended Petition and all supporting documents on counsel for Defendant by first-class mail, with sufficient postage, addressed to:

Oregon Department of Justice Trial Division
Attn: Paul Reim
Post-conviction Department
1162 Court Street NE
Salem, OR 97301-4096

on May 24, 2018.

/s/Janis C. Puracal

Janis C. Puracal

Attorney for Petitioner

CERTIFICATE OF SERVICE

TARCHIA LAW, P.C.
161 ST. HELENS STREET • SUITE 105 • ST. HELENS, OREGON 97051
TEL: (503)223-0011 • FAX (503) 994-8730 • EMILY@TARCHIALAW.COM

EXHIBIT 8
Page 30 of 30