IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MALHEUR

NICHOLAS MCGUFFIN , SID # 14504778,   )
                              )
                   Petitioner,   )  Case No. 15CV1030
                              )
         vs.               )
                              )  GENERAL JUDGMENT
MARK NOOTH, Superintendent, SRCI,   )  (Post-Conviction)
                              )
               Defendant.   )

The above-entitled matter came before the court on August 12, 2019 for a Trial on a Petition for Post -Conviction Relief.

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED:

PRELIMINARY MATTERS

At Trial, the Defendant objected to various exhibits by the Petitioner.  The Petitioner filed additional argument and requested clarification on the Courts ruling.  Defendant replied.  The Court, having considered the additional argument, makes the following ruling regarding the Exhibits as listed:

a.  Exhibits 61 (Backman report) and  64 (Microtrace notes) are admitted for the purpose of showing its effect on trial counsel. During trial Exhibit 61 was admitted in Defense Exhibits 103 and 104 and 64 was admitted in Exhibit 103, as attachments to depositions.  This does not constitute an admission of those documents for any and all purposes.

b.  The Exhibits22, 24, 26, 27, 28, 31, 32, 36, 40, 58, 61, 64, 68, 29, and Exhibit 1 to the Declaration of Amanda Szarkowski were admitted for their effect on Trial Counsel and the Court's ruling remains unchanged.

Page 1 – GENERAL JUDGMENT (Post-Conviction)

EXHIBIT 11
Page 1 of 6

e.  Trial Counsel was not inadequate for failing to call Nicole Price as a witness.  (8 D 6) There is no evidence that Price would have added anything that was not covered in the testimony of Brent Bartley.  Price was vague about times, had been drinking, and had no additional information that would have affected the outcome of the trial.  It was not unreasonable for trial counsel, as a matter of trial strategy, to elect not to call her as a witness.

f.  Trial Counsel was not inadequate for not calling Kristy Christoferson and Amanda Landmark to testify at trial. (8 D 7)  Other witnesses testified that they had seen Petitioner looking for the victim at various times and places in Coquille the night she disappeared. Christoferson could not be located at the time of trial.   Ms. Landmark has no memory of what happened that night, where other witnesses who did testify were specific and detailed about seeing Petitioner.  Petitioner is unable to show prejudice for failing to call these witnesses.

g.  Trial Counsel was not inadequate for failing to produce a timeline of petitioner's movements on June 28.  Counsel provided a  timeline in the form of testimony and presented a coherent argument regarding events for the jury.  Counsel did not make a chart or specific exhibit for the jury.  This was a strategic decision, as any timeline in this case will have gaps due to the vague nature of the witness testimony as to specific times, and information from Petitioner could not be included as he chose not to testify.  A timeline could emphasize the time gaps to Petitioner's detriment.  Petitioner is unable to show prejudice.

6.  Claim  (8 E) Ineffective Assistance of Trial Counsel, failure to request, and offer into evidence DNA Evidence (Paragraph 8 E)  is  allowed; The legal basis for relief is that there is more than a mere possibility that counsel's acts or omissions effected the outcome of the case.

a.  Trial Counsel retained the services of Kenn Meneely, as an expert.  Mr. Meneely is not a DNA expert, and trial counsel did not retain one.  This decision was based the conclusions

Page 7 – GENERAL JUDGMENT (Post-Conviction)

EXHIBIT 11
Page 2 of 6

b. Counsel was not inadequate for failing to call Wayne McGuffin to testify. Counsel made a reasonable strategic decision not to call Wayne McGuffin as his testimony could have been detrimental to Petitioner.

9. Claim: Ineffective Assistance of Trial Counsel, failure to effectively challenge the State's evidence regarding cleaning the Mustang (Paragraph 8 H) is denied based on petitioner's failure to establish the merits of the claim. The legal basis for denial of relief is failure to prove factual and legal basis for claim. Trial Counsel employed a reasonable strategy in her cross examination of Kathy Wilcox, and Petitioner is unable to show prejudice in any event.

10. Claim Ineffective Assistance of Trial Counsel, failure to effectively challenge the State's investigation (Paragraph 8 I) allowed regarding the Backman report (Ex 61). The remainder of the claim is denied, based on petitioner's failure to establish the merits of the claim. The legal basis for denial of relief is failure to show factual or legal basis for claim.

a. The Backman report, for whatever reason, was not known to either the State or defense at the time of trial. The report has a Bates stamp on it, but does not appear in the discovery logs, and neither the District Attorney or Trial counsel recall seeing it prior to the PRC proceedings.

b. The information provided by Mr. Backman was favorable to the defense, and directly contradicts the State's witness, John Lindegren, that he saw the defendant with the victim at around nine in the evening. Backman was using an ATM and had the withdrawal slip with a time of 9:04 p.m. He stated he saw the victim walk by while he was using the ATM.

c. While other witnesses saw the victim in the vicinity of the bank that night, their testimony is vague as to time. While this testimony would have corroborated Backman's, it was not duplicative, as none of the other witnesses can provide an exact time.

d. Backman's statement makes it more likely that Lindegren confused the victim and defendant with Ms. Mitchell and her boyfriend. Lindegren is the only witness who

Page 11 – GENERAL JUDGMENT (Post-Conviction)

EXHIBIT 11
Page 3 of 6

been sustained, or that the failure to object effected the outcome of trial. The Trial Court correctly instructed the jury regarding argument. Petitioner has failed to show a legal basis for relief.

14. Claim Ineffective Assistance of Trial Counsel, failure to object to non-unanimous verdict (Paragraph 8 M) is denied based on petitioner's failure to establish the merits of the claim. The legal basis for denial of relief is *State v. Broome*, 276 Or. App.595 (2016) and *Apodaca v. Oregon*, 406 US 404, 92 S. Ct 1628, 32 L Ed 2nd 183 (1972). At the time of Petitioner's trial, State and Federal courts allow a non-unanimous verdict in all crimes but Murder. Petitioner is unable to show prejudice as had Trial Counsel objected to a non-unanimous verdict in the Manslaughter charge, the motion would have been denied by the trial court and the appellate court would have sustained the denial on appeal.

15. Claim Ineffective Assistance of Appellate Counsel, failure to effectively challenge the State's "bad guy" evidence (Paragraph 9) is denied based on petitioner's failure to establish the merits of the claim. The legal basis for denial of relief is failure to show factual and legal basis for the claim. The materials, as noted above, were legally admissible and this issue could not have been raised by trial counsel as plain error.

16. Claim Violation of Discovery and *Brady v. Maryland, 373 US 83, 83 St. Ct 1194, 10 L ed 215 (1963).* is allowed. The legal basis for relief is that had the withheld material been disclosed, there is a reasonable probability that the result at trial would have been different.

   1. Male DNA was detected on the victim's shoes during testing in 2000 that was not the defendants. This information was not disclosed at trial. DNA from another male is material and exculpatory. The basis for this conclusion, the actual forensic analysis (the "bench notes") was disclosed but not interpreted in the report.

   2. In 2000, when the original testing was conducted, it is contended that existing OSP lab protocols did not require disclosure of the DNA in the report, at the discretion of the examiner.

Page 15 – GENERAL JUDGMENT (Post-Conviction)

EXHIBIT 11
Page 4 of 6

Trial counsel's failure to investigate the DNA evidence and hire a DNA expert, discussed above, was a result in large part due to the State's failure to disclose the conclusion that other male DNA was found on the shoes.

8. The District Attorney was laboring under the same lack of information.  This is not a case where the District Attorney, who sincerely and passionately has sought to determine what happened to the victim, deliberately withheld exculpatory information.  Rather, the material from the OSP lab provided information in its report and through the testimony of Kathy Wilcox that created a false impression that no other DNA was found on the shoes.  This failure is a failure to disclosed exculpatory information.

9. The failure to disclose the Nick Backman interview has not been proven.  The District Attorney does not recall the document, but it is Bate stamped and hole punched, so it is reasonable to conclude it was in the discovery matters.

10. If the report was in fact disclosed, but somehow not seen by either the District Attorney or Trial Counsel, it would be a clear failure of defense counsel to investigate and properly present evidence at trial, as the failure to present this information raises the possibility that the result at trial would have been different, as discussed above.

11. The other alleged Brady violations do not rise to the level that had the material been disclosed, it would have been likely to have changed the outcome of the trial or would not have been admissible or led to admissible evidence.

For the claims allowed above, the following relief is granted:  Conviction for Manslaughter I is set aside and the case is remanded to the Trial Court for further proceedings consistent with this order.

This matter involves Federal; and/or  State Constitutional issues.

The court adopts all oral findings made on the record and incorporates them into this judgment.

Page 17 – GENERAL JUDGMENT (Post-Conviction)

EXHIBIT 11
Page 5 of 6

==All questions presented were decided.  This judgment shall constitute a final General Judgment for the purposes of appellate review and for purposes of res judicata.==

DATED this 26th day of  November , 2019.                    Signed: 11/29/2019 04:51 PM


_____

Sr. Judge Patricia Sullivan, Circuit Judge       Circuit Court Sr. Judge Patricia A. Sullivan

Page 18 – GENERAL JUDGMENT (Post-Conviction)

EXHIBIT 11
Page 6 of 6