6/21/2019 7:14 PM
15CV1030

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MALHEUR

NICHOLAS MCGUFFIN,

                  Petitioner,

    v.

MARK NOOTH, Superintendent, SRCI,

                  Defendant.

No.: 15CV1030

FIFTH AMENDED PETITION FOR POST-CONVICTION RELIEF

POST-CONVICTION CASE

Petitioner Nicholas McGuffin, by and through, his attorneys, Janis C. Puracal from the Forensic Justice Project, Steven T. Wax from the Oregon Innocence Project, and Ryan T. O'Connor from O'Connor Weber, petitions this Court as follows:

**1.**

A non-unanimous jury convicted Mr. McGuffin of Manslaughter I as a lesser-included offense of Murder in *State of Oregon v. Nicholas McGuffin*, Coos County Circuit Court case number 10CR0782.[1]  The Honorable Judge Richard Barron presided at trial.

**2.**

On August 1, 2011, Judge Barron sentenced Mr. McGuffin to 120 months in the custody of the Department of Corrections and three years of post-prison supervision.[2]

---

[1] Judgment (Exhibit 1).

[2] Judgment (Exhibit 1).

Page 1– FIFTH AMENDED PETITION FOR POST-CONVICTION
      RELIEF

Forensic Justice Project
333 S.W. Taylor St., Suite 403
Portland, OR 97204
Tel:  (503) 664-3641

EXHIBIT 12
Page 1 of 7

stabbed, had her throat cut, or suffered blunt trauma.  The defense never objected to the speculation, and the State capitalized on the equivocation by creating a story that Mr. McGuffin had strangled Ms. Freeman in anger.  There was no physical evidence to support the State's story.

Instead, the State relied heavily on rumor and conjecture to characterize the relationship between Mr. McGuffin and Ms. Freeman as troubled.  The State further painted Mr. McGuffin generally as a bad guy and relied on false evidence to offer alleged admissions of guilt, some of which were supposedly made to perfect strangers during the course of ten years after Ms. Freeman died.

The State's own timeline at trial contradicts its own theory of the crime.  The defense, however, was not prepared to effectively argue the timeline to the jury or offer additional evidence to confirm Mr. McGuffin's whereabouts on the evening that Ms. Freeman disappeared.  Both the State and the defense failed to investigate objective evidence that could have exonerated Mr. McGuffin and possibly lead to the arrest of the true perpetrator.

Pursuant to ORS 138.580, Mr. McGuffin offers and incorporates the attached first memorandum in support of this petition, which provides helpful context for the claims listed below.

**7.**

**Claims for Relief:  Actual Innocence**

Mr. McGuffin's conviction was wrongfully obtained and is void and his imprisonment is unlawful because Mr. McGuffin is actually innocent of the crime, as discussed in the attached supporting memorandum.

Mr. McGuffin's conviction is in violation of Article I, sections 10 and 16 of the Oregon Constitution, and the Eighth and Fourteenth Amendments of the United States Constitution.

Forensic Justice Project
333 S.W. Taylor St., Suite 403
Portland, OR 97204
Tel:  (503) 664-3641

EXHIBIT 12
Page 2 of 7

**8.**

**Claims for Relief:  Trial Counsel**

Mr. McGuffin's conviction was wrongfully obtained and is void and his imprisonment is unlawful because Mr. McGuffin's rights to effective assistance of counsel under Article 1, sections 10 and 11, of the Oregon Constitution and the Sixth Amendment and the due process guarantee of the Fourteenth Amendment of the United States Constitution were violated.  Mr. McGuffin alleges that trial counsels' acts and omissions, including but not limited to those listed below, taken individually or cumulatively, fell below an objective standard of performance and resulted in prejudice to Mr. McGuffin.

A.    **Trial Counsel failed to effectively challenge the State's conclusions on cause and manner of death.**

Trial Counsel's errors include, but are not limited to:

1. Failing to move in limine to exclude, or object to, the State's expert opinion on the cause and manner of death, as the opinion was offered as false testimony and was speculative and improper under OEC 401, 702, and 403, and Oregon's *Brown/O'Key* test.[5]

2. Failing to cross-examine the State's experts on the medical examiner's definition of "homicide," which does not require any proof of intent and is substantively different from the legal definition.[6]

3. Failing to cross-examine the State's experts on their degree of certainty as to manner of death that was found contrary to the standards set by the National Association of Medical Examiners.[7]

---

[5] Trial Transcript D7 86:3-15 (Exhibit 2).

[6] National Association of Medical Examiners, *A Guide for Manner of Death Classification* (1st ed. 2002) at pp. 5-8 (Exhibit 3).

[7] *Id.* pp. 4-5 (Exhibit 3).

Page 4–  FIFTH AMENDED PETITION FOR POST-CONVICTION
RELIEF

Forensic Justice Project
333 S.W. Taylor St., Suite 403
Portland, OR 97204
Tel:  (503) 664-3641

EXHIBIT 12
Page 3 of 7

4. Failing to object to and move to strike the State's repeated points in closing argument that improperly shifted the burden to the defense to prove the defense theory.[47]

5. Failing to object to and move to strike the State's argument speculating about Ms. Freeman's last minutes before Mr. McGuffin allegedly killed her, when there were no facts in evidence supporting this argument.[48]

6. Failing to object and move to strike the State's argument based on facts not in evidence and mischaracterizing the testimony when the State argued in closing related to Kristen Steinhoff: "The Defendant threatens her.  He says, 'Keep your mouth shut, or you'll end up like Leah Freeman.'"[49]

**M.** **Trial Counsel failed to challenge the constitutionality of a nonunanimous verdict to convict.**

Trial counsel failed to challenge the constitutionality of a nonunanimous verdict to convict, which violates the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution.

**9.**

**Claims for Relief:  Appellate Counsel**

Mr. McGuffin's conviction was wrongfully obtained and is void and his imprisonment is unlawful because Mr. McGuffin's rights under Article 1, sections 10 and 11, of the Oregon Constitution and the Sixth Amendment and the due process guarantee of the Fourteenth Amendment of the United States Constitution were violated in the following incidences, taken individually or cumulatively.  Mr. McGuffin alleges that appellate counsel's acts and omissions listed below fell below an objective standard of performance and resulted in prejudice to Mr. McGuffin.

///

///

---

[47] Trial Transcript D9 137:2-140:23, 143:3-16, 152:3-25 (Exhibit 2).

[48] Trial Transcript D9 155:18-156:13 (Exhibit 2).

[49] Trial Transcript D9 91:18-20 (Exhibit 2).

Page 12– FIFTH AMENDED PETITION FOR POST-CONVICTION RELIEF

Forensic Justice Project
333 S.W. Taylor St., Suite 403
Portland, OR 97204
Tel:  (503) 664-3641

EXHIBIT 12
Page 4 of 7

**A.      Appellate Counsel failed to effectively challenge evidence that the State relied on to portray Mr. McGuffin as a "bad guy."**

Appellate Counsel's errors include, but are not limited to, failing to raise as error the trial court's ruling to admit the diary, letters, and notes written by Ms. Freeman, which were inadmissible hearsay.[50]

**10.**

**Claims for Relief:  Violations of Discovery and *Brady v. Maryland***

Mr. McGuffin's conviction was wrongfully obtained and is void and his imprisonment is unlawful because Mr. McGuffin's rights to discovery under Oregon State law and his rights under the Oregon Constitution and the United States Constitution were violated in the following incidences, taken individually or cumulatively.  Mr. McGuffin alleges that the violations listed below resulted in prejudice to Mr. McGuffin.

The State failed to disclose information including, but not limited to:

1.  Reports of all interviews with witness Nick Backman.

2.  Complete bench notes from lab personnel.

3.  Complete records of lab work, including the DNA results, the communications logs from the OSP Crime Lab, and the file of Microtrace.

4.  The results of polygraphs taken of officers, including Deputy Kip Oswald.

5.  Recordings of all interviews and interrogations.

6.  Records reflecting chain of custody for all evidence.

7.  Records reflecting all examinations of evidence.

8.  Notes from briefings of the Major Crime Team.

9.  Video of the crime scene.

10. The original Death Certificate and affidavit amending it.

///

///

///

---

[50] Trial Transcript D9 68:14-82:14 (Exhibit 2).

Page 13– FIFTH AMENDED PETITION FOR POST-CONVICTION RELIEF

Forensic Justice Project
333 S.W. Taylor St., Suite 403
Portland, OR 97204
Tel:  (503) 664-3641

EXHIBIT 12
Page 5 of 7

**11.**

Mr. McGuffin requests that this Court take judicial notice of the court file in Coos County Circuit Court case number 10CR0782 and acknowledge it as Mr. McGuffin's Exhibit 52. Mr. McGuffin reserves the right to submit additional documentary and other evidence in support of his Claims for Relief herein.

Wherefore, Mr. McGuffin prays for a judgment from this Court vacating the judgment entered in the underlying case, ordering his immediate release or a new trial, and granting such other relief as this Court deems just and equitable.

DATED:  June 21, 2019

Attorneys for Petitioner Nicholas McGuffin

FORENSIC JUSTICE PROJECT

By  /s/Janis C. Puracal
    Janis C. Puracal, OSB #132288
    E-Mail:  jpuracal@forensicjusticeproject.org

OREGON INNOCENCE PROJECT

By  /s/Steven T. Wax
    Steven T. Wax, OSB #850120
    Email:  swax@oregoninnocence.info

O'CONNOR WEBER

By  /s/Ryan O'Connor
    Ryan O'Connor, OSB #053353
    Email:  ryan@oconnorweber.com

Page 14– FIFTH AMENDED PETITION FOR POST-CONVICTION
     RELIEF

Forensic Justice Project
333 S.W. Taylor St., Suite 403
Portland, OR 97204
Tel:  (503) 664-3641

EXHIBIT 12
Page 6 of 7

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2019, I served the foregoing FIFTH AMENDED PETITION FOR POST-CONVICTION RELIEF on the following party at the following address:

>Paul E. Reim
>Department of Justice
>Trial Division
>1162 Court St. NE
>Salem, OR 97301
>Email:  paul.reim@doj.state.or.us

by the court's electronic filing service and by emailing *and* mailing a true and correct copy thereof, certified by me as such, placed in a sealed envelope addressed to him at the address set forth above, and deposited in the U.S. Post Office at Portland, Oregon on said day with postage prepaid.

I also certify that on June 21, 2019, I served the foregoing FIFTH AMENDED PETITION FOR POST-CONVICTION RELIEF to Petitioner Nicholas McGuffin at the following address:

>Nicholas McGuffin
>SID ##14504778
>South Fork Forest Camp
>48300 Wilson River Hwy.
>Tillamook, OR 97141-9799

by mailing a true and correct copy thereof, certified by me as such, placed in a seal enveloped addressed to him at the address set forth above, and deposited in the U.S. Post Office at Portland, Oregon on said day with postage prepaid.

FORENSIC JUSTICE PROJECT


By  /s/Janis C. Puracal
    Janis C. Puracal, OSB #132288
    E-Mail:  jpuracal@forensicjusticeproject.org

Attorneys for Petitioner Nicholas McGuffin

Page 1– CERTIFICATE OF SERVICE

Forensic Justice Project
333 S.W. Taylor St., Suite 403
Portland, OR 97204
Tel:  (503) 664-3641

EXHIBIT 12
Page 7 of 7