**Robert E. Franz, Jr.**     OSB #730915
E-Mail: rfranz@franzlaw.comcastbiz.net
**Sarah R. Henderson**     OSB #153474
E-Mail: shenderson@franzlaw.comcastbiz.net
FRANZ & HENDERSON
P.O. Box 62
Springfield, OR 97477
Telephone: (541) 741-8220
  Attorneys for Mark Dannels, Pat Downing, Kris Karcher, Shelly McInnes,
  Raymond McNeely, Kip Oswald, Michael Reeves, Sean Sanborn,
  Eric Schwenninger, Chris Webley, Anthony Wetmore, Craig Zanni,
  David Zavala, City of Coquille, City of Coos Bay, Coos County, Oregon,
  and the Estate of David E. Hall

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| Nicholas James McGuffin, as an individual and as guardian *ad litem*, on behalf of S.M., a minor, | Case No. 6:20-cv-01163-MTK (Lead Case) |
| Plaintiffs, | |
| v. | **Response to Plaintiffs' Motion for Leave to File a Combined Response to Defendants' Motions for Summary Judgment** by Municipal Defendants |
| Mark Dannels, Pat Downing, Susan Hormann, Mary Krings, Kris Karcher, Shelly McInnes, Raymond McNeely, Kip Oswald, Michael Reaves, John Riddle, Sean Sanborn, Eric Schwenninger, Richard Walter, Chris Webley, Anthony Wetmore, Kathy Wilcox, Craig Zanni, David Zavala, Joel D. Shapiro as Administrator of the Estate of David E. Hall, Vidocq Society, City of Coquille, City of Coos Bay, and Coos County, | |
| Defendants. | |

Page 1 of 8 – Response to Plaintiffs' Motion for Leave to File a Combined Response
     to Defendants' Motions for Summary Judgment

| | |
|---|---|
| Nicholas James McGuffin, as an Individual and as guardian ad litem, on behalf of S.M., a minor, | Case No. 3:21-cv-01719-MK (Trailing Case) |
|       Plaintiffs, | |
|   v. | |
| Oregon State Police, | |
|       Defendant. | |

## Response

COME NOW Defendants Mark Dannels, Kris Karcher, Raymond McNeely, Kip Oswald, Michael Reeves, Sean Sanborn, Eric Schwenninger, Chris Webley, Craig Zanni, David Zavala, City of Coquille, Coos County, Oregon, and the Estate of David E. Hall (hereinafter, the "Municipal Defendants"), by and through their attorneys, Franz & Henderson, and pursuant to FRCP 56, hereby respond and object to Plaintiffs' Motion to File a Combined Response to Defendants' Motions for Summary Judgment for the reasons that (1) Plaintiffs failed to properly confer as required by LR 7-1; and (2) Defendants would be prejudiced by allowing the Plaintiffs 200 pages to respond when all of the other Defendants were limited to 50 pages to respond, especially in light of the fact that all the parties agreed and this Court ordered that Plaintiffs be required to specifically respond to each set of Defendants' Motions with a 50 page limit.

THIS RESPONSE AND OBJECTIONS are made in good faith, not for the purpose of delay, and in the opinion of counsel is well founded in law.

## Legal Memorandum

**I. Plaintiffs failed to imitate a "conference" to resolve the dispute at issue in person or by telephone as required by LR 7-1.**

The Judges in this District have made it very clear that LR 7-1 requires a "conference" in person or by telephone prior to a motion being filed if the motion requires a conferral pursuant to LR 7-1. LR 7-1 (a) (1) provides as follows:

> 1. Except for motions for temporary restraining orders, the first paragraph of every motion must certify that:
>
>> A. In compliance with this Rule, the parties made a good faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so; or
>>
>> B. The opposing party willfully refused to confer; or
>>
>> C. The moving party or opposing party is a prisoner not represented by counsel.

The use of the word "conferences" means exactly that – an actual meeting in person or in a telephone conference in which the participants communicate simultaneously. As defined in the dictionary, conference means:

> **1** a formal meeting for discussion: *he gathered all the men around the table for a conference*.
>
> • a formal meeting that typically takes place over a number of days and involves people with a shared interest, especially one held regularly by an association or organization: *an international conference on the environment | the third annual National Wilderness Conference*.
>
> • *[usually as modifier]* a linking of several phones or computers, so that each user may communicate with the others simultaneously: *a **conference call***.
>
> verb *[no object]*
> take part in a conference or conference call

Further, as stated by a Nevada District Court with a similar rule regarding conferral:

Page 3 of 8 – Response to Plaintiffs' Motion for Leave to File a Combined Response
        to Defendants' Motions for Summary Judgment

> The "conferment" is the second component of performance. It requires a party to have had or attempted to have had an actual meeting or conference. Such an obligation is clear from the plain meaning of the word "confer", which derives from the Latin roots *com* meaning "together" and *ferre* meaning "to bring." Hence, the word literally translates as "to bring together." The Court therefore finds that in order to bring a proper motion to compel under Rule 37(a)(2)(B), a moving party must personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention. *See, Nevada Power Co. v. Monsanto Co.,* 151 F.R.D. 118 (D.Nev.1993).

*Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). And, as stated in *Victor-Perez v. Diamondrock Frenchman's Owner, Inc.*, CV ST-15-CV-387, 2018 WL 1725207, at *3 (V.I . Super. Ct. Apr. 5, 2018):

> "Conferment requires that the moving party 'must personally engage in two-way communication with the non-responding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention.' " Necessarily, these mandates include "honesty in one's purpose to meaningfully discuss the discovery dispute ... and faithfulness to one's obligation to secure information without court action."

The Ninth Circuit agrees that the exchange of mail or emails is not a conference. As to mail, as stated in *Dague v. Dumesic,* 402 Fed. Appx. 218, 219 (9th Cir. 2010):

> Based on the record, the magistrate did not abuse his discretion by holding that the correspondence via mail between the parties did not satisfy the "meet and confer" requirement of Fed.R.Civ.P. 37(a) and D. Nev. R. 26 7(b). *See Shuffle Master, Inc. v. Progressive Games, Inc.,* 170 F.R.D. 166, 171 (D.Nev.1996).

As to email, as stated by Magistrate Judge Youlee Yim You in *Stengel v. Am. Family Ins. Co.,* 3:22-CV-00802-YY, 2023 WL 9063670, at *1 (D. Or. July 7, 2023):

> First, American Family contends that Barker failed to confer as required by LR 7-1(a), which states that parties must make a "good faith effort through personal or telephone conferences to resolve the dispute and have been able to do so." Opp. 2–3, ECF 48. This may be true; it appears that, rather than conferring by telephone or in person, Barker's counsel sent an email to the attorneys, including American Family's attorney, asking them to "please confirm you have no objection and will stipulate or whether a motion to amend will be necessary." Pyasetskyy Decl., Ex. A, ECF 49.

Again, as to emails, as stated in *de Borja v. Razon*, 3:18-CV-01131-YY, 2019 WL 4724317, at *10 (D. Or. Aug. 16, 2019), *report and recommendation adopted*, 3:18-CV-01131-YY, 2019 WL 4723070 (D. Or. Sept. 25, 2019), *aff'd,* 835 Fed. Appx. 184 (9th Cir 2020):

> Second, LR 7-1 requires the parties to certify that they have "made a good faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so...." While plaintiffs' counsel advised defense counsel by email that he intended to seek leave to file a 100-page consolidated brief, there was no conferral about this in person or over the telephone as required by LR 7-1. *See* Decl. of Román Hernández ¶ 7, ECF #53. Plaintiffs are warned that disregard for these and other local rules will not be tolerated from this point forward.

Again, as to emails, as stated by Magistrate Judge Stacie Beckerman in *Estep v. Forever 21 Retail, Inc.,* 3:16-CV-02214-SB, 2019 WL 430884, at *1 (D. Or. Feb. 4, 2019):

> LR 7-1(a)(1)(A) requires that the first paragraph of every motion certify that "the parties made a good faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so." LR 7-1(a)(1)(A). Estep failed to comply with this rule by corresponding via email only. (*See* Jennifer Warberg Decl. ¶ 2, Ex. A at 1, Dec. 31, 2018.)

And as stated in *Coultas v. Payne,* 3:11-CV-45-AC, 2013 WL 1870545, at *2 (D. Or. May 3, 2013), *vac'd and rem'd,* 586 F. App'x 429 (9th Cir. 2014):

> This court has said that an email exchange, alone, does not qualify as meaningful conferral. *See Williamson v. Munsen Paving LLC,* No. CV 09–736–AC, 2010 U.S. Dist. LEXIS 27585, at *, 2010 WL 1063575 (D.Or. Mar. 2, 2010) ("The court wishes to make clear that an exchange of emails, standing alone, does not satisfy Rule 7–1(a).")

And, it is no excuse for failing to request a conference just because the party filing the motion feels the conference would be futile; otherwise, no one would every hold a conference because one party could always say such a conference would have been futile. As stated in by Magistrate Judge Clark in *Couvrette v. Wisnovsky,* 1:21-CV-00157-CL, 2024 WL 5126286, at *2 (D. Or. Dec. 16, 2024):

> Plaintiffs failed to comply with the Conferral Rule. A single vague voicemail is insufficient to qualify as a good faith effort to confer. Moreover, Plaintiffs' contention that any attempt to confer would have been futile is immaterial. The likelihood of success of the conferral in reaching agreement is irrelevant to the requirement to comply with the rule.

In the case at bar, on January 28, 2025, Janis Puracal sent an email to all the parties advising the parties that Plaintiffs were going to file a motion for permission to file a 200-page omnibus brief against the various Motions for Summary Judgment, instead of a direct 50-page response to each Motion for Summary Judgment that was filed. Mr. Franz responded by email that same day basically objecting and saying, "You have got to be kidding me." David Owens responded to my email telling me "It's no Joke."

Thereafter, on January 30, 2025, Meredith Sawyer emailed Janis Puracal and objected; and on that same day, Eric DeFreest emailed Janis Puracal and objected. The State of Oregon did not reply to Plaintiffs.

None of the attorneys for the Plaintiffs made any attempt to set up a telephone conference to discuss the issues; nor did any of the attorneys for the Plaintiffs request any of the Defendants to set up a telephone conference. And, no

in-person conference was ever set up or requested by any of the attorneys for the Plaintiffs.

Instead, on January 31, 2025, the Plaintiffs filed their motion and certified that they complied with the requirements of LR 7-1, when in fact they had not done so because no attempt at any type of conference, much less an in-person or by telephone was ever requested or set up by the attorney for the Plaintiffs. Thus, no conference of any kind has ever taken place.

## II.  Allowing the Plaintiffs to file a 200-page omnibus Brief is Prejudicial to the Defendants.

The Court made it very clear to the parties that each group of Defendants would only be given 50 pages to file a Legal Memorandum in support of their Motions for Summary Judgment, regardless of the number of Defendants in each group. The Court was clear that the Plaintiffs were to then file a direct response to each group, with a 50-page limit. Because the Municipal Group had 13 Defendants, each Defendant was allotted only about 4 pages to address the allegations against them. And, because there are only 2 Plaintiffs, each Plaintiff got 25 pages to file their response against the Municipal Defendants.

Had the Court initially ordered that the Plaintiffs have 200 pages for one brief against all the Defendants, and the Defendants had a total of 200 pages in one brief against the Plaintiffs, none of the Defendants would have needed any more pages, including the State of Oregon, because the Defendants could have filed one set of facts for all of the Defendants and the Defendants could have set forth one set of the law for all of the Defendants, allowing each individual defendant a much greater opportunity to address the issues relevant to them.

Now that the Defendants have filed their motions, the Plaintiffs want a total of 200 pages, to do whatever they want against whoever they want. They can use 2

pages against one defendant and 150 pages against another under the guise of simplification. Or worst yet, they could just not respond to some of the arguments set forth by one group of defendants and save pages for other arguments related to another group of defendants. Both sets of parties, the Plaintiffs and the Defendants, are to be treated the same and the normal rules of responding should be enforced with respect to the already increased page limitations.

It should also be noted that both for purposes of the Motions before the Court and the record on appeal, it is much "cleaner" for the Court to be able to take the Motion of the Municipal Defendants, and then read the direct response to that motion from the Plaintiffs, without trying to read 200 pages to articulate the actual issues be raised against the Motion of the Municipal Defendants. The same is true with the other groups. The factual and legal issues on DNA relating to the State are much different than the factual and legal issues relating to Walters and Vidocq. Writing the opinion as to each group will also be simpler; and in fact, each opinion can come out at different times, because some of the issues as to one defendant may take more time to resolve than an issue related only to another defendant.

For all the above reasons, Plaintiffs' motion should be denied.

DATED: Tuesday, February 4, 2025.

Respectfully submitted,

By:   /s/ Robert E. Franz, Jr.
FRANZ & HENDERSON
**Robert E. Franz, Jr.**
OSB #730915
(541) 741-8220
 **Of Attorneys for Municipal Defendants**