76th OREGON LEGISLATIVE ASSEMBLY--2011 Regular Session

# Enrolled

# Senate Bill 397

Printed pursuant to Senate Interim Rule 213.28 by order of the President of the Senate in conformance with presession filing rules, indicating neither advocacy nor opposition on the part of the President (at the request of Senate Interim Committee on Judiciary)

CHAPTER ................................................

AN ACT

Relating to tort claims against public bodies; amending ORS 30.265 and 65.369.

**Be It Enacted by the People of the State of Oregon:**

**SECTION 1.** ORS 30.265 is amended to read:

30.265. (1) Subject to the limitations of ORS 30.260 to 30.300, every public body is subject to **civil** action [*or suit*] for its torts and those of its officers, employees and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function or while operating a motor vehicle in a ridesharing arrangement authorized under ORS 276.598.

**(2)** The sole cause of action for [*any tort of*] **a tort committed by** officers, employees or agents of a public body acting within the scope of their employment or duties and eligible for representation and indemnification under ORS 30.285 or 30.287 [*shall be*] **is** an action [*against the public body only*] **under ORS 30.260 to 30.300**. The remedy provided by ORS 30.260 to 30.300 is exclusive of any other action [*or suit*] against any such officer, employee or agent of a public body whose act or omission within the scope of the officer's, employee's or agent's employment or duties gives rise to the action [*or suit*]. No other form of civil action [*or suit shall be*] **is** permitted. [*If an action or suit is filed against an officer, employee or agent of a public body, on appropriate motion the public body shall be substituted as the only defendant. Substitution of the public body as the defendant does not exempt the public body from making any report required under ORS 742.400.*]

**(3) If an action under ORS 30.260 to 30.300 alleges damages in an amount equal to or less than the damages allowed under ORS 30.271, 30.272 or 30.273, the sole cause of action for a tort committed by officers, employees or agents of a public body acting within the scope of their employment or duties and eligible for representation and indemnification under ORS 30.285 or 30.287 is an action against the public body. If an action is filed against an officer, employee or agent of a public body, and the plaintiff alleges damages in an amount equal to or less than the damages allowed under ORS 30.271, 30.272 or 30.273, the court upon motion shall substitute the public body as the defendant. Substitution of the public body as the defendant does not exempt the public body from making any report required under ORS 742.400.**

**(4) If an action under ORS 30.260 to 30.300 alleges damages in an amount greater than the damages allowed under ORS 30.271, 30.272 or 30.273, the action may be brought and maintained against an officer, employee or agent of a public body, whether or not the public body is also named as a defendant. An action brought under this subsection is subject to the limitations on damages imposed under ORS 30.271, 30.272 or 30.273, and the total combined**

Exhibit 59, Page 1 of 4

**amount recovered in the action may not exceed those limitations for a single accident or occurrence without regard to the number or types of defendants named in the action.**

[*(2)*] **(5)** Every public body is immune from liability for any claim for injury to or death of any person or injury to property resulting from an act or omission of an officer, employee or agent of a public body when such officer, employee or agent is immune from liability.

[*(3)*] **(6)** Every public body and its officers, employees and agents acting within the scope of their employment or duties, or while operating a motor vehicle in a ridesharing arrangement authorized under ORS 276.598, are immune from liability for:

(a) Any claim for injury to or death of any person covered by any workers' compensation law.

(b) Any claim in connection with the assessment and collection of taxes.

(c) Any claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused.

(d) Any claim that is limited or barred by the provisions of any other statute, including but not limited to any statute of ultimate repose.

(e) Any claim arising out of riot, civil commotion or mob action or out of any act or omission in connection with the prevention of any of the foregoing.

(f) Any claim arising out of an act done or omitted under apparent authority of a law, resolution, rule or regulation that is unconstitutional, invalid or inapplicable except to the extent that they would have been liable had the law, resolution, rule or regulation been constitutional, valid and applicable, unless such act was done or omitted in bad faith or with malice.

[*(4)*] **(7)** [*Subsection (1) of*] This section applies to any action of any officer, employee or agent of the state relating to a nuclear incident, whether or not the officer, employee or agent is acting within the scope of employment, and provided the nuclear incident is covered by an insurance or indemnity agreement under 42 U.S.C. 2210.

[*(5)*] **(8)** Subsection [*(3)(c)*] **(6)(c)** of this section does not apply to any discretionary act that is found to be the cause or partial cause of a nuclear incident covered by an insurance or indemnity agreement under the provisions of 42 U.S.C. 2210, including but not limited to road design and route selection.

**SECTION 2.** ORS 65.369 is amended to read:

65.369. (1) The civil liability of a qualified director for the performance or nonperformance of the director's duties shall be limited to gross negligence or intentional misconduct.

(2) This section does not affect the civil liability of the entity which a qualified director serves.

(3) For the purposes of this section, "qualified director" means a person who serves without compensation for personal services as:

(a) A member of a board or commission of the state or a governmental subdivision for the purpose of setting policy and controlling or otherwise overseeing the activities or functional responsibilities of the board or commission but, notwithstanding ORS 30.265 [*(2)*] **(5)**, the entity is not thereby rendered immune from liability;

(b) An officer, director or member of an executive board for the purpose of setting policy and controlling or otherwise overseeing the activities or functional responsibilities of a nonprofit corporation, unincorporated association or nonprofit cooperative corporation that has as its primary purpose:

(A) Religion;

(B) Charity;

(C) Benevolence;

(D) Providing goods or services at no charge to the general public;

(E) Education;

(F) Scientific activity;

(G) Medical or hospital services at reduced costs; or

(H) Engaging in activities of the nature specified in section 501 of the Internal Revenue Code of 1986, as amended;

(c) A director for the purpose of setting policy and controlling or otherwise overseeing the activities or functional responsibilities of an organization which acts as an advocate for its members and which has as its members individuals or organizations that are:

(A) Members of a particular trade or industry; or

(B) Members of the business community of a particular municipality or area of the state; or

(d) An officer, director or member of an executive board for the purpose of setting policy and controlling or otherwise overseeing the activities or functional responsibilities of a nonprofit corporation, unincorporated association or nonprofit cooperative corporation composed of owners or lessees of units or interests in any condominium submitted to the provisions of ORS 100.005 to 100.625, any planned community as defined in ORS 94.550, any timeshare property as defined in ORS 94.803, any residential cooperative community or any other residential or commercial common interest real estate community.

(4) An otherwise qualified director shall not be considered to be compensated for personal services if the director receives payment only for actual expenses incurred in attending meetings or performing a director's duties or receives a stipend which is paid only to compensate the director for average expenses incurred over the course of a year.

————————

**Passed by Senate April 11, 2011**

..............................................................................
Robert Taylor, Secretary of Senate

..............................................................................
Peter Courtney, President of Senate

**Passed by House May 25, 2011**

..............................................................................
Bruce Hanna, Speaker of House

..............................................................................
Arnie Roblan, Speaker of House

**Received by Governor:**

.......................M.,......................................................, 2011

**Approved:**

.......................M.,......................................................, 2011

..............................................................................
John Kitzhaber, Governor

**Filed in Office of Secretary of State:**

.......................M.,......................................................, 2011

..............................................................................
Kate Brown, Secretary of State

Enrolled Senate Bill 397 (SB 397-A)                                      Page 3

**76th OREGON LEGISLATIVE ASSEMBLY – 2011 Regular Session**     **MEASURE:  SB 397 A**
**STAFF MEASURE SUMMARY**                                        **CARRIER:  Sen. Prozanski**
**Senate Committee on Judiciary**

**REVENUE:  No revenue impact**
**FISCAL:  Minimal fiscal impact, no statement issued**

| | |
|---|---|
| **Action:** | Do Pass as Amended and Be Printed Engrossed |
| **Vote:** | 5 - 0 - 0 |
| **Yeas:** | Bonamici, Dingfelder, Kruse, Whitsett, Prozanski |
| **Nays:** | 0 |
| **Exc.:** | 0 |
| **Prepared By:** | Cheyenne Ross, Counsel |
| **Meeting Dates:** | 3/3, 3/31 |

**WHAT THE MEASURE DOES:**  Allows action based on tort to be brought against officer, employee or agent of public body if complaint alleges that plaintiff entitled to damages in excess of Oregon Tort Claims Act (OTCA) limits. Clarifies that total combined recovery is limited to single occurrence.

**ISSUES DISCUSSED:**
- Measure continues to make OTCA consistent with holding in *Clarke* case
- Measure does not alter public body's duty to indemnify, nor the amount of recovery available, nor the right of appeal direct to Supreme Court on constitutionality of cap
- Amendment clarifies situations involving multiple defendants and makes no substantive change

**EFFECT OF COMMITTEE AMENDMENT:**  Clarifies that total combined recovery is limited to a single occurrence.

**BACKGROUND:**  At common law, a person had the right to sue another individual in tort, but no right to sue a public entity.  The Oregon Tort Claims Act (OTCA) provides a limited statutory right of recovery against public entities, and indemnification rights for its officers, employees and agents.  Functionally, this means that when a lawsuit is brought naming individual employees of a public body, the public body is substituted as the sole defendant and recovery against the public body is capped.

In 2007, recovery against public entities was capped at $200,000.  A substitution occurred as described above in the case of *Clarke v. OHSU*, 343 Or. 581 (2007), which pleaded combined damages in excess of $15 million.  The Oregon Supreme Court held that the plaintiff was denied an adequate remedy as required by the Remedies Clause of the Oregon Constitution, *as to the individual who caused the harm,* because not only was the amount of the remedy inadequate, given the facts of that case, but under the OTCA the plaintiff could only proceed against the public entity.  A claim against a public body is entirely a creature of statute, and may therefore be capped by the legislature, but a tort claim against an individual that was available at common law may not.  When the limited recovery against the public body is not adequate, the claim against the individual cannot be entirely foreclosed by statute.

The legislature responded to the Court's concerns about the inadequate amount of recovery, with Senate Bill 311 in 2009.  Tort recovery limits were raised to $1.6 million per individual and $3.2 million per occurrence, and local government recovery limits were raised to $533,300 per individual and $1,066,700 per occurrence.

Senate Bill 397 A is the legislature's further response to the Court's concern about the elimination of the cause of action against the individual.  It allows a plaintiff to proceed against a named individual or individuals when the amount of damages alleged exceeds the cap, without relieving the public body of its obligation to indemnify.

4/6/2011 8:48:00 AM
*This summary has not been adopted or officially endorsed by action of the committee.*
Committee Services Form – 2011 Regular Session