1

```
 1        IN THE CIRCUIT COURT OF THE STATE OF OREGON

 2              FOR THE COUNTY OF MALHEUR

 3

 4   NICHOLAS McGUFFIN,                )
                                       )
 5        Plaintiff,                   )
                                       )
 6        vs.                          ) No. 15CV1030
                                       )
 7   MARK NOOTH, Superintendent,       )
     SRCI,                             )
 8                                     )
          Defendant.                   )
 9
```

**DEPOSITION OF JANELLE MOORE**

Taken in behalf of the Plaintiff

June 24, 2019

```
 1            BE IT REMEMBERED THAT, pursuant to Oregon
 2   Rules of Civil Procedure, the deposition of JANELLE
 3   MOORE was taken before Lisa J. Pace, Court Reporter
 4   and Notary Public for Oregon, on Monday, June 24,
 5   2019, commencing at the hour of time, the proceedings
 6   being reported in the offices of OSP Forensics,
 7   Clackamas, Oregon.
 8                         -:-
 9                      APPEARANCES:
10   APPEARING FOR THE PLAINTIFF(S)
11   Janis C. Puracal
     Forensic Justice Project
12   333 SW Taylor Street, Suite 403
     Tigard  OR  97204
13   503-664-3641
     jpuracal@forensicjusticeproject.org
14        and
     Brittney Plesser
15   Oregon Innocence Project
     PO Box 5248
16   Portland  OR  97208
     503-944-2270
17   bplesser@oregoninnocence.info
18
     APPEARING FOR THE DEFENDANT(S)
19
     Paul E. Reim
20   DOJ Trial Corrections Lit
     1162 Court Street NE
21   Salem  OR  97301
     503-947-4700
22   paul.reim@doj.state.or.us
23
24   Also Present:  John Comery
25
```

```
 1                          I N D E X

 2

 3  Examinations                                              Page

 4

 5     EXAMINATION BY MS. PURACAL                                4

 6     EXAMINATION BY MR. REIM                                  62

 7

 8  Exhibits

 9  No.        Description                                    Page

10       22    Article Citations                                72

11

12  Information to Produce

13  Page       Line

14

15

16  Instruction by Counsel

17  Page       Line

18

19

20

21

22

23

24

25
```

```
 1                    JANELLE MOORE,
 2   having first been sworn or affirmed, was examined and
 3   testified under penalties of perjury as follows:
 4
 5                      EXAMINATION
 6   BY MS. PURACAL:
 7      Q.   Ms. Moore, thank you for coming.  We'll do
 8   some quick appearances on the record.
 9      A.   Okay.
10           MS. PURACAL:  Janis Puracal from the
11   Forensic Justice Project, representing the
12   petitioner, Mr. McGuffin.  I have with me Brittney
13   Plesser and John Comery from the Oregon Innocence
14   Project.
15           MR. REIM:  Paul Reim representing the
16   superintendent, and I'm from the Department of
17   Justice.
18      Q.   Ms. Moore, you are a forensic scientist in
19   the DNA unit at the Oregon State Police Forensic
20   Division?
21      A.   I am.
22      Q.   Is that your actual title?
23      A.   Yeah, I'm a forensic scientist -- senior
24   forensic scientist.
25      Q.   How long have you been a senior forensic
```

1      A.   Correct.
2      Q.   So what's the relevance of that portion of
3 the protocol with respect to what was reported or not
4 reported in the 2000 testing?
5      A.   So when it says a minimum of 150, peaks
6 above 150 were reported and they were expected to be
7 reported.  It's my understanding that this then left
8 it up to analyst discretion what happens with those
9 peaks that are below 150 but above the detection
10 threshold, so that was 50.
11           So it -- And that's as much as I could
12 glean, really, from that.  It says they may be
13 interpreted with caution, so that's leaving analyst
14 discretion for what they do with those peaks.
15      Q.   So when you say analyst discretion, that
16 means that the analyst could choose to interpret them
17 or choose not to interpret them?
18      A.   That's -- that's my understanding of the
19 protocols at the time, yeah.
20      Q.   Do you know what factors went into that
21 choice of whether to interpret or not?
22      A.   I don't.  I -- Since I came on six years
23 later, I don't know the dynamics or if that ebbed and
24 flowed or if it was an individual preference, I don't
25 know.

1  Q. Do you know if the analyst chose to
2  report -- or, sorry -- chose to interpret those peaks
3  below 150, did they then also have discretion to
4  choose whether to report what they interpreted?
5  A. So I know for sure that those peaks under
6  150 could not be used for statistical estimate, I
7  know that for sure. As far as the reporting, I don't
8  know about that.
9      I don't know if there's any guidance in the
10 protocol either from that time about that either. It
11 wasn't near the detail that we have today in our
12 protocol.
13 Q. And if we do look back at tab number 9 then
14 in that black binder, this is a section of that 2000
15 protocol.
16 A. Okay.
17 Q. And if you look at the second page of that
18 exhibit, that's the page that you're referring to
19 when we talk about peak heights less than 150 --
20 A. Oh, yeah.
21 Q. -- that may be interpreted with caution.
22      And if you look at the next page of that
23 exhibit, it's page 43 of the protocol and it talked
24 about the report writing guidelines. In there it
25 says, "Peaks between 50 and 150 RFU will be

```
 1  State of Oregon        )
                           ) ss.
 2  County of Clackamas)

 3

 4          I, Lisa J. Pace, Court Reporter and Notary
 5  Public, do hereby certify that JANELLE MOORE
 6  personally appeared before me at the time and place
 7  mentioned in the caption herein; that the witness was
 8  by me first duly sworn on oath and examined upon oral
 9  interrogatories propounded by counsel; that said
10  examination, together with the testimony of said
11  witness, was taken down by me in stenotype and
12  thereafter reduced to typewriting; and that the
13  foregoing transcript, Pages 1 to 72, both inclusive,
14  contains a full, true and accurate record of all such
15  testimony adduced and oral proceedings and of the
16  whole thereof.
17          Witness my hand at Lake Oswego, Oregon, this
18  12th day of July 2019.
19
20      OFFICIAL STAMP
        LISA J PACE
21  NOTARY PUBLIC - OREGON
    COMMISSION NO. 952557                    [signature]
22  MY COMMISSION EXPIRES JULY 17, 2020
                            Lisa J. Pace
                            Court Reporter
23                          Notary Public for Oregon
                            My Commission expires 7/17/20
24
25
```