**Robert E. Franz, Jr.**      OSB #730915
E-Mail:  rfranz@franzlaw.comcastbiz.net
**Sarah R. Henderson**      OSB #153474
E-Mail:  shenderson@franzlaw.comcastbiz.net
Franz & Henderson
P.O. Box 62
Springfield, OR 97477
Telephone:  (541) 741-8220
Attorneys for Mark Dannels, Pat Downing, Kris Karcher, Shelly McInnes,
Raymond McNeely, Kip Oswald, Michael Reaves, Sean Sanborn,
Eric Schwenninger, Chris Webley, Anthony Wetmore, Craig Zanni,
David Zavala, Estate of David E. Hall, City of Coquille, City of Coos Bay,
and Coos County, Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

Nicholas James McGuffin,
as an individual and as guardian
*ad litem*, on behalf of S.M., a minor,

        Plaintiffs,

      v.

Mark Dannels, Pat Downing, Susan
Hormann, Mary Krings, Kris Karcher,
Shelly McInnes, Raymond McNeely,
Kip Oswald, Michael Reaves, John
Riddle, Sean Sanborn, Eric
Schwenninger, Richard Walter,
Chris Webley, Anthony Wetmore,
Kathy Wilcox, Craig Zanni, David
Zavala, Estate of Dave Hall,
Vidocq Society, City of Coquille,
City of Coos Bay, Coos County,
and Oregon State Police,

        Defendants.

Case No. 6:20-cv-01163-MTK

**EXHIBIT 5083**
**Declaration of Robert E. Franz, Jr.**
in Support of Municipal Defendants'
Reply in Support of their FRCP
Motion for Summary Judgment

*R. Paul Frasier*

*McGuffin v Nooth*

*May 31st, 2019*



CC REPORTING AND VIDEOCONFERENCING
172 East 8th Ave
Eugene, OR 97401
541-485-0111
www.ccreporting.com

Exhibit 5083
Page 1

IN THE CIRCUIT COURT OF THE STATE OF OREGON

IN AND FOR THE COUNTY OF MALHUER

NICHOLAS MCGUFFIN,                    )

                                      )

          Petitioner,

                                      )   Case No.
      vs.                                 15CV1030

                                      )

MARK NOOTH, Superintendent,
SRCI,                                 )

                                      )

          Respondent.

                                      )

DEPOSITION OF R. PAUL FRASIER

May 31, 2019

Friday

8:19 a.m.

THE DEPOSITION OF R. PAUL FRASIER was taken at the Coos County Courthouse, 250 North Baxter, in the City of Coquille, County of Coos, State of Oregon, before Denise C. Zito Smith, CSR, Certified Shorthand Reporter in and for the State of Oregon.

Exhibit 5083
Page 2

how I do things.  For convenience, I call it trial binder.  That's the way I call it.  But it should have everything in terms of every report I got should be in those binders.

Q.    So every report that you would have gotten over the course of the investigation --

A.    Right.

Q.    -- can be found in the trial binders?

A.    Right.

Q.    There were a couple of different times in some of your letters to Mr. Reim where you mentioned an open file policy.

A.    That's correct.

Q.    What's an open file policy?

A.    Here in Coos County I do not have -- they won't give me money for a discovery clerk, so what we've worked out with the defense bar is if you want discovery you can come in, take our file, and copy it.  Everything in the file is -- you can come in -- if you're the defense attorney, can come in and look at it.

On big cases, homicides, I decide to handle personally the discovery myself.  So anything that comes in I will scan it, make a copy, I'll Bates number it.

Exhibit 5083
Page 3

I'm not sure how good -- Bates numbering was new through Adobe Acrobat, and so early on in the McGuffin case I'm not sure -- I tried to Bates number everything, but I'm not sure I successfully did it, but that's my practice.

And I sent it to the defense counsel because most of them are out of county on homicide, so I personally take care of that. But I also tell them that they're free at any time to come and look at the file and make sure they have everything.

And in this case I made that offer to the McCreas and they came down. They spent all -- it seemed to me, with Joyce Bonk, they spent like a whole day going through those binders. Came down actually in this room and went through the binders.

They found some stuff that I had missed in sending to them and we got them copies.

Q.    What does that look like when you say they come down and look through the file? You put every document that you have into a conference room?

A.    I brought all the binders down here and said, Go for it. And if there's anything --

Exhibit 5083
Page 4

I didn't see anything that I would consider road rash. Now, I didn't go over it with a microscope or anything, but I never saw anything that caused me to believe that she had been hit by a car.

Nobody indicated to me anything that indicated she had been hit by a car or drug along the surface.

Q. You mentioned earlier that you were teaching homicide classes. When did you start teaching those classes?

A. I have been an instructor at the college since 2004 on a variety of things, but the homicide class I started in 2015.

Q. So after this trial ended?

A. Correct.

Q. Okay.

MS. PURACAL: I'm going to hand you another document here. We are up to Exhibit 7.

(Deposition Exhibit No. 7

marked for identification.)

BY MS. PURACAL:

Q. This is a one-page report from the Oregon State Police.

A. No. This would be a tip sheet.

Q. Sorry, tip sheet.

Exhibit 5083
Page 5

A.    Yes.

Q.    My mistake.

Did the Oregon State Police bring this witness to your attention; Nick Backman?

A.    Well, it's a state police form.  Those were the forms that were used.  It's signed by Zanni, so I'm assuming it is Sheriff Zanni who recorded this information.  Well, that is his handwriting.  It's got his signature there, Craig Zanni.

Q.    And I'm sorry, again, Mr. Zanni is from the Coos County Sheriff's Office?

A.    Right.  When we got involved, we needed to -- when we got involved on that Wednesday we were asking the public for help.  We knew there were phone calls coming in.  So we borrowed from the state police their standard tip sheet form.  So it's a state police form.  It doesn't mean the state police filled it out.

Q.    I understand.

A.    And this is signed by Craig Zanni. "Saw victim at 21:00 using the ATM at the Credit Union.  Checked with the Credit Union" --

Q.    Do you remember this witness, Mr. Backman?

Exhibit 5083
Page 6

A.    Not off the top of my head, no.

Q.    Does Mr. Zanni still work for the Coos County Sheriff's Office?

A.    Yeah.  He's the sheriff.

Q.    He's still the sheriff?

A.    Yes.

Q.    Do you know Mr. Burgett at all?

A.    No, I don't.

Q.    I didn't see this document, the one that we have marked as Exhibit 7, I didn't see that in the discovery produced by your office. But I do see across top and across the bottom there's Bates numbers.  This one's got 003247.  Do you see that?

A.    Yeah.

Q.    Is that a Bates number you would have put on there?

A.    Yes, it is a Bates number I would have put on it.

Q.    So when I go to that number in the discovery that you produced, I see a different document.  And I'll give you a copy of the document that I see.  But I'm trying to figure out why there is the same Bates number on two different documents.

Exhibit 5083
Page 7

MS. PURACAL:  We can mark this other one as Exhibit 8.

(Deposition Exhibit No. 8

marked for identification.)

THE WITNESS:  Probably what happened was -- if I can take look at the exhibit.  Okay. That looks like a printout from the assessor's office.

BY MS. PURACAL:

Q.    Exhibit 8 is?

A.    Yes.  I think.  I don't know if it's from the assessor's office or if it's a printout from the case.  Call taker dispatcher; it's probably one of their case management things from dispatch.  I'm just guessing at this point; when I Bates numbered this case I probably didn't do it in one setting, and so I made a mistake about where to start the next batch.

But those numbers, I would have put those numbers -- I was the only one that I'm aware of -- the police department to this day still will not Bates number their reports.  If it's got a Bates number on it, I did it.

Q.    So you would put the Bates numbers on it?

Exhibit 5083
Page 8

R. Paul Frasier

113

A.    Yes.

Q.    And like I said, I didn't see Exhibit 7 in the discovery produced by your office.  So do you Bates number things right before you produce them or do you Bates them right when you get them in?

A.    When I Bates numbered the case, I Bates numbered it back when I did that as part of discovery for the McCreas, all right.

I'd have to go back and look through the tip sheets, but I don't know how that got missed, but I would have Bates numbered it.  What I'm thinking here is I just screwed up on, when I started a next batch, which number to start with.

Q.    Let me go back to Exhibit 8.  When I go towards the end of the writing it says in the comments field, "Possible deceased subject at LOC NFI," and then a little bit above that it's got an address on Lee Valley Road.  It's got a name of Robert Anglin.  This didn't have anything to do with Ms. Freeman though; correct?

A.    No.  I think this is again -- I'm trying to see the date when this was -- it says between the dates of July 19th.  I think what we did was -- is okay -- that would have been before

Exhibit 5083
Page 9