IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


NICHOLAS JAMES MCGUFFIN, as an       )
individual and as guardian ad        )
litem, on behalf of S.M., a minor,   )
                                     )
        Plaintiffs,                  )
                                     )
        v.                           )   No. 6:20-cv-01163-MK
                                     )   (Lead Case)
MARK DANNELS, PAT DOWNING, SUSAN     )
HORMANN, MARY KRINGS, KRIS           )
KARCHER, SHELLY MCINNES, RAYMOND     )
MCNEELY, KIP OSWALD, MICHAEL         )
REAVES, JOHN RIDDLE, SEAN SANBORN,   )
ERIC SCHWENNINGER, RICHARD WALTER,   )
CHRIS WEBLEY, ANTHONY WETMORE,       )
KATHY WILCOX, CRAIG ZANNI, DAVID     )
ZAVALA, JOEL D. SHAPIRO AS           )
ADMINISTRATOR OF THE ESTATE OF       )
DAVID E. HALL, VIDOCQ SOCIETY,       )
CITY OF COQUILLE, CITY OF COOS       )
BAY, and COOS COUNTY,                )
                                     )
        Defendants.                  )
_____)
                                     )
VIDOCQ SOCIETY,                      )
                                     )
        Cross-Claimant,              )
                                     )
        v.                           )
                                     )
MARK DANNELS, PAT DOWNING, SUSAN     )
HORMANN, MARY KRINGS, KRIS           )
KARCHER, SHELLY MCINNES, RAYMOND     )
MCNEELY, KIP OSWALD, MICHAEL         )
REAVES, JOHN RIDDLE, SEAN SANBORN,   )
ERIC SCHWENNINGER, RICHARD WALTER,   )
CHRIS WEBLEY, ANTHONY WETMORE,       )
KATHY WILCOX, CRAIG ZANNI, DAVID     )
ZAVALA, JOEL D. SHAPIRO AS           )
ADMINISTRATOR OF THE ESTATE OF       )

DAVID E. HALL, VIDOCQ SOCIETY,      )
CITY OF COQUILLE, CITY OF COOS      )
BAY, and COOS COUNTY,               )
                                    )
        Cross-Defendants.           )
_____ )
                                    )
NICHOLAS JAMES MCGUFFIN, as an      )
individual and as guardian ad       )
litem, on behalf of S.M., a minor,  )
                                    )
        Plaintiffs,                 )
                                    )
        v.                          )    No. 3:21-cv-01719-MK
                                    )    (Trailing Case)
OREGON STATE POLICE,                )
                                    )
        Defendant.                  )
_____ )


Status Conference

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE MUSTAFA T. KASUBHAI

UNITED STATES MAGISTRATE JUDGE

November 20, 2024

APPEARANCES


FOR THE PLAINTIFFS:

      ANDREW C. LAUERSDORF
      Maloney Lauersdorf Reiner PC
      1111 E. Burnside Street
      Suite 300
      Portland, Oregon 97214

FOR THE PLAINTIFFS:

      JANIS C. PURACAL
      Maloney Lauersdorf Reiner PC
      1111 E. Burnside Street
      Suite 300
      Portland, Oregon 97214

FOR DEFENDANT OREGON STATE POLICE:

      JESSE B. DAVIS
      Oregon Department of Justice
      Trial Division
      100 S.W. Market Street
      Portland, Oregon 97201

FOR DEFENDANT OREGON STATE POLICE:

      KRISTEN HOFFMEYER
      Oregon Department of Justice
      Trial Division
      100 S.W. Market Street
      Portland, Oregon 97201

FOR DEFENDANT MARK DANNELS:

      ROBERT E. FRANZ, JR.
      Law Office of Robert E. Franz, Jr.
      P.O. Box 62
      Springfield, Oregon 97477


FOR DEFENDANT MARK DANNELS:

      SARAH ROSE HENDERSON
      Law Office of Robert E. Franz, Jr.
      P.O. Box 62
      Springfield, Oregon 97477

FOR DEFENDANT RICHARD WALTER:

      ERIC SCOTT DEFREEST
      Luvaas Cobb
      777 High Street
      Suite 300
      P.O. Box 10747
      Eugene, Oregon 97440-2747


FOR DEFENDANT VIDOCQ SOCIETY:

      LISA E. LEAR
      HWS Law Group
      101 S.W. Main Street
      Suite 1605
      Portland, Oregon 97204

FOR DEFENDANT VIDOCQ SOCIETY:

      MEREDITH SAWYER
      HWS Law Group
      1500 Fourth Avenue
      Suite 200
      Seattle, WA 98101

FOR DEFENDANT VIDOCQ SOCIETY:

      LUKE PFISTER
      HWS Law Group
      1500 Fourth Avenue
      Suite 200
      Seattle, WA 98101


COURT REPORTER:   Lindsey A. Weresch, RMR, CRR, CSR
                  United States District Courthouse
                  1000 S.W. Third Avenue, Room 301
                  Portland, Oregon 97204
                  (503)326-8047

(Wednesday, November 20, 2024, 10:20 a.m.)

## P R O C E E D I N G S

(Whereupon, the following proceedings were held in open court:)

THE COURTROOM DEPUTY CLERK:  Good morning, everyone.

THE COURT:  All right.  If you're ready to call the case, Ms. Davies, we can get started.

THE COURTROOM DEPUTY CLERK:  Can we just -- let me see.  Do we have Attorney Lauersdorf?

I just need a roll call real quick.

Attorney Puracal?

MS. PURACAL:  Yes.  Good morning.  Both Mr. Lauersdorf and I are here.

THE COURTROOM DEPUTY CLERK:  Thank you.

Attorney Webb and Attorney Owens?

MS. PURACAL:  They are also for plaintiff.  They will not be appearing today.

THE COURTROOM DEPUTY CLERK:  Thank you.

Attorney Franz and Attorney Henderson, I see you on the line.

MS. HENDERSON:  Yes.  Good morning.

THE COURTROOM DEPUTY CLERK:  Attorney Davis, Attorney Marshal, I see you on -- I see Attorney Davis.

MR. DAVIS:  Yes.  Good morning.  I'm here.  Mr. Marshal is not.  Ms. Hoffmeyer from my office is here as

well.

THE COURTROOM DEPUTY CLERK:  Thank you.

Attorney DeFreest.

MR. DEFREEST:  Yes.  Eric DeFreest present.

THE COURTROOM DEPUTY CLERK:  Attorney Scisciani.

MS. SAWYER:  Mr. Scisciani is not on this call.  I'm Meredith Sawyer, representing Vidocq.  And I also have a colleague on the call, Luke Pfister.

THE COURTROOM DEPUTY CLERK:  Thank you.

And Attorney Lear or Attorney Schubert.

MS. SAWYER:  I'm sorry.  Ms. Lear is also from my office, representing Vidocq.

THE COURTROOM DEPUTY CLERK:  And is she -- is she appearing?

MS. LEAR:  I'm here.

THE COURTROOM DEPUTY CLERK:  Okay.  Thank you.

And what about Attorney Schubert?

MS. SAWYER:  No, she's not appearing.

THE COURTROOM DEPUTY CLERK:  Thank you.

Okay.  Now is the time set for Civil Case Number 20-01163, McGuffin, et al., versus Dannels, et al., and Civil Case Number 21-01719, McGuffin versus Oregon State Police, et al., for a status conference.

THE COURT:  Good morning, Counsel.  Thanks for making yourselves available.  I know it's always a challenge

coordinating our dates and times to get everyone together.  I do have your correspondence outlining some issues for completing discovery.

I understand -- I'm going to try to identify some general topics first.  There's a request to extend expert damage discovery.  Then Municipal Defendants requested an extended deadline for discovery of expert rebuttal reports.  And --

THE COURT REPORTER:  I'm sorry, Counsel.  If you're not speaking, can you please mute.

THE COURT:  Then Vidocq's request to extend the deadline for rebuttal experts in order to conduct an independent medical examination of plaintiffs, and then request to extend the deadline to file motions for summary judgment.

Okay.  Those are the four general topics.  And I'm certain there may be some subtopics to each of those issues.  But, as it relates to just those summaries of the general topics, plaintiffs' counsel, have I overlooked a general topic in identifying our agenda for today, Ms. Puracal?

MS. PURACAL:  No, you have not, Your Honor.  Those are the four I had as well.

THE COURT:  Okay.  And then I won't do a roll call vote here.  I'm tired of those.  So let's go ahead and just simply raise your hand and let me know if you have, from any of the defense counsel, any issues with the characterization of

the general agenda items that I've described.

Again, I'm going to give you all an opportunity to fill in any blanks and cover any of the other bases as we work through the details.  All right.  No one raising their hand. Okay.  So what I'm going to do is try to take the general topics up in the order that I outlined them.

The request to extend expert damage discovery, I understand from State Defendants you had not anticipated that the plaintiffs would designate 11 experts; and, in light of that, there's a request to extend the expert damage discovery. Is that right, Mr. Davis?

MR. DAVIS:  Your Honor, that's correct.  Although my count was actually low.  I believe plaintiffs disclosed 13 experts and not 11.  The -- the deadline for damages discovery was not an issue -- it kind of was raised by others, and so I'll defer to others for that discussion, but -- but that deadline for discovery of these experts is now at issue for experts other than the damages experts as well.

THE COURT:  Okay.  Ms. Puracal.

MS. PURACAL:  Thank you, Your Honor.

For plaintiffs' side, we actually don't believe that we, for plaintiffs, need any further discovery of the experts for the defendants.  We have reviewed their reports.  We believe we understand their opinions, and we do not need to depose them.  So we don't need more time.

I understand the defendants are looking for additional time to do depositions of our experts.  And initially this started with trying to do the damages experts' depositions in December.  It has now morphed into moving more than just the damages, moving substantive depositions of experts into December as well.  And so, to the extent that that is going to impact the entire case schedule, we would object.

THE COURT:  All right.  And I -- there is -- there is an echo going on, so I do want to make sure that I followed everything that you said, Ms. Puracal.  So I'm going to summarize what I understand.  And then please correct me where I got it wrong.

There is not an issue with respect to the damage expert depositions.  Plaintiff is not raising any objections to pursuing depositions relating to damage experts.  Is that right?

MS. PURACAL:  So long as that does not impact the case schedule, we would not have an objection to doing that for the first two weeks.

THE COURT:  In the first two weeks of December, did you say?

MS. PURACAL:  That is what the defendants have identified as the dates that they want to move these depositions.

THE COURT:  All right.  And your experts, whomever

they are that they want to depose, are available in the first two weeks of December?

MS. PURACAL:  I -- well, I should say that one of them they've already got set for this Friday for deposition. And then the other three, I believe, are available next week and then the following two weeks.

THE COURT:  All right.  So however many depositions there are that you've discussed with the defense counsel, you're all on board with those depositions being conducted and completed by the middle of December?

MS. PURACAL:  Correct, Your Honor.  Just so long as it does not move the rest of the case.

THE COURT:  And what is it that you're thinking would happen that would cause it to -- cause these depositions to delay the rest of the case schedule?

MS. PURACAL:  I don't believe that it should, Your Honor.  But my understanding from the defense was that they were also intending to have this move out the rest of the case for summary judgment deadlines.  I understood that these things were connected.

THE COURT:  Well -- so we haven't taken up the issue about summary judgment deadlines or depositive motion deadlines.  Is that what you're concerned about?

MS. PURACAL:  That is what I'm concerned about, yes.

THE COURT:  Okay.  All right.  Is there --

understanding that there is really not much of an objection, or any objection at all, it seems to have been unopposed by plaintiff that these damage -- the expert damage depositions are going to be completed by mid December.  Is there something else that I'm missing on this topic?

Understanding that there's also an outstanding request to extend the summary judgment motion deadlines separate from that.  Just raise your hand and let me know that you're looking to speak so I can -- all right.  Mr. Davis and then Ms. Henderson.

MR. DAVIS:  Thank you, Your Honor.  I guess I want to -- oh, there is an echo.  I'll stand back, I guess.

I want to be clear.  Since Ms. Puracal has stated that -- that she does not -- that plaintiffs don't need the depositions of the State Defendants experts, I want to be clear so that there's no -- you know, no apparent appearance that anything was untoward, that State Defendants continue to gather documents responsive to a subpoena -- to a subpoena that plaintiffs have issued to one of their experts.

The final of those responsive documents are to be produced today.  I want to make sure plaintiffs have an opportunity to review those before they state to the Court definitively that they no longer want to -- that they no longer need to depose the State Defendants' experts.

We had not heard until this call that plaintiffs no

longer needed to take those depositions, so that's news to me. But I want to make sure that they have the information -- sufficient information to make that decision and representation.  So I want to bring that to the Court's attention and to counsel's attention now.

THE COURT:  All right.  Well, let me ask Ms. Puracal.

Ms. Puracal, on that issue that Mr. Davis just raised.

MS. PURACAL:  Thank you, Your Honor.

And I was not aware that there were additional documents coming.  We're happy to review those documents and confirm that we don't need any further depositions of the defendants' experts.  And we can do that when we see those documents today.  I don't believe that it's going to change our position on that.

We don't believe that we'll need additional time.  My position has been that those expert opinions are contained within their report.  And we understand that that's going to be what they would testify to at trial.  So there's not the need to do additional discovery.

THE COURT:  All right.  It appears to me to be quite clear that Ms. Puracal is not likely -- is not going to be seeking depositions of these experts unless something quite substantial is raised in these materials that the plaintiff will be receiving from your office in the next day or so.

MR. DAVIS:  Understood.  I don't expect there to be significant issues raised in those materials, but I wanted to be forthright, to make sure that that was known before that call could be made.

THE COURT:  I'm glad we're definitely covering the details because it's the details that -- it's the penny on the track that derails the train.  So let's pick up all the pennies.  All right.

MR. DAVIS:  From a timing perspective --

THE COURT:  I'm sorry.  Go ahead, Mr. Davis.  What was that?

MR. DAVIS:  Your Honor, your question originally had to do with timing and why -- why is there a connection between the expert discovery and the timing of the motion -- the dispositive motion deadlines.  Excuse me.

It simply is a lot of time and effort to gather the information about the experts, about the plaintiffs' experts as well as the other defendants' experts, to prepare for those depositions, to review the material that has been produced by those experts, pursuant to subpoena, and prepare for those depositions.

That is the -- part of the connection with the dispositive motion deadline.  As I also mentioned in my submission to the Court, State Defendants anticipate asking for some extension of that deadline and have anticipated that since

that was stated to the Court however long ago that was. Approximately two weeks, let's say.

As I stated there, State Defendants continue to work as quickly as they can to comply to make that dispositive motions deadline. We still, as we did then, anticipate asking for a little bit of additional time. And --

THE COURT: So I want to cut to the chase. You're asking for 21 days of an extension. And if I grant it, that would essentially provide everybody a 21-day extension to be able to file dispositive motions, right?

MR. DAVIS: Yes. That's what -- that is what I anticipated at that time. I think at this point I would ask for 28 days. But, yes, that is what I would ask for, to allow completion of those depositions and that deadline.

THE COURT: Ms. Puracal, the objection to a 21-day extension for dispositive motions, in light of the additional discovery that's going to be conducted? It appears to me to be a reasonable amount of time to allow everyone to not -- I mean, to find some balance and sustainability in their practices and lives in the coming weeks, to just be able to accomplish that.

Given that we have a trial date scheduled out next September, I don't see this causing an issue with rescheduling or pushing that out. Any reason why I shouldn't grant the 21-day extension?

MS. PURACAL: Just a couple of things, Your Honor.

First of all, when we set these deadlines, we actually scheduled other cases around these deadlines. So we set, for example, a four-week block to respond to these summary judgment motions based on the Court's scheduling order. And then we started scheduling depositions in other cases after that time, in January (indiscernible).

So we were relying on the Court's scheduling order, and we've been proceeding on that basis. I'm still not clear as to how taking additional depositions of experts is going to impact summary judgment. I haven't heard the connection yet as to how expert discovery is going to set some kind of standard for a legal issue that should be (indiscernible).

THE COURT: I'm just -- I might be speculating a bit, but it seems to be reasonable enough of a speculation to think that the time that it takes to prepare for depositions is time you're not able to perhaps spend on completing your dispositive motions.

And, I mean, if you have sort of a limited number of people working on a case, you can't just simply hand off a matter in a fungible way. So, I mean, it's just a function of accommodating people's schedules, not -- not really about something that needed to be added to motions for summary judgment -- or arguments in motions for summary judgment coming out of these depositions.

So I will grant the extension of 21 days to file

dispositive motions; but I also want to be cognizant of what you've raised, which is that you've had to adjust your other trials' schedules and depositions to accommodate those earlier deadlines.  So if there's a different timing in which you want to be able to file responses, I'm certainly open to that as well.

Would you like to address that now, Ms. Puracal?

MS. PURACAL:  Thank you, Your Honor.

THE COURT:  Or look at your calendar and just submit a proposed date for filing a response, and I'll -- presuming that it's reasonable, then I'll be happy to simply include that in a minute order.

MS. PURACAL:  I would appreciate the latter, Your Honor, if we could look back at our other cases.

THE COURT:  Great.  So if you can, within the next seven days, advise the date in which you want to file a response.  And then replies will be due in accordance with the rule.

So I do know that I may not be giving much attention to any of the defendants' counsel here; so, again, if you do -- actually, Ms. Henderson, you did have your hand raised at one point.  Did you still need to say anything on those issues?

MS. HENDERSON:  Thank you, Your Honor.

It's related, what I was going to bring to your attention.  So I actually was the one who initiated the

conferral on these topics back last month. And I just wanted to make clear what -- what the conferral was.

So at the time -- obviously, it's been mentioned that we were just trying to look at the sheer number of experts that we were going to be dealing with for expert discovery and prioritize to try to get the ones done that were not damages experts first and then, you know, see if the parties were amenable to putting off damages. Obviously, it's evolved since then.

But the other big thing that I was conferring with counsel on was the fact that there was a significant amount of information, in at least the damages experts' reports, that was being relied upon that was not disclosed. So we were requesting at that point -- it appeared that there were -- there were interviews done of the plaintiffs and at least one other individual.

There were diagnostic assessments that were completed. There were self-completed forms from the plaintiffs that were being relied upon in forming these opinions, and those were not included. Our rebuttal damages expert, in conversations with her, said she needs that information in order to be able to rebut what is being said.

Our position was that that information is required to be disclosed by Rule 26. It's information -- obviously information or data that's being relied upon to form those

opinions that we didn't have access to.

So we requested that information.  Plaintiffs represented to us that basically they would not give us that information without a subpoena.  Originally that's why I raised in my e-mail to the Court some guidance on that, because I felt like it was -- it was just delaying.  It was information we should've had upfront with the expert reports.  We did not have it, and we don't believe that we should have to subpoena it.

THE COURT:  Right.  So, Ms. Henderson, I know that that's sort of -- that that falls within that general topic, item number two, that we haven't -- we haven't reached yet.  But I understand that it is somewhat related.

I just wanted to close the loop on item number one and four.  We resolved the issue with respect to the depositions of damage experts and the related issue of extending motions for summary judgment -- dispositive motion deadlines 21 days out from December 17th to January 7th, 2025.

Ms. Puracal, you'll have seven days from today's date to submit to the Court your proposed deadline for filing a response to summary judgment motions.  Is the plaintiff intending on filing motions for summary judgment?

MS. PURACAL:  We are, Your Honor.

THE COURT:  Okay.  So that deadline will be the same as January 7th, 2025, to file your cross motions.  I'm going to operate on the assumption, Ms. Puracal, that you're going to be

asking for a response date beyond the normal time for filing a response. Assuming that to be the case, that will be the same date that responses to the plaintiffs' cross motions for summary judgment will be due from the defendants. And then replies, again, will be -- replies will be due in normal course from the date of those -- those response filings.

MR. DEFREEST: Your Honor --

THE COURT: With respect to item number two, defendants' request to extend the deadline for discovery of your expert -- the rebuttal reports, and you're asking for the underlying information or data or questionnaires that the -- the plaintiffs' experts relied on in rendering their opinions. Is that a generally -- is that accurate -- is that summary generally accurate?

MS. HENDERSON: Yes, Your Honor. That's accurate. And, just to be clear, I want to make sure that you're aware that at this point we have now received that information, shortly after we requested it and we were told we could not have it without a subpoena.

The State Defendants subpoenaed that information. So as of late in the day on Friday, end of last week, we received, I believe, the last of that information. And I was able to convey it to our expert, what she needs to review. So at this point I -- it sort of mooted the issue, since that happened after I made that request.

And now that we have that information, I think we are in a position to be able to disclose a report from our expert in enough time to complete her deposition, if the plaintiffs want it, by the end of the second week of December.

THE COURT:  All right.  No issue for me to decide on those rebuttal -- on the underlying materials that were used in the plaintiffs' expert reports?

MS. HENDERSON:  That's correct, Your Honor.  I believe that issue has become moot, since we've received those materials last week.  The only thing --

THE COURT:  Well, that was the one topic that I spent the most time preparing for.

MS. HENDERSON:  That's always how it works.

THE COURT:  I think you're right.  So, fine, that's great.  No issue to resolve.

Ms. Puracal, are you on the same page with respect to what Ms. Henderson described?  I mean, the materials that they requested are now in their hands.  There'll be a report that may be generated, for which you'll have an opportunity to depose the expert about.

MS. PURACAL:  We would still oppose the extension of the rebuttal report for a couple reasons.  One, the name of this expert was disclosed.  The defendants disclosed the name of their experts when the primary expert reports were due on October 7th, and so we were aware of who that expert is.

I don't believe she is an actual rebuttal expert. She's not going to actually rebut the opinions of our expert. They are raising a new issue, a new separate issue. That is distinct from a rebuttal expert. So I don't believe that that is a rebuttal expert.

The second issue I have is that -- Judge Acosta talked about this in one of his rulings, about how unfair this is and how it is not harmless to lay and wait, have the other side disclose their primary expert and then turn around and get additional time to disclose (indiscernible).

What it does is it creates a situation where we've disclosed our hand, right?  We've played our hand, and now they're going to play a new hand.  And we don't have the opportunity -- our experts can't (indiscernible).

THE COURT REPORTER:  I'm sorry.

THE COURT:  Hold on a minute, Ms. Puracal.  I think our court reporter is indicating that you're -- the audio is not picking up.  Is there a different microphone that you're able to use?  And while I haven't been able to test anybody else's microphone, other than Mr. Davis' and Ms. Henderson's, yours seems to be having the -- the most sort of choppy audio transmission.

MS. PURACAL:  I apologize, Your Honor.  I am in a hotel room in Albany, New York.  And so I am struggling a little bit with Wi-Fi.

THE COURT:  Okay.

MS. PURACAL:  But I will try to fix it.

THE COURT:  All right.  So if I understand your position correctly, then, Ms. Puracal, that this rebuttal expert -- have they been identified, and has a report been generated from this --

MS. PURACAL:  The report has -- the name has been disclosed, but the report not generated.

THE COURT:  And you're objecting to this being an appropriate rebuttal report because, in essence, it's basically a new -- it's a disclosure of a new expert?

MS. PURACAL:  That's correct, Your Honor.

THE COURT:  Okay.  Ms. Henderson.

MS. HENDERSON:  Yes.  Thank you, Your Honor.

I -- just to be clear, when we originally asked, as to the -- the purpose of this expert, she was -- she was -- her identity was disclosed.  And I made clear to Ms. Puracal that she was a rebuttal expert; and that we simply disclosed her from the outset because we knew we were dealing with a short amount of time, and we did not know how many experts we were going to have to deal with.

And I felt it was appropriate to disclose her because we had already retained her, just for planning purposes, so everyone knew, you know, we're only dealing with one expert from our side.  That was just a -- trying to get ahead of the

game for everyone's sake.

As to the topic of her potential testimony, it is rebuttal. It's as to the cause of psychological damages to both plaintiffs. You know, the plaintiffs have disclosed, I believe, four or five different psychiatrist or psychologist experts that are testifying as to the cause -- at least some of them -- of psychological damages that both plaintiffs are alleged to have -- have endured.

And her testimony is going to address that exact thing. She's going to say -- you know, their damages experts are saying that the alleged damages are caused by this. And she's going to say, "No. In my opinion, they're caused by something else, if they exist at all." So that's -- that's why we identified her as a -- as rebuttal.

THE COURT: And you disclosed this expert at the time of initial disclosures?

MS. HENDERSON: Not at initial disclosures in the case, but as -- along with the principal expert disclosures.

THE COURT: Okay. All right. Ms. Puracal, where is it that you understand that the disclosure of this rebuttal expert may have fallen afoul -- have run afoul of the rules for expert disclosure and discovery?

MS. PURACAL: It should've been disclosed as a primary expert at the October 7th deadline for primary experts. That would be -- this is a brand-new topic. She is not being

retained or offering an opinion to rebut the opinions of our experts.  She's raising a brand-new theory as to causation of damages.

THE COURT:  Okay.  So if it had been -- if Ms. Henderson's client had disclosed this expert at the initial expert disclosures -- expert discovery disclosures, you would've had an opportunity to submit a rebuttal?

MS. PURACAL:  That's correct, Your Honor.

THE COURT:  Okay.  All right.  Anything else on this particular issue?

I understand that the materials are not an issue. Ms. Henderson, you have them.  Your expert has them.  The issue really has somewhat transitioned to whether I should allow this -- this expert to provide a rebuttal opinion.

MS. HENDERSON:  That's correct, Your Honor.  And, to be clear, in our conferral we made it clear to plaintiffs' counsel that we wouldn't object to them supplementing, if necessary; if they truly believe that there's something new that she's testifying to, that they -- they should be -- be allowed to rebut.  We have no objection to that.  And we represented that to them initially when we conferred.

THE COURT:  All right.  Are there any other defendants doing something similar to that which the Municipal Defendants are doing with the expert reports, expert opinions?

All right.

MR. DAVIS:  This is Mr. Davis.  We are not.

THE COURT:  All right.  Thank you.  And I note that everybody -- any of the defense counsel here kind of shook their head as in they're not going to do so.

All right.  Well, now you are now locked in.  You can't do what Ms. Henderson did.  So -- all right.  So on this one issue, I will allow the report and the expert to go forward.

Ms. Puracal, you'll have an opportunity to submit a rebuttal report.  And I'd like to see -- within seven days, submit whatever time you may want to do so.  And we'll address the taking of this deposition outside -- you know, if it's necessary, outside of the December 13th deadline for completing the remaining expert discovery so that you'll have ample time to explore the issues that have been raised by this report.

MS. PURACAL:  And, Your Honor, if I could just add, we would like to (indiscernible).

THE COURT:  You would like to depose the expert?

MS. PURACAL:  Yes.

THE COURT:  Okay.  And do you think it could be done within the December 13th time frame?

MS. PURACAL:  I guess I don't know when the expert report is coming, so I --

THE COURT:  Oh, you're right.  We don't have it yet.  So you're reserving your right to depose the expert.  Your

right is reserved.  Once you receive the -- once you receive the report, then I'll just ask that you and Ms. Henderson confer and figure out a time that's reasonable to take the deposition, if that's what you still want to do.

And it will not be confined to the December 13th deadline.  I'll allow you to figure that out.  I think you're perfectly -- all of you are perfectly capable of working through that detail without me involved.

All right.  So that's items one, two and three, I think.  No.  One, two and four.  Number three is Vidocq's request for an IME.

All right.  Vidocq.

MS. SAWYER:  Yeah.  Good morning, Your Honor.  That request was actually being made by all defense counsel.

THE COURT:  Okay.

MS. SAWYER:  I was just the spokesperson.

THE COURT:  So everyone else stepped back, and you stayed right where you were and got stuck with having to argue this.

MS. SAWYER:  Well, it's fine.

THE COURT:  All right.

MS. SAWYER:  We had decided to --

THE COURT:  So the primary argument, and the thing that I'm considering -- so I'm going to try to show you what cards I have so you have an idea of what I'm thinking.  I'm not

inclined to allow an IME at this late stage.  It could've done well -- far before this time, near the close of discovery.  So help me understand why it could not have been requested and conducted over the last year that discovery's been underway.

MS. SAWYER:  Well, I guess I don't really need to go that far because we have decided to forego our request to have an IME done.

THE COURT:  See, this was the other one that I spent a lot of time doing research on and getting ready for.

MS. SAWYER:  My apologies.

THE COURT:  That's just in jest.  If it's no longer an issue, then we don't need to waste our breath on it.

MS. SAWYER:  Thank you, Your Honor.

THE COURT:  So the IME is withdrawn -- the IME request is withdrawn.

I was expecting a four-hour hearing, but apparently no one else wants to go the distance today.

Mr. Franz, he showed up just in time to tell me he was ready to go all eight rounds.

MR. FRANZ:  Well, Your Honor, I haven't seen you for a while, and I wanted to make sure you're okay.  So, you know, I want you to be happy.  And you look happy.

I just had one other issue.  We have the damage experts being delayed.  And we're separating the experts. We're calling them damage experts and then substantive experts.

We had a deposition of a substantive expert set for last week, and they canceled that one because I think her mother was ill or something.  So that deposition has to be reset.

And then I think there were a couple other substantive experts that the State wanted to take.  So I just want to know:  Can we include damage and the remaining substantive experts for the due date of December 12th?

MS. HENDERSON:  December 13th.

THE COURT:  I mean, I have no issue with getting it done, as long as it works with everybody's schedule.

And if, you know, Ms. Puracal, that works for you or -- that's fine with me.  Tell me your thoughts, Ms. Puracal.

MS. PURACAL:  I just want to make sure that I have the question correct.  Is the question can we take these other -- the defendants would like to take these other substantive depositions without moving that December 13th deadline?

MR. FRANZ:  Correct.

MS. PURACAL:  Yes, that's fine with us.

THE COURT:  Okay.  So --

MS. PURACAL:  As long as --

THE COURT:  Go ahead, Ms. Puracal.

MS. PURACAL:  Sorry, Your Honor.  As long as it works with the (indiscernible).

THE COURT:  All right.  So I'm going to summarize.

Ms. Puracal, your audio is not working as well.  And so I do want to make sure that the -- that our court reporter has a summary of the understanding.  I'm going to summarize it.

As I understand it, Ms. Puracal, you have no issue with getting the other substantive expert depositions completed by December 13th deadline, as long as you can secure their -- their appearance and it works within their schedules.

And if not, is there another -- is there another deadline date for completing depositions -- expert depositions?

MS. PURACAL:  No, Your Honor.  I would like to end discovery at some point.  We've been doing this now for four-and-a-half years.  So there's got to be an end.

THE COURT:  Fair enough.  So if there's -- I mean -- and really I think the ball is somewhat in your court, in that if you can get your -- get the substantive experts scheduled for before December 13th, great.  But I'm kind of giving you some -- some flexibility with telling me when you'd like to get them done, if they aren't available before December 13th, because I think they're your experts, not the defendants' experts, that we're talking about here.

MS. PURACAL:  Correct.  We're talking about our experts.  And we will make every effort to make them available before the 13th.  I just don't want to keep going after that date.

THE COURT:  And I agree.  There is -- there is --

there is no reopening of discovery, other than that which may flow from Ms. Henderson's rebuttal expert that you will have a right to depose.

Beyond that, I am not suggesting any more leeway to, you know, developing more -- more discovery beyond the depositions that need to be completed. So I just -- I mean, I'm happy to set a -- some kind of a deadline by which these depositions have to be completed, but I'm deferring to your experts' schedules.

So, I mean, do you want me to set just a general date out by January 1st, 2025, that depositions of all experts will be completed -- all substantive experts will be completed? Because I understand that the damage experts will be completed by December 13th.

MS. PURACAL:  I would actually prefer the December 13th deadline, and we will work very hard to get them all done within that time.

THE COURT:  Okay.  All right.  December 13th --

MR. DEFREEST:  Your Honor.

THE COURT:  Mr. DeFreest.

MR. DEFREEST:  Sorry.  I was trying to raise my hand electronically.  I'm not adept at this.

THE COURT:  Yeah.

MR. DEFREEST:  I am -- from a timing standpoint, I'm just advising all, as I believe I've had discussions with some

of the counsel already, I'm in trial December 11th, 12th, 13th, which then compresses the schedule because -- if the deadline were to be set the 13th.  And so I would respectfully propose it be the following week, just in case of -- trying to juggle schedules.

THE COURT:  Well, that puts it out to December 20th if -- I mean, but -- well, how many -- how many depositions have -- have already been scheduled?  Are they on the books?  Or is that still in the works?

MS. SAWYER:  Four depositions have been taken so far.

THE COURT:  All right.  And how many are left?  Are all -- Ms. Puracal, how many more depositions are left to be completed?

MS. PURACAL:  I believe that the defense wants to take another seven depositions.

THE COURT:  Okay.  Assuming that's -- I mean, assuming everyone's agreeing to that, that that's the number, is it possible to get them done before December 11th, before Mr. DeFreest is unavailable?

MR. FRANZ:  Your Honor, I think we have four set now.

Don't we, Ms. Puracal?

MS. PURACAL:  I believe that's correct.

THE COURT:  Are any of them in that -- that window in which Mr. DeFreest is already not available?

MR. FRANZ:  No.

MS. PURACAL:  None of them --

MR. FRANZ:  We have one set the 22nd.  We have two set the 25th of November.  We have one set the 26th of November.

THE COURT:  Okay.  All right.  And what are the odds of being able to complete the remaining before December 11th, Ms. Puracal?

MS. PURACAL:  I think that it is possible.  I'm thinking of one of our experts, in particular, who may not be available in that time frame.  And so it may be that we have to take hers on the 12th.

THE COURT:  Okay.  And, Mr. DeFreest, I understand that Ms. Coffin from your office is also on this case.

MR. DEFREEST:  She is, Your Honor.  And we will do our best to work with everyone for scheduling.

THE COURT:  Okay.  Given there's been substantial progress in getting all of these scheduled, I'm going to keep the December 13th date in place.  I'm not going to move it further out.  And also understanding that Mr. DeFreest also has some -- has co-counsel from his office that also can step in and -- and take up the depositions, we'll continue to move as we planned.

December 13th, it is.  And do everything that you can to, if you can, keep them out of that window, if possible.  But if not, then -- then Mr. DeFreest has coverage for -- for his

participation.

All right.  Anything else that -- from the issues that have been identified in your -- your correspondence on the discovery matters?

I do note that I have -- I believe the motion and briefing has been completed on the spoliation sanctions motion. Is that right?  That's now under advisement.  I'll take a look at it and determine whether oral argument is necessary. Otherwise, I'll issue an opinion on the briefs.

MR. DEFREEST:  Your Honor?

THE COURT:  Yes.

MR. DEFREEST:  On the briefing of the motions for summary judgment, when this was originally scheduled by your minute order in August, there was the premise that the plaintiffs -- or the responding parties would have four weeks, and then the replies would be approximately three weeks thereafter.

It was an adjustment from what the FRCPs would normally have, as well as there being leave to have the extended page documents or extended page motions.  And I just wondered if the Court was going to follow that same sort of guideline or revert back to the rule itself.

THE COURT:  Thank you for bringing that back to my attention.  And I do not want to issue inconsistent rulings. That previous ruling should remain in place.  I recognize that

there are quite a few moving parts and issues that are going to be raised in motions for summary judgment, and there'll be additional time needed for filing responses.

But there is a slight difference, in that I'm -- I've extended the deadline 21 days for the filing of motions.  I -- to the extent -- Ms. Puracal, you're asking for more time than that which was earlier described in my previous minute order, that's fine -- I mean, asking for less time.  It'll just revert then to the time provided in my earlier minute order.

So I'm very happy to extend that amount of time to accommodate the schedules -- filing the responses to -- I'm very happy to extend the filing -- the filing date for responses to accommodate your schedules.  And then the replies will be due pursuant to the minute order.

So if I provided additional time for everyone to file replies to people's responses, that rule remains in place.  So the FRCP date times do not apply.  And then, you know, without specifically remembering, but generally understanding that I would've done this, which was to allow you additional page limits that -- that will not be -- my minute order remains in place on the page limit issues.  All right.

MS. PURACAL:  Your Honor, I just -- one clarification.  What your minute order said with respect to the page limits was that the State Defendants had an extended page limit.  And I just want to make sure that that's clear that it

would apply to all parties.

THE COURT:  Well, so I want to make sure I understand your question, Ms. Puracal.  Are you asking that -- you're wanting to confirm that it only -- it only relates to the -- it only remains pertinent to the State Defendants, or are you asking that it be open to everybody?

MS. PURACAL:  I'm asking that it be open to everyone.

THE COURT:  Mr. Davis, do you remember:  How many more pages did I say you could file?

MR. DAVIS:  Your Honor, I believe you approved 50 pages.  State Defendants don't have an objection to other parties using the same extended page limit.

THE COURT:  All right.  So whatever the amount that I -- that I authorized for the State, I'll allow for all -- all parties.  But it's one -- it's one motion, right?  I'm not -- so each -- each party gets to file one motion, 50 pages in length.

I'm not -- and if -- now I'm having some -- some recollected memories of Mr. Franz at one point suggesting he was going to file multiple motions that may have consisted of multiple pages themselves.  And if I ring true to my -- my own references to science fiction and fantasy, I think I said something to the effect of "one ring to rule them all," that meaning one motion to address all issues, 50 pages in length.

Okay.  All right.  And then once I have your motions,

we'll schedule oral argument 'cause I just want to see you all in person, 'cause, like Mr. Franz, I miss you all.  I want to make sure you're okay.

All right.  Okay.  Anything else that we need to take up?

MS. PURACAL:  Nothing for plaintiffs, Your Honor.

THE COURT:  All right.  Thank you, Ms. Puracal.

MS. SAWYER:  Nothing for defendants.

THE COURT:  Anything for defendants?

All right.

MR. DAVIS:  Nothing.  Thank you.

THE COURT:  Thank you all for your patience in working through these details.  I look forward to -- I may end up scheduling oral argument on sanctions motions, so we'll see how that plays out.  I'll let you know shortly.  And once your discovery is completed, I'll get your -- your motions -- cross motions for summary judgment early this coming year, and we'll keep moving along to our trial date in September.  All right.

MS. SAWYER:  Thank you, Your Honor.

THE COURT:  Be well.

MR. DAVIS:  Thank you.

* * *

(Court adjourned, 11-20-24 at 11:07 a.m.)

C E R T I F I C A T E

Nicholas James McGuffin, et al., v. Mark Dannels, et al.

Case No. 6:20-cv-01163-MK

and

Nicholas James McGuffin, et al., v. Oregon State Police

Case No. 3:21-cv-01719-MK

Status Conference

November 20, 2024

I certify, by signing below, that the foregoing is a true and correct transcript, to the best of my ability, of the videoconference proceedings heard via videoconference, taken by stenographic means.  Due to the audio-visual connection, parties appearing via speakerphone or cell phone, speakers overlapping when speaking, speakers not identifying themselves before they speak, the speaker's failure to enunciate, background noises and/or other technical difficulties that occur during videoconference proceedings, this certification is limited by the above-mentioned reasons and any technological difficulties of such proceedings.

A transcript without an original signature, conformed signature, or digitally signed signature is not certified.

/s/Lindsey A. Weresch, RMR, CRR, CSR
_____

Official Court Reporter          Signature Date: 4/16/2025
Oregon CSR No. 14-0427           CSR Expiration Date: 6/30/2026

**MR. DAVIS: [11]** 5/24 8/12 11/11 13/1 13/9 13/12 14/11 25/1 35/10 36/11 36/21
**MR. DEFREEST: [8]** 6/4 19/7 30/19 30/21 30/24 32/14 33/10 33/12
**MR. FRANZ: [5]** 27/20 28/18 31/20 31/25 32/2
**MS. HENDERSON: [9]** 5/21 16/23 19/15 20/8 20/13 22/14 23/17 24/15 28/8
**MS. LEAR: [1]** 6/15
**MS. PURACAL: [39]**
**MS. SAWYER: [13]** 6/6 6/11 6/18 26/13 26/16 26/20 26/22 27/5 27/10 27/13 31/10 36/8 36/19
**THE COURT REPORTER: [2]** 7/9 21/15
**THE COURT: [73]**
**THE COURTROOM DEPUTY CLERK: [11]** 5/5 5/8 5/14 5/18 5/22 6/2 6/5 6/9 6/13 6/16 6/19

**'**

**'cause [2]** 36/1 36/2

**/**

**/s/Lindsey [1]** 37/23

**0**

**01163 [1]** 6/21
**01719 [1]** 6/22
**0427 [1]** 37/25

**1**

**100 [2]** 3/13 3/17
**1000 [1]** 4/19
**101 [1]** 4/8
**10747 [1]** 4/4
**10:20 [1]** 5/1
**11 [2]** 8/9 8/14
**11-20-24 [1]** 36/23
**1111 [2]** 3/5 3/9
**11:07 [1]** 36/23
**11th [3]** 31/1 31/18 32/6
**12th [3]** 28/7 31/1 32/11
**13 [1]** 8/13
**13th [16]** 25/13 25/21 26/5 28/8 28/16 29/6 29/16 29/18 29/23 30/14 30/16 30/18 31/1 31/3 32/18 32/23
**14-0427 [1]** 37/25
**1500 [2]** 4/12 4/16
**1605 [1]** 4/8
**17th [1]** 18/17
**1st [1]** 30/11

**2**

**20 [3]** 2/17 5/1 37/8
**20-01163 [1]** 6/21
**200 [2]** 4/12 4/16
**2024 [3]** 2/17 5/1 37/8
**2025 [4]** 18/17 18/24 30/11 37/24
**2026 [1]** 37/25
**20th [1]** 31/6
**21 [4]** 14/8 15/25 18/17 34/5
**21-01719 [1]** 6/22
**21-day [3]** 14/9 14/15 14/24

**22nd [1]** 32/2
**24 [1]** 36/23
**25th [1]** 32/3
**26 [1]** 17/24
**26th [1]** 32/3
**2747 [1]** 4/4
**28 [1]** 14/13

**3**

**300 [3]** 3/5 3/9 4/3
**301 [1]** 4/19
**326-8047 [1]** 4/20
**3:21-cv-01719-MK [2]** 2/7 37/6

**4**

**4/16/2025 [1]** 37/24

**5**

**50 [3]** 35/10 35/16 35/24
**503 [1]** 4/20

**6**

**6/30/2026 [1]** 37/25
**62 [2]** 3/21 3/25
**6:20-cv-01163-MK [2]** 1/8 37/3

**7**

**777 [1]** 4/3
**7th [4]** 18/17 18/24 20/25 23/24

**8**

**8047 [1]** 4/20

**9**

**97201 [2]** 3/14 3/18
**97204 [2]** 4/9 4/20
**97214 [2]** 3/6 3/10
**97440-2747 [1]** 4/4
**97477 [2]** 3/21 3/25
**98101 [2]** 4/13 4/17

**A**

**a.m [2]** 5/1 36/23
**ability [1]** 37/10
**able [10]** 14/10 14/20 15/16 16/5 17/22 19/22 20/2 21/19 21/19 32/6
**about [12]** 6/17 10/22 10/23 10/24 13/17 13/17 15/21 20/20 21/7 21/7 29/20 29/21
**above [1]** 37/19
**above-mentioned [1]** 37/19
**access [1]** 18/1
**accommodate [3]** 16/3 34/11 34/13
**accommodating [1]** 15/21
**accomplish [1]** 14/20
**accordance [1]** 16/17
**accurate [3]** 19/13 19/14 19/15
**Acosta [1]** 21/6
**actual [1]** 21/1
**actually [8]** 8/13 8/21 15/2 16/21 16/25 21/2 26/14 30/15
**ad [2]** 1/5 2/5
**add [1]** 25/16
**added [1]** 15/22
**additional [11]** 9/2 12/10 12/16 12/20 14/6 14/16 15/9 21/10 34/3 34/15 34/19
**address [4]** 16/7 23/9 25/11 35/24

**adept [1]** 30/22
**adjourned [1]** 36/23
**adjust [1]** 16/2
**adjustment [1]** 33/18
**ADMINISTRATOR [2]** 1/13 1/25
**advise [1]** 16/16
**advisement [1]** 33/7
**advising [1]** 30/25
**afoul [2]** 23/21 23/21
**after [4]** 15/5 19/18 19/25 29/23
**again [3]** 8/2 16/20 19/5
**agenda [2]** 7/19 8/1
**ago [1]** 14/1
**agree [1]** 29/25
**agreeing [1]** 31/17
**ahead [4]** 7/23 13/10 22/25 28/22
**al [6]** 6/21 6/21 6/23 37/2 37/2 37/5
**Albany [1]** 21/24
**all [57]**
**alleged [2]** 23/8 23/11
**allow [8]** 14/13 14/18 24/13 25/7 26/6 27/1 34/19 35/14
**allowed [1]** 24/20
**along [2]** 23/18 36/18
**already [5]** 10/4 22/23 31/1 31/8 31/24
**also [11]** 5/16 6/7 6/11 10/18 11/6 13/23 16/1 32/13 32/19 32/19 32/20
**Although [1]** 8/12
**always [2]** 6/25 20/13
**am [4]** 21/23 21/24 30/4 30/24
**amenable [1]** 17/8
**amount [5]** 14/18 17/11 22/20 34/10 35/13
**ample [1]** 25/14
**ANDREW [1]** 3/4
**another [3]** 29/8 29/8 31/15
**ANTHONY [2]** 1/12 1/23
**anticipate [2]** 13/24 14/5
**anticipated [3]** 8/8 13/25 14/12
**any [15]** 7/24 7/25 8/3 8/3 8/22 9/14 11/2 12/12 14/23 16/20 24/22 25/3 30/4 31/23 37/19
**anybody [1]** 21/19
**anything [6]** 11/17 16/22 24/9 33/2 36/4 36/9
**apologies [1]** 27/10
**apologize [1]** 21/23
**apparent [1]** 11/16
**apparently [1]** 27/16
**appearance [2]** 11/16 29/7
**APPEARANCES [1]** 2/18
**appeared [1]** 17/14
**appearing [4]** 5/17 6/14 6/18 37/13
**appears [2]** 12/21 14/17
**apply [2]** 34/17 35/1
**appreciate [1]** 16/13
**appropriate [2]** 22/10 22/22
**approved [1]** 35/10
**approximately [2]** 14/2 33/16
**are [37]** 5/13 5/16 7/15 7/21 9/1 10/1 10/1 10/5 10/8 11/4 11/20 12/17 18/22 20/1 20/16 20/18 21/3 23/6 23/7 23/11 23/11 24/11 24/22 24/24 25/1 25/5 26/7 31/8 31/11 31/11 31/12 31/23 32/5 34/1 34/1 35/3 35/5
**aren't [1]** 29/18
**argue [1]** 26/18

**A**

argument [4] 26/23 33/8 36/1 36/14
arguments [1] 15/23
around [2] 15/2 21/9
as [51]
ask [4] 12/6 14/12 14/13 26/2
asked [1] 22/15
asking [10] 13/24 14/5 14/8 19/1 19/10 34/6 34/8 35/3 35/6 35/7
assessments [1] 17/17
assuming [3] 19/2 31/16 31/17
assumption [1] 18/25
attention [5] 12/5 12/5 16/19 16/25 33/24
Attorney [14] 5/9 5/11 5/15 5/15 5/19 5/19 5/22 5/22 5/23 6/3 6/5 6/10 6/10 6/17
audio [4] 21/17 21/21 29/1 37/12
audio-visual [1] 37/12
August [1] 33/14
authorized [1] 35/14
available [7] 6/25 10/1 10/5 29/18 29/22 31/24 32/10
Avenue [3] 4/12 4/16 4/19
aware [3] 12/10 19/16 20/25

**B**

back [6] 11/12 16/14 17/1 26/17 33/22 33/23
background [1] 37/16
balance [1] 14/19
ball [1] 29/14
based [1] 15/4
bases [1] 8/3
basically [2] 18/3 22/10
basis [1] 15/8
BAY [2] 1/15 2/2
be [69]
because [10] 13/6 18/5 22/10 22/19 22/22 27/6 28/2 29/19 30/13 31/2
become [1] 20/9
been [20] 11/2 12/17 13/19 15/8 17/3 21/19 22/5 22/5 22/7 23/23 24/4 25/15 27/3 27/4 29/11 31/8 31/10 32/16 33/3 33/6
before [11] 2/15 11/22 13/3 27/2 29/16 29/18 29/23 31/18 31/18 32/6 37/15
behalf [2] 1/6 2/5
being [11] 10/9 17/13 17/19 17/22 17/25 22/9 23/25 26/14 27/24 32/6 33/19
believe [19] 8/13 8/21 8/24 10/5 10/16 12/14 12/16 18/8 19/22 20/9 21/1 21/4 23/5 24/18 30/25 31/14 31/22 33/5 35/10
below [1] 37/9
best [2] 32/15 37/10
between [1] 13/13
beyond [3] 19/1 30/4 30/5
big [1] 17/10
bit [3] 14/6 15/13 21/25
blanks [1] 8/3
block [1] 15/3
board [1] 10/9
books [1] 31/8
both [3] 5/12 23/4 23/7
Box [3] 3/21 3/25 4/4

**C**

calendar [1] 16/9
call [7] 5/6 5/10 6/6 6/8 7/22 11/25 13/4
calling [1] 27/25
can [14] 5/7 5/8 7/10 11/9 12/13 14/4 16/15 28/6 28/14 29/6 29/15 32/20 32/23 32/24
can't [3] 15/19 21/14 25/6
canceled [1] 28/2
capable [1] 26/7
cards [1] 26/25
case [17] 1/8 2/8 5/7 6/20 6/22 9/7 9/18 10/12 10/15 10/19 15/19 19/2 23/18 31/4 32/13 37/3 37/6
cases [3] 15/2 15/5 16/14
causation [1] 24/2
cause [4] 10/14 10/14 23/3 23/6
caused [2] 23/11 23/12
causing [1] 14/22
cell [1] 37/13
certain [1] 7/16
certainly [1] 16/5
certification [1] 37/18
certified [1] 37/22
certify [1] 37/9
challenge [1] 6/25
change [1] 12/14
characterization [1] 7/25
chase [1] 14/7
choppy [1] 21/21
CHRIS [2] 1/12 1/23
CITY [4] 1/14 1/14 2/1 2/1
Civil [2] 6/20 6/21
Claimant [1] 1/18
clarification [1] 34/23
clear [11] 11/13 11/15 12/22 15/8 17/2 19/16 22/15 22/17 24/16 24/16 34/25
client [1] 24/5
close [2] 18/13 27/2
co [1] 32/20
co-counsel [1] 32/20
Cobb [1] 4/2
Coffin [1] 32/13
cognizant [1] 16/1
colleague [1] 6/8
coming [5] 12/11 14/20 15/23 25/23 36/17
complete [2] 20/3 32/6
completed [13] 10/10 11/4 17/18 17/18 29/5 30/6 30/8 30/12 30/12 30/13 31/13 33/6 36/16
completing [4] 7/3 15/16 25/13 29/9
completion [1] 14/14
comply [1] 14/4
compresses [1] 31/2
concerned [2] 10/23 10/24
conduct [1] 7/12

brand [2] 23/25 24/2
brand-new [2] 23/25 24/2
breath [1] 27/12
briefing [2] 33/6 33/12
briefs [1] 33/9
bring [2] 12/4 16/24
bringing [1] 33/23
Burnside [2] 3/5 3/9

conducted [3] 10/9 14/17 27/4
confer [1] 26/3
conference [3] 2/13 6/23 37/7
conferral [3] 17/1 17/2 24/16
conferred [1] 24/21
conferring [1] 17/10
confined [1] 26/5
confirm [2] 12/12 35/4
conformed [1] 37/21
connected [1] 10/20
connection [4] 13/13 13/22 15/10 37/13
considering [1] 26/24
consisted [1] 35/20
contained [1] 12/17
continue [3] 11/17 14/3 32/21
conversations [1] 17/21
convey [1] 19/23
coordinating [1] 7/1
COOS [4] 1/14 1/15 2/1 2/2
COQUILLE [2] 1/14 2/1
correct [12] 8/12 9/11 10/11 20/8 22/12 24/8 24/15 28/14 28/18 29/21 31/22 37/10
correctly [1] 22/4
correspondence [2] 7/2 33/3
could [7] 13/4 16/14 19/18 25/16 25/20 27/3 35/9
could've [1] 27/1
counsel [12] 6/24 7/9 7/18 7/25 10/8 16/20 17/11 24/17 25/3 26/14 31/1 32/20
counsel's [1] 12/5
count [1] 8/13
COUNTY [2] 1/15 2/2
couple [3] 14/25 20/22 28/4
course [1] 19/5
court [14] 1/1 4/18 5/4 11/22 13/24 14/1 18/5 18/19 21/17 29/2 29/14 33/21 36/23 37/24
Court's [3] 12/4 15/4 15/7
Courthouse [1] 4/19
cover [1] 8/3
coverage [1] 32/25
covering [1] 13/5
CRAIG [2] 1/12 1/24
creates [1] 21/11
cross [5] 1/18 2/3 18/24 19/3 36/16
Cross-Claimant [1] 1/18
Cross-Defendants [1] 2/3
CRR [2] 4/18 37/23
CSR [4] 4/18 37/23 37/25 37/25
cut [1] 14/7
cv [4] 1/8 2/7 37/3 37/6

**D**

damage [12] 7/6 8/7 8/10 9/13 9/15 11/3 11/3 18/15 27/23 27/25 28/6 30/13
damages [13] 8/14 8/18 9/3 9/5 17/6 17/8 17/12 17/20 23/3 23/7 23/10 23/11 24/3
DANNELS [6] 1/9 1/20 3/19 3/23 6/21 37/2
data [2] 17/25 19/11
date [17] 14/21 16/10 16/16 18/18 19/1 19/3 19/6 28/7 29/9 29/24 30/10 32/18

**date... [5]** 34/12 34/17 36/18 37/24 37/25
**dates [2]** 7/1 9/23
**DAVID [4]** 1/12 1/14 1/24 2/1
**Davies [1]** 5/7
**DAVIS [9]** 3/12 5/22 5/23 8/11 11/9 12/7 13/10 25/1 35/8
**Davis' [1]** 21/20
**day [5]** 12/25 14/9 14/15 14/24 19/21
**days [8]** 14/8 14/13 15/25 16/16 18/17 18/18 25/10 34/5
**deadline [22]** 7/7 7/12 7/14 8/14 8/17 13/23 13/25 14/5 14/14 18/19 18/23 19/9 23/24 25/13 26/6 28/17 29/6 29/9 30/7 30/16 31/2 34/5
**deadlines [9]** 10/19 10/22 10/23 11/7 13/15 15/1 15/2 16/4 18/17
**deal [1]** 22/21
**dealing [3]** 17/5 22/19 22/24
**December [26]** 9/4 9/6 9/20 10/2 10/10 11/4 18/17 20/4 25/13 25/21 26/5 28/7 28/8 28/16 29/6 29/16 29/18 30/14 30/16 30/18 31/1 31/6 31/18 32/6 32/18 32/23
**December 11th [3]** 31/1 31/18 32/6
**December 12th [1]** 28/7
**December 13th [12]** 25/13 25/21 26/5 28/16 29/6 29/16 29/18 30/14 30/16 30/18 32/18 32/23
**December 17th [1]** 18/17
**December 20th [1]** 31/6
**decide [1]** 20/5
**decided [2]** 26/22 27/6
**decision [1]** 12/3
**Defendant [9]** 2/9 3/11 3/15 3/19 3/23 4/1 4/6 4/10 4/14
**defendants [22]** 1/16 2/3 7/6 8/8 8/23 9/1 9/22 11/15 11/17 13/24 14/3 19/4 19/20 20/23 24/23 24/24 28/15 34/24 35/5 35/11 36/8 36/9
**defendants' [6]** 11/24 12/13 13/18 16/20 19/9 29/19
**defense [6]** 7/25 10/8 10/17 25/3 26/14 31/14
**defer [1]** 8/16
**deferring [1]** 30/8
**definitely [1]** 13/5
**definitively [1]** 11/23
**DEFREEST [9]** 4/2 6/3 6/4 30/20 31/19 31/24 32/12 32/19 32/25
**delay [1]** 10/15
**delayed [1]** 27/24
**delaying [1]** 18/6
**Department [2]** 3/12 3/16
**depose [7]** 8/25 10/1 11/24 20/20 25/18 25/25 30/3
**deposition [6]** 10/4 20/3 25/12 26/4 28/1 28/3
**depositions [35]** 9/2 9/4 9/5 9/14 9/15 9/24 10/7 10/9 10/14 11/3 11/15 12/1 12/12 12/23 13/19 13/21 14/14 15/5 15/9 15/15 15/24 16/3 18/15 28/16 29/5 29/9 29/9 30/6 30/8 30/11 31/7 31/10 31/12 31/15 32/21
**depositive [1]** 10/22
**derails [1]** 13/7

**described [3]** 8/1 20/17 34/7
**designate [1]** 8/9
**detail [1]** 26/8
**details [4]** 8/4 13/6 13/6 36/13
**determine [1]** 33/8
**developing [1]** 30/5
**diagnostic [1]** 17/17
**did [8]** 9/20 14/5 16/21 16/22 18/7 22/20 25/6 35/9
**didn't [1]** 18/1
**difference [1]** 34/4
**different [3]** 16/4 21/18 23/5
**difficulties [2]** 37/17 37/19
**digitally [1]** 37/22
**disclose [4]** 20/2 21/9 21/10 22/22
**disclosed [13]** 8/13 17/13 17/24 20/23 20/23 21/12 22/8 22/17 22/18 23/4 23/15 23/23 24/5
**disclosure [3]** 22/11 23/20 23/22
**disclosures [5]** 23/16 23/17 23/18 24/6 24/6
**discovery [23]** 7/3 7/6 7/7 8/7 8/10 8/14 8/17 8/22 12/20 13/14 14/17 15/11 17/5 19/9 23/22 24/6 25/14 27/2 29/11 30/1 30/5 33/4 36/16
**discovery's [1]** 27/4
**discussed [1]** 10/8
**discussion [1]** 8/16
**discussions [1]** 30/25
**dispositive [8]** 13/15 13/23 14/4 14/10 14/16 15/16 16/1 18/16
**distance [1]** 27/17
**distinct [1]** 21/4
**DISTRICT [3]** 1/1 1/2 4/19
**DIVISION [3]** 1/3 3/13 3/17
**do [26]** 5/9 7/2 7/22 8/5 8/24 9/2 9/3 9/9 12/13 12/20 13/13 16/19 16/20 25/4 25/6 25/11 25/20 26/4 29/1 30/10 32/14 32/23 33/5 33/24 34/17 35/8
**documents [6]** 11/18 11/20 12/11 12/11 12/14 33/20
**does [4]** 9/17 10/12 11/14 21/11
**doing [5]** 9/18 24/23 24/24 27/9 29/11
**don't [20]** 8/21 8/25 10/16 11/14 12/12 12/14 12/16 13/1 14/22 18/8 21/1 21/4 21/13 25/22 25/24 27/5 27/12 29/23 31/21 35/11
**done [10]** 17/6 17/15 25/20 27/1 27/7 28/10 29/18 30/17 31/18 34/19
**DOWNING [2]** 1/9 1/20
**due [7]** 16/17 19/4 19/5 20/24 28/7 34/14 37/12
**during [1]** 37/17

**E**
**e-mail [1]** 18/5
**each [3]** 7/16 35/16 35/16
**earlier [3]** 16/3 34/7 34/9
**early [1]** 36/17
**echo [2]** 9/9 11/12
**effect [1]** 35/23
**effort [2]** 13/16 29/22
**eight [1]** 27/19
**electronically [1]** 30/22
**else [7]** 11/5 23/13 24/9 26/17 27/17 33/2 36/4
**else's [1]** 21/20

**and [5]** 19/21 20/4 29/10 29/12 36/13
**endured [1]** 23/8
**enough [3]** 15/14 20/3 29/13
**entire [1]** 9/7
**enunciate [1]** 37/16
**ERIC [4]** 1/11 1/23 4/2 6/4
**essence [1]** 22/10
**essentially [1]** 14/9
**ESTATE [2]** 1/13 1/25
**et [6]** 6/21 6/21 6/23 37/2 37/2 37/5
**et al [1]** 6/23
**EUGENE [2]** 1/3 4/4
**every [1]** 29/22
**everybody [3]** 14/9 25/3 35/6
**everybody's [1]** 28/10
**everyone [8]** 5/5 7/1 14/18 22/24 26/17 32/15 34/15 35/7
**everyone's [2]** 23/1 31/17
**everything [2]** 9/10 32/23
**evolved [1]** 17/8
**exact [1]** 23/9
**examination [1]** 7/13
**example [1]** 15/3
**Excuse [1]** 13/15
**exist [1]** 23/13
**expect [1]** 13/1
**expecting [1]** 27/16
**expert [51]**
**experts [46]**
**experts' [3]** 9/3 17/12 30/9
**Expiration [1]** 37/25
**explore [1]** 25/15
**extend [9]** 7/5 7/11 7/14 8/7 8/10 11/7 19/9 34/10 34/12
**extended [6]** 7/7 33/20 33/20 34/5 34/24 35/12
**extending [1]** 18/16
**extension [7]** 13/25 14/8 14/9 14/16 14/24 15/25 20/21
**extent [2]** 9/6 34/6

**F**
**fact [1]** 17/11
**failure [1]** 37/16
**Fair [1]** 29/13
**fallen [1]** 23/21
**falls [1]** 18/10
**fantasy [1]** 35/22
**far [3]** 27/2 27/6 31/10
**felt [2]** 18/5 22/22
**few [1]** 34/1
**Fi [1]** 21/25
**fiction [1]** 35/22
**figure [2]** 26/3 26/6
**file [10]** 7/14 14/10 15/25 16/5 16/16 18/24 34/15 35/9 35/16 35/20
**filing [9]** 16/10 18/19 18/21 19/1 34/3 34/5 34/11 34/12 34/12
**filings [1]** 19/6
**fill [1]** 8/3
**final [1]** 11/20
**find [1]** 14/19
**fine [5]** 20/14 26/20 28/12 28/19 34/8
**first [6]** 7/5 9/19 9/20 10/1 15/1 17/7
**five [1]** 23/5
**fix [1]** 22/2
**flexibility [1]** 29/17

## F

**flow [1]** 30/2
**follow [1]** 33/21
**followed [1]** 9/9
**following [3]** 5/3 10/6 31/4
**forego [1]** 27/6
**foregoing [1]** 37/9
**form [1]** 17/25
**forming [1]** 17/19
**forms [1]** 17/18
**forthright [1]** 13/3
**forward [2]** 25/8 36/13
**four [11]** 7/15 7/21 15/3 18/14 23/5 26/10 27/16 29/12 31/10 31/20 33/15
**four-hour [1]** 27/16
**four-week [1]** 15/3
**Fourth [2]** 4/12 4/16
**frame [2]** 25/21 32/10
**FRANZ [7]** 3/20 3/20 3/24 5/19 27/18 35/19 36/2
**FRCP [1]** 34/17
**FRCPs [1]** 33/18
**Friday [2]** 10/4 19/21
**function [1]** 15/20
**fungible [1]** 15/20
**further [3]** 8/22 12/12 32/19

## G

**game [1]** 23/1
**gather [2]** 11/17 13/16
**general [8]** 7/5 7/15 7/17 7/18 8/1 8/5 18/10 30/10
**generally [3]** 19/13 19/14 34/18
**generated [3]** 20/19 22/6 22/8
**get [11]** 5/7 7/1 17/6 21/9 22/25 29/15 29/15 29/17 30/16 31/18 36/16
**gets [1]** 35/16
**getting [4]** 27/9 28/9 29/5 32/17
**give [2]** 8/2 18/3
**Given [2]** 14/21 32/16
**giving [2]** 16/19 29/16
**glad [1]** 13/5
**go [7]** 7/23 13/10 25/7 27/5 27/17 27/19 28/22
**going [33]** 7/4 8/2 8/5 9/7 9/9 9/10 11/4 12/14 12/18 12/22 14/17 15/9 15/11 16/24 17/5 18/24 18/25 21/2 21/13 22/21 23/9 23/10 23/12 25/4 26/24 28/25 29/3 29/23 32/17 32/18 33/21 34/1 35/20
**Good [6]** 5/5 5/12 5/21 5/24 6/24 26/13
**got [4]** 9/12 10/4 26/18 29/12
**grant [3]** 14/8 14/23 15/25
**great [3]** 16/15 20/15 29/16
**Group [3]** 4/7 4/11 4/15
**guardian [2]** 1/5 2/5
**guess [4]** 11/11 11/12 25/22 27/5
**guidance [1]** 18/5
**guideline [1]** 33/22

## H

**had [15]** 7/21 8/8 11/25 13/12 16/2 18/7 22/23 24/4 24/5 24/7 26/22 27/23 28/1 30/25 34/24
**half [1]** 29/12
**HALL [2]** 1/14 2/1

**hand [9]** 7/24 8/4 11/8 15/19 16/21 21/12 21/12 21/13 30/21
**hands [1]** 20/18
**happen [1]** 10/14
**happened [1]** 19/24
**happy [7]** 12/11 16/11 27/22 27/22 30/7 34/10 34/12
**hard [1]** 30/16
**harmless [1]** 21/8
**has [16]** 9/4 11/13 12/17 13/19 20/9 22/5 22/7 22/7 24/12 24/13 28/3 29/2 32/19 32/20 32/25 33/6
**have [69]**
**haven't [6]** 10/21 15/10 18/11 18/11 21/19 27/20
**having [3]** 21/21 26/18 35/18
**he [3]** 27/18 27/18 35/19
**head [1]** 25/4
**heard [3]** 11/25 15/10 37/11
**hearing [1]** 27/16
**held [1]** 5/3
**help [1]** 27/3
**HENDERSON [10]** 3/24 5/19 11/10 16/21 18/9 20/17 22/13 24/12 25/6 26/2
**Henderson's [3]** 21/20 24/5 30/2
**her [10]** 17/21 20/3 22/16 22/18 22/22 22/23 23/2 23/9 23/14 28/2
**here [8]** 5/13 5/24 5/25 6/15 7/23 16/20 25/3 29/20
**hers [1]** 32/11
**High [1]** 4/3
**his [3]** 21/7 32/20 32/25
**HOFFMEYER [2]** 3/16 5/25
**Hold [1]** 21/16
**Honor [35]** 7/20 8/12 8/20 10/11 10/17 11/11 12/9 13/12 14/25 16/8 16/14 16/23 18/22 19/7 19/15 20/8 21/23 22/12 22/14 24/8 24/15 25/16 26/13 27/13 27/20 28/23 29/10 30/19 31/20 32/14 33/10 34/22 35/10 36/6 36/19
**HONORABLE [1]** 2/15
**HORMANN [2]** 1/9 1/21
**hotel [1]** 21/24
**hour [1]** 27/16
**how [12]** 15/9 15/11 20/13 21/7 21/8 22/20 31/7 31/7 31/11 31/12 35/8 36/15
**however [2]** 10/7 14/1
**HWS [3]** 4/7 4/11 4/15

## I

**I'd [1]** 25/10
**I'll [11]** 8/16 11/12 16/10 16/11 26/2 26/6 33/7 33/9 35/14 36/15 36/16
**I'm [42]**
**I've [3]** 8/1 30/25 34/4
**idea [1]** 26/25
**identified [4]** 9/23 22/5 23/14 33/3
**identify [1]** 7/4
**identifying [2]** 7/19 37/15
**identity [1]** 22/17
**ill [1]** 28/2
**IME [5]** 26/11 27/1 27/7 27/14 27/14
**impact [3]** 9/7 9/17 15/10
**inclined [1]** 27/1
**include [2]** 16/11 28/6

**included [1]** 17/20
**inconsistent [1]** 33/24
**independent [1]** 7/13
**indicating [1]** 21/17
**indiscernible [6]** 15/6 15/12 21/10 21/14 25/17 28/24
**individual [3]** 1/5 2/5 17/16
**information [16]** 12/2 12/3 13/17 17/12 17/21 17/23 17/24 17/25 18/2 18/4 18/6 19/11 19/17 19/20 19/22 20/1
**initial [3]** 23/16 23/17 24/5
**initially [2]** 9/3 24/21
**initiated [1]** 16/25
**intending [2]** 10/18 18/21
**interviews [1]** 17/15
**involved [1]** 26/8
**is [88]**
**issue [26]** 8/15 8/17 9/13 10/21 12/7 14/22 15/12 18/14 18/15 19/24 20/5 20/9 20/15 21/3 21/3 21/6 24/10 24/11 24/12 25/7 27/12 27/23 28/9 29/4 33/9 33/24
**issued [1]** 11/19
**issues [10]** 7/2 7/16 7/25 13/2 16/22 25/15 33/2 34/1 34/21 35/24
**it [65]**
**It'll [1]** 34/8
**it's [18]** 6/25 12/14 13/6 13/6 15/20 16/11 16/24 17/3 17/8 17/24 22/10 22/11 23/3 25/12 26/20 27/11 35/15 35/15
**item [3]** 18/11 18/13 19/8
**items [2]** 8/1 26/9
**itself [1]** 33/22

## J

**JAMES [4]** 1/5 2/4 37/2 37/5
**JANIS [1]** 3/8
**January [4]** 15/6 18/17 18/24 30/11
**January 1st [1]** 30/11
**January 7th [2]** 18/17 18/24
**JESSE [1]** 3/12
**jest [1]** 27/11
**JOEL [2]** 1/13 1/24
**JOHN [2]** 1/11 1/22
**JR [3]** 3/20 3/20 3/24
**JUDGE [2]** 2/16 21/6
**judgment [15]** 7/14 10/19 10/22 11/7 15/4 15/10 15/23 15/23 18/16 18/20 18/21 19/4 33/13 34/2 36/17
**juggle [1]** 31/4
**just [40]**
**Justice [2]** 3/12 3/16

## K

**KARCHER [2]** 1/10 1/21
**KASUBHAI [1]** 2/15
**KATHY [2]** 1/12 1/24
**keep [4]** 29/23 32/17 32/24 36/18
**kind [5]** 8/15 15/11 25/3 29/16 30/7
**KIP [2]** 1/10 1/22
**knew [2]** 22/19 22/24
**know [19]** 6/25 7/24 11/8 11/16 16/19 17/7 18/9 22/20 22/24 23/4 23/10 25/12 25/22 27/21 28/6 28/11 30/5 34/17 36/15

## K

known [1] 13/3
KRINGS [2] 1/9 1/21
KRIS [2] 1/9 1/21
KRISTEN [1] 3/16

## L

last [6] 17/1 19/21 19/22 20/10 27/4 28/1
late [2] 19/21 27/1
latter [1] 16/13
LAUERSDORF [5] 3/4 3/4 3/8 5/9 5/13
Law [5] 3/20 3/24 4/7 4/11 4/15
lay [1] 21/8
Lead [1] 1/8
LEAR [3] 4/7 6/10 6/11
least [3] 17/12 17/15 23/6
leave [1] 33/19
leeway [1] 30/4
left [2] 31/11 31/12
legal [1] 15/12
length [2] 35/17 35/24
less [1] 34/8
let [5] 5/8 7/24 11/8 12/6 36/15
let's [3] 7/23 13/7 14/2
light [2] 8/9 14/16
like [9] 16/7 18/6 25/10 25/17 25/18 28/15 29/10 29/17 36/2
likely [1] 12/22
limit [3] 34/21 34/25 35/12
limited [2] 15/18 37/18
limits [2] 34/20 34/24
Lindsey [2] 4/18 37/23
line [1] 5/20
LISA [1] 4/7
litem [2] 1/6 2/5
little [2] 14/6 21/25
lives [1] 14/20
locked [1] 25/5
long [7] 9/17 10/11 14/1 28/10 28/21 28/23 29/6
longer [4] 11/23 11/23 12/1 27/11
look [6] 16/9 16/14 17/4 27/22 33/7 36/13
looking [2] 9/1 11/9
loop [1] 18/13
lot [2] 13/16 27/9
low [1] 8/13
LUKE [2] 4/15 6/8
Luvaas [1] 4/2

## M

made [5] 13/4 19/25 22/17 24/16 26/14
MAGISTRATE [1] 2/16
mail [1] 18/5
Main [1] 4/8
make [16] 9/9 11/21 12/2 12/3 13/3 14/4 17/2 19/16 27/21 28/13 29/2 29/22 29/22 34/25 35/2 36/3
making [1] 6/24
Maloney [2] 3/4 3/8
many [7] 10/7 22/20 31/7 31/7 31/11 31/12 35/8
MARK [5] 1/9 1/20 3/19 3/23 37/2
Market [2] 3/13 3/17
Marshal [2] 5/23 5/25
MARY [2] 1/9 1/21

material [1] 13/19
materials [6] 12/24 13/2 20/6 20/10 20/17 24/11
matter [1] 15/20
matters [1] 33/4
may [10] 7/16 16/19 20/19 23/21 25/11 30/1 32/9 32/10 35/20 36/13
MCGUFFIN [6] 1/5 2/4 6/21 6/22 37/2 37/5
MCINNES [2] 1/10 1/21
MCNEELY [2] 1/10 1/22
me [17] 5/8 7/24 9/11 11/8 12/1 12/6 12/21 13/15 14/17 20/5 26/8 27/3 27/18 28/12 28/12 29/17 30/10
mean [11] 14/18 15/18 15/20 20/17 28/9 29/13 30/6 30/10 31/7 31/16 34/8
meaning [1] 35/24
means [1] 37/12
medical [1] 7/13
memories [1] 35/19
mentioned [3] 13/23 17/3 37/19
MEREDITH [2] 4/11 6/7
MICHAEL [2] 1/10 1/22
microphone [2] 21/18 21/20
mid [1] 11/4
middle [1] 10/10
might [1] 15/13
minor [2] 1/6 2/5
minute [8] 16/12 21/16 33/14 34/7 34/9 34/14 34/20 34/23
miss [1] 36/2
missing [1] 11/5
MK [4] 1/8 2/7 37/3 37/6
month [1] 17/1
moot [1] 20/9
mooted [1] 19/24
more [8] 8/25 9/4 30/4 30/5 30/5 31/12 34/6 35/9
morning [6] 5/5 5/12 5/21 5/24 6/24 26/13
morphed [1] 9/4
most [2] 20/12 21/21
mother [1] 28/2
motion [11] 10/22 11/7 13/14 13/15 13/23 18/16 33/5 33/6 35/15 35/16 35/24
motions [23] 7/14 14/5 14/10 14/16 15/4 15/17 15/22 15/23 16/1 18/16 18/20 18/21 18/24 19/3 33/12 33/20 34/2 34/5 35/20 35/25 36/14 36/16 36/17
move [5] 9/23 10/12 10/18 32/18 32/21
moving [5] 9/4 9/5 28/16 34/1 36/18
Mr [1] 35/19
Mr. [18] 5/13 5/25 6/6 8/11 11/9 12/7 13/10 21/20 25/1 27/18 30/20 31/19 31/24 32/12 32/19 32/25 35/8 36/2
Mr. Davis [6] 8/11 11/9 12/7 13/10 25/1 35/8
Mr. Davis' [1] 21/20
Mr. DeFreest [6] 30/20 31/19 31/24 32/12 32/19 32/25
Mr. Franz [2] 27/18 36/2
Mr. Lauersdorf [1] 5/13
Mr. Marshal [1] 5/25
Mr. Scisciani [1] 6/6
Ms [3] 6/11 21/16 29/1

## Ms. [40]

Ms. Coffin [1] 32/13
Ms. Davies [1] 5/7
Ms. Henderson [8] 11/10 16/21 18/9 20/17 22/13 24/12 25/6 26/2
Ms. Henderson's [3] 21/20 24/5 30/2
Ms. Hoffmeyer [1] 5/25
Ms. Puracal [26] 7/19 8/19 9/10 11/13 12/6 12/7 12/22 14/15 16/7 18/18 18/25 20/16 22/4 22/17 23/19 25/9 28/11 28/12 28/22 29/4 31/12 31/21 32/7 34/6 35/3 36/7
much [2] 11/1 16/19
multiple [2] 35/20 35/21
Municipal [2] 7/6 24/23
MUSTAFA [1] 2/15
mute [1] 7/10
my [17] 5/25 6/11 8/12 10/17 12/16 13/23 18/5 23/12 27/10 30/21 33/23 34/7 34/9 34/20 35/21 35/21 37/10

## N

name [3] 20/22 20/23 22/7
near [1] 27/2
necessary [3] 24/18 25/13 33/8
need [14] 5/10 8/22 8/24 8/25 11/14 11/24 12/12 12/16 12/19 16/22 27/5 27/12 30/6 36/4
needed [3] 12/1 15/22 34/3
needs [2] 17/21 19/23
new [9] 21/3 21/3 21/13 21/24 22/11 22/11 23/25 24/2 24/18
New York [1] 21/24
news [1] 12/1
next [4] 10/5 12/25 14/21 16/15
NICHOLAS [4] 1/5 2/4 37/2 37/5
no [25] 1/8 2/7 6/18 7/20 8/4 11/16 11/16 11/23 11/23 11/25 20/5 20/15 23/12 24/20 26/10 27/11 27/17 28/9 29/4 29/10 30/1 31/25 37/3 37/6 37/25
noises [1] 37/16
None [1] 32/1
normal [2] 19/1 19/5
normally [1] 33/19
not [63]
note [2] 25/2 33/5
Nothing [3] 36/6 36/8 36/11
November [5] 2/17 5/1 32/3 32/4 37/8
now [15] 6/20 8/17 9/4 12/5 16/7 19/17 20/1 20/18 21/12 25/5 25/5 29/11 31/20 33/7 35/18
number [9] 6/20 6/22 15/18 17/4 18/11 18/13 19/8 26/10 31/17

## O

object [2] 9/7 24/17
objecting [1] 22/9
objection [6] 9/18 11/1 11/2 14/15 24/20 35/11
objections [1] 9/14
obviously [3] 17/3 17/8 17/24
occur [1] 37/17
October [2] 20/25 23/24
October 7th [2] 20/25 23/24
odds [1] 32/5
off [2] 15/19 17/8
offering [1] 24/1

**O**

**office [7]** 3/20 3/24 5/25 6/12 12/25 32/13 32/20
**Official [1]** 37/24
**oh [2]** 11/12 25/24
**okay [25]** 6/16 6/20 7/15 7/22 8/5 8/19 10/25 18/23 22/1 22/13 23/19 24/4 24/9 25/20 26/15 27/21 28/20 30/18 31/16 32/5 32/12 32/16 35/25 36/3 36/4
**once [4]** 26/1 26/1 35/25 36/15
**one [28]** 8/4 10/3 11/19 16/21 16/25 17/15 18/13 20/11 20/22 21/7 22/24 25/7 26/9 26/10 27/8 27/17 27/23 28/2 32/2 32/3 32/9 34/22 35/15 35/15 35/16 35/19 35/23 35/24
**ones [1]** 17/6
**only [5]** 20/10 22/24 35/4 35/4 35/5
**open [4]** 5/4 16/5 35/6 35/7
**operate [1]** 18/25
**opinion [4]** 23/12 24/1 24/14 33/9
**opinions [8]** 8/24 12/17 17/19 18/1 19/12 21/2 24/1 24/24
**opportunity [6]** 8/2 11/22 20/19 21/14 24/7 25/9
**oppose [1]** 20/21
**oral [3]** 33/8 36/1 36/14
**order [12]** 7/12 8/6 15/4 15/7 16/12 17/22 33/14 34/7 34/9 34/14 34/20 34/23
**OREGON [18]** 1/2 2/8 3/6 3/10 3/11 3/12 3/14 3/15 3/16 3/18 3/21 3/25 4/4 4/9 4/20 6/22 37/5 37/25
**original [1]** 37/21
**originally [4]** 13/12 18/4 22/15 33/13
**OSWALD [2]** 1/10 1/22
**other [22]** 8/3 8/18 10/5 13/18 15/2 15/5 16/2 16/14 17/10 17/16 21/8 21/20 24/22 27/8 27/23 28/4 28/15 28/15 29/5 30/1 35/11 37/16
**others [2]** 8/15 8/16
**Otherwise [1]** 33/9
**our [24]** 7/1 7/19 9/2 12/14 16/14 17/20 17/23 19/23 20/2 21/2 21/12 21/12 21/14 21/17 22/25 24/1 24/16 27/6 27/12 29/2 29/21 32/9 32/15 36/18
**out [12]** 10/18 14/21 14/23 15/24 18/17 26/3 26/6 30/11 31/6 32/19 32/24 36/15
**outlined [1]** 8/6
**outlining [1]** 7/2
**outset [1]** 22/19
**outside [2]** 25/12 25/13
**outstanding [1]** 11/6
**over [1]** 27/4
**overlapping [1]** 37/14
**overlooked [1]** 7/18
**Owens [1]** 5/15
**own [1]** 35/21

**P**

**P.O [3]** 3/21 3/25 4/4
**page [8]** 20/16 33/20 33/20 34/19 34/21 34/24 34/24 35/12
**pages [5]** 35/9 35/11 35/16 35/21 35/24

**part [1]** 13/22
**participation [1]** 33/1
**particular [2]** 24/10 32/9
**parties [6]** 17/7 33/15 35/1 35/12 35/15 37/13
**parts [1]** 34/1
**party [1]** 35/16
**PAT [2]** 1/9 1/20
**patience [1]** 36/12
**PC [2]** 3/4 3/8
**pennies [1]** 13/8
**penny [1]** 13/6
**people [1]** 15/19
**people's [2]** 15/21 34/16
**perfectly [2]** 26/7 26/7
**perhaps [1]** 15/16
**person [1]** 36/2
**perspective [1]** 13/9
**pertinent [1]** 35/5
**PFISTER [2]** 4/15 6/8
**phone [1]** 37/14
**pick [1]** 13/7
**picking [1]** 21/18
**place [4]** 32/18 33/25 34/16 34/21
**plaintiff [5]** 5/16 9/14 11/3 12/24 18/20
**plaintiffs [21]** 1/7 2/6 3/3 3/7 7/13 8/9 8/13 8/22 11/14 11/19 11/21 11/25 17/15 17/18 18/2 20/3 23/4 23/4 23/7 33/15 36/6
**plaintiffs' [7]** 7/18 8/21 13/17 19/3 19/12 20/7 24/16
**planned [1]** 32/22
**planning [1]** 22/23
**play [1]** 21/13
**played [1]** 21/12
**plays [1]** 36/15
**please [2]** 7/10 9/11
**point [7]** 14/12 16/22 17/14 19/17 19/24 29/11 35/19
**POLICE [5]** 2/8 3/11 3/15 6/22 37/5
**Portland [6]** 3/6 3/10 3/14 3/18 4/9 4/20
**position [5]** 12/15 12/17 17/23 20/2 22/4
**possible [3]** 31/18 32/8 32/24
**potential [1]** 23/2
**practices [1]** 14/19
**prefer [1]** 30/15
**premise [1]** 33/14
**prepare [3]** 13/18 13/20 15/15
**preparing [1]** 20/12
**present [1]** 6/4
**presuming [1]** 16/10
**previous [2]** 33/25 34/7
**primary [5]** 20/24 21/9 23/24 23/24 26/23
**principal [1]** 23/18
**prioritize [1]** 17/6
**proceeding [1]** 15/8
**proceedings [5]** 2/14 5/3 37/11 37/18 37/20
**produced [2]** 11/21 13/19
**progress [1]** 32/17
**propose [1]** 31/3
**proposed [2]** 16/10 18/19
**provide [2]** 14/9 24/14
**provided [2]** 34/9 34/15

**psychiatrist [1]** 23/5
**psychological [2]** 23/3 23/7
**psychologist [1]** 23/5
**PURACAL [30]** 3/8 5/11 7/19 8/19 9/10 11/13 12/6 12/7 12/22 14/15 16/7 18/18 18/25 20/16 21/16 22/4 22/17 23/19 25/9 28/11 28/12 28/22 29/1 29/4 31/12 31/21 32/7 34/6 35/3 36/7
**purpose [1]** 22/16
**purposes [1]** 22/23
**pursuant [2]** 13/20 34/14
**pursuing [1]** 9/15
**pushing [1]** 14/23
**puts [1]** 31/6
**putting [1]** 17/8

**Q**

**question [4]** 13/12 28/14 28/14 35/3
**questionnaires [1]** 19/11
**quick [1]** 5/10
**quickly [1]** 14/4
**quite [3]** 12/21 12/23 34/1

**R**

**raise [3]** 7/24 11/8 30/21
**raised [9]** 8/15 12/8 12/24 13/2 16/2 16/21 18/4 25/15 34/2
**raising [4]** 8/4 9/14 21/3 24/2
**RAYMOND [2]** 1/10 1/21
**reached [1]** 18/11
**ready [3]** 5/6 27/9 27/19
**real [1]** 5/10
**really [5]** 11/1 15/21 24/13 27/5 29/14
**reason [1]** 14/23
**reasonable [4]** 14/18 15/14 16/11 26/3
**reasons [2]** 20/22 37/19
**REAVES [2]** 1/11 1/22
**rebut [4]** 17/22 21/2 24/1 24/20
**rebuttal [19]** 7/7 7/12 17/20 19/10 20/6 20/22 21/1 21/4 21/5 22/4 22/10 22/18 23/3 23/14 23/20 24/7 24/14 25/10 30/2
**receive [2]** 26/1 26/1
**received [3]** 19/17 19/21 20/9
**receiving [1]** 12/25
**recognize [1]** 33/25
**recollected [1]** 35/19
**references [1]** 35/22
**Reiner [2]** 3/4 3/8
**related [3]** 16/24 18/12 18/15
**relates [2]** 7/17 35/4
**relating [1]** 9/15
**relied [4]** 17/13 17/19 17/25 19/12
**relying [1]** 15/7
**remain [1]** 33/25
**remaining [3]** 25/14 28/6 32/6
**remains [3]** 34/16 34/20 35/5
**remember [1]** 35/8
**remembering [1]** 34/18
**rendering [1]** 19/12
**reopening [1]** 30/1
**replies [6]** 16/17 19/5 19/5 33/16 34/13 34/16
**report [13]** 12/18 20/2 20/18 20/22 22/5 22/7 22/8 22/10 25/7 25/10 25/15 25/23 26/2
**reporter [4]** 4/18 21/17 29/2 37/24

**R**

reports [8]  7/7 8/23 17/12 18/7 19/10 20/7 20/24 24/24
representation [1]  12/4
represented [2]  18/3 24/21
representing [2]  6/7 6/12
request [12]  7/5 7/11 7/13 8/7 8/10 11/7 19/9 19/25 26/11 26/14 27/6 27/15
requested [5]  7/6 18/2 19/18 20/18 27/3
requesting [1]  17/14
required [1]  17/23
rescheduling [1]  14/22
research [1]  27/9
reserved [1]  26/1
reserving [1]  25/25
reset [1]  28/3
resolve [1]  20/15
resolved [1]  18/14
respect [5]  9/13 18/14 19/8 20/16 34/23
respectfully [1]  31/3
respond [1]  15/3
responding [1]  33/15
response [6]  16/10 16/17 18/20 19/1 19/2 19/6
responses [6]  16/5 19/3 34/3 34/11 34/13 34/16
responsive [2]  11/18 11/20
rest [3]  10/12 10/15 10/18
retained [2]  22/23 24/1
revert [2]  33/22 34/8
review [4]  11/22 12/11 13/19 19/23
reviewed [1]  8/23
RICHARD [3]  1/11 1/23 4/1
RIDDLE [2]  1/11 1/22
right [47]
ring [2]  35/21 35/23
RMR [2]  4/18 37/23
ROBERT [3]  3/20 3/20 3/24
roll [2]  5/10 7/22
room [2]  4/19 21/24
ROSE [1]  3/24
rounds [1]  27/19
rule [5]  16/18 17/24 33/22 34/16 35/23
Rule 26 [1]  17/24
rules [1]  23/21
ruling [1]  33/25
rulings [2]  21/7 33/24
run [1]  23/21

**S**

S.M [2]  1/6 2/5
S.W [4]  3/13 3/17 4/8 4/19
said [5]  9/10 17/21 17/22 34/23 35/22
sake [1]  23/1
same [5]  18/23 19/2 20/16 33/21 35/12
SANBORN [2]  1/11 1/22
sanctions [2]  33/6 36/14
SARAH [1]  3/24
SAWYER [2]  4/11 6/7
say [7]  9/21 10/3 14/2 16/22 23/10 23/12 35/9
saying [1]  23/11
schedule [6]  9/7 9/18 10/15 28/10 31/2 36/1

scheduled [6]  14/21 15/2 29/15 31/8 32/17 33/13
schedules [7]  15/21 16/3 29/7 30/9 31/5 34/11 34/13
scheduling [5]  15/4 15/5 15/7 32/15 36/14
Schubert [2]  6/10 6/17
SCHWENNINGER [2]  1/11 1/23
science [1]  35/22
Scisciani [2]  6/5 6/6
SCOTT [1]  4/2
SEAN [2]  1/11 1/22
Seattle [2]  4/13 4/17
second [2]  20/4 21/6
secure [1]  29/6
see [11]  5/9 5/19 5/23 5/23 12/13 14/22 17/7 25/10 27/8 36/1 36/14
seeking [1]  12/23
seems [3]  11/2 15/14 21/21
seen [1]  27/20
self [1]  17/18
self-completed [1]  17/18
separate [2]  11/8 21/3
separating [1]  27/24
September [2]  14/22 36/18
set [13]  6/20 10/4 15/1 15/3 15/11 28/1 30/7 30/10 31/3 31/20 32/2 32/3 32/3
seven [4]  16/16 18/18 25/10 31/15
SHAPIRO [2]  1/13 1/24
she [11]  6/13 6/13 11/14 17/21 19/23 21/1 22/16 22/16 22/18 23/25 32/14
she's [6]  6/18 21/2 23/10 23/12 24/2 24/19
sheer [1]  17/4
SHELLY [2]  1/10 1/21
shook [1]  25/3
short [1]  22/19
shortly [2]  19/18 36/15
should [7]  10/3 10/16 15/12 18/8 24/13 24/19 33/25
should've [2]  18/7 23/23
shouldn't [1]  14/23
show [1]  26/24
showed [1]  27/18
side [3]  8/21 21/9 22/25
signature [4]  37/21 37/22 37/22 37/24
signed [1]  37/22
significant [2]  13/2 17/11
signing [1]  37/9
similar [1]  24/23
simply [5]  7/24 13/16 15/19 16/11 22/18
since [5]  11/13 13/25 17/8 19/24 20/9
situation [1]  21/11
slight [1]  34/4
so [77]
SOCIETY [6]  1/14 1/17 2/1 4/6 4/10 4/14
some [16]  7/2 7/4 7/16 13/25 14/19 15/11 18/5 23/6 29/11 29/17 29/17 30/7 30/25 32/20 35/18 35/18
something [8]  11/4 12/23 15/22 23/13 24/18 24/23 28/3 35/23
somewhat [3]  18/12 24/13 29/14
sorry [6]  6/11 7/9 13/10 21/15 28/23 30/21
sort [5]  15/18 18/10 19/24 21/21 33/21

speak [2]  11/9 37/15
speaker's [1]  37/15
speakerphone [1]  37/13
speakers [2]  37/14 37/14
speaking [2]  7/10 37/14
specifically [1]  34/18
speculating [1]  15/13
speculation [1]  15/14
spend [1]  15/16
spent [2]  20/11 27/8
spokesperson [1]  26/16
spoliation [1]  33/6
Springfield [2]  3/21 3/25
stage [1]  27/1
stand [1]  11/12
standard [1]  15/11
standpoint [1]  30/24
started [3]  5/7 9/3 15/5
state [18]  2/8 3/11 3/15 6/22 8/8 11/15 11/17 11/22 11/24 13/24 14/3 19/20 28/5 34/24 35/5 35/11 35/14 37/5
stated [3]  11/13 14/1 14/3
STATES [3]  1/1 2/16 4/19
status [3]  2/13 6/23 37/7
stayed [1]  26/18
stenographic [1]  37/12
step [1]  32/20
stepped [1]  26/17
still [6]  14/5 15/8 16/22 20/21 26/4 31/9
Street [6]  3/5 3/9 3/13 3/17 4/3 4/8
struggling [1]  21/24
stuck [1]  26/18
submission [1]  13/24
submit [5]  16/9 18/19 24/7 25/9 25/11
subpoena [6]  11/18 11/18 13/20 18/4 18/8 19/19
subpoenaed [1]  19/20
substantial [2]  12/24 32/16
substantive [9]  9/5 27/25 28/1 28/5 28/7 28/16 29/5 29/15 30/12
subtopics [1]  7/16
such [1]  37/20
sufficient [1]  12/3
suggesting [2]  30/4 35/19
Suite [6]  3/5 3/9 4/3 4/8 4/12 4/16
summaries [1]  7/17
summarize [3]  9/11 28/25 29/3
summary [17]  7/14 10/19 10/22 11/7 15/3 15/10 15/22 15/23 18/16 18/20 18/21 19/4 19/13 29/3 33/13 34/2 36/17
supplementing [1]  24/17
sure [11]  9/9 11/21 12/2 13/3 19/16 27/21 28/13 29/2 34/25 35/2 36/3
SUSAN [2]  1/9 1/20
sustainability [1]  14/19

**T**

take [11]  8/5 12/1 26/3 28/5 28/14 28/15 31/15 32/11 32/21 33/7 36/4
taken [3]  10/21 31/10 37/12
takes [1]  15/15
taking [2]  15/9 25/12
talked [1]  21/7
talking [2]  29/20 29/21
technical [1]  37/17

**T**

technological [1]  37/19
tell [2]  27/18 28/12
telling [1]  29/17
test [1]  21/19
testify [1]  12/19
testifying [2]  23/6 24/19
testimony [2]  23/2 23/9
than [5]  8/18 9/5 21/20 30/1 34/6
Thank [20]  5/14 5/18 6/2 6/9 6/16 6/19 8/20 11/11 12/9 16/8 16/23 22/14 25/2 27/13 33/23 36/7 36/11 36/12 36/19 36/21
Thanks [1]  6/24
that [243]
that's [29]  8/12 12/1 12/18 14/11 14/17 17/25 18/4 18/10 19/15 20/8 20/13 20/14 22/12 23/13 23/13 24/8 24/15 26/3 26/4 26/9 27/11 28/12 28/19 31/16 31/17 31/22 33/7 34/8 34/25
their [15]  8/4 8/23 8/24 11/19 12/18 14/19 19/12 20/18 20/24 21/9 23/10 25/4 29/6 29/7 29/7
them [17]  8/6 8/25 10/4 23/7 24/12 24/12 24/17 24/21 27/25 29/18 29/22 30/16 31/18 31/23 32/1 32/24 35/23
themselves [2]  35/21 37/15
then [29]  7/6 7/11 7/13 7/22 9/11 10/5 10/6 11/10 14/5 15/5 16/11 16/17 17/7 17/9 19/4 21/9 22/4 26/2 27/12 27/25 28/4 31/2 32/25 32/25 33/16 34/9 34/13 34/17 35/25
theory [1]  24/2
there [30]  7/16 9/8 9/8 9/13 10/8 10/25 11/1 11/4 11/12 12/10 13/1 13/13 14/3 17/11 17/14 17/15 17/17 17/18 21/18 24/22 28/4 29/8 29/8 29/25 29/25 30/1 33/14 33/19 34/1 34/4
there'll [2]  20/18 34/2
there's [10]  7/5 8/10 11/6 11/16 12/19 16/4 24/18 29/12 29/13 32/16
thereafter [1]  33/17
these [18]  8/17 9/23 10/14 10/19 11/3 12/23 12/24 15/1 15/2 15/3 15/24 17/1 17/19 28/14 28/15 30/7 32/17 36/13
they [24]  5/16 5/16 9/23 10/1 10/1 10/18 11/22 11/23 11/23 12/2 12/19 14/4 18/3 20/17 21/3 22/5 23/13 24/18 24/19 24/19 28/2 29/18 31/8 37/15
they're [4]  21/13 23/12 25/4 29/19
they've [1]  10/4
thing [4]  17/10 20/10 23/10 26/23
things [2]  10/20 14/25
think [15]  14/12 15/14 20/1 20/14 21/16 25/20 26/6 26/10 28/2 28/4 29/14 29/19 31/20 32/8 35/22
thinking [3]  10/13 26/25 32/9
Third [1]  4/19
this [40]
those [25]  7/15 7/16 7/17 7/20 7/23 10/9 11/20 11/22 12/1 12/11 12/13 12/17 13/2 13/18 13/20 13/20 14/14 16/3 16/22 17/20 17/25 19/6 19/6 20/6 20/9
thoughts [1]  28/12
three [4]  10/5 26/9 26/10 33/16

through [3]  8/4 26/8 36/13
time [33]  6/20 8/25 9/2 12/16 13/16 14/6 14/12 14/18 15/6 15/15 15/15 17/3 19/1 20/3 20/12 21/10 22/20 23/15 25/11 25/14 25/21 26/3 27/2 27/9 27/18 30/17 32/10 34/3 34/6 34/8 34/9 34/10 34/15
times [2]  7/1 34/17
timing [5]  13/9 13/13 13/14 16/4 30/24
tired [1]  7/23
today [5]  5/17 7/19 11/21 12/14 27/17
today's [1]  18/18
together [1]  7/1
told [1]  19/18
topic [6]  7/18 11/5 18/10 20/11 23/2 23/25
topics [5]  7/5 7/15 7/18 8/6 17/1
track [1]  13/7
Trailing [1]  2/8
train [1]  13/7
transcript [3]  2/14 37/10 37/21
transitioned [1]  24/13
transmission [1]  21/22
trial [6]  3/13 3/17 12/19 14/21 31/1 36/18
trials' [1]  16/3
true [2]  35/21 37/10
truly [1]  24/18
try [5]  7/4 8/5 17/6 22/2 26/24
trying [5]  9/3 17/4 22/25 30/21 31/4
turn [1]  21/9
two [10]  9/19 9/20 10/2 10/6 14/2 18/11 19/8 26/9 26/10 32/2

**U**

unavailable [1]  31/19
under [1]  33/7
underlying [2]  19/11 20/6
understand [15]  7/4 8/8 8/24 9/1 9/11 12/18 18/12 22/3 23/20 24/11 27/3 29/4 30/13 32/12 35/2
understanding [6]  10/17 11/1 11/6 29/3 32/19 34/18
understood [2]  10/19 13/1
underway [1]  27/4
unfair [1]  21/7
UNITED [3]  1/1 2/16 4/19
unless [1]  12/23
unopposed [1]  11/2
until [1]  11/25
untoward [1]  11/17
up [8]  8/6 10/21 13/7 21/18 27/18 32/21 36/5 36/14
upfront [1]  18/7
upon [3]  17/13 17/19 17/25
us [3]  18/3 18/3 28/19
use [1]  21/19
used [1]  20/6
using [1]  35/12

**V**

versus [2]  6/21 6/22
very [3]  30/16 34/10 34/12
via [2]  37/11 37/13
videoconference [3]  37/11 37/11 37/17
VIDOCQ [9]  1/14 1/17 2/1 4/6 4/10

4/14 6/7 6/12 26/12
Vidocq's [2]  7/11 26/10
visual [1]  37/12
vote [1]  7/23

**W**

WA [2]  4/13 4/17
wait [1]  21/8
WALTER [3]  1/11 1/23 4/1
want [29]  9/9 9/23 10/1 11/11 11/13 11/15 11/21 11/23 12/2 12/4 14/7 16/1 16/4 16/16 19/16 20/4 25/11 26/4 27/22 28/6 28/13 29/2 29/23 30/10 33/24 34/25 35/2 36/1 36/2
wanted [5]  13/2 17/1 18/13 27/21 28/5
wanting [1]  35/4
wants [2]  27/17 31/14
was [46]
waste [1]  27/12
way [1]  15/20
we [86]
we'll [6]  12/16 25/11 32/21 36/1 36/14 36/17
we're [7]  12/11 13/5 22/24 27/24 27/25 29/20 29/21
we've [5]  15/8 20/9 21/11 21/12 29/11
Webb [1]  5/15
WEBLEY [2]  1/12 1/23
Wednesday [1]  5/1
week [7]  10/5 15/3 19/21 20/4 20/10 28/1 31/4
weeks [8]  9/19 9/20 10/2 10/6 14/2 14/20 33/15 33/16
well [21]  6/1 7/21 8/18 9/6 10/3 10/21 12/6 13/18 16/6 20/11 25/5 26/20 27/2 27/5 27/20 29/1 31/6 31/7 33/19 35/2 36/20
were [26]  5/3 10/18 10/20 12/10 15/7 17/4 17/5 17/6 17/7 17/13 17/14 17/15 17/17 17/17 17/18 17/19 17/20 19/18 20/6 20/24 20/25 22/19 22/20 26/18 28/4 31/3
Weresch [2]  4/18 37/23
WETMORE [2]  1/12 1/23
what [27]  6/17 8/5 9/11 9/22 10/13 10/23 10/24 12/19 13/10 14/11 14/11 14/13 16/1 16/24 17/2 17/2 17/22 19/23 20/17 21/11 25/6 26/4 26/24 26/25 32/5 33/18 34/23
whatever [2]  25/11 35/13
when [9]  12/13 15/1 20/24 22/15 24/21 25/22 29/17 33/13 37/14
where [4]  9/11 21/11 23/19 26/18
Whereupon [1]  5/3
whether [2]  24/13 33/8
which [11]  16/2 16/4 16/16 20/19 24/23 30/1 30/7 31/2 31/24 34/7 34/19
while [2]  21/19 27/21
who [3]  16/25 20/25 32/9
whomever [1]  9/25
why [6]  13/13 13/13 14/23 18/4 23/13 27/3
Wi [1]  21/25
Wi-Fi [1]  21/25
WILCOX [2]  1/12 1/24
will [21]  5/16 12/25 15/25 16/17 18/23 19/2 19/4 19/5 19/5 22/2 25/7 26/5

**W**

**will... [9]** 29/22 30/2 30/11 30/12 30/13 30/16 32/14 34/14 34/20
**window [2]** 31/23 32/24
**withdrawn [2]** 27/14 27/15
**within [7]** 12/18 16/15 18/10 25/10 25/21 29/7 30/17
**without [6]** 18/4 19/19 26/8 28/16 34/17 37/21
**won't [1]** 7/22
**wondered [1]** 33/21
**work [4]** 8/3 14/3 30/16 32/15
**working [4]** 15/19 26/7 29/1 36/13
**works [6]** 20/13 28/10 28/11 28/23 29/7 31/9
**would [24]** 8/9 9/7 9/18 10/13 10/14 12/19 14/9 14/12 14/13 16/7 16/13 18/3 20/21 23/25 25/17 25/18 28/15 29/10 30/15 31/3 33/15 33/16 33/18 35/1
**would've [2]** 24/7 34/19
**wouldn't [1]** 24/17
**wrong [1]** 9/12

**Y**

**Yeah [2]** 26/13 30/23
**year [2]** 27/4 36/17
**years [1]** 29/12
**yes [12]** 5/12 5/21 5/24 6/4 10/24 14/11 14/13 19/15 22/14 25/19 28/19 33/11
**yet [3]** 15/10 18/11 25/24
**York [1]** 21/24
**you [89]**
**you'd [1]** 29/17
**you'll [4]** 18/18 20/19 25/9 25/14
**you're [22]** 5/6 7/9 10/9 10/13 10/23 11/9 14/7 15/16 18/25 19/10 19/16 20/14 21/17 21/18 22/9 25/24 25/25 26/6 27/21 34/6 35/3 36/3
**you've [3]** 10/8 16/2 16/2
**your [71]**
**Your Honor [35]** 7/20 8/12 8/20 10/11 10/17 11/11 12/9 13/12 14/25 16/8 16/14 16/23 18/22 19/7 19/15 20/8 21/23 22/12 22/14 24/8 24/15 25/16 26/13 27/13 27/20 28/23 29/10 30/19 31/20 32/14 33/10 34/22 35/10 36/6 36/19
**yours [1]** 21/21
**yourselves [1]** 6/25

**Z**

**ZANNI [2]** 1/12 1/24
**ZAVALA [2]** 1/13 1/24