UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>MARK DANNELS, *et al.*,<br><br>    Defendants. | Case No. 6:20-cv-01163-MTK<br>(Lead Case)<br><br>**AMENDED TRIAL MANAGEMENT ORDER** |
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>OREGON STATE POLICE,<br><br>    Defendant. | Case No. 3:21-cv-01719-MTK<br>(Trailing Case) |

**KASUBHAI,** United States District Judge:

    In preparation for the pretrial conference and jury trial in this case the Court sets the following dates and deadlines:

1.     <u>Pretrial Conference</u>: July 18, 2025, at 9:00 AM, before Judge Kasubhai in Courtroom #1.

Page 1 — AMENDED TRIAL MANAGEMENT ORDER

2.   <u>Jury Trial</u>: Beginning September 15, 2025, in Judge Kasubhai's Courtroom #1. The trial is scheduled for six weeks. The trial date is a firm date and will be continued only in unusual and unforeseen circumstances.

3.   <u>Pretrial Material Filing Deadlines:</u>

    a.   **Six weeks before pretrial conference (June 6, 2025):**

        (1)   Plaintiff's exhibit lists with copies of exhibits to chambers. The exhibit lists shall be filed with the Court. The exhibits themselves shall not be filed, but instead provided directly to chambers.

        (2)   Plaintiff's witness statements including Plaintiff's expert reports if not previously provided.

        (3)   Pretrial order unless waived by the parties with leave of the Court.

    b.   **Five weeks before pretrial conference (June 13, 2025):**

        (1)   Defendants' exhibit lists with copies of exhibits to chambers. The exhibit lists shall be filed with the Court. The exhibits themselves shall not be filed, but instead provided directly to chambers.

        (2)   Defendants' witness statements including Defendants' expert reports if not previously provided.

        (3)   All deposition designations (see deposition procedures below).

        (4)   Trial memoranda. Provide a brief summary of all material factual and legal contentions along with the elements of each claim and any defenses. Trial memoranda are limited to 15 pages unless a party seeks leave of the Court. The parties may request waiver of trial memoranda in factually

        simple cases or in cases where the issues in the case were adequately summarized during motion practice.

    (5)    Proposed verdict forms.

    (6)    Proposed jury instructions.

        a.  Joint proposed jury instructions. The parties, following conferral, shall identify and submit all agreed upon instructions as "joint" instructions.

        b.  Contested jury instructions. If the parties disagree as to the form or content of any instruction, the parties shall jointly file, in a separate document from the "joint" instructions, alternate proposed instructions along with each party's brief argument as to the need for the proposed alternate instruction.

        c.  Form of jury instruction submissions. Each instruction, including any model instruction, shall be on a separate sheet of paper citing any relevant authority. In addition to filing these items with the Court, jury instructions and verdict forms must also be emailed to the Court at MKPropdoc@ord.uscourts.gov. Any modification of model instructions should be clearly shown by using bold font or underlining.

    (7)    Neutral Statement of the Case. The parties shall confer on a proposed neutral statement of the case and submit it jointly if agreement is possible.

  c.  **Four weeks before pretrial conference (June 20, 2025):**

    (1)    Motions in *limine*. Do not file motions in *limine* that are pre-emptive in nature regarding opposing counsel's obligations under the code of professional conduct or the rules of evidence. Do not file broad requests

    that are not specific to the evidence in the case (*e.g.*, "motion to preclude hearsay" or "motion to prevent counsel from arguing law in opening statement").

 (2) Objections to exhibits, witnesses, deposition designations, verdict form, and jury instructions. Objections to witnesses and exhibits must be specific and complete and must identify the exhibit or witness. Responses to objections must be sufficiently specific to enable the Court to provide a ruling.[1]

 (3) A joint list of exhibits the parties stipulate will be admitted.

d. **Three weeks before pretrial conference (June 27, 2025):**

 (1) Responses to motions in *limine*;

 (2) Responses to objections to exhibits, witnesses, deposition designations, verdict form, and jury instructions.

 (3) A chart listing all objections and motions in *limine* that require a ruling from the Court. This must be prepared in Microsoft Word format and emailed to MKPropdoc@ord.uscourts.gov. Do not e-file this document. Please use the below format for this email submission:

| Exhibit number, witness name, or Motion in Limine number | Objection and/or applicable rule. |
|---|---|
|  | (this should not exceed two sentences) |

---

[1] Example: Plaintiff objects to exhibit 201 (plaintiff's employment application) on grounds of relevance. Plaintiff has stipulated to the effective date of her employment. Response: Defendant offers this exhibit solely for the limited purpose of establishing that when she applied, plaintiff requested a swing shift assignment. This evidence constitutes impeachment of plaintiff's anticipated direct testimony that her transfer from a day to night shift constituted an adverse action.

|  |  |
|--|--|

e. **Approximately two weeks before pretrial conference (July 3, 2025):**

(1) The parties are Ordered to submit a joint trial schedule outlining a six-week trial beginning September 15, 2025 and concluding October 24, 2025.

4. Procedures: Except as otherwise noted above, the original and one copy of all trial documents shall be filed with the Court and copies served on all parties. Each item submitted to the Court shall be a separately captioned and stapled document; do not staple different items together. Failure to comply with the Court's deadlines, procedures or instructions may result in the preclusion of such evidence from trial or other sanctions as appropriate.

a. **Exhibits and Exhibit Lists**: Plaintiff's exhibits should be numbered and listed starting with "1." Defendants' exhibits should be numbered and listed starting with "201." The case number should be printed on each exhibit sticker. If there are multiple parties or more than 200 exhibits per party, contact the courtroom deputy for number assignments. If any exhibit is replaced by a revised version, the replacement exhibit shall be denoted with a letter suffix (e.g., exhibit 101A would replace exhibit 101) or else with a new assigned number. Photographs, charts, and the like will be individually numbered unless they are of a specific set, in which case they will be given a lead number, with sequential destinations 50a, 50b, etc. Exhibit lists must be complete and reflect all exhibits presented at trial.

Copies of each numbered exhibit shall be supplied to the Court and opposing counsel. Original exhibits shall be submitted at the time of trial in compliance with this order. Both the

original and the judge's copies of exhibits shall be three-hole punched and placed into binders with clearly marked index tabs.

Parties must seek leave of the Court to file supplemental exhibits after the exhibit deadline set forth above unless there is a joint agreement. Any proposed supplemental exhibits must be separately captioned and include a supplemental or revised exhibit list.

    b.    **Witnesses**:

        (1) <u>General Directions</u>: The parties and counsel are encouraged to advise the Court in their pre-trial submissions of their pronouns and honorifics and the pronouns and honorifics of any witnesses they intend to call. Parties and counsel are instructed to address witnesses in all written documents and court proceedings by those identified pronouns and honorifics.

        (2) <u>Lay Witnesses</u>: List all parties, corporate representatives and other witnesses to be called, showing names and occupations if relevant. If the witness will testify consistent with deposition testimony, simply indicate that. If a witness will testify to anything outside of deposition testimony, submit a statement setting forth the complete substance, not just the subject of the testimony. For example, do not say, "The witness will testify about the accident." Say, "The witness will testify that the defendant ran the red light and was going an estimated 30 miles per hour." Testimony at trial will be limited to subject matter identified in the witness statements, absent a showing of just cause for the omission, balanced against any prejudice to the opposing party.

    Give a time estimate for the direct testimony of each witness.

    All witnesses are excluded from the courtroom with the exception of expert witnesses.

(3) <u>Expert Witnesses</u>: Supply a written report of each expert, whether for the case in chief or rebuttal, setting forth the expert's qualifications, the substance of any opinions to be expressed in detail, and the facts and data upon which the opinions are based. As with lay witnesses, any subject not covered in the expert report will not be allowed at trial absent a showing of just cause for the omission, balanced against any prejudice to the opposing party.

The requirement for filing expert witness statements for purposes of trial does not supersede a party's obligation to produce pertinent expert disclosure during the discovery phase of proceedings under Fed. R. Civ. P. 26. Fact experts, such as a treating physician, may be limited in proffering an opinion on issues outside treatment unless required expert disclosures are made.

c. **Accommodating Disabilities**: Please notify the Court in advance of any witnesses, party, or counsel who will need accommodation for any disability.

d. **Translators**: The court does not provide translators in civil cases.

e. **Depositions**: Deposition transcripts which are intended solely for impeachment purposes need not be filed with the court. Depositions offered in lieu of live testimony must be submitted to the court, highlighting those portions sought to be admitted. Should more than one party wish to utilize the same deposition in lieu of live testimony, a single deposition must be submitted jointly by the parties with each party highlighting their designations in a different color.

Deposition transcripts used in lieu of live testimony are generally not considered "exhibits" and they typically do not go to the jury during deliberations. Please consider in

advance how you wish to present the deposition testimony to the jury; whether through video, proxy witness, or audio recording. The Court's clerk is available to sit in as a proxy witness.

**Objections to deposition designations**: Please provide portions of the deposition transcript with objections highlighted in order for the Court to rule. If the Court strikes any portion of the deposition, be prepared to remove that portion from the audio or video recording that is to be played to the jury.

5. <u>Pretrial Conference</u>: During the pretrial conference, be prepared to discuss the following:

    a. Motions in *limine* and other objections.

    b. Anticipated trial timetable;

    c. Courtroom presentations: graphics or exhibits during opening statement; demonstrative evidence (e.g., maps, summaries, models, computer animations, etc.); and equipment needs (e.g., lectern, digital projector, or DVD player);

    d. *Voir dire* questions. While it is the custom in federal court for the judge to conduct *voir dire*, please note that Judge Kasubhai requires the attorneys to conduct *voir dire*. The Court will provide the jurors with some introductory questions and the attorney will then inquire of all prospective jurors.

    e. Stipulated facts;

    f. Other matters that may arise.

6. <u>Additional Guidance</u>: Please refer to the Trial Court Guidelines for U.S. District Court of Oregon, on the court's website: **https://ord.uscourts.gov/index.php/attorneys/trial-court-guidelines**. If you are not familiar with the courtroom's technology, please arrange a tutorial with the courtroom deputy in advance of trial. New attorneys (attorneys practicing less than 7 years) who are trying to get trial experience may present argument to the Court and examine a

witness with a senior attorney providing back up (in other words, the Court is willing to suspend the "one witness/one attorney rule" in these situations).

IT IS SO ORDERED.

DATED this 8th day of May 2025.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States District Judge