Eric S. DeFreest, OSB No. 920475
edefreest@luvaascobb.com
Erek J. Andrus, OSB No. 244161
eandrus@luvaascobb.com
LUVAAS COBB
777 High Street, Ste. 300
Eugene, OR 97401
Telephone: 541-484-9292

      Attorneys for Defendant Richard Walter

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DISTRICT

| | |
|---|---|
| **NICHOLAS JAMES MCGUFFIN**, as an individual and as guardian *ad litem*, on behalf of **S.M.**, a minor,<br><br>               Plaintiffs,<br><br>    v.<br><br>**MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMINISTRATOR OF THE ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY,**<br><br>               Defendants. | **Civil No. 6:20-cv-01163-MTK (Lead Case)**<br><br>**DEFENDANT RICHARD WALTER'S MOTION TO STAY PROCEEDINGS** |
| **NICHOLAS JAMES MCGUFFIN**, as an individual and as guardian *ad litem*, on behalf of **S.M.**, a minor,<br><br>               Plaintiffs,<br><br>    v.<br><br>**OREGON STATE POLICE,**<br><br>               Defendant, | **Case No.: 3:21-cv-01719-MK (Trailing Case)** |

1 - DEFENDANT RICHARD WALTER'S MOTION TO STAY PROCEEDINGS

**VIDOCQ SOCIETY,**

        Cross-Claim Plaintiff,

        v.

**MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMINISTRATOR OF THE ESTATE OF DAVID E. HALL, CITY OF COQUILLE, CITY OF COOS BAY, COOS COUNTY, and OREGON STATE POLICE,**

        Cross-Claim Defendants.

<u>LOCAL RULE 7-1 CERTIFICATION</u>

In compliance with LR7-1(a)(1), on May 14 and 15, 2025 the parties made a good faith effort through personal, e-mail, or telephone conferences to resolve the dispute and have been unable to do so.

<u>MOTION TO GRANT A STAY OF PROCEEDINGS</u>

Defendant Richard Walter ("Walter"), through his attorneys, moves the Court to stay all claims in this action until the appeals filed by Defendants Mark Dannels, Joel Shapiro, Kris Karcher, Raymond McNeely, Kip Oswald, Michael Reaves, Sean Sanborn, Eric Schwenninger, Chris Webley, Craig Zanni and David Zavala ("Municipal Appellants") and Defendants Susan Hormann, Mary Krings, Kathy Wilcox, John Riddle and the Oregon State Police ("State Appellants") (collectively "Appellant Defendants") are resolved.

**I.**       **Background**

Plaintiffs' second amended complaint ("SAC") alleges violations of 42 U.S.C. §1983 ("§1983") by all individual Defendants for Fourteenth Amendment violations, malicious prosecution, illegal pretrial detention following issuance of legal process, failure to disclose

2 - DEFENDANT RICHARD WALTER'S MOTION TO STAY PROCEEDINGS

exculpatory information, failure to intervene, conspiracy, destruction of exculpatory evidence and *Monell* claims against Vidocq, Coos County, the City of Coos Bay and the City of Coquille. Plaintiffs also allege state law claims of malicious prosecution, civil conspiracy, intentional infliction of emotional distress and intentional and negligent spoliation of evidence against all individual Defendants and negligent training and supervision against Vidocq, Coos County, the City of Coos Bay and the City of Coquille. Plaintiffs' §1983 claims mirror Plaintiffs' state law claims. For instance, as the Court noted, Plaintiffs' §1983 claim for malicious prosecution requires proof of the same elements as Plaintiffs state law malicious prosecution claim. Findings and Recommendations at p. 17 [Dkt. No. 83]. All of Plaintiffs' claims center around the investigation of Leah Freeman's murder.

The four Defendant groups ("State," "Municipal," "Vidocq," and "Walter") filed motions for summary judgment between January 7, 2025 and January 21, 2025. The Court informed the parties through a letter on March 21, 2025 that it intends to deny most of Defendants' motions, including the Appellant Defendants' invocation of qualified immunity for all §1983 claims brought against them. The Municipal Appellants filed separate notices of appeal on April 15, 2025 to the Ninth Circuit, appealing this Court's denial of their motions for summary judgment based on qualified immunity. The State Appellants filed a notice of appeal over denial of their assertion of qualified immunity shortly thereafter.

**II.        A Stay of All Claims Is Appropriate**

As long as the Appellant Defendants' appeals are ongoing, a stay of all claims against the Defendants in this matter is prudent and justified. District Courts have the power to stay cases on their docket. *See Peck v. Cty. of Orange*, 528 F.Supp.3d 1100, 1104-05 (C.D. Cal. 2021) ("The power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants") (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). "The decision whether to stay a civil action is left to the sound discretion of the district court." *Peck*, 528 F.Supp.3d at 1104-05 (citing *Rohan ex re. Gates v. Woodford*, 334 F.3d 803, 817 (9th Cir. 2003) *abrogated*

3 - DEFENDANT RICHARD WALTER'S MOTION TO STAY PROCEEDINGS

*on other grounds by Ryan v. Gonzales*, 568 U.S. 57, 133 (2013). Where a District Court is asked to stay a proceeding,

> the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The hardship for Walter of defending against Plaintiffs' §1983 claims without the Appellant Defendants, defending against claims for which the Ninth Circuit and a jury could potentially make contradictory decisions and participating in multiple trials, coupled with the benefits a stay would have for the orderly course of justice outweighs any damage potentially presented by a stay. A stay of this case until the appeals are complete is prudent and justified.

### A.     The Orderly Course of Justice Favors a Stay of All Claims

Staying this action pending the Ninth Circuit's review of the appeals would promote the orderly course of justice. Staying an entire proceeding simplifies the issues, questions of law, and proof when both the ongoing claims and the appealed claims "arise from the same set of facts in which the conduct [of the defendants] is inextricably intertwined" and where allowing some claims to proceed while others are stayed would "result in two almost entirely duplicative trials." *Perkins v. City of Anaheim*, 8:19-cv-00315-JLS-JDE 2022, U.S. Dist. LEXIS 127884 at *8 (C.D. Cal. Feb. 2, 2022). The issues, questions of law, and proof are also simplified by a stay when there is substantial overlap of legal questions that are before both the Court of Appeals and the District Court. *See Flores v. Bennett*, 675 F.Supp.3d 1052, 1063 (E.D. Cal. 2023) (finding that a stay would promote judicial economy where the Ninth Circuit and the District Court were considering legal questions with substantial overlap, and where the Ninth Circuit was ruling on an appeal of a preliminary injunction while the District court expected to rule on a motion to dismiss in the same matter).

Staying this entire action would simplify the issues and questions of law because there is substantial overlap between the appealed claims and the claims remaining in the District Court. The Ninth Circuit is reviewing denial of the Appealing Defendants' assertion of qualified immunity. Whether qualified immunity attaches depends on whether an official violated "clearly established statutory or constitutional rights of which a reasonable person would have known."*White v. Pauly*, 580 U.S. 73, 78 (2017) (citing *Mullenix v. Luna*, 577 U.S. 7, 11 (2015)). The §1983 claims for which the Appealing Defendants assert qualified immunity are also alleged against the Defendants who did not submit appeals. Plaintiffs also assert that all Defendants conspired to commit the alleged constitutional violations. Even Plaintiffs' alleged *Monell* claims require proof of a constitutional violation. *Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019) ("A plaintiff must therefore show '*deliberate* action attributable to the municipality that directly caused a deprivation of federal rights.'" (citing *Bd.of Cty. Comm'rs v. Brown*, 520 U.S. 397, 415 (1997) (emphasis in original) (alterations omitted)). Thus, the alleged constitutional violations upon which the Ninth Circuit will be ruling substantially overlap with the alleged constitutional violations still before this Court.

Staying this action would help simplify proof as well, because the same facts underlie both the appealed and the remaining claims. The Ninth Circuit's examination of whether constitutional violations occurred in the context of qualified immunity will inherently overlap with the jury's charge to determine whether constitutional violations occurred in the context of the remaining claims. The facts underlying the Appealing Defendants' claims of qualified immunity are intertwined with the facts upon which the jury would decide the remaining claims. The Appealing Defendants assert qualified immunity for their actions in the investigation, arrest, conviction, and imprisonment of McGuffin. Plaintiffs' remaining claims allege harm arising from the investigation, arrest, conviction, and imprisonment of McGuffin. Further, if the Ninth Circuit allows the appeals to move forward, the lack of documented reasoning based in the Court record for the denial of qualified immunity will force the Ninth Circuit to address the factual record in the light most favorable to the Plaintiffs. *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996) (Stating that where a denial of summary judgment for qualified immunity "did not identify the

particular charged conduct" supporting the denial, the "court of appeals may have to undertake a cumbersome review of the record to determine what facts the district court, in the light most favorable to the nonmoving party, likely assumed." (citing *Johnson v. Jones*, 515 U.S. 304, 319 (1995))). If this matter proceeds to trial without a stay, it is foreseeable that the jury in the current action and the Ninth Circuit will make disparate factual determinations regarding the same facts.

Staying the case until the Ninth Circuit completes its review would minimize the likelihood of two trials. If the remaining claims in this action are not stayed, there could be at least two separate trials of substantially similar claims. It is possible that the trial in this action ends before the Ninth Circuit rules on the Appellant Defendants' appeals. The appeals could then be denied, giving Plaintiffs the opportunity for a second trial against the Appellate Defendants, with mostly the same facts and legal issues as the first trial. A second trial would likely involve the same witnesses, exhibits and testimony presented at the first trial. Staying the remaining claims would ensure that this action does not fragment into smaller actions, and potentially lead to inapposite dispositions of similar issues. *See Pub. Emps. Ret. Ass'n of N.M. v. Earley (In re PG&E Corp. Sec.Litig.)*, 100 F.4th 1076, 1086 (9th Cir. 2024) (Staying an entire action may be proper where it is "in the interest of efficiency and would avoid proceeding on a piecemeal basis.") (internal citations omitted).

The remaining claims arise from the same facts as the claims currently under review by the Ninth Circuit. Those claims substantially overlap with each other. Without a stay, extra, avoidable litigation, is likely. Thus, staying this action pending the Ninth Circuit's review of the Appellant Defendants' appeals would simplify the issues, questions of law, and proof in this action and thereby support the orderly course of justice.

### B.    Moving Forward Would Cause Walter Hardship and Inequity

When parties appeal a denial of qualified immunity, continuing litigation on other joined claims generally causes hardship. *See Sweet v. City of Mesa*, CV-17-00152-PHX-GMS, 2022 U.S. Dist. LEXIS 57038, at *8 (D. Ariz. March 28, 2022) (finding that a trial on only *Monell* claims would "likely require the jury to evaluate the individual officers' conduct-subverting the purpose of qualified immunity") (internal citations omitted); *Perkins*, 2022 U.S.

6 - DEFENDANT RICHARD WALTER'S MOTION TO STAY PROCEEDINGS

Dist. LEXIS 127884 at *7 (finding that the defendants would face "significant hardship and inequity in having to proceed to trial on some, but not all, of Plaintiffs' claims" and would be required to "defend against two trials arising from the same set of facts"); *R.W. v. Columbia Basin Coll., A Pub. Inst.*, 4:18-CV-5089-RMP 2019 U.S. Dist. LEXIS 243647, at *18 (E.D. Wash. Oct. 21, 2019) (finding that the possibility of the parties having to bear litigation costs of two trials to be burdensome and prejudicial). Walter will face hardship without a stay because Walter will be forced to defend the §1983 claims asserted against the Appellate Defendants, and because Walter would likely have to participate in a second trial at least as a witness.

If the Appellant Defendants are not defending the §1983 claims against them then Walter would have to substantially try the Appellant Defendants' case for them.  Plaintiffs' §1983 claims against Walter are only viable if Walter was a state actor through his interactions with the Appellate Defendants. To fully defend and explain Defendants' side, the Appellant Defendants and their knowledge of the case is necessary. Walter does not have such knowledge, nor does Walter have open access to the Appellant Defendants by which to fully prepare such a case presentation. It is undisputed that Walter traveled to Oregon during the time of the Freeman investigation only once. Walter's Motion for Summary Judgment at p. 15, ¶12; p. 16, ¶16 [Dkt. No. 314]. He left before Frasier convened the grand jury to hear evidence of the Freeman investigation. Walter's Motion for Summary Judgment at p. 16, ¶17 [Dkt. No. 314]. Appellant Defendants collectively harbor knowledge of the facts of the past 25 years of this case. For instance, to prove a violation of the Fourth Amendment, McGuffin must prove his arrest was effected without probable cause. Walter was undisputedly not involved in presenting evidence to the grand jury, nor was he privy to their deliberations, nor present when McGuffin was arrested. Walter's Motion for Summary Judgment at p. 16 ¶¶16-18 [Dkt. No. 314]. However, without the Appellant Defendants defending against Plaintiffs' §1983 claims, Walter has a substantial gap in knowledge and a lack of access to knowledge regarding the evidence necessary to prove that there was probable cause to arrest McGuffin. Walter's Motion for Summary Judgment at p. 15, ¶9; p. 17, ¶19 [Dkt. No. 314]. Since Walter was not in communication with anyone from the Freeman Investigation when they decided to present to the grand jury, nor at

7 - DEFENDANT RICHARD WALTER'S MOTION TO STAY PROCEEDINGS

anytime afterward through McGuffin's post-conviction relief, he would have to rely on the Municipal Defendants' description of events for that time period. By presenting the Municipal and State Defendants' version of events, Walter would be providing a defense against malicious prosecution for himself and developing the record for the Appellant Defendants' second trial. The same is true for Plaintiffs' other claims against both Walter and the Appellant Defendants. This would place on Walter the burden of defending himself and the separate conduct of the Municipal and State Defendants.

Up until now, Walter was not viewing this action through the lens of having to defend the State and Municipal Defendants. Walter conducted discovery in this action with the understanding that all Defendants would participate in defending themselves against Plaintiffs' claims. Discovery is closed, so Walter cannot utilize discovery tools to further develop the factual record with the understanding that not all of the claims against all Defendants will be tried together. Although Walter could call each of the Appellant Defendants as witnesses, Walter does not have open access to the Appellant Defendants and would not have access to the Appellant Defendants' work product, including experts, with which to prepare for trial. Further, it is unclear what evidence may be restricted at trial due to the lack of Appellant Defendants' defense of the §1983 claims. Walter would not have a chance to prepare the Appellants as witnesses, even if he could force them to testify. Thus, Walter's ability to defend himself against Plaintiffs' federal claims at this point in litigation is severely diminished without the Appellant Defendants' full participation.

Walter, along with all the other parties, could be forced to bear the financial burden of extra litigation. Without a stay of this action, it is possible that the Ninth Circuit's decisions regarding the facts and the law at issue could contradict the findings and verdict after a trial in this Court. For instance, if Walter were deemed a state actor, Walter could face potential liability at trial for violating McGuffin's constitutional rights, but the Ninth Circuit could concurrently determine that there were no violations of McGuffin's constitutional rights. Contradictory findings could cause further unnecessary litigation expenses that would not occur if the Court stayed the remaining claims in lieu of piecemeal litigation. At least, if the appeals move forward,

8 - DEFENDANT RICHARD WALTER'S MOTION TO STAY PROCEEDINGS

then the Appellate Defendants may face two trials: one in the current action and a second for the claims currently on appeal. As explained above, those trials would be based on the same facts and issues. Walter could thus be called as a witness at the second trial. Staying the current action entirely would eliminate the potential for multiple trials.

### C.     A Stay Would Cause Minimal Damage

The parties would experience delay if a stay is granted. However, delay does not outweigh the hardship and inequality that would occur without a stay in this action. Nor does delay at this stage outweigh the benefits to the orderly course of justice in staying this action. A delay in potentially recovering monetary damages is less damaging than delaying adjudication of a continuing harm. *See CMAX, Inc.*, 300 F.2d at 268-69 (upholding a stay ordered by the District Court where the plaintiff's only damage would be delay of the potential to recover monetary damages). Here, Plaintiffs are not seeking an injunction or alleging any kind of continuing harm. Plaintiffs are seeking monetary damages only. Delay of a potential receipt of monetary damages is a minimal harm.

Delaying a trial is also less damaging when that delay comes after the pre-trial process is complete. *Perkins*, 2022 U.S. Dist. LEXIS 127884 at *7 (reasoning that the completion of discovery and summary judgment rulings minimized any damage the plaintiffs would suffer due to delaying trial, since trial "may proceed promptly once the stay is lifted"). The pre-trial process in this matter is predominantly complete. Discovery is concluded, the Court has decided to deny almost all Defendants' motions for summary judgment and preparation for trial has been ordered. If the action is stayed, once the Ninth Circuit completes the appeal process, the parties will promptly be ready to prepare for trial on all remaining issues in one proceeding.

### III.     Conclusion

Weighing the appropriate factors, it is respectfully submitted that staying this action in its entirety is prudent and justified. Staying this action would simplify the issues, questions of law and proof since the facts and law at issue in the appeals overlaps with those present in the remaining claims. Granting a stay would minimize the hardship to Walter in having to put on a substantive defense for the Plaintiffs' §1983 claims against the Appellant Defendants. Granting

a stay would also minimize the hardship to all parties of fragmenting the case and subjecting the parties to the costs of multiple trials. Delaying the trial would present minimal potential harm, since Plaintiffs are not suffering an ongoing harm and since the pre-trial process in this case is now mostly complete. The benefits to the orderly course of justice and the hardship avoided by granting a stay thus outweigh the potential damage it might cause. A stay of all claims affecting all parties in this action is therefore justified.

DATED this 15th day of May, 2025.

LUVAAS COBB

By:    /s/ Eric S. DeFreest
       Eric S. DeFreest, OSB No. 920475
       edefreest@luvaascobb.com
       Erek J. Andrus, OSB No. 244161
       eandrus@luvaascobb.com
       777 High Street Ste. 300
       Eugene, OR 97402
       Telephone: 541-484-9292
       Attorneys for Defendant Richard Walter

10 - DEFENDANT RICHARD WALTER'S MOTION TO STAY PROCEEDINGS