IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| Nicholas James McGuffin, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,<br><br>            Plaintiffs,<br><br>    v.<br><br>Mark Dannels, Pat Downing, Susan Hormann, Mary Krings, Kris Karcher, Shelly McInnes, Raymond McNeely, Kip Oswald, Michael Reaves, John Riddle, Sean Sanborn, Eric Schwenninger, Richard Walter, Chris Webley, Anthony Wetmore, Kathy Wilcox, Craig Zanni, David Zavala, Joel D. Shapiro as Administrator of the Estate of David E. Hall, Vidocq Society, City of Coquille, City of Coos Bay and Coos County,<br><br>            Defendants. | Case No. 6:20-cv-01163-MTK<br>        (Lead Case)<br><br><br><br>Response to Plaintiffs' Motion to Certify Interlocutory Appeals as Frivolous by Municipal Defendants |
| Nicholas James McGuffin, as an Individual and as guardian ad litem, on behalf of S.M., a minor,<br><br>            Plaintiffs,<br><br>    v.<br><br>Oregon State Police,<br><br>            Defendant. | Case No. 3:21-cv-01719-MTK<br>        (Trailing Case) |

Page-1  - Response to Plaintiffs' Motion to Certify Appeals as Frivolous

COMES NOW, Mark Dannels, Estate of David Hall, Kris Karcher, Raymond McNeely, Kip Oswald, Michael Reaves, Sean Sanborn, Eric Schwenninger, Chris Webley, Craig Zanni, and David Zavala ("Municipal Defendants"), by and through their attorney, Robert E. Franz, Jr., and for Response to Plaintiffs' Motion to Certify their Appeals as Frivolous, hereby respond as follows:

Appealing a summary judgment order denying qualified immunity is allowed under 28 U.S.C. § 1291, notwithstanding the absence of a final judgment and is hardly frivolous. *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S. Ct. 2806, 86 L.Ed.2d 411 (1985); *Cunningham v. Gates,* 229 F.3d 1271, 1278 (9th Cir. 2000), as amended (Oct. 31, 2000). In fact, the attorney for the Municipal Defendants has used the *Mitchell v. Forsyth* interlocutory appeal procedure in this Court and the Ninth Circuit Court of Appeals in prior cases. For example, in the case of *Titus v. Horrell*, 488 Fed. Appx. 233 (9th Cir. 2012), the Oregon District Court denied qualified immunity at summary judgment stage to the members of the Prairie City Council. The members filed an interlocutory appeal pursuant to *Mitchell* in order to obtain an immediate review of the district court's decision. The Ninth Circuit reversed the district court finding that the members had qualified immunity. "Appellants are entitled to summary judgment on the basis of qualified immunity because they did not violate Titus's due process rights. *Titus v. Horrell,* 488 Fed. Appx. 233, 234 (9th Cir. 2012).

And again, in the case of *Picray v. Duffitt*, 652 Fed. Appx. 497, 498 (9th Cir. 2016), the attorney for the Municipal Defendants used the *Mitchell v. Forsyth* interlocutory appeal procedure in this Court. After the appeal was filed, the Honorable Michael J. McShane stayed the state law claims in the Oregon District Court pending review by the Ninth Circuit. As summarized by the Ninth Circuit:

Page-2  - Response to Plaintiffs' Motion to Certify Appeals as Frivolous

> "Benton County Sheriff's Deputy Christopher Duffitt and Captain Greg Ridler appeal from the district court's order on summary judgment denying their motion for qualified immunity. David Picray brought this action under 42 U.S.C. § 1983, contending that defendants arrested him and subsequently searched his home in retaliation for his protected speech. We have jurisdiction under 28 U.S.C. § 1291. See *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (an order denying qualified immunity is appealable under § 1291 notwithstanding the absence of a final judgment). We review de novo. *Wilkins v. City of Oakland*, 350 F.3d 949, 954 (9th Cir.2003). We reverse the district court's denial of qualified immunity and remand for further proceedings."

The *Mitchell* interlocutory appeal procedure is a valuable and necessary appeal procedure to make sure immune public officials are not forced to trial and to endure the expenses of pretrial procedures. This case further illustrates the importance of maintaining the integrity of such procedure.

**I. Issue an Order.**

The Plaintiffs contend that the appeals at issue are frivolous because they are premature since the decision letter by this court is not an "Order." If that is the situation, then this Court just needs to issue an order consistent with the decision letter. There is no requirement that this Court issue an opinion; and in fact, in this Circuit an order denying qualified immunity is appealable even if the trial court did not mention or discuss qualified immunity, nor make any explicate findings as to qualified immunity. As stated in: *Dahlia v. Stehr*, 491 Fed. Appx. 799, 800 (9th Cir. 2012):

> 1. We have jurisdiction under 28 U.S.C. § 1291 to review Stehr's interlocutory appeal because his motion asserted qualified immunity. *Wilkins v. City of Oakland,* 350 F.3d 949, 951 (9th Cir.2003). Although the district court dismissed Stehr's motion without expressly discussing the qualified immunity question, it implicitly denied the qualified immunity claim. *Giebel v. Sylvester,* 244 F.3d 1182, 1186 n. 6 (9th Cir.2001). Even where, as here, there are issues of fact in dispute, "we can

determine whether the denial of qualified immunity was appropriate by assuming that the version of the material facts asserted by [Dahlia] is correct." *Jeffers v. Gomez,* 267 F.3d 895, 903 (9th Cir. 2001).

As stated in *Ford v. Moore*, 237 F.3d 156, 158 (2d Cir. 2001), a case in which the district court made no mention of defendants' qualified immunity:

> We conclude that we should adjudicate the merits of the Appellants' qualified immunity defense, notwithstanding the lack of explicit consideration by the District Court, and that the defense should be upheld as a matter of law. We therefore reverse and remand with directions to dismiss the complaint against the Appellants.

Attached hereto as Exhibit A is an example of an order the Court can sign if the Court indeed did not intend its letter denial of qualified immunity to be effective immediately so as to constitute a decision in this case on the issue of qualified immunity.

## II. The Appeal is "ripe" without any further Order.

On the other hand, no order is necessary if the Court intended its decision letter denying qualified immunity to be effective immediately because such an intention and consequences renders the appeals "ripe" under the following analysis.

It is well known that:

> A district-court decision denying a Government officer's claim of qualified immunity can fall within the narrow class of appealable orders despite "the absence of a final judgment." *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). This is so because qualified immunity * ** is both a defense to liability and a limited "*entitlement not to stand trial or face the other burdens of litigation.*"

*Ashcroft v. Iqbal*, 556 U.S. 662, 671–72, 129 S. Ct. 1937 (2009) (italic emphasis supplied).

There are several undisputed statements and acts that make it clear that this Court's denial of qualified immunity was final, was not subject to reconsideration, and was effective immediately; all of which justifies Defendants' interlocutory appeals.

First, it is undisputed that this Court issued its "Qualified Immunity – The Court's Decision: Denied" (Decision Letter at 2) on March 21, 2025, in a written letter sent to all the parties.

Second, after this decision letter, it is undisputed that this Court issued its Trial Management Order ("IT IS SO ORDERED") which was entered in the civil docket on March 27, 2025, (Document 346-Exhibit B) that ordered the Defendants to a six-week jury trial starting on September 15, 2025, on the claims as to which qualified immunity had been denied; that provided the date of the trial referred to in the Trial Management Order "is a firm date" (TMO at 2); and, that ordered the Defendants to prepare and submit numerous documents over a six-week period prior to the ordered pretrial conference which was set for June 23 and 24, 2025.

Third, it is undisputed that this Court has not yet docketed any opinion or order and does not intend to do so until sometime prior to the trial set for September 15, 2025. As stated in its decision letter: "A detailed Opinion an Order with the Court's reasoning will be docketed before trial." (Decision Letter at 1)

Fourth, this Court made its purpose for the letter clear: "The purpose of this letter is to provide sufficient notice to you that Defendants' motions are unavailing . . ." (Decision Letter at 1)

Based upon the above, the message sent to Defendants contained in the decision letter and Trial Management Order was clear: qualified immunity was denied; the case was going to trial on September 15, 2025; and all trial documents had to be prepared and filed prior to the pretrial conference set for June 23, 2025. In other words, this Court advised Defendants that the denial of qualified immunity

was effective immediately. And effective immediately, the case was going to trial and trial documents were due on the dates set forth in the Trial Management Order. The immediacy of the denial of qualified immunity and the fact that the denial was final and not subject to reconsideration was further reinforced by this Court in the decision letter: "I am providing this notice so the parties will have adequate time to prepare and submit the materials ordered in a Trial Management Order you will receive shortly."

Thus, from March 21, 2025, going forward, Defendants had no choice but to incur substantial costs and attorney fees in preparing for and going to trial on all issues and claims, including those claims potentially barred by the doctrine of qualified immunity. And, from March 21, 2025, forward, this Court had "conclusively determined" that the Defendants did not have immunity from liability nor from the "entitlement not to stand trial or face the other burdens of litigation." *Ashcroft v. Iqbal,* 556 U.S. 662, 672 (2009). As of March 21, 2025, there was nothing further this Court had to determine on the issue of qualified immunity as far as this Court was concerned: "Qualified Immunity The Court's Decision: Denied," "It is so Ordered:" the case is going to trial-get your trial documents filed.

Remember, "[a] major characteristic of the denial or granting of a claim appealable under *Cohen's* "collateral order" doctrine is that "unless it can be reviewed before [the proceedings terminate], it can never be reviewed at all." *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985). In this case, the procedure set up by this Court (i.e. deny qualified immunity but don't issue an order until sometime prior to trial) results, practically speaking, in the denial of qualified immunity to the Defendants never being reviewed at all.

Perhaps some examples would be helpful to illustrate the concerns of Defendants.

Page-6  - Response to Plaintiffs' Motion to Certify Appeals as Frivolous

<u>Scenario One</u>: This Court finds the Defendants' appeals are frivolous because they are not ripe since a written opinion and order will be filed sometime prior to trial. The Court stays busy and never issues a written opinion and order, because there really was no reason to do so since the Court had denied immunity and had set the matter for trial with due dates for trial documents. The case then goes to a jury trial. Defendants had no choice but to go to trial on the claims as to which qualified immunity had been denied because the Defendants do not want to be held in contempt of court for failing to follow the docketed Trial Management Order. <u>Result</u>: Defendants were effectively barred from exercising their right of pretrial review of the denial of qualified immunity established by *Mitchell*; and the purpose of allowing qualified immunity to act as both a defense to liability and a limited "entitlement not to stand trial or face the other burdens of litigation," had been defeated.

<u>Scenario Two</u>: This Court finds the Defendants' appeals are frivolous because they are not ripe since a written opinion and order will be filed sometime prior to trial. The Court stays busy and never issues a written opinion and order until September 10, 2025, because there really was no need to do so because the court had denied immunity and had set the matter for trial with due dates for trial documents. On September 11, 2025, Defendants file their notices of appeal from the written order. This Court immediately rules that the appeals are frivolous because the notices were filed too close to the trial date, this Court keeps jurisdiction over all claims, and the trial goes forward. <u>Result</u>: Defendants were effectively barred from exercising their right of the pretrial review of the denial of qualified immunity established by *Mitchell*.

<u>Scenario Three</u>: This Court finds the Defendants' appeals are frivolous because they are not ripe since a written opinion and order will be filed sometime prior to trial. The Court stays busy and never issues a written opinion and order

until September 10, 2025. On September 11, 2025, Defendants file theirs notices of appeal from the written order. This Court does not find the appeals were frivolous and thus loses jurisdiction of the claims subject to the defense of qualified immunity, and the trial is automatically stayed. <u>Result</u>: Defendants were effectively barred from exercising their right of the pretrial review of the denial of qualified immunity established by *Mitchell* because they already incurred substantial fees and costs in getting ready for trial up to five days before trial.

<u>Scenario Four</u>: No appeals were taken from the decision letter because Defendants decided to wait for the written opinion and order. This Court stays busy and never issues a written opinion and order. The case goes to a jury trial because there were no appeals. <u>Result</u>: Defendants were effectively barred from exercising his right of the pretrial review of the denial of qualified immunity established by *Mitchell.*

<u>Scenario Five</u>: No appeals were taken from the decision letter because Defendants decided to wait for the written opinion and order. This Court stays busy and does not issue a written opinion and order until September 10, 2025. Defendants appeal from the written opinion and order. This Court certifies the appeals as frivolous because they were not timely filed within 30 days of March 21, 2025, after finding that it was clear that this Court's decision letter of March 21, 2025, together with the Trial Management Order rendered final the denial of immunity on March 21, 2025. The Ninth Circuit agrees that the appeals were not timely. <u>Result</u>: Defendants never get a pretrial review of the denial of qualified immunity. This is what happened to the Defendant in the case of *Ueckert v. Guerra*, 38 F.4th 446, 448-449 (5th Cir. 2022). As stated in *Ueckert:*

> Unfortunately, that is not what Appellant Juan G. Guerra did. During a hearing the court ruled from the bench, [orally] denying Guerra's motion for summary judgment. [which was based upon qualified immunity] Two days later the court issued a minute entry

Page-8  - Response to Plaintiffs' Motion to Certify Appeals as Frivolous

> memorializing its ruling. Guerra seems to have believed that this was not the court's last word, and that a written order was forthcoming. But it wasn't. The court's bench ruling was its final decision on the motion. * * * Because this appeal is untimely, we grant Appellee's motion to dismiss this appeal.
>
> * * *
>
> Guerra is wrong on all counts. A bench ruling can be effective without a written order and does trigger appeal deadlines if it is final—which this ruling was.

As stated in *Mitchell v. Forsyth*, 472 U.S. 511 (1985): "The entitlement is an *immunity from suit* rather than a mere defense to liability; and, like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." As all the courts note, the purpose of allowing interlocutory appeals in qualified immunity cases serves the policy goals underlying the doctrine: an immediate review of the trial court's decision; because immediate review ensures that officials are not subjected to unnecessary trials and that the legal standards governing their conduct are clarified promptly. As stated in *Moore v. Garnand,* 83 F.4th 743, 748–49 (9th Cir. 2023):

> Plaintiffs argue that we lack jurisdiction because the district court did not conclusively determine whether Defendants were entitled to qualified immunity. But our caselaw does not support Plaintiffs' position. In *Ganwich v. Knapp*, 319 F.3d 1115 (9th Cir. 2003), we rejected plaintiffs' argument that we lacked jurisdiction to review the denial of qualified immunity because "the district court's ruling occurred before the completion of discovery and expressly left the qualified immunity question open for reconsideration after the completion of discovery." *Id.* at 1119. We reasoned that jurisdiction was proper because "[f]orcing the defendant officers to undergo discovery, without the possibility of appeal to us, would erode any qualified immunity to the burdens of discovery the officers might possess." *Id.*; *see also Behrens v. Pelletier*, 516 U.S. 299, 308, 116 S.Ct. 834, 133L.Ed.2d 773 (1996) (holding that qualified immunity gives government officials a right "not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery" * *

> \* *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 973 (9th Cir. 2009) ("[A]n order clearing the way for burdensome pre-trial discovery obligations renders the denial of immunity effectively unreviewable on appeal from final judgment—immunity from suit is of no use at that late stage.").

The fact that a letter was used to convey a decision rather than a formal opinion and order is of no consequence; nor is the fact that this Court may have stated that sometime in the future it will enter an order and opinion. "The form of the ruling is immaterial," when the district court intended that its order be "effective immediately." As stated in *Ueckert v. Guerra,* 38 F.4th 446, 449–50 (5th Cir. 2022): "The test for finality is whether the district court intended that its order be "effective immediately."

In this case, the decision letter combined with the docketed Trial Management Order left no doubt in the objective viewpoint of any party in this case that this Court intended that its decision denying qualified immunity was "effective immediately;" and that its Trial Management Order was effective immediately. The decision and Trial Management Order were not tentative; nor temporary; nor limited to a future date; and there was no indication by this Court that the issues related to qualified immunity were open to further argument or reconsideration. In fact, this Court vacated the date it had already set for oral argument on Defendants' motions: "Finally, I am vacating the scheduled oral argument on the motions for summary judgment." (Decision Letter at 2.)

Stated differently, the letter and Trial Management Order conclusively determined that qualified immunity was denied because "[t]here are simply no further steps that can be taken **in** the District Court" by each Defendant "to avoid the trial the defendant maintains is barred" by qualified immunity. *Mitchell v. Forsyth*, 472 U.S. 511, 527 (1985). "In such a case, there will be nothing in the subsequent course of the proceedings in the district court that can alter the court's

Page-10- Response to Plaintiffs' Motion to Certify Appeals as Frivolous

conclusion that the defendant is not immune;" thus the appeal by the Defendants in the case at bar from the consequences of the decision letter and Trial Management Order is justified as a *de facto* final denial of qualified immunity or because it was the intention of this Court to treat its decision as final and effective immediately. *Mitchell*, 437 U.S. at 527.

    Defendants and their attorney did not create the situation now facing Defendants and this Court. The Defendants and their attorney alerted everyone as to their intent of seeking a pretrial review of the denial of qualified immunity as soon as this Court made its decision and immediately made its decision effective by ordering the Defendants to trial and to submit pretrial documents.

    Defendants and their attorney did not hide and "lie in wait," until a written opinion was filed and then appeal the denial of immunity two weeks before trial. The procedure of an interlocutory appeal used by Defendants was established by the United States Supreme Court in 1985 (*Mitchell v. Forsyth*) and based upon a case decided in 1949 (*Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541 (1949)). Following the law of the United States Supreme Court is not improper nor is it unethical.

    As of this date, this Court has not issued an opinion and order. This is tantamount to postponing an opinion and order until trial which amounts to a *de facto* denial of immunity. We are not dealing with a decision by a trial court to postpone a ruling on immunity after a motion to dismiss has been filed against a plaintiff's complaint so that a plaintiff can obtain discovery, after which the issue can be decided by a motion for summary judgment. We are dealing with a denial of immunity at the motion for summary judgment stage, the last stage available for a pretrial review of a denial of immunity. The next stage is the trial.

    Courts have recognized a *de facto* denial of immunity ripe for an interlocutory appeal when the immunity issue is postponed until trial or when the

trial court refuses to rule on the issue of immunity. *Workman v. Jordan*, 958 F.2d 332, 335-336 (10th Cir. 1992). [Holding Court of Appeals had jurisdiction "from orders postponing until trial a decision on motions to dismiss Plaintiffs' complaint on grounds of qualified immunity."]; *Helton v. Clements,* 787 F.2d 1016, 1017 (5th Cir. 1986).

> As observed in *Workman v. Jordan*, 958 F.2d 332, 335-336 (10th Cir. 1992):

> The present appeals are from orders *postponing* a decision on qualified immunity claims rather than denying such claims. Defendants nevertheless argue that the orders fall within the collateral order rule because, unless the orders are immediately appealable, defendants will lose their right to be free from the burdens of pretrial discovery and trial; postponing a decision on the qualified immunity issue conclusively determines that defendants will not be free from having to stand trial; and the issues raised in the qualified immunity defense are separable from and collateral to the rights asserted in the action.
> * * *
> *Helton* 's holding was adopted by the Eighth Circuit in *Craft v. Wipf,* 810 F.2d 170, 173 (8th Cir.1987), and the Second Circuit in *Musso v. Hourigan,* 836 F.2d 736, 741 (2d Cir.1988), both of which allowed an appeal from an order that failed to rule on a qualified immunity defense. *See also Zayas–Green v. Casaine,* 906 F.2d 18, 23 (1st Cir.1990) (relying on *Musso, Craft,* and *Helton,* court concluded that defendants had right to appeal from pretrial order refusing to entertain motions raising qualified immunity); Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3914.10 at 674–75 (1992) ("[T]he purpose of protecting officials against the burdens of trial preparation and trial suggests that at some point appeal should be available from failure to make a pretrial ruling on an immunity defense....").

> We agree with the Second Circuit's reason for following *Helton:* if we deny appellate review when a district court postpones until trial a ruling on a qualified immunity defense, a defendant would stand to lose whatever entitlement he or she might otherwise have not to stand trial. *Musso,* 836 F.2d at 741. For the reasons set forth in *Helton,* we

> hold that we have jurisdiction of the appeals from the orders postponing a decision on the motions to dismiss.

As observed by the Fifth Circuit Court of Appeals in the case of *Helton v. Clements,* 787 F.2d 1016, 1017 (5th Cir. 1986):

> The threshold issue we must address is whether an order which declines or refuses to rule on a motion to dismiss based on the defense of governmental immunity is an immediately appealable order. We hold that it is.
>
> The analysis of whether a refusal to rule on a claim of immunity until trial is appealable was stated in *Mitchell v. Forsyth,* 472 U.S. 511, —— –, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985). In *Mitchell,* the Court stated that a denial of a substantial claim of absolute immunity is an order appealable before final judgment and held that a denial of claim of qualified immunity, to the extent that it turns on an issue of law, is also an appealable final decision. The Court considered three factors in its determination that the denial of a claim of qualified immunity is immediately appealable, and analysis of the trial court's action in this case in light of those three factors reveals that a refusal to rule on a claim of immunity, like the explicit denial of a claim of immunity, is also immediately appealable under the collateral order doctrine.

To sum up, Plaintiffs' motion should be denied because the appeals are ripe since reading the Court's decision letter and Trial Management Order together makes it clear that it was the intent of this Court to make the denial of qualified immunity effective immediately without any formal opinion and order.  This is not a case where one has to guess as to the effect intended by the Court in issuing the decision letter together with the Trial Management Order. The Court has unequivocally and without any conditions or reservations made its denial of qualified immunity decision effective immediately and ordered Defendants to trial and to the submit trial documents. No avenue has been left open to Defendants to seek a reconsideration of the Court's decision to deny immunity and go to trial. As

this Court stated in its decision letter: "The purpose of this letter is to provide sufficient notice to you that Defendants' motions are unavailing . . ." Nothing is going to change by the docketing of a formal written order.

### III.  Standard for Certification.

The Plaintiffs bear the burden of establishing the appeals are frivolous. As stated in *Miracle v. Hush*, 23-4056-JAR-GEB, 2025 WL 1262467, at *2 (D. Kan. Apr. 30, 2025):

> Plaintiff bears the burden of demonstrating that the appeal is frivolous. An appeal is "frivolous if the result is obvious, or the arguments of error are wholly without merit," or if it is "baseless, unfounded or a sham." * * *
>
> The Court need not set this matter for hearing in order to determine that Plaintiffs have not borne their burden of demonstrating frivolousness. While Plaintiffs certainly have a good faith belief that their interpretation of the property right in question here is clear, the Court cannot find that Plaintiffs have met their burden of demonstrating that the result here is "obvious," or that Defendants' points of error are "wholly without merit." Indeed, for the reasons explained in the Court's original ruling and on reconsideration, there are several difficult legal issues at play on the property right claims. Among other things, the parties dispute how the KBOR's rule change allowing a temporary amendment to tenure rules impacted Plaintiffs' property rights in this case, upon which Counts I, II, and III are based. While the Court concluded that Plaintiffs' SAC stated a claim for relief that they had a property right in continued employment based on tenure rights established before the rule change, Defendants challenge to that contention is not frivolous. Moreover, Plaintiffs make no attempt to argue that the more general issue on appeal—whether they sufficiently alleged personal participation by the individual Defendants—is frivolous. Thus, the Court denies Plaintiffs' motion to certify the appeal as frivolous.

The standard of the Plaintiffs' burden is high. *Shanahan v. IXL Learning, Inc.,* 24-CV-02724-RFL, 2025 WL 555764, at 1 (N.D. Cal. Feb. 19, 2025) [Holding that Plaintiffs must show that the appeal is "so baseless that nothing can be said on the

other side."] As stated in *Long v. Weeks*, 5:21-CV-02008-FWS-E, 2023 WL 8165527, at 2 (C.D. Cal. Mar. 16, 2023):

> A qualified immunity claim may be certified as frivolous if it is "so baseless that it does not invoke appellate jurisdiction." *Marks v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996) (citation omitted). "An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit." *Maisano v. United States*, 908 F.2d 408, 411 (9th Cir. 1990) (per curiam); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A]n appeal on a matter of law is frivolous where '[none] of the legal points are arguable on their merits.' ") (alteration in original) (quoting *Anders v. California*, 386 U.S. 738, 744 (1967))."

As stated in *O'Connell v. Smith*, CV1301905MWFPJWX, 2014 WL 12819563, at 2 (C.D. Cal. Jan. 7, 2014):

> Nonetheless, the Court does not find it appropriate to certify the Defendant Detectives' appeal as frivolous. The standard for qualified immunity turns on clearly established law, and thus, the fact that this Court previously found that the Defendant Detectives were not entitled to qualified immunity would almost necessarily indicate that an appeal of such a finding lacks support. However, the standard for certifying an appeal as frivolous is more demanding: it requires that the appeal "be so baseless that it does not invoke appellate jurisdiction such as when the disposition is so plainly correct that ***nothing*** can be said on the other side." *Dagdagan v. City of Vallejo*, 682 F. Supp. 2d 1100, 1116 (E.D. Cal. 2010) *aff'd sub nom. Dagdagan v. Wentz*, 428 F.App'x 683 (9th Cir. 2011) (citations omitted) (emphasis added). The Court does not find that nothing can be said for Defendants' position.
>
> Moreover, even if this Court were inclined to view Defendants' position as utterly baseless, the language in *Chuman* indicates that certifying an appeal as frivolous is discretionary. *See Chuman*, 960 F.2d at 105 (stating that "the district court ***may*** certify" an appeal as frivolous) (emphasis added). It would appear that the better course would be to allow the Ninth Circuit to interpret its case law with regard to qualified immunity before litigation proceeds in this action.

Page-15- Response to Plaintiffs' Motion to Certify Appeals as Frivolous

In their motion, the Plaintiffs have not set forth one fact or one issue of law from the Defendants' motions for summary judgment that make the Defendants' appeal "so baseless that nothing can be said on the other side." Nor have the Plaintiffs shown that on Defendants' appeals, the "results are obvious." And the Plaintiffs have failed to show that "the arguments of error are wholly without merit;" or that the legal points raised by the Defendants are not arguable on their merits; or "that nothing can be said for Defendants' position." In fact, one cannot even tell what facts and law from the Defendants' Motions for Summary Judgment the Plaintiffs are talking about. All the knee-jerking in this case comes from the Plaintiffs, not the Defendants.

Further, Plaintiffs' argument that a dispute in the facts render the appeal frivolous is not correct.

> Nevertheless, the Ninth Circuit has jurisdiction over an interlocutory appeal "even when the determination of qualified immunity depends upon disputed issues of material fact so long as [the appellate court] assume[s] the version of the material facts asserted by the non-moving party to be correct." *Henderson v. City of Torrance*, 2021 WL 3185479, at 3 (C.D. Cal. Apr. 5, 2021) (quoting *Rodriguez*, 891 F.3d at 791).
>
> *James v. City of Los Angeles*, 221CV04525CBMASX, 2024 WL 1135099, at 2 (C.D. Cal. Feb. 7, 2024).

As stated in *Blair v. City of Cleveland*, 148 F. Supp. 2d 919, 922–23 (N.D. Ohio 2000):

> In this case, the court does not find that the record supports any inordinate delay in filing the notice of appeal by Defendants; the questions remains, whether appeal by the officers would be frivolous. This court has already determined that there exist genuine issues of material fact as to the type and amount of force used by the officers, as well as whether the officers were aware of Pipkins' medical condition and failed to address it. It would appear to this court that a reasonable jury could find in favor of the Plaintiffs on their excessive force claim, where an admittedly unarmed suspect was subdued by two officers, one of whom kicked him, while the other choked

Page-16- Response to Plaintiffs' Motion to Certify Appeals as Frivolous

him until he lost consciousness, and where the officers picked up the unconscious suspect and threw him, face down, into the back seat of their vehicle. This could be the result even in the face of evidence indicating that the suspect wrestled with the officers who were attempting to arrest him. It would also appear to this court that a reasonable jury could find, based on the fact that the officers choked Pipkins until he was unconscious, that he was still unconscious when he reached the police station, and that he was given no medical attention for fifteen minutes after his arrival at the station, that the officers were deliberately indifferent to his medical needs.

Despite its determination that genuine issues of material fact preclude a finding of qualified immunity, the court declines to certify that the officers' appeal is frivolous. Acknowledging the importance of public officials' right to avoid trial where they are entitled to immunity, the court does not wish to defeat the purpose of the rule by forcing the officers to defend themselves at trial, effectively extinguishing their right to qualified immunity. Erring on the side of caution, the court instead stays the trial of Plaintiffs' claims against Officers Tankersley and Gibson, pending the outcome of their appeal on the issue of qualified immunity.

As stated in *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989):

> The justification for the interlocutory appeal is that the trial destroys rights created by the immunity. *Forsyth,* 472 U.S. at 526, 105 S.Ct. at 2815; *Scott v. Lacy,* 811 F.2d 1153 (7th Cir.1987). It makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one. *Griggs* says that the notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." 459 U.S. at 58, 103 S.Ct. at 402. Whether there shall be a trial is precisely the "aspect[ ] of the case involved in the appeal" under *Forsyth.* It follows that a proper *Forsyth* appeal divests the district court of jurisdiction (that is, authority) to require the appealing defendants to appear for trial. Cf. *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738 ("Until this threshold immunity question is resolved, discovery should not be allowed.").

Further, the disputed facts must be material and even then, officers may rely on reasonable mistakes of fact and still receive qualified immunity. *McClain v.*

Page-17- Response to Plaintiffs' Motion to Certify Appeals as Frivolous

*Delgado*, 132 F.4th 362, 365–66 (5th Cir. 2025). As stated in *Cunningham v. Gates*, 229 F.3d 1271, 1286 (9th Cir. 2000), as amended (Oct. 31, 2000):

> Nevertheless, a denial of summary judgment on qualified immunity grounds is not always unappealable simply because a district judge has stated that there are material issues of fact in dispute. *See Behrens v. Pelletier,* 516 U.S. 299, 313, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996). An appellate court still has jurisdiction to consider defendants' assertion that the dispute of fact *is not material. See Collins,* 110 F.3d at 1370. This is different from a claim that the court's findings are not supported by the record, as a claim of materiality is solely one of law, and therefore is reviewable on an interlocutory basis. The claim of lack of materiality is solely one of law, and therefore is reviewable on an interlocutory basis. *Id.*

The Plaintiffs suggest the Defendants are trying to delay proceedings. However, seeking appellate review of qualified immunity at the first opportunity to do so is a legitimate and often necessary part of civil rights litigation; and as demonstrated in the above cited cases of *Titus v. Horrell*, 488 Fed. Appx. 233 (9th Cir. 2012) and *Picray v. Duffitt*, 652 Fed. Appx. 497, 498 (9th Cir. 2016) has proved successful. Immune public officials should not be required to go to trial.

    The Plaintiffs are misinterpreting the Defendants' appeals. The Plaintiffs assertion that the appeals are fact-bound misrepresents the nature of the issues raised.  The Defendants filed their notices of appeal in good faith based on a reasonable interpretation of the effect of the decision letter viewed together with the trial management order to go to trial and incur pretrial expenses and the potential implications of the decision letter and trial management orders on their right to have a pretrial review of the denial of qualified immunity in the Ninth Circuit Court of Appeals. Protecting the Defendants' rights to a *Mitchell*, pretrial review by the Ninth Circuit is not a "knee-jerk" reaction.  Rather, it is an obligation of the attorneys for the Defendants.  Preserving the rights of an immune public official at the first opportunity to do so is not a frivolous act, it is an ethical

Page-18- Response to Plaintiffs' Motion to Certify Appeals as Frivolous

obligation, especially in light of the procedural signals and written commutations from this Court to the Defendants.

## IV. Conclusion.

Defendants respectfully oppose Plaintiffs' motion to certify Defendants' interlocutory appeals as frivolous. Plaintiffs' motion mischaracterizes the nature of Defendants' appeals and prematurely seeks to foreclose a legitimate appellate review by the Ninth Circuit of this Court' denial of qualified immunity. Defendants' appeals are grounded in well-established legal principles and procedures relating to the pretrial review of denials of qualified immunity by public official immune from liability and trials.  The appeals are not frivolous.  For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion to certify the interlocutory appeals as frivolous.

Dated:  Tuesday, May 27, 2025.

                                                        Respectfully submitted,

                                                        /s/ Robert E. Franz, Jr.
                                                        FRANZ & HENDERSON
                                                        **Robert E. Franz, Jr.**
                                                        OSB #730915
                                                        (541) 741-8220
                                                        **Attorneys for Municipal Defendants**