Janis C. Puracal, OSB #132288
E-mail: jcp@mlrlegalteam.com
Andrew C. Lauersdorf, OSB #980739
E-mail: acl@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside Street, Ste. 300
Portland, OR  97214
Telephone: (503) 245-1518
Facsimile: (503) 245-1417

David B. Owens, WSBA #53856, *pro hac vice*
E-mail: david@loevy.com
LOEVY & LOEVY c/o
Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
PO Box 85110
Seattle, WA  98145-1110
Telephone: (312) 590-5449
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,<br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMINISTRATOR OF THE ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY,<br>　　　　　　Defendants. | Civil No. 6:20-cv-01163-MTK<br>(Lead Case)<br><br><br><br>PLAINTIFFS' OMNIBUS REPLY IN SUPPORT OF MOTION TO CERTIFY DEFENDANTS' APPEALS FRIVOLOUS |

VIDOCQ SOCIETY,
                Cross-Claimant,

    v.

MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMINISTRATOR OF THE ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY
                Cross-Defendants.

NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,
                Plaintiffs,

    v.

OREGON STATE POLICE,

                Defendant.

Civil Case No. 3:21-cv-01719-MTK
(Trailing Case)

**REPLY**

Plaintiffs' motion to certify the Individual Municipal Defendants (Defendants) appeals frivolous should be granted.[1]

### I. Defendants' Refusal to Acknowledge or Address the Governing Legal Standards Confirms The Present Appeals Must Be Certified Frivolous

Plaintiffs' motion set forth the operative legal standards providing: (1) that this Court has the authority to certify appeals frivolous, Dkt. 370 at 3-4, and (2) that these appeals should be deemed frivolous because there is no final order under Ninth Circuit law. *Id.* at 5-6 (citing *Nat'l Distribution Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433 (9th Cir. 1997), *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1041 (9th Cir. 2012), and *Pereyra v. Hughes Mkt., Inc.*, 142 F.3d 444 (9th Cir. 1998)).

Defendants do not contest this Court's authority to certify an appeal frivolous. Dkt. 375 at 15-18. And, dispositive here, Defendants do not contest that the Ninth Circuit's binding authorities provide a final order is required to appeal. Defendants do not address whatsoever the operative legal standards, providing that to be "final," an order must: (1) be "a **full adjudication** of the issues," and must (2) "'clearly evidence[] the judge's intention that it be the court's **final act** in the matter.'" *National Distribution Agency*, 117 F.3d at 433 (quoting *In re Slimick*, 928 F.2d 304, 307 (9th Cir. 1990)) (emphasis added).

Defendants have thus forfeited their opportunity to respond to these authorities, and they have failed to even address these governing standards. *See generally* Dkt. 375. Plaintiffs' motion should be granted on that basis alone. *See, e.g.*, *Bowen v. Oistead*, 125 F.3d 800, 806 (9th Cir. 1997) (failure to respond waives argument); *Versluys v. Weizenbaum*, No. 3:21-CV-01694-MO,

---

[1] Plaintiff has settled his claims with the State Defendants and the Vidocq Defendants. Dkt. 376. Accordingly, the Court can deny their motions for summary judgment as moot and need not address them in the forthcoming Opinion and Order. *See, e.g.*, *Hammond Clock Co v. Schiff*, 293 U.S. 529 (1934) (granting motion to deem appeal moot in light of settlement); *Edwards v. Lattimer*, No. 218CV1072JCMNJK, 2020 WL 13533314, at *1 (D. Nev. Mar. 11, 2020) (denying motion as moot in light of settlement).

2023 WL 6880412, at *2 (D. Or. Oct. 18, 2023) (failure to respond to dispositive argument waives the issue).

Defendants' attempt to distract from, and refusal to engage with the governing law, is telling. The Court's informal summary letter fails both steps of the test for finality and so plainly cannot possibly supply the basis for interlocutory review. First, keeping in mind the letter was not even an order or ruling but a summary communication from the court, the letter itself was in no way "a **full adjudication** of the issues." In fact, the Court specifically indicated the letter was *not* a full adjudication of issues, including as to the issue of testimonial immunity raised by Defendants. Dkt. 375-1. Second, assuming *arguendo* the summary letter could count as a ruling, the letter specifically states that it was not "the court's **final act** in the matter." The summary letter explicitly states that an Opinion and Order will be forthcoming, and that order will address all issues that were properly raised. *Id.*

The Ninth Circuit authorities to which Plaintiffs cite demonstrate that even more formal judicial action—like a minute entry—is insufficient to confer jurisdiction as a "final" act of the trial court. *A fortiori* the informal action taken here cannot confer appellate jurisdiction. In *Meyer* a minute entry "expressly stated that a written order would follow," and so the notice of appeal was "premature" and had no operative effect. *Meyer*, 707 F.3d at 1041. Likewise, in *Pereyra*, the trial court issued a summary judgment order and indicated it "may amend or amplify" the order "with a more specific statement grounds for decision." 142 F.3d 444 (9th Cir. 1998). Appellate jurisdiction was lacking "because the district court ha[d] not issued a final, appealable order," making the "notice[s] of appeal premature." *Id.*

The same is true here, and Defendants forfeited their opportunity to address the rule from *National Distribution Agency,* applied in *Meyer* and *Pereyra*.[2]

---

[2] In their section about arguing the appeal is "ripe," Defendants do not address the governing legal standards from this Circuit. Dkt. 375 at 8-11 Instead, Defendants seem to argue that an "effective immediately" rule be applied here derived from *Ueckert v. Guerra*, 38 F.4th 446 (5th Cir. 2022).

2

Defendants end their brief with citations about the burden for certification of appeals as frivolous being a high burden, and then by pointing to authorities about when, sometimes, qualified immunity appeals may fall within narrow interlocutory jurisdiction. Dkt. 375 at 14-18. Defendants argue that Plaintiffs "have not set forth one fact or one issue of law from the Defendants' motions for summary judgment that make" their appeal baseless. Dkt. 375 at 16. This claim is, at best, misleading. In the motion, Plaintiff pointed out many ways this Court's adjudication of the motions for summary judgment could result in an appeal that would be baseless, including that Defendants did not accept Plaintiffs' version of the facts and that the assertions about clearly established law were baseless. *See* Dkt. 370 at 9-10; *cf. Rubalcava v. Perez*, No. 20-CV-04191-BLF, 2024 WL 2701630, at *3 (N.D. Cal. May 24, 2024) ("'District courts have certified appeals of qualified immunity as frivolous where (1) defendants claim to rely on, but do not actually rely on, the plaintiff's version of the facts, or (2) where defendants' legal arguments run afoul of clearly established law.'" (quoting *James v. City of Los Angeles*, No.: 2:21-cv-04525-CBM-(ASx), 2024 WL 1135099, at *2 (C.D. Cal. Feb. 7, 2024) (collecting cases)).

But, more important for present purposes, all of this puts the cart before the horse. Defendants do not address the fact that determining jurisdiction "to hear an interlocutory appeal . . . turns on the basis for denial" of a motion for summary judgment. *Maropulos v. County of Los Angeles*, 560 F.3d 974, 975 (9th Cir. 2009); *see* Dkt. 370 at 1, 8-9 (citing *Maropulos*). The point of

---

Defendants' citation to this case puzzling. *Ueckert* confirms that this appeal is premature. The Fifth Circuit asked whether the "district court intended that *its order* be "effective immediately." *Id.* at 449-50. (citation omitted) (emphasis added). In addition to requiring an order, the *Ueckert* Court asked whether the trial court indicated it "intends to have nothing further to do" and provides that courts "look chiefly to the language the district court used" in making that inquiry. *Id.* at 450. There, unlike here, the trial court expressly made an oral ruling from the bench and memorialized that ruling in a minute order. *Id.* at 449-50. The Defendant—Guerra—erroneously believed another "written order was forthcoming" but was mistaken because the bench ruling was a "final decision on the motion." *Id.* Here, even applying *Ueckert*, this court has not made a bench ruling, it has not issued a minute entry memorializing a bench ruling it never made, and it has expressly indicated that a final written order *will* be forthcoming. Looking "chiefly" to this Court's own language, there cannot be finality under both Fifth and Ninth Circuit law.

3

*this motion* is that Defendants cannot now know this Court's reasoning, because it has not been provided in a final order. That final order will significantly impact the potential scope—and potential availability of—an interlocutory appeal. Defendants' appeals are frivolous because they are premature and do not arise from a final judgment. It is unreasonable to contend otherwise, particularly where Defendants themselves have failed to address binding Ninth Circuit law on the issue.

## II.     Defendants' Distractions Must Be Ignored

The Court's analysis should end here. Defendants have simply failed to acknowledge, address, or apply the governing legal authorities. The rest of Defendants' brief does not address the issue at bar and is, instead, a distraction. Out of an abundance of caution, however, Plaintiffs briefly address the remaining issues.

### A. There is No Exception to the Final Judgment Rule for Assertions of Immunity

Plaintiffs do not challenge the abstract principle that, under *Mitchell v. Forsyth,* 472 U.S. 511, 525-30 (1985), *some* orders involving a denial qualified immunity can be immediately appealed. It is equally true that many orders involving a denial of qualified immunity *cannot* be immediately appealed, as in *Johnson v. Jones*, 515 U.S. 304, 313 (1995), and other cases. *E.g.*, *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 790–91 (9th Cir. 2018)*; Estate of Anderson v. Marsh,* 985 F.3d 726, 731 (9th Cir. 2021) (court lacked jurisdiction over fact based challenges to evidence necessary to determine immunity issue); *Fatai v. Ramos*, No. 23-15354, 2024 WL 863360, at *1 (9th Cir. Feb. 29, 2024); *Conatser v. N. Las Vegas Police Dep't*, 445 F. App'x 932, 933 (9th Cir. 2011).[3]

Instead, the question is whether, at this juncture, the Court's letter to the parties satisfies the final-judgment rule from 28 U.S.C. § 1291. The answer is no. Defendants cannot

---

[3] In *Fatai*, part of the reason there was no jurisdiction was because the court accepted the argument that the Defendants' references to qualified immunity were too cursory to adequately raise the issue. 2024 WL 863360, at *1-*2. The same reasoning applies here.

4

transform the informal summary letter into (1) an order, (2) that includes all issues, and (3) that represents the Court's final word on, and adjudication, of the pending motions for summary judgment. Defendants have not cited any authority that would permit this sort of maneuver, and there is none.[4]

Indeed, the gravamen of Plaintiffs' motion is not to argue about whether *Mitchell*, *Johnson*, or neither applies in this case. It is too soon to assess the answer to that question because there is no final order. That is why in both *Mitchell*, which found jurisdiction, 472 U.S. at 529-31 and in *Johnson*, 515 U.S. at 311-13, which found jurisdiction lacking, the Supreme Court examined an actual order from the courts below. The Supreme Court did not make an "exception" to finality for cases involving assertions of qualified immunity; it applied the "final judgment" rule. As a result, while Defendants argue that it is of "no consequence" this Court indicated it had not issued a final order and "sometime in the future it will enter an opinion and order," they are simply wrong. A final order is required.

In short, despite the Defendants' boilerplate language about qualified immunity (including from their counsel's own prior cases), the individual Municipal Defendants cannot evade the fact that their appeals are frivolous because they do not arise from any sort of final order. *See National Distribution*, 117 F.3d at 433; *Meyer*, 707 F.3d at 1041; *Pereyra*, 142 F.3d at 444.

---

[4] Defendants' citation to *Moore v. Garnand,* 83 F.4th 743, 748–49 (9th Cir. 2023), does not help them. *Moore* is about a whether an appeal can be taken from a decision at the motion to dismiss stage denying qualified immunity even if the order permits the defendant to assert qualified immunity again at summary judgment. *Id.* That is simply not the circumstance here. In *Moore* there was an actual decision for the appellate court to review at the motion to dismiss stage. Likewise, Defendants' citation to cases where the trial court has postponed a determination about qualified immunity until a later stage of the case are also inapposite. *See*, *e.g.*, *Workman v. Jordan*, 958 F.2d 332, 335-336 (10th Cir. 1992), and *Helton v. Clements,* 787 F.2d 1016, 1017 (5th Cir. 1986)). The cases about postponing a determination on qualified immunity still involve an actual order for review. *E.g.*, *Mohammadkhani v. Anthony*, 347 F. App'x 286, 288 (9th Cir. 2009) (citing *Sloman v. Tadlock*, 21 F.3d 1462, 1467 (9th Cir. 1994) (discussing situations where court's postpone immunity determinations due to factual disputes). Here, there is not yet an order to review. In addition, this court did not indicate in the summary letter it would be "postponing" adjudication of that issue.

5

It is an abuse of the judicial process to require Plaintiffs to be forced to unnecessarily address costly and duplicative issues because the Individual Municipal Defendants are "dead set" on appealing no matter what this Court's Opinion and Order says. Both the Federal Rules of Civil Procedure, *see* Federal Rule of Civil Procedure 54(b), and the final judgment rule—set forth in 28 U.S.C. §1291—prevent this very type of litigiousness. Litigants are not permitted to halt litigation at the trial court by simply rushing off to the Court of Appeals whenever they feel aggrieved. The circumstance here is a particularly egregious abuse of the judicial process because there is no Opinion and Order at issue. Defendants do not now know—and cannot now know—the basis for the Court's decision, and so they cannot possibly have any basis beyond speculation for filing premature appeals.

### B. Defendants Have Not Sought a Stay, and They Have Cited No Authority That Would Provide an Exception to the Final Judgment Rule

Finally, Defendants' present a number of speculative scenarios about things that could happen in this case. Dkt. 375 at 7-8. With these scenarios outlined, Defendants contend they "did not create the situation now facing Defendants and this Court." Dkt. 375 at 11. Not so.

If Defendants had concerns about timing, they could have sought a stay of proceedings, as the Court invited them to do. Dkt. 364. But, they did not.

Defendants have cited no authority—and Plaintiffs are aware of none—providing exception to the final judgment rule based on the timing of a court's ruling on a motion for summary judgment. Again, in both *Mitchell* and in *Johnson*, the Supreme Court examined final orders when assessing the propriety of an interlocutory appeal. Again, the Ninth Circuit has never deviated from applying its final judgment rule in immunity cases or overruled *National Distribution Agency*, *Meyer*, or *Pereyra*. Again, Defendants' preferred Fifth Circuit authority applies an inquiry consistent with the Ninth Circuit's analysis in requiring that inquiry into the Court's decision "based chiefly" on "the language the district court used," which here indicated that a final order is *forthcoming. Ueckert*, 38 F.4th at 450. Thus, while qualified immunity certainly is

6

"immunity from suit," it is certainly *not* an exception to the final judgment rule or the collateral bar doctrine. Those rules still apply, and Defendants must follow them.

Further, it is frivolous to contend the core due process claims for fabrication of evidence and suppression of exculpatory material were not clearly established in 2020. *See Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc) (prohibition on fabricating evidence is virtually self-evident and dates back nearly 80 years); *Mellen v. Winn*, 900 F.3d 1085, 1103 (9th Cir. 2018) (finding it not an "whether it was clearly established, in 1997, that police officers had a duty to disclose material impeachment evidence to prosecutors" is "not an open question"). The argument further warrants certification as frivolous. *See, e.g.*, *Rubalcava*, 2024 WL 2701630, at *3 (granting motion to certify for fabrication and *Brady* claims in a 2002 police investigation because they were clearly established, and because Defendants failed to accept the facts in the light most favorable to the plaintiff).

Regardless, even if Defendants wanted the opportunity for an earlier, pretrial adjudication of these issues, they could have sought interlocutory review of this Court's rulings on the motion to dismiss. But, they did not. In addition, Defendants could have filed motions for summary judgment that adhered to the governing legal standards by accepting Plaintiffs' facts rather than presenting a skewed interpretation of the record. But, again, they did not. Defendants' cursory arguments on summary judgment is another a reason to certify the appeal frivolous once the Court's Opinion and Order is issued. *Id.*

## CONCLUSION

For these reasons, Plaintiffs' motion to certify should be granted with respect to the individual Municipal Defendants and denied as moot regarding the individual State Defendants.

Respectfully submitted,

7

| | |
|---|---|
| MALONEY LAUERSDORF REINER PC | LOEVY & LOEVY |
| By /s/Janis C. Puracal<br>    Janis C. Puracal, OSB #132288<br>    E-Mail: jcp@mlrlegalteam.com<br>    Andrew C. Lauersdorf, OSB #980739<br>    E-Mail: acl@mlrlegalteam.com | By /s/David B. Owens<br>    David B. Owens, WSBA #53856<br>    E-Mail: david@loevy.com<br>    *Pro hac vice* |
| Attorneys for Plaintiffs | Attorneys for Plaintiffs |

## Certificate of Service

I, David B. Owens, an attorney, certify that on June 1, 2025, I filed the foregoing via the Court's electronic filing service which effectuated service on all counsel.

/s/ David B. Owens-