Janis C. Puracal, OSB #132288
E-mail: jcp@mlrlegalteam.com
Andrew C. Lauersdorf, OSB #980739
E-mail: acl@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside Street, Ste. 300
Portland, OR  97214
Telephone: (503) 245-1518
Facsimile: (503) 245-1417

David B. Owens, WSBA #53856, *pro hac vice*
E-mail: david@loevy.com
LOEVY & LOEVY c/o
Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
PO Box 85110
Seattle, WA  98145-1110
Telephone: (312) 590-5449

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,<br>    Plaintiffs,<br><br>    v.<br><br>MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMINISTRATOR OF THE ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY,<br>    Defendants. | Civil No. 6:20-cv-01163-MTK<br>(Lead Case)<br><br>PLAINTIFFS' MOTION TO APPROVE SETTLEMENTS WITH STATE DEFENDANTS, COQUILLE DEFENDANTS, AND VIDOCQ DEFENDANTS<br><br>Expedited Ruling Requested |

Page 1– PLAINTIFFS' MOTION TO APPROVE SETTLEMENTS

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

VIDOCQ SOCIETY,

        Cross-Claimant,

v.

MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO AS ADMINISTRATOR OF THE ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, and COOS COUNTY

        Cross-Defendants.

NICHOLAS JAMES MCGUFFIN, as an individual and as guardian *ad litem*, on behalf of S.M., a minor,

        Plaintiffs,

v.

OREGON STATE POLICE,

        Defendant.

Civil Case No. 3:21-cv-01719-MTK
(Trailing Case)

## I.  RELIEF REQUESTED

Pursuant to Rule 17(c) and Local Rule 17(d), Plaintiffs move the Court to approve the settlements reached with the following settling Defendants:

1. the State Defendants (Defendants Oregon State Police, Susan Hormann, Mary Krings, John Riddle, Kathy Wilcox);

2. the Coquille Defendants (Defendants City of Coquille, Mark Dannels, Raymond McNeely, Michael Reaves, Sean Sanborn, Chris Webley, David Zavala, and Joel D. Shapiro as Administrator of the Estate of David E. Hall); and

3. the Vidocq Defendants (Defendants Vidocq Society and Richard Walter).

Page 2– PLAINTIFFS' MOTION TO APPROVE SETTLEMENTS

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

Plaintiffs requested an expedited ruling on this motion because the settlement with the State Defendants is, in part, structured through an annuity, the terms of which require the State Defendants to make payment by October 1, 2025. Plaintiffs ask the Court to order the State Defendants to issue the checks to fund the settlement no later than September 30, 2025, and send the checks by overnight mail to the appropriate recipients to ensure that the checks arrive no later than October 1, 2025, so that the annuities will fund as scheduled.

## II. RELEVANT FACTS

On July 20, 2020, McGuffin and S.M. filed this lawsuit for violations of 42 U.S.C. § 1983 and state law. The Court is familiar with the facts of this case, which are discussed at length in the Court's order on the Municipal Defendants' motion for summary judgment.[1]

On May 28, 2025, all parties attended a judicial settlement conference.[2] Through negotiations during that judicial settlement conference, the State Defendants agreed to pay Plaintiffs a gross settlement amount of $9,000,000.[3] Counsel for the State Defendants and Plaintiffs negotiated a formal written agreement, which is attached as Exhibits 1 and 2 to counsel's declaration.

In addition, the Vidocq Defendants agreed to pay Plaintiffs a confidential sum.[4] Counsel for the Vidocq Defendants and Plaintiffs negotiated a formal written agreement, which is attached as Exhibit 3 to counsel's declaration and filed under seal to protect the confidentiality of the settlement.

After the judicial settlement conference and further negotiations between the parties, the Coquille Defendants agreed to pay Plaintiffs a gross settlement amount of $5,000,000.[5] Counsel

---

[1] Dkt. No. 385.
[2] Declaration of Janis C. Puracal in Support of Plaintiffs' Motion to Approve Settlements ("Puracal Decl.") ¶ 2.
[3] Settlement Agreement with Vidocq Defendants (Exhibit 1 and 2 to Puracal Decl.).
[4] Settlement Agreement with Vidocq Defendants (Exhibit 3 to Puracal Decl.).
[5] Settlement Agreement with Coquille Defendants (Exhibit 4 to Puracal Decl.).

Page 3– PLAINTIFFS' MOTION TO APPROVE SETTLEMENTS

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

for the Coquille Defendants and Plaintiffs negotiated a formal written agreement, which is attached as Exhibit 4 to counsel's declaration.

The "settling parties" are those listed above for the State Defendants, Vidocq Defendants, and Coquille Defendants. Plaintiffs' claims against the remaining Municipal Defendants, including Coos County, Craig Zanni, Kris Karcher, Kip Oswald, and Eric Schwenninger, remain for trial.

### III.  POINTS AND AUTHORITIES

District courts have a special duty, derived from Rule 17(c), to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Federal courts recognize that "[i]n the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor."[6] Local Rule 17(d) reflects the same considerations.

The Ninth Circuit has instructed that, in cases "involving the settlement of a minor's federal claims," district courts must "limit the scope of their review to the question whether the net amount districted to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases."[7] The Court should not consider the proportion of the total settlement that is allocated to an adult co-plaintiff.[8] "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties."[9]

---

[6] *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).
[7] *Id.* at 1181–82 and n.2.
[8] *Id.* at 1182.
[9] *Id.*

Page 4– PLAINTIFFS' MOTION TO APPROVE SETTLEMENTS



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

A.  **Settlement Distribution to S.M.**

The settling parties have reached the following proposed settlements of the claims brought by Plaintiff Nicholas McGuffin and S.M.:

1. The proposed gross settlement amount to be paid by the State Defendants is $9,000,000. The written agreement is attached to the declaration of counsel as Exhibits 1 and 2.

2. The proposed gross settlement amount to be paid by the Vidocq Defendants is a confidential amount. The written agreement is attached to the declaration of counsel as Exhibit 3.

3. The proposed gross settlement amount to be paid by the Coquille Defendants is $5,000,000. The written agreement is attached to the declaration of counsel as Exhibit 4.

The proposed settlements contemplate an attorney fee of 33.33%, along with the deduction of litigation costs paid for by the law firms representing Plaintiffs through the date of the judicial settlement conference ($203,335.34).[10]

After the deduction of fees and costs from the total proposed gross settlement amount, the proposed settlement provides a net distribution to S.M. of $1,158,500, to be paid from the amounts received from the State Defendants.[11] Of that amount, $1,033,500 is to be paid to Independent Life Insurance Company to fund an annuity for S.M.'s future benefit, with the monthly payment amounts increasing at various anticipated milestones in S.M.'s life. The detailed terms of the payment structure are attached as Exhibit 5, and a copy of the total amount of the payout after interest, along with the increasing monthly amounts over the course of S.M.'s

---

[10] Puracal Decl. ¶ 7.

[11] Plaintiffs calculated S.M.'s share of the settlement based on the combined settlements with all settling Defendants. For convenience, and to avoid confusion from having multiple checks from different payers going to the structure company, Plaintiffs structured the agreement with the State Defendants such that the full amount of S.M.'s settlement comes from one check to be issued by the State Defendants. *See* Puracal Decl. ¶ 6.

Page 5– PLAINTIFFS' MOTION TO APPROVE SETTLEMENTS

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

life, is attached as Exhibit 6.

The remaining $125,000 is to be held by S.M.'s father, Plaintiff Nicholas McGuffin, for the purpose of purchasing a vehicle for S.M. and contributing to S.M.'s college tuition.[12]

**B.    Fairness to S.M.**

S.M. alleges the loss of care, comfort, consortium, love, and emotional and financial support from S.M.'s father, Mr. McGuffin, during his nearly ten-year incarceration.[13]

The proposed distribution of more than $1.1 million to S.M. exceeds the settlements and jury verdicts reached in cases with similar allegations.  For example, in *Limone v. United States*, a federal district court in Massachusetts awarded $200,000 to each of the children of three men who had been wrongfully convicted and incarcerated for decades.[14]  One of the men died in prison before he could be exonerated, and his children were never able to emotionally recover from the loss.[15]  The court in that case reviewed other cases awarding damages to children for the wrongful death or injury to a parent.[16]  The average awards ranged from $125,000 – $200,000, and the more significant damages (up to $1,000,000) were awarded in cases in which the parent suffered permanent injuries.[17]  Reported verdicts from more recent cases follow the same trend.[18]

The proposed distribution to S.M. compares favorably and, because of the structured annuity, the money that S.M. receives from the settlement will continue to earn interest over the course of her life, ensuring long-term financial security.  Pursuant to Local Rule 17(d), Plaintiffs'

---

[12] McGuffin Decl. ¶¶ 3–4.
[13] *See* Second Amended Complaint [Dkt. No. 143].
[14] 497 F.Supp.2d 143, 249 (2007).
[15] *Limone*, 497 F.Supp.2d at 151.
[16] *Id.* at 248.
[17] *Id.*
[18] *See* Verdict Research (Exhibit 7 to Puracal Decl.) (*Concepcion Arevalo v. Aidee Pauoloa de la Torres*; awarding $75,000 for child's loss of consortium after mother was imprisoned for 18 years) (*Duane Washington v. N. Am. Van Lines, Inc.*; awarding $500,000 to each child for loss of consortium after father was awarded $410 million for injuries after a motorcycle accident) (*Marites Compano v. United States*; awarding $450,000 to each child for loss of consortium after mother was awarded more than $22 million for medical malpractice).

Page 6– PLAINTIFFS' MOTION TO APPROVE SETTLEMENTS

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

counsel met with S.M. in person and by video conference to explain to S.M. the proposed distribution, terms of annuity, and monthly payments that she should expect to receive.[19]

Plaintiffs ask the Court to approve the settlements on behalf of S.M. pursuant to Rule 17(c) and Local Rule 17(d).

**C.    Filing Exhibits Under Seal**

Plaintiffs filed the following exhibits accompanying the declaration of counsel under seal for the following reasons:

- Exhibit 3:  This document is a copy of the proposed settlement agreement between Plaintiffs and the Vidocq Defendants.  Because Plaintiffs and the Vidocq Defendants have satisfactorily settled their dispute for a confidential amount, Plaintiffs have filed Exhibit 3 under seal.

- Exhibits 2, 5, and 6:  These documents contain the terms of the annuity showing the total amount of the payout along with the increasing monthly amounts over the course of S.M.'s life.  Because the documents include S.M.'s full name, and to protect S.M. from harm as a result of disclosure of her future finances, Plaintiffs have filed these exhibits under seal.

///
///
///
///
///
///
///
///
///

---

[19] Puracal Decl. ¶ 9.

Page 7– PLAINTIFFS' MOTION TO APPROVE SETTLEMENTS

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

## IV.  CONCLUSION

Based upon the foregoing, Plaintiffs ask the Court to enter an order approving the fairness and reasonableness of the settlements with (1) the State Defendants, (2) the Coquille Defendants, and (3) the Vidocq Defendants.  Plaintiffs ask the Court to order the State Defendants to issue the checks to fund the settlement no later than September 30, 2025, and send the checks by overnight mail to the appropriate recipients to ensure that the checks arrive no later than October 1, 2025, so that the annuities will fund as scheduled.

DATED:  September 22, 2025

| MALONEY LAUERSDORF REINER PC | LOEVY & LOEVY |
|---|---|
| By /s/Janis C. Puracal<br>    Janis C. Puracal, OSB #132288<br>    E-Mail: jcp@mlrlegalteam.com<br>    Andrew C. Lauersdorf, OSB #980739<br>    E-Mail: acl@mlrlegalteam.com | By /s/David B. Owens<br>    David B. Owens, WSBA #53856<br>    E-Mail: david@loevy.com<br>    *Pro hac vice* |

Page 8– PLAINTIFFS' MOTION TO APPROVE SETTLEMENTS

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon  97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2025, the foregoing PLAINTIFFS' MOTION TO APPROVE SETTLEMENTS was served on the following parties at the following address by sending to them a true copy thereof via the method indicated below:

| | |
|---|---|
| Robert E. Franz, Jr.<br>Sarah R. Henderson<br>Law Office of Robert E. Franz, Jr.<br>PO Box 62<br>Springfield, OR 97477<br>rfranz@franzlaw.comcastbiz.net<br>shenderson@franzlaw.comcastbiz.net<br>   *Attorneys for Defendants City of Coquille, City of Coos Bay, Coos County, Craig Zanni, Chris Webley, Eric Schwenninger, Sean Sanborn, Ray McNeely, Kris Karcher, Pat Downing, Mark Dannels, Kip Oswald, Michael Reaves, David Zavala, Anthony Wetmore, Shelly McInnes* | Jesse B. Davis<br>Kristen Hoffmeyer<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>jesse.b.davis@doj.state.or.us<br>kristen.hoffmeyer@doj.state.or.us<br>   *Attorneys for Defendants Oregon State Police, John Riddle, Susan Hormann, Mary Krings, Kathy Wilcox* |
| Anthony R. Scisciani III<br>Kelsey L. Shewbert<br>Meredith A. Sawyer<br>Lisa Lear<br>HWS Law Group<br>101 SW Main Street, Suite 1605<br>Portland, OR 97204<br>ascisciani@hwslawgroup.com<br>kshewbert@hwslawgroup.com<br>msawyer@hwslawgroup.com<br>llear@hwslawgroup.com<br>   *Attorneys for Defendant Vidocq Society* | Eric S. DeFreest<br>Luvaas Cobb<br>777 High Street, Ste. 300<br>Eugene, OR 97401<br>edefreest@luvaascobb.com<br><br>Laura E. Coffin<br>Coffin Law<br>541 Willamette Street, Ste. 211<br>Eugene, OR 97401<br>lauracoffin@coffin.law<br>   *Attorneys for Defendant Richard Walter* |

☒ by electronic means through the Court's ECF System on the date set forth above.

MALONEY LAUERSDORF REINER PC

By /s/Janis C. Puracal
    Janis C. Puracal, OSB #132288
    E-Mail: jcp@mlrlegalteam.com

Attorneys for Plaintiffs