*Concepcion Arevalo, individually and as representative of the estate of Lilimae Arevalo Bravo, deceased v. Aidee Pauola de la Torres; 2018 Jury Verdicts LEXIS 35699*

C-6069-13-H

May 10, 2018

**Headline:** Child Sought Consortium Award Based on Mom's Imprisonment

**Published Date:** December 24, 2018

**Topic:** Worker/Workplace Negligence - Negligent Service of Alcohol - Hotel/Restaurant - Dram Shop - Motor Vehicle - Passenger

**Practice Area:** Torts

**State:** Texas

**Court:** Hidalgo County District Court, 389th

**Plaintiff Counsel**

Plaintiff Name: (Adrian Lee Bravo, Bianca MIchelle Bravo, Caysse Bravo, Concepcion Arevalo, Damian Ortiz, Estate of Dora Elia Ortiz, Estate of Lilimae Arevalo Bravo, Isidro Ortiz, Talia Ortiz, Zaira Ortiz)

None reported

Firm Name: claims adjuster, ACCC Claims Service Inc.

Plaintiff Name: (J. A. S., Joshua Ryan Shelton)

Oscar R. Alvarez

Firm Name: Oscar R. Alvarez, Attorney * Counselor, P.C.

Address: McAllen, TX

**Defendant Counsel**

Defendant Name: (Cursilerias Bar & Grill)

Anthony B. James

Firm Name: Hodge & James

Address: Harlingen, TX

Defendant Name: (1)

None reported

Firm Name: None reported

**Judge:** Betty Lopez

**Case Summary**

Exhibit 7 to the Declaration of Janis C. Puracal
Page 1 of 8

Concepcion Arevalo, individually and as representative of the estate of Lilimae Arevalo Bravo, deceased v. Aidee Pauola de la Torres; 2018 Jury Verdicts LEXIS 3....

On July 26, 2013, the minor plaintiff was less than a year old when her mother, Aidee Paola de la Torres, went with a friend to Cursilerias, a nightclub in McAllen. Later that night, de la Torres left Cursilerias to go home and was driving south on 10th Street in a truck. She ran a red light at Pecan Avenue and struck a sport utility vehicle occupied by Lilimae Arevalo Bravo and Dora Elia Ortiz. Bravo and Ortiz were killed. De la Torres's blood alcohol content was 0.24, three times the legal limit. De la Torres pleaded guilty to intoxication manslaughter and intoxication assault. She was sentenced to 18 years in prison. De la Torres's daughter claimed loss of parental consortium as a result of her mother being imprisoned.

In separate lawsuits, Bravo's mother and estate sued de la Torress and Ortiz's family and estate sued Cursilerias on a theory of dram shop liability. Those suits were then consolidated. Additional family members of Ortiz intervened as plaintiffs, as did de la Torress' minor daughter and the child's father, Joshua Ryan Shelton. Two alleged principals of Cursilerias were added as defendants. The only claim left in the case at the time of trial was a dram shop claim by de la Torress' daughter against Cursilerias.

Shelton argued that, based on de la Torres's blood alcohol content, it would have been apparent to servers that she was obviously intoxicated and presented a clear danger to herself and others. Shelton also argued that Cursilerias did not qualify for the "safe harbor" provision of the Texas Dram Shop Act because not all of its servers had undergone the training described in the statute.

Shelton asserted that Cursilerias sold not only individual drinks but, also sold bottles of liquor, which patrons were allowed to use in making their own drinks on the premises. Shelton argued that the practice of selling liquor by the bottle for on-site consumption directly or indirectly encouraged overserving of alcohol.

Shelton acknowledged that de la Torres was negligent, but argued that Cursilerias was about 80 percent responsible for the accident and that de la Torres's was only about 20 percent responsible.

Cursilerias denied it was apparent that de la Torres was obviously intoxicated and presented a clear danger to herself and others. The defense argued that there was no evidence of how much she drank at the club, maintaining that de la Torres did not buy alcohol herself, but was at a table with friends who were buying it by the bottle. The defense also suggested that she may have drunk alcohol elsewhere that night. The defense also denied that the practice of selling by the bottle directly or indirectly encouraged overserving. Further, the defense argued that most of the responsibility for the accident should be placed on de la Torres for driving while intoxicated.

At trial, Cursilerias acknowledged that it did not meet the safe harbor provision of the statute.

**Injury Text:**

The minor plaintiff, who lived with her parents at the time of the accident, claimed that Cursilerias destroyed the relationship between her and her mother. She claimed past and future loss of parental consortium.

Plaintiff's counsel argued that, although an injury must be serious, permanent and disabling in order to support a family member's claim for loss of consortium, it does not have to be a physical injury. Plaintiff's counsel argued that De La Torre's being sent to prison for so long constituted a serious, permanent and disabling injury that supported the minor plaintiff's consortium claim.

Concepcion Arevalo, individually and as representative of the estate of Lilimae Arevalo Bravo, deceased v. Aidee Pauola de la Torres; 2018 Jury Verdicts LEXIS 3....

The defense denied that a nonphysical injury could be a basis for loss of consortium. The defense further argued that De La Torre's nonphysical injury (her prison sentence) was not serious, permanent or disabling.

**Trial Length**

3.0 days

**Jury Poll**

11-1

**Insurer:**

IAT Insurance Group for Cursilerias

**Plaintiff Amounts:**

(J. A. S.)

$5,000 Personal Injury: past loss of parental consortium

$70,000 Personal Injury: future loss of parental consortium

**Award:** $ 75,000

**Award Details:** The jury attributed 55 percent liability to Cursilerias and 45 percent liability to de la Torres. The jury found that Cursilerias was not qualified for the safe harbor provision of the statute and that the minor plaintiff's nonphysical injuries were serious, permanent and disabling.

The jury determined that the minor plaintiff's damages totaled $75,000. The award was reduced to $41,250 due to the comparative negligence finding. The final judgment, including prejudgment interest, was $42,009.77.



[www.verdictsearch.com/index.jsp](www.verdictsearch.com/index.jsp)

Copyright 2018 ALM Media Properties, LLC.
 All Rights Reserved
 Further duplication without permission is prohibited
Texas Reporter Vol. 18

**End of Document**

# Duane Washington v. North American Van Lines, Inc., Top Auto Express, Inc., Sinclair Broadcast Group, Inc., et al; 2020 Jury Verdicts LEXIS 396163

18000861CAA

October 06, 2020

**Headline:** Florida Jury Awards Motorcyclist $ 411,726,608.42 In Negligence Action Brought After Multi-Vehicle Collision

**Party Names**

Plaintiff(s):

Washington, Duane, Male

Defendant(s):

Top Auto, Inc.

North American Van Lines, Inc.

Sinclair Broadcast Group, Inc.

**Practice Area:** Criminal Law and Procedure; Torts

**Method of Resolution:** Trial

**Case Resolution:**    For Plaintiff

**All Dates:** 07/24/2018 Accident Occurred

   11/14/2018 Complaint Filed

   10/02/2020 Verdict Reached

   10/06/2020 Order Entered

**State:** Florida

**Court:** Florida Circuit Court, Second Judicial Circuit

**Plaintiff Counsel**

Plaintiff Name: Duane Washington

Ben Crump

Firm Name: Ben Crump Law

Robert Cox

Firm Name: Ben Crump Law

**Judge:** David Frank

Exhibit 7 to the Declaration of Janis C. Puracal
Page 4 of 8

Duane Washington v. North American Van Lines, Inc., Top Auto Express, Inc., Sinclair Broadcast Group, Inc., et al; 2020 Jury Verdicts LEXIS 396163

**Case Summary**

On July 24, 2018, a tractor trailer owned by Greater Bay Relocation Services, Inc., operated by North American Van Lines, Inc., and driven by Steven Sheridan jack knifed on a highway. Top Auto Express, Inc. operated a tractor trailer that allegedly caused the accident speeding. Duane Washington was riding on a motorcycle when he swerved into the emergency lane and struck a stopped vehicle. He received a serious injury in the collision.

On Nov. 14, 2018, he filed a negligence action against Sinclair, Sheridan, and Top Auto in the Circuit Court for the Second Judicial District, Florida. He sought to recover for his personal injuries, pain and suffering, mental anguish, disfigurement, loss of capacity for enjoyment of life, and loss of earnings. He also sought to recover for loss of parental consortium for his three children.

On Oct. 2, 2020, a jury found for Washington and awarded $ 410,226,608.42 for bodily injury damages. The jury also awarded loss of parental consortium in the amount of $ 500,000 for each of the three children. Judge David Frank entered a total judgment of $ 411,726,608.42 on Oct. 6, 2020.

**Defendant Expert(s)**

Travis R Gourley

Address: 5349 Capital Cir NW Tallahassee Florida 32303

Phone: (850) 577-1125

Website: https://www.seforensic.com/travis-r-gourley-actar.html

Specialty: Accident Reconstruction, Traffic Accident Investigation & Reconstruction, Forensic Engineering, Civil Engineering

Affiliation: Southeast Forensic Consultants, LLC

Affiliation: Quest Engineering and Failure Analysis, Inc.

**Award:** $411,726,608

Copyright © 2020 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

**End of Document**

# [Marites Campano, et al. v. United States; 2019 LexisNexis Jury Verdicts & Settlements 10](#)

15-00439

Jan. 10, 2019

**Headline:** $18.7 Million Settlement Ends Hawaii Kidney Damage Suit Against Government

**Result:** $18,760,000 settlement

**Injury:** Sepsis caused by a group A streptococcus (GAS) bacterial infection that resulted in end-stage renal disease (ESRD), requiring hemodialysis and multiple renal transplants

**Court:** D. Hawaii

**Judge:** Kevin S.C. Chang

**Plaintiff Profile**

Marites and Raphael Campano

**Defendant Profile**

United States

**Plaintiff Counsel**

L. Richard Fried Jr., John D. Thomas Jr. and Geoffrey K. S. Komeya, Cronin Fried Sekiya Kekina & Fairbanks, Honolulu

**Defendant Counsel**

U.S. Attorney Kenji M. Price and Assistant U.S. Attorney Harry Yee, Honolulu

**Case Summary**

**Claim:** Medical malpractice, negligent breach of medical and/or nursing standards of care

**Background:** Marites Campano sustained severe and permanent injuries after giving birth at Tripler Army Medical Center in Honolulu in 2013. Sepsis caused by a group A streptococcus (GAS) bacterial infection that was not timely diagnosed or treated resulted in end-stage renal disease (ESRD), requiring Campano to undergo hemodialysis and multiple renal transplants and take immunosuppressant medication for the rest of her life.Campano and her husband, Raphael, individually and as next friend for their minor children, known in court filings as R.M.B.C., R.B.B.C. and M.R.B.C., sued Tripler for medical malpractice in 2015 in the U.S. District Court for the District of Hawaii.Campano gave birth to her youngest child, M.R.B.C., on July 23, 2013, at Tripler. She experienced repeated and increasing episodes of hypotension and tachycardia after her transfer to the postpartum unit, and her condition deteriorated to sepsis and disseminated intravascular coagulopathy (DIC) with markedly abnormal lab results, positive blood cultures and eventually multiorgan injury, according to the Campanos' complaint.Campano suffered typical complications of DIC, including multiorgan system failure and permanent multiorgan damage of

Exhibit 7 to the Declaration of Janis C. Puracal
Page 6 of 8

her kidneys. An infectious disease consult confirmed that her sepsis was related to a GAS infection leading to bacteremia, toxic shock syndrome and puerperal sepsis, the Campanos alleged.On Aug. 24, 2013, Campano was discharged from the hospital and began undergoing hemodialysis three times per week. Over the next two years, Campano was hospitalized four times with various conditions, including gallstones and a large collection of fluid in the abdomen, the Campanos said. Ultimately, Campano required a kidney transplant and will need subsequent transplants over the course of her life, they pointed out.Magistrate Judge Kevin S.C. Chang presided over a jury-waived trial in December 2017. The parties stipulated to Tripler's sole liability for the injuries Campano sustained.On March 7, 2018, Magistrate Judge Chang issued his findings of fact and conclusions of law. He concluded that the care providers at Tripler negligently breached the medical and/or nursing standards of care in treating Campano beginning July 22, 2013.The care providers were all employees and/or representatives of Tripler and were acting within the course and scope of their employment while caring for and treating Campano, the magistrate judge said. Tripler was therefore vicariously liable for the care providers' negligence, he held.The care providers' negligence legally caused Campano's injuries and damages, and as a proximate and legal result of Tripler's negligence, she is unable to work, Magistrate Judge Chang concluded. The parties' experts agree that Campano will live a near-normal life expectancy of at least 75 years, he noted.The magistrate judge awarded the family $24,743,668.53. Campano was awarded $1,495,709.03 for past medical care and expenses; $18,534,867.50 for future medical care and expenses; $538,092 for past and future wage loss and impairment of earning capacity; $375,000 for pain and suffering; and $1.5 million for mental anguish, disfigurement, loss of enjoyment of life and loss of consortium.Her husband was awarded $950,000 for mental anguish and loss of spousal consortium. Each of the couple's three children was awarded $450,000 for mental anguish and loss of parental consortium.The federal government appealed to the Ninth Circuit U.S. Court of Appeals.

**Other:** The parties participated in the Ninth Circuit Mediation Program and reached a settlement.The parties settled for $18,760,000. The settlement agreement stipulates that the federal government did not admit liability or fault and that the deal was being made to avoid further litigation and expense.The parties also agreed that any attorney fees owed by the Campanos will not exceed 25 percent of the settlement amount.

**Key Related Documents**

Settlement agreement.

Document #77-190130-004P.

Findings of fact and conclusions of law.

Document #77-190130-005Z.

Settlement approval order.

Document #77-190130-006R.

Copyright 2019 LexisNexis, Division of Reed Elsevier Inc.
LexisNexis Jury Verdicts and Settlements Report

Marites Campano, et al. v. United States; 2019 LexisNexis Jury Verdicts & Settlements 10

---

**End of Document**