**NOT FOR PUBLICATION**

FILED

SEP 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NICHOLAS JAMES McGUFFIN, as an individual and as guardian ad litem, on behalf of S.M., a minor; S.M.,

Plaintiffs - Appellees,

v.

KRIS KARCHER,

Defendant - Appellant,

and

MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO, as Administrator of the Estate of David. E. Hall, ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, COUNTY OF COOS,

No. 25-2548

D.C. Nos.
6:20-cv-01163-MTK
3:21-cv-01719-MTK

MEMORANDUM[*]

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants.

NICHOLAS JAMES McGUFFIN, as an individual and as guardian ad litem, on behalf of S.M., a minor; S.M.,

Plaintiffs - Appellees,

v.

KIP OSWALD,

Defendant - Appellant,

and

MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO, as Administrator of the Estate of David. E. Hall, ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, COUNTY OF COOS,

Defendants.

No. 25-2558

D.C. Nos.
6:20-cv-01163-MTK
3:21-cv-01719-MTK

NICHOLAS JAMES McGUFFIN, as an individual and as guardian ad litem, on behalf of S.M., a minor; S.M.,

No. 25-2565

D.C. Nos.
6:20-cv-01163-MTK

Plaintiffs - Appellees,

v.

ERIC SCHWENNINGER,

Defendant - Appellant,

and

MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, CRAIG ZANNI, DAVID ZAVALA, JOEL D. SHAPIRO, as Administrator of the Estate of David. E. Hall, ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, COUNTY OF COOS,

Defendants.

3:21-cv-01719-MTK

NICHOLAS JAMES McGUFFIN, as an individual and as guardian ad litem, on behalf of S.M., a minor; S.M.,

Plaintiffs - Appellees,

v.

CRAIG ZANNI,

Defendant - Appellant,

and

No. 25-2575

D.C. Nos.
6:20-cv-01163-MTK
3:21-cv-01719-MTK

MARK DANNELS, PAT DOWNING, SUSAN HORMANN, MARY KRINGS, KRIS KARCHER, SHELLY MCINNES, RAYMOND MCNEELY, KIP OSWALD, MICHAEL REAVES, JOHN RIDDLE, SEAN SANBORN, ERIC SCHWENNINGER, RICHARD WALTER, CHRIS WEBLEY, ANTHONY WETMORE, KATHY WILCOX, DAVID ZAVALA, JOEL D. SHAPIRO, as Administrator of the Estate of David. E. Hall, ESTATE OF DAVID E. HALL, VIDOCQ SOCIETY, CITY OF COQUILLE, CITY OF COOS BAY, COUNTY OF COOS,

Defendants.

Appeal from the United States District Court
for the District of Oregon
Mustafa T. Kasubhai, District Judge, Presiding

Argued and Submitted August 6, 2026
Seattle, Washington

Before: McKEOWN, N.R. SMITH, and CHRISTEN, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge N.R. SMITH.

Kris Karcher, Kip Oswald, Eric Schwenninger, and Craig Zanni appeal the district court's denial of summary judgment on qualified immunity grounds. They sought immunity from claims of fabrication, suppression, and destruction of evidence in a conspiracy to bring false charges against Nick McGuffin for the June 2000 death of Leah Freeman in Coquille, Oregon, as well as claims of malicious prosecution, failure to intervene, and interference with a parental-companionship

right. We have jurisdiction under 28 U.S.C. § 1291, and we dismiss in part and reverse in part.

We dismiss the majority of Appellants arguments for lack of jurisdiction. While pretrial orders denying qualified immunity are appealable under the collateral order doctrine, we may not review "fact-related dispute[s] about the pretrial record" including whether evidence "was sufficient to show a genuine issue of fact." *Foster v. City of Indio*, 908 F.3d 1204, 1209–10 (9th Cir. 2018) (per curiam) (citation modified) (quoting *Johnson v. Jones*, 515 U.S. 304, 307 (1995)). Instead, our jurisdiction "is limited to resolving a defendant's purely legal contention that his or her conduct did not violate the Constitution" or "that a plaintiff has presented *no* evidence" of a defendant's allegedly illegal conduct. *Est. of Anderson v. Marsh*, 985 F.3d 726, 731 & n.3 (9th Cir. 2021) (citation modified). With limited exceptions, Appellants arguments as to Counts 1–8 amount to challenges to the sufficiency of the plaintiffs' evidence: Each one—even those clothed in "clearly established law" language—seeks to disrupt findings that material issues of fact preclude summary judgment. *See Peck v. Montoya*, 51 F.4th 877, 886 (9th Cir. 2022) (holding that appellants cannot "characterize[] their [factual] arguments as legal ones" to overcome the "jurisdictional bar" in this

court's precedent).[1] The district court made findings specific to each individual Appellant. While the court at times referred to Appellants collectively, the court referred back to its specific findings and made clear as to every claim that a jury could find "each [Appellant]" liable. The district court's findings are conclusive at this stage because Appellants point to no evidence capable of "blatantly contradict[ing]" them under *Scott v. Harris*, 550 U.S. 372, 380–81 (2007). Subject to the following paragraph, Appellants arguments on Counts 1–8 are therefore "categorically unreviewable on interlocutory appeal." *Eng v. Cooley*, 552 F.3d 1062, 1067 (9th Cir. 2009).

We reverse on certain issues not covered by the district court's findings. To begin, we reverse the denial of qualified immunity as to Schwenninger and Zanni on McGuffin's destruction of evidence claim (Count 7). The district court only made individualized findings as to Karcher and Oswald, and McGuffin failed to present evidence that the remaining appellants engaged in the same conduct. *See Est. of Anderson*, 985 F.3d at 731 n.3 (considering similar argument on interlocutory appeal). Similarly, we reverse the denial of qualified immunity as to Karcher and Oswald on McGuffin's *Brady* claim (Count 4). The district court's findings cover Zanni and Schwenninger, but no evidence implicates the other two

[1] We do not reach any legal questions implicated by McGuffin's conspiracy claim (Count 6) because Appellants failed to raise any such issues in their briefing.

appellants. We reverse the denial of qualified immunity as to Oswald and Zanni on McGuffin's fabrication claim (Count 1) for the same reason. As to those counts and defendants, summary judgment was appropriate because the district court did *not* find preclusive fact disputes, and McGuffin failed to establish the defendants' "personal involvement" in the allegedly unconstitutional conduct. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (explaining that personal involvement is a pre-requisite to § 1983 liability).

We also reverse as to McGuffin's familial association claim. Whether the law is clearly established applied to a given set of undisputed facts is a "pure question of law" that we review de novo. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011) (citation omitted). Here, McGuffin fails to show that his minor daughter had a clearly established parental-companionship right. McGuffin relies on *Smith v. City of Fontana*, which held that "unwarranted state interference with [a child's] relationships with their parents" violates the Fourteenth Amendment Due Process Clause. *Smith v. City of Fontana*, 818 F.2d 1411, 1418 (9th Cir. 1987), *overruled in part on other grounds by Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999) (en banc). But *Smith* is not "particularized to the facts of th[is] case," *see White v. Pauly*, 580 U.S. 73, 79 (2017) (per curiam) (citation omitted)—including the fact that McGuffin's daughter was not born until after much of the allegedly unconstitutional conduct occurred. That fact serves to

"distinguish this case from clearly established law" and warrants qualified immunity on remand. *See Fuhr v. City of Seattle*, 175 F.4th 1081, 1085 (9th Cir. 2026).

**DISMISSED in part; REVERSED in part.** The parties shall bear their own costs.